1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Hang D. Le, Esq. (Bar No. 293450)
3  hlee@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California, 91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

6  Attorneys for Plaintiffs
   L.C., I.H., A.L., and
7  ANTONIA SALAS UBALDO

8

9
                    **UNITED STATES DISTRICT COURT**
10
                   **CENTRAL DISTRICT OF CALIFORNIA**
11

12
    L.C., a minor by and through her         Case No. 5:22-cv-00949
13  guardian *ad litem* Maria Cadena,
    individually and as successor-in-interest  **COMPLAINT FOR DAMAGES**
14  to Hector Puga; I.H., a minor by and
    through his guardian *ad litem* Jasmine      1. Fourth Amendment—Detention
15  Hernandez, individually and as                 and Arrest (42 U.S.C. § 1983)
    successor-in-interest to Hector Puga;       2. Fourth Amendment—Excessive
16  A.L., a minor by and through her               Force (42 U.S.C. § 1983)
    guardian *ad litem* Lydia Lopez,            3. Fourth Amendment—Denial of
17  individually and as successor-in-interest      Medical Care (42 U.S.C. § 1983)
    to Hector Puga; and ANTONIA                 4. Substantive Due Process (42
18  SALAS UBALDO, individually;                    U.S.C. § 1983)
                                                5. Municipal Liability—Ratification
19                                                 (42 U.S.C. § 1983)
                            Plaintiffs,         6. Municipal Liability—Inadequate
20                                                 Training (42 U.S.C. § 1983)
                    vs.                         7. Municipal Liability—
21                                                 Unconstitutional Custom, Practice,
    STATE OF CALIFORNIA; COUNTY                    or Policy (42 U.S.C. § 1983)
22  OF SAN BERNARDINO; and DOES                 8. Battery (Wrongful Death)
    1-10, inclusive,                            9. Negligence (Wrongful Death)
23                                             10. Violation of Cal. Civil Code § 52.1
24
                            Defendants.
25                                                 **DEMAND FOR JURY TRIAL**
26

27

28

## COMPLAINT FOR DAMAGES

L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually, for their Complaint against Defendants STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO, and DOES 1-10, inclusive, allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Victor Puga on February 17, 2021.

## PARTIES

4.      At all relevant times, Decedent VICTOR PUGA ("DECEDENT") was an individual residing in the City of Bellflower, County of Los Angeles, California.

5.      Plaintiff L.C. ("Plaintiff L.C.") is an individual residing in the City of Downey, County of Los Angeles, California and is the natural minor child of DECEDENT.  Plaintiff L.C. sues both in her individual capacity as the minor child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60. Plaintiff L.C. seeks both survival and wrongful death damages under federal and state law.

6.      Plaintiff I.H. ("Plaintiff I.H.") is an individual residing in the City of Compton, County of Los Angeles, California and is the natural minor child of DECEDENT.  Plaintiff I.H. sues both in his individual capacity as the minor child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60. Plaintiff I.H. seeks both survival and wrongful death damages under federal and state law.

7.      Plaintiff A.L. ("Plaintiff A.L.") is an individual residing in the City of Bell, County of Los Angeles, California and is the natural minor child of DECEDENT.  Plaintiff A.L. sues both in her individual capacity as the minor child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60. Plaintiff A.L. seeks both survival and wrongful death damages under federal and state law.

8.      Plaintiff ANTONIA SALAS UBALDO ("Plaintiff UBALDO") is an individual residing in the City of Bellflower, County of Los Angeles, California. DIANE ANAYA is the natural mother of DECEDENT and sues in her individual capacity. DIANE ANAYA seeks wrongful death damages, compensatory damages and punitive damages under federal and state law.

9.      At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") is and was a duly organized public entity existing under the laws of the

State of California. STATE is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the California Highway Patrol ("CHP") and its agents and employees. At all relevant times, Defendant STATE is and was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.

10.    At all relevant times, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a duly organized public entity existing under the laws of the State of California. COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the San Bernardino Sheriff's Department ("SBSD") and its agents and employees. At all relevant times, Defendant COUNTY is and was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.

11.    At all relevant times, Defendants DOES 1-3 ("DOE OFFICERS") were duly appointed by STATE as CHP officers and employees or agents of STATE, subject to oversight and supervision by STATE's elected and non-elected officials. DOES 1-3 acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant STATE and the CHP, and under the color of the statutes and regulations of the State of California.

12.    At all relevant times, Defendants DOES 4-6 ("DOE DEPUTIES") were duly appointed by COUNTY as SBSD deputies and employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials. DOES 4-6 acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant COUNTY and the SBSD, and under the color of the statutes and regulations of the State of California.

COMPLAINT FOR DAMAGES

13.     At all relevant times, Defendants DOES 7-8 are managerial, supervisorial, and policymaking employees of the CHP, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the CHP.  DOES 7-8 were acting with the complete authority and ratification of their principal, Defendant STATE.

14.     At all relevant times, Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the SBSD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SBSD.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

15.     In doing the acts and failing and omitting to act as hereinafter described, DOE OFFICERS were acting on the implied and actual permission and consent of Defendant STATE.

16.     In doing the acts and failing and omitting to act as hereinafter described, DOE DEPUTIES were acting on the implied and actual permission and consent of Defendant COUNTY.

17.     DOES 1-10 are sued in their individual capacities.

18.     The true names and capacities of DOES 1-10 are unknown to Plaintiffs, who otherwise sues these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of the Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

19.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

20.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized

agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

21.    On or around November 19, 2021, Plaintiffs filed comprehensive and timely claims for damages with the State of California pursuant to the applicable sections of the California Government Code. Said claims were rejected on May 4, 2022.

22.    On or around November 23, 2021, Plaintiffs filed comprehensive and timely claims for damages with the County of San Bernardino pursuant to the applicable sections of the California Government Code. Said claims were rejected on December 8, 2021.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

23.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.    This incident occurred on February 17, 2021 at approximately 1:42 a.m. On information and belief, California Highway Patrol officers and County of San Bernardino sheriff's deputies attempted a traffic stop of DECEDENT's vehicle, a white Ford Expedition, on the I-15.

25.    On information and belief, DECEDENT's vehicle exited the freeway at Main Street and ultimately stopped in the area of Peach Avenue and Catalpa Street in Hesperia, California.

26.    On information and belief, DECEDENT complied with commands to exit his car and placed his hands in the air. DECEDENT then complied with commands to position himself in the front of his vehicle with his hands above his hands in the air.

27.     On information and belief, DOE OFFICERS and DOE DEPUTIES approached DECEDENT and shot at DECEDENT without justification, thereby using excessive force against him.

28.     On information and belief, DECEDENT ran away with his back towards DOE OFFICERS and DOE DEPUTIES as DOE OFFICERS and DOE DEPUTIES continued shooting at DECEDENT without justification. DECEDENT was running away with his back towards DOE OFFICERS and DOE DEPUTIES with both hands visibly pumping back and forth in a running motion.

29.     On information and belief, DECEDENT dropped to the ground as a result of sustaining gunshot wounds to his back. After DECEDENT dropped face-forward onto the ground and away from DOE OFFICERS and DOE DEPUTIES, DOE OFFICERS and DOE DEPUTIES continued shooting at DECEDENT without justification.

30.     On information and belief, DOE OFFICERS directed DECEDENT to get out of the vehicle and to sit outside on the sidewalk, to which DECEDENT complied. DOE OFFICERS then performed a physical search of DECEDENT's person and subsequently opened the trunk of the vehicle to perform a search inside the vehicle.

31.     On information and belief, DOE OFFICERS and DOE DEPUTIES failed to give a warning that deadly force was going to be used before shooting at DECEDENT, despite it being feasible to do so.

32.     On information and belief, DECEDENT did not pose an immediate threat of serious bodily injury or death to anyone at the time of the shooting. DOE OFFICERS and DOE DEPPUTIES were not faced with an immediate or imminent defense of life situation and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody.

33.     On information and belief, despite having knowledge that DECEDENT was seriously injured by DOE OFFICERS's use of deadly force, DOE OFFICERS

failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

34.    DECEDENT sustained gunshot wounds to his body. DECEDENT died as a result of those injuries.

35.    Plaintiff L.C. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural daughter of DECEDENT.

36.    Plaintiff I.H. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural daughter of DECEDENT.

37.    Plaintiff A.L. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural daughter of DECEDENT.

38.    Plaintiff ANTONIA SALAS UBALDO was dependent upon DECEDENT to some extent for the necessaries of life.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(Plaintiffs L.C., I.H., and A.L. against Defendants DOE OFFICERS and DOE DEPUTIES)

39.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.    Defendants DOE OFFICERS and DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

41.    When Defendants DOE OFFICERS and DOE DEPUTIES pulled DECEDENT over, pointed their weapons at DECEDENT, and shot DECEDENT,

they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42.    The conduct of Defendants DOE OFFICERS and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE OFFICERS and DOE DEPUTIES.

43.    As a result of their misconduct, Defendants DOE OFFICERS and DOE DEPUTIES are liable for DECEDENT's injuries, because they were integral participants in the wrongful detention and arrest.

44.    Plaintiffs L.C., I.H., and A.L. bring this claim as successors-in-interest to the DECEDENT, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiffs L.C., I.H., and A.L. also seek attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(By Plaintiffs L.C., I.H., and A.L. against Defendants DOE OFFICERS and DOE DEPUTIES)

45.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 44 of this Complaint with the same force and effect as if fully set forth herein.

46.    Defendants DOE OFFICERS and DOE DEPUTIES used excessive force against DECEDENT when he they shot him several times. Defendants DOE OFFICERS and DOE DEPUTIES' unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as

guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

47.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

48.    The conduct of Defendants DOE OFFICERS and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages.

49.    The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendants DOE OFFICERS and DOE DEPUTIES' shooting and use of force violated their training and standard police officer training.

50.    As a result of their misconduct, Defendants DOE OFFICERS and DOE DEPUTIES are liable for DECEDENT'S injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

51.    Plaintiffs L.C., I.H., and A.L. bring this claim as a successors-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights.  Plaintiffs L.C., I.H., and A.L. also seek attorney's fees under this claim.

//
//
//
//
//
//

## THIRD CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(By Plaintiffs L.C., I.H., and A.L. against Defendants DOE OFFICERS and DOE DEPUTIES)

52.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53.      The denial of medical care by Defendants DOE OFFICERS and DOE DEPUTIES deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

54.     Defendants DOE OFFICERS and DOE DEPUTIES failed to provide needed medical care to DECEDENT, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and refused to permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident.

55.     As a result of the foregoing, DECEDENT suffered great physical pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

56.     Defendants DOE OFFICERS and DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

57.     The conduct of Defendants DOE OFFICERS and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS and DOE DEPUTIES.

58.    As a result of their misconduct, Defendants DOE OFFICERS and DOE DEPUTIES are liable for DECEDENT'S injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

59.    Plaintiffs L.C., I.H., and A.L. bring this claim as a successors-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT'S rights.  Plaintiffs L.C., I.H., and A.L. also seek attorney's fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By All Plaintiffs against Defendants DOE OFFICERS and DOE DEPUTIES)

60.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.    Plaintiff L.C. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff L.C.'s familial relationship with her father, DECEDENT.

62.    Plaintiff I.H. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff I.H.'s familial relationship with his father, DECEDENT.

63.    Plaintiff A.L. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state

actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff A.L.'s familial relationship with her father, DECEDENT.

64.    Plaintiff ANTONIA SALAS UBALDO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff ANTONIA SALAS UBALDO's familial relationship with her son, DECEDENT.

65.    The aforementioned actions of Defendants DOE OFFICERS and DOE DEPUTIES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO, and with purpose to harm unrelated to any legitimate law enforcement objective.

66.    As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  Defendants DOE OFFICERS and DOE DEPUTIES thus violated the substantive due process rights of Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO to be free from unwarranted interference with their familial relationship with DECEDENT.

67.    As a direct and proximate cause of the acts of Defendants DOE OFFICERS and DOE DEPUTIES, Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO suffered emotional distress, mental anguish, and pain.  Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

68.    The conduct of Defendants DOE OFFICERS and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and

COMPLAINT FOR DAMAGES

safety of DECEDENT and Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS
UBALDO and therefore warrants the imposition of exemplary and punitive damages
as to Defendants DOE OFFICERS and DOE DEPUTIES.

69.     Plaintiff L.C. brings this claim individually for the interference with her
relationship with her father DECEDENT and seeks wrongful death damages for the
violation of Plaintiff L.C.'s rights.  Plaintiff L.C. also seeks attorney's fees under
this claim.

70.     Plaintiff I.H. brings this claim individually for the interference with his
relationship with his father DECEDENT and seeks wrongful death damages for the
violation of Plaintiff I.H.'s rights.  Plaintiff I.H. also seeks attorney's fees under this
claim.

71.     Plaintiff A.L. brings this claim individually for the interference with
her relationship with her father DECEDENT and seeks wrongful death damages for
the violation of Plaintiff A.L.'s rights.  Plaintiff A.L. also seeks attorney's fees
under this claim.

72.     Plaintiff ANTONIA SALAS UBALDO brings this claim individually
for the interference with her relationship with her son DECEDENT and seeks
wrongful death damages for the violation of Plaintiff ANTONIA SALAS
UBALDO's rights.  Plaintiff ANTONIA SALAS UBALDO also seeks attorney's
fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By All Plaintiffs against Defendants STATE, COUNTY, and DOES 7-10)

73.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
through 72 of this Complaint with the same force and effect as if fully set forth
herein.

74.    Defendants DOE OFFICERS and DOE DEPUTIES acted under color of law;

75.    The acts of Defendants DOE OFFICERS and DOE DEPUTIES deprived DECEDENT and Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO of their particular rights under the United States Constitution.

76.    A final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS and DOE DEPUTIES, ratified Defendants DOE OFFICERS' and DOE DEPUTIES acts and the bases for them. The final policymaker knew of and specifically approved of Defendants DOE OFFICERS' and DOE DEPUTIES acts.

77.    Upon information and belief, a final policymaker has determined that the acts of Defendants DOE OFFICERS and DOE DEPUTIES were "within policy."

78.    By reason of the aforementioned acts and omissions, Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

79.    Accordingly, Defendants STATE and DOES 41-45 each are liable to Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO for compensatory damages under 42 U.S.C. § 1983.

80.    Accordingly, Defendants COUNTY and DOES 7-10 each are liable to Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO for compensatory damages under 42 U.S.C. § 1983.

81.    Plaintiff L.C. brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and

1  wrongful death damages under this claim. Plaintiff L.C. also seeks attorney's fees

2  under this claim.

3      82.    Plaintiff I.H. brings this claim individually and as a successor-in-

4  interest to DECEDENT, and seeks both survival damages, including pre-death pain

5  and suffering, emotional distress, loss of life, and loss of enjoyment of life, and

6  wrongful death damages under this claim. Plaintiff I.H. also seeks attorney's fees

7  under this claim.

8      83.    Plaintiff A.L. brings this claim individually and as a successor-in-

9  interest to DECEDENT, and seeks both survival damages, including pre-death pain

10  and suffering, emotional distress, loss of life, and loss of enjoyment of life, and

11  wrongful death damages under this claim. Plaintiff A.L. also seeks attorney's fees

12  under this claim.

13      84.    Plaintiff ANTONIA SALAS UBALDO brings this claim individually

14  and seeks wrongful death damages under this claim. Plaintiff ANTONIA SALAS

15  UBALDO also seeks attorney's fees under this claim.

16

17                  **SIXTH CLAIM FOR RELIEF**

18      **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

19      (By All Plaintiffs against Defendants STATE, COUNTY, and DOES 7-10)

20      85.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

21  through 84 of this Complaint with the same force and effect as if fully set forth

22  herein.

23      86.    Defendants DOE OFFICERS and DOE DEPUTIES acted under color

24  of law;

25      87.    The acts of Defendants DOE OFFICERS and DOE DEPUTIES

26  deprived DECEDENT and Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS

27  UBALDO of their particular rights under the United States Constitution.

28

88.     The training policies of Defendants STATE and COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.  Nor were they adequate to train the officers to properly use nonlethal and lethal force in the event that such force was warranted.  The officers were not trained in the proper use of equipment they carried with them.

89.     Defendant STATE was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

90.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

91.     The failure of Defendants STATE and COUNTY to provide adequate training, including training with regards to use of deadly force and the use of force caused the deprivation of DECEDENT's and Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO's rights by Defendants DOE OFFICERS and DOE DEPUTIES; that is, Defendants' failure to train is so closely related to the deprivation of the DECEDENT's and Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO's rights as to be the moving force that caused the ultimate injury.

92.     On information and belief, STATE failed to train Defendants DOE OFFICERS properly and adequately.

93.     On information and belief, COUNTY failed to train Defendants DOE DEPUTIES properly and adequately.

94.     By reason of the aforementioned acts and omissions, Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

95.     Accordingly, Defendants STATE and DOES 7-8 each are liable to Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO for compensatory damages under 42 U.S.C. § 1983.

96.     Accordingly, Defendants COUNTY and DOES 9-10 each are liable to Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO for compensatory damages under 42 U.S.C. § 1983.

97.     Plaintiff L.C. brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff L.C. also seeks attorney's fees under this claim.

98.     Plaintiff I.H. brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff I.H. also seeks attorney's fees under this claim.

99.     Plaintiff A.L. brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff A.L. also seeks attorney's fees under this claim.

100.   Plaintiff ANTONIA SALAS UBALDO brings this claim individually and seeks wrongful death damages under this claim. Plaintiff ANTONIA SALAS UBALDO also seeks attorney's fees under this claim.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By All Plaintiffs against Defendants STATE, COUNTY, and DOES 7-10)

101.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 100 of this Complaint with the same force and effect as if fully set forth herein.

102.   Defendants DOE OFFICERS and DOE DEPUTIES acted under color of law;

103.   Defendants DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant STATE.

104.   Defendants DOE DEPUTIES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

105.   On information and belief, Defendants DOE OFFICERS and DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

106.   Defendants STATE, COUNTY, and DOES 1-10, together with other STATE and COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a)    Using excessive force, including excessive deadly force;

    (b)    Providing inadequate training regarding the use of deadly force;

    (c)    Employing and retaining as police officers individuals such as Defendants DOE OFFICERS and DOE DEPUTIES, who Defendants STATE and COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    (d)    Inadequately supervising, training, controlling, assigning, and disciplining STATE officers, COUNTY deputies, and other personnel, including Defendants DOE OFFICERS and DOE DEPUTIES, who Defendants STATE and COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and

controlling misconduct by STATE officers and COUNTY DEPUTIES, including Defendants DOE OFFICERS and DOE DEPUTIES;

(f)    Failing to adequately discipline STATE police officers and COUNTY sheriff's deputies, including Defendants DOE OFFICERS and DOE DEPUTIES, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings;

(j)    Failing to properly train police officers to use nonlethal force and to maintain their equipment concerning nonlethal force, including Tasers, in working condition.

107.    By reason of the aforementioned acts and omissions, Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and

1   future support of DECEDENT.  The aforementioned acts and omissions also caused

2   DECEDENT's pain and suffering, loss of enjoyment of life, and death.

3       108.  Defendants STATE, COUNTY, and DOES 1-10, together with various

4   other officials, whether named or unnamed, had either actual or constructive

5   knowledge of the deficient policies, practices and customs alleged in the paragraphs

6   above.  Despite having knowledge as stated above, these defendants condoned,

7   tolerated and through actions and inactions thereby ratified such policies.  Said

8   defendants also acted with deliberate indifference to the foreseeable effects and

9   consequences of these policies with respect to the constitutional rights of

10  DECEDENT, Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO, and

11  other individuals similarly situated.

12      109.  By perpetrating, sanctioning, tolerating and ratifying the outrageous

13  conduct and other wrongful acts, DOES 1-10 acted with intentional, reckless, and

14  callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs

15  L.C., I.H., A.L., and ANTONIA SALAS UBALDO's constitutional rights.

16  Furthermore, the policies, practices, and customs implemented, maintained, and still

17  tolerated by Defendants STATE, COUNTY, and DOES 1-10 were affirmatively

18  linked to and were a significantly influential force behind the injuries of

19  DECEDENT and Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO,

20  including but not limited to Defendant DOE OFFICERS and DOE DEPUTIES'

21  unreasonable use of excessive force, including deadly force, against DECEDENT.

22      110.  Accordingly, Defendants STATE, COUNTY, and DOES 1-10 each are

23  liable to L.C., I.H., A.L., and ANTONIA SALAS UBALDO for compensatory

24  damages under 42 U.S.C. § 1983.

25      111.  Plaintiff L.C. brings this claim individually and as a successor-in-

26  interest to DECEDENT, and seeks both survival damages, including pre-death pain

27  and suffering, emotional distress, loss of life, and loss of enjoyment of life, and

28

wrongful death damages under this claim. Plaintiff L.C. also seeks attorney's fees under this claim.

112.  Plaintiff I.H. brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff I.H. also seeks attorney's fees under this claim.

113.  Plaintiff A.L. brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim. Plaintiff A.L. also seeks attorney's fees under this claim.

114.  Plaintiff ANTONIA SALAS UBALDO brings this claim individually and seeks wrongful death damages under this claim. Plaintiff ANTONIA SALAS UBALDO also seeks attorney's fees under this claim.

**EIGHTH CLAIM FOR RELIEF**

**Battery**

(By All Plaintiffs against Defendants STATE, COUNTY, DOE OFFICERS, and DOE DEPUTIES)

115.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 114 of this Complaint with the same force and effect as if fully set forth herein.

116.  Defendants DOE OFFICERS and DOE DEPUTIES, while working as officers for the CHP and sheriff's deputies for SBSD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him.  As a result of the actions of Defendants DOE OFFICERS and DOE DEPUTIES, DECEDENT ultimately died

from his injuries. Defendants DOE OFFICERS and DOE DEPUTIES had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

117. As a direct and proximate result of the conduct of Defendants DOE OFFICERS and DOE DEPUTIES as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity.

118. STATE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

119. COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

120. The conduct of Defendants DOE OFFICERS and DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs L.C., I.H., and A.L., as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOE OFFICERS and DOE DEPUTIES.

121. Plaintiff L.C. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff L.C. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

1    122.    Plaintiff I.H. brings this claim individually and as a successor-in-

2  interest to DECEDENT. Plaintiff I.H. seeks survival damages, including pain and

3  suffering, and wrongful death damages under this claim.

4    123.    Plaintiff A.L. brings this claim individually and as a successor-in-

5  interest to DECEDENT. Plaintiff A.L. seeks survival damages, including pain and

6  suffering, and wrongful death damages under this claim.

7    124.    Plaintiff ANTONIA SALAS UBALDO brings this claim individually

8  and seeks wrongful death damages under this claim.

9

10                            **NINTH CLAIM FOR RELIEF**

11                                    **Negligence**

12                        (By All Plaintiffs against all Defendants)

13    125.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

14  through 124 of this Complaint with the same force and effect as if fully set forth

15  herein.

16    126.    Police officers, including Defendants, have a duty to use reasonable

17  care to prevent harm or injury to others. This duty includes using appropriate tactics,

18  giving appropriate commands, giving warnings, and not using any force unless

19  necessary, using less than lethal options, and only using deadly force as a last resort.

20    127.    Defendants DOE OFFICERS, DOE DEPUTIES and DOES 7-10

21  breached this duty of care.  Upon information and belief, the actions and inactions of

22  Defendants DOE OFFICERS, DOE DEPUTIES and DOES 7-10 were negligent and

23  reckless, including but not limited to:

24            (a)    the failure to properly and adequately assess the need to use

25                    force or deadly force against DECEDENT;

26            (b)    the negligent tactics and handling of the situation with

27                    DECEDENT, including pre-shooting negligence;

28

(c)     the negligent use of force, including deadly force, against DECEDENT;

(d)     the failure to provide prompt medical care to DECEDENT;

(e)     the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS and DOE DEPUTIES;

(f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)     the negligent handling of evidence and witnesses; and

(h)     the negligent communication of information during the incident.

128.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT experienced pain and suffering ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO suffered emotional distress and mental anguish. Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

129.    STATE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and DOES 7-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

130.    COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES and DOES 9-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries

caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

131.   Plaintiff L.C. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff L.C. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

132.   Plaintiff I.H. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff I.H. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

133.   Plaintiff A.L. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff A.L. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

134.   Plaintiff ANTONIA SALAS UBALDO brings this claim individually and seeks wrongful death damages under this claim.

## **TENTH CLAIM FOR RELIEF**

### **Violation of Cal. Civil Code § 52.1**

(By Plaintiff L.C., I.H., and A.L. against all Defendants)

135.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 134 of this Complaint with the same force and effect as if fully set forth herein.

136.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

137.   On information and belief, Defendants DOE OFFICERS, while working for the STATE and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, and by denying him necessary medical care.

138.   On information and belief, Defendants DOE DEPUTIES, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, and by denying him necessary medical care.

139.   When Defendants DOE OFFICERS and DOE DEPUTIES shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

140.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

141.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE OFFICERS and DOE DEPUTIES, inclusive were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

142.   Defendants successfully interfered with the above civil rights of DECEDENT.

143.   The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

144.   STATE is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and DOES 7-8, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

145.   Defendants DOES 7-8 are vicariously liable under California law and the doctrine of *respondeat superior*.

146.   COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES and DOES 9-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

147.   Defendants DOES 9-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

148.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS and DOE DEPUTIES.

149.   Plaintiff L.C., I.H., and A.L. brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiff L.C., I.H., and A.L. also seeks treble damages, attorney's fees, and costs under this claim.

COMPLAINT FOR DAMAGES

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually, requests entry of judgment in their favor and against Defendants STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO, and DOES 1-10, inclusive, as follows:

        A.     For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

        B.     For funeral and burial expenses, and loss of financial support;

        C.     For punitive damages against the individual defendants in an amount to be proven at trial;

        D.     For statutory damages;

        E.     For treble damages pursuant to California Civil Code Sections 52, 52.1;

        F.     For interest;

        G.     For reasonable attorneys' fees, including litigation expenses;

        H.     For costs of suit; and

        I.     For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  June 7. 2022           LAW OFFICES OF DALE K. GALIPO

By         */s/ Dale K. Galipo*
          Dale K. Galipo
          Hang D. Le
          Attorneys for Plaintiffs L.C., I.H., A.L., and
          ANTONIA SALAS UBALDO

1

2

## **DEMAND FOR JURY TRIAL**

3
Plaintiffs hereby demand a trial by jury.

4

5
DATED:  June 7. 2022                      LAW OFFICES OF DALE K. GALIPO

6

7
                                    By_____/s/ Dale K. Galipo_____
                                        Dale K. Galipo
8
                                        Hang D. Le
                                        Attorneys for Plaintiffs L.C., I.H., A.L., and
9
                                        ANTONIA SALAS UBALDO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-29-
COMPLAINT FOR DAMAGES