**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and
ANTONIA SALAS UBALDO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 5:22-cv-00949-KK-SHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Honorable Kenly Kiya Kato |

The parties submit this Joint Case Management Statement as directed in the Court's November 22, 2023 Reassignment Order. (ECF No. 77.)

**A.　DATE CASE WAS FILED**

This action was filed on June 7, 2022. (ECF No. 1.)

**B.　PARTIES**

Plaintiffs are the minor children, L.C., I.H., and A.L., and mother, Antonia Salas Ubaldo, of Decedent Hector Puga (Decedent). The minors bring this action in their

individual capacities, by and through their respective guardians ad litem, and as the successors in interest to Decedent.

Defendants are: State of California (State), by and through the California Highway Patrol (CHP); CHP Sergeant Isaiah Kee; CHP Officers Michael Blackwood and Bernardo Rubalcava; County of San Bernardino (County); and San Bernardino County Sheriff's Department (SBCSD) Deputies Robert Vaccari and Jake Adams.

## C.  SUMMARY OF CLAIMS

Plaintiffs assert claims for: violation of Decedent's Fourth Amendment rights for wrongful arrest and detention, excessive force, and denial of medical care; violation of Plaintiffs' substantive due process rights under the Fourteenth Amendment rights; municipal liability for inadequate training and unconstitutional practices against the County; violation of California Civil Code § 52.1 (Bane Act); and battery and negligence under California law.

Defendants deny Plaintiffs' allegations that Decent was detained without reasonable suspicion and arrested without probable cause. Defendants further deny Plaintiffs' allegations that Defendants used unjustified force. Defendants deny that they failed to summon medical care for Decedent. Defendants intend to assert various affirmative defenses, including but not limited to: they are entitled to qualified immunity and other applicable state law immunities; they had probable cause to attempt to detain or arrest Decedent; their use of force was justified and reasonable; and self-defense and defense of others. Defendants further maintain that their training, policy, practices and customs were at all times appropriate and not the cause of any constitutional violation.

## D.  SUMMARY OF EVENTS

### 1.  Plaintiffs' Summary

This civil rights case arises out of the fatal shooting of Puga by CHP Officers Isaiah Kee, Michael Blackwood, and Bernardo Rubalcava ("CHP Officers") and SBCSD Deputies Robert Vaccari and Jake Adams ("SBCSD Deputies") on February

17, 2021. At approximately 1:42 a.m. on that date, CHP Officers and SBCSD Deputies attempted a traffic stop of Decedent's vehicle, a white Ford Expedition, on the I-15. Decedent's vehicle exited the freeway and ultimately came to a stop in the area of Peach Avenue and Catalpa Street in Hesperia, California.

Decedent complied with commands to exit his car and placed his hands in the air. He further complied with commands to position himself at the front of his vehicle with both hands above his head. CHP Officers and SBCSD Deputies then approached Decedent and shot at Decedent. As a result of the shooting, Decedent attempted to run away with his back towards CHP Officers and SBCSD Deputies. CHP Officers and SBCSD Deputies continued to shoot at Decedent was he ran away with his back towards them. At some point, Decedent fell onto the ground, away from the officers. CHP Officers and SBCSD Deputies continued to shoot at Decedent after he had fallen to the ground. Decedent sustained several gunshot wounds and died as a result of those wounds.

**2. Defendants' Summary**

On February 17, 2021, at approximately 1:40 a.m., CHP Officers Blackwood and Rubalcava began to pursue a white Ford Expedition that matched the description of a vehicle wanted in connection with a freeway shooting that occurred the previous evening in the Victorville Area. The driver of the Ford was later identified as Decedent. Decedent led the CHP officers, including CHP Sergeant Kee and SBCSD Deputies on an hour-long pursuit. Decedent finally came to a stop near the intersection of Peach Avenue and Catalpa Street in Hesperia. CHP units positioned themselves behind the Ford and SBCSD units were positioned behind the CHP patrol vehicles.

Over the course of the next hour, officers gave Decedent repeated orders to exit the vehicle and to put his hands out the window, but Decedent did not comply. He rolled his window down dond opened and closed the door several times, yelled inaudible comments, took off his shirt, threw items out of the vehicle, and commented

that he wanted to call his mother and wife, that he was a "two-striker," and that he wanted one last cigarette. At one point, the passenger side door opened, and a female exited the passenger side and was removed from the area. Officers continued to order Decedent to exit the vehicle, but he refused to comply with their commands. Sergeants Kee and Vaccari deployed several less-than-lethal munitions (bean bag rounds and pepper balls) at and into the vehicle, but Decedent still refused to exit the vehicle.

At approximately 3:42 a.m., Decedent finally exited the vehicle with his back towards the officers, who were giving him commands to keep his hands up because they could not see his waistband. Kee asked Decedent if he had any weapons on him, and Decedent stated he did not. Officers approached Decedent who was standing in front of the Ford Expedition—Kee and Rubalcava approached Decedent from his left side, while Vaccari and Adams approached from his right. Blackwood remained positioned behind Decedent. Decedent turned towards Kee and Rubalcava and reached for his waistband with this right hand. Kee saw the handle of a gun and yelled for Decedent to keep his hands up, but Decedent retrieved a handgun from his waistband and fired one round in the direction of Kee and Rubalcava. Fearing for their lives and the lives of the other officers, Kee, Rubalcava, Blackwood, and Adams fired several rounds from their firearms at Decedent. Decedent ran in a northwesterly direction and continued to point his handgun back at the officers, who fired additional rounds. Decedent continued to run until he collapsed on the west shoulder of Peach Avenue.

Paramedics and personnel from the San Bernardino County Fire Department, who were waiting in the staging area nearby, immediately arrived on scene and rendered medical aid to Decedent. Paramedics pronounced Decedent dead at 4:05 a.m.

/ / /

### E. DAMAGES CLAIMED AND RELIEF SOUGHT

Plaintiffs are unable to provide a realistic range of probable survival and wrongful death damages at this time but expect that these damages will be determined as discovery progresses. Plaintiffs also expect to pursue punitive damages against the individual Defendants and attorney fees in amounts to be later determined.

Defendants contend that they are not liable for any injury Plaintiffs or Decedent suffered as a result of the February 17, 2021 incident, and dispute the amount of damages claimed.

### F. STATUS OF DISCOVERY

Discovery is ongoing. Currently, the deadline to complete all discovery is February 19, 2024. (ECF No. 57.) Initial expert disclosures are due January 22, 2024, and rebuttal expert designations are due February 5, 2024. (*Id.*)

The parties have propounded and responded to substantial written discovery. The depositions of the CHP officers and SBCSD deputies were scheduled for December 6, 12, and 13. However, the depositions are being rescheduled to early 2024 due to calendar conflicts, including the unavailability of counsel for the State and CHP officers due to the recent unforeseeable death of a family member. The parties have agreed, and intend to submit a stipulated request, to continue the trial and scheduling deadlines to allow more time to complete discovery and disclose expert witnesses. This will be the parties first request to modify the March 8, 2023 Scheduling Order.

A continuance of the current scheduling deadlines is also needed because Plaintiffs' counsel intends to file a motion to consolidate this case with *Jonathan W. Botten, Sr., et al. v. State of California, et al*. (C.D. Cal. No. 5:23-cv-00257 JGB-SHK), which arises from the same February 17, 2021 incident. The initial Case Management Conference in *Botten* is set for January 8, 2024.

### G. PROCEDURAL HISTORY

Plaintiffs filed the complaint on June 7, 2022. (ECF No. 1.) The State and County were served on August 29, 2022. (ECF Nos. 25-26.) Based on the County's

and State's meet-and-confer efforts concerning their perceived deficiencies in the complaint, Plaintiffs filed their First Amended Complaint (FAC) on October 18, 2022. (ECF Nos. 29-31.)

On November 8, 2022, the State answered the FAC (ECF No. 34), and the County filed a motion to dismiss (ECF Nos. 35-36). On November 17, 2022, the Court set a Case Management Conference for February 27, 2023. (ECF No. 37.) In the interim, Plaintiffs and the County agreed to permit the filing of a Second Amended Complaint (SAC). (ECF No. 39.) The County withdrew its motion to dismiss, and the Court granted Plaintiffs leave to file the SAC. (ECF Nos. 40-41.) On January 13, 2023, Plaintiffs filed the SAC that included CHP officers Blackwood, Kee, and Rubalcava and SBCDS deputies Adams and Vaccari. (ECF No. 42.)

On February 21, 2023, the County Defendants moved to dismiss the SAC. (ECF No. 54.) The State, Blackwood, and Rubalcava answered the SAC on March 6, 2023. (ECF No. 56.) Two days later, the Court issued an order setting forth the current scheduling deadlines and trial date. (ECF No. 57.) CHP officer Kee answered the SAC on April 21, 2023. (ECF No. 65.)

The Court granted the County Defendants' motion to dismiss with leave to amend on May 3, 2023. (ECF No. 67.) Plaintiffs filed their Third Amended Complaint (TAC) on May 12, 2023. (ECF No. 68.) The County and State Defendants answered the TAC on May 26 and June 9, 2023, respectively. (ECF Nos. 70, 72.)

On September 15, 2023, the parties entered into a stipulated protective order, that the Court approved, to govern the disclosure of confidential, proprietary, or private information. (ECF Nos. 73-74.)

**H.   CURRENT DEADLINES**

The following deadlines were set in the Court's March 8, 2023 Civil Trial Scheduling Order (ECF No. 57):

| | |
|---|---|
| Expert Disclosures | January 22, 2024 |
| Rebuttal Expert Designations | February 5, 2024 |

| | |
|---|---|
| All Discovery Cut-Off | February 19, 2024 |
| Last Day to Conduct Settlement Conference | March 18, 2024 |
| Disposition Motion Hearing Cut-Off | April 29, 2024 |
| Final Pretrial Conference | June 10, 2024 at 11:00 a.m. |
| Jury Trial | June 25, 2024 at 9:00 a.m. |

**I.  PARTIES' POSITION ON CONSENTING TO MAGISTRATE JUDGE**

Plaintiffs do not consent to a magistrate judge conducting trial in this matter.

County Defendants do not consent to a magistrate judge conducting the trial.

The State Defendants do not consent to a magistrate judge conducting the trial.

**J.  PARTIES' STATEMENT REGARDING CONSENT PROGRAM**

The undersigned assert and represent that they have discussed the magistrate judge consent program with their respective client(s), and that they met and conferred to discuss the consent program and selection of a magistrate judge.

**K.  CASE MANAGEMENT CONFERENCE**

The parties do not believe that an immediate Case Management Conference is needed.

DATED: December 7, 2023         LAW OFFICES OF DALE K. GALIPO

By  */s/ Hang D. Le*
Dale K. Galipo
Hang D. Le
*Attorneys for Plaintiffs*

| | |
|---|---|
| DATED:  December 7, 2023 | ROB BONTA<br>Attorney General of California<br>CHRISTINE E. GARSKE<br>Supervising Deputy Attorney General<br><br>***/s/ Diana Esquivel\****<br><br>DIANA ESQUIVEL<br>Deputy Attorney General<br>*Attorneys for Defendant State of Cal., by and through the CHP, Blackwood, Kee, and Rubalcava* |
| DATED:  December 7, 2023 | LYNBERG & WATKINS<br><br>By: ***/s/ Amy R. Margolies\****<br><br>Shannon L. Gustafson, Esq.<br>Amy R. Margolies, Esq.<br>*Attorneys for Defendant County of San Bernardino, Robert Vaccari, and Jake Adams* |

*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.