UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-949-KK-SHKx** | Date: | April 17, 2024 |
|---|---|---|---|
| Title: | *L.C. et al. v. State of California et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Consolidation for Limited Purpose of Discovery

      Pursuant to the Court's April 9, 2024 Order ("Order") in case 5:23-cv-00257-KK-SHK <u>Jonathan Wayne Botten Sr. et al. v. State of California et al.</u> ("Botten"), the instant case and the Botten case are consolidated for the limited purpose of discovery only.  <u>See</u> attached Order.

      **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 23-0257-KK-SHKx** | Date: | April 9, 2024 |
| Title: | *Jonathan Wayne Botten Sr. et al. v. State of California et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order (1) DENYING Plaintiffs' Motion to Consolidate For All Purposes and (2) GRANTING the Parties' Jointly Agreed Upon Consolidation for Purposes of Discovery [Dkt. 62]

## I.
## INTRODUCTION

On June 8, 2023, plaintiffs Jonathan Wayne Botten, Tanja Dudek Botten, Annabelle Botten, and J.B., a minor, by and through his guardian, Jonathan Wayne Botten (collectively, "Plaintiffs") filed the operative First Amended Complaint ("FAC") against defendants State of California[1], County of San Bernardino, Officer Isaiah Kee, Officer Michael Blackwood, Officer Bernardo Rubalcava, Deputy Robert Vaccari, and Deputy Jake Adams (collectively, "Defendants") alleging violations of 42 U.S.C. § 1983 and related state claims. ECF Docket No. ("Dkt.") 27.

On March 7, 2024, Plaintiffs filed a Motion to Consolidate the action L.C. et al. v. State of California et al., 5:22-cv-00949-KK-SHKx ("Puga Action") with the instant action for all purposes. Dkt. 62 ("Mot."). Plaintiffs argue "the two cases share the same [d]efendants and substantially similar questions of fact and law" and "the amount of time and effort saved by consolidation outweigh any possible prejudice." Mot. at 7-9.

On March 14, 2024, defendants Jake Adams, County of San Bernardino, and Robert Vaccari filed an Opposition to the Motion. Dkt. 63. That same day, defendants Michael Blackwood, Isaiah

---

[1] Plaintiffs assert defendant State of California has since been dismissed from the instant action. Mot. at 4 n.1.

Kee, and Bernardo Rubalcava filed an Opposition to the Motion. Dkt. 64. On March 21, 2024, Plaintiffs filed a Reply. Dkt. 65. The matter thus stands submitted.

The Court finds this matter appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiffs' Motion for Consolidation for all purposes is **DENIED**. However, the parties' jointly agreed upon consolidation for purposes of discovery is **GRANTED**.

## II.
## BACKGROUND

A.   THE PUGA ACTION

On June 7, 2022, plaintiffs L.C., a minor by and through her guardian ad litem, Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian ad litem, Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian ad litem, Lydia Lopez, individually and as successor-in-interest to Hector Puga; and Antonia Salas Ubaldo ("Puga Plaintiffs") initiated the Puga Action against defendants State of California, County of San Bernardino, officer Isaiah Kee, Michael Blackwood, Bernardo Rubalcava, Robert Vaccari, and Jake Adams arising out of a fatal officer-involved shooting of Hector Puga ("decedent Puga") by San Bernardino Sheriff's Department. L.C. et al. v. State of California et al., 5:22-cv-00949-KK-SHKx, dkt. 1.

In the operative Third Amended Complaint, the Puga Plaintiffs allege the following:

On February 17, 2021, San Bernardino Sheriff's Deputies "attempted a traffic stop" of decedent Puga's vehicle. Puga TAC ¶ 25. Decedent Puga "complied with commands to exit his car and placed his hands in the air" and further "complied with commands to position himself in the front of his vehicle with his hands above his hands [sic] in the air." Id. ¶ 27. Deputies then approached decedent Puga and shot at decedent Puga "without justification." Id. ¶ 28. Decedent Puga then "ran away with his back towards" defendants "with both hands visibly pumping back and forth in a running motion." Id. ¶ 34. Deputies "continued shooting at [decedent Puga] without justification." Id. "[A]s a result of sustaining gunshot wounds to his back and to other parts of his body[,]" decedent Puga "dropped to the ground" away from defendants. Id. ¶ 40. Deputies continued to discharge their firearms at decedent Puga despite decedent Puga being on the ground. Id. ¶¶ 40-46. Decedent Puga "sustained gunshot wounds to his body" and died as a result of those injuries. Id. ¶ 49.

Based on these allegations, the Puga Plaintiffs assert the following claims:

(1) First Cause of Action: Fourth Amendment – Detention and Arrest pursuant to 42 U.S.C. § 1983;
(2) Second Cause of Action: Fourth Amendment – Excessive Force pursuant to 42 U.S.C. § 1983;
(3) Third Cause of Action: Fourth Amendment – Denial of Medical Care pursuant to 42 U.S.C. § 1983;
(4) Fourth Cause of Action: Substantive Due Process pursuant to 42 U.S.C. § 1983;
(5) Fifth Cause of Action: Battery (Survival and Wrongful Death);

(6) Sixth Cause of Action: Negligence (Survival and Wrongful Death); and
(7) Seventh Cause of Action: Violation of California's Bane Act, Section 52.1 of the California Civil Code.

Id. at 11-26.

Discovery in the Puga Action is underway and a jury trial is set for January 13, 2025. Puga dkt. 80.

**B.    THE INSTANT ACTION**

Plaintiffs in the instant action allege the following:

At 3:00 a.m., Plaintiffs were asleep inside their residence when plaintiff Tanja "heard sirens near their residence and woke [p]laintiff Jonathan up." FAC ¶ 26. Plaintiff Jonathan "looked outside one of the windows" and "observed law enforcement try[ing] to intercept a vehicle, ultimately resulting in the vehicle becoming disabled due to a spike strip across the street from" plaintiffs' home. Id. Plaintiffs Jonathan and Tanja "then went back to sleep." Id.

"At approximately 3:35 a.m.," plaintiff Tanja "awoke again to the sound of sirens and a helicopter" outside of their residence. Id. ¶ 27. Plaintiff Tanja "woke [plaintiff] Jonathan up again and [plaintiff] Jonathan looked outside and observed an incident taking place" in front of the house. Id. "At around this time," plaintiff Tanja woke up her daughter and son, plaintiffs Annabelle and J.B, "and gathered them in the kitchen area." Id. Plaintiff Jonathan "stood in front of the front doorway and t[ook] a video of what appeared to be a passenger of a vehicle with hands up being ordered to walk backwards." Id. Plaintiff Jonathan then "went back inside his house to get ready for work" after taking the video. Id.

"At approximately 4:20 a.m.," plaintiff Tanja informed plaintiff Jonathan that it appeared the driver of the vehicle – later identified as decedent Puga – was getting out of the vehicle. Id. ¶ 28. Plaintiff Jonathan "went to the doorway to observe" while plaintiffs Tanja and J.B. stood behind to observe, and plaintiff Annabelle stayed in the kitchen. Id. "At around this time," Defendants Kee, Blackwood, Rubalcava, Vaccari, and Adams shot at decedent Puga in the direction of Plaintiffs' residence, and Plaintiffs "heard shots and saw a spark hit their metal screen door[.]" Id. Plaintiff Jonathan was able to observe that decedent Puga "did not have a gun immediately prior to or during the shooting[,]" and Defendants "continued to shoot at decedent Puga's direction even after it was clear that decedent Puga had been struck and seriously injured by some of the shots, had fallen face-first onto the ground and away from the [Defendants Kee, Blackwood, Rubalcava, Vaccari, and Adams], and was not making an[y] threatening or furtive movements." Id.

At some point, plaintiff Jonathan "fell back and heard [plaintiff] Tanja scream that she had been shot in the face." Id. ¶ 30. Plaintiff Tanja, who had sustained gunshot wounds to her chin and chest, "was bleeding from her face." Id. Plaintiff Jonathan, in order to get medical assistance, then "ran out into the front yard . . . yelling that his wife had been shot." Id. Defendants "approached the family" and directed plaintiff Tanja "onto a bench in the front yard" of the residence. Id. ¶ 31. "At around this time," plaintiff J.B. – who had sustained gunshot wounds to his chest and ribcage – "came out into the front yard . . . holding his side while stating that he could not breathe." Id. Defendants instructed plaintiff J.B. "to sit next to his mother." Id. After the paramedics arrived,

plaintiff Jonathan "realized that he had been shot twice in the right forearm, once in his left hand, and once on his right leg." Id. ¶ 32.  Plaintiff Anabelle "was present and observed her father, mother, and brother sustain serious gunshot injuries." Id. ¶ 33.  Plaintiffs Tanja and J.B. "were subsequently airlifted to the hospital due to their serious injuries[,]" and plaintiff Jonathan "was ultimately transported to the hospital via ambulance for his gunshot injuries." Id. ¶ 35.

Based on these allegations, Plaintiffs assert the following claims:

(1) First Cause of Action: Fourth Amendment – Excessive Force pursuant to 42 U.S.C. § 1983
(2) Second Cause of Action: Substantive Due Process pursuant to 42 U.S.C. § 1983
(3) Third Cause of Action: Battery
(4) Fourth Cause of Action: Negligence
(5) Fifth Cause of Action: Negligent Infliction of Emotional Distress
(6) Sixth Cause of Action: Violation of California's Bane Act, Section 52.1 of the California Civil Code

Id. at 9-22.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions that "involve a common question of law or fact." FED. R. CIV. P. 42(a).  While "[t]he district court has broad discretion under this rule to consolidate cases pending in the same district[,]" Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989), the mere existence of a common question of law or fact, "while a prerequisite to consolidation, does not compel consolidation[,]" Stross v. Google, LLC, No. CV-22-04426-RSWL-KSx, 2023 WL 3292854, at *2 (C.D. Cal. May 4, 2023) (quoting Dodaro v. Standard Pac. Corp., No. EDCV-09-1666-VAP-OPx, 2009 WL 10673229, at *3 (C.D. Cal. Nov. 16, 2009).

In determining whether to consolidate, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984) rev'd on other grounds; accord Paxonet Commc'ns, Inc. v. TranSwitch Corp., 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003) ("To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.").  While consolidation is generally favored, see Perez–Funez v. Dist. Dir., I.N.S., 611 F. Supp. 990, 994 (C.D. Cal. 1984) (citing Ikerd v. Lapworth, 435 F.2d 197, 204 (7th Cir. 1970)), the moving party bears the burden of showing it is warranted, In re Repetitive Stress Injury Litig., 11 F.3d 368, 373 (2d Cir. 1993); accord Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

///

///

///

///

IV.
**DISCUSSION**

A. **CONSOLIDATION WOULD NOT PROMOTE JUDICIAL CONVENIENCE AND ANY CONVENIENCE IS OUTWEIGHED BY PREJUDICE AND CONFUSION**

First, despite Plaintiffs' assertion to the contrary, the Court does not find consolidation would promote judicial convenience. As a preliminary matter, the Puga Action and the instant action are assigned to the same District Judge and Magistrate Judge. Hence, unlike a case where the matters are assigned to different judges, declining to consolidate would not require additional judicial officers to duplicate work done by another judicial officer. Moreover, the two cases involve different legal theories of liability and different facts. The Puga action is a survival and wrongful death action brought by decedent Puga's four minor children and his mother, in which they allege, among other things, excessive force during the attempted stop/arrest of decedent Puga. On the other hand, the instant action is a bystander action brought by four plaintiffs who experienced or witnessed alleged harm during the attempted traffic stop. The facts are, thus, distinctly different. E.E.O.C. v. Pan Am. World Airways, Inc., No. C-81-3636 RFP, 1987 WL 97215, at *2 (N.D. Cal. Dec. 3, 1987) (denying plaintiff's motion to consolidate his case with two other cases because "the[] two cases [were] completely dissimilar in law" and "involve[d] different questions of law and fact"). Hence, even if consolidated, these issues would need to be addressed separately by either the presiding judge or fact finder.

Second, to the extent there is any marginal judicial convenience, it is outweighed by prejudice. As stated, the cases involve different legal theories and require a jury to reach different determinations. However, consolidation presents the risk of a fact finder reaching conclusions about the Puga action based on evidence and testimony heard and considered in the instant action, or vice versa. Additionally, the differing legal theories and factual determinations require the jury to "weave back and forth between the two actions," each involving "different factual scenarios and supporting evidence, and different statutory violations." Snyder v. Nationstar Mortg. LLC, No. 15-CV-03049-JSC, 2016 WL 3519181, at *3 (N.D. Cal. June 28, 2016) (finding the risk of prejudice weighed against consolidation where consolidation "require[d] the jury to weave back and forth between the two actions, each involving . . . different factual scenarios and supporting evidence, and different statutory violations"). As a result, consolidation presents a serious risk of prejudice.

Third, the Court similarly finds any judicial convenience gained in consolidation is outweighed by confusion. For example, if consolidation occurs, it would be a trial about a survival and wrongful death action, with its respective experts and testimony, combined with an innocent bystander action, with its respective experts and testimony. Additionally, the consolidated action would consist of nine plaintiffs – L.C., I.H., A.L., Antonia Salas Ubaldo, S.S.C.,[2] Jonathan Wayne Botten, Tanja Botten, Annabelle Botten, and J.B., as well as six defendants – State of California, County of San Bernardino, Isaiah Kee, Michael Blackwood, Bernardo Rubalcava, Robert Vaccari, and Jake Adams, and thirteen collective claims from the plaintiffs in both actions, which are

---

[2] S.S.C. "is a minor child and potential heir to [] [decedent] Puga's estate and a potential successor-in-interest[,]" and thus, is listed as a nominal defendant in the complaint. Puga dkt. 68 at 4.

unrelated – including five claims pursuant to 42 U.S.C. Section 1983 and four separate claims of battery and negligence. See dkt. 27; Puga dkt. 68. The number of unrelated plaintiffs and unrelated claims, alone, is enough to confuse a jury. See Sadri v. Ulmer, No. CV-06-00430 ACK-KSC, 2007 WL 9710866, at *2 (D. Haw. Oct. 25, 2007) (denying a motion to consolidate where "juror confusion would result given the unrelated allegations against Defendants in both cases"); see also Forster v. Clendenin, No. CV-01191-NOD-JCD-BPCx, 2024 WL 1021224, at *1 (E.D. Cal. Mar. 8, 2024) (denying a motion to consolidate because "[w]hile some claims overlap, there are significant differences among the claims asserted"). Thus, any judicial convenience is outweighed by confusion.

Finally, there is no potential for delay. The Puga action is set for trial on January 13, 2025, Puga dkt. 80, and the instant action is set for trial on February 3, 2025, dkt. 60.

The Court, therefore, finds Plaintiffs have failed to meet their burden of showing consolidation is warranted. Accordingly, Plaintiffs' Motion to Consolidate is **DENIED**.

**B.    THE COURT GRANTS THE PARTIES' JOINT REQUEST TO CONSOLIDATE THE PUGA ACTION AND INSTANT ACTION FOR DISCOVERY PURPOSES**

Finally, to the extent Plaintiffs argue "[c]onsolidation would promote convenience and judicial economy as the parties would not have to expend duplicable efforts in discovery and other litigation-related proceedings," Mot. at 8, it appears Defendants do not oppose consolidation for purposes of discovery. Mot. at 2, 5-6, 8, dkt. 64 at 2. Therefore, given the fact both the Puga action and the instant action are at the same stage in discovery and litigation, Mot. at 2; dkt. 64 at 2, and the Court is presiding over both matters, the Court finds consolidation for the purposes of discovery is warranted.

## V.
## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion for Consolidation for all purposes. The parties' jointly agreed upon consolidation for purposes of discovery is **GRANTED**.

**IT IS SO ORDERED.**