1  SHANNON L. GUSTAFSON (SBN #228856)
   Sgustafson@lynberg.com
2  AMY R. MARGOLIES (SBN #283471)
   Amargolies@lynberg.com
3  **LYNBERG & WATKINS**
   A Professional Corporation
4  1100 W. Town & Country Road, Suite #1450
   Orange, California 92868
5  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
6
7  Attorneys for Defendant, COUNTY OF SAN BERNARDINO,
   ROBERT VACCARI, and JAKE ADAMS

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | L.C., a minor by and through her | CASE NO. 5:22-cv-00949-KK-(SHKx)
   | guardian *ad litem* Maria Cadena,
12 | individually and as successor-in-interest | *Assigned for All Purposes to:*
   | to Hector Puga; I.H., a minor by and | *Hon. Kenly K. Kato – Courtroom 1*
13 | through his guardian *ad litem* Jasmine
   | Hernandez, individually and as
14 | successor-in-interest to Hector Puga; | **SECOND STIPULATION TO**
   | A.L., a minor by and through her | **MODIFY SCHEDULING ORDER**
15 | guardian *ad litem* Lydia Lopez,
   | individually and as successor-in-interest
16 | to Hector Puga; and ANTONIA | *Trial Date:     01/13/2025*
   | SALAS UBALDO, individually,
17 |                                          | *Complaint filed: 06/07/2022*
18 |                Plaintiffs,
19 |        vs.
20 | STATE OF CALIFORNIA; COUNTY
   | OF SAN BERNARDINO; S.S.C., a
21 | nominal defendant; ISAIAH KEE;
   | MICHAEL BLACKWOOD;
22 | BERNARDO RUBALCAVA;
   | ROBERT VACCARI; JAKE ADAMS;
23 | and DOES 6-10, inclusive,
24 |
25 |                Defendants.
26
27
28
                            1
      **SECOND STIPULATION TO MODIFY SCHEDULING ORDER**

1   Under Federal Rule of Civil Procedure 16(b)(4) and Local Rules 7-1 and 16-

2   14, Plaintiffs L.C., a minor by and through her guardian *ad litem* Maria Cadena;

3   I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez; A.L., a

4   minor by and through her guardian *ad litem* Lydia Lopez; and Antonia Salas Ubaldo

5   ("Plaintiffs") and Defendants State of California, by and through the California

6   Highway Patrol, Michael Blackwood, Isaiah Kee, Bernardo Rubalcava ("State

7   Defendants"), County of San Bernardino, Robert Vaccari, and Jake Adams

8   ("County Defendants") (collectively "Defendants"), stipulate for the purpose of

9   jointly requesting that the honorable Court modify the Scheduling Order issued in

10   this action. The parties seek to continue all the deadlines, including trial, by seven

11   months to allow the parties time to complete fact and expert discovery, which in

12   turn will affect the remaining deadlines.

13   When an act must be done within a specified time, the court may, for good

14   cause, extend the time with or without motion or notice if the court acts, or if a

15   request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A

16   scheduling order may be modified only upon a showing of good cause and by leave

17   of Court. *Id*. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc*., 975 F.2d

18   604, 609 (9th Cir. 1992) (describing the factors a court should consider in ruling on

19   such a motion). In considering whether a party moving for a schedule modification

20   has good cause, the Court primarily focuses on the diligence of the party seeking the

21   modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory

22   committee's notes of 1983 amendment). "The district court may modify the pretrial

23   schedule 'if it cannot reasonably be met despite the diligence of the party seeking

24   the amendment.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983

25   amendment). Good cause exists to modify the Scheduling Order because, despite the

26   parties' diligent efforts, they will be unable to complete discovery by the current

27   deadline.

28

**2**
**SECOND STIPULATION TO MODIFY SCHEDULING ORDER**

1.      Plaintiffs filed their Complaint on June 7, 2022. (Dkt. No. 1).

2.      The parties filed their Joint Rule 16(f) Report on February 13, 2023. (Dkt. No. 49).

3.      On March 8, 2023, the Court issued a Civil Trial Scheduling Order. (Dkt. No. 57).

4.      On May 12, 2023, Plaintiffs filed a Third Amended Complaint, the operative complaint, and the respective Defendants filed their Answers in June 2023. (Dkt. Nos. 68, 70, and 72).

5.      On November 20, 2023, by Order of the Chief Judge, the instant matter was transferred from the calendar of Judge Jesus G. Bernal to the calendar of Judge Kenly Kiya Kato. (Dkt. No. 75).

6.      On December 7, 2023, the parties filed their Joint Case Management Statement. (Dkt. No. 78).

7.      On December 11, 2023, despite the parties' diligent efforts in exchanging discovery, the parties filed a stipulation to modify the existing scheduling order due to issues relating to the scheduling of party depositions, an unforeseen loss of family for one of the lead counsels, as well as an anticipated Motion to Consolidate cases regarding the related (5:23-cv-00257-KK-SHK, Jonathan Wayne Botten Sr. et al. v. State of California et al. ("Botten") matter. (Dkt. No. 79).

8.      On December 11, 2023, the Court granted the parties' stipulation and issued an amended Civil Trial Scheduling Order. This was the parties' first request for an extension of time. (Dkt. No. 80).

9.      On April 17, 2024, the Court ordered that the instant Puga matter and the related Botten matter be consolidated for the limited purpose of discovery. (Dkt. No. 82). However, no dates and deadlines were changed in either case.

**SECOND STIPULATION TO MODIFY SCHEDULING ORDER**

10.     The parties continue to diligently conduct written discovery. The parties have propounded and responded to multiple written discovery requests. The parties had also previously agreed to schedule the depositions of Defendants Isaiah Kee, Michael Blackwood, Bernardo Rubalcava, Robert Vaccari, and Jake Adams ("Defendant Officers") for February 2024.

11.     On February 5, 2024, Defense Counsel for County Defendants were advised that the District Attorney's Office was still investigating the underlying incident and had not yet completed their review and therefore was not yet prepared to issue a public determination.  Because all individual defendants in this case were still pending resolution on the criminal matter, Defense counsels requested and Plaintiffs agreed, that it would be in the best interest of all parties to allow the DA to conclude its investigation and release its public issuing decision on the matter before re-noticing the depositions of the defendant officers to preserve their Fifth Amendment rights.  We were advised to follow up in two months.

12.     On April 29, 2024, Defense Counsel for County Defendants  were advised by the DA's Office that the criminal investigation review and determination was being finalized for final review and that an issuing decision should be made public in approximately six weeks (mid-June 2024).

13.      Without the depositions of the Defendant Officers, the parties' retained experts cannot provide full and complete opinions, such that the parties will not be prepared to disclose expert witnesses by the current deadline.

14.     The State Defendants request that the deadline to complete mediation occur after dispositive motions are resolved. State Defendants believe they have meritorious grounds to move for summary judgment and are unlikely to offer any substantial amount of money to resolve this matter before their intended dispositive motion is resolved. Requiring the parties to engage in mediation beforehand will be unproductive and a waste of time and resources. The State Defendants will be in a

**SECOND STIPULATION TO MODIFY SCHEDULING ORDER**

better position to engage in realistic and serious settlement discussions if this case survives summary judgment.

15. The parties agree that it is in the best interest of all parties to continue all case management dates to allow the parties additional time to complete discovery, conduct expert discovery, and adequately prepare for trial. The parties further agree that given Plaintiffs' previous efforts to secure dates for the depositions of the individual defendant officers, these depositions will proceed before any other witness or party depositions.

16. This Stipulation is the parties' second request to modify the Scheduling Order. The Court granted the parties first request on December 11, 2023.

17. Accordingly, in light of the foregoing, the parties hereby stipulate that good cause exists, and jointly request that the Court modify the Scheduling Order as follows[1]:

| Case Management Event | Prior Date/Deadline | Proposed New Date/Deadline |
|---|---|---|
| Deadline for Initial Designation of Expert Witnesses | July 29, 2024 | January 20, 2025 |
| Deadline for Designation of Rebuttal Expert Witnesses | August 26, 2024 | February 17, 2025 |
| All Discovery Cut-Off (including hearing of discovery motions) (Thursday) | September 9, 2024 | March 13, 2025 |
| Dispositive Motion Hearing Cut-Off (Thursday) | November 4, 2024 | May 22, 2025 |

[1] The deadlines have also been modified to adhere to this Court's most recent Civil Standing Order, Order Setting Scheduling Conference, and Civil Trial Scheduling Order, issued on April 23, 2024. (Dkt. No. 83).

| Last Day to Conduct Settlement Conference | October 7, 2024 | July 10, 2025 (to coincide with Botten) |
|---|---|---|
| Final Pretrial Conference (Thursday at 10:30 a.m.) (18 days before trial) | December 16, 2024 | July 31, 2025 |
| Jury Trial (Monday at 8:30 a.m.) | January 13, 2025 | August 18, 2025 |

**IT IS SO STIPULATED**.

DATED:  May 24, 2024          **LYNBERG & WATKINS**
                              A Professional Corporation


                         By:   */s/ Amy R. Margolies*
                              **SHANNON L. GUSTAFSON**
                              **AMY R. MARGOLIES**
                              **ANITA K. CLARKE**
                              Attorneys for Defendant,
                              COUNTY OF SAN BERNARDINO
                              ROBERT VACCARI, and JAKE ADAMS


DATED:  May 24, 2024          LAW OFFICES OF DALE K. GALIPO


                         By
                              */s/ Hang D. Le*
                              **Dale K. Galipo**
                              **Hang D. Le**
                              Attorneys for Plaintiffs

///

**6**
**SECOND STIPULATION TO MODIFY SCHEDULING ORDER**

DATED:  May 24, 2024

ROB BONTA
Attorney General of California
CHRISTINE E. GARSKE
Supervising Deputy Attorney General


*/s/ Diana Esquivel*

**DIANA ESQUIVEL**
Deputy Attorney General
*Attorneys for Defendant State of Cal., by and through the CHP, Blackwood, Kee, and Rubalcava*


*The filer, Amy R. Margolies, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized.

DATED:  May 24, 2024          **LYNBERG & WATKINS**
A Professional Corporation


By:   */s/ Amy R. Margolies*
**SHANNON  L. GUSTAFSON**
**AMY R. MARGOLIES**
**ANITA K. CLARKE**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO
ROBERT VACCARI, and JAKE ADAMS

**SECOND STIPULATION TO MODIFY SCHEDULING ORDER**