ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
DIANA ESQUIVEL
Deputy Attorney General
State Bar No. 202954
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7320
Facsimile: (916) 322-8288
E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants State of California, by and through the California Highway Patrol, Blackwood, Kee, and Rubalcava*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **L.C., et al.,** Plaintiffs, **v.** **STATE OF CALIFORNIA, et al.,** Defendants, | No. 5:22-cv-00949 KK-SHKx<br>No. 5:23-cv-0257- KK-SHKx<br>*Consolidated for discovery purposes only* |
| **JONATHAN W. BOTTEN, SR., et al.,** Plaintiffs, **v.** **STATE OF CALIFORNIA, et al.,** Defendants. | **STATE DEFENDANTS' *EX PARTE* APPLICATION AND MOTION TO MODIFY SCHEDULING ORDER TO EXTEND FACT-DISCOVERY DEADLINE; POINTS AND AUTHORITIES; SUPPORTING DECLARATION**<br>*L.C.* Trial Date: June 2, 2025<br>Action filed: June 7, 2022<br>*Botten* Trial Date: July 28, 202<br>Action filed: February 16, 2023<br>Judge: Hon. Kenly Kiya Kato |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, under Federal Rules of Civil Procedure 6(b)(1), 16(b)(4), 26, 30, 33, 34, 37, and 45, Local Rules 7-19, 7-19.1, 37-1 through 37-4, and 45-1, and the Court's Civil Standing Order, Defendants State of California, by and through the California Highway Patrol, Blackwood, Kee, and Rubalcava (collectively, State Defendants) move the Court *ex parte* for entry of an order modifying the Amended Scheduling Orders to extend the January 2, 2025 Fact-Discovery deadline to February 20, 2025, the same deadline to complete expert discovery. No other scheduling deadline will be affected by this request.

State Defendants' *ex parte* application is made on the grounds that: (1) Defendants' case will be irreparably prejudiced if the underlying motion to modify the scheduling order is heard according to the regular noticed motion procedures because the current fact-discovery deadline is January 2, 2025, and (2) the moving parties are without fault in creating the need for *ex parte* relief or is the result of excusable neglect because much of the discovery that still needs to be completed was only recently disclosed by Plaintiffs.

The discovery that still needs to be completed, but cannot, before the current January 2, 2025 deadline, includes but is not limited to:

• Depositions of Jacob Gonzalez (third-party witness who recorded the officer-involved shooting incident at issue in these cases, identified as bates stamped PLAINTIFF 0241), Jessie Francis (eldest son of the *Botten* Plaintiffs), the minor Plaintiffs in *L.C.*, and the unidentified neighbors who took video footage of the incident (bates stamped PLTFS 00345) but that Plaintiffs only produced on December 23, 2024.

• Records timely subpoenaed from: (1) California Department of Corrections and Rehabilitation (CDCR) Division of Adult Parole Operations by the State Defendants, and (2) CDCR Archives, East Los Angeles County Sheriff's Station, LAPD Metropolitan Detention Center, Long Beach Police Department, L.A.

County Sheriff's Department Cerritos and Norwalk Stations, LAPD, L.A. Sheriff's Department, Southern L.A. County Sheriff's Station, and Wasco State Prison by the County Defendants.

• Records/documents that still need to be subpoenaed from the following individuals/entities due to Plaintiffs' late disclosure of information: (1) Dr. Jay Rivera, (2) Dr. Janel Hillstrom in Mesquite, Nevada, (3) Desert Valley Medical Group, (4) Sarah Schmotzer, Therapist, (5) Lauren Ware, Psych N.P., and (6) Betzabeth Gonzalez (third-party witness who recorded the shooting incident).

NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE: This application and motion are made following the conferences of counsel, as required by Local Rules 7-19, 7-19.1, and 7-3, that occurred on December 19, 2024, with counsel for all parties in these consolidated cases, regarding the substance of this *ex parte*, as detailed in the attached supporting attorney declaration. Counsel for Plaintiffs indicated that they will oppose the request for an extension of the fact-discovery deadline. Shannon Gustafson, counsel for the County Defendants indicated they have no objection to the requested extension.

NOTICE OF COURT ORDER RE EX PARTES & OPPOSITIONS: PLEASE TAKE FURTHER NOTICE that, pursuant to the Court's Standing Order (*Botten* ECF No. 59; *L.C.* ECF No. 83), *ex parte* applications are usually decided on the papers, and **the opposition papers are due 24 hours after the *ex parte* application has been electronically or hand served.**

OPPOSING PARTIES' COUNSEL: The following information is provided as required under Local Rule 7-19:

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074), email: dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450), email: hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333

*Attorneys for Plaintiffs*

Dated: December 31, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal., Blackwood, Kee, and Rubalcava*

LA2022603031
38656237.docx

State Defs.' Ex Parte Application & Motion to Modify Scheduling Order; Points & Authorities; Supporting Decl.

4

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

State Defendants seek a modification of the Amended Scheduling Orders issued in these cases, consolidated for discovery purposes, to extend the January 2, 2025 fact-discovery deadline to February 20, 2025, when expert discovery is scheduled to close. The extension is needed because Plaintiffs untimely disclosure of material information and documents relevant to their damages claims deprived the Defendants of the opportunity to timely seek the depositions of third-party witnesses and from subpoenaing necessary documents. An extension is further needed to allow the Magistrate Judge to decide Plaintiffs' intended motion for protective order to prevent the State Defendants from deposing the minor Plaintiffs in *L.C.* Without this relevant and essential discovery, Defendants will be unable to adequately prepare for trial and defend against Plaintiffs' claims. Thus, good cause exists to modify the Amended Scheduling Orders and extend the fact-discovery deadline. No other scheduling deadline will be affected by this request.

These cases arise from the February 17, 2021 officer-involved, fatal shooting of decedent Hector Puga, who led the Defendant officers on a hours' long car pursuit and standoff that ended in a shoot-out when Puga pulled a gun from his waistband and shot at the officers. The *Botten* Plaintiffs are Jonathan Botten Sr., Tanja Dudek-Botten, and J.B. who were struck by stray bullets, and Annabelle Botten who witnessed her family members' injuries, while they were at their residence near the intersection where the shooting incident occurred. Puga's minor children and mother are the Plaintiffs in *L.C.*

The parties previously sought, and obtained, two prior modifications of the scheduling deadlines in each case. (*Botten* ECF Nos. 71-74; *L.C.* ECF Nos. 79, 80, 84, 85.) In April 2024, the Court consolidated *Botten* and *L.C.* for the limited purpose of discovery. (*Botten* ECF No. 69; *L.C.* ECF No. 82.) The limited consolidation and prior modifications resulted in the current January 2, 2025

deadline to complete fact discovery and the February 20, 2025 deadline to complete expert discovery. Initial expert disclosures are due January 16, 2025.

**ARGUMENT**

When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A scheduling order may be modified only upon a showing of good cause and by leave of Court. *Id*. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

Defendants diligently sought to take and complete fact-discovery. However, during the Plaintiffs' and third-party depositions, information came to light that Plaintiffs did not previously disclose even though such information and documents were in their possession long before the disclosures were made. The following are examples of Plaintiffs' dilatory disclosures that, without an extension of the fact-discovery deadline, will irreparably prejudice Defendants.

**Gonzalez Video (bates stamped PLAINTIFF 0241)**. On October 31, 2024, Plaintiffs produced the Gonzalez video depicting the shooting incident involving Puga. (Pl. Salas' Suppl. Resp. to Req. for Prod. of Docs. Nos. 9 and 16, attached as Ex. F to Esquivel Decl.) To ascertain the source and author of the video, the County Defendants immediately propounded interrogatories to the *L.C.* Plaintiffs seeking this information, and on December 9, 2024, Plaintiffs identified third-party witness

Betzbeth Gonzalez as the author of the video and Jacob Gonzalez as a witness to the recording. (Pl. Salas' Resp. to Vacari's Interrog. Nos. 1, 3, attached as Ex. G to Esquivel Decl.) On December 30, 2024, Defendants took the deposition of Mrs. Gonzalez. At her deposition, Mrs. Gonzalez testified that, *about a year and a half ago*, she provided *three* video files, including the video bates stamped PLAINTIFF 0241, to Plaintiffs' counsel who contacted her after she spoke with Puga's sister, Gabriela Salas. (*See* Gabriela Salas Dep. 57:6-58:16, attached as Ex. B to Esquivel Decl.) Mrs. Gonzalez testified that the two other video files are approximately one to two minutes long and depict Puga's actions while he was exiting the vehicle. As of the date of filing this application and motion, Plaintiffs' counsel has only produced one of three video files Mrs. Gonzalez recorded.

There is no justifiable excuse for Plaintiffs' delay in producing the Gonzalez video just a little over two months before the close of fact discovery when the video has been in the possession of their attorneys for over a year.[1] The delay has unduly prejudiced Defendants in several ways. The County Defendants attempted to serve a deposition subpoena on Jacob Gonzalez at the same time they had Mrs. Gonzalez served. The whereabouts of Jacob Gonzalez are currently unknown. Had Plaintiffs disclosed his identity sooner, Defendants could have had ample time to locate him to either depose or question him about his knowledge of the subject incident and the Gonzalez video. Further, the untimely disclosure has deprived Defendants of the opportunity to conduct any follow-up discovery based on Mrs. Gonzalez's deposition testimony. Defendants could have had time to subpoena directly from Mrs. Gonzalez the two video files Plaintiffs' counsel failed to produce. According to Mrs. Gonzalez, she still has the videos on her home computer, and while she agreed to produce them to defense counsel, Defendants have no recourse (without an extension of the fact-discovery deadline) should she fail to do so. Also, timely

[1] The County Defendants served their first set of production requests (calling for production of the documents such as the Gonzalez video) on March 24, 2023.

disclosure of the Gonzalez video would have allowed Defendants to conduct a site inspection of Mrs. Gonzalez's home to measure the bathroom window from where she made the recordings and the distance from the bathroom to the intersection where the shooting occurred to test (or challenge at trial) the veracity of her testimony that she saw Puga's waistband from her location even though the Gonzalez video does not show his waistband from where Puga pulled out a gun.

**Identification of Jessie Francis**. At the December 13, 2024 deposition of Plaintiff Tanja Dudek-Botten, she identified her eldest son, Jessie Francis, as a witness to her and the family members' injuries. She testified that her eldest son took care of her and her husband, Plaintiff Jonathan Botten Sr., while they lived in a hotel for about two weeks following the shooting incident to be near Plaintiff J.B. who was hospitalized at Loma Linda University Hospital. Additionally, a third-party witness testified at her deposition that Mr. Francis spoke to her and was gathering information and videos from neighbors concerning the shooting incident. (Mangerino Dep. 45:16-46:22, attached as Ex. N to Esquivel Decl.) Disclosure of Mr. Francis' identity was required in response to written discovery propounded to the Plaintiffs.[2] Inexplicably, Plaintiffs failed to identify Mr. Francis in their initial disclosures, supplemental disclosures, or discovery responses. (*See* Botten Pls.' Disclosures, attached as Ex. K-M to Esquivel Decl.) Given the late disclosure, Defendants are unable to subpoena Mr. Francis for deposition within the time remaining to complete fact discovery. Mr. Francis has personal, first-hand knowledge of the *Botten* Plaintiffs' injuries, alleged pain and suffering, and

---

[2] In both *L.C.* and the related-state-court *Botten* case, the County Defendants propounded interrogatories to each Plaintiff requesting the identity of "each and every witness to any of the event surrounding this lawsuit, including witnesses to liability and damages/injuries, identifying each such witness by name, address, and telephone number and providing a brief summary of their knowledge relevant to this lawsuit." To avoid duplicative discovery, the parties agreed that information and material produced in the state-court *Botten* case could be used in the federal action. (Oct. 30, 2023 E-mail re Botten State Discovery, attached as Ex. J to Esquivel Decl.)

recovery that is relevant and material to Defendants' ability to evaluate and challenge Plaintiffs' damages claims.

**Plaintiffs' Healthcare Records**. During the depositions of several Plaintiffs, they identified treating with providers that were never identified in their initial disclosures or in written discovery, thus Defendants were not afforded a timely opportunity to subpoena those records. At the December 3, 2024 deposition of Plaintiff Antonia Salas-Ubaldo, she testified that her physician, Dr. Jay Rivera, prescribed her medication for her depression despite identifying another doctor as having prescribed her medication for her depression in response to written discovery. (Salas-Ubaldo Dep. 98:1-99:23, attached as Ex. A to Esquivel Decl.) Dr. Rivera was never identified by Plaintiffs before Mrs. Salas-Ubaldo's deposition, such that Defendants had no opportunity to conduct discovery or obtain records to clarify the identity of the doctor that diagnosed her with depression following Puga's death.

Additionally, at the December 13, 2024 deposition of Plaintiff J.B., he testified that, in the summer of 2022, he was treated at an urgent care clinic while visiting his grandparents in Mesquite, Arizona, for bleeding of the chest that he attributes to the gunshots he sustained during the subject incident and for which he was prescribed medication. During J.B.'s deposition, he admitted to still having the bottle of medication he was prescribed, and provided the physician's name, Dr. Janel Hillstrom, and phone number. He also testified that he had a photograph of his chest while it was bleeding and another that he took shortly after surgery in February 2021. His father, Plaintiff Jonathan Botten Sr., testified at his December 16, 2024 deposition that he was aware of J.B.'s 2022 treatment at the out-of-state clinic. (Botten Sr. Dep. 125:19-126:9, attached as Ex. C to Esquivel Decl.) On December 23, 2024, Plaintiffs produced the photographs J.B. identified at his deposition despite Plaintiffs' duty to disclose this information much sooner with their initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and

in response to written discovery. Plaintiffs' untimely disclosures deprived Defendants of the ability to obtain the out-of-state medical records and possibly depose Dr. Hillstrom.

Similarly, at the December 16, 2024 deposition of Plaintiff Annabelle Botten, she disclosed for the first time that she had treated, from 2023 to 2024, with a therapist and psychiatrist for her mental-health and emotional injuries she attributed to the shooting incident. (Annabelle Botten Dep. 29:6-31:20, attached as Ex. D to Esquivel Decl.) Like her brother, she admitted to having in her possession a prescription bottle identifying the psychiatric nurse-practitioner that prescribed her medication for her PTSD and also having in her possession, since April 1, 2024, documents evidencing her treatment. (*Id*. at 30:4-10, 34:4-13, 103:15-104:12.) At Ms. Botten's deposition, she further testified that since 2022, she has been in possession of two videos of the incident that neighbors provided to her family, and identified one of the videos as a "black and white recording." (*Id*. at 117:16-118:14.) Ms. Botten did not identify, as required under Rule 26(a)(1)(A)(iii), the records from the therapist or nurse practitioner in Plaintiffs' initial disclosures or responses to written discovery before December 23, 2024, when Plaintiffs' counsel produced the black-and-white recording (bates stamped PLTS 00345) and two pages from Ms. Botten's mental-health records listing over 50 dates on which she was seen by those providers. (Therapy/ Psychiatry Visits, attached as Ex. E to Esquivel Decl.; Pls.' Initial and Suppl. Disclosures, Ex. K-M.) Plaintiffs' production of these documents less than two weeks before the close of fact discovery is unjustified especially since Ms. Botten's only claim is for negligent infliction of emotional distress. (First Am. Compl. ¶¶ 70-79, ECF No. 27.) Plaintiffs untimely disclosure has denied Defendants of any discovery to obtain Ms. Botten's mental-health records and conduct follow-up discovery about the source of the black-and-white video that was unknown to defense counsel.

**Outstanding Subpoenas**. An extension of the fact-discovery deadline is also needed to ensure compliance with several subpoenas the Defendants timely served. On December 4, 2024, the State Defendant served a subpoena for Puga's visitation logs, dates of incarceration, and parole records from the California Department of Corrections and Rehabilitation (CDCR). The records were due December 27, 2024. Although CDCR has produced some responsive documents, the Division of Adult Parole Operations has not fully responded as of the date of filing this application and motion. On December 6, 2024, the County Defendants issued subpoenas to CDCR Archives, East Los Angeles County Sheriff's Station, LAPD Metropolitan Detention Center, Long Beach Police Department, L.A. County Sheriff's Department Cerritos and Norwalk Stations, LAPD, L.A. Sheriff's Department, Southern L.A. County Sheriff's Station, and Wasco State Prison for various records from Puga's files. The subpoenas requested production by December 31. On December 17, 2024, Plaintiffs' counsel served letters on these entities objecting to the production of documents on the grounds that the documents sought were irrelevant and not proportional to the needs of the case. After meeting and conferring, Plaintiffs' counsel agreed to withdraw their objections. (Meet-and-Confer E-mail, attached as Ex. O to Esquivel Decl.) On December 20, Plaintiffs' counsel sent letters to the entities informing them that the objections were withdrawn. It is unknown whether and how long of a delay Plaintiffs' letters will cause. (As of the date of filing this application and motion, the undersigned is aware of only the LAPD producing documents in response to the subpoena.) Without an extension of the fact-discovery deadline, Defendants will be unable to compel compliance with their timely subpoenas. The documents sought are relevant to and necessary to rebut the *L.C.* Plaintiffs' damages claims.

**Depositions of the Minor Plaintiffs**. On December 16 and 17, the parties appeared before Magistrate Judge Kewalramani for an informal discovery conference regarding the parties' dispute over the number of permissible

depositions in these cases and the depositions of the minor Plaintiffs in *L.C.* (*Botten* ECF Nos. 76-77; *L.C.* ECF Nos. 87-88.) The Magistrate Judge determined that the issue of the children's deposition was too complex to resolve in an informal discovery conference and needed to be properly briefed in a motion for protective order. (*Id.*) The State Defendants timely and properly noticed the depositions of the minor Plaintiffs, and Plaintiffs simply objected to the notice. (Notice of Deposition, attached as Ex. H to Esquivel Decl.; Pls.' Objections, attached as Ex. I to Esquivel Decl.)

The depositions of the minor Plaintiffs are relevant and necessary because Plaintiffs' damages rely, in part, on the alleged denial of the parent-child relationship, including loss of society, comfort, and support. Although the minors' guardians testified that Puga had minimal or inconsistent contact with his children (except for I.H. whom he cared for on a regular basis for about a four-month period in 2020), in response to written discovery, Plaintiffs asserted that they will be "deprived of [Puga's] society, comfort, protection, services, and support for the rest" of their lives and deprived of an "important and special relationship," such that they each seek over $2 million in damages. The minors' guardian and adult Plaintiffs may be able to provide some relevant insight into the minors' purported feelings of loss, but they can only provide their adult perceptions which is not an adequate substitute for the children's own experiences and feelings. Their testimony, however limited, is essential to rebutting the potentially embellished testimony of their guardians or adult Plaintiffs. An extension of the fact-discovery deadline will allow the Magistrate Judge to fully and adequately consider the issue. The State Defendants timely sought to depose the minor Plaintiffs in light of the parties' agreement, and Plaintiffs' counsel's subsequent insistence, as to the order the parties' depositions would be conducted despite the limited time remaining to complete fact discovery. (E-mail re Depositions, attached as Ex. P to Esquivel Decl.)

**CONCLUSION**

State Defendants do not seek to modify any other scheduling deadlines. Rather, they are only seeking to extend the fact-discovery cutoff date from January 2, 2025 to February 20, 2025, which will provide all parties with time to complete all of the necessary depositions and obtain the needed records. Defendants diligently sought to complete discovery. Plaintiffs' failure to timely disclose crucial and significant witnesses and records necessitate an extension of the fact-discovery deadline. Moreover, Plaintiffs will suffer no prejudice from the requested extension because no other deadline will be affected and the remaining discovery is discovery to which Defendants are entitled had Plaintiffs timely disclosed the information. Accordingly, the Court should grant this application and motion and extend the fact-discovery deadline to February 20, 2025.

Dated: December 31, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal., Blackwood, Kee, and Rubalcava*

LA2022603031
38656237.docx

# DECLARATION OF DIANA ESQUIVEL

I, Diana Esquivel, declare:

1. I am licensed to practice law in California and before this Court. I am a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendants State of California, by and through the California Highway Patrol (CHP), Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava (State Defendants).

2. I have personal knowledge of the facts set forth in this declaration and the attached application and motion. If called upon to do so, I could and would competently testify to these facts.

3. Exhibit A is a true and correct copy of the relevant portions of the transcript of Plaintiff Antonia Salas-Ubaldo's deposition testimony, taken on December 3, 2024, in these matters.

4. Exhibit B is a true and correct copy of the relevant portions of the transcript of Gabriela Salas's deposition testimony, taken on December 19, 2024, in these matters.

5. Exhibit C is a true and correct copy of the relevant portions of the transcript of Plaintiff Johnson Wayne Botten, Sr.'s deposition testimony, taken on December 16, 2024, in these matters.

6. Exhibit D is a true and correct copy of the relevant portions of the transcript of Plaintiff Annabelle Botten's deposition testimony, taken on December 16, 2024, in these matters.

7. Exhibit E is a true and correct copy of the April 1, 2024 Attending/ Treatment Summary for Plaintiff Annabelle Botten and psychiatry note that Plaintiffs produced on December 23, 2004. The psychiatry note is redacted to protect Plaintiff's medical and mental health privacy.

8. Exhibit F is a true and correct copy of the relevant portions of Plaintiff Antonia Salas-Ubaldo's First Supplemental Responses to Defendant County of San Bernardino's Request for Production of Documents.

9. Exhibit G is a true and correct copy of the relevant portions of Plaintiff Antonia Salas-Ubaldo's Responses to Defendant Robert Vaccari's Interrogatories, Set One.

10. Exhibit H is a true and correct copy of the State Defendants' Notice of Taking Depositions of Plaintiffs A.L., I.H., and L.C.

11. Exhibit I is a true and correct copy of the Plaintiffs' Objections to Defendant State of California's Notice of Taking Deposition of Plaintiffs A.L., I.H., and L.C.

12. Exhibit J is a true and correct copy of the October 2023 e-mail chain between the parties concerning the *Botten* state discovery.

13. Exhibit K is a true and correct copy of Plaintiffs' Rule 26(f) Initial Disclosures served in *Botten*.

14. Exhibit L is a true and correct copy of Plaintiffs' Supplemental Rule 26(f) Disclosures served in *Botten*.

15. Exhibit M is a true and correct copy of Plaintiffs' Second Supplemental Rule 26(f) Disclosures served in *Botten*.

16. Exhibit N is a true and correct copy of the relevant portions of the transcript of Erin Mangerino's deposition testimony, taken on November 25, 2024, in these matters.

17. Exhibit O is a true and correct copy of the December 2024 e-mail chain between the parties concerning the County Defendants' subpoenas to various entities and Plaintiffs' objections to the subpoenas.

18. Exhibit P is a true and correct copy of the October 2024 e-mail chain between the parties concerning the order of depositions.

19. At the time of filing this declaration and attached application and motion, the deposition transcripts of Plaintiffs Tanja Dudek-Botten and J.B. and third-party witness Betzbeth Gonzalez are not yet ready. Mrs. Botten and J.B. were deposed on December 13 and 16, respectively, and Mrs. Gonzalez was deposed on December 30, 2024. My representations in the attached application and motion concerning what these individuals stated at their depositions are based on my memory and notes.

20. The parties have met and conferred extensively over an extension of the fact-discovery deadline, including e-mails (*see* e.g. Ex. P at 1.) and multiple video conferences following depositions taken in these matters. Most recently the parties met and conferred on December 19, following the deposition of Nancy Juarez.

21. I provided all parties notice of this *ex parte* application by verbally informing all counsel of my intent to file this application on December 19, 2024, following the deposition of Nancy Juarez, Puga's sister. On December 31, 2024, I also emailed this application and motion to all counsel of record before filing it.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on December 31, 2024 at Sacramento, California.

                                                               ***/s/ Diana Esquivel***
                                                                Diana Esquivel

LA2022603031
38656237.docx

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants State of California, Blackwood, Kee, and Rubalcava, certifies that this brief contains 4,297 words, which complies with the word limit of Local Rule 11-6.1.

Dated: December 31, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California

***/s/ Diana Esquivel***

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of Cal., Blackwood, Kee, and Rubalcava*

State Defs.' Ex Parte Application & Motion to Modify Scheduling Order; Points & Authorities; Supporting Decl.

17