**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and
ANTONIA SALAS UBALDO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., et al; <br><br> Plaintiffs, <br> vs. <br><br> STATE OF CALIFORNIA, et al, <br><br> Defendants. | Case No. 5:22-cv-00949-KK-SHK <br> Case No. 5:23-cv-00257-KK-SHK <br><br> [Consolidated for purposes of discovery] <br><br> *Honorable Kenly Kiya Kato* <br> *Mag. Judge Shashi H. Kewalramani* <br><br> **DECLARATION OF HANG D. LE** |
| JONATHAN WAYNE BOTTEN SR., et al. <br> Plaintiffs <br> vs. <br> STATE OF CALIFORNIA, et al. <br><br> Defendants. | |

-i-
DECLARATION OF HANG D. LE

I, Hang D. Le, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and the Central District of California. I make this declaration in support of *Puga* Plaintiffs and *Botten* Plaintiffs' Opposition to State Defendants' Ex Parte Application and Motion to Modify Scheduling Order to Extend Fact-Discovery Deadline. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. The parties initially agreed to setting the depositions of Defendants Isaiah Kee, Michael Blackwood, Bernardo Rubalcava, Robert Vaccari, and Jake Adams ("Defendant Officers") for December 6, 12, and 13, 2023. Plaintiffs in *Puga* served deposition notices for Defendant Officers on November 9, 2023. The parties intended and expected the depositions to go forward as noticed. (*See* Doc. No. 79 at 2). Plaintiffs in *Botten* II served the same deposition notices for Defendant Officers on November 16, 2023, based on the parties' informal agreement at the time that the depositions of the Defendant Officers taken in *Puga* may also be used in *Botten* II.

3. On November 25, 2023, State Defendants' counsel suffered an unexpected family loss and requested that the December 6, 2023 depositions be continued. Due to a misunderstanding, County Defendants' counsel believed that all Defendant Officers' depositions were to be continued. Subsequently, County Defendants' counsel requested that the all Defendant Officers' depositions be continued to another mutually agreeable date. (*See* Doc. No. 79 at 2-3).

4. The parties met and conferred and agreed to reset the Defendant Officers' depositions for the week of February 12-16, 2024. (*See* Doc. No. 79 at 3). Deposition notices were subsequently sent out for the depositions of CHP Officers Rubalcava, Kee and Blackwood for February 14 and 15, 2023, based on State Defendants counsel's representation of their availability. However, while Plaintiffs were attempting to secure dates for County of San Bernardino Sheriff's Deputies defendants, County Defendants' counsel informed Plaintiffs' counsel they would not

-1-
DECLARATION OF HANG D. LE

1  be producing Deputies Vaccari and Adams for deposition due to the then-pending DA
2  Office's investigation. State Defendant counsel then joined County Defendant
3  counsel's position and requested that the CHP Officers' depositions be taken off
4  calendar. Attached here to as "**Exhibit 1**" is a true and correct copy of the email chain
5  regarding the Defendant Officer depositions for February 2024 and Defendants'
6  subsequent refusal to produce their officers for deposition until the DA Office's
7  investigation concluded.
8      5.   In good faith, Plaintiffs agreed to take the depositions off-calendar and to
9  meet and confer with the Defendants on the issue of the officer depositions and
10 whether any formal motion or stipulation was needed, depending on how long the
11 investigation was expected to take. During the meet and confer process, the parties
12 agreed to hold off on any formal motion practice until County Defendants could
13 ascertain additional information regarding the DA Office's investigation and timeline.
14 In the interim, the District Court issued a Scheduling Order in *Botten* II, Plaintiffs
15 filed their Motion for Consolidation of *Puga* and *Botten* II, and the District Court
16 granted consolidation for the purposes of discovery.
17     6.   In May 2024, because the DA Office's investigation had not yet
18 concluded, Defendants still maintained that they could not produce their individual
19 officers for deposition under the investigation concluded. However, County
20 Defendants' counsel advised the parties that they were advised by the DA's Offices
21 that the criminal investigation and review were being finalized and that the decision
22 would be made public around mid-June 2024. In light of this, the parties filed
23 stipulations in *Puga* and *Botten* II to modify the scheduling order and continue all
24 case management dates. (*See L.C.*, Doc. No. 84; *Botten*, Doc. No. 71).
25     7.   The DA Office's investigation did not conclude in mid-June 2024. On
26 September 18, 2024, Plaintiffs' counsel sent a follow-up email inquiring into the
27 status of the DA Office's investigation and the office depositions. County
28 Defendant's counsel informed Plaintiffs' counsel that she had put in an inquiry with

the County and expected to hear back in a week or two. On October 7, 2024, Plaintiffs' counsel discovered that the DA's Office had concluded its investigation and had published a Public Release Memorandum regarding the incident, dated September 12, 2024, on its website. On that same day, Plaintiffs' counsel emailed all parties with this information and requested dates for the Defendant Officers, specifically for the last week of October 2024 because Plaintiffs' lead trial counsel was scheduled to be in trial for approximately two weeks starting on October 16, 2024. County Defendants' counsel replied requesting dates for the depositions of the guardian ad litems in *Puga* and the plaintiffs in *Botten* II. Attached hereto as "**Exhibit 2**" is a true and correct copy of the email chain regarding the DA's Investigation and Defendant Officers' depositions.

8. On October 9, 2024, the depositions of Deputies Adams and Vaccari were scheduled for November 7 and 14, 2024. On October 15, 2024, CHP Officers Blackwood and Rubalcava's depositions were scheduled for November 4, 2024. On October 24, 2024, CHP Officer Kee's deposition was scheduled for November 5, 2024. The depositions proceeded on the days that they were noticed for. Attached hereto as "**Exhibit 3**" is a true and correct copy of the email chain scheduling the Defendant Officers' depositions.

9. On October 18, 2024, County Defendants' counsel sent deposition notices for the guardian ad litems and the adult plaintiff in *Puga* and the four plaintiffs in *Botten*. After the parties met and conferred regarding dates for the plaintiffs and Plaintiffs' counsel's availability, County Defendants' counsel sent amended deposition notices for the eight depositions on October 20, 2024. The eight depositions were scheduled for the first two weeks of December. Attached hereto as "**Exhibit 4**" is a true and correct copy of the October 18, 2024 email with the Notices of Depositions for the Guardians *ad Litems* and Plaintiff Ubaldo in *Puga*. Attached hereto as "**Exhibit 5**" is a true and correct copy of the October 18, 2024 email with the Notices of Depositions for the Botten Plaintiffs. Attached hereto as "**Exhibit 6**" is

-3-
DECLARATION OF HANG D. LE

a true and correct copy of the October 21, 2024 email with the Notices of Depositions for the Guardians *ad Litems* and Plaintiff Ubaldo in *Puga*. Attached hereto as "**Exhibit 7**" is a true and correct copy of the October 21, 2024 email with the Notices of Depositions for the Botten Plaintiffs.

10. On October 31, 2024, County Defendants' counsel sent deposition notices and subpoenas for depositions of four percipient witnesses, scheduled for November 25 and 26, 2024. On November 21, 2024, Plaintiffs' counsel sent out supplemental discovery responses on behalf of the *Puga* Plaintiffs. The next day, on November 22, 2024, County Defendants' counsel inquired whether Plaintiffs intended on calling the minor plaintiffs at trial, and if so, when the parties could meet and confer regarding taking the minor plaintiffs' depositions prior to the January 2, 2024, discovery cut-off. On that same day, State Defendants' counsel indicated that State Defendants intended on taking the depositions of the minor plaintiffs, regardless of whether the minor plaintiffs testified at trial. State Defendants' counsel also proposed an extension of the fact discovery cut-off based on the belief that the contemplated depositions of the minor plaintiffs, the Bottens' medical providers, and the paramedics, could not be completed within the remaining time. State Defendants' counsel proposed meeting and conferring on these issues sometime during the depositions of the percipient witnesses, scheduled for the following week, on November 25 and 26. Attached hereto as "**Exhibit 8**" is a true and correct copy of the email chain regarding the minor plaintiffs' deposition.

11. After the November 26 deposition, the parties met and conferred regarding State Defendants' intent on deposing the minor plaintiffs and proposed extension of the fact discovery deadline. Plaintiffs' counsel indicated that Plaintiffs would not be producing the minor plaintiffs for deposition absent a court order because Plaintiffs believed the depositions would be cumulative and duplicative of their mothers' deposition testimonies and that their mothers were the more convenient and less burdensome source for the information requested. Plaintiffs' counsel further

indicated that they were not agreeable to a fact-discovery extension because they did not believe there was a sufficient need for one.

12. On December 4, 2024, State Defendants served their Notice of Taking of Deposition of Minor Plaintiffs A.L, I.H., and L.C. for December 20, 2024. On December 6, 2024, Plaintiffs served their formal objections to State Defendants' Notice. On December 9, 2024, State Defendants' counsel replied to Plaintiffs' formal objections, disputing Plaintiffs' positions. State Defendants again brought up the subject of continuing the fact discovery deadline, contending that several witnesses were recently identified during recently served discovery and depositions and as discovery continues, more witnesses may be identified that need to be deposed. The parties exchanged correspondence but could not come to an agreement on the matter. Accordingly, on that same day, Plaintiffs' counsel initiated the procedure to request an Informal Pre-Motion Video Conference in front of Magistrate Judge Shashi H. Kewalramani. After receiving Defendants' position statement in the early morning hours of December 10, 2024, Plaintiffs' counsel sent the request seeking a video conference with Magistrate Judge Kewalramani to Magistrate Judge Kewalramani's chambers. Attached hereto as "**Exhibit 9**" is a true and correct copy of the email chain regarding State Defendants' Notice of Taking of Deposition of Minor Plaintiffs and other third-party witnesses.

13. On December 31, 2024, the *Puga* Plaintiffs sent out supplemental discovery responses, producing the three additional videos taken by Betzabeth Gonzalez. Attached hereto as "**Exhibit 10**" is a true and correct copy of the email with *Puga* Plaintiffs' supplemental responses and the Dropbox link to the videos.

14. On December 31, 2024, Plaintiffs' counsel sent correspondence to Defendants identifying the Bottens' then-neighbor Sal (last name unknown) as the person who originally possessed the black and white video that was produced as PLTFS 00345. The correspondence further indicated that the Botten Plaintiffs had previously identified Neighbor Sal in their April 3, 2023 Responses to Interrogatories

as someone with relevant knowledge regarding the facts and circumstances regarding the incident. The Botten Plaintiffs provided Defendants with Neigbor Sal's last known address and phone number in their April 3, 2023 Responses. Attached hereto as "**Exhibit 11**" is a true and correct copy of the December 31, 2024 correspondence regarding the identification of Neighbor Sal as the one originally in possession of PLTFS 00345.

15. Attached hereto as "**Exhibit 12**" is a true and correct copy of the June 23, 2023, Reponses by Plaintiff Antonia Salas Ubaldo to Defendant County of San Bernardino's Interrogatories (Set One).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 31st day of December 2024, in Woodland Hills, California.

_____
Hang D. Le