# Exhibit 9

# Hang Le

| | |
|---|---|
| **From:** | Diana Esquivel <Diana.Esquivel@doj.ca.gov> |
| **Sent:** | Monday, December 9, 2024 2:09 PM |
| **To:** | Hang Le |
| **Cc:** | Shannon Gustafson; Amy R. Margolies; Anita K. Clarke; Gloria Pence; Angelica S. Calderon; Dale Galipo; Santiago Laurel |
| **Subject:** | RE: Puga v. State/Botten v. State - State's Noticed Depositions |
| **Attachments:** | [86] Order Grant MTC Child Depos.pdf |

Hang,

I will provide you with the State Defs' position for the email to the Magistrate Judge later this afternoon. I just wanted to address your position below regarding the parties' agreement to consolidating the cases for discovery. A parties' agreement and stipulation cannot modify an existing Scheduling Order. There's plenty of case law to that effect so I don't need to cite a case for you. At no time did the parties agree or seek to modify the existing Scheduling Orders to limit the number of depositions to 10 for both cases. Nor did Plaintiffs move to modify the existing Scheduling Orders to limit the number of depositions to 5 in each case if the cases were consolidated. More importantly, there was never any agreement among the parties that the number of depositions would be limited to 10 for both cases. To my recollection, limiting the depositions to 10 for both cases if discovery was consolidated was never discussed; you never mentioned it; I certainly did not; and no one ever agreed to that. (Again, if you have an email to contrary, forward to me.) That you may inferred it or intended that to be the case is of no consequence to our stipulation to consolidate discovery. All parties must agree to the terms for there to be a stipulation. Since there was no "meeting of the minds" as to the number of depositions, you cannot add your interpretation to the stipulation after the fact or impose it now. Thus, the Scheduling Order in each case controls, and no such limit exists in either Scheduling Order. It's unfortunate that I will have to burden the District Judge with such a trivial motion when there is no legal or factual support for Plaintiffs' position.

Concerning the Plaintiff-minors' depositions, I'm attaching a copy of the order Magistrate Judge Kewalramani issued in *Hereford* (a case your office is familiar with) concerning the depositions of the minors that I previously mentioned. There, Magistrate Judge Kewalramani granted our motion to compel the depositions of the non-party minors ages 2, 4, 6, and 8 at the time of the incident. Given that the minors sought to be deposed in this case are Plaintiffs, the relevance and materiality of their testimony substantially favors permitting the depositions to go forward. As I stated in my prior emails and the deposition notice, I am agreeable to setting reasonable parameters/limitations for the Plaintiff-minors' depos. You have not proposed any such parameters/limitations; you seek an outright denial of the discovery. Again, it is unfortunate that we have to burden the Magistrate Judge with this discovery issue that will surely be resolved in Defendants' favor given the Magistrate's order in *Hereford*.

Lastly, the additional depositions warranting a continuance of the fact-discovery deadline are not limited to the Botten's medical providers. Several witnesses have been identified during recently served discovery and the depositions taken thus far, including but not limited to "Jessie" the Bottens' oldest son, Yobanna, and the unidentified witness who took the video identified as PLAINTIFF 0241. As depositions are still ongoing, more witnesses are likely to be identified whose depositions may be

1

needed. Therefore, an extension of fact discovery to Feb. 20, when expert discovery closes, is needed. Again, Plaintiffs have not specified how they will be prejudiced by the extension when no other scheduling deadline will be affected by the requested extension.

Thanks,

-Diana

Diana Esquivel
Deputy Attorney General
TORT & CONDEMNATION SECTION
Office of the Attorney General
Tel: (916) 210-7320
Fax: (916) 322-8288
Email: Diana.Esquivel@doj.ca.gov

---

**From:** Hang Le <hlee@galipolaw.com>
**Sent:** Monday, December 9, 2024 1:08 PM
**To:** Diana Esquivel <Diana.Esquivel@doj.ca.gov>
**Cc:** Shannon Gustafson <sgustafson@lynberg.com>; Amy R. Margolies <amargolies@lynberg.com>; Anita K. Clarke <aclarke@lynberg.com>; Gloria Pence <gpence@lynberg.com>; Angelica S. Calderon <acalderon@lynberg.com>; Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>
**Subject:** RE: Puga v. State/Botten v. State - State's Noticed Depositions

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Hi Diana,

I disagree with your position that in consolidating the two cases for discovery, there needed to be a separate agreement regarding the Rule 30 deposition limit. When the cases were consolidated for discovery, all the standard applicable discovery rules came with it, including the 10-deposition limit. Additionally, in our last meet and confer over Microsoft teams prior to my filing the motion to consolidate, both County and State defendants indicated that they did not oppose consolidation for the purposes of discovery—with no conditions or limits. This is why I indicated in my motion that "this Motion is filed following several meetings among the parties, including a video conference meeting that took place on February 6, 2024. Defendants indicated that they do not oppose consolidation for the purposes of discovery but would oppose consolidation for all other purposes" (*Botten*, Doc. No. 62 at ii) and "State Defendants and County Defendants have indicated that they do not oppose consolidation of the two cases for the purposes of discovery but would oppose consolidation for all other case management purposes, including trial" (*Botten*, Doc. No. 62 at 4). This is "the parties' jointly agreed upon consolidation" the Court is referring to in its April 9, 2024 Order (*see Botten*, Doc. No. 69 at 6).

Additionally, as discussed during our prior meet and confer regarding the minor plaintiffs' depositions, we believe the depositions of the minors are unduly burdensome and unreasonably cumulative and duplicative of their guardians' deposition testimonies. We also do not believe the minors have the capacity to testify and that any testimony will not be reliable.

As it appears we have reached an impasse with regards to the 10-deposition limit issue and the minor plaintiffs' depositions, I will be seeking a protective order from the Court. Judge Kewalramani's procedures requires that we engage in an informal pre-motion video conference with Judge Kewalramani prior to filing any discovery motion and that we submit an email with the following:

(1) a neutral statement of the dispute; (2) one sentence describing (not arguing) each parties' position; and (3) at least three proposed dates (Wednesday, Civil Motion hearing dates) mutually agreed by the parties for the video conference. The movant must cc: opposing counsel on the e-mail. His civil motion time is at 10 a.m. If we can agree to take a short break from the 9am deposition this Wednesday, we can perhaps put this Wednesday as one of the potential dates. Otherwise, I am available next Wednesday, 12/18 and subsequently 1/8 (the two Wednesdays after 12/18 are Christmas and New Year's).

Neutral Statement: The parties dispute whether Defendants have exhausted their deposition limit pursuant to Rule 30(a)(2)(A) and whether the minor plaintiffs' depositions would be relevant and not unduly burdensome.

Plaintiffs' position: Since the Court consolidated the *L.C., et al. v. State of California, et al.* and *Botten, et al. v. State of California, et al.* for the purposes of discovery, Defendants will have exceeded the 10-deposition limit under Rule 30 once they complete the previously noticed and agreed-upon depositions on calendar; the minor plaintiffs should not be deposed because it would be unduly burdensome, their testimony would be unreasonably cumulative and duplicative of their guardians' testimony and the written discovery responses, it may cause irreparable harm to the young plaintiffs, and they do not have the capacity to testify under oath and will produce unreliable testimony.

State Defendants' position: [Please fill out]

Proposed dates: 12/11, 12/18, 1/8

With regards to your anticipated Ex Parte Motion to extend the fact-discovery cut-off, as indicated during our previous meet and confer prior to Thanksgiving, we are not agreeable to a fact-discovery deadline extension. If your motion is based on your intention to depose the Botten's medical providers, I believe you can depose them during the expert discovery period as they will be identified as the Botten's non-retained experts.

Best,
Hang


**Hang D. Le, Esq.** | **Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Diana Esquivel <Diana.Esquivel@doj.ca.gov>
**Sent:** Monday, December 9, 2024 11:54 AM
**To:** Hang Le <hlee@galipolaw.com>
**Cc:** Shannon Gustafson <sgustafson@lynberg.com>; Amy R. Margolies <amargolies@lynberg.com>; Anita K. Clarke <aclarke@lynberg.com>; Gloria Pence <gpence@lynberg.com>; Angelica S. Calderon <acalderon@lynberg.com>; Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>
**Subject:** RE: Puga v. State/Botten v. State - State's Noticed Depositions

Good morning Hang,

I disagree with Plaintiffs' position that the 10-deposition limit applies jointly to both cases. I will therefore move forward with the depositions of the minor plaintiffs (the objections on the other grounds are insufficient to prevent the depos from going forward) and the CDCR custodian (assuming a deposition is needed because Rule 45 makes clear that if the documents are produced before the depo date, no deposition is needed), and I will notice the depositions of Puga's sisters for December 19 (since you have not proposed a different date) and subpoena them to compel their depositions.

Your email below cites no authority or agreement that Defendants are limited to 10 depositions for both cases simply because the cases were consolidated for discovery purposes. The cases were consolidated for discovery purposes based on the **parties' stipulation and agreement**, and the Court granted that stipulation while denying Plaintiffs' request to consolidate the cases for all purposes. (*See Botten,* ECF No. 69 at 6 ("For the reasons set forth above, the Court DENIES Plaintiffs' Motion for Consolidation for all purposes. The parties' jointly agreed upon consolidation for purposes of discovery is GRANTED.").) Thus, the parties' agreement-stipulation and prior Scheduling Orders govern the number of depositions available in each case regardless of consolidation. I've reviewed the emails of our meet-and-confer discussions concerning consolidation, and do not see that the State or County Defendants ever agreed to limit the number of depositions if the cases were consolidated. (Counsel for the County Defendants can correct me if I'm wrong.) If you have an email to the contrary, please forward it so I can refresh my recollection.

I've also reviewed the parties' briefing on the consolidation motion filed in *Botten*, and all papers are silent on any agreement or request to limit discovery or have the 10-depo limit apply jointly to both cases if consolidated for discovery purposes. (*Botten*, ECF Nos. 62-64.) Indeed, the County Defendants opposed consolidation, in part, because of the "different relevant discovery" expected in each case. (*Botten*, ECF No. 63 at 5:16.) It cannot be reasonably disputed that certain depositions (such as that of *Puga* Plaintiffs, several of the *Puga* Guardians Ad Litem, and anticipated depositions of the Botten medical providers) are or will be irrelevant to the other case, such that counting all depositions towards a single, joint 10-depo limit is illogical and nonsensical.

Additionally, during the parties' Rule 26(f) conferences and in the subsequently filed joint reports, no party ever agreed or sought to modify the discovery limits or procedures. (*Puga*, ECF No. 49 at 9:24-25 & *Botten*, ECF No. 55 at 11:3-4, both stating "The parties do not anticipate the need to modify the discovery limits and procedures as provided in the Federal Rules of Civil Procedure.") Based on the parties' representations and agreements in the Joint Rule 26(f) Reports, each respective court issued a Scheduling Order that does not alter the 10-deposition limit. (*Puga*, ECF No. 57 at 3:3-16; *Botten*, ECF No. 60: at 3:1-11.) Thus, no party ever contemplated, let alone agreed, to limit the number of depositions even if the cases were consolidated. Again, if you have an email or authority to the contrary, I request that you forward that to me. Otherwise, Plaintiffs' position on the 10-deposition limit is simply wrong and appears to be asserted in bad faith to deny Defendants essential and necessary discovery.

Based on the above, the State Defendants will proceed with their noticed deposition and will continue to notice depositions as the deposition limit in each case has not been exhausted. Any party's failure to appear will result in my taking their non-appearance and filing a motion to compel and seeking sanctions. I am available all day today, tomorrow, and Thursday afternoon to meet and confer about dates which are mutually agreeable to the parties for the noticed depositions and those of Puga's sisters. (I'm happy to set up a video conference sessions via MS Teams for our informal discussion.) Also, we can meet and confer before or after Wednesday's and Friday's depositions. Our informal

discussions should also include an agreement to extend the fact-discovery deadline, as it will not be possible to complete the remaining discovery before the January 2 deadline. If Plaintiffs are not agreeable to continuing the fact-discovery deadline (which will not affect any other scheduling deadline), let this email serve as notice that the State Defendants will move ex parte to have the hearing on a Motion to Modify the Scheduling Order advanced so the motion can be heard before the discovery deadline. Again, I request we meet and confer on this issue.

I look forward to hearing from you on these matters. Thanks.

-Diana

Diana Esquivel
Deputy Attorney General
TORT & CONDEMNATION SECTION
Office of the Attorney General
Tel: (916) 210-7320
Fax: (916) 322-8288
Email: Diana.Esquivel@doj.ca.gov

---

**From:** Hang Le <hlee@galipolaw.com>
**Sent:** Friday, December 6, 2024 3:46 PM
**To:** Diana Esquivel <Diana.Esquivel@doj.ca.gov>
**Cc:** Shannon Gustafson <sgustafson@lynberg.com>; Amy R. Margolies <amargolies@lynberg.com>; Anita K. Clarke <aclarke@lynberg.com>; Gloria Pence <gpence@lynberg.com>; Angelica S. Calderon <acalderon@lynberg.com>; Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>
**Subject:** Puga v. State/Botten v. State - State's Noticed Depositions

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good afternoon Diana,

We are in receipt of State Defendants' Notice of Deposition of minor plaintiffs A.L., I.H., and L.C. for December 20, Subpoena for Deposition to the Custodian of Records for CDCR and your request to take the depositions of decedent's sisters, Gabriela Salas and Nancy Juarez on December 19. Since the cases of *L.C., et al. v. State of California, et al.* and *Botten, et al. v. State of California, et al.* were consolidated for the purposes of discovery, I believe Defendants will have exceeded their 10 deposition limit pursuant to Rule 30 once all the Puga guardians depositions and Botten plaintiffs depositions are taken. Accordingly, Plaintiffs object to State Defendants' Notice of Deposition of minor plaintiffs A.L., I.H., and L.C. for December 20, Subpoena for Deposition to the Custodian of Records for CDCR and your request to take the depositions of decedent's sisters, Gabriela Salas and Nancy Juarez. Pursuant to Rule 30, Defendants must obtain leave of court to exceed the 10 deposition limit under Rule 30. Attached please find the Puga Plaintiffs' formal objections to Defendant State's Notice of Depositions of the minor plaintiffs and Subpoena for Deposition of the CDCR Custodian of Records.

Best,
Hang

**Hang D. Le, Esq.** | **Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 |
Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.