# Exhibit 11



L A W   O F F I C E S   O F

# D A L E   K . G A L I P O

21800 BURBANK BOULEVARD, SUITE 310 | WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 347-3333 | FACSIMILE (818) 347-4118 | dalekgalipo@yahoo.com

December 31, 2024

<u>VIA E-MAIL</u>
Shannon L. Gustafson, Esq.
sgustafson@lynberg.com
Amy R. Margolies, Esq.
amargolies@lynberg.com;
LYNBERG & WATKINS
cc: gpence@lynberg.com; acalderon@lynberg.com

***Attorneys for County Defendants***

Diana Esquivel
E-mail: Diana.Esquivel@doj.ca.gov

***Attorneys for State Defendants***

Re:   *Botten, et al. v. State of California, et al.*
      Case No. 5:23-cv-00257-KK-SHK

Dear Counsel,

In response to your recent inquiry regarding the identity of the person who the disclosed video, Bates Stamped PLTFS 00345, belongs to, Plaintiffs believe the video belongs to their then-neighbor Sal (last name unknown), who lived at 18010 Catalpa St., Hesperia, CA at the time of the incident and whose last contact information was (951) 403 45-32. Plaintiffs previously identified Sal in their April 3, 2023 Responses to Interrogatories (Set One), Response to Interrogatory 13. Please see the attached Responses for reference.

Sincerely,
LAW OFFICES OF DALE K. GALIPO

Hang D. Le

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
Attorney for Plaintiffs

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR., et al., | ) Case No.: 2:16-CV-03039-JCM-NJKx |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **RESPONSES BY PLAINTIFF ANNABELLE** |
| | ) **BOTTEN TO INTERROGATORIES (SET** |
| STATE OF CALIFORNIA, et al., | ) **ONE)** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**PROPOUNDING PARTY**:          Defendant, COUNTY OF SAN BERNARDINO

**RESPONDING PARTY**:          Plaintiff, ANNABELLE BOTTEN

**SET NUMBER**:          One

**TO PROPOUNDING PARTY AND THE ATTORNEY(S) OF RECORD**:

Plaintiff has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation.  All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual

conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Plaintiff accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every interrogatory and are deemed to be incorporated into the specific objection and response provided to each interrogatory:

Each of the following General Objections is incorporated as an objection to each interrogatory herein whether or not specific reference is made thereto:

1.     Plaintiff objects on the grounds that she has not completed her factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as her present analysis of the case. However, information that may be responsive to the Interrogatories may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement her responses as and when additional information is discovered. Additionally, because Plaintiff's responses are based upon information that she recalls and has identified to date, it does not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

2.     Plaintiff objects to the Interrogatories to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

3.     Plaintiff objects to the Interrogatories to the extent that they are over-broad, vague, ambiguous, and unduly burdensome.

4.     Plaintiff objects to the Interrogatories to the extent that they are vague and ambiguous and phrased so as to require Plaintiff to speculate concerning the meaning intended by Defendant.

**RESPONSES BY PLAINTIFF ANNABELLE BOTTEN TO INTERROGATORIES (SET ONE)**

5.     Plaintiff objects to the Interrogatories to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

6.     Inadvertent disclosure of such information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Plaintiff's right to object to the use of such information.

7.     Plaintiff objects to the Interrogatories to the extent that they seek information that infringes upon the privacy rights of Plaintiff or third parties.

8.     Plaintiffs object to the Interrogatories to the extent that they seek information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

Plaintiff's objections to the disclosure of any information requested in the Interrogatories are not and shall not be construed as an admission that any such information exists.

## RESPONSES TO INTERROGATORIES (SET ONE)

**INTERROGATORY 1:**

State every name YOU have used in the past.

**RESPONSE TO INTERROGATORY 1:**

Annabelle Marie Botten.


**INTERROGATORY 2:**

Describe YOUR residential history in the ten (10) years prior to the INCIDENT, by stating the addresses where YOU lived, the dates YOU resided there, and the persons with whom YOU resided.

**RESPONSE TO INTERROGATORY 2:**

Plaintiff has resided at 17994 Catalpa St., Hesperia, California from February 2009 to present. During this time period, Plaintiff resided with and currently still resides with Tanja Botten, Bonathan Botten, Sr., and Jonathan Botten, Jr.

//

**INTERROGATORY 3:**

IDENTIFY each educational institution YOU attended, the address, the year(s) attended, the field of study, any degree(s) obtained, and any disciplinary action(s) taken against YOU by such institutions.

**RESPONSES TO INTERROGATORY 3:**

1. Juniper Elementary (2009-2015), 9400 I Ave, Hesperia, CA 92345 – no disciplinary action.
2. Ranchero Middle School (2015-2017), 17607 Ranchero Rd #7336, Hesperia, CA 92345 – no disciplinary action.
3. Sultana High School (2018-2022), 17311 Sultana St, Hesperia, CA 92345 – high school diploma; no disciplinary action.
4. Victor Valley College (2019-present), 18422 Bear Valley Rd, Victorville, CA 92395 – no disciplinary action.

**INTERROGATORY 4:**

Describe YOUR employment history during the ten (10) years preceding the INCIDENT by stating YOUR employers (including addresses and telephone numbers), the dates of YOUR employment, YOUR position(s) at each place of employment, and YOUR salary for each position.

**RESPONSES TO INTERROGATORY 4:**

Plaintiff does not have an employment history during the 10 years preceding the Incident.

**INTERROGATORY 5:**

IDENTIFY each and every healthcare provider and/or medical professional who consulted with or treated YOU in the ten (10) years prior to the INCIDENT by providing their full name, address, telephone number, and the reason(s) for the consultation or treatment.

**RESPONSES TO INTERROGATORY 5:**

Plaintiff has not consulted with a healthcare provider and/or medical profession in the ten years prior to the Incident. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

1

2 **INTERROGATORY 6:**

3      With regard to any medication YOU are prescribed or have taken in the ten (10) years prior

4 to the INCIDENT, provide the name(s) of the medication, the person who prescribed or furnished

5 each, the cost of the medication, and the date YOU began and stopped taking same.

6 **RESPONSES TO INTERROGATORY 6:**

7      Plaintiff has not been prescribed any medication in the ten years prior to the Incident. As

8 discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

9

10 **INTERROGATORY 7:**

11      IDENTIFY each and every drug or alcohol rehabilitation center attended by YOU in the

12 ten (10) years prior to the INCIDENT.

13 **RESPONSES TO INTERROGATORY 7:**

14      Plaintiff has never attended a drug or alcohol rehabilitation center.

15

16 **INTERROGATORY 8:**

17      Describe in detail YOUR conduct during the twenty-four (24) hour period preceding the

18 INCIDENT.

19 **RESPONSES TO INTERROGATORY 8:**

20      Plaintiff woke up around 8am the day before the Incident and attended her morning classes of

21 AP English and AP Physics. After class, she hung out in her room. While there, she got a wellness call

22 from her high school counselor and had a brief conversation with the counselor. Plaintiff then

23 continued to hang out in her room. Occasionally, Plaintiff would leave her room to do chores or help

24 her little brother with school work. In the evening, Plaintiff had dinner with her family. Plaintiff then

25 went to bed around 10pm. At around 2am, Plaintiff was woken up by her mom. Her mom told her that

26 the police were outside and to get away from the window because she did not want Plaintiff to get hurt.

27 Plaintiff left her room and went to sit on the living room couch. Plaintiff then got up and went to play

28 with her rabbit by her bedroom window, while occasionally observing the police activity outside.

Plaintiff then got up and went to the kitchen and looked through the kitchen window. Plaintiff observed a subject with his hands up.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 9:**

Describe in detail YOUR conduct during the INCIDENT alleged in the operative Complaint.

**RESPONSES TO INTERROGATORY 9:**

While observing what was going on outside, Plaintiff heard shots. She then heard her parents screaming. Plaintiff was in shock. Plaintiff heard her mom screaming and saw her mom's blood squirting on Plaintiff. Plaintiff's mom screamed for her to call 911, which she did. She told the operator that her family had been shot and gave the operator her address. However, the operator kept hanging up due to the loud commotion and chaos. Plaintiff attempted to re-call several times but eventually gave up. Plaintiff then walked outside and observed her dad talking to a police officer while helping her mom. Plaintiff went back inside the house. Inside the house, Plaintiff observed her little brother walk out of the bathroom and say that he had been shot. Plaintiff was scared and thought her entire family was going to die. Plaintiff remained inside the house.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 10:**

IDENTIFY and describe all photographs or videotapes taken of the INCIDENT including any alleged injuries or damages, including the number of photographs/videos which were taken and the IDENTITY of the photographer and person(s) who has or had possession of such photographs.

**RESPONSES TO INTERROGATORY 10:**

Cellphone video of Incident – taken by Jonathan Wayne Botten, Sr. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

//

1 | **INTERROGATORY 11:**

2 | State each and every offense for which YOU have been arrested, including the date(s) of

3 | arrest, arresting agency, case number, and disposition of charges.

4 | **RESPONSES TO INTERROGATORY 11:**

5 | Plaintiff has never been arrested.

6 | **INTERROGATORY 12:**

7 | If YOU were ever convicted of a crime, then for each conviction state the city and state

8 | where YOU were convicted, the date of conviction, offense, and the court and case number.

9 | **RESPONSES TO INTERROGATORY 12:**

10 | Plaintiff has never been convicted of a crime.

11 |

12 | **INTERROGATORY 13:**

13 | IDENTIFY each and every witness to any of the events surrounding this lawsuit, including

14 | witnesses to liability and damages/injuries, IDENTIFYING each such witness by their name,

15 | address, and telephone number and providing a brief summary of their knowledge relevant to this

16 | lawsuit.

17 | **RESPONSES TO INTERROGATORY 13:**

18 | 1. Plaintiff – facts and circumstances surrounding the incident; damages.

19 | 2. Jonathan Wayne Botten, Sr. – c/o Plaintiffs' counsel; facts and circumstances surrounding the

20 | incident; damages.

21 | 3. Tanja Dudek-Botten – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident;

22 | damages.

23 | 4. Jonathan Wayne Botten, Jr. – c/o Plaintiffs' counsel; facts and circumstances surrounding the

24 | incident; damages.

25 | 5. Neighbor Sal (last name unknown) – 18010 Catalpla St., Hesperia, CA; (951) 403-4532; facts

26 | and circumstances surrounding the incident.

27 | 6. Neighbors (names and contact information currently unknown)

28 | 7. Isaiah Kee – c/o State defense counsel; facts and circumstances surrounding the incident.

**RESPONSES BY PLAINTIFF ANNABELLE BOTTEN TO INTERROGATORIES (SET ONE)**

8.  Michael Blackwood – c/o State defense counsel; facts and circumstances surrounding the incident.

9.  Bernardo Rubalcava – c/o State defense counsel; facts and circumstances surrounding the incident.

10. Robert Vaccari – c/o County defense counsel; facts and circumstances surrounding the incident.

11. Jake Adams – c/o County defense counsel; facts and circumstances surrounding the incident.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 14:**

If YOU are seeking damages for lost income or lost earning capacity, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 14:**

Plaintiff is not seeking damages for lost income or lost earning capacity.

**INTERROGATORY 15:**

If YOU are seeking emotional distress damages in this matter, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 15:**

Plaintiff objects to this Interrogatory on the basis that emotional distress damages are difficult to quantify, are not readily amenable to calculation, and is generally considered a fact issue for the jury.

**INTERROGATORY 16:**

If YOU are seeking damages for medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

//

//

**RESPONSES BY PLAINTIFF ANNABELLE BOTTEN TO INTERROGATORIES (SET ONE)**

**RESPONSES TO INTERROGATORY 16:**

Plaintiff is not seeking damages for medical expenses.

**INTERROGATORY 17:**

If YOU are seeking damages for future medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 17:**

Plaintiff is not seeking damages for future medical expenses. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 18:**

If YOU are seeking property damages, state the amount of YOUR claim and explain how YOU calculated this figure.

**RESPONSES TO INTERROGATORY 18:**

Plaintiff is not seeking property damages.

**INTERROGATORY 19:**

If YOU seeking any other damages not already described in interrogatories 14-18, IDENTIFY the type of damages, state the amount of damages, and explain how the figure was calculated.

**RESPONSES TO INTERROGATORY 19:**

Plaintiff is not seeking any other damages. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

//
//
//
//
//

**RESPONSES BY PLAINTIFF ANNABELLE BOTTEN TO INTERROGATORIES (SET ONE)**

1  DATED:  April 3, 2023              THE LAW OFFICES OF DALE K. GALIPO

2

3                                 BY:  _____

4                                      Dale K. Galipo
                                       Hang D. Le
5                                      Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSES BY PLAINTIFF ANNABELLE BOTTEN TO INTERROGATORIES (SET ONE)**

PROOF OF SERVICE
(C.C.P. §§ 1013a and 2015.5)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Karen Slyapich, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action.  My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On April 3, 2023 I served the foregoing document described as **RESPONSES BY PLAINTIFF ANNABELLE BOTTEN TO INTERROGATORIES (SET ONE)**
all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Shannon L. Gustafson<br>Amy Margolies<br>Lynberg & Watkins<br>1100 W. Town & Country Rd., Suite 1450<br>Orange, California 92868<br>Email: sgustafson@lynberg.com;<br>amargolies@lynberg.com<br><br>Attorneys for County of San Bernardino | Diana Esquivel<br>Office of the Attorney General, State of CA<br>1300 I Street, Ste. 125<br>Sacramento, CA 95814<br>Email: Diana.Esquivel@doj.ca.gov<br><br>Attorney for State of California |

METHOD OF SERVICE

☒  (**BY MAIL**)  I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  (**BY PERSONAL SERVICE**) I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐  (**BY FACSIMILE**)  I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

☒   (**BY ELECTRONIC SERVICE**)  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

JURISDICTION

☒  (State)  I declare under penalty of perjury that the above is true and correct.

☐  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Karen Slyapich
Executed on April 3, 2023, at Woodland Hills, California

**RESPONSES BY PLAINTIFF ANNABELLE BOTTEN TO INTERROGATORIES (SET ONE)**

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Hang D. Le, Esq. (Bar No. 293450)
3  hlee@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California  91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118
   Attorney for Plaintiffs
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF SAN BERNARDINO**

10

11  JONATHAN WAYNE BOTTEN, SR., et al.,    )  Case No.: CIVSB2131572
                                           )
12          Plaintiffs,                    )
                                           )  **RESPONSES BY PLAINTIFF JONATHAN**
13      vs.                                )  **WAYNE BOTTEN SR. TO**
                                           )  **INTERROGATORIES (SET ONE)**
14  STATE OF CALIFORNIA, et al.,           )
                                           )
15          Defendants.                    )
                                           )
16  ─────────────────────────────         )

17  **PROPOUNDING PARTY**:        Defendant, COUNTY OF SAN BERNARDINO

18  **RESPONDING PARTY**:         Plaintiff, JONATHAN WAYNE BOTTEN JR.

19  **SET NUMBER**:               One

20  **TO PROPOUNDING PARTY AND THE ATTORNEY(S) OF RECORD**:

21       Plaintiff has not fully completed an investigation of the facts relating to this case, has not fully

22  completed discovery in this action and has not completed trial preparation.  All of the answers contained

23  herein are based only upon such information and documents which are presently available to, and

24  specifically known to this responding party and disclose only those contentions which presently occur

25  to such responding party.

26       It is anticipated that further discovery, independent investigation, legal research and analysis

27  will supply additional facts, add meaning to the known facts, as well as establish entirely new factual

28  conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and

─────────────────────────────────────────────────────────────────────
**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN JR. TO INTERROGATORIES (SET ONE)**

variations from the contentions herein set forth.  The following interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall.  Plaintiff accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned.  The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every interrogatory and are deemed to be incorporated into the specific objection and response provided to each interrogatory:

Each of the following General Objections is incorporated as an objection to each interrogatory herein whether or not specific reference is made thereto:

1.      Plaintiff objects on the grounds that he has not completed his factual investigation.  These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as his present analysis of the case.  However, information that may be responsive to the Interrogatories may not yet have been discovered.  Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement his responses as and when additional information is discovered.  Additionally, because Plaintiff's responses are based upon information that he recalls and has identified to date, it does not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

2.      Plaintiff objects to the Interrogatories to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to the Interrogatories to the extent that they are over-broad, vague, ambiguous, and unduly burdensome.

4.      Plaintiff objects to the Interrogatories to the extent that they are vague and ambiguous and phrased so as to require Plaintiff to speculate concerning the meaning intended by Defendant.

5.      Plaintiff objects to the Interrogatories to the extent that they call for information

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

6. Inadvertent disclosure of such information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Plaintiff's right to object to the use of such information.

7. Plaintiff objects to the Interrogatories to the extent that they seek information that infringes upon the privacy rights of Plaintiff or third parties.

8. Plaintiffs object to the Interrogatories to the extent that they seek information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

Plaintiff's objections to the disclosure of any information requested in the Interrogatories are not and shall not be construed as an admission that any such information exists.

## **RESPONSES TO INTERROGATORIES (SET ONE)**

### **INTERROGATORY 1:**

State every name YOU have used in the past.

### **RESPONSE TO INTERROGATORY 1:**

Jonathan Wayne Botten, Jr.


### **INTERROGATORY 2:**

Describe YOUR residential history in the ten (10) years prior to the INCIDENT, by stating the addresses where YOU lived, the dates YOU resided there, and the persons with whom YOU resided.

### **RESPONSE TO INTERROGATORY 2:**

Plaintiff has resided at 17994 Catalpa St., Hesperia, California from February 2009 to present. During this time period, Plaintiff resided with and currently still resides with Tanja Botten, Annabelle Botten, and Jonathan Botten, Sr.


### **INTERROGATORY 3:**

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

IDENTIFY each educational institution YOU attended, the address, the year(s) attended, the field of study, any degree(s) obtained, and any disciplinary action(s) taken against YOU by such institutions.

**RESPONSES TO INTERROGATORY 3:**

Plaintiff objects to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Plaintiff responds as follows:

1. Krystal School of Science Math and Technology Elementary, 17160 Krystal Dr., Hesperia, CA 92345; (760) 948-3611. No disciplinary actions were ever taken against Plaintiff while he attended this educational institution.

2. Ranchero Middle School, 17607 Ranchero Rd. # 7336, Hesperia, CA 92345; (760) 948-0175. No disciplinary actions were ever taken against Plaintiff while he attended this educational institution.

3. Sultana High School, 17311 Sultana St., Hesperia, CA 92345; (760) 947-6777 (2022-present). No disciplinary actions were ever taken against Plaintiff while he attended this educational institution.

**INTERROGATORY 4:**

Describe YOUR employment history during the ten (10) years preceding the INCIDENT by stating YOUR employers (including addresses and telephone numbers), the dates of YOUR employment, YOUR position(s) at each place of employment, and YOUR salary for each position.

**RESPONSES TO INTERROGATORY 4:**

Plaintiff is currently a high school student and does not have any employment history.

**INTERROGATORY 5:**

IDENTIFY each and every healthcare provider and/or medical professional who consulted with or treated YOU in the ten (10) years prior to the INCIDENT by providing their full name, address, telephone number, and the reason(s) for the consultation or treatment.

1  **RESPONSES TO INTERROGATORY 5:**

2      Plaintiff has not consulted with any healthcare provider or medical professional in the ten years

3  prior to the Incident. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement

4  this response.

5

6  **INTERROGATORY 6:**

7      With regard to any medication YOU are prescribed or have taken in the ten (10) years prior

8  to the INCIDENT, provide the name(s) of the medication, the person who prescribed or furnished

9  each, the cost of the medication, and the date YOU began and stopped taking same.

10 **RESPONSES TO INTERROGATORY 6:**

11     Plaintiff has not been prescribed any medication in the ten years prior to the Incident. As

12 discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

13

14 **INTERROGATORY 7:**

15     IDENTIFY each and every drug or alcohol rehabilitation center attended by YOU in the

16 ten (10) years prior to the INCIDENT.

17 **RESPONSES TO INTERROGATORY 7:**

18     Plaintiff has never attended a drug or alcohol rehabilitation center.

19

20 **INTERROGATORY 8:**

21     Describe in detail YOUR conduct during the twenty-four (24) hour period preceding the

22 INCIDENT.

23 **RESPONSES TO INTERROGATORY 8:**

24     Plaintiff objects to this Interrogatory on the basis that such "describe in detail" interrogatories

25 are overly burdensome. Plaintiff further objects that this Interrogatory is vague as phrased and

26 overbroad. Without waiving the foregoing objections, Plaintiff responds as follows:

27     Plaintiff woke up around 6:00 a.m. on the day prior to the day of the Incident. Plaintiff had

28 breakfast, took a shower and got dressed for school. Plaintiff went to school from 8:00 a.m. to 3:00

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

1    p.m. After school, Plaintiff went home and played on his X-Box until dinnertime. Plaintiff had dinner

2    with his family at around 6:00-7:00 p.m. After dinner, Plaintiff went to lay down on his bed in his

3    bedroom at around 8:00 p.m., and was on his phone until around 9:00 p.m., when he went to sleep. At

4    around 2:00 a.m., Plaintiff was woken up due to flashing lights and helicopter lights outside of his

5    home.

6            As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

7

8    **INTERROGATORY 9:**

9            Describe in detail YOUR conduct during the INCIDENT alleged in the operative

10   Complaint.

11   **RESPONSES TO INTERROGATORY 9:**

12           Plaintiff objects to this Interrogatory on the basis that such "describe in detail" interrogatories

13   are overly burdensome. Plaintiff further objects that this Interrogatory is vague as phrased and

14   overbroad. Without waiving the foregoing objections, Plaintiff responds as follows:

15           Plaintiff woke up from the flashing lights and helicopter sounds outside of his home at around

16   2:00 a.m. He then heard his mother tell him to get up, so he got up, exited his bedroom, and went

17   towards the front door of the house to see what was going on. Plaintiff watched the police activity

18   outside for a few minutes and then went back inside his room. His mom then told Plaintiff to come

19   back to the front door, to which he complied. Plaintiff positioned himself near the front door and

20   observed the police activity outside. At some point while observing the police activity, Plaintiff saw a

21   flashing light. Plaintiff felt his body go warm and did not know what was happening. Plaintiff then

22   went to the bathroom, wherein he lifted up his shirt and saw in the mirror that his entire chest and

23   abdomen was covered in blood. Plaintiff then walked out of the bathroom and hear his dad, outside of

24   the house, yelling that his mother had been shot. Plaintiff then walked outside and informed his dad

25   that he'd been shot too. Plaintiff observed his dad scream at two police officers, who looked at them

26   but walked away. Thereafter, a sheriff's deputy approached and told Plaintiff to sit down and asked

27   that his dad go and get towels to place on Plaintiff's gunshot wounds. Plaintiff sat down on a bench

28   outside of his house with a towel on his chest and was told to put pressure on the area where he was

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

1 shot. At some point, Plaintiff was loaded onto a gurney and into an ambulance and taken to the
2 hospital.

3        As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

4

5 **INTERROGATORY 10:**

6        IDENTIFY and describe all photographs or videotapes taken of the INCIDENT including
7 any alleged injuries or damages, including the number of photographs/videos which were taken
8 and the IDENTITY of the photographer and person(s) who has or had possession of such
9 photographs.

10 **RESPONSES TO INTERROGATORY 10:**

11    1.  Cellphone video of Incident – taken by Jonathan Wayne Botten, Sr.

12    2.  Photographs of Plaintiff while in the hospital – taken by Tanja Dudek-Botten

13    3.  Photograph of Plaintiff's scar – taken by Tanja Dudek-Botten

14 As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

15

16 **INTERROGATORY 11:**

17        State each and every offense for which YOU have been arrested, including the date(s) of
18 arrest, arresting agency, case number, and disposition of charges.

19 **RESPONSES TO INTERROGATORY 11:**

20        Plaintiff has never been arrested.

21

22 **INTERROGATORY 12:**

23        If YOU were ever convicted of a crime, then for each conviction state the city and state
24 where YOU were convicted, the date of conviction, offense, and the court and case number.

25 **RESPONSES TO INTERROGATORY 12:**

26        Plaintiff has never been convicted of a crime.

27 //

28 //

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

**INTERROGATORY 13:**

IDENTIFY each and every witness to any of the events surrounding this lawsuit, including witnesses to liability and damages/injuries, IDENTIFYING each such witness by their name, address, and telephone number and providing a brief summary of their knowledge relevant to this lawsuit.

**RESPONSES TO INTERROGATORY 13:**

1. Plaintiff – facts and circumstances surrounding the incident; damages.
2. Jonathan Wayne Botten, Sr. – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident; damages.
3. Tanja Dudek-Botten – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident; damages.
4. Annabelle Botten – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident; damages.
5. Neighbor Sal (last name unknown) – 18010 Catalpla St., Hesperia, CA; (951) 403-4532; facts and circumstances surrounding the incident.
6. Neighbors (names and contact information currently unknown)
7. Isaiah Kee – c/o State defense counsel; facts and circumstances surrounding the incident.
8. Michael Blackwood – c/o State defense counsel; facts and circumstances surrounding the incident.
9. Bernardo Rubalcava – c/o State defense counsel; facts and circumstances surrounding the incident.
10. Robert Vaccari – c/o County defense counsel; facts and circumstances surrounding the incident.
11. Jake Adams – c/o County defense counsel; facts and circumstances surrounding the incident.
12. Daniel Paul Srikureja, M.D. – Loma Linda University Health, 11234 Anderson St., Loma Linda, CA 92354; injuries, medical treatment, damages.
13. Andrew James Davis, M.D. – Loma Linda University Health, 11234 Anderson St., Loma Linda, CA 92354; injuries, medical treatment, damages.

14. Amanda MacQuoid, M.D. – Loma Linda University Health, 11234 Anderson St., Loma Linda, CA 92354; injuries, medical treatment, damages.

15. Gregory James Jutzy, M.D. – Loma Linda University Health, 11234 Anderson St., Loma Linda, CA 92354; injuries, medical treatment, damages.

16. Katherine Sigrid Burruss, M.D. – Loma Linda University Health, 11234 Anderson St., Loma Linda, CA 92354; injuries, medical treatment, damages.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.


**INTERROGATORY 14:**

If YOU are seeking damages for lost income or lost earning capacity, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 14:**

Plaintiff is not seeking damages for lost of income or loss of earning capacity.


**INTERROGATORY 15:**

If YOU are seeking emotional distress damages in this matter, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 15:**

Plaintiff objects to this Interrogatory on the basis that emotional distress damages are difficult to quantify, are not readily amenable to calculation, and is generally considered a fact issue for the jury.


**INTERROGATORY 16:**

If YOU are seeking damages for medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

//

//

//

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

**RESPONSES TO INTERROGATORY 16:**

Plaintiff is currently seeking approximately $500,000 in damages for medical expenses. This amount was calculated by totaling up all the medical bills Plaintiff has incurred as a result of the Incident. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 17:**

If YOU are seeking damages for future medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 17:**

Plaintiff is currently not seeking damages for future medical expenses. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 18:**

If YOU are seeking property damages, state the amount of YOUR claim and explain how YOU calculated this figure.

**RESPONSES TO INTERROGATORY 18:**

Plaintiff is not seeking property damages.

**INTERROGATORY 19:**

If YOU seeking any other damages not already described in interrogatories 14-18, IDENTIFY the type of damages, state the amount of damages, and explain how the figure was calculated.

**RESPONSES TO INTERROGATORY 19:**

Plaintiff is not seeking any other damages. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

//

//

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

1

2    DATED:  April 3, 2023            THE LAW OFFICES OF DALE K. GALIPO

3

4                              BY:   _____

5                                    Dale K. Galipo
                                     Hang D. Le
6                                    Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

1

**PROOF OF SERVICE**
(C.C.P. §§ 1013a and 2015.5)

2

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

I, Karen Slyapich, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

5

6

On April 3, 2023 I served the foregoing document described as **RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN JR. TO INTERROGATORIES (SET ONE)** all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8

| | |
|---|---|
| Shannon L. Gustafson<br>Amy Margolies<br>Lynberg & Watkins<br>1100 W. Town & Country Rd., Suite 1450<br>Orange, California 92868<br>Email: sgustafson@lynberg.com;<br>amargolies@lynberg.com<br><br>Attorneys for County of San Bernardino | Diana Esquivel<br>Office of the Attorney General, State of CA<br>1300 I Street, Ste. 125<br>Sacramento, CA 95814<br>Email: Diana.Esquivel@doj.ca.gov<br><br>Attorney for State of California |

9

10

11

12

13

14

METHOD OF SERVICE

15

☒ (**BY MAIL**) I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17

18

19

☐ (**BY PERSONAL SERVICE**) I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

20

☐ (**BY FACSIMILE**) I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

21

22

☒ (**BY ELECTRONIC SERVICE**) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

23

24

JURISDICTION

25

☒ (State) I declare under penalty of perjury that the above is true and correct.

26

☐ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

27

28

Karen Slyapich
Executed on April 3, 2023, at Woodland Hills, California

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Hang D. Le, Esq. (Bar No. 293450)
3  hlee@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California 91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118
   Attorney for Plaintiffs
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN BERNARDINO**

10

11  JONATHAN WAYNE BOTTEN, SR., et al.,    ) Case No.: CIVSB2131572
                                           )
12            Plaintiffs,                  )
                                           )  **RESPONSES BY PLAINTIFF JONATHAN**
13       vs.                               )  **WAYNE BOTTEN SR. TO**
                                           )  **INTERROGATORIES (SET ONE)**
14  STATE OF CALIFORNIA, et al.,           )
                                           )
15            Defendants.                  )
                                           )
16  ─────────────────────────────────     )

17  **PROPOUNDING PARTY**:        Defendant, COUNTY OF SAN BERNARDINO

18  **RESPONDING PARTY**:         Plaintiff, JONATHAN WAYNE BOTTEN SR.

19  **SET NUMBER**:               One

20  **TO PROPOUNDING PARTY AND THE ATTORNEY(S) OF RECORD**:

21        Plaintiff has not fully completed an investigation of the facts relating to this case, has not fully

22  completed discovery in this action and has not completed trial preparation. All of the answers contained

23  herein are based only upon such information and documents which are presently available to, and

24  specifically known to this responding party and disclose only those contentions which presently occur

25  to such responding party.

26        It is anticipated that further discovery, independent investigation, legal research and analysis

27  will supply additional facts, add meaning to the known facts, as well as establish entirely new factual

28  conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and

─────────────────────────────────────────────────────────────────────
     **RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

variations from the contentions herein set forth.  The following interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall.  Plaintiff accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned.  The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every interrogatory and are deemed to be incorporated into the specific objection and response provided to each interrogatory:

Each of the following General Objections is incorporated as an objection to each interrogatory herein whether or not specific reference is made thereto:

1.    Plaintiff objects on the grounds that he has not completed his factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as his present analysis of the case.  However, information that may be responsive to the Interrogatories may not yet have been discovered.  Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Plaintiff's responses are based upon information that he recalls and has identified to date, it does not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

2.    Plaintiff objects to the Interrogatories to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to the Interrogatories to the extent that they are over-broad, vague, ambiguous, and unduly burdensome.

4.    Plaintiff objects to the Interrogatories to the extent that they are vague and ambiguous and phrased so as to require Plaintiff to speculate concerning the meaning intended by Defendant.

5.    Plaintiff objects to the Interrogatories to the extent that they call for information

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

6.    Inadvertent disclosure of such information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Plaintiff's right to object to the use of such information.

7.    Plaintiff objects to the Interrogatories to the extent that they seek information that infringes upon the privacy rights of Plaintiff or third parties.

8.    Plaintiffs object to the Interrogatories to the extent that they seek information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

Plaintiff's objections to the disclosure of any information requested in the Interrogatories are not and shall not be construed as an admission that any such information exists.

## **RESPONSES TO INTERROGATORIES (SET ONE)**

**INTERROGATORY 1:**

State every name YOU have used in the past.

**RESPONSE TO INTERROGATORY 1:**

Jonathan Wayne Botten. (1980-2008).

Jonathan Wayne Botten, Sr. (2008-present).

**INTERROGATORY 2:**

Describe YOUR residential history in the ten (10) years prior to the INCIDENT, by stating the addresses where YOU lived, the dates YOU resided there, and the persons with whom YOU resided.

**RESPONSE TO INTERROGATORY 2:**

Plaintiff has resided at 17994 Catalpa St., Hesperia, California from February 2009 to present. During this time period, Plaintiff resided with and currently still resides with Tanja Botten, Annabelle Botten, and Jonathan Botten, Jr.

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

**INTERROGATORY 3:**

IDENTIFY each educational institution YOU attended, the address, the year(s) attended, the field of study, any degree(s) obtained, and any disciplinary action(s) taken against YOU by such institutions.

**RESPONSES TO INTERROGATORY 3:**

Plaintiff objects to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Plaintiff responds as follows:

1. Sultana High School in Hesperia (1994-1998) (high school diploma). Plaintiff was suspended during his freshman year for ditching class.

2. Skyway Trucking (2008)

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 4:**

Describe YOUR employment history during the ten (10) years preceding the INCIDENT by stating YOUR employers (including addresses and telephone numbers), the dates of YOUR employment, YOUR position(s) at each place of employment, and YOUR salary for each position.

**RESPONSES TO INTERROGATORY 4:**

WHAT DOES HE DO? WHAT IS HIS POSITION? WHAT IS THE CO CALLED?

1. Advanced Trucking Service (August 1, 2015-Present) – Truck Driver
   14016 Santa Ana Ave., Fontana, California. (951) 377-7589 for General Manager Jon Boggio.
   Plaintiff is paid a biweekly salary of approximately $2,200.

2. Owner/operator (independent contractor) of a truck (2011-2015) – Cross-country truck driver.
   Plaintiff was paid a biweekly salary of $15,000.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

//

//

//

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

1  **INTERROGATORY 5:**

2       IDENTIFY each and every healthcare provider and/or medical professional who consulted

3  with or treated YOU in the ten (10) years prior to the INCIDENT by providing their full name,

4  address, telephone number, and the reason(s) for the consultation or treatment.

5  **RESPONSES TO INTERROGATORY 5:**

6  David Petersen, M.D. - Gold Coast Orthopedics & Spine, 361 Hospital Rd, Newport Beach, CA 92663

7  Plaintiff was treated by Dr. Peterson from 2014-2015 for injuries caused by a car accident. He had

8  surgery to fuse his neck.

9  As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

10

11  **INTERROGATORY 6:**

12       With regard to any medication YOU are prescribed or have taken in the ten (10) years prior

13  to the INCIDENT, provide the name(s) of the medication, the person who prescribed or furnished

14  each, the cost of the medication, and the date YOU began and stopped taking same.

15  **RESPONSES TO INTERROGATORY 6:**

16       1.  Oxycodone. Prescribed by Dr. David Petersen. Plaintiff took Oxycodone for 1 day in 2015

17           after his neck surgery.

18       2.  Ibuprofen. Prescribed by Dr. David Petersen. Plaintiff took Ibuprofen for 2 weeks in 2015

19           after his neck surgery.

20  As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

21

22  **INTERROGATORY 7:**

23       IDENTIFY each and every drug or alcohol rehabilitation center attended by YOU in the

24  ten (10) years prior to the INCIDENT.

25  **RESPONSES TO INTERROGATORY 7:**

26       Plaintiff has never attended a drug or alcohol rehabilitation center.

27  //

28  //

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

1    **INTERROGATORY 8:**

2         Describe in detail YOUR conduct during the twenty-four (24) hour period preceding the

3    INCIDENT.

4    **RESPONSES TO INTERROGATORY 8:**

5         Plaintiff woke up at around 3:00-4:00 a.m. on the day before the incident. He went to the gas

6    station to get coffee and soda. He then went to work by driving to the truck yard, getting his truck,

7    driving to the truck site, and working. After work, Plaintiff drove home and ate dinner with his family.

8    He talked to his kids about their day. He then took a shower and went to bed around 8:00 p.m. At

9    around 2:30 a.m., he woke up due to the noise and activity outside of his house. His wife told him that

10   there was police outside and they then both got up and looked out the kitchen window. As Plaintiff

11   continued to observe through the kitchen window, his wife got their kids out of bed. Plaintiff took a

12   video of a portion of the incident at around 2:42 a.m. Plaintiff then went to get ready for work. While

13   Plaintiff was in the bathroom, his wife approached him and told him that the driver of the SUV got out

14   of his car. Plaintiff exited the bathroom and went to the front door to observe. While looking through

15   the security door, Plaintiff saw a spark near his face.

16        As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

17

18   **INTERROGATORY 9:**

19        Describe in detail YOUR conduct during the INCIDENT alleged in the operative

20   Complaint.

21   **RESPONSES TO INTERROGATORY 9:**

22        After seeing a spark near his face, Plaintiff found himself on the ground in his living room.

23   Plaintiff then heard his wife say something to the effect of, "They shot me in my face." When he got

24   up and looked at his wife, he observed blood all over her face. Plaintiff then ran outside and yelled that

25   his wife had been shot. He first encountered CHP officers who looked at him and then ignored him. He

26   then saw sheriff's deputies walking towards his fence. He yelled at the deputies and told them to jump

27   his fence to help his wife. The deputies came over to him and Plaintiff brought his wife outside and sat

28   her on their bench outside. One of the deputies told Plaintiff to go get towels. Plaintiff went back

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

inside, got towels, and came back out. He then observed his son exiting the house, holding his life side. His son then said to him something to the effect of, "Hey dad, I think I got shot. I can't breathe." He brought his son to sit on the bench next to his wife. At some point, Plaintiff's wife and son were loaded onto separate ambulances. As Plaintiff was talking to the paramedics, giving them his wife and son's information, a paramedic asked him whether he had been shot. Plaintiff replied that he didn't know. Plaintiff then took off his flannel and saw for the first time that he had blood all over his arms. The paramedics then cut his shirt off and called for another ambulance. While he was waiting, Plaintiff smoked a cigarette and walked over to a neighbor, telling the neighbor that he had been shot. When the third ambulance pulled up, the personnel initially approached the subject on the ground who had been shot by the officers. However, one officer told them something to the effect of, "No, not him. He's dead. We've got someone over her," indicating towards Plaintiff. After Plaintiff had been loaded onto the ambulance, a CHP Officer whom Plaintiff believed was named "Muntz" approached Plaintiff and said something to the effect of, "Hey, I just wanted to let you know the suspect shot first." Plaintiff replied something to the effect of, "I didn't see him with a gun." Muntz then slammed Plaintiff's ambulance door shut.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 10:**

IDENTIFY and describe all photographs or videotapes taken of the INCIDENT including any alleged injuries or damages, including the number of photographs/videos which were taken and the IDENTITY of the photographer and person(s) who has or had possession of such photographs.

**RESPONSES TO INTERROGATORY 10:**

1. Video of incident – taken by Plaintiff

2. Photographs of Plaintiff's injuries – taken by Plaintiff or Tanja Dudek-Botten

3. Photographs of damage to house – taken by Plaintiff

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

**INTERROGATORY 11:**

State each and every offense for which YOU have been arrested, including the date(s) of arrest, arresting agency, case number, and disposition of charges.

**RESPONSES TO INTERROGATORY 11:**

Plaintiff objects to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Plaintiff responds as follows:

1. Domestic Violence (July or August of 2006) – No charges. After diligent search and reasonable inquiry, Plaintiff is unable to locate information regarding arresting agency and case number at this time.

2. Domestic Violence (September 2006) – Plaintiff pled no contest and received summary probation for 1 year. After diligent search and reasonable inquiry, Plaintiff is unable to locate information regarding arresting agency and case number at this time.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 12:**

If YOU were ever convicted of a crime, then for each conviction state the city and state where YOU were convicted, the date of conviction, offense, and the court and case number.

**RESPONSES TO INTERROGATORY 12:**

Plaintiff was convicted of "Inflicting Corporal Punishment on a Spouse without Injury" in 2006 in San Bernardino Superior Court. After diligent search and reasonable inquiry, Plaintiff is unable to locate information the case number and exact date of conviction at this time.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 13:**

IDENTIFY each and every witness to any of the events surrounding this lawsuit, including witnesses to liability and damages/injuries, IDENTIFYING each such witness by their name, address, and telephone number and providing a brief summary of their knowledge relevant to this

1   lawsuit.

2   **RESPONSES TO INTERROGATORY 13:**

3     1.  Plaintiff – facts and circumstances surrounding the incident; damages.

4     2.  Jonathan Wayne Botten, Jr. – c/o Plaintiffs' counsel; facts and circumstances surrounding the
5        incident; damages.

6     3.  Tanja Dudek-Botten – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident;
7        damages.

8     4.  Annabelle Botten – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident;
9        damages.

10     5.  Neighbor Sal (last name unknown) – 18010 Catalpla St., Hesperia, CA; (951) 403-4532; facts
11        and circumstances surrounding the incident.

12     6.  Neighbors (names and contact information currently unknown)

13     7.  Isaiah Kee – c/o State defense counsel; facts and circumstances surrounding the incident.

14     8.  Michael Blackwood – c/o State defense counsel; facts and circumstances surrounding the
15        incident.

16     9.  Bernardo Rubalcava – c/o State defense counsel; facts and circumstances surrounding the
17        incident.

18     10. Robert Vaccari – c/o County defense counsel; facts and circumstances surrounding the
19        incident.

20     11. Jake Adams – c/o County defense counsel; facts and circumstances surrounding the incident.

21   As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

22

23   **INTERROGATORY 14:**

24     If YOU are seeking damages for lost income or lost earning capacity, state the amount of

25   YOUR claim and explain how that amount was calculated.

26   //

27   //

28   //

  **RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

**RESPONSES TO INTERROGATORY 14:**

Plaintiff estimates that he lost approximately $4,300 in lost income due to missing work for 1 month after the incident. This is calculated based on his biweekly salary of approximately $2,100-$2,200.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 15:**

If YOU are seeking emotional distress damages in this matter, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 15:**

Plaintiff objects to this Interrogatory on the basis that emotional distress damages are difficult to quantify, are not readily amenable to calculation, and is generally considered a fact issue for the jury.

**INTERROGATORY 16:**

If YOU are seeking damages for medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 16:**

Based on the current information Plaintiff has, Plaintiff currently has medical expenses totaling approximately $1,500. This is calculated based on the liens issued on behalf of Desert Valley Medical Group. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 17:**

If YOU are seeking damages for future medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 17:**

Plaintiff estimates that he will incur approximately $5,000-$10,000 in additional medical expenses. This is calculated based on his current problems with his right arm and estimate of the

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

1  physical therapy needed to help rehabilitate his arm. As discovery is ongoing, Plaintiff reserves the
2  right to amend and/or supplement this response.
3
4  **INTERROGATORY 18:**
5       If YOU are seeking property damages, state the amount of YOUR claim and explain how
6  YOU calculated this figure.
7  **RESPONSES TO INTERROGATORY 18:**
8       Plaintiff is not seeking property damages.
9  As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.
10 **INTERROGATORY 19:**
11      If YOU seeking any other damages not already described in interrogatories 14-18,
12 IDENTIFY the type of damages, state the amount of damages, and explain how the figure was
13 calculated.
14 **RESPONSES TO INTERROGATORY 19:**
15      Plaintiff seeks compensatory damages of approximately $700. This is calculated based on the
16 amount of gas Plaintiff had to expend driving from Hesperia to Loma Linda to be with his son during
17 his son's stay at the hospital and the hotel bill incurred while Plaintiff stay near his son's hospital. As
18 discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.
19
20
21 DATED:  April 3, 2023          THE LAW OFFICES OF DALE K. GALIPO
22
23                         BY:  _____
24                              Dale K. Galipo
                               Hang D. Le
25                              Attorneys for Plaintiffs
26
27
28

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

PROOF OF SERVICE
(C.C.P. §§ 1013a and 2015.5)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I, Karen Slyapich, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On April 3, 2023 I served the foregoing document described as **RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**
all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Shannon L. Gustafson<br>Amy Margolies<br>Lynberg & Watkins<br>1100 W. Town & Country Rd., Suite 1450<br>Orange, California 92868<br>Email: sgustafson@lynberg.com;<br>amargolies@lynberg.com<br><br>Attorneys for County of San Bernardino | Diana Esquivel<br>Office of the Attorney General, State of CA<br>1300 I Street, Ste. 125<br>Sacramento, CA 95814<br>Email: Diana.Esquivel@doj.ca.gov<br><br>Attorney for State of California |

METHOD OF SERVICE

☒  (**BY MAIL**) I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  (**BY PERSONAL SERVICE**) I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐  (**BY FACSIMILE**) I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

☒  (**BY ELECTRONIC SERVICE**) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

JURISDICTION

☒  (State) I declare under penalty of perjury that the above is true and correct.

☐  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Karen Slyapich
Executed on April 3, 2023, at Woodland Hills, California

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Hang D. Le, Esq. (Bar No. 293450)
3  hlee@galipolaw.com
4  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California  91367
5  Telephone: (818) 347-3333
   Facsimile: (818) 347-4118
6  Attorney for Plaintiffs

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF SAN BERNARDINO**

11

   JONATHAN WAYNE BOTTEN, SR., et al.,    )  Case No.: CIVSB2131572
12                                          )
              Plaintiffs,                   )  **RESPONSES BY PLAINTIFF TANJA**
13                                          )  **DUDEK-BOTTEN TO**
         vs.                                )  **INTERROGATORIES (SET ONE)**
14                                          )
   STATE OF CALIFORNIA, et al.,             )
15                                          )
              Defendants.                   )
16  _____ )
                                            )
17

18  **PROPOUNDING PARTY**:        Defendant, COUNTY OF SAN BERNARDINO

19  **RESPONDING PARTY**:         Plaintiff, TANJA DUDEK-BOTTEN

20  **SET NUMBER**:               One

21  **TO PROPOUNDING PARTY AND THE ATTORNEY(S) OF RECORD**:

22          Plaintiff has not fully completed an investigation of the facts relating to this case, has not fully

23  completed discovery in this action and has not completed trial preparation.  All of the answers

24  contained herein are based only upon such information and documents which are presently available

25  to, and specifically known to this responding party and disclose only those contentions which presently

26  occur to such responding party.

27          It is anticipated that further discovery, independent investigation, legal research and analysis

28  will supply additional facts, add meaning to the known facts, as well as establish entirely new factual

_____
       **RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

1  conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and
2  variations from the contentions herein set forth.  The following interrogatory responses are given
3  without prejudice to responding party's right to produce evidence of any subsequently discovered fact
4  or facts which this responding party may later recall.  Plaintiff accordingly reserves the right to change
5  any and all answers herein as additional facts are ascertained, analyses are made, legal research is
6  completed, and contentions are fashioned.  The answers contained herein are made in a good faith
7  effort to supply as much factual information and as much specification of legal contentions as is
8  presently known by this responding party and should in no way be construed so as to preclude, or
9  foreclose further discovery, research or analysis by said party.

10      The following general objections are made to each and every interrogatory and are deemed to
11  be incorporated into the specific objection and response provided to each interrogatory:

12      Each of the following General Objections is incorporated as an objection to each interrogatory
13  herein whether or not specific reference is made thereto:

14      1.    Plaintiff objects on the grounds that she has not completed her factual investigation.
15  These responses are made in good faith and after diligent inquiry into the facts and information now
16  known to Plaintiff as well as her present analysis of the case.  However, information that may be
17  responsive to the Interrogatories may not yet have been discovered.  Accordingly, without asserting an
18  obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to
19  amend and/or supplement her responses as and when additional information is discovered.
20  Additionally, because Plaintiff's responses are based upon information that she recalls and has
21  identified to date, it does not preclude Plaintiff from relying on facts or documents recalled, discovered
22  or generated pursuant to subsequent investigation and discovery.

23      2.    Plaintiff objects to the Interrogatories to the extent that they seek irrelevant information
24  and information that is not reasonably calculated to lead to the discovery of admissible evidence.

25      3.    Plaintiff objects to the Interrogatories to the extent that they are over-broad, vague,
26  ambiguous, and unduly burdensome.

27      4.    Plaintiff objects to the Interrogatories to the extent that they are vague and ambiguous
28  and phrased so as to require Plaintiff to speculate concerning the meaning intended by Defendant.

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

5.    Plaintiff objects to the Interrogatories to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

6.    Inadvertent disclosure of such information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Plaintiff's right to object to the use of such information.

7.    Plaintiff objects to the Interrogatories to the extent that they seek information that infringes upon the privacy rights of Plaintiff or third parties.

8.    Plaintiffs object to the Interrogatories to the extent that they seek information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

Plaintiff's objections to the disclosure of any information requested in the Interrogatories are not and shall not be construed as an admission that any such information exists.

## RESPONSES TO INTERROGATORIES (SET ONE)

**INTERROGATORY 1:**

State every name YOU have used in the past.

**RESPONSE TO INTERROGATORY 1:**

Tanja Dudek (1977-2003).

Tanja Dudek-Botten (2003-present).


**INTERROGATORY 2:**

Describe YOUR residential history in the ten (10) years prior to the INCIDENT, by stating the addresses where YOU lived, the dates YOU resided there, and the persons with whom YOU resided.

**RESPONSE TO INTERROGATORY 2:**

Plaintiff has resided at 17994 Catalpa St., Hesperia, California from February 2009 to present. During this time period, Plaintiff resided with and currently still resides with Jonathan Botten, Jr., Annabelle Botten, and Jonathan Botten, Sr.

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

**INTERROGATORY 3:**

IDENTIFY each educational institution YOU attended, the address, the year(s) attended, the field of study, any degree(s) obtained, and any disciplinary action(s) taken against YOU by such institutions.

**RESPONSES TO INTERROGATORY 3:**

1. Hesperia High School (1994-1995), 9898 Maple Ave, Hesperia, CA 92345 – no disciplinary action.

2. Apple Valley High School (1996-1997), 11837 Navajo Rd, Apple Valley, CA 92308 – no disciplinary action.

3. Options for Youth (1998), 11975 Hesperia Rd, Hesperia, CA 92345 – high school diploma; no disciplinary action.

4. Victor Valley College (1997-1998), 18422 Bear Valley Rd, Victorville, CA 92395 – no disciplinary action.

5. GNC University (1997-1998) – management degree; no disciplinary action.

**INTERROGATORY 4:**

Describe YOUR employment history during the ten (10) years preceding the INCIDENT by stating YOUR employers (including addresses and telephone numbers), the dates of YOUR employment, YOUR position(s) at each place of employment, and YOUR salary for each position.

**RESPONSES TO INTERROGATORY 4:**

AT&T (2010-2012) – Located on 7th Street in Victorville (store has been shut down); sales associate. Plaintiff made approximately $2000 per month.

**INTERROGATORY 5:**

IDENTIFY each and every healthcare provider and/or medical professional who consulted with or treated YOU in the ten (10) years prior to the INCIDENT by providing their full name, address, telephone number, and the reason(s) for the consultation or treatment.

//

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

**RESPONSES TO INTERROGATORY 5:**

1. Dr. Vijay Arora, 16167 Siskiyou Rd # A, Apple Valley, CA 92307 – primary care doctor; delivered both of Plaintiff's kids.

2. Dr. Sonia Panjwani, 12760 Hesperia Rd STE B, Victorville, CA 92395 – general practitioner – removed a lump on Plaintiff's neck in 2013.

3. Dr. David Petersen, Gold Coast Orthopedics & Spine, 361 Hospital Rd, Newport Beach, CA 92663 – treatment for back injuries after a car accident.

**INTERROGATORY 6:**

With regard to any medication YOU are prescribed or have taken in the ten (10) years prior to the INCIDENT, provide the name(s) of the medication, the person who prescribed or furnished each, the cost of the medication, and the date YOU began and stopped taking same.

**RESPONSES TO INTERROGATORY 6:**

1. Tylenol with Codeine (2013), prescribed by Dr. Sonia Panjwani. Taken for 2-3 days.

2. Tylenol with Codeine (2015), prescribed by Dr. David Petersen. Taken for 2-3 days.

3. Norco (2013) – prescribed by Dr. Sonia Panjwani. Plaintiff did not take the medication.

**INTERROGATORY 7:**

IDENTIFY each and every drug or alcohol rehabilitation center attended by YOU in the ten (10) years prior to the INCIDENT.

**RESPONSES TO INTERROGATORY 7:**

Plaintiff has never attended a drug or alcohol rehabilitation center.

**INTERROGATORY 8:**

Describe in detail YOUR conduct during the twenty-four (24) hour period preceding the INCIDENT.

**RESPONSES TO INTERROGATORY 8:**

Plaintiff has a hard time recalling many details during the twenty-four hour period preceding the incident. Plaintiff recalls that she took the kids to school and picked them back up. Plaintiff also

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

went Oro Grande to help take care of her mom. In the evening, Plaintiff had dinner with the family. She then placed the dishes in the sink, took a shower, and then watched TV with her husband. Plaintiff went to sleep at around 8pm. She was subsequently woken up by the sound of a helicopter outside of her home. She then tried to wake her husband up. All of sudden there were lights flashing through their blinds everywhere. Their dogs were barking as she told her husband what was going on. Plaintiff then got out of bed and noticed that there were police surrounding their house. Plaintiff was running back and forth from the window to her husband to tell her husband what she observed. She then went to get her kids out of bed and brought them all by the front door because she believed that was the safest part of the house. Plaintiff's entire family watched through kitchen window and front door window, observing the incident.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 9:**

Describe in detail YOUR conduct during the INCIDENT alleged in the operative Complaint.

**RESPONSES TO INTERROGATORY 9:**

Plaintiff heard officers yelling the name "Hector." She then went to go make herself some coffee and turned on her Keurig. She then went into bedroom to change into sweatpants before coming back out into the living room. By then, her daughter had gone back to her bedroom and her son had gone back to his bedroom to play with his X-Box. As Plaintiff took a couple sips of coffee, she saw the driver getting out of white SUV. Plaintiff told her husband that he was getting out of car. As the family watched, she saw sparks in her face coming through screen door. Plaintiff was trying to push husband away from screen door when she saw the sparks. Plaintiff then fell backwards and hit the hallway wall. Plaintiff's husband then went to get help. While outside, Plaintiff's son came out and told her that he had been shot as well. Plaintiff freaked out at the news because her son had a heart murmur and she was worried about him. While she was screaming all this, her mouth was full of blood and metal. Plaintiff also had difficulty breathing due to blood in her mouth and inside her throat. At some point, Plaintiff was loaded onto an ambulance and driven away from her house.

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 10:**

IDENTIFY and describe all photographs or videotapes taken of the INCIDENT including any alleged injuries or damages, including the number of photographs/videos which were taken and the IDENTITY of the photographer and person(s) who has or had possession of such photographs.

**RESPONSES TO INTERROGATORY 10:**

1. Cellphone video of Incident – taken by Jonathan Wayne Botten, Sr.
2. Photographs of Plaintiff's injuries – taken by Plaintiff and/or Jonathan Wayne Botten, Sr.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 11:**

State each and every offense for which YOU have been arrested, including the date(s) of arrest, arresting agency, case number, and disposition of charges.

**RESPONSES TO INTERROGATORY 11:**

Plaintiff has never been arrested.

**INTERROGATORY 12:**

If YOU were ever convicted of a crime, then for each conviction state the city and state where YOU were convicted, the date of conviction, offense, and the court and case number.

**RESPONSES TO INTERROGATORY 12:**

Plaintiff has never been convicted of a crime.

**INTERROGATORY 13:**

IDENTIFY each and every witness to any of the events surrounding this lawsuit, including witnesses to liability and damages/injuries, IDENTIFYING each such witness by their name, address, and telephone number and providing a brief summary of their knowledge relevant to this

1  lawsuit.

2  **RESPONSES TO INTERROGATORY 13:**

3     1.  Plaintiff – facts and circumstances surrounding the incident; damages.

4     2.  Jonathan Wayne Botten, Sr. – c/o Plaintiffs' counsel; facts and circumstances surrounding the

5       incident; damages.

6     3.  Jonathan Wayne Botten, Jr. – c/o Plaintiffs' counsel; facts and circumstances surrounding the

7       incident; damages.

8     4.  Annabelle Botten – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident;

9       damages.

10    5.  Neighbor Sal (last name unknown) – 18010 Catalpa St., Hesperia, CA; (951) 403-4532; facts

11      and circumstances surrounding the incident.

12    6.  Neighbors (names and contact information currently unknown)

13    7.  Isaiah Kee – c/o State defense counsel; facts and circumstances surrounding the incident.

14    8.  Michael Blackwood – c/o State defense counsel; facts and circumstances surrounding the

15      incident.

16    9.  Bernardo Rubalcava – c/o State defense counsel; facts and circumstances surrounding the

17      incident.

18    10. Robert Vaccari – c/o County defense counsel; facts and circumstances surrounding the

19      incident.

20    11. Jake Adams – c/o County defense counsel; facts and circumstances surrounding the incident.

21    12. Joseph Edward Fargusson, M.D. – Loma Linda University Health, 11234 Anderson St., Loma

22      Linda, CA 92345; injuries, medical treatment, damages.

23    13. Jon Boyd Roper, M.D. – Loma Linda University Health, 11234 Anderson St., Loma Linda, CA

24      92345; injuries, medical treatment, damages.

25    14. Heather Marie Tassone, D.O. – Loma Linda University Health, 11234 Anderson St., Loma

26      Linda, CA 92345; injuries, medical treatment, damages.

27    15. Shannon Kiang, M.D. – Loma Linda University Health, 11234 Anderson St., Loma Linda, CA

28      92345; injuries, medical treatment, damages.

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

16. Bailey Ann Wentworth, M.D. – Loma Linda University Health, 11234 Anderson St., Loma Linda, CA 92345; injuries, medical treatment, damages.

17. Nicole Depolo, M.D. – Loma Linda University Health, 11234 Anderson St., Loma Linda, CA 92345; injuries, medical treatment, damages.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 14:**

If YOU are seeking damages for lost income or lost earning capacity, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 14:**

Plaintiff is not seeking damages for lost income or lost earning capacity.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 15:**

If YOU are seeking emotional distress damages in this matter, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 15:**

Plaintiff objects to this Interrogatory on the basis that emotional distress damages are difficult to quantify, are not readily amenable to calculation, and is generally considered a fact issue for the jury.

**INTERROGATORY 16:**

If YOU are seeking damages for medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 16:**

Based on the current information available to Plaintiff, Plaintiff seeks approximately $100,000 in damages for medical expenses. This amount was calculated based on the medical bills currently available to Plaintiff. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

1

2  **INTERROGATORY 17:**

3       If YOU are seeking damages for future medical expenses as a result of the INCIDENT,

4  state the amount of YOUR claim and explain how that amount was calculated.

5  **RESPONSES TO INTERROGATORY 17:**

6       Plaintiff seeks in excess of $1 million in future medical expenses. Plaintiff currently cannot see

7  well out of her left eye and has a hard time hearing out of her left ear. Additionally, there is still a big

8  piece of metal in her rotary cuff. Plaintiff anticipates that further treatment and/or accommodations for

9  her ongoing injuries will exceed $1 million. As discovery is ongoing, Plaintiff reserves the right to

10  amend and/or supplement this response.

11

12  **INTERROGATORY 18:**

13       If YOU are seeking property damages, state the amount of YOUR claim and explain how

14  YOU calculated this figure.

15  **RESPONSES TO INTERROGATORY 18:**

16       Plaintiff is not seeking property damages. As discovery is ongoing, Plaintiff reserves the right

17  to amend and/or supplement this response.

18

19  **INTERROGATORY 19:**

20       If YOU seeking any other damages not already described in interrogatories 14-18,

21  IDENTIFY the type of damages, state the amount of damages, and explain how the figure was

22  calculated.

23  **RESPONSES TO INTERROGATORY 19:**

24     Plaintiff is not seeking any other damages art this time. As discovery is ongoing, Plaintiff reserves

25  the right to amend and/or supplement this response.

26  //

27  //

28  //

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

1

2   DATED:  April 3, 2023               THE LAW OFFICES OF DALE K. GALIPO

3

4                                       BY:     _____/s/ Hang D. Le_____
                                                Dale K. Galipo
5                                               Hang D. Le
                                                Attorneys for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

1

2

PROOF OF SERVICE
(C.C.P. §§ 1013a and 2015.5)

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5

I, Karen Slyapich, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

6

On April 3, 2023 I served the foregoing document described as **RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**

7

all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8

9

10

11

12

| | |
|---|---|
| Shannon L. Gustafson<br>Amy Margolies<br>Lynberg & Watkins<br>1100 W. Town & Country Rd., Suite 1450<br>Orange, California 92868<br>Email: sgustafson@lynberg.com;<br>amargolies@lynberg.com<br><br>Attorneys for County of San Bernardino | Diana Esquivel<br>Office of the Attorney General, State of CA<br>1300 I Street, Ste. 125<br>Sacramento, CA 95814<br>Email: Diana.Esquivel@doj.ca.gov<br><br>Attorney for State of California |

13

14

METHOD OF SERVICE

15

☒  (**BY MAIL**)  I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17

18

19

☐  (**BY PERSONAL SERVICE**) I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

20

21

☐  (**BY FACSIMILE**)  I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

22

23

☒   (**BY ELECTRONIC SERVICE**)  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

24

JURISDICTION

25

☒  (State)  I declare under penalty of perjury that the above is true and correct.

26

☐  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

27

28

Karen Slyapich

Executed on April 3, 2023, at Woodland Hills, California

**RESPONSES BY PLAINTIFF TANJA DUDEK-BOTTEN TO INTERROGATORIES (SET ONE)**
