# Exhibit 12

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.C., a minor, et al., ) | Case No.: 5:22-cv-00949-JGB-(KK) |
| Plaintiffs ) | |
| vs. ) | **RESPONSES BY PLAINTIFF ANTONIA SALAS UBALDO TO DEFENDANT COUNTY OF SAN BERNARDINO'S INTERROGATORIES (SET ONE)** |
| STATE OF CALIFORNIA, et al,, ) | |
| Defendants. ) | |

**PROPOUNDING PARTY**:   Defendant, County of San Bernardino

**RESPONDING PARTY**:   Plaintiff, Antonia Salas Ubaldo

**SET NUMBER**:   One (1)

**TO PROPOUNDING PARTY AND THE ATTORNEY(S) OF RECORD**:

Plaintiff has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this responding

**RESPONSES BY PLAINTIFF SALAS TO DEFENDANT COUNTY'S INTERROGATORIES (SET ONE)**

party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Plaintiff accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every interrogatory and are deemed to be incorporated into the specific objection and response provided to each interrogatory:

Each of the following General Objections is incorporated as an objection to each interrogatory herein whether or not specific reference is made thereto:

1. Plaintiff objects on the grounds that Plaintiff has not completed the factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as the present analysis of the case. However, information that may be responsive to the Interrogatories may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement these responses as and when additional information is discovered.

**RESPONSES BY PLAINTIFF SALAS TO DEFENDANT COUNTY'S INTERROGATORIES (SET TWO)**

Additionally, because Plaintiff's responses are based upon information that Plaintiff recalls and has identified to date, it does not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

2. Plaintiff objects to the Interrogatories to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the Interrogatories to the extent that they are over-broad, vague, ambiguous, and unduly burdensome.

4. Plaintiff objects to the Interrogatories to the extent that they are vague and ambiguous and phrased so as to require Plaintiff to speculate concerning the meaning intended by Defendant.

5. Plaintiff objects to the Interrogatories to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

6. Inadvertent disclosure of such information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Plaintiff's right to object to the use of such information.

7. Plaintiff objects to the Interrogatories to the extent that they seek information that infringes upon the privacy rights of Plaintiff or third parties.

8. Plaintiffs object to the Interrogatories to the extent that they seek information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

9. Plaintiff's objections to the disclosure of any information requested in the Interrogatories are not and shall not be construed as an admission that any such information exists.

**RESPONSES BY PLAINTIFF SALAS TO DEFENDANT COUNTY'S INTERROGATORIES (SET TWO)**

# RESPONSES TO INTERROGATORIES (SET ONE)

**INTERROGATORY 1:**

State YOUR full name and date of birth, including all names YOU have used in the past.

**RESPONSE TO INTERROGATORY 1:**

Antonia Salas Ubaldo; DOB: June 13, 1963.

**INTERROGATORY 2:**

Describe YOUR residential history during the past five (5) years by stating YOUR addresses in reverse chronological order, the dates YOU resided there, and the persons with whom YOU resided.

**RESPONSE TO INTERROGATORY 2:**

8609 Cedar Street, Bellflower, CA 90706 (2016-present).

**INTERROGATORY 3:**

IDENTIFY each educational institution YOU have attended, the address, the year(s) attended, the field of study, and any degree(s) obtained.

**RESPONSES TO INTERROGATORY 3:**

Plaintiff was born in Mexico and only attended up to 6th grade After diligent search and reasonable inquiry, Plaintiff is unable to locate or recall the name of the school Plaintiff attended. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 4:**

Describe YOUR employment history during the past five (5) years by including YOUR employers (including addresses and telephone numbers), YOUR position(s) at each place of employment, and YOUR salary for each position.

**RESPONSES BY PLAINTIFF SALAS TO DEFENDANT COUNTY'S INTERROGATORIES (SET TWO)**

**RESPONSES TO INTERROGATORY 4:**

Plaintiff has not worked for the past 5 years.

**INTERROGATORY 5:**

IDENTIFY each and every health care provider and/or medical professional who YOU consulted with or treated with as a result of the INCIDENT that gave rise to this lawsuit by providing their full name, address, telephone number, and the reason(s) for the consultation or treatment.

**RESPONSES TO INTERROGATORY 5:**

After Decedent's death, Plaintiff went to see Dr. George Jayatilaka 1045 Atlantic Avenue, Long Beach, CA; (562) 597-8885, because she was feeling depressed. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 6:**

With regard to any medication YOU were prescribed/or have taken as a result of any injuries you attribute to the INCIDENT that gave rise to this lawsuit, provide the name of the medication, the person who prescribed or furnished each, the cost of the medication, and the date YOU began and stopped taking each such medication.

**RESPONSES TO INTERROGATORY 6:**

When Plaintiff went to see Dr. George Jayatilaka after Decedent's death, Dr. Jayatilaka prescribed her medication, which she did not take. After diligent search and reasonable inquiry, Plaintiff is unable to locate or recall the name of the medication. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 7:**

List all mental, emotional, and physical conditions YOU had in the last ten (10) years including the time frames relative to each.

**RESPONSES TO INTERROGATORY 7:**

1. Diabetes (2004-present).
2. High blood pressure (2018-present).
3. High cholesterol (2013-present).
4. Back pain (most of her life).

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 8:**

If YOU are seeking emotional distress damages in this matter, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 8:**

Plaintiff seeks in excess of $2 million for emotional distress damages. Plaintiff went into a depression after the loss of her son. Plaintiff cried all the time and became numb to the world around her. For Plaintiff, it gets harder and harder as time goes on. Plaintiff was initially in denial and disbelief when she found out that Decedent had died. It was only a year later when the weight of the loss of her and the realization that she could never see him again really hit her. Plaintiff no longer enjoys the activities and interests she used to enjoy before her son's pass. Plaintiff now wakes up at 3:00 a.m. to pray and has devoted most of her time to attending church and prayer. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**RESPONSES BY PLAINTIFF SALAS TO DEFENDANT COUNTY'S INTERROGATORIES (SET TWO)**

**INTERROGATORY 9:**

If YOU are seeking damages for loss of DECEDENT'S financial support, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 9:**

Plaintiff is not seeking damages for loss of Decedent's financial support. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 10:**

If YOU are seeking damages for loss of DECEDENT'S society, comfort, protection, services, and support, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 10:**

Mom would call Hector everyday even when he was in prison or jail; Even when they were upset over little things, when mom would call Hector would answer. When Hector as there, she liked to cook for him or go to the grocery store together.

**INTERROGATORY 11:**

If YOU are seeking damages for funeral and burial expenses, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 11:**

Plaintiff seeks approximately $27,000 in funeral and burial expenses. Approximately $6,000 was paid for funeral services and $21,000 was paid for in burial expenses. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**RESPONSES BY PLAINTIFF SALAS TO DEFENDANT COUNTY'S INTERROGATORIES (SET TWO)**

**INTERROGATORY 12:**

If YOU are seeking damages for hospital and other medical expenses and costs, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 12:**

Plaintiff is not seeking damages for hospital or other medical expenses. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 13:**

If YOU are seeking damages for lost income, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 13:**

Plaintiff is not seeking damages for lost income.

**INTERROGATORY 14:**

List any damages not already specified in YOUR interrogatory responses that YOU attribute to this INCIDENT, including the nature of the damages, the amount, how that amount was calculated, and the date such loss was incurred.

**RESPONSES TO INTERROGATORY 14:**

Plaintiff does not seek any additional damages not already specified in her interrogatory responses, initial disclosures, and supplemental disclosures. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 15:**

Describe in detail YOUR relationship with DECEDENT, including but not limited to the amount of time YOU spent with DECEDENT, as well as any support,

**RESPONSES BY PLAINTIFF SALAS TO DEFENDANT COUNTY'S INTERROGATORIES (SET TWO)**

financial or otherwise, YOU received from DECEDENT.

**RESPONSES TO INTERROGATORY 15:**

Plaintiff had a close relationship with Decedent. When Decedent was incarcerated, Plaintiff would call and speak to Decedent every day. When Decedent was not incarcerated, they would see each other almost every day. Even when Decedent and Plaintiff had disagreements with each other, if Plaintiff called Decedent, Decedent would answer. Plaintiff liked to cook for Decedent and liked to go to the grocery store with Decedent. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 16:**

Describe in detail how often you physically saw and spoke to DECEDENT prior to his death.

**RESPONSES TO INTERROGATORY 16:**

When Decedent was incarcerated, Plaintiff would call and speak to Decedent every day. When Decedent was not incarcerated, they would see each other almost every day. Even when Decedent and Plaintiff had disagreements with each other, if Plaintiff called Decedent, Decedent would answer. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 17:**

Describe in detail the last time YOU communicated with DECEDENT, prior to his death.

**RESPONSES TO INTERROGATORY 17:**

The last time Plaintiff communicated with Decedent was on February 16, 2021. Decedent and Plaintiff had breakfast together. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**RESPONSES BY PLAINTIFF SALAS TO DEFENDANT COUNTY'S INTERROGATORIES (SET TWO)**

**INTERROGATORY 18:**

Describe in detail the last time YOU saw DECEDENT in person, including the date, location and duration of the interaction.

**RESPONSES TO INTERROGATORY 18:**

The last time Plaintiff saw Decedent was on February 16, 2021. Decedent and Plaintiff had breakfast together at Plaintiff's house. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 19:**

Describe DECEDENT'S use of illegal narcotics and alcohol, and what actions, if any, you took to prevent DECEDENT'S drug and alcohol use.

**RESPONSES TO INTERROGATORY 19:**

Plaintiff objects to this interrogatory on the basis that it lacks foundation and calls for speculation. Without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff is unaware of any use of illegal narcotics by Decedent. Plaintiff is aware that Decedent drank alcohol on a daily basis. Plaintiff would often counsel Decedent on his drinking. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response

**INTERROGATORY 20:**

State each and every offense for which YOU have been arrested, including the date(s) of arrest, arresting agency, case number, and disposition of charges.

**RESPONSES TO INTERROGATORY 20:**

Plaintiff has never been arrested.

**INTERROGATORY 21:**

If YOU had any conversation with any County of San Bernardino employee regarding HECTOR PUGA from February 17, 2021, to the present, state the date of any such conversation(s), IDENTIFY the employee(s), and state the words spoken by each party to the conversation.

**RESPONSES TO INTERROGATORY 21:**

Plaintiff has not had any conversation with any County of San Bernardino employee regarding Hector Puga from February 17, 2021 to present. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response

**INTERROGATORY 22:**

Describe any financial support YOU received from DECEDENT prior to his death.

**RESPONSES TO INTERROGATORY 22:**

Whenever Decedent worked, he would make sure to occasionally pay for Plaintiff's bills and groceries. Decedent also often helped Plaintiff with household chores and house maintenance. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

DATED: June 23, 2023            THE LAW OFFICES OF DALE K. GALIPO

                                BY:     */s/ Hang D. Le*
                                        Dale K. Galipo
                                        Hang D. Le
                                        Attorneys for Plaintiffs

RESPONSES BY PLAINTIFF SALAS TO DEFENDANT COUNTY'S INTERROGATORIES (SET TWO)

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On June 23, 2023, I served the foregoing document described as: **RESPONSES BY PLAINTIFF ANTONIA SALAS UBALDO TO DEFENDANT COUNTY OF SAN BERNARDINO'S INTERROGATORIES (SET ONE)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

☒ (**BY MAIL**) I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (**BY PERSONAL SERVICE**) I delivered the document by hand to the above indicated addressee(s).

☐ (**BY FACSIMILE**) I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

☐ (**BY ELECTRONIC SERVICE**) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

JURISDICTION

☐ (State) I declare under penalty of perjury that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 23, 2023, at Woodland Hills, California

_Karen Slyapich_
Karen Slyapich

3:20-cv-01003-W-MSB

# SERVICE LIST

Shannon L. Gustafson
Amy R. Margolies
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
Email: Sgustafson@lynberg.com
Amargolies@lynberg.com

Attorneys for Defendants


Diana Esquivel
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
E-mail: Diana.Esquivel@doj.ca.gov

Attorneys for Defendants State of California, by and through the California Highway Patrol