# EXHIBIT G

| From: | Shannon Gustafson |
|---|---|
| To: | Hang Le |
| Cc: | Diana Esquivel; Amy R. Margolies; Anita K. Clarke |
| Subject: | RE: Activity in Case 5:23-cv-00257-KK-SHK Jonathan Wayne Botten Sr. et al v. State of California et al Order on Motion for Extension of Time to Complete Discovery |
| Date: | Thursday, January 9, 2025 2:03:46 PM |

Hang,

Given that Plaintiff failed to produce this video until the eve of the discovery cut off when there was a clear obligation to produce it much earlier on the part of counsel, we had hoped for some professionalism in reaching a stipulation to take a single deposition that will not prejudice Plaintiff in any way, but if we must proceed via Ex Parte then so be it.  We will be filing the Ex Parte on Monday.

The Court's order advised that  it was not certain from the papers whether Defendant had been diligent in requesting the video, but I believe when the County provides this additional information that was not previously included in the papers filed by the State, the Court will understand why the DCO should be extended for the limited purpose of a single deposition reference a withheld video.

It is undisputed that this video was not provided by Plaintiff until December 23, 2024 the week before the January 2, 2024 holiday and that the name of the individual that took the video was not provided until December 31, 2024, two days before the discovery cut off.

However,  back on **January 19, 2023**, County Defendants specifically served an RFP  to Annabell Botten, RFP 18 asking for video of the incident. The same request was made of all of the Botten family.  This video however,  was not produced by Plaintiff in response to this request.  Had Plaintiff's counsel complied with discovery rules and asked their client for all available video, this can and should have been provided with Plaintiff's *April 3, 2023* responses   because clearly Annabell Botten had the video and knew about it as testified to in her deposition.  The parties agreed that the state discovery could be used in the federal case and under FRCP 26 there is an ongoing duty to correct prior responses that are no longer accurate, this clearly was NEVER done as to RFP 18.

The bottom line is that Defendant asked for all videos two years ago and even though your client clearly had knowledge and possession of this video it was not provided and it should have been.

Defendants then tried to take Annabell Botten's deposition in November over a month before the discovery cut off but were told she would not be made available until December.  While you are correct that the deposition was delayed ten days due to unforeseen circumstances, Plaintiff's counsels still  had an obligation to make the relevant inquiry of their clients for videos when asked in discovery back in 2023.  It should not have been discovered first by Defendants.  Even then it was still another week before we actually received the video in

question and then yet another week before it was confirmed that Sal was the one that provided the video to Plaintiff, with no time on the clock to subpoena him or serve a regularly noticed Motion.

The fact that Plaintiff identified Sal in prior responses does not change this as it was never disclosed that he had a video nor was the actual video provided. Now that the video has been provided it is clear that it may have been altered in some way either by Sal or somebody after he gave it to Plaintiffs. The video is zoomed in and out, the audio and video are not synced to the events and the officers appear in different positions then in any other videos. Defendants therefore have questions about the authenticity of this video that can only be addressed through Sal's deposition as to what was done to the video if anything, as well as what type of equipment was used to create this video. These issues can only be addressed and resolved through Sal's deposition so that Defendants experts can properly analyze the video. Without being able to ask these questions and with no other means to do so Defendants will be unduly prejudiced.

We believe that as to this video we can show diligence in requesting it, a failure to provide it and an inability to complete the deposition before the cut off given the timing of the ultimate disclosure. We can also show prejudice. And again we would request that you simply stipulate to this single deposition and if not we will file an Ex Parte for Reconsideration on Monday as to this issue.

Thanks

**Shannon L. Gustafson**
Shareholder
Direct: (714) 352-3547



1100 W. Town & Country Rd., Suite 1450
Orange, California 92868
www.lynberg.com        www.linkedin.com

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this email in error, please immediately notify me by 'Reply' command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lynberg & Watkins for any loss or damage arising in any way from its use.

**From:** Hang Le <hlee@galipolaw.com>
**Sent:** Thursday, January 9, 2025 1:07 PM

**To:** Shannon Gustafson <sgustafson@lynberg.com>
**Cc:** Diana Esquivel <Diana.Esquivel@doj.ca.gov>; Amy R. Margolies <amargolies@lynberg.com>; Anita K. Clarke <aclarke@lynberg.com>
**Subject:** RE: Activity in Case 5:23-cv-00257-KK-SHK Jonathan Wayne Botten Sr. et al v. State of California et al Order on Motion for Extension of Time to Complete Discovery

> **CAUTION:** This email originated from outside of Lynberg & Watkins. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

Good afternoon Shannon,

Plaintiffs are unable to stipulate to the taking of Sal's deposition after the fact-discovery deadline.

Additionally, we would oppose an Ex Parte for Reconsideration. First, we believe that the Court did address the issue of the video taken by Sal. Specifically, the Court stated, "Finally, to the extend Defendants claim additional time is needed for discovery regarding Jacob Gonzalez and the recently disclosed video, it is not clear that Defendants were diligent in serving the initial written discovery, nor is it clear that Defendant have been diligent in seeking discovery of Gonzalez's whereabouts." Second, we do not believe that there are any grounds present that would satisfy the standard for reconsideration.

And, just for the sake of accuracy, although I don't believe this will be material to Defendants' Ex Parte, Annabelle Botten's deposition was actually initially agreed upon and scheduled for December 6, but due to a family emergency issue on your end, we had to reschedule her deposition to December 13.

Please advise as to when you intend to file the Ex Parte Application as soon as practicable. Thank you.

Best,
Hang

**Hang D. Le, Esq.** | **Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Shannon Gustafson <sgustafson@lynberg.com>
**Sent:** Wednesday, January 8, 2025 4:41 PM
**To:** Hang Le <hlee@galipolaw.com>
**Cc:** Diana Esquivel <Diana.Esquivel@doj.ca.gov>; Amy R. Margolies <amargolies@lynberg.com>; Anita K. Clarke <aclarke@lynberg.com>
**Subject:** FW: Activity in Case 5:23-cv-00257-KK-SHK Jonathan Wayne Botten Sr. et al v. State of California et al Order on Motion for Extension of Time to Complete Discovery

Hang,

We note that the Court's ruling does not address the issue of the video taken by Sal that was not produced by Plaintiff until days before the discovery cut off, leaving no time at all to depose him. Further, while Sal may have been listed on a prior discovery response at no time was it disclosed that he had actually taken a video of the matter which would have prompted Defendants to take his deposition.

As such, Defendants request that Plaintiff stipulate to the taking of Sal's deposition only. If you will not stipulate then Defendant County intends to bring an Ex Parte for Reconsideration as to that issue alone as we believe we can show that there was no ability for Defendants to act diligently to obtain a video that they did not know existed or to depose a witness when it was never disclosed that the witness in fact had a video which was provided to Plaintiffs. This information should have been disclosed much sooner. Further, Defendants could not have learned what was testified by Annabell Botten any sooner. As you will recall December 13 was the only date that Plaintiff provided for her deposition.

Please advise by the close of business tomorrow whether you will stipulate so that we may file a stipulation with the Court or whether an Ex Parte is needed.

Shannon L. Gustafson
Shareholder
Direct: (714) 352-3547



LYNBERG & WATKINS

1100 W. Town & Country Rd., Suite 1450
Orange, California 92868
www.lynberg.com          www.linkedin.com

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this email in error, please immediately notify me by 'Reply' command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lynberg & Watkins for any loss or damage arising in any way from its use.

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Wednesday, January 8, 2025 3:36 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 5:23-cv-00257-KK-SHK Jonathan Wayne Botten Sr. et al v. State of California et al Order on Motion for Extension of Time to Complete Discovery

> CAUTION: This email originated from outside of Lynberg & Watkins. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 1/8/2025 at 3:35 PM PST and filed on 1/8/2025

**Case Name:** Jonathan Wayne Botten Sr. et al v. State of California et al
**Case Number:** 5:23-cv-00257-KK-SHK
**Filer:**
**Document Number:** 81

**Docket Text:**
**MINUTES (In Chambers) Order DENYING Defendants' Ex Parte Application [Dkt. 78] by Judge Kenly Kiya Kato. Accordingly, Defendants' Application is DENIED. (See document for further information).; granting [78] EX PARTE APPLICATION to Extend Discovery Cut-Off Date. (aco)**

**5:23-cv-00257-KK-SHK Notice has been electronically mailed to:**

Anita Kay Clarke    aclarke@lynberg.com, gpence@lynberg.com

Hang Dieu Le    hlee@galipolaw.com

Richard T Copeland    rtc@conflict-solution.com

Amy R Margolies    amargolies@lynberg.com, gpence@lynberg.com

Diana F Esquivel    tort-ecf@doj.ca.gov, christine.garske@doj.ca.gov, diana.esquivel@doj.ca.gov

Shannon Lin Gustafson    sgustafson@lynberg.com, amargolies@lynberg.com, gpence@lynberg.com

Dale K Galipo    blevine@galipolaw.com, coopermayne@recap.email, msincich@galipolaw.com, cmayne@galipolaw.com, hlee@galipolaw.com, rvalentine@galipolaw.com, ldeleon@galipolaw.com, sanderson@galipolaw.com, slaurel@galipolaw.com, sleap@galipolaw.com, amonguia@galipolaw.com, dalekgalipo@yahoo.com, evalenzuela@galipolaw.com

**5:23-cv-00257-KK-SHK Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**