# EXHIBIT H

SHANNON L. GUSTAFSON (SBN228856)          *Government Code § 6103*
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN283471)
amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W, Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO- CENTRAL

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and JONATHAN WAYNE BOTTEN, JR., a minor by and through his Guardian ad Litem JONATHAN WAYNE BOTTEN, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO: CIVSB2131572 <br><br> **DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.** |

**PROPOUNDING PARTY**    :  Defendant,    COUNTY OF SAN BERNARDINO

**RESPONDING PARTY**    :  Plaintiff,    JONATHAN WAYNE BOTTEN, SR.

**SET NO.**    :  ONE

///

///

///

///

---

1

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.**

1          **TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR. AND TO HIS RESPECTIVE**

2    **ATTORNEYS OF RECORD:**

3          **YOU ARE HEREBY REQUESTED** by Defendant, COUNTY OF SAN

4    BERNARDINO, pursuant to Section 2031.210, et. seq. of the Code of Civil Procedure, to

5    separately and specifically identify in writing and to produce for inspection and copying within

6    thirty (30) days after service of the within to the office of Lynberg & Watkins, 1100 W. Town &

7    Country Road, Suite #1450, Orange, California 92868, the items set out below.

8          It will be considered full compliance with this request if copies of said documents are

9    received by this office, by mail or other means, before said date, only if said copies are fully

10   legible.  If these documents are not fully legible, then Defendant demands that Plaintiff produces

11   the originals for photocopying in this office on the above date.

12                              **DEFINITIONS AND INSTRUCTIONS**

13   As used herein:

14   1.   **"DOCUMENT"** means: (a) all writings of any kind whether handwritten, typed, printed

15         or otherwise produced or reproduced, and including, but not limited to, all letters,

16         telegrams, teletypes, telexes, cables, interoffice and interoffice communications, emails,

17         text messages, medical records, memoranda, notes, opinions, reports, evaluations,

18         recommendations, reviews, analyses, entries in personal diaries or other record books,

19         summaries or notes of conversations or communications of any type or description

20         (including, without limitation, telephone conversations, personal conversations or

21         interviews, meetings, conferences, negotiations and investigations), marginal comments

22         appearing in any DOCUMENT, calendars, pamphlets, books, manuals, directives,

23         bulletins, news releases, advertisements, ledgers, statistics, surveys, checks, financial

24         statements, invoices, receipts, work sheets, opinions, evaluations, recommendations and

25         analyses and all drafts of any of the foregoing writings; (b) all graphic, mechanical, audio,

26         video, magnetic or electronic reproductions, representations, records or compilations of

27         data of any kind, including, but not limited to, drawings, charts, graphs, motion picture

28         films, microfilm, microfiles, reels, cassettes, plates, photographs, slides, phonograph, tape

1  or other records, videotapes, punch cards, magnetic tapes, discs, data cells and drums, and

2  all drafts of any of the foregoing; and (c) all non-identical copies of the DOCUMENTs

3  listed in (a) and (b) above.

4  2. For purposes of the foregoing definitions, the term "**DRAFTS**" mean any earlier,

5  preliminary, preparatory or tentative version of all or part of a DOCUMENT, whether or

6  not such draft was superseded by a later draft, and whether or not the terms of the draft are

7  the same as or different from the terms of the final DOCUMENT; and the term "copies" of

8  any DOCUMENTS means all versions of a DOCUMENT which are not, in every respect,

9  identical to the DOCUMENTS being produced.

10 3. "**COMMUNICATION**" means conversations (whether face-to-face, by telephone or

11 otherwise), correspondence, memoranda, meetings, discussions, telegrams, releases and all

12 other means of exchanging or imparting information.

13 4. "**PERSON**" means any natural PERSON, corporation, partnership, unincorporated

14 association, trust, government (or agency thereof), quasi-public entity, association or other

15 entity or group of any description.  The singular and plural forms are used interchangeably,

16 as are the masculine and feminine forms.

17 5. "**REPRESENTATIVE**" means each officer, director, employee, servant and agent, past

18 and present, of the relevant PERSON, including, without limitation, any advisor,

19 accountant or attorney.

20 6. "**PLAINTIFF," "YOU"** or **"YOUR"** means PLAINTIFF JONATHAN WAYNE

21 BOTTEN, SR., his employees, agents, accountants or attorneys.

22 7. All **"DOCUMENTS"** are to be produced in the file in which such DOCUMENTS have

23 been maintained in the order within each file in which such DOCUMENTS have been

24 maintained.  The DOCUMENTS produced pursuant to this request shall be separately

25 produced for each paragraph of the request, or in the alternative, shall be identified as

26 complying with a particular paragraph or paragraphs of the request to which they respond.

27 8. All DOCUMENTS are to be produced in full and unexpurgated form; redacted

28 DOCUMENTS will not constitute compliance with this request.

3

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.**

9.     If any DOCUMENT or category of DOCUMENTS requested is difficult to produce fully, please produce those DOCUMENTS that can be produced in a timely fashion and notify Defendants' counsel promptly after receiving these requests of the DOCUMENTS that cannot be produced in a timely fashion.  If YOU believe any DOCUMENT request to be unduly burdensome, please notify Defendants' counsel promptly after receiving this Request in order to secure clarification or limitation of the Request.

10.    If PLAINTIFF withholds any DOCUMENT covered by this Request by reason of a claim of privilege, a list is to be furnished at the time the DOCUMENTS requested are produced identifying each such DOCUMENT for which the privilege is claimed together with the following information with respect to each DOCUMENT withheld: date, sender, recipient, PERSON(s) to whom copies were furnished and their job titles, general subject matter, basis on which privilege is claimed and the paragraph of this Request to which such DOCUMENT relates.

11.    This Request is intended to include all DOCUMENTS, as defined, in the possession, custody or control of PLAINTIFF, including his employees, agents, directors, officers, accountants or attorneys.

12.    All DOCUMENTS responsive to this Request shall be produced for inspection and copying the originals of all DOCUMENTS described below within 30 days of service of this demand at the offices of Lynberg & Watkins, located at 1100 Town & Country Road, Suite 1450, Orange, California.

**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all medical and mental reports, diagnosis, records, and opinions from any and all doctors, hospitals, counselors, psychologists, psychiatrists, or other healthcare providers that provided YOU with any medical care or counseling for any injury or condition during the ten (10) years prior to the INCIDENT.

**REQUEST FOR PRODUCTION NO. 2:**

All statements, billings, and invoices for any medical treatment, medical examinations, and

4

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.**

1  medical consultations that YOU received at any time during the ten (10) years prior to the

2  INCIDENT.

3  **REQUEST FOR PRODUCTION NO. 3:**

4      All statements, billings and invoices for medical treatment, medical examinations, and

5  medical consultations that YOU received for any mental or emotional illness or disability at any

6  time during the ten (10) years prior to the INCIDENT.

7  **REQUEST FOR PRODUCTION NO. 4:**

8      Any and all DOCUMENTS referencing any medication YOU were prescribed at any time

9  during the ten (10) years preceding the INCIDENT.

10  **REQUEST FOR PRODUCTION NO. 5:**

11      Any and all DOCUMENTS referencing any medication YOU took during the ten (10)

12  years preceding the INCIDENT.

13  **REQUEST FOR PRODUCTION NO. 6:**

14      Any and all DOCUMENTS that RELATE to YOUR attendance at a drug and/or alcohol

15  rehabilitation program or detoxification center at any time during the ten (10) years prior to the

16  INCIDENT.

17  **REQUEST FOR PRODUCTION NO. 7:**

18      Any and all DOCUMENTS which RELATE to billing and/or payment for YOUR

19  attendance at any drug and/or alcohol rehabilitation or detoxification facility at any time in the ten

20  (10) years prior to the INCIDENT.

21  **REQUEST FOR PRODUCTION NO. 8:**

22      All DOCUMENTS related to treatment, medical examinations, and medical consultations

23  that YOU received for any injuries or physical complaints related to alcohol, drugs, or other illegal

24  substances in the ten (10) years prior to the INCIDENT.

25  **REQUEST FOR PRODUCTION NO. 9:**

26      Any and all DOCUMENTS reflecting YOUR degrees obtained from any and all

27  professional, trade, or educational institutions attended by YOU.

28  ///

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.**

1    **REQUEST FOR PRODUCTION NO. 10:**

2    　　　Any and all employment records of YOU for the ten (10) year period preceding the

3    INCIDENT.

4    **REQUEST FOR PRODUCTION NO. 11:**

5    　　　Any and all DOCUMENTS that reflect, refer, or RELATE to INCOME earned by YOU at

6    any time in the ten (10) years preceding the INCIDENT.  This request shall include, without

7    limitation, any and all INCOME statements, W-2 statements, state and federal INCOME tax

8    returns, and personal economic books and records.

9    **REQUEST FOR PRODUCTION NO. 12:**

10    　　　Any and all DOCUMENTS depicting YOUR most recent address.

11    **REQUEST FOR PRODUCTION NO. 13:**

12    　　　A copy of YOUR most recent California Driver's License.

13    **REQUEST FOR PRODUCTION NO. 14:**

14    　　　Any and all DOCUMENTS that reflect YOUR arrest(s) and/or conviction(s) on criminal

15    charges at any time in the ten (10) years prior to the INCIDENT.

16    **REQUEST FOR PRODUCTION NO. 15:**

17    　　　Any and all DOCUMENTS RELATING to any mental, physical, and/or emotional injuries

18    which YOU claim to have sustained as a result of the INCIDENT.

19    **REQUEST FOR PRODUCTION NO. 16:**

20    　　　Any and all DOCUMENTS RELATING to any physician, psychotherapist, and/or

21    healthcare provider with whom YOU have consulted, been examined by, or treated by for any

22    injury YOU attribute to the INCIDENT.

23    **REQUEST FOR PRODUCTION NO. 17:**

24    　　　All statements, billings, and invoices for medical treatment, medical examinations, and/or

25    medical consultations YOU have received for injuries or physical or emotional complaints arising

26    out of the INCIDENT.

27    ///

28    ///

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.**

1 | **REQUEST FOR PRODUCTION NO. 18:**

2 | Any and all photographs, videotapes, or audio tapes that depict any or all of the

3 | INCIDENT giving rise to this lawsuit.

4 | **REQUEST FOR PRODUCTION NO. 19:**

5 | Any and all photographs, videotapes, or audio tapes which depict any or all interviews of

6 | YOU or regarding the events giving rise to this lawsuit.

7 | **REQUEST FOR PRODUCTION NO. 20:**

8 | Copies of all written or recorded statements by any witness regarding the events that gave

9 | rise to this lawsuit.

10 | **REQUEST FOR PRODUCTION NO. 21:**

11 | Copies of all notes taken during any interview with any witness regarding the events that

12 | gave rise to this lawsuit.

13 | **REQUEST FOR PRODUCTION NO. 22**

14 | Any DOCUMENTS sent to YOU by any witness(es) to the INCIDENT.

15 | **REQUEST FOR PRODUCTION NO. 23:**

16 | Copies of all notes, charts, summaries, exhibits or reports provided to or received from any

17 | experts intended to be called by YOU at the trial of this matter.

18 | **REQUEST FOR PRODUCTION NO. 24:**

19 | All DOCUMENTS that RELATE to, support, or evidence YOUR claims as alleged in

20 | YOUR operative Complaint.

21 | **REQUEST FOR PRODUCTION NO. 25:**

22 | All DOCUMENTS known to YOU that RELATE to, support, or evidence YOUR claim

23 | that the COUNTY OF SAN BERNARDINO and/or its employees violated YOUR rights.

24 | **REQUEST FOR PRODUCTION NO. 26:**

25 | Any DOCUMENTS sent by YOU to the COUNTY OF SAN BERNARDINO or the SAN

26 | BERNARDINO COUNTY SHERIFF'S DEPARTMENT after this INCIDENT.

27 | ///

28 | ///

DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.

1 | **REQUEST FOR PRODUCTION NO. 27:**

2 |       Any DOCUMENTS sent to YOU by the COUNTY OF SAN BERNARDINO or by the

3 | SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT after this INCIDENT.

4 |

5 | DATED:  January 19, 2023            **LYNBERG & WATKINS**
6 |                                  A Professional Corporation

7 |

8 |                By:    **/s/ Amy R. Margolies**
9 |                           **SHANNON L. GUSTAFSON**
                          **AMY R. MARGOLIES**
10 |                           Attorneys for Defendant,
                          COUNTY OF SAN BERNARDINO

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.**

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action.  My business address is 1100 Town & Country Road, Suite #1450, Orange, California 92868.

4

5

      On **January 19, 2023**, I served the foregoing document(s) described as **DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

6

7

*REFER TO SERVICE LIST*

8

9
☐   **BY MAIL**: As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, I deposited such envelope in the mail at Orange, California.

10

11
☐   **BY FACSIMILE:**  I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via facsimile at the respective telephone NO.s indicated above.

12
☒   **BY E-MAIL:**  I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via email at the respective email address(es) indicated above.

13

14
☐   **BY FEDERAL EXPRESS/OVERNIGHT MAIL**:  I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

15

16
☐   **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the office(s) of the addressee via messenger.

17
☐   **BY ELECTRONIC TRANSFER** via electronic filing service provider and pursuant to *California Rules of Court*, Rule 2.251, sent by e-Service through e-Filing Portal at the time the documents were electronically filed. The service was made on the email addresses listed with the court.

18

19

20
      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 19, 2023 at Orange, California.

21

22

23
            *Jeanette Cuevas*
_____
             Jeanette Cuevas

24

25

26

27

28

**9**

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.**

1

2
                                        *Service List*

3   Dale K. Galipo                          Attorney for Plaintiffs,
    Hang D. Le                              Jonathan Wayne Botten, Sr.; Tanja Dudek-
4   LAW OFFICES OF DALE K. GALIPO          Botten; Annabelle Botten; Jonathan Wayne
    21800 Burbank Blvd., Suite 310         Botten, Jr. a minor by and through his
5   Woodland Hills, CA 91367              Guardian ad Litem Jonathan Wayne Botten,
    Telephone: (818) 347-3333              Sr.
6   Email: dalekgalipo@yahoo.com
    Hlee@galipolaw.com

7

8   Diana Esquivel, Deputy Attorney General    Attorneys for Defendant, State of California,
    1300 I Street, Suite 125                    by and through the California Highway Patrol
    Sacramento, CA  94222-2350
9   Telephone:  (916) 210-7320
    Email:  Diana.Esquivel@doj.ca.gov
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.**

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
Attorney for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR., et al., | Case No.: 2:16-CV-03039-JCM-NJKx |
| Plaintiffs, | |
| vs. | **RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN, SR. TO DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

**PROPOUNDING PARTY**:     Defendant, COUNTY OF SAN BERNARDINO

**RESPONDING PARTY**:     Plaintiff, JONATHAN WAYNE BOTTEN, SR

**SET NUMBER**:     One

---

## I.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, and are made on the basis of information which is presently known by and available to Plaintiff.  Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court.  All such objections are reserved and may be interposed at the time of trial.

Plaintiff has not yet completed her investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed his discovery in this action; and has not yet completed his preparation for trial.  Consequently, the following responses are given without prejudice to Plaintiff's right to amend or supplement his responses herein at a later date.  No admissions of any nature whatsoever are implied or should be inferred.  Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Plaintiff reserves his right to continue her investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case.  In addition, Plaintiff reserves his right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

///
///
///
///
///

II.

**GENERAL OBJECTIONS**

1.      Plaintiff objects to the Requests, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2.      Plaintiff objects to each Request to the extent that it seeks to require Plaintiff to provide information other than that which may be obtained through a reasonably diligent search of his records, or to create a summary or compilation other than as maintained in the regular course of business.  Plaintiff further objects to each Request to the extent that it seeks to require Plaintiff to provide information not in his possession, custody or control.

3.      Plaintiff objects to each and every Request to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to each and every Request to the extent that such discovery is overly broad, vague, and ambiguous.

5.      Plaintiff objects to each and every Request to the extent that it seeks information already known by, or reasonably accessible to Defendant, or facts that are solely within the knowledge and control of Defendant.

6.      Plaintiff objects on the grounds that Plaintiff has not completed his factual investigation.  These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as his present analysis of the case.  However, information that may be responsive may not yet have been discovered.  Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement his responses as and when additional information is discovered.  Additionally, because Plaintiff's responses are based upon information that he recalls and has identified to date, they do not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

III.

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Any and all medical and mental reports, diagnosis, records, and opinions from any and all doctors, hospitals, counselors, psychologists, psychiatrists, or other healthcare providers that provided YOU with any medical care or counseling for any injury or condition during the ten (10) years prior to the INCIDENT.

**RESPONSE TO REQUEST NO. 1:**

After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 2:**

All statements, billings, and invoices for any medical treatment, medical examinations, and medical consultations that YOU received at any time during the ten (10) years prior to the INCIDENT.

**RESPONSE TO REQUEST NO. 2:**

After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 3:**

All statements, billings and invoices for medical treatment, medical examinations, and medical consultations that YOU received for any mental or emotional illness or disability at any time during the ten (10) years prior to the INCIDENT.

**RESPONSE TO REQUEST NO. 3:**

After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

1  supplement this response.

2

3  **REQUEST NO. 4:**

4      Any and all DOCUMENTS referencing any medication YOU were prescribed at any time

5  during the ten (10) years preceding the INCIDENT.

6  **RESPONSE TO REQUEST NO. 4:**

7      After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive

8  documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

9  supplement this response.

10

11  **REQUEST NO. 5:**

12      Any and all DOCUMENTS referencing any medication YOU took during the ten (10)

13  years preceding the INCIDENT.

14  **RESPONSE TO REQUEST NO. 5:**

15      After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive

16  documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

17  supplement this response.

18

19  **REQUEST NO. 6:**

20      Any and all DOCUMENTS that RELATE to YOUR attendance at a drug and/or alcohol

21  rehabilitation program or detoxification center at any time during the ten (10) years prior to the

22  INCIDENT.

23  **RESPONSE TO REQUEST NO. 6:**

24      Plaintiff has never attended a drug or alcohol rehabilitation program.

25

26  **REQUEST NO. 7:**

27      Any and all DOCUMENTS which RELATE to billing and/or payment for YOUR

28  attendance at any drug and/or alcohol rehabilitation or detoxification facility at any time in the ten

1 | (10) years prior to the INCIDENT.

2 | **RESPONSE TO REQUEST NO. 7:**

3 |     Plaintiff has never attended an alcohol or drug rehabilitation program.

4 |

5 | **REQUEST NO. 8:**

6 |     All DOCUMENTS RELATED to treatment, medical examinations, and medical

7 | consultations that YOU received for any injuries or physical complaints RELATED to alcohol,

8 | drugs, or other illegal substances in the ten (10) years prior to the INCIDENT.

9 | **RESPONSE TO REQUEST NO. 8:**

10 |     Plaintiff has never been treated for anything related to alcohol, drugs, or other illegal

11 | substances.

12 |

13 | **REQUEST NO. 9:**

14 |     Any and all DOCUMENTS reflecting YOUR degrees obtained from any and all

15 | professional, trade, or educational institutions attended by YOU.

16 | **RESPONSE TO REQUEST NO. 9:**

17 |     After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive

18 | documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

19 | supplement this response.

20 |

21 | **REQUEST NO. 10:**

22 |     Any and all employment records of YOU for the ten (10) year period preceding the

23 | INCIDENT.

24 | **RESPONSE TO REQUEST NO. 10:**

25 |     Plaintiff is concurrently producing responsive documents. As discovery is ongoing,

26 | Plaintiff reserves the right to amend and/or supplement this response.

27 | //

28 | //

**REQUEST NO. 11:**

Any and all DOCUMENTS that reflect, refer, or RELATE to INCOME earned by YOU at any time in the ten (10) years preceding the INCIDENT. This request shall include, without limitation, any and all INCOME statements, W-2 statements, state and federal INCOME tax returns, and personal economic books and records.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff is concurrently producing responsive documents. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 12:**

Any and all DOCUMENTS depicting YOUR most recent address.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff is concurrently producing responsive documents. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 13:**

A copy of YOUR most recent California Driver's License.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff is concurrently producing responsive documents.

**REQUEST NO. 14:**

Any and all DOCUMENTS that reflect YOUR arrest(s) and/or conviction(s) on criminal charges at any time in the ten (10) years prior to the INCIDENT.

**RESPONSE TO REQUEST NO. 14:**

After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or supplement this response.

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

1  **REQUEST NO. 15:**

2      Any and all DOCUMENTS RELATING to any mental, physical, and/or emotional injuries

3  which YOU claim to have sustained as a result of the INCIDENT.

4  **RESPONSE TO REQUEST NO. 15:**

5      Plaintiff is concurrently producing responsive documents. As discovery is ongoing,

6  Plaintiff reserves the right to amend and/or supplement this response.

7

8  **REQUEST NO. 16:**

9      Any and all DOCUMENTS RELATING to any physician, psychotherapist, and/or

10  healthcare provider with whom YOU have consulted, been examined by, or treated by for any

11  injury YOU attribute to the INCIDENT.

12  **RESPONSE TO REQUEST NO. 16:**

13      After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive

14  documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

15  supplement this response.

16

17  **REQUEST NO. 17:**

18      All statements, billings, and invoices for medical treatment, medical examinations, and/or

19  medical consultations YOU have received for injuries or physical or emotional complaints arising

20  out of the INCIDENT.

21  **RESPONSE TO REQUEST NO. 17:**

22      After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive

23  documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

24  supplement this response.

25

26  **REQUEST NO. 18:**

27      Any and all photographs, videotapes, or audio tapes that depict any or all of the

28  INCIDENT giving rise to this lawsuit.

1   **RESPONSE TO REQUEST NO. 18:**

2       Plaintiff is concurrently producing responsive documents. As discovery is ongoing,

3   Plaintiff reserves the right to amend and/or supplement this response.

4   **REQUEST NO. 19:**

5       Any and all photographs, videotapes, or audio tapes which depict any or all interviews of

6   YOU or regarding the events giving rise to this lawsuit.

7   **RESPONSE TO REQUEST NO. 19:**

8       After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive

9   documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

10  supplement this response.

11

12  **REQUEST NO. 20:**

13      Copies of all written or recorded statements by any witness regarding the events that gave

14  rise to this lawsuit.

15  **RESPONSE TO REQUEST NO. 20:**

16      After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive

17  documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

18  supplement this response.

19

20  **REQUEST NO. 21:**

21      Copies of all notes taken during any interview with any witness regarding the events that

22  gave rise to this lawsuit.

23  **RESPONSE TO REQUEST NO. 21:**

24      After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive

25  documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

26  supplement this response.

27  //

28  //

-8-

1 | **REQUEST NO. 22:**

2 |      Any DOCUMENTS sent to YOU by any witness(es) to the INCIDENT.

3 | **RESPONSE TO REQUEST NO. 22:**

4 |      After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive

5 | documents in his custody, control, or possession. Plaintiff reserves the right to amend and/or

6 | supplement this response.

7 |

8 | **REQUEST NO. 23:**

9 |      Copies of all notes, charts, summaries, exhibits or reports provided to or received from any

10 | experts intended to be called by YOU at the trial of this matter.

11 | **RESPONSE TO REQUEST NO. 23:**

12 |      Plaintiff objects to this Request on the basis that discovery is ongoing and experts have

13 | not been designated yet.

14 |

15 | **REQUEST NO. 24:**

16 |      All DOCUMENTS that RELATE to, support, or evidence YOUR claims as alleged in

17 | YOUR operative Complaint.

18 | **RESPONSE TO REQUEST NO. 24:**

19 |      Plaintiff is concurrently producing responsive documents. As discovery is ongoing,

20 | Plaintiff reserves the right to amend and/or supplement this response.

21 |

22 | **REQUEST NO. 25:**

23 |      All DOCUMENTS known to YOU that RELATE to, support, or evidence YOUR claim

24 | that the COUNTY OF SAN BERNARDINO and/or its employees violated your rights.

25 | **RESPONSE TO REQUEST NO. 25:**

26 |      Plaintiff is concurrently producing responsive documents. As discovery is ongoing,

27 | Plaintiff reserves the right to amend and/or supplement this response.

28 |

1  **REQUEST NO. 26:**

2      Any DOCUMENTS sent by YOU to the COUNTY OF SAN BERNARDINO or the SAN

3  BERNARDINO COUNTY SHERIFF'S DEPARTMENT after this INCIDENT.

4  **RESPONSE TO REQUEST NO. 26:**

5      Plaintiff is concurrently producing responsive documents. As discovery is ongoing,

6  Plaintiff reserves the right to amend and/or supplement this response.

7

8  **REQUEST NO. 27:**

9      Any DOCUMENTS sent to YOU by the COUNTY OF SAN BERNARDINO or by the

10 SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT after this INCIDENT.

11 **RESPONSE TO REQUEST NO. 27:**

12     Plaintiff is concurrently producing responsive documents. As discovery is ongoing,

13 Plaintiff reserves the right to amend and/or supplement this response.

14

15

16

17 DATED: April 3, 2023            LAW OFFICES OF DALE K. GALIPO

18

19                        By: _____

20                            Dale K. Galipo
                             Attorneys for Plaintiffs

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF
PRODUCTION REQUESTS FOR PRODUCTION

PROOF OF SERVICE
(C.C.P. §§ 1013a and 2015.5)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Karen Slyapich, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On April 3, 2023 I served the foregoing document described as **RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN, SR. TO DEFENDANT COUNTY OF SAN BERNARDINO'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Shannon L. Gustafson<br>Amy Margolies<br>Lynberg & Watkins<br>1100 W. Town & Country Rd., Suite 1450<br>Orange, California 92868<br>Email: sgustafson@lynberg.com;<br>amargolies@lynberg.com<br><br>Attorneys for County of San Bernardino | Diana Esquivel<br>Office of the Attorney General, State of CA<br>1300 I Street, Ste. 125<br>Sacramento, CA 95814<br>Email: Diana.Esquivel@doj.ca.gov<br><br>Attorney for State of California |

METHOD OF SERVICE

☒ **(BY MAIL)** I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐ **(BY FACSIMILE)** I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

☒ **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

JURISDICTION

☒ (State) I declare under penalty of perjury that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Karen Slyapich

Executed on April 3, 2023, at Woodland Hills, California

-11-

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION