# EXHIBIT I

| | | |
|---|---|---|
| 1 | SHANNON L. GUSTAFSON (SBN228856)<br>sgustafson@lynberg.com | *Government Code § 6103* |
| 2 | AMY R. MARGOLIES (SBN283471)<br>amargolies@lynberg.com | |
| 3 | **LYNBERG & WATKINS**<br>A Professional Corporation | |
| 4 | 1100 W, Town & Country Road, Suite #1450<br>Orange, California 92868 | |
| 5 | (714) 937-1010 Telephone<br>(714) 937-1003 Facsimile | |
| 6 | | |
| 7 | Attorneys for Defendant, COUNTY OF SAN BERNARDINO | |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO- CENTRAL

| | | |
|---|---|---|
| 11 | JONATHAN WAYNE BOTTEN, SR.; TANJA DUDEK-BOTTEN; ANNABELLE BOTTEN; and JONATHAN WAYNE BOTTEN, JR., a minor by and through his Guardian ad Litem JONATHAN WAYNE BOTTEN, SR., | CASE NO: CIVSB2131572 |
| | | **DEFENDANT COUNTY OF SAN BERNARDINO'S INTERROGATORIES, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.** |
| 15 | Plaintiffs, | |
| 16 | vs. | |
| 17 | STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; and DOES 1-50, inclusive, | |
| 19 | Defendants. | |

**PROPOUNDING PARTY** : Defendant, COUNTY OF SAN BERNARDINO

**RESPONDING PARTY** : Plaintiff, JONATHAN WAYNE BOTTEN, SR.

**SET NO.** : ONE

///

///

///

///

---

**1**
**DEFENDANT COUNTY OF SAN BERNARDINO'S INTERROGATORIES, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN. SR.**

**TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR. AND TO HIS RESPECTIVE ATTORNEYS OF RECORD:**

**YOU ARE REQUESTED** within thirty (30) days after service of the within written Interrogatories to answer said interrogatories, pursuant to § 2030.210 et. seq. of the Code of Civil Procedure.

**PRELIMINARY STATEMENT AND GENERAL INSTRUCTIONS**

1. In answering these interrogatories, you are required to furnish all information that is available to you, including information in the possession of your attorneys, or other persons directly or indirectly employed by you, or connected with you or your attorneys, or your insurance carrier, and anyone else acting in your behalf or otherwise subject to your control.

2. In answering these interrogatories, you must make a diligent search of your records and material in your possession or available to you or your representatives. If you cannot obtain records and information in time to answer these interrogatories, explain in your answer the circumstances and what is being done to obtain the information.

3. If you cannot answer any interrogatory in full, answer it to the extent possible, explain why you cannot answer the remainder, and state the nature of the information or knowledge you cannot furnish.

4. If an interrogatory calls for a description of a document, photograph, or other writing or thing, describe it in sufficient detail that it can be obtained from you by a motion for production or a subpoena. If you prefer, instead of describing it, simply attach to your answer a clear copy or photograph of the writing or thing.

5. If your answer to any interrogatory is derived from a document or writing, describe the writing or attach a copy as indicated above.

6. Whenever the term "INCIDENT" is used, it refers to the incident(s) which gave rise to your lawsuit.

7. Whenever the term "IDENTIFY" is used in an interrogatory, it means to provide the last known name, address and telephone number of the person or entity to which it pertains.

///

## INTERROGATORIES, SET ONE

**INTERROGATORY NO. 1:**

State every name YOU have used in the past.

**INTERROGATORY NO. 2:**

Describe YOUR residential history in the ten (10) years prior to the INCIDENT, by stating the addresses where YOU lived, the dates YOU resided there, and the persons with whom YOU resided.

**INTERROGATORY NO. 3:**

IDENTIFY each educational institution YOU attended, the address, the year(s) attended, the field of study, any degree(s) obtained, and any disciplinary action(s) taken against YOU by such institutions.

**INTERROGATORY NO. 4:**

Describe YOUR employment history during the ten (10) years preceding the INCIDENT by stating YOUR employers (including addresses and telephone numbers), the dates of YOUR employment, YOUR position(s) at each place of employment, and YOUR salary for each position.

**INTERROGATORY NO. 5:**

IDENTIFY each and every healthcare provider and/or medical professional who consulted with or treated YOU in the ten (10) years prior to the INCIDENT by providing their full name, address, telephone number, and the reason(s) for the consultation or treatment.

**INTERROGATORY NO. 6:**

With regard to any medication YOU are prescribed or have taken in the ten (10) years prior to the INCIDENT, provide the name(s) of the medication, the person who prescribed or furnished each, the cost of the medication, and the date YOU began and stopped taking same.

**INTERROGATORY NO. 7:**

IDENTIFY each and every drug or alcohol rehabilitation center attended by YOU in the ten (10) years prior to the INCIDENT.

///

///

**3**

**DEFENDANT COUNTY OF SAN BERNARDINO'S INTERROGATORIES, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN. SR.**

**INTERROGATORY NO. 8:**

Describe in detail YOUR conduct during the twenty-four (24) hour period preceding the INCIDENT.

**INTERROGATORY NO. 9:**

Describe in detail YOUR conduct during the INCIDENT alleged in the operative Complaint.

**INTERROGATORY NO. 10:**

IDENTIFY and describe all photographs or videotapes taken of the INCIDENT including any alleged injuries or damages, including the number of photographs/videos which were taken and the IDENTITY of the photographer and person(s) who has or had possession of such photographs.

**INTERROGATORY NO. 11:**

State each and every offense for which YOU have been arrested, including the date(s) of arrest, arresting agency, case number, and disposition of charges.

**INTERROGATORY NO. 12:**

If YOU were ever convicted of a crime, then for each conviction state the city and state where YOU were convicted, the date of conviction, offense, and the court and case number.

**INTERROGATORY NO. 13**:

IDENTIFY each and every witness to any of the events surrounding this lawsuit, including witnesses to liability and damages/injuries, IDENTIFYING each such witness by their name, address, and telephone number and providing a brief summary of their knowledge relevant to this lawsuit.

**INTERROGATORY NO. 14:**

If YOU are seeking damages for lost income or lost earning capacity, state the amount of YOUR claim and explain how that amount was calculated.

**INTERROGATORY NO. 15:**

If YOU are seeking emotional distress damages in this matter, state the amount of YOUR claim and explain how that amount was calculated.

**INTERROGATORY NO. 16:**

If YOU are seeking damages for medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

**INTERROGATORY NO. 17:**

If YOU are seeking damages for future medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

**INTERROGATORY NO. 18:**

If you are seeking property damages, state the amount of YOUR claim and explain how YOU calculated this figure.

**INTERROGATORY NO. 19:**

If YOU seeking any other damages not already described in interrogatories 14-18, IDENTIFY the type of damages, state the amount of damages, and explain how the figure was calculated.

DATED: January 19, 2023

**LYNBERG & WATKINS**
A Professional Corporation

By: **/s/ Amy R. Margolies**
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO

**5**
**DEFENDANT COUNTY OF SAN BERNARDINO'S INTERROGATORIES, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN. SR.**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Town & Country Road, Suite #1450, Orange, California 92868.

On **January 19, 2023**, I served the foregoing document(s) described as **DEFENDANT COUNTY OF SAN BERNARDINO'S INTERROGATORIES, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN, SR.** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

*REFER TO SERVICE LIST*

☐ **BY MAIL**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, I deposited such envelope in the mail at Orange, California.

☐ **BY FACSIMILE:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via facsimile at the respective telephone numbers indicated above.

☒ **BY E-MAIL:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via email at the respective email address(es) indicated above.

☐ **BY FEDERAL EXPRESS/OVERNIGHT MAIL**: I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

☐ **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the office(s) of the addressee via messenger.

☐ **BY ELECTRONIC TRANSFER** via electronic filing service provider and pursuant to *California Rules of Court*, Rule 2.251, sent by e-Service through e-Filing Portal at the time the documents were electronically filed. The service was made on the email addresses listed with the court.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 19, 2023** at Orange, California.

*Jeanette Cuevas*
Jeanette Cuevas

| | | |
|---|---|---|
| 1 | | *Service List* |
| 2 | Dale K. Galipo<br>Hang D. Le | Attorney for Plaintiffs,<br>Jonathan Wayne Botten, Sr.; Tanja Dudek-Botten; Annabelle Botten; Jonathan Wayne Botten, Jr. a minor by and through his Guardian ad Litem Jonathan Wayne Botten, Sr. |
| 3 | LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd., Suite 310 | |
| 4 | Woodland Hills, CA 91367<br>Telephone: (818) 347-3333 | |
| 5 | Email: dalekgalipo@yahoo.com<br>Hlee@galipolaw.com | |
| 6 | | |
| 7 | Diana Esquivel, Deputy Attorney General<br>1300 I Street, Suite 125 | Attorneys for Defendant, State of California, by and through the California Highway Patrol |
| 8 | Sacramento, CA  94222-2350<br>Telephone:  (916) 210-7320 | |
| 9 | Email:  Diana.Esquivel@doj.ca.gov | |

**7**

**DEFENDANT COUNTY OF SAN BERNARDINO'S INTERROGATORIES, SET ONE, TO PLAINTIFF JONATHAN WAYNE BOTTEN. SR.**

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
Attorney for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| JONATHAN WAYNE BOTTEN, SR., et al., | Case No.: CIVSB2131572 |
| Plaintiffs, | |
| vs. | **RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)** |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

**PROPOUNDING PARTY**: Defendant, COUNTY OF SAN BERNARDINO

**RESPONDING PARTY**: Plaintiff, JONATHAN WAYNE BOTTEN SR.

**SET NUMBER**: One

**TO PROPOUNDING PARTY AND THE ATTORNEY(S) OF RECORD**:

Plaintiff has not fully completed an investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed trial preparation. All of the answers contained herein are based only upon such information and documents which are presently available to, and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and

variations from the contentions herein set forth. The following interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Plaintiff accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are fashioned. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known by this responding party and should in no way be construed so as to preclude, or foreclose further discovery, research or analysis by said party.

The following general objections are made to each and every interrogatory and are deemed to be incorporated into the specific objection and response provided to each interrogatory:

Each of the following General Objections is incorporated as an objection to each interrogatory herein whether or not specific reference is made thereto:

1. Plaintiff objects on the grounds that he has not completed his factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as his present analysis of the case. However, information that may be responsive to the Interrogatories may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Plaintiff's responses are based upon information that he recalls and has identified to date, it does not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

2. Plaintiff objects to the Interrogatories to the extent that they seek irrelevant information and information that is not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to the Interrogatories to the extent that they are over-broad, vague, ambiguous, and unduly burdensome.

4. Plaintiff objects to the Interrogatories to the extent that they are vague and ambiguous and phrased so as to require Plaintiff to speculate concerning the meaning intended by Defendant.

5. Plaintiff objects to the Interrogatories to the extent that they call for information

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

protected from discovery by the attorney-client privilege, the attorney work-product doctrine and/or other applicable privileges and protections.

6. Inadvertent disclosure of such information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Plaintiff's right to object to the use of such information.

7. Plaintiff objects to the Interrogatories to the extent that they seek information that infringes upon the privacy rights of Plaintiff or third parties.

8. Plaintiffs object to the Interrogatories to the extent that they seek information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

Plaintiff's objections to the disclosure of any information requested in the Interrogatories are not and shall not be construed as an admission that any such information exists.

## RESPONSES TO INTERROGATORIES (SET ONE)

**INTERROGATORY 1:**

State every name YOU have used in the past.

**RESPONSE TO INTERROGATORY 1:**

Jonathan Wayne Botten. (1980-2008).

Jonathan Wayne Botten, Sr. (2008-present).

**INTERROGATORY 2:**

Describe YOUR residential history in the ten (10) years prior to the INCIDENT, by stating the addresses where YOU lived, the dates YOU resided there, and the persons with whom YOU resided.

**RESPONSE TO INTERROGATORY 2:**

Plaintiff has resided at 17994 Catalpa St., Hesperia, California from February 2009 to present. During this time period, Plaintiff resided with and currently still resides with Tanja Botten, Annabelle Botten, and Jonathan Botten, Jr.

**INTERROGATORY 3:**

IDENTIFY each educational institution YOU attended, the address, the year(s) attended, the field of study, any degree(s) obtained, and any disciplinary action(s) taken against YOU by such institutions.

**RESPONSES TO INTERROGATORY 3:**

Plaintiff objects to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Plaintiff responds as follows:

1. Sultana High School in Hesperia (1994-1998) (high school diploma). Plaintiff was suspended during his freshman year for ditching class.
2. Skyway Trucking (2008)

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 4:**

Describe YOUR employment history during the ten (10) years preceding the INCIDENT by stating YOUR employers (including addresses and telephone numbers), the dates of YOUR employment, YOUR position(s) at each place of employment, and YOUR salary for each position.

**RESPONSES TO INTERROGATORY 4:**

WHAT DOES HE DO? WHAT IS HIS POSITION? WHAT IS THE CO CALLED?

1. Advanced Trucking Service (August 1, 2015-Present) – Truck Driver
   14016 Santa Ana Ave., Fontana, California. (951) 377-7589 for General Manager Jon Boggio. Plaintiff is paid a biweekly salary of approximately $2,200.
2. Owner/operator (independent contractor) of a truck (2011-2015) – Cross-country truck driver. Plaintiff was paid a biweekly salary of $15,000.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

//
//
//

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

**INTERROGATORY 5:**

IDENTIFY each and every healthcare provider and/or medical professional who consulted with or treated YOU in the ten (10) years prior to the INCIDENT by providing their full name, address, telephone number, and the reason(s) for the consultation or treatment.

**RESPONSES TO INTERROGATORY 5:**

David Petersen, M.D. - Gold Coast Orthopedics & Spine, 361 Hospital Rd, Newport Beach, CA 92663

Plaintiff was treated by Dr. Peterson from 2014-2015 for injuries caused by a car accident. He had surgery to fuse his neck.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 6:**

With regard to any medication YOU are prescribed or have taken in the ten (10) years prior to the INCIDENT, provide the name(s) of the medication, the person who prescribed or furnished each, the cost of the medication, and the date YOU began and stopped taking same.

**RESPONSES TO INTERROGATORY 6:**

1. Oxycodone. Prescribed by Dr. David Petersen. Plaintiff took Oxycodone for 1 day in 2015 after his neck surgery.
2. Ibuprofen. Prescribed by Dr. David Petersen. Plaintiff took Ibuprofen for 2 weeks in 2015 after his neck surgery.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 7:**

IDENTIFY each and every drug or alcohol rehabilitation center attended by YOU in the ten (10) years prior to the INCIDENT.

**RESPONSES TO INTERROGATORY 7:**

Plaintiff has never attended a drug or alcohol rehabilitation center.

//

//

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

**INTERROGATORY 8:**

Describe in detail YOUR conduct during the twenty-four (24) hour period preceding the INCIDENT.

**RESPONSES TO INTERROGATORY 8:**

Plaintiff woke up at around 3:00-4:00 a.m. on the day before the incident. He went to the gas station to get coffee and soda. He then went to work by driving to the truck yard, getting his truck, driving to the truck site, and working. After work, Plaintiff drove home and ate dinner with his family. He talked to his kids about their day. He then took a shower and went to bed around 8:00 p.m. At around 2:30 a.m., he woke up due to the noise and activity outside of his house. His wife told him that there was police outside and they then both got up and looked out the kitchen window. As Plaintiff continued to observe through the kitchen window, his wife got their kids out of bed. Plaintiff took a video of a portion of the incident at around 2:42 a.m. Plaintiff then went to get ready for work. While Plaintiff was in the bathroom, his wife approached him and told him that the driver of the SUV got out of his car. Plaintiff exited the bathroom and went to the front door to observe. While looking through the security door, Plaintiff saw a spark near his face.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 9:**

Describe in detail YOUR conduct during the INCIDENT alleged in the operative Complaint.

**RESPONSES TO INTERROGATORY 9:**

After seeing a spark near his face, Plaintiff found himself on the ground in his living room. Plaintiff then heard his wife say something to the effect of, "They shot me in my face." When he got up and looked at his wife, he observed blood all over her face. Plaintiff then ran outside and yelled that his wife had been shot. He first encountered CHP officers who looked at him and then ignored him. He then saw sheriff's deputies walking towards his fence. He yelled at the deputies and told them to jump his fence to help his wife. The deputies came over to him and Plaintiff brought his wife outside and sat her on their bench outside. One of the deputies told Plaintiff to go get towels. Plaintiff went back

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

inside, got towels, and came back out. He then observed his son exiting the house, holding his life side. His son then said to him something to the effect of, "Hey dad, I think I got shot. I can't breathe." He brought his son to sit on the bench next to his wife. At some point, Plaintiff's wife and son were loaded onto separate ambulances. As Plaintiff was talking to the paramedics, giving them his wife and son's information, a paramedic asked him whether he had been shot. Plaintiff replied that he didn't know. Plaintiff then took off his flannel and saw for the first time that he had blood all over his arms. The paramedics then cut his shirt off and called for another ambulance. While he was waiting, Plaintiff smoked a cigarette and walked over to a neighbor, telling the neighbor that he had been shot. When the third ambulance pulled up, the personnel initially approached the subject on the ground who had been shot by the officers. However, one officer told them something to the effect of, "No, not him. He's dead. We've got someone over her," indicating towards Plaintiff. After Plaintiff had been loaded onto the ambulance, a CHP Officer whom Plaintiff believed was named "Muntz" approached Plaintiff and said something to the effect of, "Hey, I just wanted to let you know the suspect shot first." Plaintiff replied something to the effect of, "I didn't see him with a gun." Muntz then slammed Plaintiff's ambulance door shut.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 10:**

IDENTIFY and describe all photographs or videotapes taken of the INCIDENT including any alleged injuries or damages, including the number of photographs/videos which were taken and the IDENTITY of the photographer and person(s) who has or had possession of such photographs.

**RESPONSES TO INTERROGATORY 10:**

1. Video of incident – taken by Plaintiff
2. Photographs of Plaintiff's injuries – taken by Plaintiff or Tanja Dudek-Botten
3. Photographs of damage to house – taken by Plaintiff

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

**INTERROGATORY 11:**

State each and every offense for which YOU have been arrested, including the date(s) of arrest, arresting agency, case number, and disposition of charges.

**RESPONSES TO INTERROGATORY 11:**

Plaintiff objects to this Interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Plaintiff responds as follows:

1. Domestic Violence (July or August of 2006) – No charges. After diligent search and reasonable inquiry, Plaintiff is unable to locate information regarding arresting agency and case number at this time.
2. Domestic Violence (September 2006) – Plaintiff pled no contest and received summary probation for 1 year. After diligent search and reasonable inquiry, Plaintiff is unable to locate information regarding arresting agency and case number at this time.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 12:**

If YOU were ever convicted of a crime, then for each conviction state the city and state where YOU were convicted, the date of conviction, offense, and the court and case number.

**RESPONSES TO INTERROGATORY 12:**

Plaintiff was convicted of "Inflicting Corporal Punishment on a Spouse without Injury" in 2006 in San Bernardino Superior Court. After diligent search and reasonable inquiry, Plaintiff is unable to locate information the case number and exact date of conviction at this time.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 13:**

IDENTIFY each and every witness to any of the events surrounding this lawsuit, including witnesses to liability and damages/injuries, IDENTIFYING each such witness by their name, address, and telephone number and providing a brief summary of their knowledge relevant to this

lawsuit.

**RESPONSES TO INTERROGATORY 13:**

1. Plaintiff – facts and circumstances surrounding the incident; damages.
2. Jonathan Wayne Botten, Jr. – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident; damages.
3. Tanja Dudek-Botten – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident; damages.
4. Annabelle Botten – c/o Plaintiffs' counsel; facts and circumstances surrounding the incident; damages.
5. Neighbor Sal (last name unknown) – 18010 Catalpla St., Hesperia, CA; (951) 403-4532; facts and circumstances surrounding the incident.
6. Neighbors (names and contact information currently unknown)
7. Isaiah Kee – c/o State defense counsel; facts and circumstances surrounding the incident.
8. Michael Blackwood – c/o State defense counsel; facts and circumstances surrounding the incident.
9. Bernardo Rubalcava – c/o State defense counsel; facts and circumstances surrounding the incident.
10. Robert Vaccari – c/o County defense counsel; facts and circumstances surrounding the incident.
11. Jake Adams – c/o County defense counsel; facts and circumstances surrounding the incident.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 14:**

If YOU are seeking damages for lost income or lost earning capacity, state the amount of YOUR claim and explain how that amount was calculated.

//

//

//

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

**RESPONSES TO INTERROGATORY 14:**

Plaintiff estimates that he lost approximately $4,300 in lost income due to missing work for 1 month after the incident. This is calculated based on his biweekly salary of approximately $2,100-$2,200.

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 15:**

If YOU are seeking emotional distress damages in this matter, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 15:**

Plaintiff objects to this Interrogatory on the basis that emotional distress damages are difficult to quantify, are not readily amenable to calculation, and is generally considered a fact issue for the jury.

**INTERROGATORY 16:**

If YOU are seeking damages for medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 16:**

Based on the current information Plaintiff has, Plaintiff currently has medical expenses totaling approximately $1,500. This is calculated based on the liens issued on behalf of Desert Valley Medical Group. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 17:**

If YOU are seeking damages for future medical expenses as a result of the INCIDENT, state the amount of YOUR claim and explain how that amount was calculated.

**RESPONSES TO INTERROGATORY 17:**

Plaintiff estimates that he will incur approximately $5,000-$10,000 in additional medical expenses. This is calculated based on his current problems with his right arm and estimate of the

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**

physical therapy needed to help rehabilitate his arm. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 18:**

If YOU are seeking property damages, state the amount of YOUR claim and explain how YOU calculated this figure.

**RESPONSES TO INTERROGATORY 18:**

Plaintiff is not seeking property damages. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**INTERROGATORY 19:**

If YOU seeking any other damages not already described in interrogatories 14-18, IDENTIFY the type of damages, state the amount of damages, and explain how the figure was calculated.

**RESPONSES TO INTERROGATORY 19:**

Plaintiff seeks compensatory damages of approximately $700. This is calculated based on the amount of gas Plaintiff had to expend driving from Hesperia to Loma Linda to be with his son during his son's stay at the hospital and the hotel bill incurred while Plaintiff stay near his son's hospital. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

DATED: April 3, 2023                    THE LAW OFFICES OF DALE K. GALIPO

                                        BY: _____
                                        Dale K. Galipo
                                        Hang D. Le
                                        Attorneys for Plaintiffs

RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)

# PROOF OF SERVICE
(C.C.P. §§ 1013a and 2015.5)

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Karen Slyapich, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On April 3, 2023 I served the foregoing document described as **RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)** all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Shannon L. Gustafson<br>Amy Margolies<br>Lynberg & Watkins<br>1100 W. Town & Country Rd., Suite 1450<br>Orange, California 92868<br>Email: sgustafson@lynberg.com;<br>amargolies@lynberg.com<br><br>Attorneys for County of San Bernardino | Diana Esquivel<br>Office of the Attorney General, State of CA<br>1300 I Street, Ste. 125<br>Sacramento, CA 95814<br>Email: Diana.Esquivel@doj.ca.gov<br><br>Attorney for State of California |

### METHOD OF SERVICE

☒ (**BY MAIL**) I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (**BY PERSONAL SERVICE**) I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐ (**BY FACSIMILE**) I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

☒ (**BY ELECTRONIC SERVICE**) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

### JURISDICTION

☒ (State) I declare under penalty of perjury that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Karen Slyapich
Executed on April 3, 2023, at Woodland Hills, California

**RESPONSES BY PLAINTIFF JONATHAN WAYNE BOTTEN SR. TO INTERROGATORIES (SET ONE)**