# EXHIBIT J

SHANNON L. GUSTAFSON, (SBN228856)
sgustafson@lynberg.com
AMY R. MARGOLIES, (SBN283471)
amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO
ROBERT VACCARI, AND JAKE ADAMS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

L.C., a minor by and through her
guardian *ad litem* Maria Cadena,
individually and as successor-in-interest
to Hector Puga; I.H., a minor by and
through his guardian *ad litem* Jasmine
Hernandez, individually and as
successor-in-interest to Hector Puga;
A.L., a minor by and through her
guardian *ad litem* Lydia Lopez,
individually and as successor-in-interest
to Hector Puga; and ANTONIA
SALAS UBALDO, individually,

         Plaintiffs,

    vs.

STATE OF CALIFORNIA; COUNTY
OF SAN BERNARDINO; S.S.C., a
nominal defendant; ISAIAH KEE;
MICHAEL BLACKWOOD;
BERNARDO RUBALCAVA;
ROBERT VACCARI; JAKE ADAMS;
and DOES 6-10, inclusive,

         Defendants.

CASE NO. 5:22-cv-00949-JGB-(KK)

*Assigned for All Purposes to:*
*Hon. Judge Bernal– Courtroom 1*

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF L.C., A MINOR BY AND THROUGH HER GUARDIAN AD LITEM, MARIA CADENA, INDIVIDUALLY**

*Trial Date:    Not Assigned*

*Complaint filed: 06/07/2022*
*FAC filed:10/18/2022*
*SAC filed: 01/13/2023*

**1**
**DEFENDANT COUNTY OF SAN BERNARDINO'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO**
**PLAINTIFF L.C., INDIVIDUALLY**

| | | |
|---|---|---|
| **PROPOUNDING PARTY:** | DEFENDANT COUNTY OF SAN BERNARDINO | |
| **RESPONDING PARTY:** | PLAINTIFF L.C., BY AND THROUGH HER GUARDIAN AD LITEM, MARIA CADENA, Individually | |
| **SET NO.:** | One (1) | |

Pursuant to Rule 34 of the <u>Federal Rules of Civil Procedure</u>, Defendant COUNTY OF SAN BERNARDINO ("Defendants") hereby propound its First Set of Requests for Production of Documents and Things on Plaintiff L.C., A MINOR BY AND THROUGH HER GUARDIAN AD LITEM, MARIA CADENA, Individually (hereinafter "Plaintiff").

## <u>DEFINITIONS AND INSTRUCTIONS</u>

As used herein:

A. "DOCUMENT" means: (a) all writings of any kind whether handwritten, typed, printed or otherwise produced or reproduced, and including, but not limited to, all letters, telegrams, teletypes, telexes, cables, interoffice and interoffice communications, medical records, memoranda, notes, opinions, reports, evaluations, recommendations, reviews, analyses, entries in personal diaries or other record books, summaries or notes of conversations or communications of any type or description (including, without limitation, telephone conversations, personal conversations or interviews, meetings, conferences, negotiations and investigations), marginal comments appearing in any document, calendars, pamphlets, books, manuals, directives, bulletins, news releases, advertisements, ledgers, statistics, surveys, checks, financial statements, invoices, receipts, work sheets, opinions, evaluations, recommendations and analyses <u>and all drafts of</u> any of the <u>foregoing writings</u>; (b) all graphic, mechanical, audio, video, magnetic or electronic reproductions, representations, records or compilations of data of any kind,

1  including, but not limited to, drawings, charts, graphs, motion picture films,

2  microfilm, microfiles, reels, cassettes, plates, photographs, slides, phonograph, tape

3  or other records, videotapes, punch cards, magnetic tapes, discs, data cells and

4  drums, and all drafts of any of the foregoing; and (c) all nonidentical copies of the

5  documents listed in (a) and (b) above.

6      B.    For purposes of the foregoing definitions, the term "drafts" means any

7  earlier, preliminary, preparatory, or tentative version of all or part of a

8  DOCUMENT, whether or not such draft was superseded by a later draft, and

9  whether or not the terms of the draft are the same as or different from the terms of

10  the final DOCUMENT; and the term "copies" of any DOCUMENTS means all

11  versions of a DOCUMENT which are not, in every respect, identical to the

12  DOCUMENTS being produced.

13      C.    "COMMUNICATION" means conversations (whether face-to-face, by

14  telephone, or otherwise), correspondence, memoranda, meetings, discussions,

15  telegrams, releases, and all other means of exchanging or imparting information.

16      D.    "PERSON" means any natural person, corporation, partnership,

17  unincorporated association, trust, government (or agency thereof), quasi-public

18  entity, association, or other entity or group of any description.  The singular and

19  plural forms are used interchangeably, as are the masculine and feminine forms.

20      E.    "REPRESENTATIVE" means each officer, director, employee,

21  servant, and agent, past and present, of the relevant PERSON, including, without

22  limitation, any advisor, accountant, or attorney.

23      F.    "PLAINTIFF," "YOU" or "YOUR" means Plaintiff L.C., A MINOR

24  BY AND THROUGH HER GUARDIAN AD LITEM, MARIA CADENA,

25  Individually (hereinafter "Plaintiff").

26      G.    "DECEDENT" means HECTOR PUGA.

27  ///

28

**3**

**DEFENDANT COUNTY OF SAN BERNARDINO'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO**
**PLAINTIFF L.C., INDIVIDUALLY**

H.    All DOCUMENTS are to be produced in the file in which such DOCUMENTS have been maintained in the order within each file in which such DOCUMENTS have been maintained.  The DOCUMENTS produced pursuant to this request shall be separately produced for each paragraph of the request, or in the alternative, shall be identified as complying with a particular paragraph or paragraphs of the request to which they respond.

I.    All DOCUMENTS are to be produced in full and unexpurgated form; redacted DOCUMENTS will not constitute compliance with this request.

J.    If any DOCUMENT or category of DOCUMENTS requested is difficult to produce fully, please produce those DOCUMENTS that can be produced in a timely fashion and notify defendant's counsel promptly after receiving these requests of the DOCUMENTS that cannot be produced in a timely fashion.  If you believe any DOCUMENT request to be unduly burdensome, please notify defendant's counsel promptly after receiving this Request in order to secure clarification or limitation of the Request.

K.    If Plaintiff withholds any DOCUMENT covered by this Request by reason of a claim of privilege, a list is to be furnished at the time the DOCUMENTS requested are produced identifying each such DOCUMENT for which the privilege is claimed, together with the following information with respect to each DOCUMENT withheld: date, sender, recipient, PERSON(s) to whom copies were furnished and their job titles, general subject matter, basis on which privilege is claimed, and the paragraph of this Request to which such DOCUMENT relates.

L.    These Requests are intended to include all DOCUMENTS, as defined, in the possession, custody, or control of Plaintiff, including his employees, agents, directors, officers, accountants, or attorneys, whether located within or outside of this District by whomever prepared.

///

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF L.C., INDIVIDUALLY**

M.  Whenever the term "INCIDENT" is used in a Request, it refers to the incident which gave rise to this lawsuit.

N.  Whenever the term "INCOME" is used in a Request, it means all gross income, from whatever source derived, including but not limited to compensation for services rendered, gains, profits, and income derived from salaries or wages.

O.  Whenever the term "OPERATIVE COMPLAINT" is used in a Request, it means the Second Amended Complaint YOU filed January 13, 2023, Case Number: 5:22-cv-00949-JGB-KK.

P.  Whenever the term "RELATING" or "RELATE" is used in a Request, it means, in addition to its customary and usual meaning, addressing, discussing, referring, evidencing, stating, showing, analyzing, summarizing, or recording.

Q.  All DOCUMENTS responsive to this Request shall be produced at Lynberg & Watkins, 1100 Town & Country Rd, Suite 1450, Orange, California 92868; (714) 937-1010, within 30 days of the date of their service.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NUMBER 1:

Any and all DOCUMENTS RELATING to any mental, physical, and/or emotional injuries which YOU claim to have sustained as a result of the INCIDENT.

### REQUEST FOR PRODUCTION NUMBER 2:

Any and all DOCUMENTS RELATING to any physician, psychotherapist, and/or healthcare provider with whom YOU have consulted, been examined by, or treated by for any injury YOU attribute to the INCIDENT.

### REQUEST FOR PRODUCTION NUMBER 3:

All statements, billings, and invoices for medical treatment, medical examinations, and/or medical consultations YOU have received for injuries or physical or emotional complaints arising out of the INCIDENT.

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF L.C., INDIVIDUALLY**

**REQUEST FOR PRODUCTION NUMBER 4:**

Any diary maintained by YOU during all, or any part, of the period between 2016 and the present time.

**REQUEST FOR PRODUCTION NUMBER 5:**

Any photographs depicting YOU in the company of the DECEDENT at any time in the ten (10) years prior to his death.

**REQUEST FOR PRODUCTION NUMBER 6:**

Any videos depicting YOU in the company of the DECEDENT at any time in the ten (10) years prior to his death.

**REQUEST FOR PRODUCTION NUMBER 7:**

Any DOCUMENTS evidencing COMMUNICATION between YOU and the DECEDENT at any time in the ten (10) years prior to his death.

**REQUEST FOR PRODUCTION NUMBER 8:**

Any and all DOCUMENTS which reflect, refer, or RELATE to economic support given by DECEDENT to YOU during the last ten (10) years of DECEDENT's life.

**REQUEST FOR PRODUCTION NUMBER 9:**

Any and all photographs, videotapes, or audio tapes that depict any or all of the INCIDENT giving rise to this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 10:**

Any and all photographs, videotapes, or audio tapes which depict any or all interviews of YOU regarding the events giving rise to this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 11:**

Copies of all written or recorded statements by any witness regarding the events that gave rise to this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 12:**

Copies of all notes taken during any interview with any witness regarding the

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF L.C., INDIVIDUALLY**

1  events that gave rise to this lawsuit.

2  **REQUEST FOR PRODUCTION NUMBER 13:**

3  Copies of all notes taken during any interview with YOU regarding the events

4  which gave rise to this lawsuit.

5  **REQUEST FOR PRODUCTION NUMBER 14:**

6  Any DOCUMENTS sent to YOU by any witness(es) to the INCIDENT.

7  **REQUEST FOR PRODUCTION NUMBER 15:**

8  Copies of all notes, charts, summaries, exhibits or reports provided to or

9  received from any experts intended to be called by YOU at the trial of this matter.

10  **REQUEST FOR PRODUCTION NUMBER 16:**

11  All DOCUMENTS that relate to, support, or evidence YOUR claims as

12  alleged in YOUR OPERATIVE COMPLAINT.

13  **REQUEST FOR PRODUCTION NUMBER 17:**

14  Any and all correspondence, diaries, notes, chronologies, incident notations,

15  or otherwise, made by YOU which RELATE to any of the claims YOU make in the

16  OPERATIVE COMPLAINT.

17  **REQUEST FOR PRODUCTION NUMBER 18:**

18  Any and all correspondence, diaries, chronologies, incident notations,

19  photographs, videotapes, audiotapes, films, or otherwise, made by any PERSON

20  other than YOU which RELATE to the INCIDENT alleged in the instant lawsuit.

21  **REQUEST FOR PRODUCTION NUMBER 19:**

22  All DOCUMENTS known to YOU that RELATE to, support, or evidence

23  DECEDENT's claim that the COUNTY OF SAN BERNARDINO and/or its

24  employees violated his constitutional rights.

25  **REQUEST FOR PRODUCTION NUMBER 20:**

26  Any DOCUMENTS sent by YOU to the COUNTY OF SAN BERNARDINO

27  after this INCIDENT.

28

**7**

**DEFENDANT COUNTY OF SAN BERNARDINO'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO**
**PLAINTIFF L.C., INDIVIDUALLY**

**REQUEST FOR PRODUCTION NUMBER 21:**

Any DOCUMENTS sent to YOU by the COUNTY OF SAN BERNARDINO after this INCIDENT.

**REQUEST FOR PRODUCTION NUMBER 22:**

A copy of YOUR Birth Certificate.

**REQUEST FOR PRODUCTION NUMBER 23:**

Any and all DOCUMENTS evidencing COMMUNICATIONS between YOU and the County of San Bernardino after the INCIDENT giving rise to this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 24:**

Any and all social media, including newspaper articles, in YOUR possession regarding the circumstances which gave rise to this lawsuit.

**REQUEST FOR PRODUCTON NUMBER 25:**

Any social media posts YOU made or were posted on any of YOUR social media accounts regarding the circumstances which gave rise to this lawsuit.

**REQUEST FOR PRODUCTON NUMBER 26:**

Any emails sent or received by YOU regarding the circumstances which gave rise to this lawsuit.

**REQUEST FOR PRODUCTON NUMBER 27:**

Any text messages sent or received by YOU regarding the circumstances which gave rise to this lawsuit.

DATED: March 24, 2023

**LYNBERG & WATKINS**
A Professional Corporation

By:  /s/ Amy R. Margolies
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,
ROBERT VACCARI, AND JAKE
ADAMS

**8**
**DEFENDANT COUNTY OF SAN BERNARDINO'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO**
**PLAINTIFF L.C., INDIVIDUALLY**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Town & Country Road, Suite #1450, Orange, California 92868.

On March 24, 2023, I served the foregoing document(s) described as **DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF L.C., A MINOR BY AND THROUGH HER GUARDIAN AD LITEM, MARIA CADENA, INDIVIDUALLY** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

### *REFER TO ATTACHED SERVICE LIST*

☐ **BY MAIL**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, I deposited such envelope in the mail at Orange, California.

☐ **VIA ELECTRONIC MAIL (CM/ECF) -** all parties listed above have been served via electronic mail through the court's CM/ECF system, which automatically generates a Notice of Electronic Filing (NEF) allowing registered e-filers to retrieve the document.

☐ **BY FEDERAL EXPRESS/OVERNIGHT MAIL**: I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

☒ **BY ELECTRONIC MAIL:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted at the respective email address(es) indicated.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 24, 2023, at Orange, California.

_____
*Jeanette Cuevas*
**Jeanette Cuevas**

**9**
**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFF L.C., INDIVIDUALLY**

*SERVICE LIST*

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Hang D. Le, Esq.<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Boulevard, Suite 310<br>Woodland Hills, California 91367<br>Tele: (818) 347-3333<br>Fax: (818) 347-4118<br>Email: dalekgalipo@yahoo.com<br>Email: hlee@galipolaw.com | Attorney for Plaintiffs,<br>L.C., I.H., A.L., and<br>ANTONIA SALAS UBALDO |
| Diana Esquivel<br>Deputy Attorney General<br>TORT & CONDEMNATION<br>SECTION<br>Office of the Attorney General<br>Tel: (916) 210-7320<br>Fax: (916) 322-8288<br>Email: Diana.Esquivel@doj.ca.gov | Attorney for Defendant |

**DEFENDANT COUNTY OF SAN BERNARDINO'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO**
**PLAINTIFF L.C., INDIVIDUALLY**

Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hand D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333/ Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor, et al., | Case No. 5:22-cv-00949-JGB-(KK) |
| Plaintiff, | (*Hon. Jesus G. Bernal*) |
| vs. | **PLAINTIFF L.C.'S RESPONSES AND OBJECTIONS TO DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION** |
| STATE OF CALIFORNIA, et al., | |
| Defendant. | |

**PROPOUNDING PARTY:**     Defendant, County of San Bernardino

**RESPONDING PARTY:**     Plaintiff, L.C., by and through her GAL, Maria Cadena

**SET NUMBER:**     One (1)

# I.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, and are made on the basis of information which is presently known by and available to Plaintiff. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court.  All such objections are reserved and may be interposed at the time of trial.

Plaintiff has not yet completed the investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Plaintiff's right to amend or supplement the responses herein at a later date.  No admissions of any nature whatsoever are implied or should be inferred.  Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Plaintiff reserves the right to continue the investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case.  In addition, Plaintiff reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

///

///

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

# II.

# GENERAL OBJECTIONS

1.      Plaintiff objects to the Requests, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2.      Plaintiff objects to each Request to the extent that it seeks to require Plaintiff to provide information other than that which may be obtained through a reasonably diligent search of records, or to create a summary or compilation other than as maintained in the regular course of business.  Plaintiff further objects to each Request to the extent that it seeks to require Plaintiff to provide information not in Plaintiff's possession, custody or control.

3.      Plaintiff objects to each and every Request to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to each and every Request to the extent that such discovery is overly broad, vague, and ambiguous.

5.      Plaintiff objects to each and every Request to the extent that it seeks information already known by, or reasonably accessible to Defendant, or facts that are solely within the knowledge and control of Defendant.

6.      Plaintiff objects on the grounds that Plaintiff has not completed the factual investigation.  These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as the present analysis of the case.  However, information that may be responsive may not yet have been discovered.  Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement these responses as and when additional information is discovered.  Additionally, because Plaintiff's responses are based upon information that Plaintiff recalls and has identified to date, they do not preclude Plaintiff from relying on facts

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## III.

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Any and all DOCUMENTS RELATING to any mental, physical, and/or emotional injuries which YOU claim to have sustained as a result of the INCIDENT.

**RESPONSE TO REQUEST NO. 1:**

After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 2:**

Any and all DOCUMENTS RELATING to any physician, psychotherapist, and/or healthcare provider with whom YOU have consulted, been examined by, or treated by for any injury YOU attribute to the INCIDENT.

**RESPONSE TO REQUEST NO. 2:**

No such documents exist.

**REQUEST NO. 3:**

All statements, billings, and invoices for medical treatment, medical examinations, and/or medical consultations YOU have received for injuries or physical or emotional complaints arising out of the INCIDENT.

**RESPONSE TO REQUEST NO. 3:**

No such documents exist.

**REQUEST NO. 4:**

Any diary maintained by YOU during all, or any part, of the period between 2016 and the present time.

**RESPONSE TO REQUEST NO. 4:**

No such documents exist.

**REQUEST NO. 5:**

Any photographs depicting YOU in the company of the DECEDENT at any time in the ten (10) years prior to his death.

**RESPONSE TO REQUEST NO. 5:**

After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 6:**

Any videos depicting YOU in the company of the DECEDENT at any time in the ten (10) years prior to his death.

**RESPONSE TO REQUEST NO. 6:**

After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 7:**

Any DOCUMENTS evidencing COMMUNICATION between YOU and the DECEDENT at any time in the ten (10) years prior to his death.

**RESPONSE TO REQUEST NO. 7:**

No such documents exist.

**REQUEST NO. 8:**

Any and all DOCUMENTS which reflect, refer, or RELATE to economic support given by DECEDENT to YOU during the last ten (10) years of DECEDENT's life.

**RESPONSE TO REQUEST NO. 8:**

After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 9:**

Any and all photographs, videotapes, or audio tapes that depict any or all of the INCIDENT giving rise to this lawsuit.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff is informed and thereon believes that there is video taken by Jonathan Wayne Botten, Sr. Plaintiff is informed of and thereon believes that this video has already been produced to Defendant.

**REQUEST NO. 10:**

Any and all photographs, videotapes, or audio tapes which depict any or all interviews of YOU regarding the events giving rise to this lawsuit.

**RESPONSE TO REQUEST NO. 10:**

No such documents exist.

**REQUEST NO. 11:**

Copies of all written or recorded statements by any witness regarding the events that gave rise to this lawsuit.

-5-

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiff responds as follows: After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 12:**

Copies of all notes taken during any interview with any witness regarding the events that gave rise to this lawsuit.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiff responds as follows: After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 13:**

Copies of all notes taken during any interview with YOU regarding the events which gave rise to this lawsuit.

**RESPONSE TO REQUEST NO. 13:**

No such documents exist.

**REQUEST NO. 14:**

Any DOCUMENTS sent to YOU by any witness(es) to the INCIDENT.

**RESPONSE TO REQUEST NO. 14:**

After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 15:**

Copies of all notes, charts, summaries, exhibits or reports provided to or received from any experts intended to be called by YOU at the trial of this matter.

**RESPONSE TO REQUEST NO. 15:**

No such documents exist at this time.

**REQUEST NO. 16:**

All DOCUMENTS that relate to, support, or evidence YOUR claims as alleged in YOUR OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiff responds as follows: After diligent search and reasonable inquiry, Plaintiff is unable to locate any additional responsive documents not already produced in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 17:**

Any and all correspondence, diaries, notes, chronologies, INCIDENT notations, or otherwise, made by YOU which RELATE to any of the claims YOU make in the OPERATIVE COMPLAINT.

**RESPONSE TO REQUEST NO. 17:**

No such documents exist.

**REQUEST NO. 18:**

Any and all correspondence, diaries, chronologies, INCIDENT notations, photographs, videotapes, audiotapes, films, or otherwise, made by any PERSON other than YOU which RELATE to the INCIDENT alleged in the instant lawsuit.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiff responds as follows: After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 19:**

All DOCUMENTS known to YOU that RELATE to, support, or evidence DECEDENT's claim that the COUNTY OF SAN BERNARDINO and/or its employees violated his constitutional rights.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiff responds as follows: After diligent search and reasonable inquiry, Plaintiff is unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this response.

**REQUEST NO. 20:**

Any DOCUMENTS sent by YOU to the COUNTY OF SAN BERNARDINO after this INCIDENT.

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST NO. 20:**

Plaintiff is concurrently producing Plaintiff's Government Tort Claim submitted to the County of San Bernardino and related correspondence.

**REQUEST NO. 21:**

Any DOCUMENTS sent to YOU by the COUNTY OF SAN BERNARDINO after this INCIDENT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff is concurrently producing two letters of correspondence from the County of San Bernardino regarding Plaintiff's Government Tort Claim submission.

**REQUEST NO. 22:**

A copy of YOUR Birth Certificate.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff is concurrently producing a copy of her Birth Certificate with these Responses.

**REQUEST NO. 23:**

Any and all DOCUMENTS evidencing COMMUNICATIONS between YOU and the County of San Bernardino after the INCIDENT giving rise to this lawsuit.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff is concurrently producing Plaintiff's Government Tort Claim submitted to the County of San Bernardino and related correspondence, and correspondence from the County of San Bernardino regarding Plaintiff's Government Tort Claim.

**REQUEST NO. 24:**

Any and all social media, including newspaper articles, in YOUR possession

-9-

1  regarding the circumstances which gave rise to this lawsuit.

2  **RESPONSE TO REQUEST NO. 24:**

3      Plaintiff is concurrently producing news media articles in Plaintiff's

4  possession.

5

6  **REQUEST NO. 25:**

7      Any social media posts YOU made or were posted on any of YOUR social

8  media accounts regarding the circumstances which gave rise to this lawsuit.

9  **RESPONSE TO REQUEST NO. 25:**

10      No such documents exist.

11

12  **REQUEST NO. 26:**

13      Any emails sent or received by YOU regarding the circumstances which gave

14  rise to this lawsuit.

15  **RESPONSE TO REQUEST NO. 26:**

16      No such documents exist.

17

18  **REQUEST NO. 27:**

19      Any text messages sent or received by YOU regarding the circumstances

20  which gave rise to this lawsuit.

21  **RESPONSE TO REQUEST NO. 27:**

22      No such documents exist.

23

24  DATED:  June 23, 2023              THE LAW OFFICES OF DALE K. GALIPO

25

26                          BY:  _____*/s/ Hang D. Le*_____

27                               Dale K. Galipo
                                Hang D. Le

28                               Attorneys for Plaintiffs

-10-

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On June 23, 2023, I served the foregoing document described as: **PLAINTIFF L.C.'S RESPONSES AND OBJECTIONS TO DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

<u>METHOD OF SERVICE</u>

☒ (**BY MAIL**) I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (**BY PERSONAL SERVICE**) I delivered the document by hand to the above indicated addressee(s).

☐ (**BY FACSIMILE**) I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

☐ (**BY ELECTRONIC SERVICE**) Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

<u>JURISDICTION</u>

☐ (State) I declare under penalty of perjury that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 23, 2023, at Woodland Hills, California

Karen Slyapich

1

<u>SERVICE LIST</u>

2

3    Shannon L. Gustafson
     Amy R. Margolies
4    LYNBERG & WATKINS
     1100 W. Town & Country Road, Suite #1450
5    Orange, California 92868
     Email:  Sgustafson@lynberg.com
6    Amargolies@lynberg.com

7    Attorneys for Defendants

8

9    Diana Esquivel
     Deputy Attorney General
10   1300 I Street, Suite 125
     P.O. Box 944255
11   Sacramento, CA 94244-2550
     E-mail: Diana.Esquivel@doj.ca.gov

12   Attorneys for Defendants State of California, by and through
     the California Highway Patrol
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333/ Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor, et al.,<br><br>       Plaintiff,<br><br>       vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>       Defendant. | Case No. 5:22-cv-00949-KK-(SHK)<br><br>*Hon. Kenly Kiya Kato*<br><br>**PLAINTIFF L.C.'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY:**    Defendant, County of San Bernardino

**RESPONDING PARTY:**    Plaintiff, L.C., a minor by and through her GAL, Maria Cadena

**SET NUMBER:**    One (1)

# I.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, and are made on the basis of information which is presently known by and available to Plaintiff. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court.  All such objections are reserved and may be interposed at the time of trial.

Plaintiff has not yet completed the investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Plaintiff's right to amend or supplement the responses herein at a later date.  No admissions of any nature whatsoever are implied or should be inferred.  Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Plaintiff reserves the right to continue the investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case.  In addition, Plaintiff reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

///

///

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

## II.

## GENERAL OBJECTIONS

1.      Plaintiff objects to the Requests, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2.      Plaintiff objects to each Request to the extent that it seeks to require Plaintiff to provide information other than that which may be obtained through a reasonably diligent search of records, or to create a summary or compilation other than as maintained in the regular course of business.  Plaintiff further objects to each Request to the extent that it seeks to require Plaintiff to provide information not in Plaintiff's possession, custody or control.

3.      Plaintiff objects to each and every Request to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to each and every Request to the extent that such discovery is overly broad, vague, and ambiguous.

5.      Plaintiff objects to each and every Request to the extent that it seeks information already known by, or reasonably accessible to Defendant, or facts that are solely within the knowledge and control of Defendant.

6.      Plaintiff objects on the grounds that Plaintiff has not completed the factual investigation.  These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as the present analysis of the case.  However, information that may be responsive may not yet have been discovered.  Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement these responses as and when additional information is discovered.  Additionally, because Plaintiff's responses are based upon information that Plaintiff recalls and has identified to date, they do not preclude Plaintiff from relying on facts

or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## III.

## PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 9:**

Any and all photographs, videotapes, or audio tapes that depict any or all of the INCIDENT giving rise to this lawsuit.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request on the basis that it calls for documents already in Defendant's possession, custody, or control. Without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff identifies the following videos that are in Defendant's possession, custody, and control: COSB1417-COSB1470.

Additionally, Plaintiff is concurrently producing a video that is responsive to this request [Plaintiff 0241].

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this Response.

**REQUEST NO. 16:**

All DOCUMENTS that relate to, support, or evidence YOUR claims as alleged in YOUR OPERATIVE COMPLAINT.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Plaintiff is concurrently producing a video that is responsive to this request [Plaintiff 0241].

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this Response.

//

1    DATED:  October 31, 2024              THE LAW OFFICES OF DALE K. GALIPO

2

3                                                         BY:  _____/s/ Hang D. Le_____

4                                                                Dale K. Galipo

5                                                                Hang D. Le
                                                                 Attorneys for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF
PRODUCTION REQUESTS FOR PRODUCTION

Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333/ Fax: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor, et al.,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                    Defendant. | Case No. 5:22-cv-00949-KK-(SHK)<br><br>*Hon. Kenly Kiya Kato*<br><br>**PLAINTIFF L.C.'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY:**   Defendant, County of San Bernardino

**RESPONDING PARTY:**   Plaintiff, L.C., a minor by and through her GAL, Maria Cadena

**SET NUMBER:**   One (1)

---

# I.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, and are made on the basis of information which is presently known by and available to Plaintiff. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court.  All such objections are reserved and may be interposed at the time of trial.

Plaintiff has not yet completed the investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Plaintiff's right to amend or supplement the responses herein at a later date.  No admissions of any nature whatsoever are implied or should be inferred.  Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Plaintiff reserves the right to continue the investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case.  In addition, Plaintiff reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

///

///

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

## II.

## GENERAL OBJECTIONS

1.  Plaintiff objects to the Requests, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2.  Plaintiff objects to each Request to the extent that it seeks to require Plaintiff to provide information other than that which may be obtained through a reasonably diligent search of records, or to create a summary or compilation other than as maintained in the regular course of business.  Plaintiff further objects to each Request to the extent that it seeks to require Plaintiff to provide information not in Plaintiff's possession, custody or control.

3.  Plaintiff objects to each and every Request to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.  Plaintiff objects to each and every Request to the extent that such discovery is overly broad, vague, and ambiguous.

5.  Plaintiff objects to each and every Request to the extent that it seeks information already known by, or reasonably accessible to Defendant, or facts that are solely within the knowledge and control of Defendant.

6.  Plaintiff objects on the grounds that Plaintiff has not completed the factual investigation.  These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as the present analysis of the case.  However, information that may be responsive may not yet have been discovered.  Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement these responses as and when additional information is discovered.  Additionally, because Plaintiff's responses are based upon information that Plaintiff recalls and has identified to date, they do not preclude Plaintiff from relying on facts

-2-

1 | or documents recalled, discovered or generated pursuant to subsequent investigation
2 | and discovery.

### III.

### PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 9:**

Any and all photographs, videotapes, or audio tapes that depict any or all of the INCIDENT giving rise to this lawsuit.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Plaintiff is concurrently producing videos, identified in Plaintiff L.C.'s Responses to Defendant Robert Vaccari's Interrogatories (Set One), Response to Interrogatory 10, that are responsive to this request [Plaintiff 0256-258].

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this Response.

**REQUEST NO. 16:**

All DOCUMENTS that relate to, support, or evidence YOUR claims as alleged in YOUR OPERATIVE COMPLAINT.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Plaintiff is concurrently producing videos, identified in Plaintiff L.C.'s Responses to Defendant Robert Vaccari's Interrogatories (Set One), Response to Interrogatory 10, that are responsive to this request [Plaintiff 0256-258].

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this Response.

//
//
//

DATED:  December 31, 2024

THE LAW OFFICES OF DALE K. GALIPO

BY:         */s/ Hang D. Le*

Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION