# EXHIBIT K

SHANNON L. GUSTAFSON, (SBN228856)
sgustafson@lynberg.com
AMY R. MARGOLIES, (SBN283471)
amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF SAN BERNARDINO,
ROBERT VACCARI, AND JAKE ADAMS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually,<br><br>                Plaintiffs,<br><br>        vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>                Defendants. | CASE NO. 5:22-cv-00949-JGB-(KK)<br><br>*Assigned for All Purposes to:*<br>*Hon. Judge Bernal– Courtroom 1*<br><br>**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**<br><br>*Trial Date:      Not Assigned*<br><br>*Complaint filed: 06/07/2022*<br>*FAC filed:10/18/2022*<br>*SAC filed: 01/13/2023* |

**PROPOUNDING PARTY:**     DEFENDANT COUNTY OF SAN BERNARDINO

**RESPONDING PARTY:**     PLAINTIFFS L.C., I.H., AND A.L. AS MINORS BY AND THROUGH THEIR GUARDIAN'S AD LITEM AS SUCCESSORS-IN-INTEREST AND REPRESENTATIVES OF THE ESTATE OF HECTOR PUGA;

**SET NO.:**     One (1)

Pursuant to Rule 34 of the <u>Federal Rules of Civil Procedure</u>, Defendant COUNTY OF SAN BERNARDINO ("Defendant") hereby propound its First Set of Requests for Production of Documents and Things on Plaintiffs L.C., I.H., AND A.L. AS MINORS BY AND THROUGH THEIR GUARDIAN'S AD LITEM AS SUCCESSORS-IN-INTEREST AND REPRESENTATIVES OF THE ESTATE OF HECTOR PUGA (hereinafter "Plaintiffs").

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

As used herein:

A.     "DOCUMENT" means: (a) all writings of any kind whether handwritten, typed, printed or otherwise produced or reproduced, and including, but not limited to, all letters, telegrams, teletypes, telexes, cables, interoffice and interoffice communications, medical records, memoranda, notes, opinions, reports, evaluations, recommendations, reviews, analyses, entries in personal diaries or other record books, summaries or notes of conversations or communications of any type or description (including, without limitation, telephone conversations, personal conversations or interviews, meetings, conferences, negotiations and investigations), marginal comments appearing in any document, calendars, pamphlets, books, manuals, directives, bulletins, news releases, advertisements, ledgers, statistics, surveys, checks, financial statements, invoices, receipts, work sheets, opinions,

1 evaluations, recommendations and analyses <u>and all drafts of</u> any of the <u>foregoing</u>

2 <u>writings</u>; (b) all graphic, mechanical, audio, video, magnetic or electronic

3 reproductions, representations, records or compilations of data of any kind,

4 including, but not limited to, drawings, charts, graphs, motion picture films,

5 microfilm, microfiles, reels, cassettes, plates, photographs, slides, phonograph, tape

6 or other records, videotapes, punch cards, magnetic tapes, discs, data cells and

7 drums, and all drafts of any of the foregoing; and (c) all nonidentical copies of the

8 documents listed in (a) and (b) above.

9      B.    For purposes of the foregoing definitions, the term "drafts" means any

10 earlier, preliminary, preparatory, or tentative version of all or part of a

11 DOCUMENT, whether or not such draft was superseded by a later draft, and

12 whether or not the terms of the draft are the same as or different from the terms of

13 the final DOCUMENT; and the term "copies" of any DOCUMENTS means all

14 versions of a DOCUMENT which are not, in every respect, identical to the

15 DOCUMENTS being produced.

16      C.    "COMMUNICATION" means conversations (whether face-to-face, by

17 telephone, or otherwise), correspondence, memoranda, meetings, discussions,

18 telegrams, releases, and all other means of exchanging or imparting information.

19      D.    "PERSON" means any natural person, corporation, partnership,

20 unincorporated association, trust, government (or agency thereof), quasi-public

21 entity, association, or other entity or group of any description.  The singular and

22 plural forms are used interchangeably, as are the masculine and feminine forms.

23      E.    "REPRESENTATIVE" means each officer, director, employee,

24 servant, and agent, past and present, of the relevant PERSON, including, without

25 limitation, any advisor, accountant, or attorney.

26      F.    "PLAINTIFF," "YOU" or "YOUR" means Plaintiffs L.C., I.H., and

27 A.L. as MINORS BY AND THROUGH THEIR GUARDIAN'S AD LITEM AS

28

**3**

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**

1  SUCCESSORS-IN-INTEREST AND REPRESENTATIVES OF THE ESTATE OF

2  HECTOR PUGA (hereinafter "Plaintiff").

3          G.      "DECEDENT" means HECTOR PUGA.

4          H.      All DOCUMENTS are to be produced in the file in which such

5  DOCUMENTS have been maintained in the order within each file in which such

6  DOCUMENTS have been maintained.  The DOCUMENTS produced pursuant to

7  this request shall be separately produced for each paragraph of the request, or in the

8  alternative, shall be identified as complying with a particular paragraph or

9  paragraphs of the request to which they respond.

10         I.      All DOCUMENTS are to be produced in full and unexpurgated form;

11  redacted DOCUMENTS will not constitute compliance with this request.

12         J.      If any DOCUMENT or category of DOCUMENTS requested is

13  difficult to produce fully, please produce those DOCUMENTS that can be produced

14  in a timely fashion and notify defendant's counsel promptly after receiving these

15  requests of the DOCUMENTS that cannot be produced in a timely fashion.  If you

16  believe any DOCUMENT request to be unduly burdensome, please notify

17  defendant's counsel promptly after receiving this Request in order to secure

18  clarification or limitation of the Request.

19         K.      If plaintiff withholds any DOCUMENT covered by this Request by

20  reason of a claim of privilege, a list is to be furnished at the time the DOCUMENTS

21  requested are produced identifying each such DOCUMENT for which the privilege

22  is claimed, together with the following information with respect to each

23  DOCUMENT withheld: date, sender, recipient, PERSON(s) to whom copies were

24  furnished and their job titles, general subject matter, basis on which privilege is

25  claimed, and the paragraph of this Request to which such DOCUMENT relates.

26         L.      These Requests are intended to include all DOCUMENTS, as defined,

27  in the possession, custody, or control of plaintiff, including his employees, agents,

28

**4**

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**

1  directors, officers, accountants, or attorneys, whether located within or outside of

2  this District by whomever prepared.

3      M.      Whenever the term "INCIDENT" is used in a Request, it refers to the

4  incident which gave rise to this lawsuit.

5      N.      Whenever the term "INCOME" is used in a Request, it means all gross

6  income, from whatever source derived, including but not limited to compensation

7  for services rendered, gains, profits, and income derived from salaries or wages.

8      O.      Whenever the term "OPERATIVE COMPLAINT" is used in a

9  Request, it means the Second Amended Complaint YOU filed January 13, 2023,

10  Case Number: 5:22-cv-00949-JGB-KK.

11      P.      Whenever the term "RELATING" or "RELATE" is used in a Request,

12  it means, in addition to its customary and usual meaning, addressing, discussing,

13  referring, evidencing, stating, showing, analyzing, summarizing, or recording.

14      Q.      All DOCUMENTS responsive to this Request shall be produced at

15  Lynberg & Watkins, 1100 Town & Country Rd, Suite 1450, Orange, California

16  92868; (714) 937-1010, within 30 days of the date of their service.

17                              **REQUESTS FOR PRODUCTION**

18  **REQUEST FOR PRODUCTION NUMBER 1:**

19      Any and all medical and mental reports, diagnosis, records, and opinions from

20  any and all doctors, hospitals, counselors, psychologists, psychiatrists, or other

21  health care providers that provided DECEDENT with any medical care or

22  counseling for any injury or condition during the ten (10) years prior to his death.

23  **REQUEST FOR PRODUCTION NUMBER 2:**

24      All statements, billings, and invoices for any medical treatment, medical

25  examinations, and medical consultations that DECEDENT received at any time

26  during the ten (10) years prior to his death.

27  ///

28

**5**

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H.,
AND A.L. AS SUCCESSORS-IN-INTEREST**

**REQUEST FOR PRODUCTION NUMBER 3:**

All statements, billings and invoices for medical treatment, medical examinations, and medical consultations that DECEDENT received for any mental, physical, and/or emotional condition or disability at any time during the ten (10) years prior to his death.

**REQUEST FOR PRODUCTION NUMBER 4:**

Any and all DOCUMENTS referencing any medication DECEDENT was prescribed at any time during the ten (10) years preceding his death.

**REQUEST FOR PRODUCTION NUMBER 5:**

Any and all DOCUMENTS referencing any medication DECEDENT took during the ten (10) years preceding his death.

**REQUEST FOR PRODUCTION NUMBER 6:**

Any and all DOCUMENTS that RELATE to DECEDENT's attendance at a drug and/or alcohol rehabilitation program or detoxification center at any time during the ten (10) years prior to his death.

**REQUEST FOR PRODUCTION NUMBER 7:**

Any and all DOCUMENTS which RELATE to billing and/or payment for DECEDENT's attendance at any drug and/or alcohol rehabilitation or detoxification facility at any time in the ten (10) years prior to his death.

**REQUEST FOR PRODUCTION NUMBER 8:**

All DOCUMENTS related to treatment, medical examinations, and medical consultations that DECEDENT received for any injuries or physical complaints related to alcohol, drugs, or other illegal substances in the ten (10) years prior to his death.

**REQUEST FOR PRODUCTION NUMBER 9:**

Any and all DOCUMENTS reflecting DECEDENT's degrees obtained from any and all professional, trade, or educational institutions attended by DECEDENT.

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**

**REQUEST FOR PRODUCTION NUMBER 10:**

Any and all employment records of DECEDENT for the ten (10) year period preceding his death.

**REQUEST FOR PRODUCTION NUMBER 11:**

Any and all DOCUMENTS that reflect, refer, or RELATE to INCOME earned by DECEDENT at any time in the ten (10) years preceding his death.  This request shall include, without limitation, any and all INCOME statements, W-2 statements, state and federal INCOME tax returns, and personal economic books and records.

**REQUEST FOR PRODUCTION NUMBER 12:**

Any and all DOCUMENTS evidencing any real property owned by DECEDENT at the time of his death.

**REQUEST FOR PRODUCTION NUMBER 13:**

Any and all DOCUMENTS depicting the last known address of the DECEDENT.

**REQUEST FOR PRODUCTION NUMBER 14:**

A copy of DECEDENT's most recent California Driver's License.

**REQUEST FOR PRODUCTION NUMBER 15:**

Any photographs depicting DECEDENT that were taken during the last ten (10) years of his life.

**REQUEST FOR PRODUCTION NUMBER 16:**

Any videos depicting DECEDENT that were taken during the last ten (10) years of his life.

**REQUEST FOR PRODUCTION NUMBER 17:**

Any and all DOCUMENTS that reflect DECEDENT's arrest(s) and/or conviction(s) on criminal charges at any time in the ten (10) years prior to his death.

///

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**

**REQUEST FOR PRODUCTION NUMBER 18:**

Any DOCUMENTS referencing DECEDENT's medical cause of death.

**REQUEST FOR PRODUCTION NUMBER 19:**

Copies of any Coroner's DOCUMENTS that RELATE to the INCIDENT.

**REQUEST FOR PRODUCTION NUMBER 20:**

Any and all DOCUMENTS that evidence billing and/or payment for DECEDENT's funeral and/or burial services.

**REQUEST FOR PRODUCTION NUMBER 21:**

A copy of any wills prepared by DECEDENT at any time during his life.

**REQUEST FOR PRODUCTION NUMBER 22:**

A copy of any marriage and divorce certificates involving DECEDENT at any time during his life.

**REQUEST FOR PRODUCTION NUMBER 23:**

A copy of any child custody orders involving DECEDENT at any time during his life.

**REQUEST FOR PRODUCTION NUMBER 24:**

A copy of any orders terminating DECEDENT's parental rights with respect to any children at any time during his life.

**REQUEST FOR PRODUCTION NUMBER 25:**

Any and all DOCUMENTS which reflect insurance coverage or payments for services rendered in connection with any injury or damage YOU allege DECEDENT incurred as a result of the INCIDENT giving rise to YOUR lawsuit.

**REQUEST FOR PRODUCTION NUMBER 26:**

All DOCUMENTS known to YOU which RELATE to, support, or evidence YOUR claim that employees of the County of San Bernardino violated DECEDENT's constitutional rights.

///

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**

**REQUEST FOR PRODUCTION NUMBER 27:**

Any and all DOCUMENTS sent by YOU to the County of San Bernardino after the INCIDENT.

**REQUEST FOR PRODUCTION NUMBER 28:**

Any and all DOCUMENTS sent by the County of San Bernardino to YOU after the INCIDENT.

**REQUEST FOR PRODUCTION NUMBER 29:**

Copies of all written or recorded statements by any witness regarding the events which gave rise to this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 30:**

Copies of all notes taken during any interview with any witness regarding the events which gave rise to this lawsuit.

**REQUEST FOR PRODUCTION NUMBER 31:**

Any diary entries maintained by DECEDENT at any time during the ten (10) years prior to his death.

**REQUEST FOR PRODUCTION NUMBER 32:**

Any and all correspondence, diaries, notes, chronologies, INCIDENT notations, or otherwise, made by YOU which RELATE to any of the claims YOU make in the OPERATIVE COMPLAINT.

**REQUEST FOR PRODUCTION NUMBER 33:**

Any and all correspondence, diaries, chronologies,  notations, photographs, videotapes, audiotapes, films, or otherwise, made by any PERSON other than YOU which RELATE to the INCIDENT alleged in the instant lawsuit.

**REQUEST FOR PRODUCTION NUMBER 34:**

Any and all social media, including newspaper articles in YOUR possession regarding the circumstances which gave rise to this lawsuit.

///

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**

**REQUEST FOR PRODUCTION NUMBER 35:**

Copies of all notes, charts, summaries, exhibits, or reports provided to or received from any experts intended to be called by Plaintiffs at the trial of this matter.

**REQUEST FOR PRODUCTION NUMBER 36:**

Any and all DOCUMENTS which support YOUR claim that "DEFENDANTS failed to timely summon medical care or permit medical personnel to treat DECEDENT" as reflected in paragraph 33 of YOUR OPERATIVE (SAC) COMPLAINT.

**REQUEST FOR PRODUCTION NUMBER 37:**

Any and all DOCUMENTS which support YOUR claim that "DECEDENT sustained gunshot wounds to his body" and that "DECEDENT died as a result of those injuries" as reflected in paragraph 34 of YOUR OPERATIVE (SAC) COMPLAINT.

**REQUEST FOR PRODUCTION NUMBER 38:**

Any and all DOCUMENTS which support YOUR claim that "OFFICER DEFENDANTS and DEPUTY DEFENDANTS failed to provide needed medical care to DECEDENT, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and refused to permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident" as reflected in paragraph 54 of YOUR OPERATIVE (SAC) COMPLAINT.

**REQUEST FOR PRODUCTION NUMBER 39:**

Any and all DOCUMENTS which support YOUR claim that "Defendant COUNTY's training policies were not adequate to train its deputies to avoid unlawful detention and arrests and excessive uses of force" as reflected in paragraph 76 of YOUR OPERATIVE (Second Amended) COMPLAINT.

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**

1  **REQUEST FOR PRODUCTION NUMBER 40:**

2      Any and all DOCUMENTS which support YOUR claim that "Defendant

3  COUNTY'S training policies were not adequate to train the deputies to properly use

4  nonlethal force in the event that such force was warranted" as reflected in paragraph

5  76 of YOUR OPERATIVE (Second Amended) COMPLAINT.

6  **REQUEST FOR PRODUCTION NUMBER 41:**

7      Any and all DOCUMENTS which support YOUR claim that "officers were

8  not trained in the proper use of equipment they carried with them" as reflected in

9  paragraph 76 of YOUR OPERATIVE (Second Amended) COMPLAINT.

10 **REQUEST FOR PRODUCTION NUMBER 42:**

11     To the extent not already provided, any and all DOCUMENTS referenced in

12 Plaintiffs' Rule 26 disclosures served on Defendants on February 28, 2023.

13

14 DATED: March 24, 2023                    **LYNBERG & WATKINS**
                                           A Professional Corporation
15

16                              By:  */s/ Amy R. Margolies*
                                     **SHANNON L. GUSTAFSON**
17                                   **AMY R. MARGOLIES**
                                     Attorneys for Defendants
18                                   COUNTY OF SAN BERNARDINO,
                                     ROBERT VACCARI, AND JAKE
19                                   ADAMS

20

21

22

23

24

25

26

27

28
                                        11
**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action.  My business address is 1100 Town & Country Road, Suite #1450, Orange, California 92868.

On March 24, 2023, I served the foregoing document(s) described as **DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

### *REFER TO ATTACHED SERVICE LIST*

☐     **BY MAIL**: As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, I deposited such envelope in the mail at Orange, California.

☐     **VIA ELECTRONIC MAIL (CM/ECF) -** all parties listed above have been served via electronic mail through the court's CM/ECF system, which automatically generates a Notice of Electronic Filing (NEF) allowing registered e-filers to retrieve the document.

☐     **BY FEDERAL EXPRESS/OVERNIGHT MAIL**:  I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

☒     **BY ELECTRONIC MAIL:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted at the respective email address(es) indicated.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 24, 2023, at Orange, California.

_____
*Jeanette Cuevas*
**Jeanette Cuevas**

---

12
**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H., AND A.L. AS SUCCESSORS-IN-INTEREST**

1

### *SERVICE LIST*

2

| | |
|---|---|
| Dale K. Galipo, Esq. | Attorney for Plaintiffs, |
| Hang D. Le, Esq. | L.C., I.H., A.L., and |
| LAW OFFICES OF DALE K. GALIPO | ANTONIA SALAS UBALDO |
| 21800 Burbank Boulevard, Suite 310 | |
| Woodland Hills, California 91367 | |
| Tele: (818) 347-3333 | |
| Fax: (818) 347-4118 | |
| Email: dalekgalipo@yahoo.com | |
| Email: hlee@galipolaw.com | |

3

4

5

6

7

8

| | |
|---|---|
| Diana Esquivel | Attorney for Defendant |
| Deputy Attorney General | |
| TORT & CONDEMNATION | |
| SECTION | |
| Office of the Attorney General | |
| Tel: (916) 210-7320 | |
| Fax: (916) 322-8288 | |
| Email: Diana.Esquivel@doj.ca.gov | |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET ONE, TO PLAINTIFFS L.C., I.H.,
AND A.L. AS SUCCESSORS-IN-INTEREST**

1 | Dale K. Galipo, Esq. (SBN 144074)
  | dalekgalipo@yahoo.com
2 | Hand D. Le, Esq. (SBN 293450)
  | hlee@galipolaw.com
3 | LAW OFFICES OF DALE K. GALIPO
  | 21800 Burbank Boulevard, Suite 310
4 | Woodland Hills, California 91367
  | Tel: (818) 347-3333/ Fax: (818) 347-4118
5 |
6 | *Attorneys for Plaintiffs*
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**
10 |
11 | L.C., a minor, et al.,
12 |                    Plaintiff,
13 |            vs.
14 | STATE OF CALIFORNIA, et al.,
15 |                    Defendant.
16 |
17 |

Case No. 5:22-cv-00949-JGB-(KK)

(*Hon. Jesus G. Bernal*)

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION**

18 | **PROPOUNDING PARTY:**     Defendant, County of San Bernardino
19 | **RESPONDING PARTY:**      Plaintiffs L.C., I.H., And A.L. As Minors By
20 |                           And Through Their Guardian's Ad Litem As
21 |                           Successors-In-Interest And Representatives
22 |                           Of The Estate Of Hector Puga;
23 | **SET NUMBER:**            One (1)
24 |
25 |
26 |
27 |
28 |

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF
PRODUCTION REQUESTS FOR PRODUCTION

# I.

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, and are made on the basis of information which is presently known by and available to Plaintiffs. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court.  All such objections are reserved and may be interposed at the time of trial.

Plaintiffs have not yet completed the investigation of the facts relating to this action; have not yet interviewed all witnesses in this action; have not yet completed discovery in this action; and have not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Plaintiffs' right to amend or supplement the responses herein at a later date.  No admissions of any nature whatsoever are implied or should be inferred.  Nothing herein should be construed as an admission or acceptance by these parties with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Plaintiffs reserve the right to continue the investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case.  In addition, Plaintiffs reserve the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

///

///

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

## II.

## GENERAL OBJECTIONS

1.    Plaintiffs objects to the Requests, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2.    Plaintiffs object to each Request to the extent that it seeks to require Plaintiffs to provide information other than that which may be obtained through a reasonably diligent search of records, or to create a summary or compilation other than as maintained in the regular course of business.  Plaintiffs further object to each Request to the extent that it seeks to require Plaintiffs to provide information not in Plaintiffs' possession, custody or control.

3.    Plaintiffs object to each and every Request to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Plaintiffs object to each and every Request to the extent that such discovery is overly broad, vague, and ambiguous.

5.    Plaintiffs object to each and every Request to the extent that it seeks information already known by, or reasonably accessible to Defendant, or facts that are solely within the knowledge and control of Defendant.

6.    Plaintiffs object on the grounds that Plaintiffs have not completed the factual investigation.  These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiffs as well as the present analysis of the case.  However, information that may be responsive may not yet have been discovered.  Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiffs reserve the right to amend and/or supplement these responses as and when additional information is discovered. Additionally, because Plaintiffs' responses are based upon information that Plaintiffs recall and have identified to date, they do not preclude Plaintiffs from

-2-

1  relying on facts or documents recalled, discovered or generated pursuant to

2  subsequent investigation and discovery.

3  ### III.

4  ### PLAINTIFF'S RESPONSES AND OBJECTIONS TO REQUESTS FOR

5  ### PRODUCTION

6

7  **REQUEST NO. 1:**

8      Any and all medical and mental reports, diagnosis, records, and opinions from

9  any and all doctors, hospitals, counselors, psychologists, psychiatrists, or other

10 health care providers that provided DECEDENT with any medical care or

11 counseling for any injury or condition during the ten (10) years prior to his death.

12 **RESPONSE TO REQUEST NO. 1:**

13     After diligent search and reasonable inquiry, Plaintiffs are unable to locate

14 any responsive documents in their possession, custody, or control. As discovery is

15 ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

16

17 **REQUEST NO. 2:**

18     All statements, billings, and invoices for any medical treatment, medical

19 examinations, and medical consultations that DECEDENT received at any time

20 during the ten (10) years prior to his death.

21 **RESPONSE TO REQUEST NO. 2:**

22     After diligent search and reasonable inquiry, Plaintiffs are unable to locate

23 any responsive documents in their possession, custody, or control. As discovery is

24 ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

25

26 **REQUEST NO. 3:**

27     All statements, billings and invoices for medical treatment, medical

28 examinations, and medical consultations that DECEDENT received for any mental,

1 | physical, and/or emotional condition or disability at any time during the ten (10)
2 | years prior to his death.
3 | **RESPONSE TO REQUEST NO. 3:**
4 | After diligent search and reasonable inquiry, Plaintiffs are unable to locate
5 | any responsive documents in their possession, custody, or control. As discovery is
6 | ongoing, Plaintiffs reserves the right to amend and/or supplement this response.
7 |
8 | **REQUEST NO. 4:**
9 | Any and all DOCUMENTS referencing any medication DECEENT was
10 | prescribed at any time during the ten (10) years preceding his death.
11 | **RESPONSE TO REQUEST NO. 4:**
12 | After diligent search and reasonable inquiry, Plaintiffs are unable to locate
13 | any responsive documents in their possession, custody, or control. As discovery is
14 | ongoing, Plaintiffs reserves the right to amend and/or supplement this response.
15 |
16 | **REQUEST NO. 5:**
17 | Any and all DOCUMENTS referencing any medication DECEDENT took
18 | during the ten (10) years preceding his death.
19 | **RESPONSE TO REQUEST NO. 5:**
20 | After diligent search and reasonable inquiry, Plaintiffs are unable to locate
21 | any responsive documents in their possession, custody, or control. As discovery is
22 | ongoing, Plaintiffs reserves the right to amend and/or supplement this response.
23 |
24 | **REQUEST NO. 6:**
25 | Any and all DOCUMENTS that RELATE to DECEDENT's attendance at a
26 | drug and/or alcohol rehabilitation program or detoxification center at any time
27 | during the ten (10) years preceding his death.
28 | **RESPONSE TO REQUEST NO. 6:**

1   After diligent search and reasonable inquiry, Plaintiffs are unable to locate

2   any responsive documents in their possession, custody, or control. As discovery is

3   ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

4

5   **REQUEST NO. 7:**

6   Any and all DOCUMENTS which RELATE to billing and/or payment for

7   DECEDENT's attendance at any drug and/or alcohol rehabilitation or detoxification

8   facility at any time in the ten (10) years preceding his death.

9   **RESPONSE TO REQUEST NO. 7:**

10   After diligent search and reasonable inquiry, Plaintiffs are unable to locate

11   any responsive documents in their possession, custody, or control. As discovery is

12   ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

13

14   **REQUEST NO. 8:**

15   All DOCUMENTS related to treatment, medical examinations, and medical

16   consultations that DECEDENT received for any injuries or physical complaints

17   related to alcohol, drugs, or other illegal substances in the ten (10) years preceding

18   his death.

19   **RESPONSE TO REQUEST NO. 8:**

20   After diligent search and reasonable inquiry, Plaintiffs are unable to locate

21   any responsive documents in their possession, custody, or control. As discovery is

22   ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

23

24   **REQUEST NO. 9:**

25   Any and all DOCUMENTS reflecting DECEDENT's degrees obtained from

26   any and all professional, trade, or educational institutions attended by DECEDENT.

27   **RESPONSE TO REQUEST NO. 9:**

28   After diligent search and reasonable inquiry, Plaintiffs are unable to locate

1  any responsive documents in their possession, custody, or control. As discovery is
2  ongoing, Plaintiffs reserves the right to amend and/or supplement this response.
3
4  **REQUEST NO. 10:**
5      Any and all employment records of DECEDENT for the ten (10) years
6  preceding his death.
7  **RESPONSE TO REQUEST NO. 10:**
8      Plaintiffs are producing responsive pay stubs that are in their possession,
9  custody, or control. As discovery is ongoing, Plaintiffs reserves the right to amend
10  and/or supplement this response.
11
12  **REQUEST NO. 11:**
13      Any and all DOCUMENTS that reflect, refer, or RELATE to INCOME
14  earned by DECEDENT at any time in the ten (10) years preceding his death. This
15  request shall include, without limitation, any and all INCOME statements, W-2
16  statements, state and federal INCOME tax returns, and personal economic books
17  and records.
18  **RESPONSE TO REQUEST NO. 11:**
19      Plaintiffs are producing responsive pay stubs that are in their possession,
20  custody, or control. As discovery is ongoing, Plaintiffs reserves the right to amend
21  and/or supplement this response.
22
23  **REQUEST NO. 12:**
24      Any and all DOCUMENTS evidencing any real property owned by
25  DECEDENT at the time of his death.
26  **RESPONSE TO REQUEST NO. 12:**
27      After diligent search and reasonable inquiry, Plaintiffs are unable to locate
28  any responsive documents in their possession, custody, or control. As discovery is

-6-

1 | ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

2

3 | **REQUEST NO. 13:**

4 |     Any and all DOCUMENTS depicting the last known address of the

5 | DECEDENT.

6 | **RESPONSE TO REQUEST NO. 13:**

7 |     After diligent search and reasonable inquiry, Plaintiffs are unable to locate

8 | any responsive documents in their possession, custody, or control. As discovery is

9 | ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

10

11 | **REQUEST NO. 14:**

12 |     A copy of DECEDENT's most recent California Driver's License.

13 | **RESPONSE TO REQUEST NO. 14:**

14 |     After diligent search and reasonable inquiry, Plaintiffs are unable to locate

15 | any responsive documents in their possession, custody, or control. As discovery is

16 | ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

17

18 | **REQUEST NO. 15:**

19 |     Any photographs depicting DECEDENT that were taken during the last ten

20 | (10) years of his life.

21 | **RESPONSE TO REQUEST NO. 15:**

22 |     Plaintiffs have already produced all responsive photographs in their

23 | possession, or control in their initial disclosures. Plaintiffs refer Defendants to

24 | Plaintiffs 0001-0039.

25 | **REQUEST NO. 16:**

26 |     Any videos depicting DECEDENT that were taken during the last ten (10)

27 | years of his life.

28

-7-

**RESPONSE TO REQUEST NO. 16:**

After diligent search and reasonable inquiry, Plaintiffs are unable to locate any responsive documents in their possession, custody, or control. As discovery is ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

**REQUEST NO. 17:**

Any and all DOCUMENTS that reflect DECEDENT's arrest(s) and/or conviction(s) on criminal charges at any time in the ten (10) years prior to his death.

**RESPONSE TO REQUEST NO. 17:**

After diligent search and reasonable inquiry, Plaintiffs are unable to locate any responsive documents in their possession, custody, or control. As discovery is ongoing, Plaintiffs reserves the right to amend and/or supplement this response.

**REQUEST NO. 18:**

Any DOCUMENTS referencing DECEDENT's medical cause of death.

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs object to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiffs respond as follows: After diligent search and reasonable inquiry, Plaintiffs are unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

**REQUEST NO. 19:**

Copies of any Coroner's DOCUMENTS that RELATE to the INCIDENT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs object to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing

1 objections, Plaintiffs respond as follows: After diligent search and reasonable

2 inquiry, Plaintiffs are unable to locate any responsive documents in her possession,

3 custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend

4 and/or supplement this response.

5

6 **REQUEST NO. 20:**

7      Any and all DOCUMENTS that evidence billing and/or payment for

8 DECEDENT's funeral and/or burial services.

9 **RESPONSE TO REQUEST NO. 20:**

10      Plaintiffs have already produced all responsive documents in their possession,

11 custody, or control in their Initial Disclosures. Plaintiffs refer Defendant to Plaintiffs

12 0040-0043.

13

14 **REQUEST NO. 21:**

15      A copy of any wills prepared by DECEDENT at any time during his life.

16 **RESPONSE TO REQUEST NO. 21:**

17      After diligent search and reasonable inquiry, Plaintiffs are unable to locate

18 any responsive documents in her possession, custody, or control. As discovery is

19 ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

20

21 **REQUEST NO. 22:**

22      A copy of any marriage and divorce certificates involving DECEDENT at any

23 time during his life.

24 **RESPONSE TO REQUEST NO. 22:**

25      After diligent search and reasonable inquiry, Plaintiffs are unable to locate

26 any responsive documents in her possession, custody, or control. As discovery is

27 ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

28

**REQUEST NO. 23:**

A copy of any child custody orders involving DECEDENT at any time during his life.

**RESPONSE TO REQUEST NO. 23:**

After diligent search and reasonable inquiry, Plaintiffs are unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

**REQUEST NO. 24:**

A copy of any orders terminating DECEDENT's parental rights with respect to any children at any time during his life.

**RESPONSE TO REQUEST NO. 24:**

After diligent search and reasonable inquiry, Plaintiffs are unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

**REQUEST NO. 25:**

Any and all DOCUMENTS which reflect insurance coverage or payments for services rendered in connection with any injury or damage YOU allege DECEDENT incurred as a result of the INCIDENT giving rise to YOUR lawsuit.

**RESPONSE TO REQUEST NO. 25:**

After diligent search and reasonable inquiry, Plaintiffs are unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

**REQUEST NO. 26:**

All DOCUMENTS known to YOU which RELATE to, support, or evidence YOUR claim that employees of the County of San Bernardino violated

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

1  DECEDENT's constitutional rights.

2  **RESPONSE TO REQUEST NO. 26:**

3      Plaintiffs object to this Request on the basis that it calls for documents already

4  in Defendants' possession, custody, or control. Without waiving the foregoing

5  objections, Plaintiffs respond as follows: After diligent search and reasonable

6  inquiry, Plaintiffs are unable to locate any responsive documents in her possession,

7  custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend

8  and/or supplement this response.

9

10  **REQUEST NO. 27:**

11      Any and all DOCUMENTS sent by YOU to the County of San Bernardino

12  after the INCIDENT.

13  **RESPONSE TO REQUEST NO. 27:**

14      Plaintiffs are concurrently producing the Government Tort Claim submitted to

15  the County of San Bernardino on behalf of Decedent's Estate and related

16  correspondence.

17

18  **REQUEST NO. 28:**

19      Any and all DOCUMENTS sent by the County of San Bernardino to YOU

20  after the INCIDENT.

21  **RESPONSE TO REQUEST NO. 28:**

22      Plaintiff is concurrently producing two letters of correspondence from the

23  County of San Bernardino regarding Decedent's Estate's Government Tort Claim

24  submission.

25

26  **REQUEST NO. 29:**

27      Copies of all written or recorded statements by any witness regarding the

28  events which gave rise to this lawsuit.

1  **RESPONSE TO REQUEST NO. 29:**

2       Plaintiffs object to this Request on the basis that it calls for documents already

3  in Defendants' possession, custody, or control. Without waiving the foregoing

4  objections, Plaintiffs respond as follows: After diligent search and reasonable

5  inquiry, Plaintiffs are unable to locate any responsive documents in her possession,

6  custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend

7  and/or supplement this response.

8

9  **REQUEST NO. 30:**

10       Copies of all notes taken during any interview with any witness regarding the

11  events which gave rise to this lawsuit.

12  **RESPONSE TO REQUEST NO. 30:**

13       Plaintiffs object to this Request on the basis that it calls for documents already

14  in Defendants' possession, custody, or control. Without waiving the foregoing

15  objections, Plaintiffs respond as follows: After diligent search and reasonable

16  inquiry, Plaintiffs are unable to locate any responsive documents in her possession,

17  custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend

18  and/or supplement this response.

19

20  **REQUEST NO. 31:**

21       Any diary entries maintained by DECEDENT at any time during the ten (10)

22  years prior to his death.

23  **RESPONSE TO REQUEST NO. 31:**

24       After diligent search and reasonable inquiry, Plaintiffs are unable to locate

25  any responsive documents in her possession, custody, or control. As discovery is

26  ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

27

28  **REQUEST NO. 32:**

-12-

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF
PRODUCTION REQUESTS FOR PRODUCTION

1  Any and all correspondence, diaries, notes, chronologies, INCIDENT

2  notations, or otherwise, made by YOU which RELATE to any of the claims YOU

3  make in the OPERATIVE COMPLAINT.

4  **RESPONSE TO REQUEST NO. 32:**

5  After diligent search and reasonable inquiry, Plaintiffs are unable to locate

6  any responsive documents in her possession, custody, or control. As discovery is

7  ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

8

9  **REQUEST NO. 33:**

10  Any and all correspondence, diaries, chronologies, notations, photographs,

11  videotapes, audiotapes, films, or otherwise, made by any PERSON other than YOU

12  which RELATE to the INCIDENT alleged in the instant lawsuit.

13  **RESPONSE TO REQUEST NO. 33:**

14  Plaintiffs object to this Request on the basis that it calls for documents already

15  in Defendants' possession, custody, or control. Without waiving the foregoing

16  objections, Plaintiffs respond as follows: After diligent search and reasonable

17  inquiry, Plaintiffs are unable to locate any responsive documents in her possession,

18  custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend

19  and/or supplement this response.

20

21  **REQUEST NO. 34:**

22  Any and all social media, including newspaper articles in YOUR possession

23  regarding the circumstances which gave rise to this lawsuit.

24  **RESPONSE TO REQUEST NO. 34:**

25  Plaintiffs are concurrently producing news media articles in Plaintiff's

26  possession.

27

28

**REQUEST NO. 35:**

Copies of all notes, charts, summaries, exhibits, or reports provided to or received from any experts intended to be called by Plaintiffs at the trial of this matter.

**RESPONSE TO REQUEST NO. 35:**

No such responsive documents exist.

**REQUEST NO. 36:**

Any and all DOCUMENTS which support YOUR claim that "DEFENDANTS failed to timely summon medical care or permit medical personnel to treat DECEDENT" as reflected in paragraph 33 of YOUR OPERATIVE (SAC) COMPLAINT.

**RESPONSE TO REQUEST NO. 36:**

Plaintiffs object to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiffs respond as follows: After diligent search and reasonable inquiry, Plaintiffs are unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

**REQUEST NO. 37:**

Any and all DOCUMENTS which support YOUR claim that "DECEDENT sustained gunshot wounds to his body" and that "DECEDENT died as a result of those injuries" as reflected in paragraph 34 of YOUR OPERATIVE (SAC) COMPLAINT.

**RESPONSE TO REQUEST NO. 37:**

Plaintiffs object to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the

-14-

1   foregoing objections, Plaintiffs respond as follows: After diligent search and

2   reasonable inquiry, Plaintiffs identify Decedent's death certificate as the only

3   responsive document currently in Plaintiffs' possession, custody, or control.

4   Decedent's death certificate was produced along with Plaintiffs' Initial Disclosures

5   and therefore will not be reproduced herein.

6

7   **REQUEST NO. 38:**

8       Any and all DOCUMENTS which support YOUR claim that "OFFICER

9   DEFENDANTS and DEPUTY DEFENDANTS failed to provide needed medical

10  care to DECEDENT, failed to timely summon needed medical care for

11  DECEDENT, prevented medical care personnel from timely treating DECEDENT,

12  and refused to permit medical care personnel to access and care for DECEDENT at

13  the scene for an appreciable time after the incident" as reflected in paragraph 54 of

14  YOUR OPERATIVE (SAC) COMPLAINT.

15  **RESPONSE TO REQUEST NO. 38:**

16      Plaintiffs object to this Request on the basis that it calls for documents

17  already in Defendants' possession, custody, or control. Without waiving the

18  foregoing objections, Plaintiffs respond as follows: After diligent search and

19  reasonable inquiry, Plaintiffs are unable to locate any responsive documents in her

20  possession, custody, or control. As discovery is ongoing, Plaintiffs reserve the right

21  to amend and/or supplement this response.

22

23  **REQUEST NO. 39:**

24      Any and all DOCUMENTS which support YOUR claim that "Defendant

25  COUNTY's training policies were not adequate to train its deputies to avoid

26  unlawful detention and arrests and excessive uses of force" as reflected in paragraph

27  76 of YOUR OPERATIVE (Second Amended) COMPLAINT.

28

-15-

**RESPONSE TO REQUEST NO. 39:**

Plaintiffs object to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiffs respond as follows: After diligent search and reasonable inquiry, Plaintiffs are unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

**REQUEST NO. 40:**

Any and all DOCUMENTS which support YOUR claim that "Defendant COUNTY's training policies were not adequate to train the deputies to properly use nonlethal force in the event that such force was warranted" as reflected in paragraph 76 of YOUR OPERATIVE (Second Amended) COMPLAINT.

**RESPONSE TO REQUEST NO. 40:**

Plaintiffs object to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the foregoing objections, Plaintiffs respond as follows: After diligent search and reasonable inquiry, Plaintiffs are unable to locate any responsive documents in her possession, custody, or control. As discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this response.

**REQUEST NO. 41:**

Any and all DOCUMENTS which support YOUR claim that "officers were not trained in the proper use of equipment they carried with them" as reflected in paragraph 76 of YOUR OPERATIVE (Second Amended) COMPLAINT.

**RESPONSE TO REQUEST NO. 41:**

Plaintiffs object to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control. Without waiving the

1   foregoing objections, Plaintiffs respond as follows: After diligent search and
2   reasonable inquiry, Plaintiffs are unable to locate any responsive documents in her
3   possession, custody, or control. As discovery is ongoing, Plaintiffs reserve the right
4   to amend and/or supplement this response.
5
6   **REQUEST NO. 42:**
7        To the extent not already provided, any and all DOCUMENTS referenced in
8   Plaintiffs' Rule 26 disclosures served on Defendants on February 28, 2023.
9   **RESPONSE TO REQUEST NO. 42:**
10       Plaintiffs have already produced all documents referenced in Plaintiffs' Rule
11  26 disclosures that are in Plaintiffs' possession, custody, or control.
12
13
14
15  DATED:  June 23, 2023                    THE LAW OFFICES OF DALE K. GALIPO
16
17                            BY:          */s/ Hang D. Le*
18                                      Dale K. Galipo
19                                      Hang D. Le
20                                      Attorneys for Plaintiffs
21
22
23
24
25
26
27
28

PLAINTIFF A.G.'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF ARVIN'S FIRST SET OF PRODUCTION REQUESTS FOR PRODUCTION

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On June 23, 2023, I served the foregoing document described as: **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT COUNTY OF SAN BERNARDINO'S REQUESTS FOR PRODUCTION** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

☒ **(BY MAIL)** I caused such envelope(s) fully prepaid to be placed in the United States mail at Woodland Hills, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY PERSONAL SERVICE)** I delivered the document by hand to the above indicated addressee(s).

☐ **(BY FACSIMILE)** I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

☐ **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

JURISDICTION

☐ (State) I declare under penalty of perjury that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 23, 2023, at Woodland Hills, California

Karen Slyapich

3:20-cv-01003-W-MSB

<u>SERVICE LIST</u>

Shannon L. Gustafson
Amy R. Margolies
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
Email: Sgustafson@lynberg.com
Amargolies@lynberg.com

Attorneys for Defendants


Diana Esquivel
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
E-mail: Diana.Esquivel@doj.ca.gov

Attorneys for Defendants State of California, by and through
the California Highway Patrol

3:20-cv-01003-W-MSB