# EXHIBIT N

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
L.C., a minor by and through  )
her guardian ad litem Maria   )
Cadena; et al.,               )
                              )
              Plaintiff,      )
                              )
          vs.                 ) Case No.
                              ) 5:22-cv-00949-KK-(SHKx)
STATE OF CALIFORNIA; COUNTY   )
OF SAN BERNARDINO; et al.,    )
                              )
              Defendants.     )
_____)
```

VIDEOCONFERENCE DEPOSITION OF BETZABETH GONZALEZ

Taken on Monday, December 30, 2024, at 10:20 a.m.

REPORTED BY:

NICOLE JOHNSON

CSR No. 13030

```
 1                   UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3

 4

 5   L.C., a minor by and through  )
     her guardian ad litem Maria    )
 6   Cadena; et al.,                )
                                    )
 7                  Plaintiff,      )
                                    )
 8           vs.                    ) Case No.
                                    ) 5:22-cv-00949-KK-(SHKx)
 9   STATE OF CALIFORNIA; COUNTY    )
     OF SAN BERNARDINO; et al.,     )
10                                  )
                    Defendants.     )
11   _____)

12

13

14

15

16           Deposition of BETZABETH GONZALEZ, taken on

17   behalf of the defendants, via Zoom videoconferencing, at

18   10:20 a.m., Monday, December 30, 2024, before Nicole

19   Johnson, CSR #13030, as a Certified Shorthand Reporter

20   within and for the County of Orange, State of California.

21

22

23

24

25
```

1    APPEARANCES:

2

3    For the Plaintiffs:

4         LAW OFFICES OF DALE K. GALIPO
          BY:  Marcel Sincich
5         21800 Burbank Boulevard
          Suite 310
6         Woodland Hills, California  91367
          (818) 347-3333
7         msincich@galipolaw.com

8

9    For the Defendants
     County of San Bernardino, Vaccari, Adams:
10
          LYNBERG & WATKINS
11        BY:  Amy Margolies
          1100 Town & Country Road
12        Suite 1450
          Orange, California  92868
13        (714) 937-1010
          amargolies@lynberg.com
14

15

16   For the Defendants
     State of California, Kee, Blackwood, Rubalcava:
17
          OFFICE OF THE ATTORNEY GENERAL
18        BY:  Diana Esquivel
          1300 I Street
19        Suite 125
          Sacramento, California  95814
20        (916) 210-7320
          diana.esquivel@doj.ca.gov
21

22

23

24   The Videographer:  Ed Gallo

25

Gonzalez, Betzabeth
L.C., a minor v. State of California

```
 1                        INDEX
 2    Examination                              Page
 3    Attorney Margolies                    6, 110
 4    Attorney Esquivel              63, 121, 132
 5    Attorney Sincich                    87, 130
 6
 7
 8                      EXHIBITS
 9    Exhibit              Description          Page
10    52  Notice of Deposition, 7 pgs            7
11    15  Bates-stamped COSB105, 1 pg (previously marked)  29
12    16  Bates-stamped COSB3236, 1 pg (previously marked) 31
13    53  Video                                 48
14    54  Color Photograph, 1 pg                69
15
16
17              CONFIDENTIAL TRANSCRIPT
18                 (Separately Bound)
19                    Page 112
20
21
22
23
24
25
```

```
 1                 Monday, December 30, 2024

 2                      ooOoo

 3

 4          THE VIDEOGRAPHER:  We are on the record.  My

 5   name is Ed Gallo.  I'm contract by Dean Jones.  Today is

 6   December 30th of 2024.  The time is 10:20 a.m. Pacific

 7   Time.  This video deposition is taken via Zoom.

 8             The name of the case is L.C. versus State of

 9   California filed in United States District Court, Central

10   District of California.  Case Number CV-00949 [sic].  This

11   is Volume 1 in the videotaped deposition of Betzabeth

12   Gonzalez.

13             The deposition is taken by attorney Amy

14   Margolies.  Would the attorneys introduce themselves and

15   state who you represent.

16          ATTORNEY MARGOLIES:  Amy Margolies from Lynberg

17   and Watkins on behalf of the County of San Bernardino and

18   Deputy Adams and Vaccari.

19          ATTORNEY SINCICH:  Good morning.  My name is

20   Marcel Sincich.  I'm from the law offices of Dale K.

21   Galipo, and I represent the plaintiffs in this matter.

22          ATTORNEY ESQUIVEL:  Good morning.  Diana

23   Esquivel on behalf of defendant State of California by and

24   through the California Highway Patrol, Officers Blackwood,

25   Kee, and Rubalcava.
```

5

```
 1              THE VIDEOGRAPHER:  The court reporter today is
 2    Nicole Johnson.  Would reporter please swear in the
 3    witness.
 4
 5                           ooOoo
 6                   BETZABETH GONZALEZ,
 7           was called as a witness, and having been
 8             first duly sworn by the Certified
 9             Shorthand Reporter in accordance with
10             CCP Section 2094, testified as follows:
11
12              THE WITNESS:  Yes.
13              THE REPORTER:  Thank you.
14
15                         EXAMINATION
16    BY ATTORNEY MARGOLIES:
17         Q.   Good morning, Ms. Gonzalez.  Thank you for being
18    here today.
19         A.   Good morning.
20         Q.   I'm going to show you a notice of deposition.
21    If you could just confirm for me that this is the same
22    notice that you received to be here today.
23              I do not know what exhibit number we left off
24    on.  According to my notes I believe we are on 52.  If
25    either counsel knows?
```

6

1  going into '25; right?  So in '23.

2      Q.   You said that you made this phone call when you

3  were off work for about three months; is that right?

4      A.   Yeah.  That's when I -- I -- I tried to reach

5  her again.

6      Q.   So would that have been, like, in the summer

7  months of 2023?  June, July, August 2023?

8      A.   I think so.  I don't recall exactly the time, to

9  be honest with you.

10     Q.   Okay.  And to make sure I understand, prior to

11 this phone call with Gabby -- Hector's sister -- a year

12 and a half ago, you had never had any communication with

13 any of the plaintiffs in this case?

14     A.   That's correct.

15     Q.   Have you had any communications other than this

16 one phone call with Gabby with anyone on behalf of the

17 plaintiffs?

18     A.   No.

19     Q.   And do you know what I mean by that?

20     A.   You mean -- can you ask the question again?

21     Q.   Yeah.  When I say "on behalf of the plaintiffs,"

22 I'm referring to it could be their attorney or a private

23 investigator or a friend.

24     A.   No.

25     Q.   And how long was that phone call with Gabby a

Gonzalez, Betzabeth
L.C., a minor v. State of California

1    year and a half ago?

2        A.   It was really quick.  Probably -- like,

3    really -- I mean, I just -- I would say maybe, like, less

4    than five minutes, probably.  I just, you know, shared

5    that -- that I have the video and I -- I gave her my

6    condolences.  And that was about it.  And -- yeah.

7            And she asked me if I could share the video with

8    her -- with her attorneys.

9        Q.   Okay.  So then did you do that?

10       A.   I did.

11       Q.   Okay.  When did you share the video with her

12   attorneys?

13       A.   Probably, like, around -- like, a little bit

14   short after I got an email.  So I was -- she asked me

15   to -- that I was going to get contacted by them.  And I

16   spoke with someone.  I believe their name was Sal or

17   something.  And I shared the video with them.

18       Q.   Okay.  Just want to make sure I get the sequence

19   of events right.  So about a year and a half ago you have

20   a phone call with Gabby; correct?

21       A.   Yes.

22       Q.   It's about a five-minute phone call?

23       A.   Yes.

24       Q.   And in that phone call, you let her know that

25   you had a video of the incident?

13

1    A.    Yes.

2    Q.    And you gave her your condolences?

3    A.    Yes.

4    Q.    Do you remember anything else about that phone

5    call?

6    A.    No.

7    Q.    After -- or during that phone call, Gabby also

8    told you that her attorneys would be contacting you?

9    A.    Well, she asked me if I would be okay with

10   giving the video to them.  And I said that was fine.

11   Q.    Okay.  But at that time you hadn't given it to

12   Gabby?

13   A.    No.

14   Q.    Okay.  And I think you said what happens next is

15   that you received an email from her attorney -- or the

16   plaintiffs' attorney?

17   A.    Yes.

18   Q.    And do you remember the name of the law firm or

19   who you received the email from?

20   A.    I just remember it said Sal -- Sal -- Salvatore

21   or Sal or something like that.  But I don't remember the

22   specifics.

23   Q.    Okay.  And what do you recall that email saying?

24   A.    It just asked -- it was a Dropbox.  And it asked

25   to drop the -- the video in that Dropbox.

14

Gonzalez, Betzabeth
L.C., a minor v. State of California

1       Q.    And so what did you do next?

2       A.    I just dropped it on the Dropbox.

3       Q.    Did you receive any type of confirmation from

4    them that they received it?

5       A.    No.

6       Q.    Did anyone ever ask you about the video at all,

7    other than to drop it in the Dropbox?

8       A.    No.

9       Q.    And you recall providing this approximately a

10   year and a half ago?

11      A.    I believe so.

12      Q.    From the time that you received that email and

13   you uploaded the video to the Dropbox, when was the next

14   time you had contact with anyone about this case?

15      A.    When I got the letter to do this.  Like, I think

16   I got that two weeks ago.

17      Q.    And when you say the letter to do this, are you

18   referring to the notice of deposition that I showed you

19   earlier?

20      A.    Yes.

21      Q.    Okay.  So if I have it right, you have a phone

22   call with Gabby, an email with someone named Sal where you

23   upload the video to a Dropbox, and then our notice of

24   deposition?

25      A.    Correct.

1    SUV, could you see all of Hector's body?

2         A.   I don't remember.  I just -- I remember being

3    able to see, like, part of his body.  Not his entire body.

4    But, like, the side of his body.  So -- but, yeah.

5         Q.   Could you see the front of his waistband?

6         A.   I don't remember.

7              ATTORNEY MARGOLIES:  I'm going to show you what

8    has been marked as plaintiffs' 241.  Which this would be

9    Exhibit 53, I believe.

10             (Exhibit 53 was marked for identification

11             by the shorthand reporter.)

12   BY ATTORNEY MARGOLIES:

13        Q.   Do you see a video on your screen?

14        A.   Yes.

15        Q.   And do you recognize this video?

16        A.   Yeah.

17        Q.   What is it?

18        A.   It looks like the video that I recorded.  Well,

19   kind of looks like the beginning of it.

20        Q.   Okay.  Would it be fair to say that when you

21   were taking a video of the incident, similar to how when

22   you were watching through your view finder, you had to

23   zoom in to capture this?

24        A.   Yes.

25        Q.   I'm going to just play it.  The video is

48

1    9 minutes and 55 seconds.  Do you know, is this the only

2    video that you have of the incident?

3        A.    Yes.

4        Q.    Do you recall this being the entire video that

5    you have of the incident?  Meaning you only captured

6    9 minutes and 55 seconds?

7        A.    I think there's, like, two other short ones, but

8    this is the main video.  Like, when everything ended.

9        Q.    Tell me about the two other short videos.  What

10   were they of?

11       A.    I don't remember specifics.  I just remember it

12   was part of what happened.

13       Q.    Were the two other short videos prior to the

14   video that we're looking at now?

15       A.    Yes.

16       Q.    And were the two other short videos -- when you

17   say "short," do you know how long they were?

18       A.    Maybe like a minute.

19       Q.    Each?

20       A.    Give or take.  Maybe one -- one was like a

21   minute and the other one was maybe like two minutes.  I

22   don't remember, to be honest.

23       Q.    Do you still have these videos saved on your

24   computer?

25       A.    Yes.

49

Gonzalez, Betzabeth
L.C., a minor v. State of California

1        Q.    Did you upload these two videos also to that
2    Dropbox?
3        A.    Yes.
4        Q.    When we get done here today, would you be able
5    to send us those videos?  And if not, could we send you a
6    link to upload them?
7        A.    Yes.
8        Q.    What do you recall the two other short videos
9    being of?  I believe you said one was probably about a
10   minute, give or take, and the other was two minutes, give
11   or take.  Which one was first?
12       A.    I don't remember.  I'd have to, like, look for
13   them and look at them.  Yeah.
14       Q.    Okay.  Do you recall if these two other videos
15   were when Hector was still in his vehicle?
16       A.    I don't remember.
17       Q.    And what kind of phone were you using to capture
18   this?
19       A.    I believe it's a Samsung Note.
20       Q.    Do you still have that phone?
21       A.    I'd have to look.  I don't think so.  I don't --
22   yeah.
23       Q.    What year was that phone that you captured this
24   incident on?
25       A.    Like, what year was it made?  Or --

1           REPORTER'S CERTIFICATION

2

3     I, Nicole Johnson, do hereby certify:

4           That I am a licensed Certified Shorthand

5     Reporter, duly qualified and certified as such by the

6     State of California.

7           That prior to being examined, the witness named

8     in the foregoing deposition was duly sworn to testify

9     under oath.

10          That the preceding deposition was recorded

11    stenographically by me at the time and place herein

12    mentioned; and that the preceding pages constitute a

13    complete and accurate record of the testimony given by the

14    aforementioned witness.

15          That I am a neutral party, in no way interested

16    in the outcome of said action, and that I am not related

17    to or otherwise connected with any of the parties involved

18    with this matter, or their respective counsel.

19

20    Dated:  January 10, 2025

21

22

23    _____

24    Nicole Johnson, CSR No. 13030

25