1  **LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
3  hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California, 91367
Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

6  Attorneys for Plaintiffs
L.C., I.H., A.L., and
7  ANTONIA SALAS UBALDO

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  L.C., a minor by and through her         Case No. 5:22-cv-00949-KK-SHK
guardian *ad litem* Maria Cadena,
13  individually and as successor-in-interest   [Consolidated for purposes of discovery
to Hector Puga; I.H., a minor by and     with *Botten, et al. v. State of California,*
14  through his guardian *ad litem* Jasmine   *et al.*, Case No. 5:23-cv-00257-KK-
Hernandez, individually and as           SHK]
15  successor-in-interest to Hector Puga;
A.L., a minor by and through her         *Honorable Kenly Kiya Kato*
16  guardian *ad litem* Lydia Lopez,         *Mag. Judge Shashi H. Kewalramani*
individually and as successor-in-interest
17  to Hector Puga; and ANTONIA
SALAS UBALDO, individually;
18                                             ***PUGA* PLAINTIFFS AND *BOTTEN***
19                                             **PLAINTIFFS' CONSOLIDATED**
Plaintiffs,      **OPPOSITION TO COUNTY**
20                                             **DEFENDANTS' *EX PARTE***
vs.                  **APPLICATION TO RECONSIDER**
21                                             **MODIFYING SCHEDULING**
STATE OF CALIFORNIA; COUNTY        **ORDER TO EXTEND DISCOVERY**
22  OF SAN BERNARDINO; S.S.C., a         **CUTOFF TO TAKE SINGLE**
nominal defendant; ISAIAH KEE;           **DEPOSITION**
23  MICHAEL BLACKWOOD;
BERNARDO RUBALCAVA;
24  ROBERT VACCARI; JAKE ADAMS;
and DOES 6-10, inclusive,
25
26                     Defendants.
27

28

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COUNTY DEFENDANTS' EX PARTE APPLICATION

### I.    INTRODUCTION

In the early morning hours of February 17, 2021, near the area of Peach Avenue and Catalpa Street in Hesperia, California, Defendants California High Patrol Officers Isaiah Kee, Michael Blackwood, and Bernardo Rubalcava ("Officer Defendants") and County of San Bernardino Sheriff's Deputies Robert Vaccari and Jake Adams ("Deputy Defendants") used excessive force and were negligent in their conduct when detained Hector Puga and ultimately discharged their firearms at Mr. Puga and in the direction of the Botten Residence, killing Mr. Puga and seriously injuring Jonathan Wayne Botten, Sr., Tanja Dudek-Botten, and J.B. Two separate actions were initiated as a result of the February 17, 2021 incident, one on behalf of Mr. Puga's successors in interest and family (*L.C., et al. v. State of California, et al.*, case no. 5:22-cv-00949-KK-SHK, hereinafter "*Puga*" or "*Puga* Case") and the other on behalf of the Botten family (*Botten, et al. v. State of California, et al.*, case no. 5:23-cv-00257-KK-SHK , hereinafter "*Botten*" or "*Botten* Case"). The parties in both cases are represented by the same attorneys, respectively. On April 9, 2024, the Court issued an order in *Botten* consolidating both cases for the limited purpose of discovery. (*See Botten*, Doc. No. 69). On April 17, 2024, the Court issued an order in *Puga* doing the same. (*See Puga*, Doc. No. 82).

On December 31, 2024, State Defendants filed two Ex Parte Applications and Motions to Modify Scheduling Order to Extend Fact-Discovery Deadline in *Puga* and *Botten* II ("State Defendants' December Ex Parte Applications"). (*See Puga*, Doc. No. 89; *Botten*, Doc. No. 78). *Puga* Plaintiffs and *Botten* Plaintiffs filed Consolidated Oppositions on the same date. (*See Puga*, Doc. No. 90; *Botten*, Doc. No. 79). On January 8, 2025, this Court issued an Order Denying County Defendants' December Ex Parte Applications in *Puga* and *Botten* because State Defendants failed establish that they were without fault in creating the crisis that required ex parte relief and that

they acted diligently in conducting discovery. (*See Puga*, Doc. No. 92; *Botten*, Doc.
No. 81). Specifically regarding the black-and-white video, the Court stated, "Finally,
to the extent Defendants claim additional time is needed for discovery regarding
Jacob Gonzalez and the recently disclosed video, it is not clear that Defendants were
diligent in serving the initial written discovery, nor is it clear that Defendants have
been diligent in seeking discovery of Gonzalez's whereabouts. (*Puga*, Doc. No. 92 at
2; *Botten*, Doc. No. 81 at 2).

On the same day the Court issued its Orders denying State Defendants'
December Ex Parte Applications, County Defendants reached out to Plaintiffs
requesting a stipulation to take the deposition of neighbor Sal after the discovery cut-
off, based on County Defendants' belief that the Court did not address the issue of the
black-and-white video in its Orders and that if Plaintiffs did not agree to stipulate,
County Defendants would bring an ex parte application for reconsideration based on
the argument that Defendants did not have the ability to act diligently to obtain the
video sooner. (*See* Le Decl. ¶ 2; Ex. 1 to Le Decl.). Plaintiffs' counsel replied,
pointing out that the Court had addressed the issue of the black-and-white video in its
Orders, and that Plaintiffs did not believe there was any sufficient grounds present
that would satisfy the standard for reconsideration. (*Id.*). County Defendants
ultimately indicated that they intended to file an ex parte application for
reconsideration on the basis that they could provide additional information to show
that they were diligent in discovery and would suffer prejudice if not allowed to take
neighbor Sal's deposition; County Defendants did not contend that there were any
new material facts that formed the basis for reconsideration. (*Id.*).

County Defendants now bring an Ex Parte Application to Reconsider
Modifying Scheduling Order to Extend Discovery Cutoff to Take Single Deposition
("Ex Parte Application for Reconsideration"), on the issue of the recently disclosed
black-and-white video, requesting that the fact-discovery deadline be extended so that
they may take the deposition of the Bottens' neighbor Sal, who is the original owner

of the black-and-white video—arguing that the discovery of the identity of the owner of the black-and-white video is a "new material fact" that forms the basis for reconsideration. For the reasons discussed herein, the *Puga* Plaintiffs and *Botten* Plaintiffs oppose State Defendants' Ex Parte Application in its entirety.

## II.    STANDARD FOR EX PARTE BASIS FOR RELIEF

The Court's Civil Standing Order reminds the parties "that ex parte applications are solely for extraordinary relief and are discouraged." (*See* https://www.cacd.uscourts.gov/honorable-kenly-kiya-kato (KK Civil Standing Order at 8 (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 488 (C.D. Cal. 1995))); *see L.C.*, Doc. No. 83; *Botten*, Doc. No. 70 (directing the parties to the Court's website for updated civil procedures)). A proper ex parte motion contains two distinct parts: "[t]he first part should address only why the regular noticed motion procedures must be bypassed [and t]he second part consists of papers identical to those that would be filed to initiate a regular noticed motion." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The granting of *ex parte* relief requires an evidentiary showing of good cause that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492; *see, e.g.*, *Azam v. Brown*, 714 F. App'x 663, 665 (9th Cir. 2017) (recognizing *Mission Power* as setting forth standard for *ex parte* relief); *Erichsen v. Cnty. of Orange*, 677 F. App'x 379, 380 (9th Cir. 2017) (mem.) (noting that appellants failed to meet threshold requirement for *ex parte* relief by failing to establish that they were "without fault in creating the crisis that requires ex parte relief" (quoting *Mission Power*, 883 F. Supp. at 492)).

//

//

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (cleaned up) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "The applicable standards for reconsideration of non-final orders are set forth in Local Rule 7-18." *Cooper v. San Bernardino Sheriff*, No. EDCV16949PSGPLA, 2017 WL 10545094, at *1 (C.D. Cal. July 14, 2017). Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. L.R. 7-18. Additionally, "a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Tringham v. United States*, No. CR 09-00490 SJO, 2015 WL 13762731, at *1 (C.D. Cal. Aug. 13, 2015) (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)) (internal quotation marks omitted); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III. <u>COUNTY DEFENDANTS' EX PARTE APPLICATION FOR RECONSIDERATION SHOULD BE DENIED</u>

County Defendants are neither without fault for creating the crisis that requires ex parte relief nor have they presented any sufficient grounds for reconsideration of under Rule 7-18. With regards to the black-and-white video recording, State Defendants specifically argued that Annabelle Botten did not identify the recording as required under Rule 26(a)(1)(A)(iii) or in responses to written discovery until her

deposition on December 16, 2024 and did not produce the recording until December 23, 2024. (*Puga*, Doc. No. 89 at 10; *Botten*, Doc. No. 78 at 10). State Defendants further argued that the late production was "unjustified, especially because Ms. Botten's only claim is for negligent infliction of emotional distress[,]" thus "den[ying] Defendants of any discovery to…conduct follow-up discovery about the source of the black-and-white video that was unknown to defense counsel." (*Puga*, Doc. No. 89 at 10; *Botten*, Doc. No. 78 at 10). This was the extent of the argument provided regarding the black-and-white video. If County Defendants believed that a fact-discovery extension was necessary specifically for the black-and-white video for any other reason, or that State Defendants' arguments were deficient, County Defendants had the opportunity to join State Defendants' December Ex Parte Applications, file supplemental briefs and supply additional arguments and facts. County Defendants did not do so.

Subsequently, the Court issued Orders denying State Defendants' December Ex Parte Applications. Addressing the issue of the black-and-white video, the Court stated, "Finally, to the extent Defendants claim additional time is needed for discovery regarding…the recently disclosed video, it is not clear that Defendants were diligent in serving the initial written discovery..." (*Puga*, Doc. No. 92 at 2; *Botten*, Doc. No. 81 at 2). The additional arguments that County Defendants present to the Court now in response to the Court's analysis regarding the black-and-white video could have been presented to the Court at the time of the State Defendants' December Ex Parte Applications either by the State Defendants or by County Defendants (through joinder and supplemental briefing). Specifically, facts regarding when the initial written discovery was served, when responses were served, and whether Defendants were diligent in pursuing discovery with regards to the black-and-white video were known to Defendants prior to State Defendants' December Ex Parte Applications and could have been presented at the time of State Defendants' Ex Parte Applications, but were not. Because County Defendants' Ex Parte Application for

Reconsideration is based on new arguments that could have been raised earlier, which is not a proper basis for reconsideration, County Defendants' Ex Parte Application should be denied. See *Friends of Riverside Airport LLC v. Dep't of the Army*, No. CV1901103MWFKKX, 2021 WL 6618600, at *2 (C.D. Cal. Nov. 17, 2021) (denying motion for reconsideration in part because plaintiff's new arguments raised for the first time is not a proper basis for reconsideration); *Bellospirito v. Campbell*, No. SACV1800351JVSKESX, 2018 WL 7022149, at *1 (C.D. Cal. Dec. 4, 2018) (denying motion for reconsideration because movant presented no new facts or law that could not have been presented at the time of the motion); *Ammar v. Los Angeles City Coll.*, No. CV1700456ABAGRX, 2017 WL 6853872, at *3 (C.D. Cal. Nov. 15, 2017) (new arguments not raised before are not a basis for reconsideration); *Spates-Moore v. Henderson*, No. SACV000854DOCMLGX, 2010 WL 11655443, at *1 (C.D. Cal. Aug. 3, 2010) (new argument and evidence presented by plaintiff were available to plaintiff at the time of the motion and therefore, not sufficient grounds for reconsideration).

Moreover, the identification of neighbor Sal as the person who was the original owner of the black-and-white video is not a new "material fact," as County Defendants contend. The identity of the owner of the video does not change the Court's analysis that it was not clear from State Defendants' December Ex Parte Applications whether Defendants were diligent in serving written discovery. Additionally, Plaintiffs informed the Court that Plaintiffs identified neighbor Sal as the original owner of the black-and-white video in their Opposition to State Defendants' December Ex Parte Applications and attached the relevant correspondence regarding the identification. (*See Puga*, Doc. No. 90 at 18; *Botten*, Doc. No. 79 at 18). Thus, the fact of Sal's identity was presented to the Court before the Court issued its decision on State Defendants' December Ex Parte Applications.

Lastly, Defendants will not be prejudiced should the Court deny County Defendants' Ex Parte Application. First and foremost, Plaintiffs do not intend on

using the black-and-white video to establish the timeline of the shooting or contend that the events shown on the video match up to the audio of the video. There are several other videos that captured the incident, including the shooting, that are of better quality and that have been authenticated. The video will not be offered to show that the shooting occurred as depicted in the video. Instead, the video will be offered to show the effect it had on Plaintiff Annabelle Botten. Ms. Botten testified at her deposition that the black-and-white video contributed to her trauma because in the video, she could hear her family screaming for help. (*See* Doc. No. 95-2 at 10). Second, as Defendants have exceeded their 10-deposition limit under Rule 30, County Defendants must obtain leave of court to depose neighbor Sal. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). "[T]he mere fact that an individual possesses relevant information is not enough to warrant his or her deposition. A court may limit the scope of discovery, even of relevant information, when the burden or expense of discovery outweighs its likely benefit, among other factors." *Najera-Aguirre v. Riverside*, No. EDCV18762DMGSPX, 2019 WL 3249613, at *4 (C.D. Cal. Apr. 16, 2019). Here, County Defendants have not made a sufficient showing of the need for neighbor Sal's deposition, especially given that the video was only offered to show the effect it had on Ms. Botten, not to prove that the shooting occurred as depicted on the video; and there are several other videos of better quality that captured the incident and the shooting that have been authenticated.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court deny County Defendants' Ex Parte Application to Reconsider Modifying Scheduling Order to Extend Discovery Cutoff to Take Single Deposition in its entirety.

//

//

//

//

DATED:  January 14, 2025          LAW OFFICES OF DALE K. GALIPO


                                  By_____*/s/ Hang D. Le*_____
                                     Dale K. Galipo
                                     Hang D. Le
                                     Attorneys for Plaintiffs