| | |
|---|---|
| 1 | **LAW OFFICES OF DALE K. GALIPO** |
| | Dale K. Galipo, Esq. (Bar No. 144074) |
| 2 | dalekgalipo@yahoo.com |
| | Hang D. Le, Esq. (Bar No. 293450) |
| 3 | hlee@galipolaw.com |
| | 21800 Burbank Boulevard, Suite 310 |
| 4 | Woodland Hills, California, 91367 |
| | Telephone: (818) 347-3333 |
| 5 | Facsimile: (818) 347-4118 |
| 6 | Attorneys for Plaintiffs |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually; | Case No. 5:22-cv-00949-KK-SHK [Consolidated for purposes of discovery with *Botten, et al. v. State of California, et al.*, Case No. 5:23-cv-00257-KK-SHK] *Honorable Kenly Kiya Kato* *Mag. Judge Shashi H. Kewalramani* **DECLARATION OF HANG D. LE** |
| Plaintiffs, vs. | |
| STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, | |
| Defendants. | |

I, Hang D. Le, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and the Central District of California. I make this declaration in support of Puga Plaintiffs and Botten Plaintiffs' Consolidated Opposition to County Defendants' Ex Parte Application to Reconsider Modifying Scheduling Order to Extend Discovery Cutoff to Take Single Deposition. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. On January 8, 2025, after the Court issued its Orders denying State Defendants' December Ex Parte Applications, County Defendants reached out to Plaintiffs requesting a stipulation to take the deposition of neighbor Sal after the discovery cut-off, based on County Defendants' belief that the Court did not address the issue of the black-and-white video in its Orders and that if Plaintiffs did not agree to stipulate, County Defendants would bring an ex parte application for reconsideration based on the argument that Defendants did not have the ability to act diligently to obtain the video sooner. Plaintiffs' counsel replied, pointing out that the Court had addressed the issue of the black-and-white video in its Orders, and that Plaintiffs did not believe there was any sufficient grounds present that would satisfy the standard for reconsideration. County Defendants ultimately indicated that they intended to file an ex parte application for reconsideration on the basis that they could provide additional information to show that they were diligent in discovery and would suffer prejudice if not allowed to take neighbor Sal's deposition; County Defendants did not contend that there were any new material facts that formed the basis for reconsideration. Attached hereto as "**Exhibit 1**" is a true and correct copy of the email chain regarding County Defendants' requested stipulation to take the deposition of Sal and anticipated ex parte application.

//
//
//

1  I declare under penalty of perjury under the laws of the State of California and
2 the United States of America that the foregoing is true and correct. Executed this 14th
3 day of January 2025, in Woodland Hills, California.

_____
Hang D. Le