**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and
ANTONIA SALAS UBALDO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually; <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | Case No. 5:22-cv-00949-KK-SHK <br><br> *Honorable Kenly Kiya Kato* <br> *Mag. Judge Shashi H. Kewalramani* <br><br><br> **SIXTH REQUEST AND FOURTH STIPULATION TO MODIFY SCHEDULING ORDER TO CONTINUE EXPERT DISCOVERY CUT-OFF** |

1    Under Federal Rule of Civil Procedure 16(b)(4) and Local Rules 7-1 and 16-14,

2    Plaintiffs L.C., a minor by and through her guardian *ad litem* Maria Cadena; I.H., a

3    minor by and through his guardian *ad litem* Jasmine Hernandez; A.L., a minor by and

4    through her guardian *ad litem* Lydia Lopez; and Antonia Salas Ubaldo ("Plaintiffs")

5    and Defendants State of California, by and through the California Highway Patrol,

6    Michael Blackwood, Isaiah Kee, Bernardo  Rubalcava ("State Defendants"), County

7    of San Bernardino, Robert Vaccari, and Jake Adams ("County Defendants")

8    (collectively "Defendants"), stipulate for the purpose of jointly requesting that the

9    honorable Court modify the Scheduling Order issued in this action. The parties seek

10   to continue the expert discovery deadline by eight days, from March 6, 2025 to March

11   14, 2025.

12       When an act must be done within a specified time, the court may, for good

13   cause, extend the time with or without motion or notice if the court acts, or if a

14   request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). A

15   scheduling order may be modified only upon a showing of good cause and by leave of

16   Court. *Id*. 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604,

17   609 (9th Cir. 1992) (describing the factors a court should consider in ruling on such a

18   motion). In considering whether a party moving for a schedule modification has good

19   cause, the Court primarily focuses on the diligence of the party seeking the

20   modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory

21   committee's notes of 1983 amendment). "The district court may modify the pretrial

22   schedule 'if it cannot reasonably be met despite the diligence of the party seeking the

23   amendment.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983

24   amendment). Good cause exists to modify the Scheduling Order because, despite the

25   parties' diligent efforts, they will be unable to complete discovery by the current

26   deadline.

27       1.    Plaintiffs filed their Complaint on June 7, 2022. (Dkt. No. 1)

28

2.      The parties filed their Joint Rule 16(f) Report on February 13, 2023. (Dkt. No. 49).

3.      On March 8, 2023, the Court issued a Civil Trial Scheduling Order (Dkt. No. 57).

4.      On November 20, 2023, by Order of the Chief Judge, the instant matter was transferred from the calendar of the Honorable Jesus G. Bernal to the Honorable Kenly Kiya Kato. (Dkt. No. 75).

5.      On December 11, 2023, the parties filed a stipulation to modify the Scheduling Order. ( Dkt. No. 79). This was the parties' first request for a modification of the Scheduling Order. On December 11, 2023, the Court granted the parties' stipulation and issued an amended Civil Trial Scheduling Order. (Dkt. No. 80).

6.      On May 24, 2024, the parties filed a second stipulation to modify the Scheduling Order. (Dkt. No. 84). This was the parties' second request for a modification of the Scheduling Order. On June 18, 2024, the Court granted the parties' stipulation an issued an amended Civil Trial Scheduling Order. (Dkt. No. 85).

7.      On December 31, 2024, State Defendants filed an ex parte application to continue the fact discovery cut-off. (Dkt. No. 89). This was the third request for a modification of the Scheduling Order. The Court denied State Defendants' Ex Parte Application on January 8, 2025. (Dkt. No. 92).

8.      On January 10, 2025, the parties filed a third stipulation to modify the Scheduling Order, seeking to continue expert discovery dates in light of the Los Angeles Wildfires and its impact on experts. Specifically, the parties sought to continue to deadline for initial expert disclosures from January 16, 2025 to January 30, 2025, the deadline for rebuttal expert disclosures from January 30, 2025 to February 13, 2025, and the expert discovery cut-off from February 20, 2025 to March 6, 2025. (Dkt. No. 93). This was the fourth request for a modification of the Scheduling Order. On January 13, 2025, the Court granted the parties' stipulation to amend the Scheduling Order. (Dkt. No. 94).

9.      January 13, 2025, County Defendants filed an Ex Parte Application seeking to modify the Scheduling Order to extend the fact discovery cut-off to take the deposition of the Bottens' neighbor, Sal. (Dkt. No 95). This was the fifth request for a modification of the Scheduling Order. On January 16, 2025, the Court granted County Defendants' Ex Parte Application. (Dkt. No. 98).

10.      The parties are meeting and conferring on deposition dates for eight of the retained experts. However, lead counsel for State Defendants, Diana Esquivel, and lead counsel for Plaintiffs, Dale Galipo, will be engaged in trial in *Lennox v. City of Sacramento, et al.*, case no. 2:21-cv-02075-DAD-CSK, in the United States District Court for the Eastern District of California, in front of the Honorable Dale A. Drozd, for two weeks starting on February 18, 2025. Due to the unavailability of counsel for State Defendants and Plaintiffs for two weeks, the parties are unable to adequately schedule all eight expert depositions before the Expert Discovery Cut-Off of March 6, 2025.

11.      The parties agree that it is in the best interest of all parties to continue the Expert Discovery Cut-Off to allow the parties additional time to complete the experts' depositions.

12.      This Stipulation is the <u>sixth</u> request to modify the Scheduling Order and the parties <u>fourth</u> stipulation to modify the Scheduling Order.

13.      Accordingly, in light of the foregoing, the parties hereby stipulate that good cause exists, and jointly request that the Court modify the Scheduling Order as and continue the Expert Discovery Cut-Off from **March 6, 2025,** to **March 14, 2025**.

14.      Further, given that the instant case has been consolidated with *Botten, et al. v. State of California, et al.*, (case no. 5:23-cv-00257-KK-SHK) for the limited purposes of discovery, the parties further agree that this extension applies to the Expert Discovery Cut-Off in *Botten* as well.

//

//

**IT IS SO STIPULATED**.

DATED: February 11, 2025          LAW OFFICES OF DALE K. GALIPO

By _____ */s/ Hang D. Le* _____
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

DATED: February 11, 2025          ROB BONTA
Attorney General of California
CHRISTINE E. GARSKE
Supervising Deputy Attorney General

*/s/ Diana Esquivel\**

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant State of Cal., by and through the CHP, Blackwood, Kee, and Rubalcava*

DATED: February 11, 2025          LYNBERG & WATKINS

By _____ */s/ Amy R. Margolies\** _____
Shannon L. Gustafson
Amy R. Margolies
Anita K. Clarke
Attorneys for Defendants
COUNTY OF SAN BERNARDINO,
ROBERT VACCARI, and JAKE ADAMS

*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.