# EXHBIT L
# SLIP SHEET
# [815] Kee MVARS p1 VTS_01_1
# [816C] Kee MVARS p2 VTS_01_2

00168

ROB BONTA
Attorney General of California
CHRISTINE E. GARSKE
Supervising Deputy Attorney General
DIANA ESQUIVEL
Deputy Attorney General
State Bar No. 202954
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7320
 Facsimile: (916) 322-8288
 E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants State of Cal., by and through Cal. Highway Patrol, Blackwood, Kee, and Rubalcava*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **L.C., a minor by and through her guardian ad litem Maria Cadena, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA, et al.,**<br><br>Defendants. | No. 5:22-cv-00949 JGB-KK<br><br>**DEFENDANT STATE OF CALIFORNIA'S RESPONSE TO PLAINTIFF L.C.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Action Filed: June 7, 2022 |

Propounding Party:   L.C., a minor by and through her guardian ad litem Maria Cadena, Plaintiff

Responding Party:   STATE OF CALIFORNIA, by and through the California Highway Patrol, Defendant

Set Number:   ONE

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS identified in YOUR FRCP Rule 26 Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request on the grounds it is overbroad, vague as to the meaning of "YOUR," violates the proportionality requirement of the Federal Rule of Civil Procedure 26(b)(1), lacks foundation, and calls for speculation. Without waiving any objection and limiting this request to the California Highway Patrol (CHP), Defendant produces: (1) CHP Critical Incident Investigation Team Shooting Report, bates stamped AG01 to AG01464 Confidential, redacted; (2) CHP Incident Detail Report, No. 210217BS00009 (Pursuit-OIS), bates stamped AG0317 to AG0331; (3) CHP Incident Detail Report, No. 210216BS00186 (Road rage), bates stamped AG0332 to AG0337; (4) CHP 187 Pursuit Reporting System Summary and Division Review, bates stamped AG01531 to AG01536; (5) CHP and SBCSD Dispatch Audio Recordings, recorded February 17, 2021, bates stamped AG0451, AG0452, and AG0880 to AG0885 Confidential; (6) Mobile Video Audio Recording System (MVARS) for patrol units driven by Sgt. Kee and Ofrs. Blackwood and Rubalcava, bates stamped AG0811 to AG0817 and AG01377, Confidential as to AG0814 and AG0816; (7) Witnesses' cell phone videos, bates stamped AG01328 to AG01374 and AG01375 to AG01376; (8) Surveillance Video from 11498 Peach Avenue, bates stamped AG01328 to AG01374; and (9) Plaintiffs' government claims and any related correspondence, bates stamped AG01465 to AG01530. *See* attached privilege log.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that REFER OR RELATE TO any incident report, use of force report, statement, or investigation that REFERS OR RELATES TO the INCIDENT.

AG0125, AG0126 to AG0137, AG0263 to AG0317, AG0453 to AG0465, AG0671 to AG0680, AG0818 to AG0876, AG0886 to AG01327.

Defendant also identifies the documents Defendant County of San Bernardino produced in response to Plaintiff's production requests, specifically COSB000039 to COSB001410.

**REQUEST FOR PRODUCTION NO. 8:**

All audio recordings that REFER OR RELATE TO the INCIDENT, including belt or unit recordings, dispatch and radio transmissions, and transcripts thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request on the grounds it is overbroad, vague as to the meaning of "audio recordings," and "belt or unit recordings," violates the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1), fails to state with reasonable particularity the documents sought, lacks foundation, calls for speculation, and is unduly burdensome, oppressive, and harassing because it seeks documents that are equally available to or already in the possession of Plaintiff's attorneys. Without waiving any objection and limiting this response to the CHP, after reasonable search and inquiry, Defendant has no responsive documents in its possession, custody, or control other than those contained within the CHP Critical Incident Investigation Team Shooting Report (bates stamped AG01 to AG01464 Confidential), specifically AG0451 to AG0452, AG0671 to AG0673, AG0811 to AG0817, AG0877 to AG0885, and AG01328 to AG01464.

Defendant also identifies the numerous audio files Defendant County of San Bernardino produced in response to Plaintiff's production requests.

**REQUEST FOR PRODUCTION NO. 9:**

All mobile digital terminal/computer reports or printouts of all dispatches or MDT/MDC/MDS/CAD entries that REFER OR RELATE TO the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request on the grounds it is overbroad, vague as to the meaning of "any dash cameras" and "any person," violates the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1), fails to state with reasonable particularity the documents sought, lacks foundation, calls for speculation, and is unduly burdensome, oppressive, and harassing because it seeks documents that are equally available to or already in the possession of Plaintiff's attorneys. Without waiving any objection and limiting this response to the CHP, after reasonable search and inquiry, Defendant has no responsive documents in its possession, custody, or control other than those contained within the CHP Critical Incident Investigation Team Shooting Report (bates stamped AG01 to AG01464 Confidential), specifically AG0811 to AG0817 and AG01377. Defendant does not have footage from any body-worn camera because no such footage exists. The involved CHP officers were not wearing or utilizing body-worn cameras.

**REQUEST FOR PRODUCTION NO. 12:**

Any videos, including surveillance videos, or still photographs captured by any private person or private business that REFER OR RELATES TO the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request on the grounds it is overbroad, vague as to the meaning of "videos," "still photographs," and "any private person," violates the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1), fails to state with reasonable particularity the documents sought, lacks foundation, calls for speculation, and is unduly burdensome, oppressive, and harassing because it seeks documents that are equally available to or already in the possession of Plaintiff's attorneys. Without waiving any objection and limiting this response to the CHP, after reasonable search and inquiry, Defendant has no responsive documents in its possession, custody, or control other than those contained within the CHP Critical

1  AG0876, and AG0886 to AG01327, Defendant has no other responsive documents
2  in its possession, custody, or control after a reasonable and diligent search.
3  **REQUEST FOR PRODUCTION NO. 20:**
4     All audio or video recordings and transcripts of the same that REFER or
5  RELATE TO the INCIDENT.
6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**
7     Defendant objects to this request on the grounds it is overbroad, vague as to
8  the meaning of "the same," fails to state with reasonable particularity the
9  documents sought, lacks foundation, calls for speculation, and is unduly
10 burdensome, oppressive, and harassing because it is duplicative of Request Nos. 8,
11 11, and 12 and seeks documents equally available to or already in the possession of
12 Plaintiff's attorneys. Without waiving any objection, other than the responsive
13 documents contained within the CHP Critical Incident Investigation Team Shooting
14 Report (bates stamped AG01 to AG01464 Confidential), specifically AG0451 to
15 AG0452, AG0671 to AG0673, AG0811 to AG0817, AG0877 to AG0885, and
16 AG01328 to AG01464, Defendant has no other responsive documents in its
17 possession, custody, or control after a reasonable and diligent search.
18 **REQUEST FOR PRODUCTION NO. 21:**
19    Any and all DOCUMENTS that REFER OR RELATE TO DECEDENT.
20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**
21    Defendant objects to this request on the grounds it is overbroad, unintelligible
22 as to the meaning of "relate to decedent," violates the proportionality requirement
23 of Federal Rule of Civil Procedure 26(b)(1), fails to state with reasonable
24 particularity the documents sought, calls for speculation, and is unduly
25 burdensome, oppressive, and harassing because it seeks documents that are
26 irrelevant and not reasonably calculated to lead to the discovery of admissible
27 evidence, is beyond the scope of the claims asserted against this Defendant, and
28 seeks documents equally available to or already in the possession of Plaintiff's

1  attorneys. Defendant will provide a further response to a properly clarified and
2  narrowed request.
3  **REQUEST FOR PRODUCTION NO. 22:**
4      Any DOCUMENTS that REFER OR RELATE TO any insurance agreement
5  under which an insurance business may be liable to satisfy all or part of a possible
6  judgment in the action or to indemnify or reimburse for payments made to satisfy
7  the judgment.
8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**
9      Defendant objects to this request on the ground it lacks foundation. Without
10 waiving any objection, Defendant has no responsive documents in its possession,
11 custody, or control because no such documents exist as Defendant is self-insured.

13 Dated: October 27, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTINE E. GARSKE
Supervising Deputy Attorney General

*Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for State Defendants*

20 LA2022603031
   37604507.docx

Def. State's Response to Pl. L.C.'s Request for Production of Documents, Set One     15     5:22-cv-00949 JGB-KK

00174

# DECLARATION OF SERVICE BY ELECTRONIC MAIL

**Name:** *L.C., a minor by and through her guardian ad Litem Maria Cadena, et al. v. State of California, et al.*
**No.:** 5:22-cv-00949 JGB-KK

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **October 27, 2023**, I served the attached

**DEFENDANT STATE OF CALIFORNIA'S RESPONSE TO PLAINTIFF L.C.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE; PRIVILEGE LOG**

by transmitting a true copy thereof in PDF format by electronic mail to the following:

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Hang D. Le, Esq.<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd., Ste. 310<br>Woodland Hills, CA 91367<br>Tel: (818) 347-3333<br>Fax: (818) 347-4118<br>Email: dalekgalipo@yahoo.com<br>hlee@galipolaw.com<br>*Attorneys for Plaintiffs* | Shannon L. Gustafson, Esq.<br>Amy R. Margolies, Esq.<br>LYNBERG & WATKINS<br>1100 Town & Country Road, Ste. 1450<br>Orange, CA 92868<br>Tel: (714) 937-1010<br>Fax: (714) 937-1003<br>Email: sgustafson@lynberg.com<br>amargolies@lynberg.com<br>*Attorneys for Defendant County of San Bernardino, Adams, and Vaccari* |

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on October 27, 2023, at Sacramento, California.

Diana Esquivel
Declarant

*Diana Esquivel*
Signature