# EXHIBIT M

00180

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and
ANTONIA SALAS UBALDO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually;<br><br>                    Plaintiffs,<br><br>          vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>                    Defendants. | Case No. 5:22-cv-00949-JGB-KK<br><br>**THIRD AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process (42 U.S.C. § 1983)<br>5. Battery (Survival and Wrongful Death)<br>6. Negligence (Survival and Wrongful Death)<br>7. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually, for their Complaint against Defendants STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO, ISAIAH KEE, MICHAEL BLACKWOOD, BERNARDO RUBALCAVA, ROBERT VACCARI, JAKE ADAMS, and DOES 6-10, inclusive, allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Hector Puga on February 17, 2021.

**PARTIES**

4. At all relevant times, Decedent HECTOR PUGA ("DECEDENT") was an individual residing in the City of Bellflower, County of Los Angeles, California.

5. Plaintiff L.C. ("Plaintiff L.C.") is an individual residing in the City of Downey, County of Los Angeles, California and is the natural minor child of DECEDENT.  Plaintiff L.C. sues both in her individual capacity as the minor child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60. Plaintiff L.C. seeks both survival and wrongful death damages under federal and state law.

6. Plaintiff I.H. ("Plaintiff I.H.") is an individual residing in the City of Compton, County of Los Angeles, California and is the natural minor child of DECEDENT.  Plaintiff I.H. sues both in his individual capacity as the minor child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60. Plaintiff I.H. seeks both survival and wrongful death damages under federal and state law.

7. Plaintiff A.L. ("Plaintiff A.L.") is an individual residing in the City of Bell, County of Los Angeles, California and is the natural minor child of DECEDENT.  Plaintiff A.L. sues both in her individual capacity as the minor child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60. Plaintiff A.L. seeks both survival and wrongful death damages under federal and state law.

8. Plaintiff ANTONIA SALAS UBALDO ("Plaintiff UBALDO") is an individual residing in the City of Bellflower, County of Los Angeles, California. DIANE ANAYA is the natural mother of DECEDENT and sues in her individual

00183

capacity. DIANE ANAYA seeks wrongful death damages, compensatory damages and punitive damages under federal and state law.

9.     At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") is and was a duly organized public entity existing under the laws of the State of California. STATE is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the California Highway Patrol ("CHP") and its agents and employees. At all relevant times, Defendant STATE is and was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.

10.    At all relevant times, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a duly organized public entity existing under the laws of the State of California. COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the San Bernardino Sheriff's Department ("SBSD") and its agents and employees. At all relevant times, Defendant COUNTY is and was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.

11.    On information and belief, S.S.C. is a minor child and potential heir to the Decedent Hector Puga's estate and a potential successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure. Accordingly, S.S.C. is identified in this Complaint as a nominal defendant.

12.    At all relevant times, Defendants ISAIAH KEE ("KEE"), MICHAEL BLACKWOOD ("BLACKWOOD"), and BERNARDO RUBALCAVA ("RUBALCAVA") (collectively "OFFICER DEFENDANTS") were duly appointed by STATE as CHP officers and employees or agents of STATE, subject to oversight and supervision by STATE's elected and non-elected officials. KEE,

1   BLACKWOOD, and RUBALCAVA acted under color of law, to wit, under the

2   color of the statutes, ordinances, regulations, policies, customs, and usages of

3   defendant STATE and the CHP, and under the color of the statutes and regulations

4   of the State of California.

5       13.   At all relevant times, Defendants ROBERT VACCARI ("VACCARI"),

6   JAKE ADAMS ("ADAMS"), and DOE 6 ("DOE DEPUTY") (collectively

7   "DEPUTY DEFENDANTS") were duly appointed by COUNTY as SBSD deputies

8   and employees or agents of COUNTY, subject to oversight and supervision by

9   COUNTY's elected and non-elected officials. VACCARI, ADAMS, and DOE 6

10  acted under color of law, to wit, under the color of the statutes, ordinances,

11  regulations, policies, customs, and usages of defendant COUNTY and the SBSD,

12  and under the color of the statutes and regulations of the State of California.

13      14.   At all relevant times, Defendants DOES 7-8 are managerial,

14  supervisorial, and policymaking employees of the CHP, who were acting under

15  color of law within the course and scope of their duties as managerial, supervisorial,

16  and policymaking employees for the CHP.  DOES 7-8 were acting with the

17  complete authority and ratification of their principal, Defendant STATE.

18      15.   At all relevant times, Defendants DOES 9-10 are managerial,

19  supervisorial, and policymaking employees of the SBSD, who were acting under

20  color of law within the course and scope of their duties as managerial, supervisorial,

21  and policymaking employees for the SBSD.  DOES 9-10 were acting with the

22  complete authority and ratification of their principal, Defendant COUNTY.

23      16.   In doing the acts and failing and omitting to act as hereinafter

24  described, KEE, BLACKWOOD, and RUBALCAVA were acting on the implied

25  and actual permission and consent of Defendant STATE.

26      17.   In doing the acts and failing and omitting to act as hereinafter

27  described, VACCARI, ADAMS, and DOE 6 were acting on the implied and actual

28  permission and consent of Defendant COUNTY.

00185

-4-

18.     KEE, BLACKWOOD, RUBALCAVA, VACCARI, ADAMS, and DOES 6-10 are sued in their individual capacities.

19.     The true names and capacities of DOES 6-10 are unknown to Plaintiffs, who otherwise sues these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of the Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

20.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

21.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

22.     On or around November 19, 2021, Plaintiffs filed comprehensive and timely claims for damages with the State of California pursuant to the applicable sections of the California Government Code. Said claims were rejected on May 4, 2022.

23.     On or around November 23, 2021, Plaintiffs filed comprehensive and timely claims for damages with the County of San Bernardino pursuant to the applicable sections of the California Government Code. Said claims were rejected on December 8, 2021.

/ / /

/ / /

/ / /

-5-

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.    This incident occurred on February 17, 2021 at approximately 1:42 a.m. On information and belief, California Highway Patrol officers and County of San Bernardino sheriff's deputies attempted a traffic stop of DECEDENT's vehicle, a white Ford Expedition, on the I-15.

26.    On information and belief, DECEDENT's vehicle exited the freeway at Main Street and ultimately stopped in the area of Peach Avenue and Catalpa Street in Hesperia, California.

27.    On information and belief, DECEDENT complied with commands to exit his car and placed his hands in the air. DECEDENT then complied with commands to position himself in the front of his vehicle with his hands above his hands in the air.

28.    On information and belief, OFFICER DEFENDANTS and DEPUTY DEFENDANTS approached DECEDENT and shot at DECEDENT without justification, thereby using excessive force against him.

29.    On information and belief, Defendant KEE pointed his firearm and intentionally discharged his firearm at DECEDENT while DECEDENT's hands were visible, with nothing in either hand, and while DECEDENT was not facing KEE.

30.    On information and belief, Defendant BLACKWOOD pointed his firearm and intentionally discharged his firearm at DECEDENT while DECEDENT's hands were visible, with nothing in either hand, and while DECEDENT was not facing BLACKWOOD.

31.    On information and belief, Defendant RUBALCAVA pointed his firearm and intentionally discharged his firearm at DECEDENT while

00187

1 | DECEDENT's hands were visible, with nothing in either hand, and while
2 | DECEDENT was not facing RUBALCAVA.

3 |      32.    On information and belief, Defendant VACCARI pointed his firearm
4 | and intentionally discharged his firearm at DECEDENT while DECEDENT's hands
5 | were visible, with nothing in either hand, and while DECEDENT was not facing
6 | VACCARI.

7 |      33.    On information and belief, Defendant ADAMS pointed his firearm and
8 | intentionally discharged his firearm at DECEDENT while DECEDENT's hands
9 | were visible, with nothing in either hand, and while DECEDENT was not facing
10 | ADAMS.

11 |      34.    On information and belief, DECEDENT ran away with his back
12 | towards OFFICER DEFENDANTS and DEPUTY DEFENDANTS as OFFICER
13 | DEFENDANTS and DEPUTY DEFENDANTS continued shooting at DECEDENT
14 | without justification. DECEDENT was running away with his back towards
15 | OFFICER DEFENDANTS and DEPUTY DEFENDANTS with both hands visibly
16 | pumping back and forth in a running motion.

17 |      35.    On information and belief, while DECEDENT was moving away from
18 | Defendant KEE with his back towards KEE, KEE continued to discharge his firearm
19 | at DECEDENT, striking DECEDENT several times. DECEDENT did not make any
20 | furtive movement or threatening gesture towards Defendant KEE and was running
21 | with both hands visibly pumping back and forth in a running motion.

22 |      36.    On information and belief, while DECEDENT was moving away from
23 | Defendant BLACKWOOD with his back towards BLACKWOOD, BLACKWOOD
24 | continued to discharge his firearm at DECEDENT, striking DECEDENT several
25 | times. DECEDENT did not make any furtive movement or threatening gesture
26 | towards Defendant BLACKWOOD and was running with both hands visibly
27 | pumping back and forth in a running motion.

28 |

37.     On information and belief, while DECEDENT was moving away from Defendant RUBALCAVA with his back towards RUBALCAVA, RUBALCAVA continued to discharge his firearm at DECEDENT, striking DECEDENT several times. DECEDENT did not make any furtive movement or threatening gesture towards Defendant RUBALCAVA and was running with both hands visibly pumping back and forth in a running motion.

38.     On information and belief, while DECEDENT was moving away from Defendant VACCARI with his back towards VACCARI, VACCARI continued to discharge his firearm at DECEDENT, striking DECEDENT several times. DECEDENT did not make any furtive movement or threatening gesture towards Defendant VACCARI and was running with both hands visibly pumping back and forth in a running motion.

39.     On information and belief, while DECEDENT was moving away from Defendant ADAMS with his back towards ADAMS, ADAMS continued to discharge his firearm at DECEDENT, striking DECEDENT several times. DECEDENT did not make any furtive movement or threatening gesture towards Defendant ADAMS and was running with both hands visibly pumping back and forth in a running motion.

40.     On information and belief, DECEDENT dropped to the ground as a result of sustaining gunshot wounds to his back and to other parts of his body. After DECEDENT dropped face-forward onto the ground and away from OFFICER DEFENDANTS and DEPUTY DEFENDANTS, OFFICER DEFENDANTS and DEPUTY DEFENDANTS continued shooting at DECEDENT without justification.

41.     On information and belief, after DECEDENT had fallen face-forward away from Defendant KEE and was a significant distance away from Defendant KEE, Defendant KEE continued to discharge his firearm at DECEDENT, striking DECEDENT several times.

42.     On information and belief, after DECEDENT had fallen face-forward away from Defendant BLACKWOOD and was a significant distance away from Defendant BLACKWOOD, Defendant BLACKWOOD continued to discharge his firearm at DECEDENT, striking DECEDENT several times.

43.     On information and belief, after DECEDENT had fallen face-forward away from Defendant RUBALCAVA and was a significant distance away from Defendant RUBALCAVA, Defendant RUBALCAVA continued to discharge his firearm at DECEDENT, striking DECEDENT several times.

44.     On information and belief, after DECEDENT had fallen face-forward away from Defendant VACCARI and was a significant distance away from Defendant VACCARI, Defendant VACCARI continued to discharge his firearm at DECEDENT, striking DECEDENT several times.

45.     On information and belief, after DECEDENT had fallen face-forward away from Defendant ADAMS and was a significant distance away from Defendant ADAMS, Defendant ADAMS continued to discharge his firearm at DECEDENT, striking DECEDENT several times.

46.     On information and belief, OFFICER DEFENDANTS and DEPUTY DEFENDANTS, including Defendant VACCARI and Defendant ADAMS, failed to give a warning that deadly force was going to be used before shooting at DECEDENT, despite it being feasible to do so.

47.     On information and belief, DECEDENT did not pose an immediate threat of serious bodily injury or death to anyone at the time of the shooting. OFFICER DEFENDANTS and DEPUTY DEFENDANTS were not faced with an immediate or imminent defense of life situation and had less than lethal alternatives available to subdue DECEDENT and to take DECEDENT into custody.

48.     On information and belief, despite having knowledge that DECEDENT was seriously injured by OFFICER DEFENDANTS' and DEPUTY DEFENDANTS' use of deadly force, OFFICER DEFENDANTS, Defendant

VACCARI, and Defendant ADAMS failed to timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

49.     DECEDENT sustained gunshot wounds to his body. DECEDENT died as a result of those injuries.

50.     Plaintiff L.C. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural daughter of DECEDENT.

51.     Plaintiff I.H. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural daughter of DECEDENT.

52.     Plaintiff A.L. is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural daughter of DECEDENT.

53.     Plaintiff ANTONIA SALAS UBALDO was dependent upon DECEDENT to some extent for the necessaries of life.

### **FIRST CLAIM FOR RELIEF**

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiffs L.C., I.H., and A.L. against OFFICER DEFENDANTS and DEPUTY DEFENDANTS)

54.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55.     OFFICER DEFENDANTS and DEPUTY DEFENDANTS detained DECEDENT without reasonable suspicion and arrested him without probable cause.

0019

56.     When OFFICER DEFENDANTS and DEPUTY DEFENDANTS pulled DECEDENT over, pointed their weapons at DECEDENT, and shot DECEDENT, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57.     The conduct of OFFICER DEFENDANTS and DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS and DEPUTY DEFENDANTS.

58.     As a result of their misconduct, OFFICER DEFENDANTS and DEPUTY DEFENDANTS are liable for DECEDENT's injuries, because they were integral participants in the wrongful detention and arrest.

59.     Plaintiffs L.C., I.H., and A.L. bring this claim as successors-in-interest to the DECEDENT, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiffs L.C., I.H., and A.L. also seek attorney's fees under this claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**SECOND CLAIM FOR RELIEF**

**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

(By Plaintiffs L.C., I.H., and A.L. against OFFICER DEFENDANTS and DEPUTY DEFENDANTS)

60.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.     OFFICER DEFENDANTS and DEPUTY DEFENDANTS, including Defendant VACCARI and Defendant ADAMS, used excessive force against DECEDENT when he they shot him several times.

62.     On information and belief, Defendant VACCARI pointed his firearm at DECEDENT and intentionally discharged his firearm at DECEDENT while DECEDENT's hands were visible, with nothing in either hand, and while DECEDENT was not facing VACCARI. Defendant VACCARI continued to fire at DECEDENT while DECEDENT was running away, moving away from Defendant VACCARI, was not facing Defendant VACCARI, and had both hands visible. Defendant VACCARI continued to fire at DECEDENT after DECEDENT had fallen onto the ground after sustaining several gunshot wounds.

63.     On information and belief, Defendant ADAMS pointed his firearm and intentionally discharged his firearm at DECEDENT while DECEDENT's hands were visible, with nothing in either hand, and while DECEDENT was not facing ADAMS. Defendant ADAMS continued to fire at DECEDENT while DECEDENT was running away, moving away from Defendant ADAMS, was not facing Defendant ADAMS, and had both hands visible. Defendant ADAMS continued to fire at DECEDENT after DECEDENT had fallen onto the ground after sustaining several gunshot wounds.

64.     OFFICER DEFENDANTS' and DEPUTY DEFENDANTS' unjustified use of force deprived DECEDENT of his right to be secure in his person

against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

65.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

66.     The conduct of OFFICER DEFENDANTS and DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages.

67.     The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, OFFICER DEFENDANTS' and DEPUTY DEFENDANTS' shooting and use of force violated their training and standard police officer training.

68.     As a result of their misconduct, OFFICER DEFENDANTS and DEPUTY DEFENDANTS are liable for DECEDENT'S injuries, either because they were integral participants in the use of excessive force, and/or because they failed to intervene to prevent these violations.

69.     Plaintiffs L.C., I.H., and A.L. bring this claim as a successors-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of DECEDENT's rights.  Plaintiffs L.C., I.H., and A.L. also seek attorney's fees under this claim.

/ / /

/ / /

/ / /

/ / /

/ / /

**THIRD CLAIM FOR RELIEF**

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs L.C., I.H., and A.L. against OFFICER DEFENDANTS and DEPUTY DEFENDANTS)

70.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71.      The denial of medical care by OFFICER DEFENDANTS and DEPUTY DEFENDANTS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

72.     OFFICER DEFENDANTS and DEPUTY DEFENDANTS failed to provide needed medical care to DECEDENT, failed to timely summon needed medical care for DECEDENT, prevented medical care personnel from timely treating DECEDENT, and refused to permit medical care personnel to access and care for DECEDENT at the scene for an appreciable time after the incident.

73.     On information and belief, after Defendant VACCARI had shot a number of times at DECEDENT and it was apparent to Defendant VACCARI that DECEDENT had been struck by at least some of the shots, Defendant VACCARI failed to timely summon medical care for DECEDENT and failed to timely provide medical care to DECEDENT.

74.     On information and belief, after Defendant ADAMS had shot a number of times at DECEDENT and it was apparent to Defendant ADAMS that DECEDENT had been struck by at least some of the shots, Defendant ADAMS failed to timely summon medical care for DECEDENT and failed to timely provide medical care to DECEDENT.

00195

75.     As a result of the foregoing, DECEDENT suffered great physical pain and suffering up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

76.     OFFICER DEFENDANTS and DEPUTY DEFENDANTS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

77.     The conduct of OFFICER DEFENDANTS and DEPUTY DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to OFFICER DEFENDANTS and DEPUTY DEFENDANTS.

78.     As a result of their misconduct, OFFICER DEFENDANTS and DEPUTY DEFENDANTS are liable for DECEDENT'S injuries, either because they were integral participants in the denial of medical care, and/or because they failed to intervene to prevent these violations.

79.     Plaintiffs L.C., I.H., and A.L. bring this claim as a successors-in-interest to the DECEDENT, and seeks survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life for the violation of DECEDENT'S rights.  Plaintiffs L.C., I.H., and A.L. also seek attorney's fees and costs under this claim.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## **FOURTH CLAIM FOR RELIEF**

### **Substantive Due Process (42 U.S.C. § 1983)**

(By All Plaintiffs against OFFICER DEFENDANTS and DEPUTY DEFENDANTS)

80.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 79 of this Complaint with the same force and effect as if fully set forth herein.

81.     Plaintiff L.C. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff L.C.'s familial relationship with her father, DECEDENT.

82.     Plaintiff I.H. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff I.H.'s familial relationship with his father, DECEDENT.

83.     Plaintiff A.L. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff A.L.'s familial relationship with her father, DECEDENT.

84.     Plaintiff ANTONIA SALAS UBALDO had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff ANTONIA SALAS UBALDO's familial relationship with her son, DECEDENT.

85.     The aforementioned actions of OFFICER DEFENDANTS and DEPUTY DEFENDANTS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO, and with purpose to harm unrelated to any legitimate law enforcement objective.

86.     Defendant VACCARI acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO, and with purpose to harm unrelated to any legitimate law enforcement objective when he intentionally used deadly force against DECEDENT by shooting at DECEDENT while he was being detained even though DECEDENT was not facing Defendant VACCARI and did not have anything in either hands, continuing to shoot at DECEDENT while DECEDENT ran away with his back towards Defendant VACCARI and both empty hands visible, and continuing to shoot a DECEDENT after DECEDENT had fallen to the ground as a result of his gunshot wounds.

87.     Defendant ADAMS acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO, and with purpose to harm unrelated to any legitimate law enforcement objective when he intentionally used deadly force against DECEDENT by shooting at DECEDENT while he was being detained even though DECEDENT was not facing Defendant ADAMS and did not have anything in either hands, continuing to shoot at DECEDENT while DECEDENT ran away with his back towards Defendant ADAMS and both empty hands visible, and continuing to shoot a DECEDENT after DECEDENT had fallen to the ground as a result of his gunshot wounds.

88.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  OFFICER DEFENDANTS and DEPUTY DEFENDANTS thus violated the substantive due process rights of

Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO to be free from

unwarranted interference with their familial relationship with DECEDENT.

89.     As a direct and proximate cause of the acts of OFFICER

DEFENDANTS and DEPUTY DEFENDANTS, Plaintiffs L.C., I.H., A.L., and

ANTONIA SALAS UBALDO suffered emotional distress, mental anguish, and

pain.  Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO have also been

deprived of the life-long love, companionship, comfort, support, society, care, and

sustenance of DECEDENT, and will continue to be so deprived for the remainder of

their natural lives.

90.     The conduct of OFFICER DEFENDANTS and DEPUTY

DEFENDANTS was willful, wanton, malicious, and done with reckless disregard

for the rights and safety of DECEDENT and Plaintiffs L.C., I.H., A.L., and

ANTONIA SALAS UBALDO and therefore warrants the imposition of exemplary

and punitive damages as to OFFICER DEFENDANTS and DEPUTY

DEFENDANTS.

91.     Plaintiff L.C. brings this claim individually for the interference with her

relationship with her father DECEDENT and seeks wrongful death damages for the

violation of Plaintiff L.C.'s rights.  Plaintiff L.C. also seeks attorney's fees under

this claim.

92.     Plaintiff I.H. brings this claim individually for the interference with his

relationship with his father DECEDENT and seeks wrongful death damages for the

violation of Plaintiff I.H.'s rights.  Plaintiff I.H. also seeks attorney's fees under this

claim.

93.     Plaintiff A.L. brings this claim individually for the interference with

her relationship with her father DECEDENT and seeks wrongful death damages for

the violation of Plaintiff A.L.'s rights.  Plaintiff A.L. also seeks attorney's fees

under this claim.

94.    Plaintiff ANTONIA SALAS UBALDO brings this claim individually for the interference with her relationship with her son DECEDENT and seeks wrongful death damages for the violation of Plaintiff ANTONIA SALAS UBALDO's rights.  Plaintiff ANTONIA SALAS UBALDO also seeks attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Battery

(By All Plaintiffs against Defendants STATE, COUNTY, OFFICER DEFENDANTS, and DEPUTY DEFENDANTS)

95.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

96.    OFFICER DEFENDANTS and DEPUTY DEFENDANTS, while working as officers for the CHP and sheriff's deputies for SBSD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him.  As a result of the actions of OFFICER DEFENDANTS and DEPUTY DEFENDANTS, DECEDENT ultimately died from his injuries.  OFFICER DEFENDANTS and DEPUTY DEFENDANTS had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

97.    As a direct and proximate result of the conduct of OFFICER DEFENDANTS and DEPUTY DEFENDANTS as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO suffered emotional distress and mental anguish.  Plaintiffs L.C., I.H.,

A.L., and ANTONIA SALAS UBALDO also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

98. STATE is vicariously liable for the wrongful acts of OFFICER DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

99. COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

100. The conduct of OFFICER DEFENDANTS and DEPUTY DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs L.C., I.H., and A.L., as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to OFFICER DEFENDANTS and DEPUTY DEFENDANTS.

101. Plaintiff L.C. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff L.C. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

102. Plaintiff I.H. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff I.H. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

103. Plaintiff A.L. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff A.L. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

104.   Plaintiff ANTONIA SALAS UBALDO brings this claim individually and seeks wrongful death damages under this claim.

## SIXTH CLAIM FOR RELIEF

### Negligence

(By All Plaintiffs against all Defendants)

105.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 104 of this Complaint with the same force and effect as if fully set forth herein.

106.   Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

107.   OFFICER DEFENDANTS, DEPUTY DEFENDANTS, and Defendants DOES 7-10 breached this duty of care.  Upon information and belief, the actions and inactions of OFFICER DEFENDANTS, DEPUTY DEFENDANTS, and Defendants DOES 7-10 were negligent and reckless, including but not limited to:

    (a)    the failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

    (b)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

    (c)    the negligent use of force, including deadly force, against DECEDENT;

    (d)    the failure to provide prompt medical care to DECEDENT;

    (e)    the failure to properly train and supervise employees, both professional and non-professional, including OFFICER DEFENDANTS and DEPUTY DEFENDANTS;

(f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)     the negligent handling of evidence and witnesses; and

(h)     the negligent communication of information during the incident.

108.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT experienced pain and suffering ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO suffered emotional distress and mental anguish.  Plaintiffs L.C., I.H., A.L., and ANTONIA SALAS UBALDO also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

109.   STATE is vicariously liable for the wrongful acts of OFFICER DEFENDANTS and Defendants DOES 7-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS and Defendants DOES 9-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

111.   Plaintiff L.C. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff L.C. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

112.   Plaintiff I.H. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff I.H. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

113.   Plaintiff A.L. brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff A.L. seeks survival damages, including pain and suffering, and wrongful death damages under this claim.

114.   Plaintiff ANTONIA SALAS UBALDO brings this claim individually and seeks wrongful death damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 52.1

(By Plaintiff L.C., I.H., and A.L. against all Defendants)

115.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 114 of this Complaint with the same force and effect as if fully set forth herein.

116.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

117.   On information and belief, OFFICER DEFENDANTS, while working for the STATE and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, and by denying him necessary medical care.

118.   On information and belief, DEPUTY DEFENDANTS, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT or acted in reckless disregard of DECEDENT's civil rights, including

00204

by shooting him without justification or excuse, and by denying him necessary medical care.

119.   When OFFICER DEFENDANTS and DEPUTY DEFENDANTS shot DECEDENT numerous times, either by integrally participating in the shooting or by failing to intervene, they deliberately subjected DECEDENT to excessive force that was beyond what was necessary and coercively interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

120.   On information and belief, Defendants intentionally and spitefully coercively committed the above acts to coercively interference with DECEDENT's civil rights, to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

121.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by OFFICER DEFENDANTS and DEPUTY DEFENDANTS, inclusive were intended to coercively interfere with DECEDENT's civil rights, to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

122.   Defendants successfully interfered with the above civil rights of DECEDENT.

123.   The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

124.   STATE is vicariously liable for the wrongful acts of OFFICER DEFENDANTS and Defendants DOES 7-8, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for

the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

125. Defendants DOES 7-8 are vicariously liable under California law and the doctrine of *respondeat superior*.

126. COUNTY is vicariously liable for the wrongful acts of DEPUTY DEFENDANTS and Defendants DOES 9-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

127. Defendants DOES 9-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

128. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to OFFICER DEFENDANTS and DEPUTY DEFENDANTS.

129. Plaintiff L.C., I.H., and A.L. brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiff L.C., I.H., and A.L. also seeks treble damages, attorney's fees, and costs under this claim.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually, requests entry of judgment in their favor and against Defendants STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO, ISAIAH KEE, MICHAEL BLACKWOOD, BERNARDO RUBALCAVA, ROBERT VACCARI, JAKE ADAMS, and DOES 6-10, inclusive, as follows:

        A.    For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

        B.    For funeral and burial expenses, and loss of financial support;

        C.    For punitive damages against the individual defendants in an amount to be proven at trial;

        D.    For statutory damages;

        E.    For treble damages pursuant to California Civil Code Sections 52, 52.1;

        F.    For interest;

        G.    For reasonable attorneys' fees, including litigation expenses;

        H.    For costs of suit; and

        I.    For such further other relief as the Court may deem just, proper, and appropriate.

/ / /

/ / /

/ / /

DATED: May 12, 2023         LAW OFFICES OF DALE K. GALIPO

By_____/s/ Hang D. Le_____
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs L.C., I.H., A.L., and
ANTONIA SALAS UBALDO

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: May 12, 2023         LAW OFFICES OF DALE K. GALIPO

By_____/s/ Hang D. Le_____
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs L.C., I.H., A.L., and
ANTONIA SALAS UBALDO

00208