# EXHIBIT N

00209

| | |
|---|---|
| 1 | SHANNON L. GUSTAFSON (SBN #228856) |
| | sgustafson@lynberg.com |
| 2 | AMY R. MARGOLIES (SBN #283471) |
| | amargolies@lynberg.com |
| 3 | ANITA K. CLARKE (SBN #321015) |
| | aclarke@lynberg.com |
| 4 | **LYNBERG & WATKINS** |
| | A Professional Corporation |
| 5 | 1100 W. Town & Country Road, Suite #1450 |
| | Orange, California 92868. |
| 6 | (714) 937-1010 Telephone |
| | (714) 937-1003 Facsimile |
| 7 | |
| 8 | Attorneys for Defendants, COUNTY OF SAN BERNARDINO, ROBERT VACCARI, and JAKE ADAMS |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually, <br><br> Plaintiffs, <br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | CASE NO. 5:22-cv-00949-JGB-(KK) <br><br> *Assigned for All Purposes to:* <br> *Hon. Judge Bernal– Courtroom 1* <br><br> **DEFENDANTS COUNTY OF SAN BERNARDINO, VACCARI, AND ADAMS'S ANSWER TO THIRD AMENDED COMPLAINT; JURY TRIAL DEMAND** <br><br> *Trial Date:* 06/04/2024 |

**1**
00210 **DEFENDANTS COUNTY OF SAN BERNARDINO, VACCARI, AND ADAMS'S ANSWER TO THIRD AMENDED COMPLAINT**

COMES NOW, Defendants COUNTY OF SAN BERNARDINO, ROBERT VACCARI, and JAKE ADAMS, (hereinafter "Defendants") in answering Plaintiff L.C., a minor by and through her guardian ad litem Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian ad litem Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga, and Antonia Salas Ubaldo's (hereinafter "Plaintiffs") Third Amended Complaint ("TAC") on file herein, for themselves alone and for no other Defendant, admit, deny, and allege as follows:

1. In answering paragraphs 1 and 2, Defendants admit Plaintiffs have stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action. Defendants deny the remainder of these paragraphs.

2. In answering paragraph 3 of the TAC, Defendants deny generally and specifically each and every allegation contained therein. Furthermore, Defendants deny Plaintiffs were injured or damaged in any amount or sum, or at all, by reason of any wrongful act or omission of Defendants.

3. In answering paragraph 4, 5, 6, 7, 8, 9, 11, 13, 15, 17, 19, 21, 22, 23, 30, 31, 35, 36, 37, 42, 43, 49, 50, 51, 52, 53, Defendants do not have sufficient information or belief to enable them to answer said paragraphs at this time and on that basis, Defendants deny each and every allegation contained therein.

4. In answering paragraph 10, Defendants admit that the County of San Bernardino is a governmental entity in the State of California and that the San Bernardino County Sheriff's Department is a department within the County of San Bernardino. Defendants deny the remainder of this paragraph.

///

///

5. In answering paragraphs 18, 20, 25, 26, 27, 28, 29, 32, 33, 34, 38, 39, 40, 41, 44, 45, 46, 47, 48 of the TAC, Defendants deny generally and specifically each and every allegation contained therein.

6. In answering paragraphs 12, 14, 16, 98, 109, 117, 124, Defendants provide no response as these allegations are not being asserted against these Answering Defendants.

7. In answering paragraphs 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 96, 97, 99, 100, 101, 102, 103, 104, 106, 107, 108, 110, 111, 112, 113, 114, 116, 118, 119, 120, 121, 122, 123, 125, 126, 127, 128, 129 of the TAC, Defendants deny generally and specifically each and every allegation therein.

8. In answering paragraphs 24, 54, 60, 70, 80, 95, 105, and 115 Defendants reiterate and incorporate by reference their answers to those paragraphs previously contained in this answer.

9. As to Plaintiffs' "Prayer for Relief," Defendants deny Plaintiffs' and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendants, and further deny that Plaintiffs or Decedent are entitled to any recovery.

## FIRST AFFIRMATIVE DEFENSE

10. All County of San Bernardino employees mentioned in Plaintiffs' Third Amended Complaint acted in good faith, without malice, and within the scope of their duties as peace officers of the State of California. At all times pertinent to this action, the actions of the County of San Bernardino and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

## SECOND AFFIRMATIVE DEFENSE

11. Any injury or damages suffered by Plaintiffs and/or Decedent were

**3**

caused solely by reason of their own wrongful acts and conduct, and/or the acts and/or conduct of Decedent, and not by reason of any unlawful act or omission of these Defendants. Moreover, Plaintiffs and/or Decedent failed to act in compliance with the mandates of the California <u>Penal Code</u>, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiffs, in any capacity, and/or Decedent in Plaintiffs' Third Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

12. Plaintiffs' claims are barred by the Qualified Immunity Doctrine.

### FOURTH AFFIRMATIVE DEFENSE

13. Plaintiffs and/or Decedent willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the Third Amended Complaint. Defendants are not liable for injury or damages, if any there were, because Plaintiffs and/or Decedent were aware of the dangers and risks with respect to the alleged actions, and did knowingly, and voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk caused and/or contributed to the alleged damages sought by Plaintiffs and/or Decedent herein, therefore barring Plaintiffs, in any capacity, and/or Decedent from recovering, any relief from Defendants.

### FIFTH AFFIRMATIVE DEFENSE

14. By the exercise of reasonable effort, Plaintiffs could have mitigated the amount of damages, if any there were, but Plaintiffs failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiffs are barred from seeking recovery of those damages.

### SIXTH AFFIRMATIVE DEFENSE

15. The present action is not brought or maintained in good faith, and Defendants consequently pray for an award of all reasonable defense costs, including attorneys' fees, pursuant to <u>Fed. Rule Civ. Proc.</u> 11 and/or 42 <u>U.S.C.</u> § 1988.

**SEVENTH AFFIRMATIVE DEFENSE**

16. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

**EIGHTH AFFIRMATIVE DEFENSE**

17. Defendants' actions herein were all pursuant to legitimate penal interests.

**NINTH AFFIRMATIVE DEFENSE**

18. The force used on Decedent, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

**TENTH AFFIRMATIVE DEFENSE**

19. Plaintiffs' claims are barred by the principles expressed in Jones v. Williams, 297 F.3d 930, 935 (9th Cir. 2002), requiring personal participation for liability under 42 U.S.C. § 1983.

**ELEVENTH AFFIRMATIVE DEFENSE**

20. The force used on Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist their law enforcement efforts by reason of Decedent's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Decedent's detention and/or arrest, or to prevent Decedent's escape or to overcome his resistance.

**TWELFTH AFFIRMATIVE DEFENSE**

21. Defendants allege that Plaintiffs received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be reduced accordingly.

**THIRTEENTH AFFIRMATIVE DEFENSE**

22. Defendants allege that Plaintiffs' claims are barred by the provisions of

California Government Code §§ 815, 815.2, 815.6, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, 822.2, 844.6, 845, 845.2, 845.4, 845.6, 845.8, 846, 850, 850.2, 850.4, 850.6, 850.8, 855.6, 855.8, 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. The force, if any, used on Decedent was only that amount of force justified pursuant to California Civil Code § 50 and/or California Penal Code §835a.

### FIFTEENTH AFFIRMATIVE DEFENSE

24. This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338, 338.1, 340, 342, 352.1(b) and/or California Government Code §§ 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

### SIXTEENTH AFFIRMATIVE DEFENSE

25. Defendants allege that Plaintiffs' claims are barred by the provisions of California Government Code §§ 910 et seq. Plaintiffs have failed to properly comply with pertinent claim procedures. Moreover, Plaintiffs' operative Third Amended Complaint improperly varies from the contents of their governmental claims, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claims are barred by California Penal Code §§ 197, 458, 459, 460, 461, 602.5, 830.5, 834, 834a, 834b, 835, 835a, 836, 836.5, 837, 839, 840, 844, 849.5, 847, and 848.

### EIGHTEENTH AFFIRMATIVE DEFENSE

27. Plaintiffs' claims are barred by California Civil Code § 43.55.

### NINTEENTH AFFIRMATIVE DEFENSE

28. Plaintiffs' claims are barred by the provisions of California Code Civil Procedure §§ 377 et seq., including but not limited to, 377.10, 377.11, 377.30, 377.31, 377.32, 377.33, 377.34, 377.35, 377.60, 377.61, and 377.62.

**6**

**TWENTIETH AFFIRMATIVE DEFENSE**

29. Defendants allege that none of the claims or causes of action of Plaintiffs' Third Amended Complaint state facts sufficient to constitute a claim against said Defendants for punitive or exemplary damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

30. Defendants allege that Plaintiffs' action is barred by the provisions of California Civil Code § 3333 and 3333.3.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

31. Plaintiffs' claims are barred by res judicata and/or collateral estoppel principles.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

32. Plaintiffs' suit is barred by the doctrine of unclean hands.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

33. Defendants allege that Plaintiffs' claims fail to allege a constitutional or statutory violation.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

34. A peace officer is not liable for punitive damages when an officer's acts are not willful, malicious, or in bad faith. Gill v. Manuel, 488 F.2d 799 (9th Cir. 1973).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

35. Pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982), Defendants are immune from liability pursuant to the Federal Civil Rights Act where said Defendants acted in good faith and entertained an honest and reasonable belief that Defendants' actions were necessary.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

36. Any injury to Plaintiffs and/or Decedent was due to and caused by Plaintiffs' and/or Decedent's own negligence and failure to act with reasonable care,

which a reasonably prudent person would have used under the same or similar circumstances. Plaintiffs and/or Decedent's carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiffs and/or Decedent. Any damages awarded in this action should therefore be in direct proportion to the fault of these Defendants, if any, as well as that of any other co-defendant, person, and parties, and any award to Plaintiffs must be reduced by the amount of Plaintiffs' and/or Decedent's negligence or fault as provided by California Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

37. Plaintiffs' Third Amended Complaint fails to allege facts sufficient to constitute a viable claim(s) for relief.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

38. Plaintiffs lack standing and/or their claims are barred under FRCP 19 for failure to include all indispensable parties.

**THIRTIETH AFFIRMATIVE DEFENSE**

39. Reasonable suspicion and/or probable cause existed for the seizure, detention, and/or arrest of Decedent at all times pertinent to this action.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

40. This action was filed against a peace officer and/or a public entity employing peace officers for performance of the peace officer's duty. As this action was not filed or maintained in good faith, these Defendants claim attorneys' fees pursuant to Code of Civil Procedure § 1021.7.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

41. This action is barred by Plaintiffs' failure to exhaust administrative remedies.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

42. These Answering Defendants were not deliberately indifferent to

Plaintiffs' and/or Decedent's constitutional rights.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred because Defendants are entitled to rely on reports by citizens, dispatch, and other law enforcement officers. See, United State v. Mayo, 394 F.3d 1271, 1275 (9th Cir. 2005); Motley v. Parks, 383 F.3d 1058, 1068 (9th Cir 2004); see also, Whiteley v. Warden, 401 U.S. 560, 568 (1971); Spiegel v. Cortese, 196 F.3d 717, 726 (7th Cir. 1999).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

44. The damages allegedly sustained by Plaintiffs and/or Decedent, which such damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiffs' and/or Decedent's alleged damages which thereby relieves these responding Defendants from liability. Any damages awarded in this action should therefore be in direct proportion to the fault of these Defendants, if any, as provided by California Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

45. Defendants allege that in light of the actual risk posed by Decedent to officer and public safety before and during the Defendant deputies' use of reasonable force, there was a legitimate safety requirement for the Defendant deputies to use force toward Decedent and to take the actions they took to protect themselves and the public.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

46. Because Plaintiffs' Third Amended Complaint is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative

**9**

defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, these Answering Defendants pray that Plaintiffs take nothing by way of their Third Amended Complaint and that Defendants herein recover their attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

DATED: May 26, 2023

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
**ANITA K. CLARKE**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO
ROBERT VACCARI, and JAKE ADAMS

## DEMAND FOR A JURY TRIAL

PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: May 26, 2023

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Shannon L. Gustafson*
**SHANNON L. GUSTAFSON
AMY R. MARGOLIES
ANITA K. CLARKE**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO
ROBERT VACCARI, and JAKE ADAMS