SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
ANITA K. CLARKE (SBN 321015)
aclarke@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO, ROBERT VACCARI, and JAKE ADAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually,<br><br>            Plaintiffs,<br><br>    vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>            Defendants. | CASE NO. 5:22-cv-00949-KK-(SHKx)<br><br>*Assigned for All Purposes to:*<br>*Hon. Kenly K. Kato – Courtroom 3*<br><br>**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**<br><br>*[Concurrently Filed with Objections to Plaintiffs' Evidence]*<br><br>Date:      March 20, 2025<br>Time:      9:30 a.m.<br>Courtroom:  3<br><br>*Trial Date:  June 2, 2025*<br><br>*Complaint filed: 06/07/2022*<br>*FAC filed: 10/18/22*<br>*SAC filed: 01/13/23*<br>*TAC filed: 05/12/23* |

1

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE

2

3

| Fact No. | Fact | Objection |
|---|---|---|
| 228. | CHP requested that SBSD take over the pursuit but Vaccari declined because he did not know the details of the alleged crime and did not know what CHP's policies and procedures were for trading or taking over a pursuit and did not want CHP to drop out of the pursuit in the event he agreed to take over.<br><br>Ex. 6 to Le Decl., Vaccari Int. 12:22-13:3. | Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment) - Sergeant Vaccari's interview by Detective Hernandez, statements made not under oath and not authenticated FRE 901 |
| 229. | There was little to no traffic on the road and no passing pedestrians during the pursuit.<br><br>See Ex. D to Esquivel Decl., Blackwood MVARS, Part 1; Ex. E to Esquivel Decl., Blackwood MVARS, Part 2. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")- not Material about the amount of traffic. |
| 230. | The white Expedition never targeted any of the officers nor forced other vehicles off the road during the | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv.,* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | pursuit.<br><br>See Ex. D to Esquivel Decl., Blackwood MVARS, Part 1; Ex. E to Esquivel Decl., Blackwood MVARS, Part 2. | *Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")- not Material about the amount of traffic. |
| 231. | The white Expedition's speed during the pursuit was fast but not outrageous as even on the freeway, the Expedition was only going 80 miles per hour.<br><br>Ex. 6 to Le Decl., Vaccari Int. 13:22-24; Ex. 4 to Le Decl., Adams Dep. 12:3-13. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)- Officer Vaccari's interview by Detective Hernandez, statements made not under oath and not authenticated FRE 901<br><br>Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")- not Material about the amount of traffic. |
| 232. | At some point during the pursuit, Vaccari requested SBSD's police helicopter to join the pursuit and the helicopter did join the pursuit.<br><br>Ex. 6 to Le Decl., Vaccari Int. 15:6-11. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)- Officer Vaccari's interview by Detective |

| Fact No. | Fact | Objection |
|---|---|---|
| | | Hernandez, statements made not under oath and not authenticated FRE 901<br><br>Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 233. | As the pursuit continued down the dirt road, the Expedition's driving was not erratic.<br><br>Ex. 6 to Le Decl., Vaccari Int. 16:6-8. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)- Officer Vaccari's interview by Detective Hernandez, statements made not under oath and not authenticated FRE 901<br><br>Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 234. | The officers did not see any weapon in the white Expedition during the pursuit. | Irrelevant FRE 402<br><br>Misstates Testimony FRE 403- Officer Adams did not |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Ex. 1 to Le Decl., Kee Dep. 16:16-18; Ex. 4 to Le Decl., Adams Dep. 12:14-17. | state that he "did not see any weapon". Officer Adams testified: "Q: Did you see any guns in the vehicle, the white suspect vehicle during the pursuit? A: I was **not able to see inside of the vehicle during pursuit**, sir." (Pltfs Exhibit 4, Adams Dep. at 12:14-17)(emphasis added) |
| 235. | Spike strips were successfully deployed on the Expedition around Main Street.<br><br>Ex. F to Esquivel Decl. at 8:25; Ex. 6 to Le Decl., Vaccari Int. 17:2-3. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)- Officer Vaccari's interview by Detective Hernandez, statements made not under oath and not authenticated FRE 901<br><br>Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 236. | The Expedition then turned north onto Peach and slowed down significantly, traveling approximately 5 to 10 miles per hour before coming to a stop at the intersection of Peach and Catalpa. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Ex. F to Esquivel Decl. at 8:25-9:12; Ex. 6 to Le Decl., Vaccari Int. 17:4-6, 17:15-19; Ex. 1 to Le Decl., Kee Dep. 16:22-24. | admissible to defeat summary judgment)- Officer Vaccari's interview by Detective Hernandez, statements made not under oath and not authenticated FRE 901<br><br>Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 238, 240, 241, 242, 243 | Facts concerning the Botten Plaintiffs are entirely irrelevant to the case at bar. | Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 239. | There was also a streetlight on the corner of Peach and Catalpa as well as the patrol vehicle's spotlights and red and blue lights illuminating the area.<br><br>Ex. 2 to Le Decl., Rubalcava Dep. 37:8-15; Ex. 7 to Le Decl., Mangerino Dep. 40:17-41:6. | Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 249. | At some point, Kee considered calling in the SWAT Team and spoke to Vaccari about it. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
|  | Ex. 1 to Le Decl., Kee Dep. 19:17-20:2. | *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 250. | Kee made the request because from his experience, SWAT sometimes comes out for barricaded suspects.<br><br>Ex. 1 to Le Decl., Keep Dep. 20:12-17. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Speculation as to when SWAT would come out. |
| 252. | Kee saw Vaccari go back to his car and get on a cell phone but does not know whether Vaccari actually called to inquire about SWAT.<br><br>Ex. 1 to Le Decl., Kee Dep. 20:7-11. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 253. | Vaccari did not have his cell phone to call SWAT and claims he told Kee this.<br><br>Ex. 5 to Le Decl., Vaccari Dep. 26:8-14. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 254. | Vaccari had forgotten his cell phone at the station.<br><br>Ex. 6 to Le Decl., Vaccari Int. 20:1-6. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | (hearsay statements are not admissible to defeat summary judgment)- Officer Vaccari's interview by Detective Hernandez, statements made not under oath and not authenticated FRE 901<br><br>Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 255. | Vaccari has dealt with barricaded suspects in homes before and has called SWAT to come assist with those suspects.<br><br>Ex. 5 to Le Decl., Vaccari Dep. 12:14-15. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 256. | When SWAT is called, they would sometimes give suggestions or advice and other times they would come out.<br><br>Ex. 5 to Le Decl., Vaccari Dep. 13:5-13. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Speculation as to what SWAT would have done here, if anything. |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| 257. | There were also times when SWAT would give suggestions or advice and when Vaccari recontacted them, SWAT would come out.<br><br>Ex. 5 to Le Decl., Vaccari Dep. 13:14-17. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Speculation as to what SWAT would have done here, if anything. |
| 259. | If SWAT had responded, Kee would have let them handle the situation.<br><br>Ex. 1 to Le Decl., Kee Dep. 48:12-21. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.").<br><br>Speculation. |
| 260. | The officers never developed a tactical plan.<br><br>Ex. 4 to Le Decl., Adams Dep. 19:10-21; Ex. 5 to Le Decl., 36:20-25. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Misstates Evidence FRE 403 –<br>Q: Was any specific tactical plan ever communicated to you? |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | A: Just prior to the end of the incident before the shooting occurred, my supervisor, Sergeant Vaccari and I, formulated a plan to move to the east side of the vehicle because we could no longer se the suspect's hands, and he was out of the vehicle. And so our plan was to move ourselves out of our current positions and to a position where we can have better observations on the suspect. That was our level of plan there, sir. (Adams Depo. 25:12-22). |
| 262. | Kee attempted to break the car's window with a beanbag shotgun to facilitate getting the pepper balls into the car but was unsuccessful.<br><br>Ex. 1 to Le Decl., Kee Dep. 20:22-21:11. | Misstates Evidence FRE 403- It was undisputed that Kee attempted to break the **driver side windows** with five rounds of bean bags, but was unsuccessful. (County UMF 18) |
| 265. | Approximately 120 to 150 pepper balls were deployed into the Expedition over a period of 30 to 45 minutes.<br><br>Ex. 4 to Le Decl., Adams Dep. 16:3-7; Ex. 5 to Le Decl., Vaccari Dep. 30:22-24, 31:19-21. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – omitting Sergeant Kee's testimony. Sergeant Kee testified: "Q: And do you have any estimate as to how many pepper balls were deployed? A: Well, I didn't -- if you don't mind, I could you know maybe guess. He told me that each container as I recall had like a 100 balls in there, and that thing was almost empty. So you're looking at probably |

10

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | close to a 100 at least in the 90's.<br>Q: Okay –<br>A: Maybe **90 to 95, I guess**.<br>Q: That's an estimate in part based on what he told you about the total being a 100?<br>A: yes." (Pltfs Exhibit 1, Kee Dep. at 22: 7-18)(emphasis added)<br><br>Irrelevant FRE 402 |
| 268. | After deploying the pepper balls for approximately 30 minutes, Vaccari thought about contacting SWAT by having Dispatch send their phone number to his screen and using someone else's phone.<br><br>Ex. 6 to Le Decl., Vaccari Int. 27:26-28:3. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 269. | Vaccari then made the decision to intentionally hit Puga with pepper balls to try to motivate Puga with pain to come out.<br><br>Ex. 6 to Le Decl., Vaccari Int. 28:11-20. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 270. | When Vaccari was deploying the pepper balls, he observed that Puga would get his head down low in the window.<br><br>Ex. 6 to Le Decl., Vaccari Int. 28:20-23. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | facts will not preclude a grant of summary judgment.") |
| 271. | Vaccari deployed pepper balls and struck Puga in the right eye, which is extremely painful.<br><br>Ex. 1 to Le Decl., Kee Dep. 23:2-10; Ex. 3 to Le Decl., Blackwood Dep. 14:24-15:6; Ex. 5 to Le Decl., Vaccari Dep. 32:14-18; Ex. 6 to Le Decl., Vaccari Int. 28:25-29:4; Ex. 7 to Le Decl., Mangerino Dep. 25:23-26:1. | Speculation as nobody saw Puga get hit in the eye.<br><br>Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Plaintiff's fact was solely based on what Puga said.<br>Sergeant Vaccari testified: "Q: Did you ever have the impression that one of the pepper balls may have struck him in the face or head?<br>A: Only based on what Mr. Puga said." (Vaccari Dep. at 32:14-16) |
| 272. | Puga sustained a cut to the area of his forehead right above his right eye, which Blackwood associated with being hit in the right eye by pepper balls.<br><br>Ex. 3 to Le Decl., Blackwood Dep. 13:24-14:10. | Speculation as nobody saw Puga get hit in the eye.<br><br>Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Plaintiff's fact was solely based on what Puga said.<br>Sergeant Vaccari testified: "Q: Did you ever have the impression that one of the pepper balls may have struck him in the face or head?<br>A: Only based on what Mr. Puga said." (Vaccari Dep. at 32:14-16) |
| 276. | Puga did not appear to have a gun or weapon in his hand, waistband, or pocket when he exited the vehicle. | Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Ex. 1 to Le Decl., Kee Dep. 24:15-17; Ex. 2 to Le Decl., Rubalcava Dep. 37:25-38:4; Ex. 3 to Le Decl., Blackwood Dep. 34:4-6; Ex. 8 to Le Decl., Gonzalez Dep. 95:15-25; Ex. 9 to Le Decl., Edward Mangerino Video; Clark Decl. ¶ 15. | Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Whether or not a gun was visible when Puga got out of the car is irrelevant, because it does not rule out the possibility that Puga was in possession of a gun. It is further undisputed by Plaintiffs that the pursuit of Puga was result of prior freeway shooting. (County UMF 5, 6, and 15-18).<br><br>Hearsay FRE 801- as to testimony of Roger A. Clark as to Puga's possession of his gun - *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). |
| 278. | Puga's hands were raised for the majority of the time he was positioned near the driver's side of the vehicle. | Misstates Evidence FRE 403- Plaintiff incorrectly place "the majority of time." Incomplete Evidence FRE 106 – Plaintiff |

13

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Ex. 1 to Le Decl., Kee Dep. 24:3-6; Ex. 3 to Le Decl., Blackwood Dep. 15:7-12; Ex. 5 to Le Decl., Vaccari Dep. 34:7-9. | omitted Officer Adams' testimony. Officer Adams testified: "Q: Was he being given some commands to put his hands up when he was on the driver's side? A: Yes, sir. Q: At various times he would **put his hands up, but then he would put them down**. They were never up for an extended  period of time. He was **not compliant at any point in time**." (Pltfs Exhibit 4, Adams Dep. at 21:10-16)(emphasis added)<br><br>Irrelevant FRE 402 |
| 279. | Puga did not have anything in his hands and he never reached for any weapon while he was standing near the driver's side of the vehicle.<br><br>Ex. 1 to Le Decl., Kee Dep. 24:7-9; Ex. 2 to Le Decl., 38:8-20 Ex. 3 to Le Decl., Blackwood Dep. 15:25-16:2. | Misstates Evidence FRE 403- Plaintiff ignore that Puga was raising and dropping his hands which is possibility of his attempt to obtain his weapon.<br><br>Incomplete Evidence FRE 106 – Plaintiff omitted Officer Adams' testimony.<br><br>Officer Adams testified: "Q: Was he being given some commands to put his hands up when he was on the driver's side? A: Yes, sir. Q: At various times he would **put his hands up, but then he would put them down**. |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | They were never up for an extended period of time. He was **not compliant at any point in time**." (Pltfs Exhibit 4, Adams Dep. at 21:10-16)(emphasis added)<br><br>Irrelevant FRE 402 |
| 280. | Puga did not appear to have a weapon in his hands or on his person while he stood next to the driver's side of the vehicle.<br><br>Ex. 3 to Le Decl., Blackwood Dep. 33:25-34:3; Ex. 4 to Le Decl., Adams Dep. 21:22-22:2. | Misstates evidence.<br><br>Q: During the time he was on the driver's side of the vehicle, did you ever see a weapon in his hands?<br>A: Not during that time, sir, no.<br>Q: Did you ever see a weapon on his person during the time he was on the driver's side of the vehicle?<br>A: Not during that time, sir. (Adams Depo. 21:22-22:2) |
| 281. | The officers never formulated a tactical plan for what to do once Puga exited the vehicle.<br><br>Ex. 1 to Le Decl., Kee Dep. 24:21-25<br>Ex. 3 to Le Decl., Blackwood Dep. 19:16-22, 31:19-23. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 282. | While Puga was standing at the driver's side of the vehicle, there was no discussion about a tactical plan.<br><br>Ex. 4 to Le Decl., Adams Dep. 22:9-12. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | of summary judgment.") |
| 283. | Kee did not assign any CHP officer to be less-lethal nor did he know whether any sheriff's deputy had been assigned less-lethal<br><br>Ex. 1 to Le Decl., Kee Dep. 25:1-6. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 287. | Puga expressed concerns to the officers that he thought the officers were going to shoot him.<br><br>Ex. 1 to Le Decl., Kee Dep. 52:2-5; Ex. 5 to Le Decl., Vaccari Dep. 34:22-35:4; Ex. 2 to Le Decl., Rubalcava Dep. 39:7-9; Ex. 8 to Le Decl., Gonzalez Dep. 40:23-41:11. | Irrelevant FRE 402 |
| 288. | Puga sounded scared of being shot by police.<br><br>Ex. 8 to Le Decl., Gonzalez Dep. 103:13-23. | Speculation.<br><br>Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 289. | Puga said something about hearing a click and being afraid that somebody was getting ready to shoot him.<br><br>Ex. 1 to Le Decl., Kee Dep. 52:9-11. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| 290. | Puga then walked to the front of the white Expedition.<br><br>Ex. 8 to Le Decl., Gonzalez Dep. 42:21-25; Ex. 11 to Le Decl., Blackwood MVARS Part 4 at 37:48-37:50. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)- Rubalcava Dashcam Video.<br><br>Misstates Evidence FRE 403; Incomplete Evidence FRE 106 –Officer Rubalcava testified:<br>"Q: Did Mr. Puga say why he wanted to go to the front of the car?<br>A: He **just ran to** the front of the car after he said we were going to shoot him." (Pltfs Exhibit 2, Rubalcava Dep. at 39:24-40:2)(emphasis added) |
| 291. | After Puga went to the front of the vehicle, the officers still did not have any discussion regarding a tactical plan.<br><br>Ex. 4 to Le Decl., Adams Dep. 25:2-11. | Irrelevant FRE 402<br><br>Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Officer Rubalcava testified:<br>"Q: And when he had his hands up when he was in the |

17

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | front of the vehicle, was there any discussions with the other officers as to what the tactical approach was going to be? A: **There was a discussion** with me and my sergeant, with Sergeant Kee." (Pltfs Exhibit 2, Rubalcava Dep. at 40:12-17)(emphasis added) |
| 292. | Puga had his hands up while he was positioned near the front of the Expedition.<br><br>Ex. 2 to Le Decl., Rubalcava Dep. 40:3-5. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Whether Puga had his hands up is irrelevant, because it does not rule out the possibility that Puga was in possession of a gun. It is further undisputed by Plaintiffs that the pursuit of Puga was result of prior freeway shooting. (County UMF 5, 6, and 15-18). |
| 293. | When Puga was in front of the Expedition, Puga did not have anything in his.<br><br>Ex. 2 to Le Decl., Rubalcava Dep. 40:6-8. | Unintelligible. Omits word after "his," causing confusion.<br><br>Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary |

18
**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | facts will not preclude a grant of summary judgment.") |
| 301. | When Vaccari and Adams saw Kee and Rubalcava move towards the shoulder of Peach Street, they thought they were moving to just get a better view of Puga, not to approach Puga.<br><br>Ex. 4 to Le Decl., Adams Dep. 26:21-27:3; Ex. 5 to Le Decl., Vaccari Dep. 37:1-11, 38:7-12. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 308. | Erin Mangerino was unable to see any officers standing on her side of Peach Street.<br><br>Ex. 7 to Le Decl., Mangerino Dep. 53:11-22. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 311. | As soon as Puga started to turn to run, officers shot at Puga.<br><br>Ex. 2 to Le Decl., Rubalcava Dep. 60:20-61:1; Ex. 5 to Le Decl., Vaccari Dep. 42:24-43:2, 47:5-14; Ex. 7 to Le Decl., Mangerino Dep. 34:3-9, 36:15-17, 37:11-13; Gonzalez Dep. 42:25-43:1, 55:1-4, 97:5-11, 97:12-15; Ex. 10 to Le Decl., Mangerino Cellphone Video at 0:00:51-00:54; Ex. 13 to Le Decl., Gonzalez Cellphone Video at 0:06:24-06:31. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Sergeant Kee testified: "Q: It's my understanding from reading your statement that you initially fired **when you saw Mr. Puga's hands moving towards the handgun in his waistband**; is that correct?<br>A: Yes.<br>Q: And are you saying in that first volley as his hand as moving towards the waistband, you fired |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | approximately five to eight shots? A: Yes." (Defs Exhibit Z, Kee Dep. at 10:4-11)(emphasis added) Officer Rubalcava testified: "Q: So you're saying you're not sure if some of your first volley of shots were fired after he turned? A: No. It's -- as soon as **he turned around and fired  at us, that's when I returned** -- I returned fire." (Defs Exhibit AA, Rubalcava Dep. at 17:13-16)(emphasis added)<br><br>Hearsay FRE  801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)- The bystander cell phone videos. |
| 312. | Puga never grabbed or aggressively reached for anything prior to the shots.<br><br>Ex. 8 to Le Decl., Gonzalez Dep. 16:1-3; Ex. 14 to Le Decl., Botten Dep. 129:13-25, 130:6-12. | Misstates Evidence FRE 403 – Gonzalez testified: "Q: Am I missing any communications? A: No. Q: Okay. Did you ever speak to the police about" (Pltfs Exhibit 8, Gonzalez Dep. at 16:1-3) Incomplete Evidence FRE 106 – Mangerino testified: "Q: What's the next thing you recall? A: I remember him throwing |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | stuff -- near the end he was throwing stuff out of the vehicle, like the sweater and maybe a bottle or something." (Pltfs Exhibit 7, Mangerino Dep. at 26:15-18) |
| 313. | Puga never had a gun in his hand.<br><br>Ex. 8 to Le Decl., Gonzalez Dep. 97:16-25, 83:21-24. | Misstates Evidence FRE 403- Gonzalez testified: "Q: When you were able to see him, did you **see a gun in his hand at that time**? A: No." (Pltfs Exhibit 8, Gonzalez Dep. at 97: 23-25)(emphasis added)<br><br>Botten testified: "Q: When you saw him make that motion to the left, did you **see him with a gun** in either hand? A: No." (Pltfs Exhibit 14, Botten Dep. at 129:23-25)<br><br>Incomplete Evidence FRE 106 – Sergeant Kee testified: "Q: It's my understanding from reading your statement that you initially fired **when you saw Mr. Puga's hands moving towards the handgun in his waistband**; is that correct? A: Yes. Q: And are you saying in that first volley as his hand as moving towards the waistband, you fired approximately five to eight |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | shots?<br>A: Yes." (Defs Exhibit Z, Kee Dep. at 10:4-11)(emphasis added)<br><br>Officer Rubalcava testified:<br>"Q: So you're saying you're not sure if some of your first volley of shots were fired after he turned?<br>A: No. It's -- as soon as **he turned around and fired  at us, that's when I returned** -- I returned fire." (Defs Exhibit AA, Rubalcava Dep. at 17:13-16)(emphasis added)<br><br>Officer Rubalcava testified:<br>"Q: Was the **gun still in his hands** when you reached thelocation of where Mr. Puga went down?<br>A: **Yes**.<br>Q: Where exactly was it?<br>A: It was underneath -- he was facing down, stomach facing down -- he was -- he had it tucked underneath his stomach." (Defs Exhibit AA, Rubalcava Dep. 86:10-16)(emphasis added)<br><br>Sergeant Vaccari testified:<br>"Q: Did you see anything in his hand after he made that motion?<br>A: Yes.· He **drew a firearm**.<br>Q: And you saw the firearm?<br>A: Yes." (Pltfs Exhibit 5, |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | 64:8-12)(emphasis added) |
| | | Officer Adams testified: "Q: And did you ever see any muzzle flash coming from Mr. Puga? A: When I approached on the east side of the vehicle, Mr. Puga looked at me, and I saw his hands dive down into his waistband area. I don't know if it was waistband or pockets. And **I saw a gun**, and then I heard shots, and then I returned fire. (Pltfs Exhibit 4, Adam Dep. at 36:5-11)(emphasis added) |
| | | "Sir, I'm not trying to dodge your question. I'm answering you the best of my ability that I saw the gun; shots fired; I know I ducked and had to stepover a curb, and return fire. And all of that happened what felt like simultaneously. My return fire happened **after he fired, pointed the gun at me**, yes. I returned fire afterwards. If that's when he was running northbound, that's the sequence of the events. No, I did not just pull the trigger immediately upon seeing him reach down and **seeing a gun pointed at me**." (Defs Exhibit X, Adams Dep. at 64:19-65:4)(emphasis added) |

23
**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | Officer Blackwood testified: "Q: Why did you continue to fire if he was running away from you? A: Because I knew **he initially had a firearm**, and I didn't see him drop the firearm. At that time part of my reassessment was tracking from where he was at to where -- where he initially started to where he was at that point, and I didn't see a firearm on the ground up until that point. So that's why I continued to fire." (Pltfs Exhibit 3, Blackwood Dep. 54:7-14)(emphasis added) "Q: Why did you shoot in that incident, just very basically? A: **The subject pulled out a gun on us**. Q: Did he point the gun at you, or just pull it out? A: It was pointed." (Blackwood Dep. 8:13-17) (emphasis added) Edward Mangerino testified: "Q: Go ahead and pick up what you recall from there. Then he runs to the front of his vehicle, and what happens next? A: They're now telling him to come back, I'm assuming. I can't remember exactly what |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | they said. But I just know from my feelings is that I just realized this thing could take a whole different course. It now got very serious. And I can't really recollect what the police were saying. But if you want to go on, at some point while he was standing there. But his arm was raised up -- and I could not see a gun, so we'll be clear on that, I couldn't see a gun. But his arm was up, **he had his hand around something**, and **smoke came from the front of his hand**, which gave me the impression that he had a gun." (Edward Mangerino Dep. at 35:2-17)(emphasis added)<br><br>Further, Fact Nos. 313 (Puga "never" had a gun), 314-316, and 365 contradict. |
| 314. | Puga never pointed his hand or a weapon in any specific direction or at any officer.<br><br>Ex. 5 to Le Decl., Vaccari Dep. 64:8-17; Ex. 8 to Le Decl., Gonzalez Dep. 97:1-6. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Officer Adams testified:<br>"When I saw the gun almost simultaneously or what felt like simultaneously at the time, Mr. Puga turned towards me, reached down, **came up with a gun pointed at me**, I heard shots." (Pltfs Exhibit 4, Adams Dep. at 62:19-22)(emphasis added) |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | "Q: Right. But it sounds like you made this observation of him turning towards you before you stepped over the curb; is that correct? A: Sir, I don't know if I can distinguish within tens or hundreds of seconds of how I stepped or what. I know that when I approached, he get on the ground, there was an aggressive reach downward motion towards the waistband or a pocket area of the pants by Mr. Puga and **coming up with a gun pointed point at me**. I heard shots, and I returned fire." (Defs Exhibit X, Adams Dep. at 63:1-9)(emphasis added)<br><br>"Sir, I'm not trying to dodge your question. I'm answering you the best of my ability that I saw the gun; shots fired; I know I ducked and had to stepover a curb, and return fire. And all of that happened what felt like simultaneously. My return fire happened after he fired, **pointed the gun at me**, yes. I returned fire afterwards. If that's when he was running northbound, that's the sequence of the events. No, I did not just pull the trigger immediately upon seeing him reach down and **seeing a gun pointed at me**." |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | (Defs Exhibit X, Adams Dep. at 64:19-65:4)(emphasis added) |
| | | Officer Blackwood testified: "Q: Why did you shoot in that incident, just very basically? A: The subject pulled out a gun on us. Q: Did he point the gun at you, or just pull it out? A: It was **pointed**." (Blackwood Dep. 8:13-17) (emphasis added) |
| | | Sergeant Kee testified: "So when I contacted Mr. Puga at the front of his vehicle, and upon firing my weapon at Mr. Puga, he was able to remove the weapon from his waistband and **point the gun in myself and Officer Rubalcava's direction**. And I saw two muzzle flashes." (Sergeant Kee's Dep. at 78:24-79:3)(emphasis added) |
| | | "I could only see his side because I recall seeing in his left hand a gun, and he was running, but **pointing back at us**. And so I could only see like his side, like his rib cage area." (Sergeant Kee's Dep. at 83:22-84:3)(emphasis added) |
| | | Edward Mangerino testified: |

27

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
|  |  | "It was his right arm. I can't recollect what his left arm was doing. **His right arm was up; his arm was extended straight out**. If I stood like this (indicating), it would be like that. So like that (indicating), and the finger like that (indicating). And **he was pointing straight**." (Edward Mangerino's Dep. at 61:14-19)(emphasis added)<br><br>Tammy Goodson testified: "Q: Did you actually see the gun in his hand?<br>A: Well, I seen something come out of his waistband, pulled it towards the officers, I hear the gunfire, and then all of a sudden they shot at him." (Tammy Goodson's Dep. at 49:15-18) |
| 315. | Puga never fired a weapon at any officer.<br><br>Ex. 7 to Le Decl., Mangerino Dep. 37:14-16; Ex. 8 to Le Decl., Gonzalez Dep. 132:22-24. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Sergeant Kee testified: "So when I contacted Mr. Puga at the front of his vehicle, and upon firing my weapon at Mr. Puga, he was able to remove the weapon from his waistband and **point the gun in myself and Officer Rubalcava's direction**. And I **saw two muzzle flashes**." (Sergeant Kee's Dep. at 78:24-79:3)(emphasis added) |

COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION

| Fact No. | Fact | Objection |
|---|---|---|
| | | Officer Adams testified: "When I saw the gun almost simultaneously or what felt like simultaneously at the time, Mr. Puga turned towards me, reached down, came up with a **gun pointed at me, I heard shots**." (Pltfs Exhibit 4, Adams Dep. at 62:19-22)(emphasis added) <br><br> "Q: Right.· But it sounds like you made this observation of him turning towards you before you stepped over the curb; is that correct? A: Sir, I don't know if I can distinguish within tens  or hundreds of seconds of how I stepped or what. I know that when I approached, he get on the ground, there was an aggressive reach downward motion towards the waistband or a pocket area of the pants by Mr. Puga and coming up with a gun pointed point at me. I **heard shots**, and I returned fire." (Defs Exhibit X, Adams Dep. at 63:1-9)(emphasis added) <br><br> "Sir, I'm not trying to dodge yourquestion.· I'm answering you the best of my ability that Isaw the gun; shots fired; I know I ducked and had to stepover a curb, and return |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | fire. And all of that happened what felt like simultaneously. My return fire happened after he fired, pointed the gun at me, yes. I **returned fire afterwards**. If that's when he was running northbound, that's the sequence of the events. No, I did not just pull the trigger immediately upon seeing him reach down and **seeing a gun pointed at me**." (Defs Exhibit X, Adams Dep. at 64:19-65:4)(emphasis added)<br><br>Edward Mangerino testified: "Q: Go ahead and pick up what you recall from there. Then he runs to the front of his vehicle, and what happens next?<br>A: They're now telling him to come back, I'm assuming. I can't remember exactly what they said. But I just know from my feelings is that I just realized this thing could take a whole different course. It now got very serious. And I can't really recollect what the police were saying. But if you want to go on, at some point while he was standing there. But his arm was raised up -- and I could not see a gun, so we'll be clear on that, I couldn't see a gun. But his arm was up, **he had his hand** |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | **around something**, and **smoke came from the front of his hand**, which gave me the impression that he had a gun." (Edward Mangerino Dep. at 35:2-17)(emphasis added) <br><br> Tammy Goodson testified: "Q: Did you see Mr. Puga ever turn towards the direction of that telephone pole when he was firing the gun? <br> A: Yes. <br> You did? <br> A: He was firing toward them. <br> Q: Towards who? <br> A: The police, and then that's when they came in." (Tammy Goodson's Dep. at 58:20-59:2) |
| 316. | Neither smoke nor any muzzle flash ever came from Puga. <br><br> Ex. 3 to Le Decl., Blackwood Dep. 20:10-12; Ex. 4 to Le Decl., Adams Dep. 36:12-18; Ex. 5 to Le Decl., Vaccari Dep. 48:14-20; Ex. 8 to Le Decl., Gonzalez Dep. 99:8-25. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 –Sergeant Kee testified: "So when I contacted Mr. Puga at the front of his vehicle, and upon firing my weapon at Mr. Puga, he was able to remove the weapon from his waistband and **point the gun in myself and Officer Rubalcava's direction**. And I **saw two muzzle flashes**." (Sergeant Kee's Dep. at 78:24-79:3)(emphasis added) |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | Edward Mangerino testified: "Q: Go ahead and pick up what you recall from there. Then he runs to the front of his vehicle, and what happens next? A: They're now telling him to come back, I'm assuming. I can't remember exactly what they said. But I just know from my feelings is that I just realized this thing could take a whole different course. It now got very serious. And I can't really recollect what the police were saying. But if you want to go on, at some point while he was standing there. But his arm was raised up -- and I could not see a gun, so we'll be clear on that, I couldn't see a gun. But his arm was up, **he had his hand around something**, and **smoke came from the front of his hand**, which gave me the impression that he had a gun." (Edward Mangerino Dep. at 35:2-17)(emphasis added) |
| 317. | None of the videos capturing the incident show Puga with a gun in his hand.<br><br>Ex. 1 to Le Decl., Kee Dep. 7:16-18; Ex. 5 to Le Decl., Vaccari Dep. 9:15-18. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 –Erin Mangerino Video at 00:51-52, Exhibit J to County MSJ. |
| 318. | None of the videos capturing the incident show Puga pointing a gun at | Misstates Evidence FRE 403; Incomplete Evidence FRE |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | anyone.<br><br>Ex. 1 to Le Decl., Kee Dep. 7:22-24; Ex. 5 to Le Decl., Vaccari Dep. 9:19-21. | 106 –Erin Mangerino Video at 00:51-52, Exhibit J to County MSJ. |
| 319. | None of the videos capturing the incident show Puga firing a gun.<br><br>Ex. 1 to Le Decl., Kee Dep. 7:19-21. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 –Erin Mangerino Video at 00:51-52, Exhibit J to County MSJ. |
| 320. | None of the videos capturing the incident show any muzzle flash coming from the area Puga was.<br><br>Ex. 1 to Le Decl., Kee Dep. 92:14-16; Ex. 2 to Le Decl., Rubalcava Dep. 93:17-19. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 –Erin Mangerino Video at 00:51-52, Exhibit J to County MSJ. |
| 321. | As Puga was running, he never turned around to look at the officers.<br><br>Ex. 8 to Le Decl., Gonzalez Dep. 100:13-17; Ex. 10 to Le Decl., Erin Mangerino Cellphone Video at 0:00:50-01:44; Ex. 11 to Le Decl., Blackwood MVARS Part 4 at 0:42:23-42:47; Kee MVARS Part 2 at 46:47-47:07. | Incomplete Evidence FRE 106 –Officer Adams testified: "Q: And was Mr. Puga still running away at that point? A: Yes, sir. Also, during that time as he was running, I remember seeing the gun again as he turned towards me and other officers." (Defs Exhibit T, Adams Dep. at 38:8-11)<br><br>Officer Rubalcava testified: "Q: Did he turn away from you before you before you fired your first shot? A: He turned towards us before I shot my first round of shots." (Defs Exhibit W, Rubalcava Dep. at 17:18-21) |
| 322. | Gonzalez saw Puga's waistband when he turned to take off running and | Misstates Evidence FRE 403- Improperly combined |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | never saw a gun in his waistband.<br><br>Ex. 8 to Le Decl., Gonzalez Dep. 95:15-25, 115:18-21. | Gonzalez's separate testimony. Gonzalez testified: "Q: Did you see a gun tucked in his waistband or in a pocket or anything like that? A: No." (Pltfs Exhibit 8, Gonzalez Dep. at 95:23-25)<br><br>"Q: Could you see Hector Puga's waistband at any time when he was in front of his vehicle? A: Yeah. When he -- like, when he turned to take off to run." (Pltfs Exhibit 8, Gonzalez Dep. at 115:18-21).<br><br>Speculation as Puga's waist not visible from her cell phone video and also immaterial because now the gun was in his hand |
| 323. | While Puga was running, his hands were moving in a running motion.<br><br>Ex. 8 to Le Decl., Gonzalez Dep. 116:16-21. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Incomplete Evidence FRE 106 –Gonzalez testified: "Q: And when did you lose sight of Mr. Puga as he was running? A: Probably like -- like I said, like, **maybe three steps**" |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | (Pltfs Exhibit 8, Gonzalez Dep. at 116:22-25)(emphasis added) |
| | | Officer Adams testified: "Q: And was Mr. Puga still running away at that point? A: Yes, sir. Also, during that time as he was running, I remember seeing the gun again as he turned towards me and other officers." (Defs Exhibit T, Adams Dep. at 38:8-11) |
| | | Officer Rubalcava testified: "He still had the gun in his hand, and he was running towards a residential area." (Rubalcava's Dep. at 87:3-4) |
| | | Sergeant Kee testified: "I could only see his side because I recall seeing in his left hand a gun, and **he was running, but pointing back at us**. And so I could only see like his side, like his rib cage area." (Sergeant Kee's Dep. at 83:22-84:3)(emphasis added) |
| 324. | None of the videos that captured the shooting ever show Puga turn back towards the officers or point his hand back towards the officers.<br><br>Ex. 10 to Le Decl., Erin Mangerino Cellphone Video at 0:00:50-01:44; Ex. 11 to Le Decl., Blackwood MVARS Part 4 at 0:42:23-42:47; Kee | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)- Dashcam Video<br><br>Irrelevant FRE 402 |

COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION

| Fact No. | Fact | Objection |
|---|---|---|
| | MVARS Part 2 at 46:47-47:07. | Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 326. | Just prior to Puga going to the ground, he was staggering as if he had been struck by gunfire.<br><br>Ex. 5 to Le Decl., Vaccari Dep. 52:19-53:4. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 327. | There were gunshots immediately before Puga went to the ground.<br><br>Ex. 5 to Le Decl., Vaccari Dep. 53:5-7. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 328. | Puga then fell forward onto his chest and stomach and onto the ground with his hands beside him on the northwest shoulder near the southbound lane, some distance from the northwest corner.<br><br>Ex. 1 to Le Decl., Kee Dep. 37:10-13; Ex. 5 to Le Decl., Vaccari Dep. 53:11-21; Ex. 7 to Le Decl., | Irrelevant FRE 402<br><br>Incomplete Evidence FRE 106 – Officer Adams testified:<br>"When I approached Mr. Puga on the northwest corner, he was lying faced-down with **his hands concealed underneath his body**." |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Mangerino Dep. 60:9-61:13. | (Adams' Dep. at 57:1-3)(emphasis added)<br><br>Tammy Goodson testified:<br>"Q: Do you recall, after the suspect fell to the ground, do you recall if he was complying with any commands that law enforcement was giving to him at that time?<br>A: Yeah, they said, "**Show your hands. Show your hands.**"" (Tammy Goodson's Dep. at 35:1-6)(emphasis added)<br><br>Videos-COSB001416 around at 01:06 mark; COSB001470 around at 01:05 mark. |
| 330. | Puga's hands were next to him when he was on the ground.<br><br>Ex. 7 to Le Decl., Mangerino Dep. 61:7-13. | Irrelevant FRE 402<br><br>Incomplete Evidence FRE 106 – Officer Adams testified:<br>"When I approached Mr. Puga on the northwest corner, he was lying faced-down with **his hands concealed underneath his body**." (Adams' Dep. at 57:1-3)(emphasis added)<br><br>Tammy Goodson testified:<br>"Q: Do you recall, after the suspect fell to the ground, do you recall if he was complying with any commands that law |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
|  |  | enforcement was giving to him at that time? A: Yeah, they said, "**Show your hands. Show your hands.**"" (Tammy Goodson's Dep. at 35:1-6)(emphasis added) |
|  |  | Videos-COSB001416 around at 01:06 mark; COSB001470 around at 01:05 mark. |
| 331. | There was no gun in either of Puga's hands immediately after Puga went to the ground. Ex. 4 to Le Decl., Adams Dep. 52:18-22. | Incomplete Evidence FRE 106- Officer Adams testified: "When I approached Mr. Puga on the northwest corner, he was lying faced-down with **his hands concealed underneath his body**." (Adams' Dep. at 57:1-3)(emphasis added) Tammy Goodson testified: "Q: Do you recall, after the suspect fell to the ground, do you recall if he was complying with any commands that law enforcement was giving to him at that time? A: Yeah, they said, "**Show your hands. Show your hands.**"" (Tammy Goodson's Dep. at 35:1-6)(emphasis added) Officer Rubalcava testified: "He still had the gun in his hand, and he was running towards a residential area." |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | (Rubalcava's Dep. at 87:3-4)<br><br>Sergeant Kee testified:<br>"I could only see his side because I recall seeing in his left hand a gun, and **he was running, but pointing back at us**. And so I could only see like his side, like his rib cage area." (Sergeant Kee's Dep. at 83:22-84:3)(emphasis added) |
| 332. | Puga did not pose a threat to anyone after falling to the ground and appeared incapacitated.<br><br>Ex. 1 to Le Decl., Kee Dep. 37:17-38:3; Ex. 4 to Le Decl., Adams Dep. 52:1-6. | Argument of Counsel and not a proper statement of fact.<br><br>Misstates Evidence FRE 403; Incomplete Evidence FRE 106- Officer Adams testified: "When I approached Mr. Puga on the northwest corner, he was lying faced-down with **his hands concealed underneath his body**." (Adams' Dep. at 57:1-3)(emphasis added)<br><br>Tammy Goodson testified: "Q: Do you recall, after the suspect fell to the ground, do you recall if he was complying with any commands that law enforcement was giving to him at that time?<br>A: Yeah, they said, "**Show your hands. Show your hands**."" (Tammy Goodson's Dep. at 35:1-6)(emphasis added) |
| 333. | Several shots were fired at Puga after | Hearsay FRE 801- *Courtney* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
|  | he fell to the ground.<br><br>Ex. 1 to Le Decl., Kee Dep. 68:17-24; Ex. 3 to Le Decl., 25:8-12; Ex. 5 to Le Decl., Vaccari Dep. 43:11-24; Ex. 10 to Le Decl., Mangerino Cellphone Video at 0:01:04-01:12; Ex. 11 to Le Decl., Blackwood MVARS Part 4 at 0:42:37-42:45. | *v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)- The bystander cell phone video is not authenticated FRE 901<br><br>Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 336. | After Puga fell to the ground, several shots are fired and there is a pause before the final two, almost simultaneous volleys of shots from two different firearms are heard.<br><br>Ex. 10 to Le Decl., Erin Magerino Cellphone Video at 01:02-01:10. | Lacks foundation FRE 602, facts set forth with evidence cited is not clearly shown<br><br>Argument of counsel as opposed to fact supported by evidence. |
| 337. | As the last volleys are going off, Puga can be seen jerking on the ground as if struck by the gunshots.<br><br>Ex. 10 to Le Decl., Erin Magerino Cellphone Video at 01:06-01:10. | Lacks foundation FRE 602<br><br>Argument of counsel as opposed to fact supported by evidence. |
| 342. | Death was not instantaneous as a result of Puga's gunshot wounds.<br><br>Ex. 18 to Le Decl., Jong Dep. 21:23-22:11. | Misstates Testimony FRE 403; Incomplete Evidence FRE 106- Jong testified: "Q: I take it with the wound like that, death is not instantaneous; it happens over minutes in part because of the |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
|  |  | loss of blood? A: Yes. There is also the possibility that air could have gotten into the left chest cavity which I previously mentioned which could also compress the lung." Pltfs Exhibit 18, Jong Dep. at 22:4-9) |
| 343. | Many of the gunshots wounds have a back-to-front trajectory.<br><br>Ex. 18 to Le Decl., Jong Dep. 45:25-46:4. | Vague and ambiguous as to "many" FRE 403. |
| 344. | Some of the gunshot wounds had an upward trajectory.<br><br>Ex. 18 to Le Decl., Jong Dep. 46:5-8. | Vague and ambiguous as to "some" FRE 403. |
| 348. | The upward trajectory of the gunshot wound to the mid left back is consistent with the body leaning forward or falling forward when sustaining that wound.<br><br>Ex. 18 to Le Decl., Jong Dep. 13:6-16. | Speculation, Misstates Testimony FRE 403; Incomplete Evidence FRE 106- Jong testified as possibility, not definite. Jong testified: "That's a possibility, yes." (Pltfs Exhibit 18, at 13:16) |
| 350. | The gunshot wound to the lower left back is consistent with Puga's back directly facing the shooter.<br><br>Ex. 18 to Le Decl., Jong Dep. 31:7-13. | Misstates Testimony FRE 403; Incomplete Evidence FRE 106- Jong testified as possibility, not definite. Jong testified: "That possibility exists." (Pltfs Exhibit 18, at 31:13) |
| 351. | The gunshot wound to the lower left back could have also been fatal after a longer period of time. | Speculation.<br><br>Misstates Testimony FRE 403-Plaintiffs improperly |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Ex. 18 to Le Decl., Jong Dep. 30:7-31:2. | omitted Jong's testimony regarding possibility of fatality. Jong testified: "Q: And what do you mean by longer period of time? A: So it hit the large valve, the large intestine, and with it hitting the large intestine, **if that was not addressed, there could be fecal matter** which leaks out into the basically abdominal cavity, and that could lead to a very, very bad infection." (Pltfs Exhibit 18, Jong Dep. at 30:11-16)(emphasis added)<br><br>Incomplete Evidence FRE 106 – Jong in fact stated approximate time to be fatal without being addressed. Jong testified: "Q: Based on the amount of leakage that you or the size ·of the perforation of the large bowel, could you estimate how long it would have taken for a fatal infection to develop in Mr. Puga in order for him to succumb to the gunshot wound identified as M? A: Sure. So anywhere from **hours to days**." (Pltfs Exhibit 18, Jong Dep. at 30:22-31:2)(emphasis added) |
| 358. | The trajectories of the gunshot wounds to the anterior right lower leg are consistent with the body being on | Speculation not supported by the Evidence. |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | the ground with the leg somewhat elevated.<br><br>Ex. 18 to Le Decl., Jong Dep. 19:2-24. | Misstates Testimony FRE 403; Incomplete Evidence FRE 106-Plaintiff improperly concluded.<br><br>Jong testified:<br>"The possibility exists. There are obviously very many scenarios in terms of hypotheticals which could occur." (Pltfs Exhibit 18, Jong Dep. 19:8-9) |
| 361. | There are no bullet wounds that appear to have been caused by a bullet striking an intermediary object before striking Puga's body.<br><br>Ex. 18 to Le Decl., Jong Dep. 47:15-48:2. | Speculation/Lacks Foundation<br><br>Misstates Testimony FRE 403; Incomplete Evidence FRE 106-Jong testified:<br>"Q: Did you indicate anywhere in your report that you thought these bullets hit intermediary objects or ricochet?<br>A: I did not." (Pltfs Exhibit 18, Jong Dep. at 47:25-48:2) |
| 401. | Blackwood was trying to assess while he was firing by looking for a gun but could not see Puga's hands and therefore never saw Puga with a gun while Puga was running away.<br><br>Ex. 3 to Le Decl., Blackwood Dep. 24:10-13, 30:23-31:11, 45:23-46:2. | Misstates Evidence FRE 403-Officer Blackwood testified:<br>"Q: And what were you doing to try to assess?<br>A: I was looking for a gun, if he had dropped it from the front of his car to where he fell." (Pltfs Exhibit 3, Blackwood Dep. at 31:1-3)<br><br>Irrelevant and Immaterial as to County Defendants. |
| 404. | Blackwood came off his sights and paused when he saw Puga stumbling, | Misstates Evidence FRE 403-Officer Blackwood testified: |

COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION

| Fact No. | Fact | Objection |
|---|---|---|
|  | and when Puga did not go to the ground, Blackwood got back up on his sights and fired ten more shots.<br><br>Ex. 3 to Le Decl., Blackwood Dep. 37:12-38:5. | "Q: And then when he didn't go to the ground at that point, you got back up on your sights, and at least according to this, fired ten more rounds? A: Yes." (Pltfs Exhibit 3, Blackwood Dep. 37: 17-20)<br><br>Irrelevant and Immaterial as to County Defendants |
| 406. | During the time Blackwood was shooting at Puga, Blackwood could not see Puga's hands.<br><br>Ex. 3 to Le Decl., Blackwood Dep. 36:18-20. | Irrelevant FRE 402 as to County Defendants |
| 412. | Adams and Vaccari had only reached the part where the painted curb meets the unpainted curb when the shots started, which is near the rear door of the Expedition.<br><br>Ex. 4 to Le Decl., Adams Dep. 76:1-19; Ex. 12 to Le Decl., Kee MVARS Part 2 at 46:46-46:49; Ex. 16 to Le Decl., Photograph of Expedition at Curb. | Misstates Testimony FRE 403- Plaintiff improperly place "only."<br><br>Officer Adams testified: "Q: Do you see where the white curb lines up with the vehicle from this angle? A: Yes, sir, I do." (Pltfs Exhibit 4, Adams Dep. at 76:14-16) |
| 416. | Adams fired his first shot when Puga had already started running.<br><br>Ex. 4 to Le Decl., Adams Dep. 37:10-12. | Misstates Testimony FRE 403; Incomplete Evidence FRE 106- Officer Adams's first shot was result of returning fire.<br>Officer Adams testified: "Q: And Mr. Puga was already starting to run away at the time of your first volley of shots? A: Yes, sir. It was very fluid and dynamic.  It happened |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | within a couple of seconds. **After I saw the gun and heard the shots**, I remember ducking and having to step over a high curb that was right there and **having to return fire**." (Pltfs Exhibit 4, Adams Dep. at 37:23-38:4) |
| 420. | Adams claims he was aiming at Puga's back and side during all three volleys.<br><br>Ex. 4 to Le Decl., Adams Dep. 39:13-20. | Misstates Testimony FRE 403; Incomplete Evidence FRE 106- Officer Adams testified:<br>"Q: And in your first volley what part of his body were you aiming at?<br>A: In my first, second, and third volleys, I was aiming at his center mass or the torso of Mr. Puga.<br>Q: And with him running away, would that be his back essentially?<br>A: **His back and his side as he turned towards deputies**, yes, sir." (Pltfs Exhibit 4, Adams Dep. at 39:13-20)(emphasis added) |
| 421. | Adams had moved closer to the passenger side of the vehicle and was behind the open passenger door for cover when he fired his second volley.<br><br>Ex. 4 to Le Decl., Adams Dep. 50:3-10, 74:3-9; Ex. 12 to Le Decl., Kee MVARS Part 2 at 46:55-47:02. | Misstates Testimony FRE 403- Officer Adams testified: "I had moved closer to the passenger side of the vehicle in attempt to gain some level of cover while still engaged in **returning fire** with Mr. Puga." (Pltfs Exhibit 4, Adams Dep. at 50:8-10)(emphasis added) |
| 422. | Puga was still running away when Adams fired his second volley. | Misstates Testimony FRE 403; Incomplete Evidence |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
|  | Ex. 4 to Le Decl., Adams Dep. 38:8-9. | FRE 106- Officer Adams testified: "Yes, sir.· Also, during that time as **he was running**, I remember **seeing the gun again as he turned towards me and the other officers**." (Pltfs Exhibit 4, Adams Dep. at 38:9-11)(emphasis added) |
| 423. | One of Adams' concern with being in a residential neighborhood was innocent people being struck due to the number of shots fired.<br><br>Ex. 4 to Le Decl., Adams Dep. 55:19-22. | Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 424. | Adams is not sure whether he fired any shots after Puga went to the ground.<br><br>Ex. 4 to Le Decl., Adams Dep. 52:7-17. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Officer Adams testified: "Q: After he went to the ground, from your perspective did you think it was necessary to fire anymore shots? A: **I stopped firing my weapon** when I no longer saw Mr. Puga posing a threat. Q: Was that after he went to the ground? A: Yes, sir." (Adams Dep. at 52:1-6)(emphasis added)<br><br>"I was saying from my perspective, **although I had stopped firing my gun and I** |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | **didn't see immediate reason to  engage with lethal force**, there were still an element of non-compliance from Mr. Puga being that we had just seconds before been involved in a lethal force encounter, it was less-lethal option was given in case there was going to be **another element of force given or a threat posed by Mr. Puga.**" (Adams Dep. 57:8-15)(emphasis |
| 425. | At no time did anyone provide a verbal warning that deadly force was going to be used.<br><br>Ex. 2 to Le Decl., Rubalcava Dep. 94:13-15; Ex. 3 to Le Decl., Blackwood Dep. 24:17-25; Ex. 5 to Le Decl., Vaccari Dep. 63:4-6 | Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 429. | Vaccari then decided to deploy the Taser at Puga.<br><br>Ex. 4 to Le Decl., Adams Dep. 57:16-19; Ex. 5 to Le Decl., Vaccari Dep. 54:10-13. | Misstates Evidence FRE 403; Incomplete Evidence FRE 106 –<br>Officer Adams testified: "I was saying from my perspective, **although I had stopped firing my gun and I didn't see immediate reason to  engage with lethal force**, there were still an element of non-compliance from Mr. Puga being that we had just seconds before been involved in a lethal force encounter, it was less-lethal option was given in case there was going to be **another element of** |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | **force given or a threat posed by Mr. Puga.**" (Adams Dep. 57:8-15)(emphasis |
| 430. | Vaccari did not give Puga a verbal warning that he was going to deploy the Taser before deploying it.<br><br>Ex. 5 to Le Decl., Vaccari Dep. 63:23-25. | Irrelevant FRE 402<br><br>Misstates Evidence FRE 403- Sergeant Vaccari testified: "Q: And did you ever give a verbal warning to him that you were going to tase him? A: I don't recall." (Vaccari Dep. at 63:1-3) |
| 432. | No one went in to handcuff Puga during the first Taser cycle.<br><br>Ex. 5 to Le Decl., Vaccari Dep. 62:23-25. | Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 433. | Vaccari later concedes during his interview with detectives that it would have been a much better option to go in and handcuff Puga while he was under the power of the initial Taser deployment instead of activating the Taser a second time.<br><br>Ex. 6 to Le Decl., Vaccari Dep. 90:3-11. | Incomplete Evidence FRE 106 –<br>Officer Adams testified: "I was saying from my perspective, **although I had stopped firing my gun and I didn't see immediate reason to engage with lethal force**, there were still an element of non-compliance from Mr. Puga being that we had just seconds before been involved in a lethal force encounter, it was less-lethal option was given in case there was going to be **another element of force given or a threat posed by Mr. Puga.**" (Adams |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | Dep. 57:8-15)(emphasis<br><br>Officer Blackwood testified: "Yes, yes. At this point since we -- since they activated the Taser and gave commands, that's -- he was still able to listen and obey commands, so yes." (Blackwood Dep. at 48:6-8) |
| 436-442 | The alleged additional facts concerning the Botten Plaintiffs and their injuries is irrelevant to the County Defendants in the case at bar. | Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 443. | Vaccari violated standard police practices and training when he deployed pepper balls to strike Puga and struck Puga in the face.<br><br>Clark Decl. ¶ 12. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. |

**49**
**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Incomplete Evidence FRE 106 – Plaintiff misstate intent to introduce pepper balls by introducing expert's opinion.<br><br> Officer Adams testified: "Q: So at some point was it decided that **pepper balls would be used to try to see if that would assist getting him out of the car**? A: **Yes, sir**. It's true." (Adam's Dep. at 14:14-17)<br><br>Sergeant Vaccari did not deploy pepper balls for striking Puga as Plaintiff states. Sergeant Vaccari testified: "He didn't physically come out of the vehicle, but he would tell us that he was |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | coming out of the vehicle. I can't recall at exactly at what points in time, but he would open the door, close the door. He would tell us he was coming out of the vehicle. **We would give him an opportunity to come out of the vehicle**. **He wouldn't come out, and then we would introduce more or I would introduced more pepper balls into the vehicle**." (Vaccari Dep. at 31:25-36:7)(emphasis added)<br><br>"Q: Did you ever have the impression that one of the pepper balls may have struck him in the face or head?<br>A: Only based on what Mr. Puga said.<br>Q: And what did he say in that regard?<br>A: "You shot me in the eye."<br>Q: And after he said that did you deploy **any additional pepper balls**?<br>A: **No**.<br>Q: After he said that, you **stopped with the pepper ball deployments**?<br>A: **Yes**." (Vaccari Dep. at 33:14-24)(emphasis added)<br><br>See Kee MVARS, Part 2 at 01:27-28:50<br><br>Irrelevant FRE 402 |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 444. | SBSD guidelines directs deputies to anticipate that a suspect will lower his head and to target from the upper torso down or alternatively, target surrounding objects.<br><br>Clark Decl. ¶ 12. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 445. | SBSD guidelines directs its deputies to not shoot at the head, neck, or spine unless a deadly force situation exists.<br><br>Clark Decl. ¶ 12. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 446. | It is undisputed that Puga did not pose an immediate threat of death or serious bodily injury at the time Vaccari deployed the pepper ball launcher and struck Puga in the eye<br><br>Clark Decl. ¶ 12. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) |
| | | Irrelevant FRE 402 |
| | | Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 447. | Had Sergeant Vaccari exercised better tactics, Mr. Puga would not have suffered injuries to his eye from the pepper ball launcher<br><br>Clark Decl. ¶ 12. | Hearsay FRE  801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 449. | The officers' failure to follow standard police practices and training | Hearsay FRE 801- *Courtney v. Canyon Television &* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | in dealing with barricaded subjects, poor tactics, and rushing to take Puga into custody once he was outside of the vehicle all contributed to the officers' unnecessary use of lethal force.<br><br>Clark Decl. ¶ 13. | *Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation-*In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 450. | The officers failed to formulate a safe tactical plan, made poor tactical decisions, and limited their tactical options, ultimately leading to their unnecessary use of lethal force.<br><br>Clark Decl. ¶ 13b. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life &* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 451. | POST Learning Domain 23, "Crimes in Progress," advises officers that if available, officers should request specialized units and resources as soon as it has been determined that the suspect has taken a barricaded position.<br><br>Clark Decl. ¶ 13c. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Irrelevant FRE 402<br><br>Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 452. | SWAT specifically trains to respond to incidents where subject(s) may be armed, barricaded, and refusing to submit to arrest.<br><br>Clark Decl. ¶ 13c. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) Irrelevant FRE 402

Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 453. | The utilization of San Bernardino Sheriff's Department SWAT would have been a safer alternative. SWAT is equipped with special training, equipment, and tools, which can help resolve the situation of a barricaded subject without escalating the situation.

Clark Decl. ¶ 13c. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901

Improper Expert Opinion FRE 702 - as to testimony of |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) |
| | | Incomplete Evidence FRE 106 – Plaintiff's statement is mere "possibility" without consideration of the particular circumstances. |
| | | Sergeant Vaccari testified: "Q: And normally, when you requested the assistance of SWAT, would they normally come? A: Depending on the circumstances.  They would |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | ask questions as to what we had done in the field, what were the circumstances, and they would evaluate it and give suggestions or advice over the phone." (Vaccari Dep. 13:5-10)<br><br>"Q: Was there any discussion at the scene as to whether SWAT should be called?<br>A: Yes. The CHP sergeant had asked if SWAT was available, and I told him that I didn't have my cell phone to call them, but **we hadn't done anything other than try to establish communication with the driver of the car to get him to come out of the car**.<br>Q: So you thought **at that point it might be premature**?<br>A: **Yes**." (Vaccari Dep. at 26: 8-17)(emphasis added)<br><br>Sergeant Kee testified:<br>"Q: And do you recall what the response was to your request?<br>A: They told me that **they were not going to come for something of this nature**." (Kee Dep. at 20:3-6)(emphasis added)<br><br>"Q: Has it been your experience being in law |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | enforcement for some time, that **sometimes** SWAT does come out for a barricaded suspect? A: Yes." (Kee Dep. at 20:12-15)(emphasis added) <br><br> Irrelevant FRE 402 <br><br> Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 454. | Given that the officers believed that Puga was involved in a prior freeway shooting, was still armed, was refusing to exit his vehicle, and was situated in a residential neighborhood, Vaccari's failure to request for SWAT to respond when initially requested by Kee and after initial less-lethal force was unsuccessful were poor tactical decisions that contributed to the officers' use of unnecessary lethal force. <br><br> Clark Decl. ¶ 13d. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901 <br><br> Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) |
| | | Incomplete Evidence FRE 106 – Plaintiff's statement is mere "possibility" without consideration of the particular circumstances. |
| | | Sergeant Vaccari testified: "Q: And normally, when you requested the assistance of SWAT, would they normally come? A: Depending on the circumstances.  They would ask questions as to what we had done in  the field, what were the circumstances, and they would  evaluate it and give suggestions or advice over the phone." (Vaccari Dep. 13:5-10) |
| | | Irrelevant FRE 402 |
| | | Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 455. | Among the "Fatal Errors" listed by POST Learning Domain 23, "Crimes in Progress," is poor positioning due to rushing or poor tactics.<br><br>Clark Decl. ¶ 13e. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life &* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) |
| | | Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 456. | The officers' decision to leave cover and enter an open-air environment to take Puga into custody, when the officers stated that they still believed Puga to be armed and dangerous, and Kee stated that he was in fear for his life at the time he made the decision to approach and take Puga into custody, was a tactically poor decision.<br><br>Clark Decl. ¶ 13e. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.,* 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | conjectural.”). By rule “an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law.” *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass’n*, 809 F.2d 626, 630 (9th Cir. 1987) (“Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.”) |
| 457. | The situation did not call for an urgent response at the time the officers approached Puga.<br><br>Clark Decl. ¶ 13e. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark’s speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) (“[a]n expert report cannot be used to prove the existence of facts set forth therein.”); *Dunbar-Kari v. United States*, 2010 WL |

**COUNTY DEFENDANTS’ OBJECTIONS TO PLAINTIFFS’ ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS’ MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 461. | Under the facts and circumstances as alleged by Kee at the time he initially shot Puga that Kee violated standard police practices and training when he shot at. Puga when he saw Puga drop his right hand from a raised position.<br><br>Clark Decl. ¶ 16. | Immaterial to County Defendants |
| 462. | Kee overreacted when he saw Puga drop his right hand from a raised position. | Immaterial to County Defendants |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Clark Decl. ¶ 16. | |
| 463. | The percipient witness' cell phone video, labeled COSB0001459, shows Puga's frontside as he exits the car and there appears to be no weapon on or near Puga's waistband.<br><br>Clark Decl. ¶ 16. | Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | of summary judgment.") |
| 464. | Rubalcava, Blackwood, Kee, and Adams violated standard police practices and training when they shot at Puga while he was running away.<br><br>Clark Decl. ¶ 17. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Irrelevant FRE 402 and |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| | | Incomplete Evidence FRE 106- Officer Blackwood testified: "Q: Why did you continue to fire if he was running away from you? A: Because I knew **he initially had a firearm**, and I **didn't see him drop the firearm**. At that time part of my reassessment was tracking from where he was at to where -- where he initially started to where he was at that point, and I didn't see a firearm on the ground up until that point. So that's why I continued to fire." (Pltfs Exhibit 3, Blackwood Dep. 54:7-14)(emphasis added) |
| | | "Q: And what were you doing to try to assess? A: I was looking for a gun, if he had dropped it from the front of his car to where he fell." (Pltfs Exhibit 3, Blackwood Dep. at 31:1-3) |
| | | Sergeant Kee testified: "I could only see his side |

COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION

| Fact No. | Fact | Objection |
|---|---|---|
| | | because I recall seeing in his left hand a gun, and **he was running, but pointing back at us**. And so I could only see like his side, like his rib cage area." (Sergeant Kee's Dep. at 83:22-84:3)(emphasis added) <br><br> Officer Rubalcava testified: "He still had the gun in his hand, and he was running towards a residential area." (Rubalcava's Dep. at 87:3-4) <br><br> Officer Adams testified: "Q: And was Mr. Puga still running away at that point? A: Yes, sir. Also, during that time as he was running,  I remember seeing the gun again as he turned towards me and  other officers." (Defs Exhibit X, Adams Dep. at 38:8-11) |
| 465. | Puga did not present an immediate threat of death or serious bodily injury as he was running and the officers failed to reassess and overreacted when they fired subsequent volleys when Puga was running. <br><br> Clark Decl. ¶ 17. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901 <br><br> Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 467. | There was no immediate defense of life situation while Mr. Puga was running away.<br><br>Clark Decl. ¶ 17a. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901 |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)  Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 468. | There were no bullet impacts or | Hearsay FRE 801- *Courtney* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | casings found near the area of the initial shooting that would support the allegation that Mr. Puga fired a weapon at anyone.<br><br>Clark Decl. ¶ 17a. | *v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation-*In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv.,* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 470. | There is evidence that this was likely a situation of contagious fire.<br><br>Clark Decl. ¶ 17d. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life &* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 471. | Officer Rubalcava, Officer Blackwood, Sergeant Kee, and Deputy Adams violated standard police practices and training when they shot at Mr. Puga after he had fallen to the ground.<br><br>Clark Decl. ¶ 18. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 472. | Mr. Puga was not an immediate threat of death or serious bodily injury after he had fallen to the ground.<br><br>Clark Decl. ¶ 18a. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) <br><br> Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 473. | The officers had time to provide Mr. Puga with a warning that deadly force was going to be used prior to the shooting and time to provide an additional warning that deadly force was going to be used in between their first and subsequent volleys of shots. <br><br> Clark Decl. ¶ 19. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901 <br><br> Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Plaintiff improperly states the officers "had time" for warning.<br><br>Officer Rubalcava testified: "Q: You indicated earlier that you did not warn Mr. Puga or didn't give him a verbal warning that you were going to use lethal weapon or shoot your gun at him. **Did you have an opportunity to do** |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | so? |
| | | A: **No**. |
| | | Q: Why didn't you have that opportunity to warn him? |
| | | A: **It's within split second he pulled out his firearm and shot at us.**" (Rubalcava Dep. at 79:6-13)(emphasis added) |
| | | Officer Adams testified: "When I saw the gun almost simultaneously or what felt like simultaneously at the time, Mr. Puga turned towards me, reached down, came up with a gun pointed at me, I heard shots. And then my reaction time was that of whatever it was before I returned fire." (Adams Dep. at 62:19-24) |
| | | "Sir, I don't know if I can distinguish within tens or hundreds of seconds of how I stepped or what. I know that when I approached, he get on the ground, there was an aggressive reach downward motion towards the waistband or a pocket area of the pants by Mr. Puga and coming up with a gun pointed point at me. I heard shots, and I returned fire." (Adams Dep. at 63:4-9) |
| | | Speculation FRE 403; Irrelevant FRE 402 and |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
|  |  | Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 474. | Officer Rubalcava, Officer Blackwood, Sergeant Kee, and Deputy Adams violated standard police practices and training when they failed to consider their background prior to utilizing deadly force, resulting in the serious injuries of innocent bystanders.<br><br>Clark Decl. ¶ 20. | Immaterial and completely unsupported as to Deputy Adams as there is no submitted evidence that he injured any bystanders.<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Officer Rubalcava testified:<br>"Q: You indicated earlier that you did not warn Mr. Puga or didn't give him a verbal warning that you were going to use lethal weapon or shoot your gun at him. **Did you have an opportunity to do so**?<br>A: **No**.<br>Q: Why didn't you have that opportunity to warn him?<br>A: **It's within split second he pulled out his firearm and shot at us.**" (Rubalcava Dep. at 79:6-13)(emphasis added)<br><br>Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 475. | The officers violated standard police practices and training in failing to request backup to set up a perimeter and evacuate uninvolved individuals from the area in order the ensure the safety of these uninvolved individuals. | Irrelevant as to this case which does not include injury to uninvolved individuals.<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Clark Decl. ¶ 21. | 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) |
| | | Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 476. | Sergeant Vaccari's two-time deployment of the Taser at Mr. Puga after he had been shot twice and was clearly incapacitated without prior verbal warning violated standard police practices and training. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Clark Decl. ¶ 22. | judgment)-statement is not authenticated FRE 901

Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation-*In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)

Misstates Evidence FRE 403; Incomplete Evidence FRE 106 – Officer Adams testified:
"When I approached Mr. Puga on the northwest corner, he was lying faced-down with **his hands** |

| Fact No. | Fact | Objection |
|---|---|---|
| | | **concealed underneath his body**" (Adams Dep. at 57:1-3)(emphasis added)<br><br>"I was saying from my perspective, although I had stopped firing my gun and I didn't see immediate reason to engage with lethal force, there were still an element of **non-compliance from Mr. Puga** being that we had just seconds before been involved in a lethal force encounter, it was less-lethal option was given in case there was going to be **another element of force given or a threat posed by Mr. Puga.**" (Adams Dep. 57:8-15)(emphasis added)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 477. | The San Bernardino Sheriff's Department Manual advises its deputies that a Taser may only be used when objective facts indicate that the suspect poses an immediate threat to the safety of the officer or a member of the public. | Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901 |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | Clark Decl. ¶ 22a. | Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) |
| | | Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 478. | Officers are also trained on the | Hearsay FRE 801- *Courtney* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | concept of "cuffing under power" in which an officer can safely go in and handcuff a suspect while the suspect is under effects of the neuromuscular incapacitation of the Taser.<br><br>Clark Decl. ¶ 22b. | *v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv.,* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 479. | The second Taser deployment violated standard police practices and training because it was clear from the first Taser deployment that Mr. Puga was incapacitated when his muscles responded to the Taser deployment but he did not respond, no verbal warning was given prior to the second Taser deployment, and Sergeant Vaccari admits that the second deployment would have been unnecessary had he considered at the time to go in and handcuff Mr. Puga while he was under the power of the Taser during the first Taser deployment.<br><br>Clark Decl. ¶ 22b. | Hearsay FRE  801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life &* |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original)<br><br>Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 481. | After L.C. was born, Puga desperately wanted to see L.C.<br><br>Ex. 21 to Le Decl., Cadena Dep. 37:16-22. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 482. | At some point, Puga approached L.C.'s mother and told her that he would voluntarily support L.C. because she was his child.<br><br>Ex. 21 to Le Decl., Cadena Dep. 38:3-7. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 483. | Puga told L.C.'s mother that he would buy L.C. whatever she needed or whatever L.C.'s mother needed.<br><br>Ex. 21 to Le Decl., Cadena Dep. 38:8-12. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | of summary judgment.") |
| 484. | After L.C. was born, Puga was incarcerated for three to four years and then again from approximately 2019 to shortly before his death.<br><br>Ex. 22 to Le Decl., Salas Dep. 23:12-14; Ex. 23 to Le Decl., Hernandez Dep. 31:14-21, 35:13-15. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 485. | Puga would see L.C. at times when L.C. visited her grandmother, Puga's mother.<br><br>Ex. 21 to Le Decl., Cadena Dep. 26:6-13, 28:4-7. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Speculation FRE 403 |
| 489. | L.C.'s mother saw Puga the Friday before he died and Puga asked about how L.C. was doing.<br><br>Ex. 21 to Le Decl., Cadena Dep. 15:16-16:6. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 490. | Puga would regularly follow the bus L.C.'s mother drove for work whenever Puga was in Long Beach and ask about L.C.<br><br>Ex. 21 to Le Decl., Cadena Dep. 16:7-14. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|----------|------|-----------|
| 491. | Puga had previously contacted L.C.'s mother about seeing L.C.<br><br>Ex. 21 to Le Decl., Cadena Dep. 28:11-13. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |
| 492. | In the two years before Puga' passing, Puga would see L.C. at times when L.C. visited her aunt Susie, Puga's sister.<br><br>Ex. 22 to Le Decl., Salas Dep. 30:10-20; 31:2-16, 81:6-10. | Irrelevant FRE 402<br><br>Immaterial- *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.")<br><br>Speculation FRE 403<br><br>Misstates Evidence FRE 403/Incomplete Evidence FRE 106<br>Q: Okay. Do you know how often he visited Isabella in the two years before his passing?<br>A: It was more with - - more so with my sister Susy. She would let her borrow Isabella. But I don't remember. But he would want to - - more than see as often - - like the permission that was given to him, he would have preferred to see her more<br>. . .<br>Q: Isabella's mom would let Isabella visit your sister Susy. |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | And then whether Hector saw her at Susy's house or not, would you have any knowledge of that when he would go see her and Isabella's mom took her to Susy's house?<br>A: I wouldn't have any recollection or remember just because it was just random. Like she would bring her over for an hour or two. And, yeah, I wouldn't remember.<br>Q: Okay. So would you be there when Isabella's mom took her to your sister's house?<br>A: I was there may be like a handful of times. But other than that - - well, at the time when I was there Hector seen her three times. But on top of that, I wasn't there when they would see Isabella.<br>(Salas Depo. 30:14-31:16). |
| 493. | In Plaintiffs' police practices expert Roger Clark's Rule 26 Expert Report, he opined on the reasonableness of Vaccari's deployment of the pepperball projectile that struck Puga's eye and Vaccari's subsequent deployments of the Taser.<br><br>See Ex. 24 to Le Decl., Roger Clark Rule 26 Report. | Irrelevant FRE 402<br><br>Hearsay FRE 801- *Courtney v. Canyon Television & Appliance Rental, Inc.*, 899 F.2d 845, 851 (9th Cir. 1990) (hearsay statements are not admissible to defeat summary judgment)-statement is not authenticated FRE 901<br><br>Improper Expert Opinion FRE 702 - as to testimony of Roger A. Clark's speculation- |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

| Fact No. | Fact | Objection |
|---|---|---|
| | | *In Re. Citric Acid Litigation*, 191 F. 3d 1090, 1102 (9th Cir. 1999) ("[a]n expert report cannot be used to prove the existence of facts set forth therein."); *Dunbar-Kari v. United States*, 2010 WL 4923556 *4 (E.D. Cal., Nov. 29, 2010) ("An expert's speculations do not rise to the status of contradictory evidence, and a court is not bound by expert opinion that is speculative or conjectural."). By rule "an expert witness cannot give an opinion as to [his] *legal conclusion*, which is effectively an opinion on an ultimate issue of law." *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) <br><br> Speculation FRE 403; Irrelevant FRE 402 and Immaterial - *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.") |

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

1

DATED:  March 6, 2025

**LYNBERG & WATKINS**
A Professional Corporation

2

3

4

By:  /s/ Shannon L. Gustafson
_____
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO
ROBERT VACCARI, and JAKE ADAMS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNTY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL
EVIDENCE IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY
ADJUDICATION**