SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO,
ROBERT VACCARI, and JAKE ADAMS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Mr. Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Mr. Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Mr. Puga; and ANTONIA SALAS UBALDO, individually,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>                    Defendants. | CASE NO. 5:22-cv-00949-KK-(SHKx)<br><br>*Assigned for All Purposes to:*<br>*Hon. Kenly K. Kato – Courtroom 3*<br><br>**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION AS TO HECTOR PUGA'S STATE OF MIND; MEMORANDUM OF POINTS AND AUHTORITIES**<br><br>Date:        May 15, 2025<br>Time:        9:30 a.m.<br>Courtroom:  3<br><br>*Trial Date:    June 2, 2025*<br><br>*Complaint filed: 06/07/2022*<br>*FAC filed: 10/18/22*<br>*SAC filed: 01/13/23*<br>*TAC filed: 05/12/23* |

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION AS TO HECTOR PUGA'S STATE OF MIND; MEMORANDUM OF POINTS AND AUHTORITIES**

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at the Pretrial Conference on May 15, 2025[1] at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court, located at 3470 12th Street, 3rd Floor, Riverside, CA 92501, Defendant's COUNTY OF SAN BERNARDINO and ISAIAH KEE, MICHAEL BLACKWOOD, BERNARDO RUBALCAVA, ROBERT VACCARI, and JAKE ADAMS (hereinafter "County Defendants") will, and hereby do, move the Court *in limine*, before jury selection or commencement of trial, for an order that Plaintiffs and Plaintiffs' counsel be precluded from referring to, or using any pleading, testimony, remarks, questions, or arguments with respect to a witnesses' speculation as to decedent Hector Puga's state of mind.

Plaintiffs and Plaintiffs' counsel, and through them, each and every one of their witnesses, should be instructed not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the facts hereinafter mentioned regarding decedent Hector Puga's state of mind, without first obtaining permission of the Court outside the presence and hearing of the jury; not to make any reference to the fact that this Motion has been filed, and/or granted; and, to warn and caution each and every one of Plaintiffs' witnesses to strictly follow the same instructions.

---

[1] County Defendants (County of San Bernardino, Jake Adams, and Robert Vaccari) and Plaintiffs have reached a tentative resolution subject to Board of Supervisor approval on April 29, 2025, as set forth in the parties Joint Report on Settlement. However, in an abundance of caution because the trial date is still set for June 2, 2025, we are submitting this filing to be in compliance with the Court's Scheduling Order.

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION AS TO HECTOR PUGA'S STATE OF MIND; MEMORANDUM OF POINTS AND AUHTORITIES**

**DEFENDANTS' MOTION IS MADE ON EACH OF THE FOLLOWING GROUNDS:**

Mention of any speculation as to Mr. Puga's state of mind at the time of the incident by lay civilian witnesses should be excluded as their opinions are not relevant to any of the issues being decided in this case and are therefore excludable. *Fed. R. Evid.* 701, 602, 403 and 401.

Defendants' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Amy R. Margolies and exhibits, the papers and records on files herein, and upon such further oral and documentary evidence as may properly come before the Court.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which included Defense counsel sending email correspondence on April 7, 2025, which detailed the grounds for this motion *in limine* and a follow up Zoom conference with all parties on April 11, 2025.  Plaintiffs' counsel opposes this motion *in limine*.


DATED:  April 17, 2025                    **LYNBERG & WATKINS**
                                          A Professional Corporation



                                   By:  /s/ Amy R. Margolies
                                        **SHANNON  L. GUSTAFSON**
                                        **AMY R. MARGOLIES**
                                        Attorneys for Defendant,
                                        COUNTY OF SAN BERNARDINO
                                        ROBERT VACCARI, and JAKE ADAMS

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION AS TO HECTOR PUGA'S STATE OF MIND; MEMORANDUM OF POINTS AND AUHTORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Decedent Hector Puga, wanted for shooting a gun at a complete stranger, led law enforcement in an hour-long pursuit through residential neighborhoods at speeds ranging from 50 – 90 mph.  Mr. Puga then orchestrated an hour-long standoff wherein law enforcement exhausted less lethal force and employed various negotiation tactics to no avail.  Mr. Puga eventually exited his vehicle, only to lure the police in, and then pulled a gun from his waistband and fired at them.  Law enforcement returned fire.

Plaintiffs, Antonia Ubaldo, Mr. Puga's mother, and three of Mr. Puga's minor children, L.C., I.H., and A.L., bring this action against the State of California, individual defendants, CHP Kee, Blackwood and Rubalcava, County of San Bernardino and individual defendants, Vaccari and Adams.

During the depositions of the civilian eyewitnesses, while most testified as to what they observed or heard, two witnesses, Betzabeth Gonzalez and Annabelle Botten, made multiple speculative statements as to Mr. Puga's state of mind, testifying as to what they claim Mr. Puga was thinking and feeling during the encounter with police, despite not having ever met him.  These speculations from these witnesses, and any witness, should be excluded pursuant to Fed. R. Evid. 701, 602, 401, and 403.

### II.    LEGAL STANDARD

Fed. R. Evid. Rule 701 allows admission of opinion testimony by lay witness if it is "rationally based on the perception of the witness", "helpful to a clear understanding of his testimony or the determination of a fact in issue", and "not based on scientific, technical, or other specialized knowledge".

Witnesses may only testify to matters within their personal knowledge. Fed. R. Evid. 602. "A natural extension of the rule against lay-witness opinion testimony is the rule that lay-witnesses may not give testimony in the form of conclusions or that

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN
LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION
AS TO HECTOR PUGA'S STATE OF MIND;
MEMORANDUM OF POINTS AND AUHTORITIES**

1  is speculative." *Redwind v. Western Union, LLC*, 2016 U.S. Dist. LEXIS 57793 at *6

2  (OR. D.C., May 2, 2016) citing *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.* 628

3  F.2d 919, 928 (9th Cir. 1980).

4  Fed. R. Evid. 401 states "Evidence is relevant if:

5  (a) it has any tendency to make a fact more or less probable than it would be

6  without the evidence; and

7  (b) the fact is of consequence in determining the action."

8  Non-scientific, speculative opinion is excludable pursuant to Fed. R. Evid. 403.

9  Fed. R. Evid. 403 states "The court may exclude relevant evidence if its probative

10  value is substantially outweighed by a danger of one or more of the following: unfair

11  prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

12  needlessly presenting cumulative evidence."

13  **III.    BETZABETH GONZALEZ' SPECULATIVE STATEMENTS AS TO**

14  **THE DECEDENT'S STATE OF MIND**

15  Witness Betzabeth Gonzalez did not live at the intersection of Peach Street and

16  Catalpa Street where the incident took place; her house was further down south on

17  Peach Street; yet, she claims to have been able to witness the  incident from her

18  bathroom window, standing on a stool, and utilizing her cell phone camera view

19  setting, zooming in as high as possible. (Margolies Decl. ¶ 2, Exhibit A – Gonzalez

20  Deposition:  30:4-25;  132:9-16;  133:16-19;  38:25-39:3;  48:20-24;  75:23-76:5).

21  During Ms. Gonzalez's testimony, she provided the following speculative statements,

22  her transcript is attached to this Motion as Exhibit A.

23  **Speculation 1: "It just seemed like - I don't know if I want to say**

24  **helpless, but like - like [Puga] knew he was going to get shot. Like, it**

25  **just seemed like he just knew, like if he got out [of his car], like, he was**

26  **going to get shot.**

27

28

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN
LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION
AS TO HECTOR PUGA'S STATE OF MIND;
MEMORANDUM OF POINTS AND AUHTORITIES**

1    (Margolies Decl. ¶ 2, Exhibit A – Gonzalez Deposition:102:14-21).

2    This statement refers to a time during the one-hour standoff when law

3    enforcement was attempting to negotiate with Mr. Puga to exit his vehicle.  However,

4    Ms. Gonzalez's entire statement, suggesting Puga felt "helpless" and that "it just

5    seemed like he just knew… he was going to get shot," are purely Ms. Gonzalez's

6    speculation regarding Decedent's state of mind.  Her testimony did not set forth any

7    facts that would provide a basis for these conclusory remarks. Ms. Gonzalez

8    admittedly knew nothing about Mr. Puga's background, nor had she ever met or

9    spoken to him. (Margolies Decl. ¶ 2, Exhibit A – Gonzalez Deposition: 90:3-8). "Lay

10   witnesses may not speculate in their answers to questions posed and their testimony

11   must be grounded in observation or other first-hand knowledge; their opinions may

12   not be based on speculation, intuition, rumors or matters remote from their

13   experience." *United States v. Graham*, No. 16 CR. 786-2 (NSR), 2019 WL 2366724,

14   at *8 (S.D.N.Y. May 31, 2019), *aff'd*, 51 F.4th 67 (2d Cir. 2022).

15   Defendants objected to her deposition testimony, "speculation," "lacks

16   foundation," and "move to strike." (Margolies Decl. ¶ 2, Exhibit A – Gonzalez

17   Deposition: 102:20-21). Deposition statements objected to for speculation are

18   generally inadmissible under the Fed. R. Evid. 602 which requires that a witness can

19   only testify about matters within their personal knowledge, and speculative testimony

20   does not meet this requirement. (*Fed. R. Evid*. 602; *Berkley Ins. Co. v. Fed. Hous.

21   Fin. Agency*, No. 1:13-CV-1053-RCL, 2023 WL 4744155, at *12 (D.D.C. July 25,

22   2023).

23   Further, Ms. Gonzalez's speculation has no tendency to make a fact of

24   consequence in determining the action more or less probable than it would be without

25   the evidence and could mislead a jury.  Further, any potential probative value is

26   substantially outweighed by the danger of unfair prejudice and therefore statements

27

28
**6**
**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN
LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION
AS TO HECTOR PUGA'S STATE OF MIND;
MEMORANDUM OF POINTS AND AUHTORITIES**

such as these should be excluded pursuant to Fed. R. Evid. 701, 602, 401 and 403.

**Speculation 2: "… did it appear to you that Mr. Puga was scared of the police?" "…he didn't believe they were going to like – going to take him gently and just put him in the back of the car." "…was his tone of voice scared of the police?" "…scared" "…yes, yeah."**

(Margolies Decl. ¶ 2, Exhibit A – Gonzalez Deposition: 103:3-10; 103:17-23).

Ms. Gonzalez was asked in her deposition by Plaintiffs' counsel, whether Mr. Puga "appear[ed]" scared of the police, and in response to this question (that called for speculation and was objected to (Id. 103:11) Ms. Gonzalez responded once again with a conclusory response as to Mr. Puga's state of mind, that she somehow knew what Mr. Puga did and did not believe by stating "he didn't believe they were going [] to take him gently…" and then agreed with Plaintiffs' counsel that Mr. Puga seemed scared, without providing any admissible basis for this opinion. (Id.).

Ms. Gonzalez's opinion regarding Decedents' state of mind is not admissible as it is purely speculative and there is no proper foundation. Under Fed. R. Evid. 701, lay opinions must be rationally based on the witness's perception and helpful to understanding the testimony or determining a fact in issue. Setting aside that it was dark, Ms. Gonzalez's house was not at the intersection corner, she was standing on a stool, looking out her bathroom window, through a max zoomed in cell phone camera view, even still, Ms. Gonzalez is unable to see into the state of mind of Mr. Puga. Ms. Gonzalez offers nothing more than an inferred mental state of a man she did not know.

Further, Ms. Gonzalez's speculation has no tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence and could mislead a jury. Further, any potential probative value is substantially outweighed by the danger of unfair prejudice and therefore statements such as these should be excluded pursuant to Fed. R. Evid. 701, 602, 401 and 403.

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION AS TO HECTOR PUGA'S STATE OF MIND; MEMORANDUM OF POINTS AND AUHTORITIES**

1    **IV.    ANNABELLE BOTTEN'S SPECULATIVE STATEMENTS AS TO**
2    **THE DECEDENT'S STATE OF MIND**

3    Witness Annabelle Botten, a Plaintiff in the related *Botten* matter, also provided
4    speculative testimony regarding Mr. Puga's state of mind.  Despite having provided
5    a very detailed account to detectives following the incident, at her deposition, Ms.
6    Botten claimed she had completely blacked out and essentially had no recollection of
7    the incident, denied being able to recall telling police she say Puga fire at police
8    (Margolies Decl. ¶ 3, Exhibit B – Botten Deposition: 55:18-56:6), and only recalled
9    seeing Mr. Puga after he was already dead. (Margolies Decl. ¶ 3, Exhibit B – Botten
10    Deposition: 51:20-52:23; 56:20-24).

11    Ms. Botten claims that she has no recollection of seeing Mr. Puga at any time
12    before she walked up to his body, after he was already deceased and had been there
13    for a period of time. (Margolies Decl. ¶ 3, Exhibit B – Botten Deposition: 56:20-24).
14    Nevertheless, from looking at the Decedent, Ms. Botten made the following
15    speculative statements which should be excluded:

16    **Speculation 3: "I saw him seem terrified and dead on the floor."**

17    (Margolies Decl. ¶ 3, Exhibit B – Botten Deposition: 57:6).

18    **Speculation 4: Decedent looked scared because his eyes were wide open.**

19    (Margolies Decl. ¶ 3, Exhibit B – Botten Deposition: 58:15-19).

20    Ms. Botten admitted in her deposition that she did not recall seeing Decedent's
21    face at any time before she walked up to his body, after he was already deceased, on
22    the ground. (Margolies Decl. ¶ 3, Exhibit B – Botten Deposition: 58:20-22).  Ms.
23    Botten also admitted that she did not recall anything that Decedent said or did at any
24    time prior to seeing him on the ground. (Margolies Decl. ¶ 3, Exhibit B – Botten
25    Deposition: 58:23-25).

26    Accordingly, her speculation as to Mr. Puga being "terrified" and "scared" was

27

28

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN
LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION
AS TO HECTOR PUGA'S STATE OF MIND;
MEMORANDUM OF POINTS AND AUHTORITIES**

based solely on how she perceived Mr. Puga's deceased body after the entire incident. alone. Under Fed. R. Evid. 701, lay opinions must be rationally based on the witness's perception and helpful to understanding the testimony or determining a fact in issue. Further, Ms. Botten's speculation has no tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence and could mislead a jury.  Finally, any potential probative value is substantially outweighed by the danger of unfair prejudice and therefore statements such as Mr. Puga being "terrified" or "scared" should be excluded pursuant to Fed. R. Evid. 701, 602, 401 and 403.

## V. <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion *in limine*.

DATED: April 17, 2025                    **LYNBERG & WATKINS**
                                         A Professional Corporation


                                         By:  /s/ Amy R. Margolies
                                         **SHANNON  L. GUSTAFSON**
                                         **AMY R. MARGOLIES**
                                         Attorneys for Defendant,
                                         COUNTY OF SAN BERNARDINO
                                         ROBERT VACCARI, and JAKE ADAMS

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION AS TO HECTOR PUGA'S STATE OF MIND; MEMORANDUM OF POINTS AND AUHTORITIES**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for County Defendants certifies that this brief contains 1,677 words, which:

x complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: April 17, 2025             **LYNBERG & WATKINS**
                                  A Professional Corporation


                            By:   /s/ Amy R. Margolies
                                  **SHANNON L. GUSTAFSON**
                                  **AMY R. MARGOLIES**
                                  Attorneys for Defendant,
                                  COUNTY OF SAN BERNARDINO
                                  ROBERT VACCARI, and JAKE ADAMS

COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN
LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION
AS TO HECTOR PUGA'S STATE OF MIND;
MEMORANDUM OF POINTS AND AUHTORITIES