1  Shannon L. Gustafson (SBN 228856)
   sgustafson@lynberg.com
2  Amy R. Margolies (SBN 283471)
   amargolies@lynberg.com
3  **LYNBERG & WATKINS**
   A Professional Corporation
4  1100 W. Town & Country Road, Suite #1450
   Orange, California 92868
5  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
6
7  Attorneys for Defendants, , COUNTY OF SAN BERNARDINO,
   ROBERT VACCARI, and JAKE ADAMS

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually, <br><br> Plaintiffs, <br><br> vs <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | CASE NO. 5:22-cv-00949-KK-(SHKx) <br><br> *Assigned for All Purposes to:* <br> *Hon. Kenly K. Kato – Courtroom 3* <br><br> **COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR ONE ADDITIONAL MOTION IN LIMINE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF AMY R. MARGOLIES; EXHIBITS** <br><br> *[Proposed] Order filed Concurrently]* <br><br> *Trial Date:    June 2, 2025* <br><br> *Complaint filed: 06/07/2022* <br> *FAC filed:  10/18/22* <br> *SAC filed:  01/13/23* <br> *TAC filed: 05/12/23* |

25
26
27
28

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR ONE ADDITIONAL MOTION IN LIMINE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF AMY R. MARGOLIES; EXHIBITS**

**TO THE COURT, ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

County Defendants respectfully request that this Honorable Court grant County Defendants' *ex parte* application to file one additional motion above the allotted five Motions *in Limine*[1] per party.

PLEASE TAKE NOTICE that on a date to be determined by the Court should the hearing be necessary, in Courtroom 3 of the above-entitled Court, located at 3470 Twelfth Street, 3rd Floor, Riverside, California, and pursuant to applicable federal rules including but not limited to Local Rule 7-19, as well as applicable Orders of the Court, Defendants COUNTY OF SAN BERNARDINO, ROBERT VACCARI and JAKE ADAMS ("County Defendants") hereby move, *ex parte*, for an entry of an Order of the Court as follows:

1. Defendants shall be permitted to file one additional Motion *in Limine* above their allotted five.

Good cause exists to bring this request on an *ex parte* basis as there is not sufficient time to bring a regularly noticed Motion prior to the deadline to file Motions *in Limine* on April 17, 2025

Defendants' *ex parte* application is based on this notice, the memorandum of points and authorities, the declaration of attorney Amy R. Margolies, all pleadings, papers, and records in this action; and upon such oral and documentary evidence or argument as may be presented at any hearing of this application

///

---

[1] County Defendants (County of San Bernardino, Jake Adams, and Robert Vaccari) and Plaintiffs have reached a tentative resolution subject to Board of Supervisor approval on April 29, 2025, as set forth in the parties Joint Report on Settlement. However, in an abundance of caution because the trial date is still set for June 2, 2025, we are submitting this filing to be in compliance with the Court's Scheduling Order.

1

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR MORE THAN FIVE MOTIONS IN LIMINE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE TO OPPOSING COUNSEL

This ex parte is made following the conference of counsel pursuant to Local Rule 7-3 which included Defense counsel sending email correspondence on April 7, 2025, which detailed the grounds for their anticipated motions *in limine* and a follow up Zoom conference with all parties on April 11, 2025, to discuss in further detail the parties' positions.  Plaintiffs did not stipulate to exclude any of the evidence regarding County Defendant and State Defendant's combined five motions *in limine*.  Defendants did not anticipate needing to exceed five motions *in limine* until after hours on April 14, 2025, three days before the parties' motions were due when a matter that was anticipated to be stipulated to, was not. (Margolies Decl. ¶ 4, Exhibit A – Plaintiff Correspondence re Refusal to Stipulate). Specifically, Plaintiffs' counsel informed Defendants that they would not stipulate to exclude a black and white surveillance video of the incident purportedly taken by "Sal" (last name unknown), an alleged neighbor to where the incident occurred, at trial.  (Id.). This was a surprise to Defendants as it had long been settled, given Plaintiffs' counsel's previous representations to defense counsel and to the Court, that they were not intending to use the black and white video at trial; notably the video remains unauthenticated. (Margolies Decl. ¶ 5, Exhibit B – Plaintiffs' Opposition to County's Ex Parte to Extend Discovery Cutoff pg. 6-7:28-2).

After learning on the evening of April 14, 2025, of Plaintiffs' new position and refusal to stipulate, County Defendants attempted once more to resolve this issue without the need for court intervention and dispatched a detailed correspondence to Plaintiffs on the morning of April 15, 2025. (Margolies Decl. ¶ 6, Exhibit C – Defendant Correspondence re Request Reconsideration).

In relevant part, Defendants reminded Plaintiffs of their representation that they were not intending on using the video, and that there were several other videos that capture the incidents that are of better quality and have been authenticated, as explained further below. (Id.)  Further, Defendants advised that if Plaintiffs

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR MORE THAN FIVE MOTIONS IN LIMINE**

1  continued to keep their changed position, Defendants would need to file an *ex parte*

2  application for relief to include an additional motion *in limine* regarding exclusion

3  of this video at trial; however, we had hoped to avoid unnecessary inconvenience to

4  the Court. (Id.).  But, in response, Plaintiffs again refused to stipulate to exclude the

5  "Sal" black and white surveillance video at trial. (Margolies Decl. ¶ 7, Exhibit D –

6  Plaintiff Correspondence re Continued Refusal to Stipulate).

7        As such, this intsant *ex parte* application is necessary due to Plaintiffs' last-

8  minute decision to change their position on the use of the unauthenticated black and

9  white video.

10       Plaintiffs' counsel is Dale Galipo and Hange Le, 21800 Burbank Boulevard,

11  Suite    310,    Woodland    Hills,    California,    91637,    hlee@galipolaw.com,

12  dalekgalipo@yahoo.com, Tel. (818)-347-3333, Fax. (818)-347-4118.   Plaintiffs'

13  counsel is advised through this notice that any Opposition pursuant to the Court's

14  rules is due no later than **twenty-four hours** after being served of this *ex parte*

15  application for relief.

16

17  DATED:  April 17, 2025          **LYNBERG & WATKINS**
                                     A Professional Corporation

18

19

20                            By:  /s/ *Amy R. Margolies*
                                  **SHANNON L. GUSTAFSON**
21                                **AMY R. MARGOLIES**
                                  Attorneys for Defendants,
22                                COUNTY OF SAN BERNARDINO,
                                  ROBERT VACCARI and JAKE ADAMS

23

24

25

26

27

28

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR MORE THAN
FIVE MOTIONS IN LIMINE**

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.    INTRODUCTION

3        This ex parte application is submitted in response to Plaintiffs' unexpected
4   refusal to stipulate to the exclusion of a black and white surveillance video that was
5   purportedly taken by an individual named "Sal," an alleged neighbor to the location
6   of the incident at issue in this case. (Margolies Decl. ¶ 8, Exhibit E – Video) [2]. The
7   video, which remains unauthenticated, was not anticipated to be part of Plaintiffs'
8   trial evidence, based on prior representations made by Plaintiffs' counsel to both
9   defense counsel and the Court. (Margolies Decl. ¶ 5, Exhibit B – Dkt. #97 Plaintiffs'
10  Opposition to County's Ex Parte to Extend Discovery Cutoff pg. 6:28-7:2).  From
11  April 14, 2025 – April 15, 2025, the parties attempted to resolve this issue
12  informally without the need for court intervention.  However, Plaintiffs would not
13  stipulate to exclude and thus their sudden reversal necessitates the filing of this ex
14  parte application. (Margolies Decl. ¶ 10).

15       Prior to this unexpected development, the parties engaged in a conference of
16  counsel as required by Local Rule 7-3. During this conference, held on April 11,
17  2025, Defendants were under the impression that the issue of the video had been
18  resolved and that it would be excluded from trial. (Margolies Decl. ¶ 11).
19  Defendants did not anticipate that with three days before the parties' motions *in*
20  *limine* were due, that Plaintiffs would refuse to stipulate to exclude the black and
21  white video. (Margolies Decl. ¶ 4, Exhibit A – Plaintiff Correspondence re Refusal
22  to Stipulate). Specifically, Plaintiffs' counsel informed Defendants that they would
23  not stipulate to exclude a black and white surveillance video of the incident
24  purportedly taken by "Sal" (last name unknown), an alleged neighbor to where the

25  ───────────────────

26       [2] In order to play "Sal's" video, media player is needed to view and listen as the
27  VLC player will only play audio.

28

**COUNTY DEFENDANTS'** *EX PARTE* **APPLICATION FOR MORE THAN
FIVE MOTIONS IN LIMINE**

1 | incident occurred, at trial.  (Id.).

2 In response to Plaintiffs' last-minute refusal to stipulate to its exclusion,
3 Defendants made further efforts to resolve the issue without Court intervention,
4 sending correspondence to Plaintiffs on April 15, 2025, in which they reiterated the
5 grounds for exclusion and their preference to avoid involving the Court.  (Margolies
6 Decl. ¶ 6, Exhibit C – Defendant Correspondence re Request Reconsideration).
7 Unfortunately, Plaintiffs maintained their refusal, leaving Defendants with no choice
8 but to seek relief from the Court. (Margolies Decl. ¶ 7, Exhibit D – Plaintiff
9 Correspondence re Continued Refusal to Stipulate).

10 Pursuant to this Court's Civil Trial Order (Dkt. No. 57), each side is limited to
11 five motions *in limine* unless the Court orders otherwise for good cause shown.
12 Counsels must meet and confer in an attempt to reach an agreement that would
13 obviate the need to file certain motions *in limine*; all parties complied with the
14 Court's order but were unable to agree to a stipulation to exclude the
15 unauthenticated video at trial thereby necessitating this *ex parte* application.

16 **II.    LEGAL STANDARD AND GOOD CAUSE FOR RELIEF**
17 **REQUESTED**

18 The standard for granting *ex parte* relief requires an evidentiary showing of
19 good cause that: (1) "the moving party's cause will be irreparably prejudiced if the
20 underlying motion is heard according to regular noticed motion procedures"; and (2)
21 "the moving party is without fault in creating the crisis that requires *ex parte* relief,
22 or that the crisis occurred as a result of excusable neglect."  See Mission Power
23 Eng'g Co. v. Continental Cas. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995); accord
24 Apodaca Promotions, Inc. v. Nuccio, 2010 U.S. Dist. LEXIS 5598, *9 (C.D. Cal.
25 2010).  Although *ex parte* applications are for extraordinarily urgent relief and
26 should be used/granted with discretion, the Court is empowered to shorten the time
27 for notice and/or to advance the hearing of a motion before it, in effect bypassing the

28

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR MORE THAN
FIVE MOTIONS IN LIMINE**

1  regular noticed motion procedures of the Federal Rules and/or of the Local Rules.

2  Fed. R. Civ. P. 6(c)(1)(A), (C).

3  Because the deadline to file motions *in limine* is April 17, 2025, and due to

4  Plaintiffs' change in position on April 15, 2025, Defendants were not able to file a

5  regularly scheduled motion.  Further, the Defendants did not create a crisis that

6  necessitated relief.  Defendants were reasonably under the impression that this

7  unauthenticated black and white video would not be used at trial due to Plaintiffs'

8  prior representations and Defendant filed this *ex parte* application as soon as it was

9  apparent it was necessary. (Margolies Decl. ¶ 10).

10  Good cause therefore exists for Defendants to file this *ex parte* application.

11  **III.  THERE IS GOOD CAUSE TO PERMIT AN ADDITIONAL**

12  **MOTION IN LIMINE FOR COUNTY DEFENDANTS**

13  **A. Video Lacks Foundation and Reliability**

14  As an initial matter, there are many issues with the unauthenticated black and

15  white "Sal" video.  To begin, Defendants did not receive the video for two years

16  into discovery and the only information provided as to its origins was that it was

17  from an alleged neighbor named "Sal" last name unknown. (Margolies Decl. ¶ 9,

18  Exhibit F –County's Ex Parte to Reconsider for Single Deposition pg. 10:1-27).

19  Further, upon receiving and reviewing the video, there is substantial reason to

20  believe the video has been altered.  For example, the surveillance video zooms in

21  and out at various times, the audio does not appear to be synced with the actions of

22  what is occurring in the video. (*Id*. pg. 14:9-11).  However, given that Plaintiffs did

23  not create this video, the only way for Defendants to obtain the information as to the

24  video's authenticity and to foundation, was to identify and depose the alleged "Sal."

25  (Margolies Decl. ¶ 12). Defendants then were required to file pleadings regarding

26  obtaining "Sal"s" deposition to inquire, based on Defense expert's questions, how

27  the video was created, on what system, from what angle, and whether the original

28

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR MORE THAN FIVE MOTIONS IN LIMINE**

1    owner made modifications. (Margolies Decl. ¶ 12). But, "Sal" did not appear for

2    deposition thereby thwarting Defendants' sole opportunity to have these crucial

3    questions answered prior to trial. (Margolies Decl. ¶ 12).

4           **B. Defendants Could Not Have Anticipated Needing an Additional**

5                **Motion *in Limine* as Plaintiffs Represented that They Would Not**

6                **Use the Video and Agree with the Video's Issues of Reliability**

7       Aside from the clear issue of authenticity and foundation, more importantly is

8    that Defendants relied on Plaintiffs' representation to the Defendants as well as

9    Plaintiffs' representation to the Court, that they were ***not intending to use the black***

10   ***and white video***.  In response to County's Ex Parte re extending the DCO to allow

11   for "Sal's" deposition, Plaintiffs' clearly and in no uncertain terms, stated: "…

12   Plaintiffs ***do not intend*** on using the black-and-white video to establish the timeline

13   of the shooting or contend that the events shown on the video or that they match up

14   to the audio and video. (Margolies Decl. ¶ 5, Exhibit B – Dkt. #97 Plaintiffs'

15   Opposition to County's Ex Parte to Extend Discovery Cutoff pg. 6:28-7:2 [emphasis

16   added]).  Plaintiffs go on to agree that "[t]here are ***several other videos*** that captured

17   the incident, including the shooting, that are of ***better quality*** that ***have been***

18   ***authenticated***. The video will ***not be offered to show that the shooting occurred as***

19   ***depicted in the video***." (Id. pg. 7:1-5 [emphasis added]).  Therefore, it remains

20   completely unclear as to what value this video has as Plaintiffs have acknowledged

21   it lacks reliability and therefore presents no value to our jury.

22       The sliver of relevance, which Defendants dispute, is that per Plaintiffs,

23   "Instead, the video will be offered to show the effect it had on ***Plaintiff Annabelle***

24   ***Botten***. Ms. Botten testified at her deposition that the black-and-white video

25   contributed to her trauma because in the video, she could hear her family screaming

26   for help." (Id. pg. 7:5-8 [emphasis added]).  Aside from the merits of this argument,

27   the parties are presently engaged in the *Puga* trial and not the *Botten* trial.  Plaintiff

28

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR MORE THAN
FIVE MOTIONS IN LIMINE**

1    Botten is not a Plaintiff in the *Puga* case and any testimony regarding her trauma

2    would be and will be objected to in the *Puga* trial.  Thus, Plaintiffs sudden reversal

3    at this stage appears to lack any reasonable justification.

4            **C. Allowing the Video Will Be An Undue Consumption of Time**

5        Further, allowing this video to be used at trial will be an undue consumption

6    of time given that Plaintiffs' counsels have already admitted that there are several

7    other videos that captured the incident that have been authenticated and are of better

8    quality than the "Sal" video. (Margolies Decl. ¶ 5, Exhibit B – Dkt. #97 Plaintiffs'

9    Opposition to County's Ex Parte to Extend Discovery Cutoff pg. 7:1-5 [emphasis

10    added]).  Defendants will likewise need to counter with evidence challenging the

11    video's authenticity if the video is permitted for Plaintiffs' newly stated purpose.

12    Therefore, it remains unclear as to what probative value this video has as Plaintiffs

13    have themselves acknowledged that it lacks reliability and therefore appears to

14    represent no value to our jury.

15            **D. Defendants Represent Seven Defendants and One Additional**

16                **Motion *in Limine* is Reasonable**

17        Defendants request for one additional motion *in limine* is both reasonable and

18    necessary given the unique composition of the Defendants in this case, which

19    includes ***seven distinct parties: two public entities and five individuals***, each with

20    varying degrees of involvement and distinct claims. The complexity and diversity of

21    interests among these Defendants necessitate an additional motion to adequately

22    address specific evidentiary issues that are critical to ensuring a fair trial. Allowing

23    one additional motion will not unduly burden the Court or the opposing party, but

24    rather will facilitate a more efficient and just resolution of the case by preemptively

25    resolving potential evidentiary disputes. Therefore, we respectfully urge the Court to

26    grant this request in the interest of justice and judicial economy as Defendants will

27    be severely prejudiced given the issues noted above.

28

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR MORE THAN
FIVE MOTIONS IN LIMINE**

**IV.    CONCLUSION**

Given that Defendants now need to file an additional motion *in limine* beyond their allotted five to address the unauthenticated black and white video and for the foregoing reasons, Defendants respectfully request that this Court grant the instant *ex parte* application as requested herein to allow Defendants to file an additional *motion in limine*.

DATED:  April 17, 2025                **LYNBERG & WATKINS**
                                      A Professional Corporation


                                By:  /s/ *Amy R. Margolies*
                                      **SHANNON L. GUSTAFSON**
                                      **AMY R. MARGOLIES**
                                      Attorneys for Defendants,
                                      COUNTY OF SAN BERNARDINO,
                                      ROBERT VACCARI and JAKE ADAMS

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR MORE THAN
FIVE MOTIONS IN LIMINE**

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for the County of San Bernardino, Jake Adams, and Robert Vaccari, certifies that this brief contains 1,662 words, which:

√ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.


DATED: April 17, 2025                    **LYNBERG & WATKINS**
                                         A Professional Corporation



                                 By:  /s/ Amy R. Margolies
                                      **SHANNON L. GUSTAFSON**
                                      **AMY R. MARGOLIES**
                                      Attorneys for Defendants,
                                      COUNTY OF SAN BERNARDINO,
                                      ROBERT VACCARI and JAKE ADAMS

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR MORE THAN FIVE MOTIONS IN LIMINE**