| | |
|---|---|
| **From:** | Hang Le |
| **To:** | Amy R. Margolies |
| **Cc:** | Shannon Gustafson; Dale Galipo; Santiago Laurel; Diana Esquivel |
| **Subject:** | RE: L.C. (Puga), et al. v. State of California, et al. |
| **Date:** | Tuesday, April 15, 2025 11:01:42 AM |

> **CAUTION:** This email originated from outside of Lynberg & Watkins. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

Good morning,

Unfortunately, we are unable to stipulate to the exclusion of the black and white surveillance video at trial. Our representation to the Court regarding our intended use of the video in response to County's Ex Parte was made with the understanding that it would adequately address the concerns County had regarding the video and obviate the need for an extension of the discovery cut off and the taking of Sal's deposition. Despite this, the Court granted the extension anyway and allowed County to conduct further discovery regarding the surveillance video to address their concerns. Thus, we do not believe that Plaintiffs are now limited to their unsuccessful proffer regarding use of the video in their response to County's Ex Parte.

Additionally, Plaintiffs' response to County's Ex Parte did not state that Plaintiffs did not intend on using the surveillance video at all—simply that it would not be used to establish the timeline of the shooting or to contend that the images shown on the video match up to the audio of the video. Should the Court find that there are questions regarding the syncing of the images to the audio, the images and audio from the video can still be shown separately to the jury to establish movements of the individuals involved during the incident, and separately, the number of shots fired. Thus, we are not willing to stipulate to the exclusion of the black and white surveillance video at this time.

Best,
Hang

**Hang D. Le, Esq.** | **Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Amy R. Margolies <amargolies@lynberg.com>
**Sent:** Tuesday, April 15, 2025 9:41 AM
**To:** Hang Le <hlee@galipolaw.com>
**Cc:** Shannon Gustafson <sgustafson@lynberg.com>; Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>; Diana Esquivel <Diana.Esquivel@doj.ca.gov>
**Subject:** RE: L.C. (Puga), et al. v. State of California, et al.

Good morning Counsel,

Regarding the black and white surveillance video, we respectfully request Plaintiffs' counsel reconsider their position and avoid unnecessary inconvenience to the Court with a matter that appeared long settled.  As you know, "Sal's" identity was not identified for quite some time leading to motion work regarding his deposition.  As "Sal" did not appear for deposition, the parties were never able to authenticate the video purportedly belonging to him or inquire further as to its authenticity given the videos poor quality and apparent manipulation (zooming in and out, timing, sounds, and distance distorted).  Therefore, the many questions that remain about the video, including questions by our experts were thus answered.

Aside from the clear issue of authenticity and foundation, more importantly is that Defendants have relied on Plaintiffs' representation to us as well as Plaintiffs' representation to the Court, that they were ***not intending to use the black and white video***.  In response to County's Ex Parte re extending the DCO to allow for "Sal's" deposition, Plaintiffs' clearly and in no uncertain terms, stated: "... Plaintiffs ***do not intend*** on using the black-and-white video..." (Dkt. #97, pgs. 6-7:28-1 [emphasis added])

Plaintiffs go on to say that they would not be using it to establish the timeline of the shooting nor to contend about the events shown on the video or that they match up to the audio and video. (Id. pg. 7:1-2) "There are ***several other videos*** that captured the incident, including the shooting, that are of ***better quality*** that ***have been authenticated***. The video will ***not be offered to show that the shooting occurred as depicted in the video***." (Id. pg. 7:1-5 [emphasis added]).  Therefore, it remains completely unclear as to what value this video has as Plaintiffs have acknowledged it lacks reliability and appears to present no value to our jury. The sliver of relevance, which Defendants dispute, is that per Plaintiffs, "Instead, the video will be offered to show the effect it had on ***Plaintiff Annabelle Botten***. Ms. Botten testified at her deposition that the black-and-white video contributed to her trauma because in the video, she could hear her family screaming for help." (Id. pg. 7:5-8 [emphasis added]).  Aside from the merits of this argument, we are presently dealing with the Puga trial and not the Botten trial. Plaintiff Botten is not a Plaintiff in the Puga case, and this testimony would most certainly not be entertained by the Court.

As such, there appears no grounds for Plaintiffs to suddenly go back on their position that they clearly articulated to the parties and the Court in this final hour. Plaintiffs are aware that if Defendants were to have to file an MIL on this video, it will exceed their MIL limit and cause unnecessary inconvenience to the Court as Defendants will now need to seek an Ex Parte for one additional MIL on this issue unless Plaintiffs are willing to stipulate that the black-and-white video will be excluded for purposes of the Puga trial, as Plaintiffs previously indicated.

Please let us know as soon as possible if the parties may stipulate to excluding the black-and-white video for the reasons herein indicated.

Thank you,

**AMY R. MARGOLIES, ESQ.**
PARTNER
Off: (714) 937-1010    Fax: (714) 937-1003

1100 W. Town & Country Rd., Suite 1450
Orange, California 92868
www.lynberg.com      www.linkedin.com

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this email in error, please immediately notify me by 'Reply' command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lynberg & Watkins for any loss or damage arising in any way from its use.

---

**From:** Hang Le <hlee@galipolaw.com>
**Sent:** Monday, April 14, 2025 6:05 PM
**To:** Diana Esquivel <Diana.Esquivel@doj.ca.gov>; Amy R. Margolies <amargolies@lynberg.com>
**Cc:** Shannon Gustafson <sgustafson@lynberg.com>; Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>
**Subject:** L.C. (Puga), et al. v. State of California, et al.

CAUTION: This email originated from outside of Lynberg & Watkins. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

https://www.dropbox.com/scl/fi/cgd3717wdd96bc8kzkzy5/Autopsy-Photos_Redacted.pdf?rlkey=92epy2rlld0qcvphfo2cly3sz&dl=0

With regards to the issue of the excluding the black and white surveillance video taken by the Bottens' neighbor, Dale is not amenable to a stipulation to exclude the video at this time. ████████ ████████████████████████████████████████

Best,
Hang

**Hang D. Le, Esq.** | **Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.