1  SHANNON L. GUSTAFSON (SBN 228856)
   Sgustafson@lynberg.com
2  AMY R. MARGOLIES (SBN 283471)
   Amargolies@lynberg.com
3  ANITA K. CLARKE (SBN 321015)
   aclarke@lynberg.com
4  **LYNBERG & WATKINS**
   A Professional Corporation
5  1100 W. Town & Country Road, Suite #1450
   Orange, California 92868
6  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
7
8  Attorneys for Defendant, COUNTY OF SAN BERNARDINO,
   ROBERT VACCARI, and JAKE ADAMS

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11  L.C., a minor by and through her          CASE NO. 5:22-cv-00949-KK-(SHKx)
    guardian *ad litem* Maria Cadena,
12  individually and as successor-in-interest  *Assigned for All Purposes to:*
    to Hector Puga; I.H., a minor by and       *Hon. Kenly K. Kato – Courtroom 1*
13  through his guardian *ad litem* Jasmine
    Hernandez, individually and as             **DISCOVERY MATTER**
14  successor-in-interest to Hector Puga;
    A.L., a minor by and through her           **COUNTY DEFENDANTS' *EX***
15  guardian *ad litem* Lydia Lopez,           ***PARTE* APPLICATION TO**
    individually and as successor-in-interest  **RECONSIDER MODIFYING**
16  to Hector Puga; and ANTONIA                **SCHEDULING ORDER TO**
    SALAS UBALDO, individually,                **EXTEND DISCOVERY CUTOFF**
17                                             **TO TAKE SINGLE DEPOSITION;**
                                               **MEMORANDUM OF POINTS AND**
18              Plaintiffs,                    **AUTHORITIES; DECLARATION**
                                               **OF ANITA K. CLARKE**
19      vs.
                                               **OPPOSED BY PLAINTIFFS**
20  STATE OF CALIFORNIA; COUNTY
    OF SAN BERNARDINO; S.S.C., a               **SECOND *EX PARTE***
21  nominal defendant; ISAIAH KEE;             **APPLICATION TO EXTEND**
    MICHAEL BLACKWOOD;                         **DISCOVERY CUTOFF TO TAKE**
22  BERNARDO RUBALCAVA;                        **SINGLE DEPOSITION**
    ROBERT VACCARI; JAKE ADAMS;
23  and DOES 6-10, inclusive,                  **[Proposed Order lodged concurrently]**

24                                             *Trial Date:        June 2, 2025*
                Defendants.
25                                             *Complaint Filed: June 7, 2022*
                                               *FAC Filed:        October 18, 2022*
26                                             *SAC Filed:        January 13, 2023*
                                               *TAC Filed:        May 12, 2023*
27

28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants COUNTY OF SAN BERNARDINO, ROBERT VACCARI, and JAKE ADAMS ("County Defendants") respectfully request that this Honorable Court grant Defendants' *ex parte* application to reconsider the State Defendants *ex parte* application to modify the scheduling order to extend the discovery cut-off, for the limited purpose of County Defendants deposing Sal (last name unknown), who took a video of the incident, that Defendants have reason to believe was edited, and was only recently disclosed on December 23, 2024 to Defendants, even though all video was requested through written discovery in January 2023, ***almost two years earlier.***

**PLEASE TAKE NOTICE** that on a date to be determined by the Court should hearing be necessary, in Courtroom 1, located at the United States Courthouse, 3470 12th Street, Riverside, CA 92501 and pursuant to applicable federal rules including but not limited to Local Rule 7-19, as well as applicable Orders of the Court, County Defendants hereby move, *ex parte*, for an entry of an Order modifying the scheduling order and extending the discovery cut-off for the limited purpose of permitting County Defendants to conduct a single deposition of the Botten's former neighbor, Sal (last name unknown).[1]

Good cause exists to bring this request on an *ex parte* basis as the discovery cut off expired on January 2, 2025. However, Defendants did not receive the video taken by Sal until December 23, 2024 and were not actually told that Sal was the individual responsible for providing the video to Plaintiffs until December 31, 2024, ***two days***

---

[1] *Botten, et al. v. County of San Bernardino* Case No. 5:23-cv-00257-KK-SHK and *L.C., et al. v. County of San Bernardino* Case No. 5:22-cv-00949-KK-SHK was consolidated for discovery matters only pursuant to *Botten* Dkt. 82, thus while County Defendants have filed the instant *ex parte* application in *L.C.*, County contends that it would have equal application to the *Botten* matter. However, County defendants did not want to burden this Court with filing two separate, but identical Ex Partes.

before the discovery cut off.   As such, there was never sufficient time for the County Defendants to request Sal's deposition or to file any Motions with this Court regarding this issue before the discovery cut-off.

Defendants did not initially file their request upon learning of Sal's identity because by that time, the State Defendants had already filed an *Ex Parte* (Dkt. 89) seeking an extension of the discovery cut off for all purposes, which if granted, would have allowed the County Defendants to conduct the single deposition of Sal that they now request[2].   Because the Court denied the State's *Ex Parte* (Dkt. 92), County Defendants now bring their request that only Sal's deposition be permitted after the discovery cut off.

Good cause exists to extend the discovery cut off for this purpose, because despite being served with written discovery requests pursuant to Fed. R. Civ. P. 34, specifically requesting ***all*** video of the incident back in January of 2023 in both the *Botten* and *L.C.* cases, Plaintiffs did not provide this video taken by the Botten neighbor, identified as Sal, until December 23, 2024.  Even then, only the video itself was produced.  It was not until a week later, on December 31, 2024, that Plaintiffs provided additional information that the video was taken by Sal (last name unknown) with Sal's address provided.  As such, December 31, 2024 was the first date that Sal was linked to this newly produced video and therefore the first opportunity that County Defendants were supplied with sufficient information regarding not only the existence of the video, but also where they could serve a subpoena for a witness to testify about it.  Unfortunately, with the discovery cut off being a mere two days later,

---

[2] County Defendants did not oppose the State Defendants' *Ex Parte*. However, County Defendants did not participate in the drafting of the *Ex Parte* nor did they file any joinder as to the issues contained therein.  County Defendants waited to file this *Ex Parte* related to Sal's deposition only to avoid filing a potentially superfluous *Ex Parte* since granting the State's requested relief, would necessarily encompass the relief sought by the County Defendants.

there was no time to subpoena Sal regarding the video. Had Plaintiffs complied with Fed. R. Civ. P. 34 and provided the video when it was first requested, or timely corrected those initial responses as required by Fed. R. Civ. P. 26, Defendants would have taken Sal's deposition within the discovery period. As the Court can see from the video lodged concurrently herewith, it has clearly been altered in some manner either by Sal or by the Bottens after it was provided by Sal. The only way for Defendants to obtain information as to how this video was initially created and whether it has since been altered is to take the deposition of Sal. Because this video was clearly requested through discovery but withheld, County Defendants submit there is good cause to permit this single deposition after the cut off and that Defendants will suffer irreparable harm if it is not permitted. In particular, Defendants' experts will not have the necessary information as to the origin of this video and any alterations made thereto for the purposes of evaluating the credibility of this video from an evidentiary standpoint.

There was not sufficient time to bring a regularly noticed Motion prior to discovery cutoff on January 2, 2025 (Dkt. 72 – Case No. 5:23-cv-00257-KK-SHK, consolidated for discovery matters pursuant to Dkt. 82) because the video was only disclosed on December 23, 2024, and the identity of the person who provided the video was not disclosed until December 31, 2024. Further, with expert reports currently due January 30, 2025 and rebuttal reports due February 13, 2025, there is not sufficient time for a regularly noticed motion that would allow Sal's deposition and information learned therein to be reviewed and provided before the close of expert discovery either through a report or subsequent deposition.

## **GROUNDS FOR RECONSIDERATION**

Defendants anticipate Plaintiff will argue that County Defendants do not have sufficient grounds for reconsideration even though the instant *ex parte* focuses on extending the discovery for a different reason than that previously offered by the State

Defendants.  While the County Defendants are requesting that the Court reconsider its order denying additional time for discovery, it is only for the limited purpose of Sal's deposition, an issue not specifically addressed in the State's *ex parte* papers.

Accordingly, pursuant to Local Rule 7-18, the grounds for reconsideration are that the facts presented by the State Defendants in requesting an extension are materially different than the facts contained in this *ex parte* application and because new information, specifically the identity of Sal as the person that provided the video, came to light only ***after*** the State presented their *ex parte* and could not have been included therein.  Simply put, the County Defendants did not participate in the drafting of the State's *ex parte* nor were they provided a draft of the *ex parte* before it was filed.  In short, they could not have anticipated that the State's request would center primarily on requesting the depositions of the minor plaintiffs, obtaining additional documents related to Puga's criminal history and the Botten's medical condition, and/or locating Jacob Gonzalez, none of which is being sought by the County Defendants[3] and for which the Court found a lack of diligence in pursuing.

Rather the only discovery that the County Defendants contend clearly could not have been completed during the discovery period is the deposition of Sal regarding the video produced on December 23, 2024.  While it is anticipated that Plaintiffs will argue they provided Sal's name in passing as part of an interrogatory response, it cannot be credibly disputed that Plaintiffs ***never*** advised that Sal possessed a video or that the video was provided to the Botten Plaintiffs.  Nor was this video produced when it was requested during written discovery.  County Defendants are not required to depose every single witness and have the right to strategize and focus resources on certain witnesses.  However, they were denied the opportunity to do so as incomplete information was provided as to Sal, namely that he had a video.  Had this information

---

[3] County Defendants specifically advised all counsel that it did not intend to seek the depositions of the minor Plaintiffs, a focal point of the initial *Ex Parte* briefing.

been disclosed ***before*** December 31, 2024, he would have been deposed as were all the other witnesses that produced video. The additional information contained herein establishes County Defendants were diligent in seeking the video and the identity of the person who took the video and this emergency was not caused by County Defendants.

County Defendants' *ex parte* application is based on this notice, the memorandum of points and authorities, declaration of attorney Anita K. Clarke, the attached exhibits, all pleadings, papers, and records in this action, and upon such oral and documentary evidence or argument as may be presented at any hearing of this application.

## NOTICE TO OPPOSING COUNSEL

On January 8, 2025 at 4:41 p.m., the same day they were notified the State's *ex parte* had been denied, Defense counsel requested Plaintiffs' counsel stipulate to taking the single deposition of Sal after the discovery cut-off due to the late disclosed video. Plaintiffs' counsel refused advising only that they would not stipulate to an extension of discovery for any reason because it had already been decided. On January 9, 2025 at 2:04 p.m., Defense counsel notified Plaintiffs' counsel they would file an *ex parte* application for relief on Monday, January 13, 2025.

///
///
///
///
///
///
///
///
///

EX PARTE APPLICATION

Plaintiff's counsel opposes this application.  Plaintiffs' counsel is Hang Le from the Law Offices of Dale K. Galipo at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367, hlee@galipolaw.com, Tel. (818) 347-3333, Fax (818) 347-4118.  Plaintiffs' counsel is hereby notified that opposing papers must be filed no later than twenty-four hours following electronic service.

DATED: January 13, 2025

LYNBERG & WATKINS
A Professional Corporation

By:  */s/ Anita K. Clarke*
**SHANNON  L. GUSTAFSON**
**AMY R. MARGOLIES**
**ANITA K. CLARKE**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO
ROBERT VACCARI, and JAKE ADAMS

EX PARTE APPLICATION

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION .......................................................................................... 10

II.    GROUNDS FOR RECONSIDERATION PURSUANT TO L.R. 7-18 ......... 11

III.    GOOD CAUSE FOR EX PARTE RELIEF REQUESTED .......................... 12

    A.    County Defendants Would Be Prejudiced Without The
       Requested Deposition .......................................................................... 13

    B.    County Defendants Did Not Cause This Crisis Nor Was It Due
       To Excusable Neglect .......................................................................... 14

         1.    Discovery Responses in *Botten* .................................................. 15

         2.    Discovery Responses in L.C. ....................................................... 16

IV.    CONCLUSION ............................................................................................. 20

**EX PARTE APPLICATION**

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Johnson v. Mammoth Recreations, Inc.,*
   975 F.2d 604 (9th Cir. 1992) ................................................................. 13

*Kuschner v. Nationwide Credit, Inc.,*
   256 F.R.D. 684 (E.D. Cal. 2009) ...................................................... 12, 13

*Mission Power Eng'g Co. v. Continental Cas. Co.,*
   883 F.Supp. 488 (C.D. Cal. 1995) ........................................................ 12

<u>Rules</u>

Fed. R. Civ. P. 6(c)(1)(A), (C) ................................................................. 12

Fed. R. Civ. P. 16 ..................................................................................... 20

Fed. R. Civ. P. 26 ................................................................................. 4, 17

Fed. R. Civ. P. 34 ................................................................................... 3, 4

**EX PARTE APPLICATION**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Since January 19, 2023, County Defendants have requested **_all_** video of the incident Plaintiffs had in *Botten v. County of San Bernardino, et al.* Case No. 5:23-cv-00257-KK-SHK ("*Botten*") and *L.C., et al. v. County of San Bernardino, et al.* Case No. 5:22-cv-00949-KK-SHK ("*L.C.*") and yet it was not until December 23, 2024, almost two years later, that the *Botten* Plaintiffs for the first time produced a video of the incident on December 23, 2024.  (Clarke Decl. ¶ 4, Ex. C).  However, Defendants were not initially able to access the video due to the format it was provided nor was the production accompanied by any information as to its original source. (Clarke Decl. ¶ 4, Ex. D).    Defendants therefore immediately followed up on December 26, 2024, requesting a new copy of the video with additional identifying information. (Clarke Decl. ¶ 4, Ex. D).

Thereafter, on December 31, 2024, Plaintiffs' counsel served a letter setting forth that the video had been provided to the Botten Plaintiffs by Sal and providing an address for him.  (Clarke Decl. ¶ 5, Ex. E).  Plaintiffs' counsel further claimed that they were in compliance with discovery because they previously told Defendants about Sal, albeit conveniently leaving out that he possessed a video and withholding the video. (Clarke Decl. ¶¶ 4, 8, Ex. D and G).  As such, Plaintiffs' correspondence dated December 31, 2024 was the first time that Plaintiffs provided the source of the video they had produced the week before on December 23, 2024.  (Clarke Decl. ¶ 5, Ex. E).  Specifically, the complete information as to the production of the video with an address and name for somebody that could be served with a deposition was not provided until December 31, 2024, two days before the January 2, 2024 discovery cut off.  (*See* Clarke Decl. ¶ 5, Ex. E).  At this point, the State Defendants had already served their *ex parte* application in both *Botten* (Dkt. 78) and *L.C.* (Dkt. 89) merely advising this Court that a video had been produced from an unknown neighbor

1    without further analysis.  (Clarke Decl. ¶ 6, Ex. F).

2         Because the State's request sought an extension for all discovery, which if
3    granted, would have allowed the County Defendants to also depose Sal, County
4    Defendants did not want to burden this Court with an additional request related to Sal
5    that may become moot should the Court grant the already pending application by the
6    State.  The same day the State's request was denied, however, the County Defendants
7    immediately began discussions with Plaintiffs in the hopes of reaching a stipulation
8    for Court approval as to Sal's deposition, given the failure by Plaintiffs to produce the
9    video when requested through discovery.  (Clarke Decl. ¶ 8, Ex. G).  Because a
10   stipulation could not be reached, County Defendants have been left with no
11   alternative, but to proceed with this *ex parte* for Sal's deposition as there was never
12   sufficient time to bring a regularly noticed Motion prior to discovery cutoff on January
13   2, 2025 when the identity of the person who took the newly disclosed video was only
14   produced on December 31, 2024.

15        Because Sal's name in connection with the video was provided only ***after*** the
16   State's *ex parte* was filed, County Defendants hereby submit their application for an
17   extension of discovery solely to address Sal's deposition and to provide the Court
18   with the information surrounding the need for his deposition and why it should be
19   permitted, which was not addressed fully in the State's *ex parte.*

20   **II.   GROUNDS FOR RECONSIDERATION PURSUANT TO L.R. 7-18**

21        A motion for reconsideration of an Order may be made on the grounds of a
22   "material difference in fact or law from that presented to the Court that, in the exercise
23   of reasonable diligence, could not have been known to the party moving for
24   reconsideration at the time the Order was entered."  Applied here, the facts presented
25   by the State in their *ex parte* application are materially different than the facts
26   contained in this *ex parte* application.  The State Defendants filed their *ex parte*
27   application at 7:02 a.m. on December 31, 2024.  (*See* Clarke Decl. ¶ 6, Ex. F - Dkt.

28

78 – ECF Notification *Botten*).  The State's *ex parte* application only mentions in passing a video that was recently provided on December 23, 2024 by an unidentified neighbor.  (*See Botten* – Dkt. 89 p. 2, 10).  The State's concern in their *ex parte* application focused largely on the taking of the minor Plaintiffs' depositions and other discovery sought by the State.  County Defendants did not participate in preparation of the *ex parte* application filed by the State Defendants, nor could it be anticipated, the State would not address more fully the significant issues surrounding the video that was provided on December 23, 2024, especially since the name of the person who took the video had not yet been produced by Plaintiffs.  (Clarke Decl. ¶ 7).  As such, County Defendants believe that with respect to Sal's deposition all of the facts surrounding the disclosure or lack thereof were not fully presented to the Court because they were still coming to light and that reconsideration is warranted as to this deposition.

### III.  <u>GOOD CAUSE FOR EX PARTE RELIEF REQUESTED</u>

The standard for granting *ex parte* relief requires an evidentiary showing of good cause that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 490, 492 (C.D. Cal. 1995).  Although *ex parte* applications are for extraordinarily urgent relief and should be used/granted with discretion, the Court is empowered to shorten the time for notice and/or to advance the hearing of a motion before it, in effect bypassing the regular noticed motion procedures of the Federal Rules and/or of the Local Rules.  Fed. R. Civ. P. 6(c)(1)(A), (C).

Additionally, Rule 16(b) requires that the party seeking to amend a scheduling order show "good cause" to do so. *See*, *Kuschner v. Nationwide Credit, Inc*. 256

F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)). The "good cause" analysis "primarily considers the diligence of the party seeking amendment." *Kuschner* at 687 (citations omitted). The Court in *Kuschner* elaborated, stating:

> Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order. [Citation]. If good cause is found, then the court turns to Rule 15 to determine whether the amendment sought should be granted.

*Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. at 687.

A.    **County Defendants Would Be Prejudiced Without The Requested Deposition**

County Defendants could not bring a regularly noticed motion prior to the discovery cut-off because County Defendants did not know who to depose until December 31, 2024, two days prior to discovery cut-off on January 2, 2025.  (*See* Clarke Decl. ¶ 5, Ex. E).   The instant *ex parte* is to reconsider modifying the scheduling order and extending the discovery cut-off for the limited purpose of Defendants taking the deposition of Sal.

On December 23, 2024, Plaintiffs disclosed a video for the first time taken by a "neighbor," bates stamped PLTFS 00345.   (Clarke Decl. ¶ 4, Ex. C and D). Although County Defendants inquired who took the video, Plaintiffs did not respond

1   until December 31, 2024, in a letter, that the video was taken by "Sal," no known last

2   name, but an address where he could be served a subpoena was included. (Clarke

3   Decl. ¶ 4, Ex. D). However, at this point it was much too late to attempt any

4   deposition of Sal given the January 2, 2025 cut off or to provide a regularly noticed

5   motion to address the issue.

6        The deposition of Sal is necessary and would cause prejudice to the County

7   Defendants if they were not permitted to take Sal's deposition. Upon disclosure of

8   the video, defense reviewed the video and there is reason to believe the video has been

9   altered by someone. (Clarke Decl. ¶ 4, Ex. C). Specifically, the video is zoomed in

10  and zoomed out at times and the audio does not appear to be synced with the video

11  images. (Clarke Decl. ¶ 4, Ex. C). However, it is entirely unclear whether these edits

12  were made by Sal to the "surveillance" video or if it was edited sometime after Sal

13  provided the video to the Botten Plaintiffs. The only way to obtain the information

14  as to how the video was created, on what system, from what angle, and whether its

15  original owner made modifications and how, is to depose Sal. (Clarke Decl. ¶ 9).

16  Without this information, Defendants are not able to properly assess the authenticity

17  and evidentiary value of this piece of video evidence that Plaintiffs intend to offer at

18  trial. (Clarke Decl. ¶ 9). County Defendants however, have been effectively blocked

19  from taking this deposition and obtaining this crucial information needed by the

20  Defense experts, due entirely to the late disclosure of the video by Plaintiffs.

21       **B.**     **County Defendants Did Not Cause This Crisis Nor Was It Due To**

22            **Excusable Neglect**

23       Although there were numerous discovery requests that should have prompted

24  the production of this video, it was not provided until December 23, 2024.

25  ///

26  ///

27  ///

28

**1. <u>Discovery Responses in *Botten*</u>**

On January 19, 2023[4], County Defendants served their first set of Request for Production of Documents to each Plaintiff in *Botten* that were responded to on April 3, 2023. (Clarke Decl. ¶ 10, Ex. H).[5]  Contained within these requests was a specific request for any video of the incident:

**<u>RPD #18</u>:** Any and all photographs, ***<u>videotapes</u>***, or audio tapes that depict ***<u>any or all of the INCIDENT</u>*** giving rise to this lawsuit. (emphasis added)

The Botten Plaintiffs responded as follows:

**<u>Response to RPD #18</u>**: Plaintiff is concurrently producing responsive documents.  As discovery is ongoing, Plaintiff reserves the right to amend and/or supplemental this response.

(Clarke Decl. ¶ 10, Ex. H).  While some video was provided, the Sal video was not (Clarke Decl. ¶ 10).  Nor was there ever a supplemental or amended request to produce the video until December 23, 2024.  (Clarke Decl. ¶ 10).

Thereafter on January 19, 2023, County Defendants served their first set of Interrogatories to each Plaintiff in *Botten* that Plaintiffs responded to on April 3, 2023.[6]  (Clarke Decl. ¶ 11, Ex. I).  Interrogatory 13 requests the following:

**<u>Interrogatory #13</u>**: IDENTIFY each and every witness to any of the events surrounding this lawsuit, including witnesses to liability and damages/injuries,

---

[4] The *Botten* matter was initially filed in the San Bernardino County Superior Court. However, the parties agreed that any discovery served in the state matter could be used in the federal action to avoid duplication.  (Clarke Decl. ¶ 10).

[5] Plaintiffs Jonathan Botten Sr., Jonathan Botten, Jr., Tonja Dudek-Botten, and Annabelle Botten were served with the same discovery requests and they all responded in the same way, thus only one set is attached so as to reduce the volume of duplicative exhibits for this court to consider.  (Clarke Decl. ¶ 10).

[6] Each Plaintiff was also served with the same interrogatories and each Plaintiff's responses were the same, thus only one set is attached. (Clarke Decl. ¶ 11).

IDENTIFYING each such witness by their name, address, and telephone number and providing a brief summary of their knowledge relevant to this lawsuit.

Plaintiff responded as follows:

**Response Interrogatory #13**: ". . . 5. Neighbor Sal (last name unknown) – 18010 Catalpa St., Hesperia, CA; (951) 403-4532; facts and circumstances surrounding the incident."

(Clarke Decl. 11, Ex. I).  Omitted from Plaintiffs' response was any indication that Sal had in fact provided a video of the incident to the Botten family.

## 2.    <u>Discovery Responses in L.C.</u>

On March 24, 2023, County Defendants served their first set of requests for production of documents on Plaintiffs L.C., I.H., Ubaldo, and A.L. (Clarke Decl. ¶ 12, Ex. J), for which they served discovery responses on June 23, 2023.  (Clarke Decl. ¶ 12, Ex. J).[7]  The following are the requests and responses that Sal's video was directly responsive to, yet was not produced by Plaintiffs:

**RFP #9**: Any and all photographs, videotapes, or audio tapes that depict any or all of the INCIDENT giving rise to this lawsuit.

**Response to RFP #9**: Plaintiff objects to this Request on the basis that it calls for documents already in Defendants' possession, custody, or control.   Without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff is informed and thereon believes that there is video taken by Jonathan Wayne Botten, Sr.  Plaintiff is informed of and thereon believes that this video has already been produced to Defendant.

Whether through intent or inadvertence, of the multiple Plaintiffs in the *Botten* and *L.C.* matter, all represented by the same counsel, not a single Plaintiff produced

---

[7] Plaintiffs L.C., I.H., Ubaldo, and A.L. were served the same requests for production and they responded the same, thus only one set of the discovery requests and responses are attached.  (Clarke Decl. ¶ 12).

EX PARTE APPLICATION

Sal's video of the incident, despite each one of them receiving a request directly asking for video of the incident.  (*See* Clarke Decl. ¶¶ 10-13).

Further, all Plaintiffs were well aware of their duty to supplement prior responses under Fed. R. Civ. P. 26, if and when additional video became available. Specifically, on October 31, 2024, all *L.C.* Plaintiffs provided a supplemental response to RPD #9 as follows[8]:

**RPD #9**: Any and all photographs, videotapes, or audio tapes that depict any or all of the INCIDENT giving rise to this lawsuit.

**Supplemental Response RPD #9**: Plaintiff objects to this Request on the basis that it calls for documents already in Defendant's possession, custody, or control. Without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff identifies the following videos that are in Defendant's possession, custody, and control: COSB1417-COSB1470[9].

Additionally, Plaintiff is concurrently producing a video that is responsive to this request [Plaintiff 0241].

As discovery is ongoing, Plaintiff reserves the right to amend and/or supplement this Response.

(Clarke Decl. ¶ 12, Ex. J).  The video that was provided on October 31, 2024 was a video taken by neighbor Betzabeth Gonzalez, and again is not the at issue Sal video. (Clarke Decl. ¶ 12).  It should be noted that shortly after receiving this video, on November 7, 2024, County Defendants sent written discovery asking for additional information about the source of the video.  (Clarke Decl. ¶ 14, Ex. L).  On December 9, 2024, Plaintiff provided discovery responses identifying Betzabeth and Jacob

---

[8] Plaintiffs all supplemented the same, thus only one is attached as an example. (Clarke Decl. ¶ 12).

[9] These were videos produced by County Defendant which did not include the Sal video.  (Clarke Decl. ¶ 9).

Gonzalez.  (Clarke Decl. ¶ 14, Ex. L).  The very next day on December 10, 2024, County Defendants served deposition notices for Betzabeth and Jacob setting their depositions for December 30, 2024, before the discovery cutoff, to discuss the video.  (Clark Decl. ¶ 15, Exhibit M).  Unfortunately, County Defendants could not find Jacob Gonazlez even through the use of a private investigator, but were able to serve and depose Betzabeth.  (Clarke Decl. ¶ 15, Ex. M).

In short, the Sal video was not the only video withheld from production by Plaintiffs as part of the written discovery asking for videos in 2023.  However, with the Gonzalez video, even though it was served more than a year after Plaintiffs' discovery responses, County Defendants promptly and diligently served follow up discovery and took the deposition of Betzabeth within the discovery period.  (*See* Clarke Decl. ¶ 15, Ex. M).  They would have exercised the same diligence as to the Sal video, if it had been timely provided.

Instead, while Defendants first became aware there ***may*** be an additional video on December 16, 2024, when they deposed Annabelle Botten,[10]  Plaintiffs were aware of the existence of this video in early 2021 yet failed to disclose it when asked.  (*See* Clarke Decl. ¶ 2, Ex. A).  Annabelle Botten testified that she had reviewed a video taken by a "neighbor" that was in her father Plaintiff Jonathan Sr.'s possession[11] (Clarke Decl. ¶2, Ex. A).  She further testified that she first saw this video about a month after the shooting that took place in 2021.[12]  As such, based on Annabelle

---

[10] It should be noted that Defendants initially served the notice for Annabelle Botten's deposition back on October 18, 2024, setting it for November 18, 2024. However, Plaintiff's counsel objected and refused to provide any availability until December 2024.  (Clarke Decl. ¶ 3, Ex. B).  This refusal by Plaintiffs' counsel to produce their client in November, further delayed Defendants' discovery of the Sal video.

[11] Clarke Decl. ¶ 2, Ex. A Annabelle Depo. p. 10:2-15.

[12] Clarke Decl. ¶ 2, Ex. A Annabelle Depo. p. 13:13-19.

Botten's testimony, Plaintiff was aware of this video and had watched it, well before she sent discovery responses in April 2023, yet the video was not produced or even mentioned.

Regardless as soon as Annabelle's testimony was provided, it was requested from Plaintiff's counsel, but not actually provided until a full week after the deposition. (Clarke Decl. ¶ 4, Ex. D).

On December 31, 2024, two days before the discovery cut-off, Plaintiffs finally disclosed the name of the neighbor – Sal, with no known last name. (Clarke Decl. ¶ 5). In sum, Plaintiffs' counsel failed to produce a video that was in the possession of their client Jonathan Botten Sr. and reviewed by their client Annabelle Botten the month after the shooting, until the eve of the discovery cut off.

And it was not the first time video evidence was produced in a delayed manner. Despite testimony from Betzabeth that she gave her videos over a year ago to decedent's sister, Gabriela Salas, who is also represented by Plaintiffs' counsel[13] this video did not turn up until October 31, 2024, and even then the production was incomplete as Defendants learned at Betzabeth's deposition on December 30, 2024 that there were actually four Gonzalez videos, not one. (Clarke Decl. ¶¶ 16-17, Ex. N and O). All of a sudden these additional three videos showed up in a supplemental discovery response by Plaintiff's counsel, on December 31, 2024, the day after the deposition. (Clarke Decl. ¶ 17, Ex. O). The testimony is that the Gonzlez videos and the Sal Video were in possession of Plaintiffs and/or their family members for quite some time. County Defendants do not know if these videos were withheld by Plaintiffs' counsel or if the Plaintiffs did not tell their attorneys about them, but what is clear is that Plaintiffs were propounded a direct request for video and delayed in

---

[13] Gabriela Salas is decedent's sister and while not a Plaintiff, she is the daughter of Plaintiff Maria Salas Ubaldo. Further Gabriela Salas was represented at her deposition by Plaintiffs' counsel.

the production of the same.  With the Betzabeth videos, County Defendants did their best to get the discovery they needed, but they simply could not do the same with the Sal video and therefore need permission to take this deposition now.

Plaintiffs' claim that they provided Sal's name does not cure their failure to produce the video itself, as Defendants have the right to limit and focus their resources for strategic reasons during discovery, and are not required to take the deposition of every person on a disclosure.  However, had Plaintiffs produced the video and connected it to Sal, his deposition can and would have been taken as was the case with other witnesses that took videos, such as Betzabeth Gonzalez.

County Defendants are therefore only seeking through this *ex parte* application, one deposition, a deposition that is of such importance to the deputies that they would be unfairly prejudiced if not permitted to depose Sal for the reasons indicated herein. Because good cause has been established that County Defendants attempted to comply with the scheduling order and the only reason they could not notice Sal's deposition before the discovery cutoff was due to Plaintiffs' failure to timely disclose the video he captured, the scheduling order should be modified pursuant to Fed. R. Civ. P. 16 to permit Defendants to depose Sal.

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons County Defendants respectfully request the Court grant the instant *ex parte* as requested herein.

DATED: January 13, 2025

                                   **LYNBERG & WATKINS**
                                   A Professional Corporation

                        By:  */s/ Anita K. Clarke*
                                **SHANNON  L. GUSTAFSON**
                                **AMY R. MARGOLIES**
                                **ANITA K. CLARKE**
                                Attorneys for Defendant,
                                COUNTY OF SAN BERNARDINO
                                ROBERT VACCARI, and JAKE ADAMS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for DEFENDANTS COUNTY OF SAN BERNARDINO, ROBERT VACCARI, and JAKE ADAMS, certifies that this brief contains 3,745 words, which:

    **X** complies with the word limit of L.R. 11-6.1.

    ☐ complies with the word limit set by court order dated _____.

DATED: January 13, 2025

                      **LYNBERG & WATKINS**
                      A Professional Corporation

          By: */s/ Anita K. Clarke* _____
                      **SHANNON L. GUSTAFSON**
                      **AMY R. MARGOLIES**
                      **ANITA K. CLARKE**
                      Attorneys for Defendant,
                      COUNTY OF SAN BERNARDINO
                      ROBERT VACCARI, and JAKE ADAMS