1  Shannon L. Gustafson (SBN 228856)
   sgustafson@lynberg.com
2  Amy R. Margolies (SBN 283471)
   amargolies@lynberg.com
3  **LYNBERG & WATKINS**
   A Professional Corporation
4  1100 W. Town & Country Road, Suite #1450
   Orange, California 92868
5  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
6
   Attorneys for Defendants, , COUNTY OF SAN BERNARDINO,
7  ROBERT VACCARI, and JAKE ADAMS

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually,<br><br>Plaintiffs,<br><br>vs<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>Defendants. | CASE NO. 5:22-cv-00949-KK-(SHKx)<br><br>*Assigned for All Purposes to:*<br>Hon. Kenly K. Kato – Courtroom 3<br><br>**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE "SAL'S" UNAUTHENTICATED BLACK & WHITE SUREVEILLANCE VIDEO; DECLARATION OF AMY R. MARGOLIES; EXHIBITS**<br>*[Proposed] Order filed Concurrently]*<br><br>Date: May 15, 2025<br>Time: 9:30 a.m.<br>Courtroom: 3<br><br>Trial Date:   June 2, 2025<br>Complaint filed: 06/07/2022<br>FAC filed:  10/18/22<br>SAC filed:  01/13/23<br>TAC filed: 05/12/23 |

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE "SAL'S" UNAUTHENTICATED BLACK & WHITE SUREVEILLANCE VIDEO**

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at the Pretrial Conference on May 15, 2025[1] at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court, located at 3470 Twelfth Street, 3rd Floor, Riverside, California, Defendants County of San Bernardino, Jake Adams, and Robert Vaccari ("Defendants") will, and hereby do, move the Court *in limine*, before jury selection or commencement of trial, for an order that Plaintiffs be precluded from referring to, or using any pleading, testimony, remarks, questions, or arguments regarding an unauthenticated black and white surveillance video of the incident purportedly taken by an individual named "Sal" (last name unknown), an alleged neighbor to where the incident occurred, at trial.

Plaintiffs and Plaintiffs' counsel, and through them, each and every one of their witnesses, should be instructed not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the facts hereinafter mentioned, without first obtaining permission of the Court outside the presence and hearing of the jury; not to make any reference to the fact that this Motion has been filed, and/or granted; and, to warn and caution each and every one of Plaintiffs' witnesses to strictly follow the same instructions.

///

///

---

[1] County Defendants' (County of San Bernardino, Jake Adams, and Robert Vaccari) have reached a tentative resolution subject to Board of Supervisor approval on April 29, 2025, as set forth in the parties Joint Report on Settlement. However, in an abundance of caution because the trial date is still set for June 2, 2025, we are submitting this filing to be in compliance with the Court's Scheduling Order.

1

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE "SAL'S" UNAUTHENTICATED BLACK & WHITE SUREVEILLANCE VIDEO**

**DEFENDANTS' MOTION IS MADE ON EACH OF THE FOLLOWING GROUNDS:**

The unauthenticated black and white surveillance video allegedly taken by "Sal" (last name unknown) lacks foundation, is confusing to a jury, and any slight relevance, which Defendants dispute, is substantially outweighed by the prejudice to Defendants. *Fed. R. Evid.* 402, 403. Further, Plaintiffs' counsel previously agreed to not use the video taken by "Sal" at trial but has now refused to agree to a stipulation regarding same.

Defendants' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declaration of Amy R. Margolies, exhibits, the papers and records on files herein, and upon such further oral and documentary evidence as may properly come before the Court.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which included Defense counsel sending email correspondence on April 7, 2025, which detailed the grounds for this motion *in limine* and a follow up Zoom conference with all parties on April 11, 2025. Plaintiffs' counsel opposes this motion *in limine*.

DATED: April 17, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ *Amy R. Margolies*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,
ROBERT VACCARI and JAKE ADAMS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Decedent Hector Puga, wanted for shooting a gun at a complete stranger, led law enforcement in an hour-long pursuit through residential neighborhoods at speeds ranging from 50 – 90 mph.  Mr. Puga then orchestrated an hour-long standoff wherein law enforcement exhausted less lethal force and employed various negotiation tactics to no avail.  Mr. Puga eventually exited his vehicle, only to lure the police in, and then pulled a gun from his waistband and fired at them.  Law enforcement returned fire.

Plaintiffs, Antonia Ubaldo, Mr. Puga's mother, and three of Mr. Puga's minor children, L.C., I.H., and A.L., bring this action against the State of California, individual defendants, CHP Kee, Blackwood and Rubalcava, County of San Bernardino and individual defendants, Vaccari and Adams.

At issue here, is an unauthenticated black and white surveillance video of the incident purportedly taken by an individual known as "Sal" (last name unknown) who Plaintiffs claim lived at one of the residences near the incident. (Margolies Decl. ¶ 2, Exhibit A – "Sal's" video)[2].  Up until three days ago, it had been Defendants' understanding that this video would not be used in trial as Plaintiffs' previously presented to the parties and the Court that they were not intending to use in the Puga matter.  (Margolies Decl. ¶ 3, Exhibit B – Plaintiffs' Opposition to County's Ex Parte to Extend Discovery Cutoff pg. 6:28-7:2).  However, in the final hour, Plaintiffs have refused to agree to a stipulation to exclude the unauthenticated black and white surveillance video at trial.  (Margolies Decl. ¶ 4, Exhibit C –

---

[2] In order to play "Sal's" video, media player is needed to view and listen as the VLC player will only play audio.

**3**
**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE "SAL'S" UNAUTHENTICATED BLACK & WHITE SUREVEILLANCE VIDEO**

Plaintiff Correspondence re Refusal to Stipulate, Defendant Correspondence re Request Reconsideration, and Plaintiff Correspondence re Continued Refusal to Stipulate). Plaintiffs appear to agree that the unauthenticated video is not accurate as to the timeline of the shooting, nor does the audio and video correspond to one another, the video itself is zoomed in and out and appears to have been manipulated and Plaintiffs' only purported use is show the effect it had on a witness, Annabelle Botten (Plaintiff in the related *Botten* case) when she later viewed the video claiming watching it contributed to her trauma. (Margolies Decl. ¶ 3, Exhibit B – Dkt. #97 Plaintiffs' Opposition to County's Ex Parte to Extend Discovery Cutoff pg. 6:28-7:9). Given the multiple foundational issues, relevancy, and prejudicial nature of the video, Plaintiffs sudden reversal to refuse to stipulate to exclude this video, at this stage, appears to lack any reasonable justification. Further, Plaintiff agrees there are several other videos that capture the incident that are of better quality and have been authenticated. (Margolies Decl. ¶ 3, Exhibit B – Dkt. #97 Plaintiffs' Opposition to County's Ex Parte to Extend Discovery Cutoff pg. 6:28-7:2). Therefore, given Plaintiffs' last-minute refusal to exclude the video, the lack of relevance and prejudicial nature of this particular video, and because allowing the video to be used at trial will create an undue consumption of time as Defendants will need to call additional witnesses to attack the video's relatability, and because there are several other videos that capture the incident that are of better quality and have been authenticated and are not disputed, this black and white surveillance video of "Sal" should be excluded pursuant to *Fed. R. Evid*. 402, 403, 901.

### II. "SAL's" BLACK AND WHITE SURVEILLANCE VIDEO SHOULD BE EXCLUDED AS IT HAS NOT BEEN PROPERLY AUTHENICATED AND LACKS FOUNDATION

*Fed. R. Evid*. 901 provides methods for how a party can authenticate an item of evidence, including but not limited to testimony regarding the evidence in

4

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE "SAL'S" UNAUTHENTICATED BLACK & WHITE SUREVEILLANCE VIDEO**

question. Applied here, Plaintiffs have failed to authenticate the video using any of the reasonable and available methods of authentication as the only information Plaintiffs have is that the video was reportedly captured from "Sal's" home and "Sal" never showed up for his deposition, thus Defendants were unable to have their experts' questions regarding the reliability of the video answered, as explained further below. As such, "Sal's" video should be excluded as it has not been properly authenticated and lacks foundation for use at trial.

### III. THE BLACK AND WHITE SURVEILLANCE VIDEO TAKEN BY "SAL" SHOULD BE EXCLUDED AS IRRELEVANT, HIGHLY PREJUDICIAL AND INADMISSIBLE

*Fed. R. Evid*. 402 provides "[e]vidence which is not relevant is not admissible." Relevant evidence is "any evidence having any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." *Fed. R. Evid. 401*. The only purported reason for use of this video, according to Plaintiffs' is that they claim that the video will be offered to show the contributing trauma watching/hearing the video had on **_Annabelle Botten_**, Plaintiff in the related but separate *Botten* trial and is therefore not relevant to the issues to be determined in this instant *Puga* trial. Argument and evidence that has no factual connection to this case does not tend to prove or disprove any fact of consequence and should be excluded pursuant to *Fed. R. Evid*. 401 and 402.

Even if Plaintiffs intend to use this video as they have said to show it contributed to Annabelle Botten's trauma, even if somehow the Court deems this relevant to the Puga case, should be excluded as its slight probative value is substantially outweighed by its prejudicial effect. *Fed. R. Evid*. 403 allows the exclusion of even relevant evidence if its probative value is substantially outweighed by its prejudicial effect. *Fed. R. Evid.* 403 states "[a]lthough relevant,

5
COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION
IN LIMINE NO. 4 TO EXCLUDE "SAL'S" UNAUTHENTICATED
BLACK & WHITE SUREVEILLANCE VIDEO

1  evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay[] [and] waste of time . . ."  Rule 403 requires the prejudice be "unfair."  *U.S. v. Young*, 754 F.Supp. 739, 742 (S.D. 1990).  "Unfair" in this context means the evidence has an undue tendency to suggest to a jury a decision based upon an improper basis, usually an emotional one.  *Young*, 754 F.Supp. at 742.  Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice.  *U.S. v. Guerrero,* 756 F.2d 1342, 1348 (9th Cir. 1984); *U.S. v. Blaylock*, 20 F.3d 1458, 1464 (9th Cir. 1994).

Under appropriate circumstances, a motion *in limine* may be used to exclude inadmissible or prejudicial evidence before it is offered at trial.  *Luce v. United States,* 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).  This serves to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record.  *Brodit v. Cambra,* 350 F.3d 985, 1004–05 (9th Cir.2003) (quoting *Kelly v. New W. Fed. Sav.,* 49 Cal.App.4th 659, 669, 56 Cal.Rptr.2d 803 (2d Dist.1996)).  Motions *in limine* may also serve to save time by ruling on evidentiary disputes in advance, minimizing side-bar conferences and other disruptions at trial and potentially obviating the need to call certain witnesses. *See, United States v. Tokash,* 282 F.3d 962, 968 (7th Cir.2002).

Applied here, the prejudicial effect of allowing Plaintiffs to use "Sal's" unauthenticated black and white video at trial will be highly prejudicial to the liability issues facing Defendants as there are many issues with the video and the manner in which defense counsel received the video. To begin, as early as January 19, 2023, Defendants had requested all video of the incident and it was not until

6
**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE "SAL'S" UNAUTHENTICATED BLACK & WHITE SUREVEILLANCE VIDEO**

almost two years later that they finally received it, were able to access it, and were given information as to who took the video, "Sa," last name unknown. (Margolies Decl. ¶ 5, Exhibit D –County's Ex Parte to Reconsider for Single Deposition pg. 10:1-27). Further, upon receiving and reviewing the video, there was reason to believe the video had been altered by someone as the video zooms in and out at times and does not appear to be synced with the video images. (*Id*. pg. 14:9-11). However, given that Plaintiffs did not create this video, the only way for Defendants to obtain the information as to how the video was created, on what system, from what angle, and whether the original owner made modifications, was to depose "Sal" but as explained above, "Sal" never appeared for his deposition and has ignored calls to the number presumably belonging to him, thereby thwarting Defendants sole opportunity to have these crucial defense expert questions answered prior to trial. (Margolies Decl. ¶ 6).

Additionally, Defendants relied on Plaintiffs' representation to the Defendants as well as Plaintiffs' representation to the Court, that they were **_not intending to use the black and white video_**. In response to County's Ex Parte re extending the DCO to allow for "Sal's" deposition, Plaintiffs' clearly and in no uncertain terms, stated: "… Plaintiffs **_do not intend_** on using the black-and-white video to establish the timeline of the shooting or contend that the events shown on the video or that they match up to the audio and video. (Margolies Decl. ¶ 3, Exhibit B – Plaintiffs' Opposition to County's Ex Parte to Extend Discovery Cutoff pg. 6:28-7:2). Plaintiffs go on to agree that "[t]here are **_several other videos_** that captured the incident, including the shooting, that are of **_better quality_** that **_have been authenticated_**. The video will **_not be offered to show that the shooting occurred as depicted in the video_**." (Id. pg. 7:1-5). Therefore, it remains unclear as to what probative value this video has as Plaintiffs have acknowledged that it lacks reliability and appears to represent no value to our jury.

7

**COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE "SAL'S" UNAUTHENTICATED BLACK & WHITE SUREVEILLANCE VIDEO**

The sliver of relevance, which Defendants dispute, is that per Plaintiffs, "Instead, the video will be offered to show the effect it had on **_Plaintiff Annabelle Botten_**. Ms. Botten testified at her deposition that the black-and-white video contributed to her trauma because in the video, she could hear her family screaming for help." (Id. pg. 7:5-8). Aside from the merits of this argument, the parties are presently engaged in the *Puga* trial and not the *Botten* trial. Plaintiff Botten is not a Plaintiff in the *Puga* case and any testimony regarding her trauma would be and will be objected to in the *Puga* trial. Thus, Plaintiffs sudden reversal at this stage appears to lack any reasonable justification

As such, given the lack of relevance and the potential for unfair prejudice, such evidence can and should be excluded. The minimal, if any, relevance is substantially outweighed by the prejudicial effect. Moreover, such evidence should also be excluded as it will result in an undue consumption of time if Defendants are required to rebut these claims. In short, as noted above Plaintiffs' counsels have already admitted that there are several other videos that captured the incident that have been authenticated and are of better quality. Further, Defendants will need to counter with evidence challenging the videos authenticity if the video is permitted for Plaintiffs' newly stated purpose, thereby resulting in an undue consumption of time as the video appears to represent no value to our jury.

## IV.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion *in limine* and exclude "Sal's" unauthenticated black and white surveillance video from the instant Puga trial.

DATED: April 17, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ *Amy R. Margolies*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,
ROBERT VACCARI and JAKE ADAMS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the County of San Bernardino, Jake Adams, and Robert Vaccari, certifies that this brief contains 1,903 words, which:

√ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: April 17, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ *Amy R. Margolies*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendants,
COUNTY OF SAN BERNARDINO,
ROBERT VACCARI and JAKE ADAMS