**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and Antonia Salas Ubaldo

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually; <br><br> Plaintiffs, <br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | Case No. 5:22-cv-00949-KK-SHK <br><br> *Honorable Kenly Kiya Kato* <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE ANY EVIDENCE THAT WAS UNTIMELY DISCLOSED OR PRODUCED AFTER THE FACT DISCOVERY CUT-OFF** <br><br> DATE: May 15, 2025 <br> TIME: 10:30 a.m. <br> CTRM: 3 <br><br> TRIAL: June 2, 2025 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that Plaintiffs hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to all evidence and information that was not disclosed or produced prior to the fact discovery cut-off date. Plaintiff makes this motion under Federal Rules of Evidence 403 and Federal Rules of Civil Procedure 26(a) and 37(c), and the Court's Civil Standing Order.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: April 17, 2025          LAW OFFICES OF DALE K. GALIPO

By_____/s/ Hang D. Le_____
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

# I. INTRODUCTION AND RELEVANT FACTS

In the early morning hours of February 17, 2021, near the area of Peach Avenue and Catalpa Street in Hesperia, California, Defendants California High Patrol Officers Isaiah Kee, Michael Blackwood, and Bernardo Rubalcava ("Officer Defendants") and County of San Bernardino Sheriff's Deputies Robert Vaccari and Jake Adams ("Deputy Defendants") used excessive force and were negligent in their conduct when detained Hector Puga and ultimately discharged their firearms at Mr. Puga and in the direction of the Botten Residence, killing Mr. Puga and seriously injuring Jonathan Wayne Botten, Sr., Tanja Dudek-Botten, and J.B. Two separate actions were initiated as a result of the February 17, 2021 incident, one on behalf of Mr. Puga's successors in interest and family and the other on behalf of the Botten family.

Mr. Puga's successors in interest and family ("Puga Plaintiffs") filed this action on June 7, 2022 against Defendants State of California and Officer Defendants (together "State Defendants"), County of San Bernardino and Deputy Defendants (together "County Defendants") (collectively "Defendants"), alleging federal claims of excessive force under the Fourth Amendment and violation of substantive due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 and state law claims of battery, negligence, and violation of the Bane Act arising out of the February 17, 2021 ("*Puga* Case" or "*Puga*"). Wayne Botten, Sr., Tanja Dudek-Botten, J.B., and Annabelle Botten ("Botten Plaintiffs") filed a separate action on February 16, 2023, alleging similar claims ("*Botten* Case" or *"Botten"*). The parties in both cases are represented by the same attorneys, respectively.

On April 9, 2024, the District Court issued an Order consolidating the *Puga* Case with the *Botten* case for the limited purpose of discovery only, thereby aligning the discovery deadlines in *Puga* with the discovery deadlines in *Botten*. (*Puga* Case, Doc. No. 82). On April 23, 2024, the District Court issued a Notice and Order that the Court had updated its procedures in civil cases, and directing the parties to the

updated Civil Standing Order and Civil Trial Scheduling Order found on the Court's website for recommended timelines, requirements, and deadlines. (*Puga* Case, Doc. No. 83). Under the Discovery section, the Court's Civil Standing Order specifically states, "Counsel shall initiate all discovery other than depositions **at least forty-five (45) days before** the cut-off date. The Court will not approve stipulations between counsel which permits responses to be served after the cut-off date except in unusual circumstances and for good cause shown…The discovery cut-off is the last date to complete discovery."

On June 18, 2024, the District Court issued an Order Granting the Parties' First Stipulation to Modify the Scheduling Order in *Botten*, continuing, among other deadlines, the fact discovery cut-off from July 11 2024 to January 2, 2025; thereby, continuing the same deadline in *Puga* as well. (*See Botten* Case, Doc. No. 72). On January 8, 2025, the District Court issued an Order Denying Defendants' Ex Parte Application to extend the fact discovery cut-off to February 20, 2025. (*Puga* Case, Doc. No. 92). On January 16, 2024, the District Court issued an Order Granting County Defendants' Ex Parte Application to Reconsider Modifying the Scheduling Order to extend the discovery cutoff for the limited purpose of taking the single deposition of the Bottens' former neighbor, Sal. (*Puga* Case, Doc. No. 98).

Despite the Court's clear orders and guidance regarding fact discovery, County Defendants issued document subpoenas to various police departments and correctional facilities on December 6, 2024, *less than forty-five* days before the January 2, 2025 fact discovery cut-off, with a requested production date of December 31, 2024. Most of these entities produced responsive documents after the January 2, 2024 fact discovery cut-off. The parties did not have an agreement that these subpoenaed records may be produced after the fact discovery cut-off. County Defendants further served a "Third Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26" along with documents on January 7, 2025, an a "Fourth Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26" along with documents on January 14,

2025. Plaintiffs now seek to exclude all evidence and information that was not disclosed or produced prior to the fact discovery cut-off, including the evidence as discussed above and any information contained therein. Specifically, Plaintiffs seek to exclude:

- Los Angeles County Sheriff's Department records from Temple Street, produced on January 15, 2025 (17 pages) (*see* E-mail correspondence regarding subpoenas);
- Los Angeles Police Department records, photographs, video recordings, and audio recordings, produced on January 15, 2025 (*see* E-mail correspondence regarding subpoenas);
- Los Angeles County Sheriff's Department Twin Towers Correctional Facility Records, produced on January 17, 2025 (17 pages) (*see* E-mail correspondence regarding subpoenas);
- CDCR Archives Incarceration records, produced on January 17, 2025 (8 pages) (*see* E-mail correspondence regarding subpoenas);
- CDCR Archives Incarceration records, produced on January 22, 2025 (171 pages) (*see* E-mail correspondence regarding subpoenas);
- East Angeles County Sheriff's Station records, produced on January 24, 2025 (8 pages) (*see* E-mail correspondence regarding subpoenas);
- Los Angeles Police Department Incarceration records, produced on January 28, 2025 (68 pages) (*see* E-mail correspondence regarding subpoenas);
- Long Beach Police Department Incarceration records, produced on January 28, 2025 (356 pages) (*see* E-mail correspondence regarding subpoenas);
- LAPD and LBPD audio and video recordings, produced on February 3, 2025
- Los Angeles County Sheriff's Department records from Temple Street, produced on February 3, 2025 (2,681 pages) (*see* E-mail correspondence regarding subpoenas);
- Los Angeles County Sheriff's Department audio and video recordings, produced on March 3, 2025 (*see* E-mail correspondence regarding subpoenas);

- All evidence produced with County Defendants' Third Supplemental Disclosures, disclosed on January 7, 2025 [COSB009484-COSB009497] (*see* Defendants County of San Bernardino, Robert Vaccari and Jake Adams' Third Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26);

- All evidence produced with County Defendants' Fourth Supplemental Disclosures, disclosed on January 14, 2025 [COSB009498-COSB009613] (*see* Defendants County of San Bernardino, Robert Vaccari and Jake Adams' Fourth Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26).

## II.  ARGUMENT

The purpose of disclosures and discovery under Federal Rules of Civil Procedure 26-37 is to provide parties in an action with "a device for ascertaining facts, or information as to the existence or whereabouts of facts, relative to the issues. Thus[,] civil trials in federal court no longer need to be carried on in the dark." *Mitchell v. Roma*, 265 F.2d 633, 636 (3d Cir. 1959). Accordingly, the Federal Rules of Civil Procedure requires each party to disclose fact witnesses, records, tangible evidence, and expert witnesses which they believe to have discoverable evidence and/or intend to offer into evidence at trial, and to supplement those disclosures and discovery responses by the deadlines set by the court or risk exclusion of such evidence. *See* Fed. R. Civ. P. 26(a), 37(c). "Rule 37(c)(1) provides teeth to [Rule 26(a)'s requirements] by forbidding the use at trial any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001),

Here, County Defendants' Third and Fourth Supplement Disclosures and accompanying documents were untimely disclosed—after the Court's set deadline. Thus, to prevent unfair prejudice to Plaintiffs by introduction of documents that Plaintiffs were unable to examine nor use during the discovery process, the Court should exclude such evidence from being offered at trial.

As for documents produced after the fact discovery cut-off pursuant to County

Defendants' subpoenas, while case law is not clear cut regarding the timeliness of discovery subpoenas with performance or compliance dates that occur after the discovery cut-off, *see Casun Inv., A.G. v. Ponder*, No. 2:16-CV-2925-JCM-GWF, 2019 WL 2358390, at *4 (D. Nev. June 4, 2019), documents produced after the fact discovery cut-off pursuant to County Defendants' subpoenas violate the Court's Civil Standing Order, which expressly required that all discovery, including responses to discovery, be completed within the discovery period. *See Brown v. Deputy No. 1*, No. 12-CV-1938-GPC BGS, 2014 WL 842946, at *7 (S.D. Cal. Mar. 4, 2014) (finding subpoenas issued by plaintiffs untimely because the scheduling order expressly required that all discovery, including responses, be completed by the cut-off date); *cf. Cohea v. Adams*, No. 1:08-CV-01186-LJO, 2011 WL 3882843, at *3 (E.D. Cal. Sept. 2, 2011) (plaintiff's discovery requests to defendants were untimely because responses would be due after the discovery cut-off and the scheduling order made clear discovery must be completed prior to the cut-off date). Moreover, County Defendants do not have good cause for issuing these subpoenas less than the 45 days prior to the fact discovery cut-off given that Defendants had information that Mr. Puga had a criminal history as far back as October 2023, when State Defendants produced documents that, among other things, included a summary of Mr. Puga's criminal history, including his prior arrests and encounters with law enforcement and his convictions and periods of incarceration. *See* Valcor Eng'g Corp. v. Parker Hannifin Corp., No. 816CV00909JVSKESX, 2018 WL 6186796, at *3 (C.D. Cal. July 11, 2018) (finding subpoenas issued less than 45 days prior to the discovery cut-off to be untimely pursuant to the scheduling order and the party's failure to offer justification for the lateness of the subpoenas); *Essociate, Inc. v. Blue Whaler Invs., LLC*, No. CV102107JVSMLGX, 2012 WL 12953823, at *2–3 (C.D. Cal. Apr. 12, 2012) (finding Rule 45 subpoena untimely because it was not served at least 45 days prior to the discovery cut-off in accordance with the scheduling order and the party did not establish good cause to excuse its tardiness). The Court is authorized to issue

sanctions for a party's failure to obey a scheduling order or other pretrial order. Fed. R. Civ. P. 16(f). Accordingly, Plaintiffs request that the Court exclude documents and information contained therein, produced after the fact discovery cut-off pursuant to County Defendants' untimely subpoenas from trial.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order excluding all evidence, references, or arguments to any documents or evidence that were not timely disclosed or served in discovery by the Court's discovery cut-off in this case and all information contained therein.

DATED: April 17, 2025         LAW OFFICES OF DALE K. GALIPO

                              By  */s/ Hang D. Le*
                                  Dale K. Galipo
                                  Hang D. Le
                                  Attorneys for Plaintiffs