1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Hang D. Le, Esq. (Bar No. 293450)
3  hlee@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California, 91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

6  Attorneys for Plaintiffs
   L.C., I.H., A.L., and Antonia Salas Ubaldo
7

8        UNITED STATES DISTRICT COURT FOR THE
9           CENTRAL DISTRICT OF CALIFORNIA

10

11  L.C., a minor by and through her          Case No. 5:22-cv-00949-KK-SHK
    guardian *ad litem* Maria Cadena,
12  individually and as successor-in-interest  *Honorable Kenly Kiya Kato*
    to Hector Puga; I.H., a minor by and
13  through his guardian *ad litem* Jasmine    **PLAINTIFFS NOTICE OF MOTION**
    Hernandez, individually and as             **AND MOTION IN LIMINE NO. 5 TO**
14  successor-in-interest to Hector Puga;      **EXCLUDE EVIDENCE OF STATE**
    A.L., a minor by and through her           **OF CALIFORNIA AND COUNTY**
15  guardian *ad litem* Lydia Lopez,           **OF SAN BERNARDINO'S**
    individually and as successor-in-interest  **FINDINGS THAT THE OFFICERS'**
16  to Hector Puga; and ANTONIA SALAS          **USES OF FORCE WAS NOT**
    UBALDO, individually;                      **CRIMINAL, WAS REASONABLE,**
17                                             **JUSTIFIED, AND/OR WAS WITHIN**
18                                             **POLICY**
                        Plaintiffs,
19                                             DATE:    May 15, 2025
                   vs.                         TIME:    10:30 a.m.
20                                             CTRM:    3
    STATE OF CALIFORNIA; COUNTY
21  OF SAN BERNARDINO; S.S.C., a
    nominal defendant; ISAIAH KEE;
22  MICHAEL BLACKWOOD;
    BERNARDO RUBALCAVA; ROBERT              TRIAL:    June 2, 2025
23  VACCARI; JAKE ADAMS; and DOES
    6-10, inclusive,
24
25
                        Defendants.
26

27

28

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that Plaintiffs hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to any findings by the State of California or the County of San Bernardino that the Defendant Officers' uses of force against decedent Hector Puga was not criminal, was reasonable, justified, and/or within the California Highway Patrol's policy or the San Bernardino County Sheriff's Department's policy, including any reference (whether implicit or explicit) to the fact that the State of California and the County of San Bernardino reviewed the incident, under Federal Rules of Evidence 401, 402, 403, 801, and 802.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel during which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED:  April 17, 2025                LAW OFFICES OF DALE K. GALIPO


By_____/s/ Hang D. Le_____
　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　Hang D. Le
　　　　　　　　　　Attorneys for Plaintiffs

# I.    **INTRODUCTION**

This civil rights case arises out of the officer-involved incident with Hector Puga on February 17, 2021, that resulted in Mr. Puga's death after the involved officers' use of less-lethal and lethal force against Mr. Puga. Prior to the incident, none of the involved officers had ever encountered Mr. Puga nor knew anything about him except that he matched the description of a suspect in a prior freeway shooting. Plaintiffs—Mr. Puga's children and his mother—are proceeding to trial on claims for (1) Excessive Force under the Fourth Amendment, pursuant to 42 U.S.C. 7 1983; (2) Unlawful Interference of Familial Relationship under the Fourteenth Amendment, pursuant to 42 U.S.C. 7 1983; (3) Battery under California law; (4) Negligence under California law; and (5) Violation of California Civil Code section 52.1 (Bane Act). As explained herein, the jury's evaluation of Plaintiffs' core claims can only be based on the information known to the defendant officers at the time they used force.

Plaintiffs hereby bring this Motion *in Limine* to exclude at trial evidence and argument regarding any post-incident findings by the State of California or the County of San Bernardino that the Defendant Officers' uses of force during the incident, including deploying pepper balls at Mr. Puga for 30 to 45 minutes, the use of tasers against Mr. Puga, and shooting Mr. Puga with lethal firearms. Plaintiffs anticipate that Defendants may attempt to present evidence and/or argument at trial that use-of-force investigations were conducted by the State of California and the County of San Bernardino that resulted in a finding that the officers acted lawfully when they deployed pepper balls, deployed their tasers, and shot Mr. Puga, and that these uses of force were reasonable and "within policy." Plaintiffs further anticipate that Defendants may attempt to use this evidence to attempt to persuade the jury to determine that the Defendant Officers' uses of force were reasonable.

Accordingly, by way of this Motion, Plaintiffs seek to exclude any evidence, testimony, argument, or reference at trial to any findings by the State of California

PLAINTIFFS' MOTION IN LIMINE NO. 5 RE AGENCY FINDINGS

and by the County of San Bernardino that the use of force was any of the following:
(1) within policy; (2) reasonable; (3) justified; or (4) lawful.

This Motion *in Limine* is based on several independent rationales. First, this
evidence is irrelevant pursuant to Federal Rules of Evidence, Rules 401 and 402,
because this evidence is immaterial to the issues to be decided by the jury in the
instant case. Second, this evidence usurps the jury's role, and should be excluded
under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would
confuse the issues, mislead the jury, cause undue delay, and waste this Court's time.
Further, such evidence would be unduly prejudicial to Plaintiffs under Rule 403, and
such prejudicial effect would greatly outweigh any possible probative value of this
evidence. Third, this Motion is also made on the grounds that the State of California's
findings are hearsay (particularly any reports) for which there is no exception under
Federal Rules of Evidence, Rules 801 and 802.

## II.    ARGUMENT

### A. Evidence of Any Post-Incident Agency Findings and/or Conclusions is Irrelevant and Should Be Excluded Under Federal Rules of Evidence, Rules 401 and 402.

Under Federal Rule of Evidence 401, evidence is only relevant if "it has any
tendency to make a fact more or less probable than it would be without the
evidence," and the fact is "of consequence in determining the action." Fed. R. Evid.
401(a). Evidence that is not relevant is inadmissible. Fed. R. Evid. 402. In
determining whether an officer's use of force was objectively reasonable, trial courts
and juries must confine their inquiry to the information known to the officer at the
time of the use of force. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). "The
clarity of hindsight cannot provide the standard for judging the reasonableness of
police decisions made in uncertain and often dangerous circumstances." *Tennessee
v. Garner*, 471 U.S. 1, 26 (1985). The "reasonableness" standard is an objective one.
*Kingsley v. Hendrickson*, 576 U. S. 389, 402 (2015).

1       The relevant legal issue is thus whether Defendants' use of force against Mr.

2   Puga was "'objectively reasonable' in light of the facts and circumstances

3   confronting them." *See Graham*, 490 U.S. at 397. The reasonableness analysis must

4   be based only "upon the information the officers had when the conduct occurred."

5   *Saucier v. Katz*, 533 U.S. 194, 207 (2001); *see Hayes v. Cnty. of San Diego*, 736

6   F.3d 1223, 1232-33 (9th Cir. 2013) ("[W]e can only consider the circumstances of

7   which [the officers] were aware when they employed deadly force").

8       Here, the defendant officers pursued and attempted to apprehend Mr. Puga

9   based on Mr. Puga and his vehicle matching the description of a suspect of an earlier

10  freeway shooting. The Defendant Officers obviously could not have had the post-

11  incident findings and conclusions of the State of California and the County of San

12  Bernardino before the incident.

13      At trial, the jury must determine whether Defendant Officers used excessive

14  or unreasonable force when they deployed pepper balls for 30 to 45 minutes at Mr.

15  Puga, when they deployed their tasers at Mr. Puga, and when they shot Mr. Puga. To

16  determine whether the use of force was lawful, the jury will be asked to look at the

17  objective circumstances facing the Defendants at the time of the incident and to

18  consider factors such as "the type and amount of force used" and "[w]hether [Mr.

19  Puga] posed an immediate threat to the safety of [Defendant Officers] or others."

20  Ninth Circuit Manua of Model Jury Instructions, 9.25 (2017). What the State of

21  California and County of San Bernardino investigators purported to determine or

22  conclude *ex post facto* about the uses of force does not bear on any disputed fact or

23  on any element of any claim or defense in this case. Indeed, any subsequent findings

24  of the State of California and the County of San Bernardino are not probative of the

25  factual circumstances confronting Defendant Officers at the time of the shooting.

26  Accordingly, this evidence is irrelevant as to questions of Defendants' liability for

27  the violations of Mr. Puga's rights under federal and state law. Because evidence of

28  the State and County's findings are not probative of any fact of consequence of the

determination of this action, this evidence should be excluded.

## B. Evidence of the State of California and County of San Bernardino's Findings and Conclusions is Unfairly Prejudicial

Exposing the jury to the State's and County's post-incident findings and conclusions would unduly prejudice Plaintiffs by creating a substantial risk of a decision by the jury on an improper basis. Rule 403 provides for the exclusion even of relevant evidence "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, [and/or] misleading the jury..." Evidence is unfairly prejudicial if it creates an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

Even if the foregoing evidence has some probative value, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of consuming the jury, and would cause undue delay and waste of time.  The danger presented by these administrative "findings" and "conclusions" is that they usurp the jury's role to independently weigh the evidence and reach its own conclusion based on the facts and the law. The jury should decide the case based on its own evaluation of the evidence presented, and not based on what some authority figure has supposedly already decided. The danger presented by this kind of testimony is acute. Determining the reasonableness of the Defendant Officers' actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the State of California or the County of San Bernardino. On the basis of the testimony of authority figures or official-sounding determinations by the State's and County's high-ranking officials, the jury might be tempted to disregard the testimony of eyewitnesses, the physical and forensic evidence, the law, and the jury instructions, and instead decide that the use

of force against Mr. Puga was justified simply because an authority figure already purported to have determined that the use of force was justified. The jury might feel bound to abide by the findings of the State of California or the County of San Bernardino rather than reaching its own independent conclusions based on all of the evidence. For these reasons, the State and County's findings and conclusions should be excluded pursuant to Rule 403.

Moreover, the San Bernardino County District Attorney's Office makes a finding with an eye toward criminal prosecution. This review and determination is based on a criminal "beyond a reasonable doubt" standard, rather than the civil "preponderance of the evidence" standard that is applicable in this case.  Therefore, informing the jury that the San Bernardino County District Attorney reviewed this incident and opted not to criminally prosecute the involved officers will likely (and improperly) persuade the jury to reach a civil finding based on a criminal standard of liability. In fact, even informing the jury—either implicitly or explicitly—that the SBDA reviewed the incident carries the same risk, as the jury is likely to infer that criminal charges were not brought against the involved officers. When balanced against the substantial risk that the SBDA's conclusions may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to Rule 403.

### C. Evidence of the State of California and the County of San Bernardino's Findings and Conclusions is Hearsay Under Federal Rules of Evidence, Rules 801 and 802.

Any entity's determination—including the State or County's findings—that the use of force was "justified," "within policy," and/or "lawful" would constitute hearsay under Federal Rules of Evidence, Rules 801 and 802 and should alternatively be excluded on this ground. Hearsay evidence is evidence of a statement that was made other than by a witness while testifying at the current trial or hearing and that is offered to prove the truth of the matter stated. Fed. R. Evid.,

Rule 801. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. *See* Fed. R. Evid., Rule 805.

First, the State and County's findings themselves (as well as any findings by any other agency) are hearsay if offered at trial to prove that the officers' conduct was reasonable, justified, and/or within policy. If documentation of the findings and/or conclusions are proffered at trial, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the use of force, the findings and conclusions would constitute or incorporate multiple hearsay. Thus, the State and County's findings and conclusions should alternatively be excluded pursuant to Rules 801 and 802.

## III.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs' Motion in Limine No. 5 to exclude any evidence, argument, testimony, or reference at trial to any findings by the State of California or the County of San Bernardino that the Defendant officers' uses of force against decedent Hector Puga was not criminal, was reasonable, justified, and/or within the California Highway Patrol's policy or the San Bernardino County Sheriff's Department's policy, including any reference (whether implicit or explicit) to the fact that the State of California and the County of San Bernardino reviewed the incident.


DATED:  April 17, 2025              LAW OFFICES OF DALE K. GALIPO


                                    By_____/s/ Hang D. Le_____
                                        Dale K. Galipo
                                        Hang D. Le
                                        Attorneys for Plaintiffs