# Exhibit B

**JOSHUA PETER VISCO, ESQ.**
LAW OFFICES OF VISCO & SELYEM APC
15O EL CAMINO REAL, SUITE 218
TUSTIN, CA 92780
714-315-7152
JOSH@VISCOSELYEM.COM

January 27, 2025

Lynberg & Watkins, PC
1100 Town & Country Rd, Suite 1450
Orange, CA 92868

Attn: Amy R. Margolies, Esq.
RE: Puga vs County of San Bernardino, et al.
(5:22-CV-00949 – JGB-KK)

Dear Ms. Margolies,

In accordance with the Federal Rules of Civil Procedure 26(a)(1)(B), this report sets forth my opinions with respect to what the filing of criminal charges would have been had the decedent, Mr. Hector Javier Puga, not perished in the incident that is subject to this case. This analysis includes crimes committed and possible penalties for said crimes.

I reserve the right to obtain additional discovery that may assist in my further evaluation of this matter. Additionally, I reserve the right to add, change, and/or delete any of my opinions based on additional discovery, at which time, a supplemental report may be submitted. I will make myself available for deposition upon reasonable request by plaintiffs, prior to the discovery cut-off date at a mutually agreeable date and time.

## I.     Qualifications

Please refer to my CV, which has been attached to this report.

## II.     Compensation

A copy of my fee schedule, which outlines my compensation for professional services, is attached.

1

### III.   Materials Reviewed

As of the date of this report, I have reviewed the following reports, materials, and documents:

1. San Bernardino County Sheriff's Department - Homicide Division case book 1. (Bates COSB000039 – COSB000729.)
2. San Bernardino County Sheriff's Department - Homicide Division case book 2. (Bates COSB000730 – COSB001345.)
3. Los Angeles County District Attorney Officer Involved Shooting of Hector Puga – Los Angeles County Sheriff's Department, November 3, 2016. (Bates COSB008056 – COSB008061)
4. Los Angeles County Sheriff's Department Incident Report – 02/16/2021. (Bates COSB008062 – COSB008072.)
5. Los Angeles Police Department Reports. (34 total pages, no Bate stamps.)
6. California Department of Corrections and Rehabilitation records for Hector J. Puga dated December 17, 2024. (Bates AG01687 – AG0727)
7. Los Angeles County Sheriff's Department – Inmate records for Hector J. Puga. (129 total pages, No Bate stamps.)
8. Criminal Complaint – *United States of America v. Hector Javier Puga* (2020) 2:20-mj-06231. (Bates COSB009484 – COSB009497.)

### IV.   Relevant Statues

**PC § 187(a) – Murder**

Murder is the unlawful killing of a human being, or a fetus, with malice a forethought.

**PC § 245(b)  – Assault with a Firearm**

Any person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison for three, six, or nine years.

**PC § 245(d)(1) – Assault with a Firearm on a Peace Officer**

Any person who commits an assault with a firearm upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for four, six, or eight years.

**PC § 246 – Shooting at an Occupied Motor Vehicle**

Any person who shall maliciously and willfully discharge a firearm at an inhabited dwelling house, occupied building, occupied motor vehicle, occupied aircraft, inhabited housecar, as defined in Section 362 of the Vehicle Code, or inhabited camper, as defined in Section 243 of the Vehicle Code, is guilty of a felony, and upon conviction shall be punished by imprisonment in the state prison for three, five, or seven years, or by imprisonment in the county jail for a term of not less than six months and not exceeding one year.

**PC § 29800(a)(1) – Felon in Possession of a Firearm**

Any person who has been convicted of a felony under the laws of the United States, the State of California, or any other state, government, or country, or of an offense enumerated in subdivision (a), (b), or (d) of Section 23515, or who is addicted to the use of any narcotic drug, and who owns, purchases, receives, or has in possession or under custody or control any firearm is guilty of a felony.

**PC § 30305(a)(1) – Felon in Possession of Ammunition**

No person prohibited from owning or possessing a firearm under Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, shall own, possess, or have under custody or control, any ammunition or reloaded ammunition.

**VC § 2800.1 – Evading a Peace Officer**

(a) Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty of a misdemeanor punishable by imprisonment in a county jail for not more than one year if all of the following conditions exist:

   (1) The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp.

   (2) The peace officer's motor vehicle is sounding a siren as may be reasonably necessary.

   (3) The peace officer's motor vehicle is distinctively marked.

   (4) The peace officer's motor vehicle is operated by a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, and that peace officer is wearing a distinctive uniform.

**VC § 2800.2 – Evading a Peace Officer with Willful or Wanton Disregard for Public Safety**

(a) If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year. The court may also impose a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or may impose both that imprisonment or confinement and fine.

(b) For purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs.

**PC § 12022.53(c) – Use and Discharge of a firearm in the commission of specified offenses.**

Notwithstanding any other law, a person who, in the commission of a felony specified in subdivision (a), personally and intentionally discharges a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 20 years.

**PC § 1170.12 (a) – (e) – California Three Strikes Law**

(a) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious or violent felony convictions, as defined in subdivision (b), the court shall adhere to each of the following:

(1) There shall not be an aggregate term limitation for purposes of consecutive sentencing for any subsequent felony conviction.

(2) Probation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense.

(3) The length of time between the prior serious or violent felony conviction and the current felony conviction shall not affect the imposition of sentence.

(4) There shall not be a commitment to any other facility other than the state prison. Diversion shall not be granted nor shall the defendant be eligible for commitment to the California Rehabilitation Center as provided in Article 2 (commencing with Section 3050) of Chapter 1 of Division 3 of the Welfare and Institutions Code.

(5) The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison.

(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to this section.

(7) If there is a current conviction for more than one serious or violent felony as described in subdivision (b), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.

(b) Notwithstanding any other law and for the purposes of this section, a prior serious or violent conviction of a felony is defined as:

(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of

4

whether a prior conviction is a prior serious or violent felony conviction for purposes of this section shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. The following dispositions shall not affect the determination that a prior serious or violent conviction is a serious or violent felony for purposes of this section:

(A) The suspension of imposition of judgment or sentence.

(B) The stay of execution of sentence.

(C) The commitment to the State Department of State Hospitals as a mentally disordered sex offender following a conviction of a felony.

(D) The commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison.

(2) A prior conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison constitutes a prior conviction of a particular serious or violent felony if the prior conviction in the other jurisdiction is for an offense that includes all of the elements of the particular violent felony as defined in subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7.

(3) A prior juvenile adjudication constitutes a prior serious or violent felony conviction for the purposes of sentence enhancement if it meets all of the following criteria:

(A) The juvenile was 16 years of age or older at the time the juvenile committed the prior offense.

(B) The prior offense is either of the following:

(i) Listed in subdivision (b) of Section 707 of the Welfare and Institutions Code.

(ii) Listed in this subdivision as a serious or violent felony.

(C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.

(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code.

(c) For purposes of this section, and in addition to any other enhancements or punishment provisions that may apply, the following apply if a defendant has one or more prior serious or violent felony convictions:

(1) If a defendant has one prior serious or violent felony conviction as defined in subdivision (b) that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.

5

(2)(A) Except as provided in subparagraph (C), if a defendant has two or more prior serious or violent felony convictions, as defined in subdivision (b), that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greatest of any of the following:

(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior serious or violent felony convictions.

(ii) Twenty-five years.

(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

(B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to an indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison.

(C) If a defendant has two or more prior serious or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a felony described in paragraph (1) of subdivision (b), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (c), unless the prosecution pleads and proves any of the following:

(i) The current offense is a controlled substance charge, in which an allegation under Section 11370.4 or 11379.8 of the Health and Safety Code was admitted or found true.

(ii) The current offense is a felony sex offense, defined in subdivision (d) of Section 261.5, or any felony offense that results in mandatory registration as a sex offender pursuant to subdivision (c) of Section 290 except for violations of Sections 266 and 285, paragraph (1) of subdivision (b) and subdivision (e) of Section 286, paragraph (1) of subdivision (b) and subdivision (e) of Section 287, Section 314, and Section 311.11.

(iii) During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.

(iv) The defendant suffered a prior conviction, as defined in subdivision (b), for any of the following serious or violent felonies:

(I) A "sexually violent offense" as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code.

(II) Oral copulation with a child who is under 14 years of age, and more than 10 years younger than the defendant as defined by Section 287 or former Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than the defendant as

defined by Section 286, or sexual penetration with another person who is under 14 years of age and more than 10 years younger than the defendant as defined by Section 289.

(III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

(IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

(V) Solicitation to commit murder as defined in Section 653f.

(VI) Assault with a machinegun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

(VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

(VIII) Any serious or violent felony offense punishable in California by life imprisonment or death.

(d)(1) Notwithstanding any other law, this section shall be applied in every case in which a defendant has one or more prior serious or violent felony convictions as defined in this section. The prosecuting attorney shall plead and prove each prior serious or violent felony conviction except as provided in paragraph (2).

(2) The prosecuting attorney may move to dismiss or strike a prior serious or violent felony conviction allegation in the furtherance of justice pursuant to Section 1385, or if there is insufficient evidence to prove the prior serious or violent conviction. If upon the satisfaction of the court that there is insufficient evidence to prove the prior serious or violent felony conviction, the court may dismiss or strike the allegation. This section does not alter a court's authority under Section 1385.

(e) Prior serious or violent felony convictions shall not be used in plea bargaining, as defined in subdivision (b) of Section 1192.7. The prosecution shall plead and prove all known prior serious or violent felony convictions and shall not enter into any agreement to strike or seek the dismissal of any prior serious or violent felony conviction allegation except as provided in paragraph (2) of subdivision (d).

**PC § 667(a)(1) – "Nickel" Prior**

A person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction that includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

**18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition.**

(g) It shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…to ship or transport in interstate or

foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**18 U.S.C. § 924(a)(8)**

Whoever knowingly violates subsection (d) or (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both.

**CALCRIM 600 – Attempted Murder**

To prove that the defendant is guilty of attempted murder, the People must prove that:

> 1. The defendant took at least one direct but ineffective step toward killing another person.
>
> 2. The defendant intended to kill that person.

## IV. Summary of Opinions

The following opinions are based on my review of the above listed materials in addition to my training, knowledge, and experience. I am prepared to testify and/or explain my opinions regarding what the filing of criminal charges would have likely been had Mr. Puga not perished in the incident, and what the likely consequences would have been as a result of those criminal charges. I do not intend to offer my opinions as to the ultimate issues in this action, though I reserve the right to offer opinions based on my areas of expertise even if such opinions embrace the ultimate issues in the incident.

I reserve the right to amend these opinions based upon additional testimony and/or discovery documents.

### 1. Criminal Charges

Based on a review of the aforementioned materials, Mr. Puga would have been charged with the following crimes based on his conduct on February 16 and 17, 2021:

Count 1: PC § 664/187(a) – Attempted Murder (02/16/2021)

Count 2: PC § 246 – Shooting at an Occupied Vehicle (02/16/2021)

Count 3: PC § 245 (b) – Assault with a Firearm (02/16/2021)

Count 4: PC § 29800(a)(1) – Felon in Possession of a firearm (02/16/2021)

Count 5: PC §30305(a)(1) – Felon in Possession of Ammunition (02/16/2021)

Count 6: PC § 664/187(a) – Attempted Murder on a Peace Officer (02/17/2021)

Count 7: PC § 664/187(a) – Attempted Murder on a Peace Officer (02/17/2021)

Count 8: PC § 245(d)(1) – Assault with a Firearm on a Peace Officer (02/17/2021)

Count 9: PC § 245(d)(1) – Assault with a Firearm on a Peace Officer (02/17/2021)

Count 10: VC § 2800.2 – Evading a Peace Officer (02/17/2021)

Count 11: PC 29800(a)(1) – Felon in Possession of a firearm (02/17/2021)

Count 12: PC 30305(a)(1) – Felon in Possession of Ammunition (02/17/2021)

Allegation 1: PC 12022.53 (b) & (c) – Use and Discharge of a firearm (Cts 1,6,7)

Allegation 2: PC 1170.12 (a) – (d) – Strike Prior (all Cts)

Allegation 3: PC 667(a)(1) – Nickel Prior (Cts 1,2,3,6,7,8,9)

## 2. Analysis of Criminal Charges.

Count 1 – Attempted Murder

Murder is defined as the unlawful killing of another person with malice a forethought. Attempted murder requires a defendant to take a direct step toward killing with the specific intent to kill. The evidence contained in the reviewed matter indicates that on February 16, 2021, Mr. Puga, while driving his vehicle alongside the victims, fired one round into the passenger side of the victim's vehicle. A firearm in an inherently deadly weapon. When one points a gun at another person, and fires it at them, through a vehicle or otherwise, that demonstrates an intent to kill. The punishment for Attempted Murder is 5 years, 7 years, or 9 years in state prison, unless the act is proven to be willful, deliberate, and premeditated. Based on the information available, there does not appear to be sufficient evidence that this particular offense was willful, deliberate, and premeditated.

Count 2 – Shooting at an Occupied Motor Vehicle.

To be guilty of Shooting at an Occupied Motor Vehicle, one must merely shoot a firearm at an occupied vehicle and do so willingly or on purpose. This is a general intent crime. In this case, based on the evidence reviewed, Mr. Puga pointed his gun at another car, and fired at it on February 16, 2021. That vehicle was occupied with a person in the driver seat, and was driving on the freeway. There's no evidence to support a theory that this act was accidental or not deliberate. The punishment for this offense is 3 years, 5 years, or 7 years in the state prison.

Count 3 – Assault with a Semi-Automatic Firearm.

Assault is defined under California law as an act with a deadly weapon, that by its nature would directly and probably result in the application of force to a person. For this offense, Mr. Puga pointed a semi-automatic firearm at a moving vehicle, while along side of it, and fired a round into the vehicle and at the driver. In this case, the victim was not struck by the bullet, however there is no requirement that a person actually be injured for an assault to have been committed. The punishment for this offense is 3 years, 6 years, or 9 years in the state prison.

9

Count 4 – Felon in Possession of a Firearm

Based on a review of Mr. Puga's criminal history, he has been convicted of numerous felonies. These include, Resisting an Executive Officer with a Gang Enhancement, Vandalism, and Corporal Injury on a Spouse/Cohabitant with priors. In addition, Mr. Puga has multiple domestic violence convictions, all making him ineligible to lawfully possess a firearm. Given his criminal history, Mr. Puga's possession of the firearm used to shoot into victim's car on February 16, 2021 was unlawful. The punishment for this offense is 16 months, 2 years, or 3 years in state prison.

Count 5 – Felon in Possession of Ammunition

Based on a review of Mr. Puga's criminal history, he has been convicted of numerous felonies. These include, Resisting an Executive Officer with a Gang Enhancement, Vandalism, and Corporal Injury on a Spouse/Cohabitant with priors. In addition, Mr. Puga has multiple domestic violence convictions, all making him ineligible to lawfully possess ammunition. Given his criminal history, Mr. Puga's possession of the ammunition within the firearm used to shoot into victim's car on February 16, 2021 was unlawful. The punishment for this offense is 16 months, 2 years, or 3 years in state prison.

Count 6 – Attempted Murder on a Peace Officer

Murder is defined as the unlawful killing of another person with malice a forethought. Attempted murder requires a defendant to take a direct step toward killing with the specific intent to kill. The evidence contained in the reviewed matter indicates that on February 17, 2021, Mr. Puga, after a car chase and lengthy stand-off, exited his vehicle and went to the front of his vehicle, concealing his waistband. As officers Kee and Rubalcava approached, Mr. Puga turned toward them, produced a firearm from his waistband, and fired one round at them. He then turned and ran. While running, Mr. Puga continued to fire rounds at Kee and Rubalcava who were chasing him and returning fire. Mr. Puga was then struck by multiple rounds and succumbed to his injuries. A firearm in an inherently deadly weapon. When one points a gun at another person, and fires it at them, that demonstrates an intent to kill. Firing repeatedly shows a stronger intent to kill. In this case, Officer's Kee and Rubalcava were peace officer's and on duty. They were dressed in CHP uniforms. The punishment for Attempted Murder of a Peace Officer is life with the possibility of parole, unless the act is proven to be willful, deliberate, and premeditated. If the offense is willful, deliberate, and premeditated, then the punishment would be 15 year – life in state prison.

Count 7 – Attempted Murder on a Peace Officer

Murder is defined as the unlawful killing of another person with malice a forethought. Attempted murder requires a defendant to take a direct step toward killing with the specific intent to kill. The evidence contained in the reviewed matter indicates that on February 17, 2021, Mr. Puga, after a car chase and lengthy stand-off, exited his vehicle and went to the front of his vehicle, concealing his waistband. As officers Kee and Rubalcava approached, Mr. Puga turned toward them, produced a firearm from his waistband, and fired one round at them. He then turned and

ran. While running, Mr. Puga continued to fire rounds at Kee and Rubalcava who were chasing him and returning fire. Mr. Puga was then struck by multiple rounds and succumbed to his injuries. A firearm in an inherently deadly weapon. When one points a gun at another person, and fires it at them, that demonstrates an intent to kill. Firing repeatedly shows a stronger intent to kill. In this case, Officer's Kee and Rubalcava were peace officer's and on duty. They were dressed in CHP uniforms. The punishment for Attempted Murder of a Peace Officer is life with the possibility of parole, unless the act is proven to be willful, deliberate, and premeditated. If the offense is willful, deliberate, and premeditated, then the punishment would be 15 year – life in state prison.

Count 8 – Assault with a Firearm on a Peace Officer

Assault is defined under California law as an act with a deadly weapon, that by its nature would directly and probably result in the application of force to a person. For this offense, Mr. Puga pointed a semi-automatic firearm at Officer Kee, fired a round at his direction, and then fired additional rounds at him while he ran away. In this case, Officer Kee was not struck by the bullet, however there is no requirement that a person actually be injured for an assault to have been committed. Officer Kee was a peace officer, on duty, and in full uniform at the time. The punishment for this offense is 4 years, 6 years, or 8 years in the state prison.

Count 9 – Assault with a Firearm on a Peace Officer

Assault is defined under California law as an act with a deadly weapon, that by its nature would directly and probably result in the application of force to a person. For this offense, Mr. Puga pointed a semi-automatic firearm at Officer Rubalcava, fired a round at his direction, and then fired additional rounds at him while he ran away. In this case, Officer Rubalcava was not struck by the bullet, however there is no requirement that a person actually be injured for an assault to have been committed. Officer Rubalcava was a peace officer, on duty, and in full uniform at the time. The punishment for this offense is 4 years, 6 years, or 8 years in the state prison.

Count 10 – Evading a Peace Officer; Reckless Disregard for Safety

While on routine patrol in a marked patrol vehicle and in standard CHP uniforms, Officer's Blackwood and Rubalcava observed a white Ford Expedition with black rims, matching the description of the vehicle in the vehicle-to-vehicle shooting from the day prior. Mr. Puga was driving the vehicle. Mr. Puga immediately pulled over when Officer's pulled up behind him, but drove off when the officer's approached. A pursuit ensued and lasted over 30 minutes with Mr. Puga driving between 50 and 95 miles per hour on city streets. It did not end until sheriff's deputies were able to disable the vehicle with spike strips. The punishment for this offense is 16 months, 2 years, or 3 years in the state prison.

Count 11 – Felon in Possession of a Firearm

Based on a review of Mr. Puga's criminal history, he has been convicted of numerous felonies. These include, Resisting an Executive Officer with a Gang Enhancement, Vandalism, and Corporal Injury on a Spouse/Cohabitant with priors. In addition, Mr. Puga has multiple domestic violence convictions, all making him ineligible to lawfully possess a firearm. Given his criminal

history, Mr. Puga's possession of the firearm used to shoot at officer's Kee and Rubalcava on February 17, 2021 was unlawful. The punishment for this offense is 16 months, 2 years, or 3 years in state prison.

Count 12 – Felon in Possession of Ammunition

Based on a review of Mr. Puga's criminal history, he has been convicted of numerous felonies. These include Resisting an Executive Officer with a Gang Enhancement, Vandalism, and Corporal Injury on a Spouse/Cohabitant with priors. In addition, Mr. Puga has multiple domestic violence convictions, all making him ineligible to lawfully possess ammunition. Given his criminal history, Mr. Puga's possession of the ammunition within the firearm used to shoot at officer's Kee and Rubalcava on February 17, 2021 was unlawful. The punishment for this offense is 16 months, 2 years, or 3 years in state prison.

**3. Sentencing**

Based on the charges related to his conduct on February 16 and 17th, 2021, Mr. Puga's maximum penalty if convicted would be 91 years + 28 to life in state prison. I come to that conclusion as follows:

**Determinate sentence:**

9 years as to Count 1 (PC 664/187(a)) +

8 months as to Count 4 (PC 29800) [which is one-third the mid-term of 2 years] +

8 months as to Count 5 (PC 30305) [which is one-third the mid-term of 2 years] +

8 months as to Count 10 (VC 2800.2) [which is one-third the mid-term of 2 years] +

8 months as to Count 11 (PC 29800) [which is one-third the mid-term of 2 years] +

8 months as to Count 12 (PC 30305) [which is one-third the mid-term of 2 years] =

13 Multiplied by two due to Mr. Puga's strike prior (PC 1170.12(a) – (h)) = 26 +

60 years (PC 12022.53(c) allegation as to Count 1, 6, 7) +

5 years (PC 667(a)(1) – Nickel prior as to Count 1) = 91 years State Prison Determinate.

**Indeterminate Sentence:**

7 years – life as to Count 6 (PC 664/187) +

7 years – life as to Count 7 (PC 664/187 =

14 years – life multiplied by two due to Mr. Puga's strike prior (PC 1170.12(a)-(h)) =

28 years – life indeterminate.

12

**Penal Code § 654**

Punishment for Counts 2,3,8,9 would likely be stayed pursuant to PC 654.

PC 654 states: "(a) An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

**Aggravating Factors**

Based on the circumstances in this case, there are several aggravating factors present that the District Attorney and/or a sentencing court would consider when deciding an appropriate punishment for the aforementioned crimes. Among those factors would be:

> Mr. Puga has a prior criminal history including several prior felony convictions. He has previously been to prison. His offenses are violent in nature. They are also of increasing seriousness. His history as a documented gang member may also be significant.

> The conduct in this case shows a pattern of criminal conduct. Mr. Puga fired a gun at another motorist one day, and the very next day led police on a lengthy chase, which ended only after police disabled his vehicle. He then fired at officers with a gun while attempted to flee from them on foot.

It should be noted that due to the strike prior, Mr. Puga is not eligible for probation, and all counts must be sentenced consecutive, thereby significantly increasing his potential sentence.

This is the second officer involved shooting that Mr. Puga had been involved with. This information would be significant to the San Bernardino County District Attorney's office. This office has a "Crimes Against Peace Officer's" unit and they place significant focus on cases that involve police officer victims. The fact that Mr. Puga has a history of violence against police would decrease the likelihood of a favorable plea bargain for him.

**Additional Cases**

It should be noted that at the time of Mr. Puga's death, a federal case was pending against him in the United States District Court for the Central District of California. He was charged in case 20-mj-02231 with one count of Felon in Possession of a Firearm stemming from an incident on December 5, 2020. In that case, Officer's from the Long Beach Police Department conducted a traffic stop on a vehicle being driven by Mr. Puga. During a subsequent search of the vehicle, officer's located an AR15 style assault rife, with no serial number. They also found a 45 round capacity magazine for the gun with ammunition inside. Mr. Puga admitted the firearm belonged to him. The punishment for a violation of 18 U.S.C 922(g) is up to 15 years in federal prison pursuant to 18 U.S.C 924(a)(8). In looking at the United States sentencing guidelines for firearms charges in § 2K2.1 et seq. Mr. Puga's base offense level would be 24. Given his criminal history, he would likely be in criminal history category would likely be level II. This is a sentencing range of 57-71 months in federal prison.

## V. Conclusion

Based on a review of Mr. Puga's conduct on February 16 and 17, 2021, it is likely that he would have spent the rest of his life in state prison. Given his maximum exposure of 91 years determinate plus 28 – life indeterminate, he would not have been eligible for parole for 78 years under current calculations. This would have been the most likely sentence after trial in San Bernardino County.

The foregoing opinions are based upon my review of the materials and information received to date concerning the incident that gave rise to litigation. Should I receive additional information that materially affects any of these opinions, I will submit a supplemental report and/or be prepared to discuss them during future proceedings, as appropriate. I will expect to receive, in a timely manner, any additional materials or information that might affect my opinions in this matter.

Dated: January 27, 2025

Joshua P. Visco, Esq.