1   ROB BONTA
    Attorney General of California
2   NORMAN D. MORRISON
    Supervising Deputy Attorney General
3   DIANA ESQUIVEL
    Deputy Attorney General
4   State Bar No. 202954
      1300 I Street, Suite 125
5     P.O. Box 944255
      Sacramento, CA 94244-2550
6     Telephone:  (916) 210-7320
      Facsimile:  (916) 322-8288
7     E-mail:  Diana.Esquivel@doj.ca.gov
    *Attorneys for Defendants State of California, by and*
8   *through the California Highway Patrol, Blackwood,*
    *Kee, and Rubalcava*
9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                     RIVERSIDE DIVISION

13

14
    **L.C.,**                          No. 5:22-cv-00949 KK-SHKx
15
                         Plaintiffs,    **DEFENDANTS' NOTICE OF**
16                                      **MOTION AND MOTION IN LIMINE**
                                        **NO. 3 TO EXCLUDE EVIDENCE**
17       **v.**                         **AND TESTIMONY CONCERNING**
                                        **SHOOTING AND INJURIES OF**
18   **STATE OF CALIFORNIA, et al.,**   **THIRD PARTIES DURING THE**
                                        **SUBJECT INCIDENT;**
19                       Defendants.    **MEMORANDUM OF POINTS AND**
                                        **AUTHORITIES; SUPPORTING**
20                                      **DECLARATION**

21                                      Date:        May 15, 2025
                                        Time:        9:30 a.m.
22                                      Courtroom:   3 (3rd Floor)
                                        Judge:       Honorable Kenly Kiya Kato
23                                      Trial Date:  June 2, 2025
                                        Action Filed: June 7, 2022
24

25

26       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27       PLEASE TAKE NOTICE that on May 15, 2025, at 9:30 a.m., or as soon

28   thereafter as the matter may be heard in Courtroom 3 of the above-entitled court,

before the Honorable Kenly Kiya Kato, Defendants will move the Court, pursuant
to Federal Rules of Evidence 401 to 403, for an order to exclude any reference,
evidence, testimony, or mention of injuries sustained by the Botten family and any
other third party during the shooting incident involving decedent Hector Puga on
the grounds that such evidence is irrelevant, inflammatory, substantially more
prejudicial than probative, and likely to mislead or confuse the jury.

The motion is based on this Notice, the attached Memorandum of Points and
Authorities, the attached Declaration of Diana Esquivel, the pleadings, records, and
files in this action, and such other matters as may properly come before the Court.

**Informal resolution efforts**. As required under the Court's Standing Order in
Civil Actions and Local Rule 7-16, the parties met and conferred prior to the filing
of this motion. (Esquivel Decl. ¶ 2.)

Dated:  April 17, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants State of
Cal., by and through the Cal.
Highway Patrol, Blackwood, Kee,
and Rubalcava*

LA2022603031
38956023.docx

1
2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

3    Decedent Hector Puga, wanted for shooting a gun at a complete stranger
4  during a road-rage incident on the freeway, led law enforcement in an hour-long
5  pursuit through residential neighborhoods at speeds ranging from 50 to 90 mph.
6  Puga then orchestrated an hour-long standoff at a residential intersection, where law
7  enforcement exhausted less lethal force and employed various negotiation tactics to
8  no avail. Puga eventually exited his vehicle and then pulled a gun from his
9  waistband and fired at the officers. Law enforcement returned fire. Puga died at the
10  scene. During the shooting, three members of the Botten family, who lived in the
11  northeast corner house of the intersection, were accidentally struck by errant
12  bullets.

13    The central issue in this case is whether the Defendant officers were justified
14  in using deadly force when Puga reached for the gun in his waistband, fired the at
15  the officers, and attempted to flee while still armed with a gun. Plaintiffs seek to
16  introduce evidence and mention at trial that three members of the Botten family
17  were shot by bullets from the officers' guns. They intend to call Jonathan Botten,
18  Sr. as a witness (Esquivel Decl. ¶ 3), and their police-practices expert, Roger Clark,
19  intends to officer opinions that Defendants' pre-shooting tactics were negligent
20  because the Bottens were shot, among other reasons. (Clark Report Opinions Nos.
21  8-10, attached as Ex. A at pp. 13-14.) Any testimony or mention of the Bottens'
22  injuries is irrelevant, unduly prejudicial, and any probative value such testimony
23  may have is substantially outweighed by its prejudicial and inflammatory effect and
24  likelihood to confuse the jury and waste time. Accordingly, Defendants request that
25  such evidence be excluded.

26  / / /
27  / / /
28

# ARGUMENT

Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence that is not relevant is inadmissible. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Relevant evidence may be excluded if it may result in: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Obrey v. Johnson*, 440 F.3d 691, 698 (9th Cir. 2005).

> A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . .

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). In doing so, the court must look to the "relation between an item of evidence and a matter properly provable in the case." Fed. R. Evid. Rule 401, Adv. Comm. Note. Indeed, the court should ask the appropriate question: "Does th[is] item of evidence tend to prove the matter sought to be proved?" *Id*.

## I.    EVIDENCE OF THE BOTTENS' INJURIES ARE IRRELEVANT TO THE ISSUES THE JURY MUST DECIDE

The central liability issue in this case is whether the Defendants used excessive force during their encounter with Puga. Whether the Bottens or any third party was injured during Defendants' encounter with Puga has no relevance to the issues of liability or damages.

In *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an

immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). Other relevant considerations include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; and the threat reasonably perceived by the officer. *O'Neil v. Cty. & Cty. of S.F.*, No. 17-CV-07190-JCS, 2021 WL 2914975, at *8 (N.D. Cal. July 12, 2021) (citing *Lombardo v. Cty. of St. Louis*, 594 U.S. 464, 467 (2021)). The court may additionally consider whether officers administered a warning, assuming one was practicable. *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007)). Injury to an innocent bystander is not a factor when evaluating the reasonableness of the force used. Similarly, state-law claims for battery and negligent use of deadly force by a peace officer do not take into consideration whether a third party was injured during the officer's use of force to determine the appropriateness of the use of force. (*See* CACI Nos. 441 (11/2020) and 1305B (5/2021).)

Evidence that the Bottens were shot or injured has no tendency to prove that the Defendants' use of deadly force **against Puga** was unreasonable or unnecessary. Accordingly, evidence of their shooting and injuries should be excluded as irrelevant.

## II.    EVIDENCE OF THE BOTTENS' SHOOTING OR INJURIES IS SUBSTANTIALLY MORE PREJUDICIAL THAN PROBATIVE

Federal Rule of Evidence 403 requires exclusion of testimony and evidence concerning the Bottens' shooting and injuries. In *Liew v. Official Receiver and Liquidator*, 685 F.2d 1192, 1195 (9th Cir. 1982), the Ninth Circuit held that trial courts have "very broad discretion in applying Rule 403 and absent abuse, the

exercise of its discretion will not be disturbed on appeal." The Advisory Committee
note to Rule 403 provides:

> Unfair prejudice is that which could lead the jury to make an emotional
> or irrational decision, or to use the evidence in a manner not permitted by
> the rules of evidence ... "unfair prejudice as used in Rule 403 is not to be
> equated with testimony simply adverse to the opposing party. Virtually
> all evidence is prejudicial or it isn't material . . .  Unfair prejudice within
> the context of Rule 403 means an *undue tendency to suggest a decision*
> *on an improper basis*, commonly, though not necessarily, an emotional
> one."

Fed. R. Evid. 403, Adv. Comm. Note, citing *Ballou v. Henri Studios*, 656 F.2d 1147
(5th Cir. 1981) (emphasis added). Under certain circumstances, the admission of
evidence that is so inflammatory and irrelevant can constitute reversible error. *See*
*Brandom v. United States*, 431 F.2d 1391, 1398 (7th Cir. 1970).

Evidence that innocent bystanders were shot during the incident with Puga is
likely to anger the jury or inflame the passions of the jury against the Defendants.
The jury may find the Defendants liable, not because of their use of force against
Puga, but to punish the officers for shooting innocent bystanders, especially a
young teenager like Jonathan Botten, Jr., who was 12 years old at the time and
sustained three gunshot wounds to the chest. Such evidence may also confuse the
issues. Plaintiffs seek to use this evidence to show that the officers were negligent
in their pre-shooting tactics, contending that Defendants' negligence is proven by
the fact that the Bottens were shot. But this is not the correct legal standard for
Plaintiffs' negligence claim. Plaintiffs must show that the officers' pre-shooting
tactics **as they pertained to Puga** were unreasonable. (CACI No. 441.)

Lastly, evidence of the Bottens' shooting and injuries will waste time because
Defendants will then be required to present evidence that the officers considered
their background and evacuation of nearby residents; evidence of the Bottens' own
negligence will also be presented. Although such evidence has no bearing on the
reasonableness of the force used against Puga, Defendants will be forced to present

such evidence to address Plaintiffs' contention that Defendants were negligent because the Bottens were shot.

Whatever minimal probative value evidence of the Bottens' shooting and injuries has, it is substantially outweighed by the dangers of tainting the jury's perceptions of the Defendants, inflaming their passions, confusing the jury of the legal standard for negligence against a peace officer, and wasting time with the presentation of additional evidence and testimony. The Court should therefore exclude such evidence under Rule 403.

## CONCLUSION

The Court should exclude evidence that the Bottens were shot and injured because such evidence is irrelevant and its probative value is substantially outweighed by its prejudicial effect. Accordingly, the Court should grant this motion and preclude Plaintiffs' witnesses, experts, and counsel from offering evidence, eliciting testimony, or making any mention in the presence of the jury that members of the Botten family were shot or injured during Defendants' encounter with Puga.

Dated:  April 17, 2025                    Respectfully submitted,

                                          ROB BONTA
                                          Attorney General of California
                                          NORMAN D. MORRISON
                                          Supervising Deputy Attorney General

                                          */s/ Diana Esquivel*

                                          DIANA ESQUIVEL
                                          Deputy Attorney General
                                          *Attorneys for Defendants State,*
                                          *Blackwood, Kee, and Rubalcava*

LA2022603031
38956276.docx

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants State of California, Blackwood, Kee, and Rubalcava, certifies that this brief contains 2,233 words, which complies with the word limit of L.R. 11-6.1.


Dated:  April 17, 2025                    */s/ Diana Esquivel*
                                          Diana Esquivel

1    **DECLARATION OF DIANA ESQUIVEL**

2    I, Diana Esquivel, declare:

3    1.  I am admitted to practice law in California and before this Court, and am a

4    Deputy Attorney General with the Office of the Attorney General for the State of

5    California, attorneys of record for Defendants State of California, by and through

6    the California Highway Patrol, Michael Blackwood, Isaiah Kee, and Bernardo

7    Rubalcava (State Defendants).

8    2.  As required in the Court's Standing Order and Local Rule 7-16, the parties

9    meet and conferred on the issues presented in this motion as well as the other issues

10   the parties identified as matters that would be subject to motions in limine. On

11   April 7, 2025, the parties exchanged e-mails, listing the motions in limine they

12   intended to file. The parties discussed the factual and legal basis for their respective

13   motion by video conference on April 11. Over the course of the following days, the

14   parties exchanged additional e-mails concerning their position on certain issues.

15   The parties were unable to agree on the issues raised in this motion in limine.

16   3.  During the parties' informal resolution efforts, Plaintiffs' counsel asserted

17   that the shooting of the Botten family was relevant to their negligence claim based

18   on the officers' pre-shooting tactics. The parties subsequently exchange their

19   proposed trial witness lists. Plaintiffs listed Jonathan Botten, Sr. as a witness, and

20   the State Defendants may call Annabelle Botten as a witness to provide testimony

21   limited to her seeing Puga point a gun at the officers when they shot at him, as she

22   previously stated in her call to 911 and her interview with investigating officers.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

1        4.  Exhibit A is a true copy of the relevant portions of Mr. Clark's report,

2    produced with Plaintiffs' expert disclosures in this matter.

3        I declare under penalty of perjury under the laws of the United States and the

4    State of California that the foregoing statements are true and correct.

5

6    Dated:  April 17, 2025                          */s/ Diana Esquivel*
                                                     Diana Esquivel
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28