1  ROB BONTA
   Attorney General of California
2  NORMAN D. MORRISON
   Supervising Deputy Attorney General
3  DIANA ESQUIVEL
   Deputy Attorney General
4  State Bar No. 202954
     1300 I Street, Suite 125
5    P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (916) 210-7320
     Facsimile: (916) 322-8288
7    E-mail: Diana.Esquivel@doj.ca.gov
   *Attorneys for Defendants State of California, by and*
8  *through the California Highway Patrol, Blackwood,*
   *Kee, and Rubalcava*
9

10           IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                    RIVERSIDE DIVISION

13

14

15  **L.C.,**                        No. 5:22-cv-00949 KK-SHKx

16                     Plaintiffs,   **DEFENDANTS' NOTICE OF**
                                     **MOTION AND MOTION IN LIMINE**
16                                   **NO. 5 TO LIMIT THE TESTIMONY**
                                     **OF MEDICAL EXAMINER**
17       **v.**                      **TIMOTHY JONG, M.D..;**
                                     **MEMORANDUM OF POINTS AND**
18  **STATE OF CALIFORNIA, et al.,**  **AUTHORITIES; SUPPORTING**
                                     **DECLARATION**
19                     Defendants.

20                                   Date:        May 15, 2025
                                     Time:        9:30 a.m.
21                                   Courtroom:   3 (3rd Floor)
                                     Judge:       Honorable Kenly Kiya Kato
22                                   Trial Date:  June 2, 2025
                                     Action Filed: June 7, 2022
23

24

25       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26       PLEASE TAKE NOTICE that on May 15, 2025, at 9:30 a.m., or as soon

27  thereafter as the matter may be heard in Courtroom 3 of the above-entitled court,

28  before the Honorable Kenly Kiya Kato, Defendants will move the Court, pursuant

to Federal Rule of Civil Procedure 26(a)(2) and Federal Rules of Evidence 702 and 703, for an order to preclude Dr. Timothy Jong, the medical examiner who performed decedent Hector Puga's, from offering any opinion or testimony based on hypothetical questions presented to him or on information or opinion not reflected in his autopsy report on the grounds that Dr. Jong did not provide an expert report offering or disclosing any opinion on the how Puga was shot, the position of his body when shot, or the order in which he sustained the gunshot wounds. Accordingly, Dr. Jong's testimony should be limited to his findings and any opinion stated in his autopsy report.

The motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Diana Esquivel, the pleadings, records, and files in this action, and such other matters as may properly come before the Court.

**Informal resolution efforts**. As required under the Court's Standing Order in Civil Actions and Local Rule 7-16, the parties met and conferred prior to the filing of this motion. (Esquivel Decl. ¶ 2.)

Dated:  April 17, 2025                          Respectfully submitted,

                                                ROB BONTA
                                                Attorney General of California
                                                NORMAN D. MORRISON
                                                Supervising Deputy Attorney General

                                                */s/ Diana Esquivel*

                                                DIANA ESQUIVEL
                                                Deputy Attorney General
                                                *Attorneys for Defendants State of Cal., by and through the Cal. Highway Patrol, Blackwood, Kee, and Rubalcava*

LA2022603031
38956308.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Decedent Hector Puga, wanted for shooting a gun at a complete stranger during a road-rage incident on the freeway, led law enforcement in an hour-long pursuit through residential neighborhoods at speeds ranging from 50 to 90 mph. Puga then orchestrated an hour-long standoff where law enforcement exhausted less lethal force and employed various negotiation tactics to no avail. Puga eventually exited his vehicle and then pulled a gun from his waistband and fired at the officers. Law enforcement returned fire. Puga died at the scene. Dr. Timothy Jong, a forensic pathologist for the County of San Bernardino, performed Puga's autopsy and issued a report of his findings. (Ex. B.)

Defendant move to exclude Dr. Jong's opinions and conclusions to the extent they are not contained in his autopsy report. Plaintiffs disclosed Dr. Jong as a non-retained expert and summarized his anticipated testimony as follows: "Dr. Jong is expected to testify on the autopsy she [sic] performed on Mr. Puga, the external examination of Mr. Puga's body, the nature and extent of Mr. Puga's injuries, the cause and manner of the injuries found on Mr. Puga's body, the trajectory of the gunshot wounds to Mr. Puga's body, the internal examination of Mr. Puga's body, any other findings from Mr. Puga's autopsy, and the manner and cause of death." (Pls.' Expert Disclosures at 3:7-11, attached as Ex. A.) Plaintiffs' disclosure does not state that Dr. Jong will offer opinions based on hypothetical scenarios posed to him. At Dr. Jong's deposition, Plaintiffs' counsel asked Dr. Jong several hypothetical questions pertaining to the location of Puga's body when he was shot. (*See, e.g.*, Jong Dep. 16:8-17:2, 18:16-19:24, attached as Ex. C.) However, Dr. Jong did make any finding or determination as to the placement of Puga's body, whether standing, falling, or laying on the ground, when he sustained a particular gunshot wound. The Court should preclude Dr. Jong from offering any opinion based on hypothetical questions and not disclosed in his autopsy report.

**ARGUMENT**

Under Federal Rule of Evidence 702, if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion." Fed. R. Evid. 702; *Castaneda v. Cty. of Bakersfield*, No. 1:23-CV-00068-KES-CDB, 2024 WL 2115729, at *2 (E.D. Cal. May 10, 2024) (quoting Fed. R. Evid. 702). A party must disclose the identity of any expert witnesses, whether retained or non-retained, expected to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). "Disclosure of a non-retained expert 'must state: (i) the subject matter on which the witness is expected to present evidence ...; and (ii) a summary of the facts and opinions to which the witness is expected to testify.' " *Castaneda* at *2. (quoting Fed. R. Civ. P. 26(a)(2)(C)). The Advisory Committee Notes to Rule 26 indicate that this more limited disclosure requirement applies to "physicians or other health care professionals." Fed. R. Civ. Proc. 26(a)(2)(C), Advisory Committee's Notes (2010). "A treating physician is only exempt from 26(a)(2)(B)'s written report requirement[, however, and permitted to provide a more limited disclosure under Rule 26(a)(2)(C)] to the extent that his opinions were formed during the course of treatment." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

In *Goodman*, the Ninth Circuit considered the unique problem posed by "hybrid experts," i.e., experts who, based on the scope and nature of their testimony, could be classified as either non-retained or retained experts. *Goodman*, 644 F.3d at 826. The *Goodman* court noted that "[a] treating physician is only exempt from 26(a)(2)(B)'s written report requirement [and thus permitted to provide a more limited disclosure under Rule 26(a)(2)(C)] to the extent that his opinions were formed during the course of treatment," and held that the doctors in that case were retained experts for purposes of Rule 26(a)'s disclosure

requirements. *Goodman*, 644 F.3d at 826. Central to the Ninth Circuit's conclusion was the fact that the testimony the doctors intended to proffer went beyond their percipient knowledge:

> Goodman specifically retained a number of her treating physicians to render expert testimony beyond the scope of the treatment rendered; indeed, to form their opinions, these doctors reviewed information provided by Goodman's attorney that they hadn't reviewed during the course of treatment. For these reasons, we agree with the district court that those doctors fell outside the scope of the "treating physician" exception insofar as their additional opinions are concerned. Therefore, Rule 26(a)(2)(B) required disclosure of written reports. By failing to provide these written reports until long after the deadline for plaintiff's expert disclosures had passed, Goodman failed to comply with Rule 26's disclosure requirements.

*Id*.

Applying the Ninth Circuit's reasoning in *Goodman*, courts considering whether expert witnesses—including physicians—are "non-retained" or "retained" have found the nature of the expert's testimony particularly important: when an expert is to offer testimony limited to his or her percipient knowledge, i.e., knowledge and opinions formed at the time an earlier evaluation or report was made, the expert is treated as a non-retained expert; where, as in *Goodman*, the witness's testimony relies on information beyond his or her percipient knowledge, the witness is treated as a retained expert. *See U.S. v. Sierra Pacific Indus*., No. CIV S-09-2445 KJM-EFB, 2011 WL 2119078, *4 (E.D. Cal. May 26, 2011) ("The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others in a manner other than by being a percipient witness to the events in issue"); *see also Mouradian v. Cty. of L.A*., No. CV 21-3880-DMG-SHKx, 2023 WL 2558398, at *2 (C.D. Cal. Jan. 25, 2023) (concluding that plaintiff's failure to provide an expert report did not

compel preclusion of his treating physicians' testimony, but because plaintiff did not submit an expert report for these witnesses, they could not testify about opinions that went beyond the scope of their treatment of plaintiff); *Masimo Corp. v. Apple Inc.*, No. SA CV 20-00048 JVS-JDEx, 2022 WL 18285029, at *3 (C.D. Cal. Nov. 22, 2022) (stating that a witness can be a "percipient expert" where "the witness's testimony is restricted to expert opinions rendered in the normal course of their work duties," but they may not offer "a current opinion for the purposes of litigation").

Based on the above authorities, the Court should preclude Dr. Jong from offering any opinion that he did not render or reach during his autopsy of Puga's body or that is not contained in his report. The Court should also preclude Plaintiffs' counsel from asking, and Dr. Jong from answering, hypothetical questions concerning the position of Puga's body when he sustained a specific gunshot wound. Dr. Jong did not make any finding as to the position of Puga's body when he performed the autopsy or prepared his report. Thus, any opinions on this subject are beyond his percipient knowledge and beyond the scope of the work he performed in connection with Puga's autopsy. If Plaintiffs wished to elicit such opinions and information from Dr. Jong, they were required to provide a written report for such opinions as required under Rule 26(a)(2)(B). They failed to do so.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

**CONCLUSION**

The Court should preclude Dr. Jong from offering any opinion or conclusion, including those based on hypothetical questions, that he did not reach or make in connection with Puga's autopsy or not disclosed in his autopsy report because he was disclosed as a non-retained expert, and Plaintiffs did not produce a written report containing any opinion beyond his work as the medical examiner performing Puga's autopsy.

Dated:  April 17, 2025                    Respectfully submitted,

                                          ROB BONTA
                                          Attorney General of California
                                          NORMAN D. MORRISON
                                          Supervising Deputy Attorney General

                                          */s/ Diana Esquivel*

                                          DIANA ESQUIVEL
                                          Deputy Attorney General
                                          *Attorneys for Defendants State,*
                                          *Blackwood, Kee, and Rubalcava*

LA2022603031
38956276.docx

1

**CERTIFICATE OF COMPLIANCE**

2         The undersigned, counsel of record for Defendants State of California,

3    Blackwood, Kee, and Rubalcava, certifies that this brief contains 2,141 words,

4    which complies with the word limit of L.R. 11-6.1.

5

6    Dated:  April 17, 2025                          */s/ Diana Esquivel*

7                                                    Diana Esquivel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DIANA ESQUIVEL

I, Diana Esquivel, declare:

1.  I am admitted to practice law in California and before this Court, and am a Deputy Attorney General with the Office of the Attorney General for the State of California, attorneys of record for Defendants State of California, by and through the California Highway Patrol, Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava (State Defendants).

2.  As required in the Court's Standing Order and Local Rule 7-16, the parties meet and conferred on the issues presented in this motion as well as the other issues the parties identified as matters that would be subject to motions in limine. On April 7, 2025, the parties exchanged e-mails, listing the motions in limine they intended to file. The parties discussed the factual and legal basis for their respective motion by video conference on April 11. Over the course of the following days, the parties exchanged additional e-mails concerning their position on certain issues. The parties were unable to agree on the issues raised in this motion in limine.

3.  Exhibit A is a true copy of the relevant portion of Plaintiffs' Rule 26 Initial Expert Disclosures produced in this matter.

4.  Exhibit B is a true copy of Dr. Jong's autopsy report produced in this matter. The autopsy was produced as "confidential" under the protective order in placed in this case. For this reason, I am e-mailing the Court and counsel the report, but not filing with this declaration.

/ / /

/ / /

/ / /

/ / /

1     5.  Exhibit C are excerpts of the relevant portions of the condensed transcript

2 of Dr. Jong's deposition testimony, taken on January 2, 2025, in this matter.

3     I declare under penalty of perjury under the laws of the United States and the

4 State of California that the foregoing statements are true and correct.

5

6 Dated:  April 17, 2025                    */s/ Diana Esquivel*

7                                 Diana Esquivel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28