**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and
ANTONIA SALAS UBALDO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L. by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually; <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | Case No. 5:22-cv-00949-KK-SHK <br><br> *Honorable Kenly Kiya Kato* <br> *Mag. Judge Shashi H. Kewalramani* <br><br> **PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' EX PARTE APPLICATION FOR ONE ADDITIONAL MOTION IN LIMINE** |

# I.  <u>INTRODUCTION AND RELEVANT FACTS</u>

The officer-involved encounter and shooting death of Hector Puga on February 17, 2021, was captured on multiple video sources, at multiple angles. One such video source was a nearby house's surveillance camera, which produced a black-and-white video of the shooting, showing Mr. Puga running away and the officers opening fire on him, at an angle that no other video captures. County Defendants sought to extend the fact discovery cut-off for the sole purpose of taking the deposition of the creator of this video, "Sal," contending that they would suffer "irreparable harm" if not permitted to take Sal's deposition because "Defendants' experts will not have the necessary information as to the origin of this video and any alterations made thereto for the purposes of evaluating the credibility of this video from an evidentiary standpoint." (Doc. No. 95 at 4). County Defendants further argued that the video needed to be authenticated by Sal because it appeared "altered" due to the video being zoomed in and zoomed out at times, and County Defendants claiming that the audio does not appear to be synced with the video images. (Doc No. 95 at 14).

Plaintiffs opposed County Defendants' request to extend the fact discovery cut-off to take Sal's deposition, proffering that should the Court deny County Defendants' request, County Defendants would not suffer prejudice because Plaintiffs did not intend to use the video to establish the timeline of the shooting or contend that the events shown on the event match up to the audio of the video. Despite this proffer, the Court granted County Defendants' Ex Parte Application, allowing County Defendants to proceed with taking Sal's deposition.

County Defendants now contend that Defendants were always under the impression that Plaintiffs would not be using the surveillance video as part of Plaintiffs' trial evidence and that the video would be excluded from trial. This is belied by the fact that County Defendants still attempted to take Sal's (later identified as Salvador Navarro Gurrola) deposition (*see* Exs. 1-2 to Le Decl. ISO Pls.' Opp. to Cnty. Defs.' Ex Parte App.), and had their police practices expert, Ken Hubbs, review

the black-and-white surveillance video, from which he attempted to interpret the video and relied on the video to form portions of his opinions contained in his initial Rule 26 Report that was disclosed in January 30, 2025[1] (*see* Ex. D to Le Decl. ISO Pls.' MILs Nos. 1-5, Hubbs Report [Doc. No. 139-4] at 32, 77).

Additionally, the parties exchanged a list of contemplated motions in limine on April 7, 2025. Included in both State Defendants' and County Defendants' lists was a motion to exclude the black-and-white surveillance video. (*See* Exs. 3-4 to Le Decl. ISO Pls.' Opp. to Cnty. Defs.' Ex Parte App). During the parties' April 11, 2025 meet and confer, Plaintiffs' counsel indicated that there were several issues that could not be resolved one way or the other at the meeting, including: (1) limiting photos of Mr. Puga's body and autopsy photos, of which Plaintiffs believed could be resolved in Plaintiffs proposing a select number of photos during the parties' exchange of exhibit list; (2) excluding evidence of Antonia Salas Ubaldo's wrongful death  damages, of which Plaintiffs' counsel needed to get authority from Plaintiffs; and (3) excluding the black-and-white "Sal" surveillance video, of which Plaintiffs' counsel needed to discuss with Plaintiffs' lead trial counsel. (Le Decl. ISO Pls.' Opp. to Cnty. Defs.' Ex Parte App. ¶ 6). Subsequently, when the parties exchanged exhibit lists on April 14, 2025, Plaintiffs' counsel provided further updates and clarification on the outstanding issues from the meet and confer, including Plaintiffs' unwillingness to stipulate to excluding the black-and-white surveillance video. (Le Decl. ISO Pls.' Opp. to Cnty. Defs.' Ex Parte App. ¶ 7; *see* Ex. 5 to Le Decl.). Thus, contrary to County Defendants' claim, Plaintiffs' unwillingness to stipulate to the exclusion of the black-and-white surveillance video was never a "sudden reversal" of Plaintiffs' position,

---

[1] It should be noted that Mr. Hubbs does not question the credibility of the video and instead, takes it at face value in interpreting the video and relying on it to form his opinions.

and Plaintiffs should be allowed to present the black-and-white surveillance video as part of the evidence at trial for the reasons discussed herein.

**II.     GOOD CAUSE DOES NOT EXIST FOR THE COURT TO GRANT
DEFENDANTS' EX PARTE APPLICATION TO FILE A MOTION IN
LIMINE TO EXCLUDE THE BLACK AND WHITE SURVEILLANCE
VIDEO**

**A. The Video is Reliable and Can Be Authenticated at Trial**

County Defendants seem to contend that because the video appears to zoom in and out at times, and claim that the sound is not synced to the images, that the video must be authenticated by the creator of the video. However, the zooming in and zooming out of the video does not materially alter what is depicted in the video and Defendants do not provide any support for the contention that the sound is not synced to the images on the video. When a video does not appear to be altered in any material way, it does not need to be authenticated by the creator of the video; it may be authenticated through other means, such as witnesses who have personal knowledge of what is depicted in the video or other video and photographic evidence of the event showing that the video in question is consistent with other recordings in evidence. *See* Fed. R. Evid. 901(b)(1), (3) (allowing authentication by personal knowledge or by "comparison with an authenticated specimen"); *Diaz v. Cnty. of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) (third party YouTube video that did not appear doctored in a material way, notwithstanding defendant's conclusory conjecture that they could be, could be authenticated because they appeared entirely consistent with videos and photographs of the incident that have already been authenticated); *Bynes v. Olmstead*, No. 2:21-CV-01537-DJC-AC, 2024 WL 3275662, at *6 (E.D. Cal. July 2, 2024) (recording at trial could be authenticated by witness testimony or by other means); *Ian Merritt v. Jonathan Cogley*, No. 23CV1031-CAB-KSC, 2025 WL 1043546, at *3 (S.D. Cal. Apr. 8, 2025) (unavailability of the creator of the video for authentication purposes did not mean the video could not be authenticated by percipient witnesses to the depicted events). Here, there are a number of witnesses to

the incident and authenticated videos and photographs of the incident that may be used to authenticate the black-and-white surveillance video. Additionally, while County Defendants previously argued that Sal's deposition as needed to establish reliability of the video for their experts, County Defendants' police practices expert review and relied on the surveillance video, without Sal's deposition and without taking issue with the reliability of the video. Thus, County Defendants' contention that the black-and-white surveillance video lacks foundation and reliability is unfounded.

### B. Plaintiffs are Entitled to Present Video that Captured the Shooting to Support Their Claims

County Defendants attempt to use Plaintiffs' proffer in their opposition to Defendants' Ex Parte Application to extend the fact discovery cut-off to take Sal's deposition to exclude the video. But Plaintiffs' proffer was made on the basis that the Court deny Defendants' Ex Parte Application. County Defendants' subsequent actions after the parties' briefing on this issue belies Defendants' claim that County Defendants relied on this proffer to their detriment. Not only did County Defendants try to take Sal's deposition, but they also had their police practices expert review and rely on the video in forming his opinions. County Defendants' failure to follow up on taking Sal's deposition when he failed to show up for his originally noticed deposition date should not be faulted to Plaintiffs. Additionally, as discussed above, at no point during the meet and confer process for the parties' motions in limine did Plaintiffs' counsel agree to the exclusion of the black-and-white surveillance video. Thus, there was no "sudden reversal" of position as County Defendants contend.

The surveillance video captures the moment of the shooting and the actions of the involved officers and Mr. Puga. It is relevant to Plaintiffs' claims and Defendants' defenses. Thus, Plaintiffs should be permitted to present this video to the jury to support their claims.

//

### C. The Video Provides Perspective that No Other Evidence Can Provide

Admission of this video at trial is more probative than prejudicial. This video undeniably captures the shooting at a different vantage point and angle than any other video and thus, may fill in the gaps of what occurred prior to and during the shooting. Even if the Court were to find that the syncing of the audio to the images in the video is unreliable, the images depicted in the video can still provide clarity as to the positions of the officers and Mr. Puga prior to and during the shooting. The video shows Mr. Puga's actions at the front of the vehicle, which is in dispute, and positions of the officers immediately prior to and during the shooting, which is in dispute. For example, one important aspect of this video is that it shows where the County Deputies were at the time of the initial shots, calling into question their claims that they were in a position to be able to allegedly see Mr. Puga reach down into his waistband and produce a gun prior to running. If this video is not admitted, County Deputies' claim regarding what they observed and when they observed it could not be challenged, despite there being evidence to do so, which would prejudice Plaintiffs' ability to fully present their case. Additionally, County Defendants' issues regarding the zooming in and out and audio syncing go to the weight of the evidence, not the admissibility of the evidence. Accordingly, this video should be admitted to be shown at trial.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny County Defendants' Ex Parte Application for One Additional Motion in Limine in its entirety.

DATED: April 18, 2025                    LAW OFFICES OF DALE K. GALIPO

By _____*/s/ Hang D. Le*_____
                    Dale K. Galipo
                    Hang D. Le
                    Attorneys for Plaintiffs

1

### <u>Certificate of Compliance</u>

The undersigned, counsel of record for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo, certifies that this brief contains 1,625 words, which complies with the word limit of L.R. 11-6.1.


DATED: April 18, 2025                    LAW OFFICES OF DALE K. GALIPO


                                         By _____ */s/ Hang D. Le*_____
                                             Dale K. Galipo
                                             Hang D. Le
                                             Attorneys for Plaintiffs