# Exhibit 4

# Hang Le

| | |
|---|---|
| **From:** | Amy R. Margolies <amargolies@lynberg.com> |
| **Sent:** | Monday, April 7, 2025 8:27 PM |
| **To:** | Diana Esquivel; Hang Le |
| **Cc:** | Dale Galipo; Santiago Laurel; Shannon Gustafson |
| **Subject:** | RE: L.C., et al. v. State of California, et al. - State Defs' MILs |

Good evening,

See below list of County's anticipated Motions in Limine although we hope to reach resolution/stipulation on many of these.

1. MIL to exclude certain aspects of Plaintiffs' video expert
    a. Kimmins bullet count video
    b. Kimmins commentary on the video compilation
    c. Any of Kimmins opinions on the incident itself
2. MIL to exclude portions of Plaintiffs' police practice expert
    a. Testimony from Clark as to opinions re ultimate fact and credibility determinations
    b. Testimony from Clark as to any opinions on pepper balls
3. MIL to exclude reference to Botten injuries/Botten's being injured
4. MIL to exclude reference to witnesses' speculation as to Puga's state of mind (i.e. Betzabeth Gonzalez' testimony that Puga was scared of police)
5. MIL to exclude photographs of Puga's deceased body, including Puga's autopsy photos. We propose the parties meet and confer on agreeable photographs
6. MIL to exclude Sal surveillance video. It is our understanding that Plaintiff does not intend to use this video if so, the parties would instead prepare a stipulation.
7. MIL to exclude any other lawsuits and/or complaints against defendants

I look forward to discussing these further at our video conference on Friday.

Thank you,

AMY R. MARGOLIES, ESQ.
PARTNER
Off: (714) 937-1010    Fax: (714) 937-1003



LYNBERG & WATKINS

1100 W. Town & Country Rd., Suite 1450
Orange, California 92868
www.lynberg.com    www.linkedin.com

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this email in error, please immediately notify me by 'Reply' command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lynberg & Watkins for any loss or damage arising in any way from its use.

**From:** Diana Esquivel <Diana.Esquivel@doj.ca.gov>
**Sent:** Monday, April 7, 2025 6:57 PM
**To:** Hang Le <hlee@galipolaw.com>; Amy R. Margolies <amargolies@lynberg.com>; Shannon Gustafson <sgustafson@lynberg.com>
**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>
**Subject:** RE: L.C., et al. v. State of California, et al. - State Defs' MILs

**CAUTION:** This email originated from outside of Lynberg & Watkins. Do not click any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

Good afternoon,

State Defs intend to file the following MILs:

1. Exclude testimony of any witness who opined that Puga was scared or having other emotion
2. Limit photos of Puga's body and exclude all autopsy photos
3. Exclude evidence of other lawsuits or complaints filed against Defendants
4. Exclude Kimmin's testimony and video re bullet count, and if necessary, exclude his commentary in compilation video (*see* No. 5 in next section below)
5. Limit Dr. Jong's testimony to findings and opinions stated in his report and exclude any opinion not included in his report, including those opinions based on hypothetical scenarios

State Defs request that the parties stipulate to the exclusion of the following issues to avoid filing a MIL (including seeking leave to file add'l MILs):

1. Exclude evidence of the Botten injuries
2. Exclude evidence of the State and County's indemnification of an adverse verdict
3. Exclude "Sal" surveillance video
4. Exclude evidence of Antonia Salas Ubaldo's wrongful death damages
5. Exclude Kimmin's commentary in compilation video
6. Exclude Roger Clark's opinions re ultimate facts
7. Exclude evidence of Plaintiffs' funeral/burial expenses

Thanks,

-Diana

Diana Esquivel
Deputy Attorney General
TORT & CONDEMNATION SECTION
Office of the Attorney General
Tel: (916) 210-7320
Fax: (916) 322-8288
Email: Diana.Esquivel@doj.ca.gov

**From:** Hang Le <hlee@galipolaw.com>
**Sent:** Monday, April 7, 2025 4:55 PM
**To:** Diana Esquivel <Diana.Esquivel@doj.ca.gov>; Amy R. Margolies <amargolies@lynberg.com>; Shannon Gustafson <sgustafson@lynberg.com>

**Cc:** Dale Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>
**Subject:** L.C., et al. v. State of California, et al. - Plaintiffs' MILs

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel,

Below please find Plaintiffs' contemplated Motions in Limine in the *L.C., et al. v. State of California, et al.* case.

1. MIL to exclude Puga's criminal history and prior contacts with law enforcement
2. MIL to exclude Mr. Puga's prior alleged drug and alcohol use and use of drugs/alcohol on the day of the incident, including the toxicology report
3. MIL to exclude allegations of Mr. Puga's affiliation or membership with a gang
4. MIL to exclude evidence/documents produced after the fact discovery cutoff
5. MIL to exclude certain opinions from Defendants' police practices experts
    a. Greg Meyer
        i. Forensic analysis of videos: that Puga had a gun in his waistband when he was exiting the vehicle and he had a gun in his hand while he was running
        ii. Action-reaction time
        iii. Rebuttal opinions to Matthew Kimmins videos
        iv. Speculation regarding what officers perceived after Puga fell to the ground
    b. Kenneth Hubbs
        i. Hector's actions were consistent with chronic drug abuse
        ii. Hector's actions on February 17, 2021 are consistent with suicide by cop
        iii. Puga was a dangerous career criminal (and recitation of his criminal history that as unknown to the officers)
        iv. Assessment that Puga was attempting to manipulate the officers and deputies into a position where he could ambush and shoot the officers and deputies
        v. Conclusion that Puga was preparing for a gunfight and planned to go down with gunfire to avoid being sent back to prison
        vi. Speculation that Puga may have fired as many as five rounds during the incident

Best,
Hang

**Hang D. Le, Esq.** | **Law Offices of Dale K. Galipo** | 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367 | Office: +1.818.347.3333 | Fax: +1.818.347.4118| Email: hlee@galipolaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.