SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, County of San Bernardino, Robert Vaccari, and Jake Adams

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually,<br><br>        Plaintiffs,<br><br>    vs<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>        Defendants. | CASE NO. 5:22-cv-00949-KK-(SHKx)<br><br>*Assigned for All Purposes to:*<br>*Hon. Kenly K. Kato – Courtroom 3*<br><br>**DECLARATION OF AMY R. MARGOLIES, ESQ. IN SUPPORT OF COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE DISCLOSED OR PRODUCED AFTER FACT DISCOVERY CUT-OFF** |

1

**DECLARATION OF AMY R. MARGOLIES, ESQ. IN SUPPORT OF COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE DISCLOSED OR PRODUCED AFTER FACT DISCOVERY CUT-OFF**

**<u>DECLARATION OF AMY R. MARGOLIES</u>**

I, Amy R. Margolies, declare as follows:

1.    I am an attorney at law duly authorized to practice before this Court and am a partner with Lynberg & Watkins, attorneys for Defendants County of San Bernardino, Robert Vaccari, and Jake Adams in this action.  I have personal knowledge of the facts stated herein, except those stated upon information and belief, and as to those matters, I believe them to be true.  If called upon to testify to the matters herein, I could and would competently do so.

2.    The at issue subpoena records to the third parties was issued on December 6, 2024, as soon as their need became apparent, still nearly a month before the January 2, 2025, discovery cut-off but regrettably not within the 45-days before the cut-off as directed in the Court's civil trial scheduling order.

3.    The need for the subpoenaed records became apparent after the first deposition of Plaintiff, wherein Plaintiff Antonia Salas Ubaldo, Decedent's mother, feigned ignorance as to Mr. Puga's well documented violent criminal conduct, despite testifying they were very close, attended trials and visited him in jail, and each Plaintiff thereafter also denied or minimized their knowledge thereby necessitating the need for more detailed criminal records to address Plaintiffs' credibility.

4.    Attached hereto as Exhibit "A" is a true and correct copy of the email correspondence between Defense counsel and Plaintiffs' counsel wherein Plaintiffs blocked Defendants' attempt to depose Plaintiffs any earlier than December 3, 2024, and the related Notice of Depositions for each Plaintiff and their Amended Notices of Deposition. Plaintiff A.L.'s GAL Lidia Lopez was deposed on December 4, 2024. Plaintiff L.C.'s GAL Maria Cadena's was deposed on December 11, 2024, as was Plaintiff I.H.'s GAL Jasmine Hernandez. Mr. Puga's sisters Gabriela Salas and Nancy Juarez were deposed on December 19, 2024.

**DECLARATION OF AMY R. MARGOLIES, ESQ. IN SUPPORT OF COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE DISCLOSED OR PRODUCED AFTER FACT DISCOVERY CUT-OFF**

5.    Attached hereto as Exhibit "B" is a true and correct copy of relevant excerpts from Plaintiff Antonia Ubaldo's deposition transcript.

6.    After Plaintiffs repeated denials of their knowledge of Mr. Puga's confrontational and violent criminal conduct, the same day, County Defendants immediately requested a rush order for subpoenas to the CDCR Archives, East Angeles County Sheriff's Station, LAPD Metropolitan Detention Center, Long Beach Police Department, Los Angeles County Sheriff's Department, Los Angeles Police Department, South Angeles County Sheriff's Station, and the Wasco State Prison. The process server served the subpoenas on December 6, 2024.

7.    Attached hereto as Exhibit "C" is a true and correct copy of relevant excerpts from Plaintiff I.H.'s GAL Jasmine Hernandez's deposition transcript.

8.    Attached hereto as Exhibit "D" is a true and correct copy of relevant excerpts from Plaintiff A.L.'s GAL Lidia Lopez's deposition transcript.

9.    Attached hereto as Exhibit "E" is a true and correct copy of relevant excerpts from Plaintiff L.C.'s GAL Maria Cadena's deposition transcript.

10.    Attached hereto as Exhibit "F" is a true and correct copy of  Maria Cadena's Restraining Order against Mr. Puga.

11.    Attached hereto as Exhibit "G" is a true and correct copy of the email correspondence between Plaintiffs' counsel and Defense counsel regarding Plaintiffs' objections to the facilities directed them that they were prohibited from disclosing the records that Defense counsel had duly issued regarding Mr. Puga's criminal records.

12.    Attached hereto as Exhibit "H" is a true and correct copy of the email correspondence sent by Plaintiffs' counsel wherein they agree to withdraw their objections to the subpoenas for Mr. Puga's criminal records provided Defendants provide copies of all materials received to Plaintiffs.

13.    Attached hereto as Exhibit "I" is a true and correct copy of the email

**DECLARATION OF AMY R. MARGOLIES, ESQ. IN SUPPORT OF COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE DISCLOSED OR PRODUCED AFTER FACT DISCOVERY CUT-OFF**

correspondence sent by Defense counsel wherein they agreed to provide Mr. Puga's criminal records they received from their subpoenas.

14.    Attached hereto as Exhibit "J" is a true and correct copy of the email correspondence sent by Plaintiffs' counsel wherein they provided their withdraw objection letters to the subpoenaed facilities.

15.    Plaintiffs' counsel received the subpoenaed records received from the facilities promptly after Defense counsel received the records, thereby curing any potential prejudice to Plaintiffs.

16.    Plaintiffs' only objection to the subpoenas was based on relevance and at no point did they raise any concern regarding timing or violation of the Court's scheduling order.  Had Plaintiffs raised any timeliness concerns back in December 2024 when the subpoenas were issued, Defendants would have immediately, as stated, filed an Ex Parte to seek Court intervention and fully brief the issue.  Relying on Plaintiffs' agreement to withdraw their objections provided they receive copies of the materials, Defendants believed this matter was settled.  In fact, several of Defendants' experts relied on these records and authored reports reflecting the same and at no time did Plaintiffs offer any rebuttal or objection to these records until the instant motion in limine.

17.    Defendants only intend to address relevant information in trial and not many of the records will be needed.  While Defendants maintain that all the records at issue should not be excluded for the reasons stated herein, Defendants do not intend to use several of the records.  In particular, County Defendants do not intend to use the following materials: Los Angeles County Sheriff's Department records from Temple Street, produced on January 15, 2025 (17 pages),  Los Angeles County Sheriff's Department Twin Towers Correctional Facility Records, produced on January 17, 2025 (17 pages), CDCR Archives Incarceration records, produced on

**DECLARATION OF AMY R. MARGOLIES, ESQ. IN SUPPORT OF COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE DISCLOSED OR PRODUCED AFTER FACT DISCOVERY CUT-OFF**

January 17, 2025 (8 pages) or East Angeles County Sheriff's Station records, produced on January 24, 2025 (8 pages).

18.     The subpoena records demonstrate Mr. Puga's consistent violent criminal behavior and actions against law enforcement. They reflect a history of violent felonies, prison time, and conduct consistent with his actions during the incident.

19.     Two months prior, per the publicly available criminal complaint, Mr. Puga was charged in the Central District for being a felon in possession of a loaded AR-15 assault rifle and ammunition.  Attached hereto as Exhibit "K" is a true and correct copy of Mr. Puga's federal criminal complaint publicly filed December 24, 2020 (two months before the incident).

20.     Two days before the incident, on February 15, 2021, Mr. Puga fled a police stop, and was seen by his sister with a gun matching the description of the gun he fired at officers during the incident.

21.     The night before the incident, on February 16, 2021, Mr. Puga shot at a stranger on the freeway; hours later, the incident at issue in this lawsuit occurred where Mr. Puga led police on a high-speed chase through residential areas before his vehicle was disabled.

22.     Mr. Puga's actions on the night of the incident mirror a 2015 incident, in which Mr. Puga also led police on a pursuit and then fired at them when he exited his vehicle.

23.     Defendants' criminal sentencing expert will testify that, had Mr. Puga survived, he would likely have been sentenced to life in prison, significantly limiting the "society and comfort" he could have provided to Plaintiffs.

///

///

**5**

**DECLARATION OF AMY R. MARGOLIES, ESQ. IN SUPPORT OF COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE DISCLOSED OR PRODUCED AFTER FACT DISCOVERY CUT-OFF**

1    I declare under penalty of perjury under the laws of the United States of

2   America that the above statement is true and correct. Executed this 24th day of April

3   2025 in San Diego, California.

4

5                                          */s/ Amy R. Margolies*
                                           _____
6                                          **DECLARANT**
                                           **AMY R. MARGOLIES**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF AMY R. MARGOLIES, ESQ. IN SUPPORT OF COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE DISCLOSED OR PRODUCED AFTER FACT DISCOVERY CUT-OFF**