SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO, ROBERT VACCARI, and JAKE ADAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | CASE NO. 5:22-cv-00949-KK-(SHKx) <br><br> *Assigned for All Purposes to:* <br> Hon. Kenly K. Kato – Courtroom 3 <br><br> **COUNTY DEFENDANTS'** ***CONDITIONAL*** **OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF COUNTY OF SAN BERNARDINO'S FINDINGS THAT OFFICERS' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED AND/OR WAS WITHIN POLICY** <br><br> Trial Date:   June 2, 2025 <br><br> *Complaint filed: 06/07/2022* <br> *FAC filed:  10/18/22* <br> *SAC filed:  01/13/23* <br> *TAC filed: 05/12/23* |

1

**COUNTY DEFENDANTS'** ***CONDITIONAL*** **OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF COUNTY OF SAN BERNARDINO'S FINDINGS THAT OFFICERS' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED AND/OR WAS WITHIN POLICY**

I. **COUNTY DEFENDANTS' POSITION ON ADMISSION OF POLICY EVIDENCE**

Plaintiffs' Motion in Limine No. 5 seeks to exclude any evidence that the State of California and/or the County of San Bernardino made findings that the use of force was within policy, reasonable, justified or lawful. County Defendants agree that they will not offer such evidence on the *condition* that Plaintiffs do not introduce evidence that the actions of Defendants were unlawful or not in policy.

Specifically, Plaintiffs through their expert Roger Clark, apparently intend to offer evidence that the use of the pepper ball launcher to strike Puga violated San Bernardino County Sheriff's Department ("SBCSD") policy. Defendants have separately filed Defendants' Motion in Limine No. 2 to exclude this opinion by Clark on the grounds that he is not qualified to opine as an expert on the use of the pepper ball launcher. However, if this testimony is allowed and Clark is permitted to testify that this use of force fell outside of SBSD policy as stated in his report, then Defendants should be permitted to respond with evidence from their personnel that the pepper ball as used by individual County Defendant, Sergeant Vaccari, was consistent with SBSD policies and training at the Department. (Gustafson Decl. ¶2, Exhibit 1- Opinion 1). Additionally, Clark, apparently intends to offer evidence that the use of the second taser deployment violated SBCSD policy. However, if this testimony is allowed and Clark is permitted to testify that this use of force fell outside of SBSD policy as stated in his report, then Defendants should again be permitted to respond with evidence from their personnel that taser used by individual County Defendant, Sergeant Vaccari, was consistent with SBSD policies and training at the Department. (Gustafson Decl. ¶2, Exhibit 1- Opinion 7).

2

COUNTY DEFENDANTS' *CONDITIONAL* OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF COUNTY OF SAN BERNARDINO'S FINDINGS THAT OFFICERS' USE OF FORCE WAS NOT CRIMINAL, WAS REASONABLE, JUSTIFIED AND/OR WAS WITHIN POLICY

However, Defendants maintain that all such evidence that SBSD policies were violated and/or alternatively evidence that conduct was within policy should be excluded as irrelevant. In particular, the United States Supreme Court has found that the requirements of federal constitutional law – not state or local rules – set the standard for liability under 42 *U.S.C.* § 1983. *See, Baker v. McCollan*, 443 U.S. 137, 146 (1979). It is based exclusively on Constitutional law — not on internal municipal policies that may (and often do) set higher standards of conduct than the constitutional minimums articulated by the courts. Many courts have recognized and applied this important distinction. *See, e.g., Cotton v. Cty. of Santa Barbara*, 2010 WL 11508619, at *2 (C.D. Cal. 2010), *aff'd sub nom., Cotton v. Martinez*, 475 F. App'x 207 (9th Cir. 2012); *Nesby v. City of Oakland,* 2007 WL 831765, at *21 (N.D. Cal. 2007); *see also, Davis v. Scherer,* 468 U.S. 183, 194 (1984); *Whren v. United States*, 517 U.S. 806, 815 (1996). As such questions about whether a peace officer has violated an administrative, state, or local policies are patently irrelevant as is the evidence that such conduct was within policy and both should be excluded. *See*, *Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 929-930 (9th Cir. 2001); *see, Campbell v. Burt,* 141 F.3d 927, 930 (9th Cir. 1998); *Backlund v. Barnhart*, 778 F.2d 1386, 1390 n.5 (9th Cir. 1985).

Likewise, Clark repeatedly refers to the use of force as "unnecessary" and/or "excessive" which Defendants have also moved to exclude as part of their Motion in Limine No. 2. However, should Clark's testimony be permitted, these words are all synonyms for Clark testifying that in his opinion the use of force was unlawful. If such testimony is permitted, Defendants should be allowed to address the District Attorney's findings that the shooting was determined by them to be justified and that no criminal action was taken, to counter Clark's testimony. But again, County Defendants maintain that neither side should offer such evidence.

DATED: April 24, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO
ROBERT VACCARI, and JAKE ADAMS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for County Defendants, certifies that this brief contains 631 words, which:

x complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: April 24, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO
ROBERT VACCARI, and JAKE ADAMS