SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF SAN BERNARDINO, ROBERT VACCARI, and JAKE ADAMS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>Defendants. | CASE NO. 5:22-cv-00949-KK-(SHKx)<br><br>*Assigned for All Purposes to:*<br>*Hon. Kenly K. Kato – Courtroom 3*<br><br>**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE CERTAIN OPINIONS AND TESTIMONY OF DEFENDANTS' POLICE PRACTICES EXPERT KEN HUBBS**<br><br>Date:       May 15, 2025<br>Time:      10:30 a.m.<br>Crtrm:     3<br><br>*Trial Date:*  June 2, 2025<br><br>*Complaint filed:* 06/07/2022<br>*FAC filed:* 10/18/22<br>*SAC filed:* 01/13/23<br>*TAC filed:* 05/12/23 |

1
**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE CERTAIN OPINIONS AND TESTIMONY OF DEFENDANTS' POLICE PRACTICES EXPERT KEN HUBBS**

## I. INTRODUCTION

Plaintiffs' Motion in Limine No. 4 seeks to exclude certain opinions and testimony by police practices expert Greg Meyer and Ken Hubbs. Expert Meyer was retained by the CHP defendants to address the claims against them and therefore the County Defendants take no position on this Motion as it pertains to Mr. Meyer and will defer to the CHP on such issues.

Expert Hubbs was retained as a police practices expert to provide opinions regarding the actions of the County Defendants. Importantly, Plaintiffs do not challenge Expert Hubbs qualifications to serve in this capacity and have limited their Motion to a few narrow issues to which the County Defendants respond herein.

## II. SUICIDE BY COP OPINION THROUGH EXPERT HUBBS

County Defendants will stipulate not to offer the opinion through Mr. Hubbs that "Mr. Puga's actions on the date of the incident, and on the prior March 2015 incident with law enforcement are consistent with the actions of a person attempting to commit suicide by cop." (Opp. pg 4). Defendants dispute Plaintiffs' contention that Expert Hubbs is not qualified to state this opinion as a law enforcement officer trained on the subject. However, Plaintiffs are correct that Defendants have retained a forensic psychologist, Dr. Kris Mohandie, for this purpose and they do not intend to offer duplicative testimony on the subject of "suicide by cop."

## III. NUMBER OF ROUNDS FIRED BY PUGA THROUGH EXPERT HUBBS

County Defendants will stipulate that Expert Hubbs will not offer the opinion that "It is conceivable that Puga may have fired as many as five rounds." Again, Defendants have retained ballistics expert, Lucien Haag, who is not being challenged, to opine as to the number of shots fired by Mr. Puga.

///

///

IV. **OTHER OPINIONS BY EXPERT HUBBS**

Plaintiffs next seek to exclude any opinions by Expert Hubbs that Puga was attempting to get into a position where he could ambush and/or shoot at the officers solely on the grounds that Plaintiffs allege Expert Hubbs is making a credibility determination because this theory is disputed.

Defendants agree that credibility determinations are within the province of the jury. However, Expert Hubbs should be permitted to testify that a reasonably trained police officer following standard practices and procedures would view Mr. Puga's actions, including moving from a position of the vehicle, as an escalation where Mr. Puga now had the advantage. Such testimony assists the trier of fact in understanding why Mr. Puga's actions in moving where he did, required the Defendants to now move in and apprehend Mr. Puga. Further, Plaintiffs' expert, Roger Clark will offer the opinion that "the situation did not call for an urgent response at the time the officers approached Mr. Puga." (Gustafson Decl. ¶2, Exhibit 1 – Opinion 6). Defendants therefore must be able to offer testimony through their respective police practices expert to counter this opinion by explaining why training and experience absolutely required immediate action once Mr. Puga changed positions based upon what that move under the totality of the circumstances would signal to a trained law enforcement officer. Even Clark agreed at his deposition that when Mr. Puga moved to the front of the vehicle, he now had a "tactical" advantage. (Gustafson Decl. ¶3, Exhibit 2- Clark Depo).

Hence, Expert Hubbs' opinion is not a credibility determination, but rather a review of the actions of Mr. Puga through the lens of how they would reasonably be interpreted by one with law enforcement training. Because Expert Hubbs' testimony is rooted in his specialized law enforcement training and experience, offering the jury valuable insight into how Mr. Puga's actions would be perceived by a reasonably trained officer, this opinion is crucial for understanding the Defendants' decision-

1  making and actions during the incident. As such, excluding Expert Hubbs' testimony
2  as requested in Plaintiffs' Motion in Limine No. 4, would deprive the jury of pertinent
3  information that would aid in assessing Defendants' response to Mr. Puga's actions
4  under the circumstances.

6  DATED: April 24, 2025      **LYNBERG & WATKINS**
                                A Professional Corporation

9                              By: /s/ Shannon L. Gustafson
                                   **SHANNON L. GUSTAFSON**
                                   **AMY R. MARGOLIES**
                                   Attorneys for Defendant,
                                   COUNTY OF SAN BERNARDINO
                                   ROBERT VACCARI, and JAKE ADAMS

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE CERTAIN OPINIONS AND TESTIMONY OF DEFENDANTS' POLICE PRACTICES EXPERT KEN HUBBS**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for County Defendants, certifies that this brief contains 658 words, which:

☐ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: April 24, 2025

**LYNBERG & WATKINS**
A Professional Corporation

By: /s/ Shannon L. Gustafson
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
Attorneys for Defendant,
COUNTY OF SAN BERNARDINO
ROBERT VACCARI, and JAKE ADAMS

**COUNTY DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE CERTAIN OPINIONS AND TESTIMONY OF DEFENDANTS' POLICE PRACTICES EXPERT KEN HUBBS**