# EXHIBIT 2

```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
L.C., a minor by and through )
her guardian ad litem Maria  )
Cadena, individually and as  )
successor-in-interest to     )
Hector Puga; I.H., a minor by)
and through his guardian ad  )
litem Jasmine Hernandez,     )
individually and as          )
successor-in-interest to     ) CASE NO. 5:22-cv-00949-KK
Hector Puga; A.L., a minor by)        (SHKx)
and through her guardian ad  )
litem Lydia Lopez,           )
individually and as          )
successor-in-interest to     )
Hector Puga; and ANTONIA     )
SALAS UBALDO, individually,  )
                             )
         Plaintiffs,         )  ORAL AND VIDEOTAPED
                             )     DEPOSITION OF
       vs.                   )      ROGER CLARK
                             )   IN EXPERT CAPACITY
STATE OF CALIFORNIA; COUNTY  ) VIA WEB VIDEOCONFERENCE
OF SAN BERNARDINO; S.S.C., a ) TUESDAY, MARCH 11, 2025
nominal defendant; ISAIAH    )       VOLUME I
KEE; MICHAEL BLACKWOOD;      )
BERNARDO RUBALCAVA; ROBERT   )
VACCARI; JAKE ADAMS; and     )
DOES 6-10, inclusive,        )
                             )
         Defendants.         )
_____)
```

Volume I of oral and videotaped deposition taken remotely on behalf of Defendants, commencing at 1:04 p.m. on Tuesday, March 11, 2025 before Erika "Rik" Rutledge, Certified Shorthand Reporter No. 13774 for the State of California.

1

```
 1   APPEARANCES OF COUNSEL:
 2
     FOR PLAINTIFFS:
 3
         LAW OFFICES OF DALE K. GALIPO
 4       BY:  HANG D. LE
              ATTORNEY AT LAW
 5       21800 Burbank Boulevard
         Suite 310
 6       Woodland Hills, California 91367
         818.347.3333
 7       hlee@galipolaw.com
 8

 9   FOR DEFENDANTS State of California by and through the
     CHP, and Officers Michael Blackwood, Isaiah Kee, and
10   Bernardo Rubalcava:

11       STATE OF CALIFORNIA
         TORT & CONDEMNATION SECTION
12       OFFICE OF ATTORNEY GENERAL
         BY:  DIANA ESQUIVEL
13            DEPUTY ATTORNEY GENERAL
         1300 "I" Street
14       Sacramento, California 95814
         916.210.7320
15       diana.esquivel@doj.ca.gov

16

17   FOR DEFENDANTS County of San Bernardino, Robert Vaccari,
     and Jake Adams:
18
         LYNBERG & WATKINS
19       BY:  SHANNON GUSTAFSON
              ATTORNEY AT LAW
20       1100 West Town & Country Road
         Suite 1450
21       Orange, California 92868
         714.937-1010
22       sgustafson@lynberg.com

23

24   LEGAL VIDEOGRAPHER:

25       Blake Jones - Dean Jones Legal Videos, Inc.
```

2

```
 1                         INDEX
 2   DEPONENT              EXAMINATION               PAGE
 3   Roger Clark           Ms. Gustafson              5
 4                         Ms. Esquivel             100
 5
 6
 7                        EXHIBITS
 8   Exhibit              Description               Page
 9   EXHIBIT 58      Rule 26 Testimony Case List      7
10   EXHIBIT 59      Fee Schedule                    15
11   EXHIBIT 60      Curriculum Vitae                17
12   EXHIBIT 61      Expert Opinions Report          42
13
14
15
                     QUESTIONS NOT ANSWERED
16
                            (None)
17
18
19
                     INFORMATION REQUESTED
20
                            (None)
21
22
23
24
25
```

3

```
             1              REMOTE VIA WEB VIDEOCONFERENCE
             2              TUESDAY, MARCH 11, 2025 1:04 P.M.
             3                           oo0Ooo
             4
13:05:01     5         THE VIDEOGRAPHER:  Good morning.  This is the
             6   video deposition of Roger Clark, taken remotely on
             7   Tuesday, March 11th, 2025, in the matter of L.C., et
             8   al., versus the State of California, County of San
             9   Bernardino, case No. 5:22-CV-00949 KK-(SHKx.)
13:05:49    10         This case is being heard in the United States
            11   District Court in the Central District of the State of
            12   California.
            13         My name is Blake Jones, legal videographer,
            14   contracted through Dean Jones Legal Videos, Incorporated
13:06:02    15   of Los Angeles and Santa Ana, California.
            16         Because we're not in person, the videographer
            17   will have to interrupt the proceedings if the deponent
            18   drifts out of frame or should any connectivity issues
            19   with Zoom occur.
13:06:02    20         This deposition is commencing at 1:06 p.m.
            21   Would all present please identify themselves, beginning
            22   with the deponent.
            23         THE WITNESS:  Roger Clark.
            24         MS. GUSTAFSON:  Shannon Gustafson for the
13:06:21    25   County defendants.  And also just to clarify for the
```

4

**Clark, Roger**
**L.C., a minor v. State of California**

```
          1   record, this deposition is also being taken in the
          2   consolidated for discovery of Botten, et al. versus
          3   State of California, et al., and that case number is
          4   5:23-CV-00257-KK-SHK.
13:06:50  5        MS. ESQUIVEL:  Diana Esquivel on behalf of the
          6   State defendants, appearing from Sacramento.
          7        MS. LE:  Hang Le on behalf of the plaintiffs in
          8   L.C., et al. versus State of California, and on behalf
          9   of the plaintiffs in Botten, et al. versus State of
13:07:04 10   California, et al.
         11        THE VIDEOGRAPHER:  Would the court reporter
         12   please administer the oath.
         13        THE REPORTER:  You do solemnly swear that the
         14   testimony you are about to give in this deposition shall
13:07:20 15   be the truth, the whole truth, and nothing but the
         16   truth, so help you God?
         17        THE WITNESS:  I do.
         18        THE REPORTER:  Thank you.
         19                     EXAMINATION
13:07:23 20   BY MS. GUSTAFSON:
         21     Q   Mr. Clark, how many times have you been
         22   deposed?
         23     A   Around 1,400 times.  Well, depositions only
         24   would be 1,000 times.
13:07:35 25     Q   So we can dispense with all the reading of the
```

5

|  |  |
|---|---|
| 1 | A   Yes. |
| 2 | Q   Even though they could not see his waistband |
| 3 | any longer? |
| 4 | A   Yes. |
| 15:36:19  5 | Q   That no matter what, even though Mr. Puga is in |
| 6 | front of the car, they should have let him be there and |
| 7 | not gone any further? |
| 8 | A   Well, how can they?  They have to go into this |
| 9 | open -- this space between their -- the safety of their |
| 15:36:32 10 | vehicles and the front of the SUV, which is -- there's a |
| 11 | term for it, it's called the "kill zone," and they would |
| 12 | breach that. |
| 13 | And they wouldn't.  So they know that he has |
| 14 | now put himself at a tactical advantage by getting in |
| 15:36:53 15 | front of his vehicle.  But he's still there.  So they'd |
| 16 | have to deal with it from their position of cover, not |
| 17 | break cover and get up to him. |
| 18 | Q   So make sure I understood correctly.  You would |
| 19 | agree with me that once Mr. Puga has moved to the front |
| 15:37:09 20 | of the vehicle and is now partially concealed, he is -- |
| 21 | he does have a tactical advantage? |
| 22 | A   Exactly.  That's -- we commented on that by |
| 23 | keeping him in the vehicle. |
| 24 | Q   And so he's now got a tactical advantage once |
| 15:37:26 25 | he's in front of the car; do we agree? |

83

|            |    |                                                              |
|------------|----|--------------------------------------------------------------|
|            | 1  | A   He opens the door and he's allowed to walk from          |
|            | 2  | the open area of the door, when he should be told,           |
|            | 3  | "Don't do this," and he should have at least been hit by     |
|            | 4  | a 40-millimeter at that point, and now he's allowed to       |
| 15:37:42   | 5  | saunter -- my word -- to the front of his vehicle.           |
|            | 6  | Q   You said "saunter"?                                      |
|            | 7  | A   Yes.  Walk.                                              |
|            | 8  | Q   In your review of the materials, did Mr. Puga            |
|            | 9  | move slowly to the front of his vehicle or quickly?          |
| 15:37:56   | 10 | A   It was not very fast, and he just moved right            |
|            | 11 | over to the front of the vehicle, put himself -- now he      |
|            | 12 | has placed his vehicle between them, and he's standing       |
|            | 13 | in the front.  Now he needs to be told robustly and          |
|            | 14 | given due notice --                                          |
| 15:38:22   | 15 | Q   So I want to make sure --                                |
|            | 16 | A   -- that, You have done a bad thing.  And they            |
|            | 17 | let him do this.                                             |
|            | 18 | Q   I just want to get an answer to my question,             |
|            | 19 | because you added a bunch of stuff here, and I want to       |
| 15:38:33   | 20 | make sure we're in agreement.                                |
|            | 21 | Once Mr. Puga has moved to the front of his                  |
|            | 22 | vehicle, does he have a tactical advantage -- yes or no?     |
|            | 23 | A   I think I just said at least twice he now has a          |
|            | 24 | tactical advantage.  They have squandered their --           |
| 15:38:49   | 25 | Q   Mr. Clark, that's the problem.  I want an                |

84

|  |  |
|---|---|
|  | 1  answer to my question and you want to give this big old |
|  | 2  long explanation, but I would like my question answered, |
|  | 3  and you're not answering.  You're being nonresponsive if |
|  | 4  we were in court. |
| 15:39:03 | 5       MS. LE:  I think he's trying to answer the |
|  | 6  question.  Can you just let him finish the question |
|  | 7  [sic].  He's trying to answer your entire question, and |
|  | 8  if you would let him finish the answer, he might be |
|  | 9  answering your question. |
| 15:39:11 | 10  BY MS. GUSTAFSON: |
|  | 11       Q    My question is only, it's a very narrow |
|  | 12  question.  Was Mr. Puga at a tactical advantage once he |
|  | 13  was in front of his vehicle -- yes or no? |
|  | 14       A    Well, to accommodate the request, he was at a |
| 15:39:32 | 15  tactical advantage, which was allowed. |
|  | 16       Q    See, there we go, you're adding onto my |
|  | 17  question again. |
|  | 18       MS. GUSTAFSON:  I will object as nonresponsive |
|  | 19  and move to strike the answer. |
| 15:39:44 | 20       THE WITNESS:  Well, read the first sentence of |
|  | 21  that Opinion 6 and you'll see it's there. |
|  | 22  BY MS. GUSTAFSON: |
|  | 23       Q    I just want an answer.  Do you agree with me -- |
|  | 24  and it's a yes-or-no question. |
| 15:39:57 | 25       Was Mr. Puga at a tactical advantage once he |

85

```
1                STATE OF CALIFORNIA      )
2                                         )   ss.
     COUNTY OF ORANGE              )
3
4
5                I, Erika "Rik" Rutledge, Certified
6    Shorthand Reporter, Certificate No. 13774, for the State
7    of California, hereby certify:
8                I am the deposition officer that
9    stenographically recorded the testimony in the foregoing
10   deposition;
11               Prior to being examined, the deponent was
12   by me first duly sworn;
13               The foregoing transcript is a true and
14   accurate record of the testimony given.
15
16   Dated:  April 1, 2025
17
18                            _____
19
20                            Erika "Rik" Rutledge
21
22
23
24
25
```

129

**Clark, Roger**
**L.C., a minor v. State of California**

```
 1            DEPOSITION ERRATA SHEET
 2
 3       Jilio-Ryan Job No.: 134476
 4       Case Caption:  L.C., et al.
 5       vs.  State of California, County of San Bernardino
 6
 7          DECLARATION UNDER PENALTY OF PERJURY
 8
 9          I declare under penalty of perjury
10       that I have read the entire transcript of
11       my Deposition taken in the captioned matter
12       or the same has been read to me, and
13       the same is true and accurate, save and
14       except for changes and/or corrections, if
15       any, as indicated by me on the DEPOSITION
16       ERRATA SHEET hereof, with the understanding
17       that I offer these changes as if still under
18       oath.
19          Signed on the _____ day of
20       _____, 2025.
21
22       _____
23            ROGER CLARK
24
25
```

130