**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>Defendants. | 5:22-cv-00949-KK-SHK<br>*Hon. Judge Kenly Kiya Kato*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE AND TESTIMONY CONCERNING SHOOTING AND INJURIES TO THIRD PARTIES DURING THE SUBJECT INCIDENT**<br><br>Hearing Date:   May 15, 2025<br>Hearing Time:  9:30 a.m.<br>Location:           Courtroom 3<br>Trial Date:         June 2, 2025<br>Action Filed:     June 7, 2022 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On February 17, 2021, in Hesperia, California, CHP Officers and San Bernardino Sheriff's Department Deputies shot and killed Hector Puga. Tragically, Mr. Puga was not the only casualty. While shooting at Mr. Puga, the officer shot into the home of the Botten family, who sustained severe injuries as a result of the incident. J.B., 12 years old at the time, suffered three gunshot wounds to the chest, leading to a collapsed lung, a ruptured spleen, and damage to internal organs. Tanja Dudek-Botten was shot in the face, chest, and right shoulder. Jonathan Botten, Sr. sustained gunshot wounds to both arms, his left hand, and right leg. Additionally, multiple bullets struck the Botten residence, including the front of the home, the screen door, a bedroom window, and the side of the house.

Defendants now seek to exclude all references to the fact that three members of the Botten family—completely uninvolved third parties—were shot during the incident. However, the risk of harm to bystanders is highly relevant to the reasonableness inquiry under the Fourth Amendment. Courts have repeatedly recognized that evidence of danger to third parties is relevant to whether a police officer acted reasonably in using deadly force. Moreover, officers are trained to account for bystanders when discharging weapons, and failure to do so directly supports Plaintiffs' federal and state claims.

The Court should deny Defendants' Motion in Limine No. 3.

## II. LEGAL STANDARD

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded under Federal Rule of Evidence 403 only if its probative value is substantially outweighed by a danger of unfair prejudice.

## III. ARGUMENT

### A. Evidence of Harm to Bystanders Is Directly Relevant to the Reasonableness of Defendant's Use of Force

Evidence related to the Botten family injuries and their testimony about the incident is highly relevant to the question of whether the officers' use of force was reasonable. In evaluating the reasonableness of a use of force, courts consider not only the threat posed by the suspect but also whether the officer acted in a manner that reasonably safeguarded bystanders. "[T]he evidence of potential harm and injury to citizens and bystanders is relevant in determining whether the actions taken were reasonable." *Ymelda Elena, et al. v. City of Los Angeles, et al.*, No. CV 22-7651-KK-KSX, 2025 WL 1144824, at *2 (C.D. Cal. Mar. 19, 2025) (citing *Boyd v. Benton County*, 374 F.3d 773, 779 (9th Cir. 2004)).

As explained in *Hulstedt v. City of Scottsdale*, 884 F. Supp. 2d 972, 990 (D. Ariz. 2012), beyond the three major factors, the Ninth Circuit has identified "a number of other factors relevant to a *Graham* analysis," including whether officers "consider[ed] whether they might injure innocent bystanders in addition to the targets of the force." *Id.; see Boyd v. Benton Cty.*, 374 F.3d 773, 779 (9th Cir.2004) (holding that officers violated the Fourth Amendment when they threw a "flash-bang" grenade into an apartment in part because their actions endangered "innocent bystanders" in the room).

This Court considered a very similar question in *Ymelda Elena*, 2025 WL 1144824, an excessive force case where officers used lethal force against a man who was assaulting someone at a shopping mall. Tragically, officers were shooting at the suspect even though there was a dressing room in their backdrop, and at least one shot went into the dressing room, killing an innocent 14-year-old girl. Officers moved to exclude evidence related to the death of the young woman, based on the same arguments Defendants make here. The Court denied their motion, noting that the evidence of the harm cause to this innocent bystander was "highly relevant" to

3

1  the reasonableness of the officers conduct. *Id.* at *2 (C.D. Cal. Mar. 19, 2025); see
2  also *United States v. Garcia-Zarate*, 419 F. Supp. 3d 1176, 1178 (N.D. Cal. 2020)
3  (third-party injury "inextricably intertwined" with shooting incident).

4       The fact that Defendants shot three innocent bystanders is not merely a
5  tragic collateral detail; it speaks directly to whether the officers considered their
6  surroundings and acted with due care when discharging deadly force. Indeed,
7  officers are routinely trained to consider their backdrop when discharging their
8  service weapons. In this case, Officer Rubalcava testified that although he was
9  aware he was in a residential area, he failed to account for the presence of homes
10 behind his line of fire (Rubalcava Dep. 20–21). Officer Kee similarly
11 acknowledged that he was trained to consider residences or businesses in the
12 background when deciding whether to fire (Kee Dep. 54–55). Officer Adams
13 confirmed that one of his concerns during the incident was the potential for
14 innocent people to be struck (Adams Dep. 55).

15       Plaintiffs' expert, Roger Clark, confirms that bystander safety is emphasized
16 in training and must be considered in tactical decision-making. (Clark Report
17 8,9,10 )

18       This evidence directly supports Plaintiffs' theory that the officers' conduct
19 violated basic police protocols and supports claims under both the Fourth
20 Amendment and California law. Therefore, the motion should be denied.

21       **B.**     **Any Risk of Prejudice Is Outweighed by the Evidence's**
22              **Substantial Probative Value**

23       While the Court has discretion to exclude unfairly prejudicial evidence, this
24 case does not present such a case. The injuries to the Botten family are emotional,
25 but they are also a central and foreseeable consequence of the officers' actions. The
26 Ninth Circuit has repeatedly recognized that Rule 403 is a balancing test and that
27 "unfair prejudice" does not mean simply that the evidence is damaging. *See United*
28 *States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015).

4

To the extent the Court has concerns about potential jury confusion or emotional reaction, Plaintiffs would not object to a limiting instruction clarifying that the evidence of bystander injury is to be considered only for the purpose of evaluating the reasonableness of the use of force.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine No. 3. The evidence concerning harm to bystanders—specifically the injuries to the Botten family—is highly probative of whether Defendants' use of force was reasonable under the circumstances. Its exclusion would improperly withhold relevant context from the jury and prevent full consideration of the totality of the circumstances.

Respectfully Submitted,

Dated: April 24, 2025            **LAW OFFICES OF DALE K. GALIPO**

By:  /s/   Hang D. Le
Dale K. Galipo
Hang D. Le
*Attorneys for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo*

5

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo, certifies that this brief contains **1,059** words, which complies with the 7,000 word limit of L.R. 11-6.1.

Dated: April 24, 2025             **LAW OFFICES OF DALE K. GALIPO**

                       By:   */s/   Hang D. Le*
                             Dale K. Galipo
                             Hang D. Le
                             *Attorneys for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo*

6