**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>Defendants. | 5:22-cv-00949-KK-SHK<br>*Hon. Judge Kenly Kiya Kato*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5 TO LIMIT THE TESTIMONY OF MEDICAL EXAMINER TIMOTHY JONG, M.D.**<br><br>Hearing Date:  May 15, 2025<br>Hearing Time:  9:30 a.m.<br>Location:  Courtroom 3<br>Trial Date:  June 2, 2025<br>Action Filed:  June 7, 2022 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants seek to exclude portions of the testimony of Dr. Timothy Jong, the forensic pathologist who performed the autopsy of Hector Puga, on the grounds that some of his opinions were required to be disclosed in a written report under Federal Rule of Civil Procedure 26(a)(2)(B). The motion should be denied because Dr. Jong's is a non-retained expert and under Rule 26(a)(2)(C), no report is required. Alternatively, the Motion should be denied because any alleged failure to disclose was harmless. Dr. Jong was deposed on January 2, 2025—a full month before the initial expert disclosure deadline and more than six weeks before the deadline for rebuttal expert disclosures. If Defendants disagreed with any of Dr. Jong's opinions or believed his opinions exceeded the scope of permissible non-retained expert testimony, they had ample opportunity to raise that concern and designate a rebuttal expert.

## II. ARGUMENT

### A. Dr. Jong's Opinions Are Properly Disclosed Under Rule 26(a)(2)(C) as Non-Retained Expert Testimony

In their motion, Defendants do not dispute that Dr. Jong is qualified to offer opinions regarding bullet trajectories and potential body positions at the time gunshot wounds were sustained—likely because such opinions are squarely within the recognized scope of his expertise as a forensic pathologist. *See Murillo v. City of Los Angeles*, No. CV218738FMOAGRX, 2023 WL 9420539, at *2 (C.D. Cal. Aug. 21, 2023) (forensic pathologist properly permitted to testify about bullet trajectories and body positioning based on training and experience); *McKinney v. Duplain*, No. 1:04-cv-294-RLY-TAB, 2007 WL 1128852, at *5 (S.D. Ind. Apr. 16, 2007) (same); *People v. Robinson*, 37 Cal.4th 592, 630–632, 36 Cal.Rptr.3d 760, 124 P.3d 363 (2005) (same).

1 Instead, Defendants seek to exclude Dr. Jong's testimony regarding possible
2 body positions consistent with the bullet trajectories he observed, contending that
3 such opinions were not explicitly detailed in his report. But courts have long
4 recognized that non-retained experts may testify to opinions based on the ordinary
5 course of their work—such as performing an autopsy—without the need for a Rule
6 26(a)(2)(B) report. *See Goodman v. Staples*, 644 F.3d 817, 826 (9th Cir. 2011). To
7 the extent Dr. Jong's opinions regarding trajectory and body positioning are based
8 on his observations and conclusions formed during the autopsy, they fall squarely
9 within the scope of Rule 26(a)(2)(C), and he may testify to them without having
10 prepared a written report.

11 Defendants ask for Dr. Jong's testimony to be limited to the opinions stated
12 in his report, but their stringent approach to non-retained expert testimony is not
13 supported by a single case and is contrary to the law. For example, in *Everett v.*
14 *Am. Gen. Life Ins. Co.*, 703 F. App'x 481, 482–83 (9th Cir. 2017), the Ninth Circuit
15 reversed a district court because it improperly limited a treating physician's
16 testimony to opinions he had written down at the time he provided treatment,
17 explaining that the formation of an opinion is not conclusively determined by when
18 it is committed to paper. The court emphasized that "the fact that Dr. Seale wrote
19 an opinion about events that occurred a year earlier is not conclusive evidence that
20 he formed the opinion when he wrote it down." *Id*. at 483. So too here—
21 Defendants cannot point to the absence of written language in Dr. Jong's autopsy
22 report as conclusive evidence that he did not already hold the challenged opinions
23 at the time her performed Mr. Puga's autopsy.

24 Defendants' reliance on *Goodman* is misplaced. In that case, the Ninth
25 Circuit required a written report because the treating physicians *had been retained*
26 specifically to provide expert testimony beyond the scope of their treatment, and
27 had reviewed materials supplied by counsel that were not part of their original
28 care. *Goodman,* 644 F.3d at 827. That is not what happened here. Dr. Jong was not

retained by Plaintiffs and has not reviewed any outside materials provided by Plaintiffs. His testimony will be based solely on his work as the medical examiner who conducted the autopsy. As the court in *Goodman* explained, Rule 26(a)(2)(C) applies where the expert's opinions "derive from information learned during the actual treatment of the patient—as opposed to being subsequently supplied by an attorney involved in litigating a case." *Id*. at 826 (internal quotation omitted).

Dr. Jong's opinions are the product of the natural progression of observations made during his autopsy examination and are not based on any *post hoc* information or litigation materials. Accordingly, no expert report was required, and Defendants' attempt to exclude portions of his testimony should be denied.

### B. Even if the Court Concludes a Report Was Required, Exclusion of Dr. Jong's Testimony Is Not Warranted Under Rule 37(c)(1)

Even assuming *arguendo* that some of Dr. Jong's deposition opinions required disclosure in a written expert report under Rule 26(a)(2)(B), exclusion of his testimony is not appropriate. Dr. Jong was deposed on January 2, 2025, a full month before the initial expert disclosure deadline and more than six weeks before Defendants' rebuttal expert disclosures were due. If Defendants were truly surprised or concerned by the scope of Dr. Jong's opinions, they had ample opportunity to retain a rebuttal expert and prepare responsive testimony. Their choice not to do so precludes them from crying foul now.

Rule 37(c)(1) authorizes exclusion of testimony for failure to comply with expert disclosure requirements, but it includes two exceptions: the information may still be introduced if the failure to disclose was either substantially justified or harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) is not meant to be a blunt instrument. As the Advisory Committee explained, the purpose of the harmlessness provision is "to avoid unduly harsh penalties in a variety of situations." Fed. R. Civ. P. 37 advisory

committee notes; *see also Macias v. Perez*, No. 10CV973-MMA BGS, 2011 WL 2669475, at *2 (S.D. Cal. July 7, 2011).

     Courts have declined to impose exclusionary sanctions under Rule 37(c)(1) when the alleged nondisclosure was harmless, especially where the opposing party had the opportunity to cure any prejudice. For example, in *Wendt v. Host Int'l, Inc.*, 125 F.3d 806 (9th Cir. 1997), the Ninth Circuit reversed a district court's exclusion of expert testimony for late disclosure, explaining that "less drastic sanctions" were available and that the defendants were not prejudiced because they had adequate opportunity to disclose their own experts. *Id.* at 814.

     The decision of whether to impose the harsh exclusionary sanctions allowed by Rule 37(c)(1) is guided by the five-factor test articulated in *Wanderer v. Johnston*, 910 F.2d 652 (9th Cir. 1990), which considers the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the party seeking sanctions, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *Id.* at 656.

     Here, each of the *Wanderer* factors weighs against exclusion. First, the public's interest in expeditious resolution of litigation and the court's need to manage its docket are unaffected, as no delay or disruption to the trial schedule has occurred. Second, there is no genuine prejudice to Defendants, who had a full opportunity to depose Dr. Jong, review his opinions, and retain a rebuttal expert. Third, the public policy favoring disposition on the merits strongly supports allowing Dr. Jong to testify, particularly where it is undisputed that his opinions fall within his area of expertise and bear directly on key issues in the case. Finally, less drastic sanctions are plainly available, especially in a situation where Defendants had both notice and time to cure any perceived disclosure issue but opted not to act.

     For all these reasons, even if the Court were to find a technical violation of Rule 26(a)(2), any failure to disclose was harmless. The severe sanction of

exclusion under Rule 37(c)(1) is therefore unwarranted under *Yeti*, *Wendt*, and *Wanderer*, and Dr. Jong should be permitted to offer his opinions at trial.

### III. CONCLUSION

For all the reasons discussed above, the Court should deny Defendants' Motion in Limine No. 5.

Respectfully Submitted,

Dated: April 24, 2025          **LAW OFFICES OF DALE K. GALIPO**

                               By:   */s/   Hang D. Le*
                                     Dale K. Galipo
                                     Hang D. Le
                                     *Attorneys for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo*

## Certificate of Compliance

The undersigned, counsel of record for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo, certifies that this brief contains 1,344 words, which complies with the 7,000 word limit of L.R. 11-6.1.

Dated: April 24, 2025

**LAW OFFICES OF DALE K. GALIPO**

By: /s/   Hang D. Le
Dale K. Galipo
Hang D. Le
*Attorneys for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo*