**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>                    Defendants. | 5:22-cv-00949-KK-SHK<br>*Hon. Judge Kenly Kiya Kato*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6 TO EXCLUDE LAY WITNESS OPINION AS TO HECTOR PUGA'S STATE OF MIND**<br><br>Hearing Date:   May 15, 2025<br>Hearing Time:  9:30 a.m.<br>Location:           Courtroom 3<br>Trial Date:         June 2, 2025<br>Action Filed:     June 7, 2022 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants move to exclude lay witness testimony concerning Hector Puga's apparent fear for his life in the moments leading up to and immediately following the shooting. Plaintiffs do not plan on illiciting speculative opinions about Puga's internal mindset, but rather firsthand observations—what he said, how he acted, and how he appeared—which are plainly admissible under Federal Rule of Evidence 701. Such testimony, including that he appeared to be scared, is relevant to the totality of the circumstances faced by the Defendant officers, the reasonableness of their use of force, and Mr. Puga's survival damages. For these reasons, the motion should be denied.

## II. LEGAL STANDARD

Federal Rule of Evidence 701 permits lay opinion testimony when it is: (a) rationally based on the witness's perception; (b) helpful to understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. A lay witness may testify based on their perceptions so long as the opinion is "one that a normal person would form on the basis of the observed fact." *California Found. for Indep. Living Centers v. Cnty. of Sacramento*, 142 F. Supp. 3d 1035, 1045 (E.D. Cal. 2015) (citing 4 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE § 701.03[2] (2d ed. 2014)).

## III. ARGUMENT

### A. Mr. Puga's Apparent State of Mind is Relevant

Mr. Puga's apparent state of mind during the incident is plainly relevant and admissible. While the reasonableness of the officers' use of force must be judged from the perspective of a reasonable officer on the scene, courts have long recognized that officers are trained to assess a suspect's behavior and demeanor—including whether they appear aggressive, confused, compliant, or terrified—as

1 | part of the totality of circumstances that inform use-of-force decisions. *Est. of
2 | Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998, 1018 (9th Cir. 2017)
3 | (analyzing totality of circumstances, including whether suspect was acting "erratic,
4 | aggressive, or threatening"); *Sullivan v. City of San Rafael*, No. C 12-1922 MEJ,
5 | 2013 WL 3357933, at *8 (N.D. Cal. July 2, 2013) (totality of circumstances
6 | includes fact that suspect was "scared"); *Abudiab v. City & Cnty. of San Francisco*,
7 | No. C 09-1778 MHP, 2010 WL 2076022, at *5 (N.D. Cal. Apr. 12, 2010) (same);
8 | *Est. of Harvey v. Jones*, No. C05-1170RSM, 2006 WL 909980, at *6 (W.D. Wash.
9 | Apr. 6, 2006) (totality of circumstances includes whether suspect appeared
10 | "scared" or "combative"); *Dold v. Snohomish Cnty.*, 649 F. Supp. 3d 1084, 1103
11 | (W.D. Wash. 2022) ("reasonableness" of officers' conduct depended on whether
12 | possible victims at the scene sounded scared or calm).

Here, multiple witnesses—including Deputies Vaccari and Adams and civilian eyewitness Betzabeth Gonzalez—observed conduct and heard statements indicating that Mr. Puga was afraid he would be shot. Deputy Vaccari confirmed hearing an exchange in which Mr. Puga expressed that fear to a CHP sergeant. (Ex. 5 to Le Decl., Vaccari Dep. 34:14-35:4). Gonzalez testified that based on Mr. Puga's repeated statements like "you're going to shoot me," his tone of voice, and his behavior, he appeared scared and helpless. (Ex. 6 to Le Decl., Gonzalez Dep. 40:23-41:11, 102:14-103:23).

A suspect's apparent state of mind—terrified or threatening, confused or calculating—can materially affect the tactical options available to officers. Mr. Puga's fearful demeanor was part of the totality of circumstances faced by the officers at the time they used lethal force. Officers are trained to evaluate these cues in real time, and jurors are entitled to consider them in determining whether the officers acted reasonably under the circumstances.

### B. Betzabeth Gonzalez's Testimony

Defendants move to exclude the testimony of Betzabeth Gonzalez regarding Mr. Puga's apparent fear and helplessness. That portion of their motion should be denied because Gonzalez was not speculating about Mr. Puga's internal mindset or offering psychological analysis. Rather, she testified—based on her direct perceptions—that he appeared scared and seemed to believe he was going to be shot. This testimony is squarely admissible under Rule 701 and consistent with case law authorizing lay opinions based on first-hand observations.

Defendants rely on *Berkley Ins. Co. v. Fed. Hous. Fin. Agency*, No. 1:13-CV-1053-RCL, 2023 WL 4744155 (D.D.C. July 25, 2023), but their reliance is misplaced. In *Berkley*, a witness was precluded from speculating about the motivations of the U.S. Treasury Department—an entity about which she had no personal knowledge. *Id.* at *12. That ruling has no application here. Gonzalez did not opine on the motives of a third party; she testified based on her direct observations of Mr. Puga, including his words, tone of voice, and demeanor. Her opinion that he appeared scared and helpless is exactly the kind of opinion "that a normal person would form on the basis of observed fact[s]." *Cal. Found. for Indep. Living Ctrs.*, 142 F. Supp. 3d at 1045.

Therefore, this portion of the motion should be denied.

### C. Annabelle Botten's Testimony

Defendants also seek to exclude testimony from Annabelle Botten, who described how Mr. Puga's body appeared after the shooting. They contend that her statements about his appearance—specifically, that his eyes were wide open and he "looked scared"—are speculative opinions about Mr. Puga's mental state.

But Botten did not purport to testify about Mr. Puga's actual mental state. Rather, she described her obserservation of physical features of Mr. Puga's dead body. She did not claim that Mr. Puga was, in fact, terrified or experiencing fear at the moment of death. Instead, she described what she saw: a face with wide-open

4

eyes that, in her words, "looked scared." This is not speculation; it is a witnesses description of what she saw.

The expression on Mr. Puga's face at the time of his death is relevant because it supports the inference that he was terrified in the moments leading up to and during the Defendants' continued use of lethal force after Puga had fallen to the ground. This bears directly on the reasonableness of the officers' conduct, particularly if Mr. Puga appeared visibly afraid and incapacitated. Additionally, it is relevant to the issue of damages, as it speaks to the mental anguish Mr. Puga likely experienced in his last moments alive.

## IV. CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Motion in Limine No. 6.

Respectfully Submitted,

Dated: April 24, 2025       **LAW OFFICES OF DALE K. GALIPO**

By:   */s/   Hang D. Le*
Dale K. Galipo
Hang D. Le
*Attorneys for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo*

## Certificate of Compliance

The undersigned, counsel of record for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo, certifies that this brief contains **1,058** words, which complies with the 7,000 word limit of L.R. 11-6.1.

Dated: April 24, 2025        **LAW OFFICES OF DALE K. GALIPO**

                 By:   /s/   Hang D. Le
                       Dale K. Galipo
                       Hang D. Le
                       *Attorneys for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo*