# Exhibit 2

```
 1                  UNITED STATES DISTRICT COURT

 2                  CENTRAL DISTRICT OF CALIFORNIA

 3

 4   JONATHAN WAYNE BOTTEN, SR.; TANJA     )
     DUDEK-BOTTEN; ANNABELLE BOTTEN; and   )
 5   J.B., a minor by and through his     )
     guardian JONATHAN WAYNE BOTTEN, SR., )
 6                                         )
                     Plaintiffs,           )
 7                                         )
                  vs.                      ) Case No.
 8                                         ) 5:23-CV-00257-JGB-SHK
     STATE OF CALIFORNIA; COUNTY OF SAN    )
 9   BERNARDINO; ISAIAH KEE; MICHAEL       )
     BLACKWOOD; BERNARDO RUBALCAVA; ROBERT )
10   VACCARI; JAKE ADAMS; and DOES 1-10,   )
     inclusive,                            )
11                                         )
                     Defendants.           )
12   _____)

13

14

15

16           REMOTE VIDEOCONFERENCE DEPOSITION OF

17                         ISAIAH KEE

18                 TUESDAY, NOVEMBER 5, 2024

19

20

21

22

23   Reported Stenographically By:

24   Jinna Grace Kim, CSR No. 14151

25   Job No.:  113704
```

Page 54

```
 1      A.   Yes.
 2      Q.   And you described in your interview two separate
 3 volley of shots; is that fair?
 4      A.   Yes.
 5      Q.   And how much time do you think passed between your
 6 first volley where you were near the light pole and your
 7 second volley after you retreated, went down into the prone
 8 position and started firing?
 9      A.   Maybe about five to eight seconds, I guess.
10      Q.   How far would you estimate Mr. Puga was from you
11 when you fired your second volley of shots?
12      A.   Close to maybe 50 to 60 feet in that second.
13           MR. GALIPO:  Could we put up Page 50 of the
14 interview, please, Hang, Bates stamp I think ends in 700.
15 BY MR. GALIPO:
16      Q.   Do you have training with respect to considering the
17 background or backdrop when you're firing?
18      A.   Yes.
19      Q.   And is part of that training to be careful because
20 obviously, if there is residences or businesses in the
21 background, then innocent people could get shot?
22      A.   Yes.
23      Q.   And that's a factor you're trained that should be
24 taken into consideration?
25      A.   Yes.
```

Page 55

```
 1      Q.   And there is a question on Line 20 of Page 50 by
 2   Abernathy, that says, "Okay.  Do you remember what was behind
 3   the suspect when you fired during both volleys."
 4           Do you see that?
 5      A.   Yes.
 6      Q.   And did you understand that he was asking you about
 7   the backdrop or the background?
 8      A.   Yes.
 9      Q.   So your response if you could read it just to
10   yourself for a moment and let me know when you've had a
11   chance to do that.
12      A.   Yes, I'm done.
13      Q.   Okay.  As part of your response, you said, "And of
14   course I could see you know residences on both sides."
15           Do you see that?
16      A.   Yes.
17      Q.   And that's something obviously you saw prior to the
18   shooting when you were out there for 30-plus minutes?
19      A.   Yes.
20      Q.   And then going to Page 51, I think this is when they
21   were asking you about the rounds.  You could see on Lines 9
22   and 10, they're saying you remembered firing about 12
23   rounds."
24           And you respond, "A total, yes."
25           Do you see that?
```

Page 96

1       CERTIFICATE

2           OF

3    CERTIFIED STENOGRAPHIC SHORTHAND REPORTER

4

5       I, JINNA GRACE KIM, CSR No. 14151, a Certified

6    Stenographic Shorthand Reporter of the State of California,

7    do hereby certify:

8           That the foregoing proceedings were taken before me

9    at the time and place herein set forth;

10          That any witnesses in the foregoing proceedings,

11   prior to testifying, were placed under oath;

12          That a verbatim record of the proceedings was made

13   by me, using machine shorthand, which was thereafter

14   transcribed under my direction;

15          Further, that the foregoing is an accurate

16   transcription thereof.

17          I further certify that I am neither financially

18   interested in the action, nor a relative or employee of any

19   attorney of any of the parties.

20

21          IN WITNESS WHEREOF, I have subscribed my name, this

22   date:  November 5, 2024.

23

24   _____
     Jinna Grace Kim, CSR No. 14151

25