# Exhibit 5

```
 1                UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3

 4   JONATHAN WAYNE BOTTEN, SR.; TANJA     )
     DUDEK-BOTTEN; ANNABELLE BOTTEN; and   )
 5   J.B., a minor by and through his     )
     guardian JONATHAN WAYNE BOTTEN, SR.,  )
 6                                         )
                 Plaintiffs,               )
 7                                         )
                 vs.                       ) Case No.
 8                                         ) 5:23-CV-00257-JGB-SHK
     STATE OF CALIFORNIA; COUNTY OF SAN    )
 9   BERNARDINO; ISAIAH KEE; MICHAEL       )
     BLACKWOOD; BERNARDO RUBALCAVA; ROBERT )
10   VACCARI; JAKE ADAMS; and DOES 1-10,   )
     inclusive,                            )
11                                         )
                 Defendants.               )
12   _____ )

13

14

15

16         REMOTE VIDEOCONFERENCE DEPOSITION OF

17                      ROBERT VACCARI

18              THURSDAY, NOVEMBER 14, 2024

19

20

21

22

23   Reported Stenographically By:

24   Jinna Grace Kim, CSR No. 14151

25   Job No.:  112656
```

Page 34

1          So southbound lane.
2     Q.   Okay. And when Mr. Puga got out of the vehicle, did
3  you still think that he possibly had a firearm on his
4  person?
5     A.   We were going to treat him as though he had a
6  firearm until we knew he didn't.
7     Q.   Did you ever see him put his hands up when he was on
8  the driver's side of the vehicle?
9     A.   I believe he did.
10    Q.   Was he given commands at any time to put his hands
11 up?
12    A.   I can't recall if he did it voluntarily or if he was
13 given some type of commands by the CHP to put his hands up.
14    Q.   At some point did you hear an exchange between
15 Mr. Puga and the CHP sergeant where Mr. Puga was concerned
16 that he was going to be shot?
17    A.   Yes.
18    Q.   And did you hear the CHP sergeant assure him words
19 to the effect that he wasn't going to be shot?
20    A.   Something to that effect, but it was also based on
21 Mr. Puga's compliance.
22    Q.   And at some point after Mr. Puga expressed a concern
23 for being shot, do you recall him going to the front of the
24 vehicle?
25    A.   In regards to him saying he had concerns for being

1  shot, I believe he said it when he was standing outside of
2  the driver's side door.  I don't know if there was additional
3  statements made by him when he got to the front of the
4  vehicle.
5      Q.   Okay.  Do you remember something about him saying
6  that he thought he heard a click or something like that?
7      A.   I do remember him saying that.
8      Q.   Okay.  In any event at some point, you recall him
9  going to the front of the vehicle?
10     A.   Yes.
11     Q.   And when he went to the front of the vehicle, do you
12 recall if the driver's door of the vehicle was open or
13 closed?
14     A.   Closed.
15     Q.   Do you recall if the passenger door on the vehicle
16 was open or closed?
17     A.   I only have recollection of that based on my review
18 of the video.
19     Q.   And what did the video indicate in that regard?
20     A.   That at some point while we were dealing with
21 Mr. Puga alone in the car, he opened the passenger door of
22 the vehicle.
23     Q.   Do you know if that door could have remained open
24 when the female got out?
25     A.   It was closed.

1       CERTIFICATE

2           OF

3    CERTIFIED STENOGRAPHIC SHORTHAND REPORTER

4

5        I, JINNA GRACE KIM, CSR No. 14151, a Certified

6    Stenographic Shorthand Reporter of the State of California,

7    do hereby certify:

8            That the foregoing proceedings were taken before me

9    at the time and place herein set forth;

10           That any witnesses in the foregoing proceedings,

11   prior to testifying, were placed under oath;

12           That a verbatim record of the proceedings was made

13   by me, using machine shorthand, which was thereafter

14   transcribed under my direction;

15           Further, that the foregoing is an accurate

16   transcription thereof.

17           I further certify that I am neither financially

18   interested in the action, nor a relative or employee of any

19   attorney of any of the parties.

20

21           IN WITNESS WHEREOF, I have subscribed my name, this

22   date:  November 14, 2024.

23

24   _____
     Jinna Grace Kim, CSR No. 14151

25