**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and Antonia Salas Ubaldo

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually;<br><br>                    Plaintiffs,<br><br>          vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>                    Defendants. | Case No. 5:22-cv-00949-KK-SHK<br><br>*Honorable Kenly Kiya Kato*<br><br>**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS** |

## TABLE OF CONTENTS

| Number | Title | Source | Page No. |
|---|---|---|---|
| 1 | Duty of Jury | 9th Cir. 1.3 | 1 |
| 2 | Plaintiffs' Proposed Claims and Defenses | 9th Cir. 1.5 | [See Disputed Set] |
| 2 | State Defendants' Proposed Claims and Defenses | 9th Cir. 1.5 | [See Disputed Set] |
| 3 | Burden of Proof | 9th Cir. 1.6 | 2 |
| 4 | Two or More Parties—Different Legal Rights | 9th Cir. 1.8 | 3 |
| 5 | What is Evidence | 9th Cir. 1.9 | 4 |
| 6 | What is Not Evidence | 9th Cir. 1.10 | 5 |
| 7 | Evidence for a Limited Purpose | 9th Cir. 1.11 | 6 |
| 8 | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 7 |
| 9 | Ruling on Objections | 9th Cir. 1.13 | 8 |
| 10 | Credibility of Witnesses | 9th Cir. 1.14 | 9 |
| 11 | Conduct of the Jury | 9th Cir. 1.15 | 11 |
| 12 | No Transcript Available to Jury | 9th Cir. 1.17 | 13 |
| 13 | Taking Notes | 9th Cir. 1.18 | 14 |
| 14 | Bench Conferences and Recesses | 9th Cir. 1.20 | 15 |
| 15 | Outline of Trial | 9th Cir. 1.21 | 16 |
| 16 | Stipulations of Fact | 9th Cir. 2.2 | 17 |
| 17 | Expert Opinion | 9th Cir. 2.13 | 18 |
| 18 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 19 |
| 19 | Defendants' Proposed Charts and Summaries Received in Evidence | | [See Disputed Set] |
| 20 | Evidence in Electronic Format | 9th Cir. 2.16 | 20 |
| 21 | Proposed 1983 Claim—Introductory Instruction | 9th Cir. 9.1 | 22 |
| 22 | Plaintiffs' Proposed 1983 Claims Against Individual Defendants | 9th Cir. 9.3 | [See Disputed Set] |
| 22 | State Defendants' Proposed 1983 Claims Against Individual Defendants | 9th Cir. 9.3 | [See Disputed Set] |

| Number | Title | Source | Page No. |
|---|---|---|---|
| 23 | Plaintiffs' Proposed Fourth Amendment—Unreasonable Seizure—Excessive Force | 9th Cir. 9.25 | [See Disputed Set] |
| 23 | State Defendants' Fourth Amendment—Unreasonable Seizure—Excessive Force | 9th Cir. 9.25 | [See Disputed Set] [See Disputed Set] |
| 24 | Defendants' Proposed 1983 Claim--Causation | 9th Cir. 9.2 | [See Disputed Set] |
| 25 | Plaintiffs' Proposed Battery by a Peace Officer (Deadly Force)—Essential Factual Elements | CACI 1305B | [See Disputed Set] |
| 25 | State Defendants' Battery by a Peace Officer (Deadly Force)—Essential Factual Elements | CACI 1305B | [See Disputed Set] |
| 26 | Plaintiffs' Proposed Causation—Substantial Factor | CACI 430 | [See Disputed Set] |
| 26 | State Defendants' Causation—Substantial Factor | CACI 430 | [See Disputed Set] |
| 27 | Plaintiffs' Proposed Causation—Multiple Causes | CACI 431 | [See Disputed Set] |
| 27 | State Defendants' Causation—Multiple Causes | CACI 431 | [See Disputed Set] |
| 28 | Plaintiffs' Proposed Alternative Causation | CACI 434 | [See Disputed Set] |
| 29 | Plaintiffs' Proposed Negligence—Essential Factual Elements | CACI 400 | [See Disputed Set] |
| 30 | Plaintiffs' Proposed Basic Standard of Care | CACI 401 | [See Disputed Set] |

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| 31 | Plaintiffs' Proposed Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements | CACI 441 | [See Disputed Set] |
| 31 | State Defendants' Negligent Use of Deadly Force by Peace Officer—Essential Factual Elements | CACI 441 | [See Disputed Set] |
| 32 | Comparative Fault of Decedent | CACI 405, 407 | 23 |
| 32A | Apportionment of Responsibility | CACI 406 | [See Disputed Set] |
| 33 | Plaintiffs' Proposed Bane Act—Essential Elements | CACI 3066 | [See Disputed Set] |
| 33 | State Defendants' Proposed Bane Act—Essential Elements | CACI 3066 | [See Disputed Set] |
| 34 | Plaintiffs' Proposed Vicarious Liability—Introduction | CACI 3700 | 24 |
| 35 | State Defendants' Proposed Police Officers Forced to Make Split-Second Judgments | *Graham v. Connor*, 490 U.S. 386 (1989). | [See Disputed Set] |
| 36 | State Defendants' Proposed Least Intrusive Means Not Required | *Wilkson v. Torres*, 610 F.3d 546 (9th Cir. 2010; *Scott v. Henrich*, 39 F.3d 912 (9th Cir. 1994) | [See Disputed Set] |
| 37 | State Defendants' Proposed Officers Not Required to Wait | *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010); *Elliott v. Leavitt*, 99 F.3d 640, 644 (4th Cir. 1996) | [See Disputed Set] |

| Number | Title | Source | Page No. |
|---|---|---|---|
| 38 | State Defendants' Proposed Officers Not Required to Retreat | *Napouk v. Las Vegas Metro. Police Dep't*, 123 F.4th 906. 919 (9th Cir. 2024); *Tucker v. Las Vegas Metro. Police Dep't*, 470 F. App'x 627, 630 (9th Cir. 2012); Cal Penal Code § 835a(d) | [See Disputed Set] |
| 39 | State Defendants' Proposed Officers Can Act Based on Apparent Danger | *People v. Minifie*, 13 Cal. 4th 1055, 1068 (1996); *Moreland v. Las Vegas Metro Police Dep't*, 159 F.3d 365, 371, n.4 (9th Cir. 1998) | [See Disputed Set] |
| 40 | State Defendants' Proposed Determination of Reasonableness—At Moment of Use of Force | *Graham v. Connor*, 490 U.S. 386, 396, (1989); *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021) | [See Disputed Set] |
| 41 | State Defendants' Proposed Pre-Shooting Conduct Does Not Negate Reasonableness of Force | *Billington v. Smith*, 292 F.3d 1177 (9th | [See Disputed Set] |

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| | | Cir. 2002), abrogated on other grounds by County of Los Angeles v. Mendez, 137 S. Ct. 1539 (2017); *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1777 (2015); *Pettersen v. County of L.A.*, No. CV 14-4699 DSF (AGRx), 2015 WL 13333499, at *6 (C.D. Cal. Oct. 8, 2015) | |
| 42 | State Defendants' Proposed Willful Resistance, Delay, or Obstruction of a Peace Officer | Cal. Penal Code § 148(a)(l); *People v. Yuen*, 32 Cal. App. 2d 151 (1939); *People v. Alaniz*, 182 Cal. App. 3d 903, 908 (1986); *Smith v. City of Hemet*, 394 F.3d 689, 697 (2004) | [See Disputed Set] |

| Number | Title | Source | Page No. |
|---|---|---|---|
| 43 | State Defendants' Proposed Expert Opinion Concerning Use of Force | *Scott v. Henrich*, 39 F.3d 912 (9th Cir. 1994); *Reynolds v. County of San Diego*, 84 F.3d 1162 (9th Cir. 1996); *Billington v. Smith*, 292 F.3d 1177,1189 (9th Cir. 2002) | [See Disputed Set] |
| 44 | State Defendants' Proposed Self Defense/Defense of Others | CACI 1304 | [See Disputed Set] |
| 45 | State Defendants' Proposed Duty to Refrain From Using Force/Weapon to Resist | Cal. Penal Code § 834a | [See Disputed Set] |
| 46 | State Defendants' Proposed Reasonable Force (State Law) | Cal. Penal Code § 835a | [See Disputed Set] |
| 47 | State Defendants' Proposed Deference to Officers | *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009) | [See Disputed Set] |
| 48 | State Defendants' Proposed Police Officer Entitled to Use Greater Force | *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 527 (2009) | [See Disputed Set] |
| 49 | State Defendants' Proposed Federal Standard Applies to California Use-of-Force Claims | *Hayes v. County of San Diego*, 57 Cal.4th 622, 637-639 (2013); *Yount v. City of* | [See Disputed Set] |

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| | | *Sacramento*, 43 Cal.4th 885, 902 (2008); *Martinez v. County of L.A.*, 47 Cal.App.4th 334, 349-350 (1996); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272-1273 (2009); *Lopez v. City of L.A.*, 196 Cal.App.4th 675, 690-692 (2011); Cal. Gov. Code §§ 820, 820.2, 820.4, 820.8, 821; *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 525 (2009); *Young v. County of L.A.*, 655 F.3d 1156, 1170 (9th Cir. 2011); *Hayes* | |

| Number | Title | Source | Page No. |
|---|---|---|---|
| | | *v. County of San Diego*, 736 F.3d 1223, 1232 (9th Cir. 2013); CACI 1300, 1301 | |
| 50 | State Defendants' Proposed Enforcement/Execution of Law | Cal. Gov. Code § 820.4 | [See Disputed Set] |
| 51 | State Defendants' Proposed Justifiable Homicide | Cal. Penal Code §§ 196(b), 835a(c), (e)(2) | [See Disputed Set] |
| 52 | State Defendants' Proposed Exercise of Discretion | Cal. Gov. Code § 820.2 | [See Disputed Set] |
| 53 | State Defendants' Proposed Reliance on Good Conduct of Others | CACI 411 | [See Disputed Set] |
| 54 | Plaintiffs' Proposed Damages—Proof and Types | 9th Cir. 5.1, 5.2; CACI 3905A. 3921. | [See Disputed Set] |
| 54 | State Defendants' Proposed Damages—Proof and Types | 9th Cir. 5.1, 5.2 | [See Disputed Set] |
| 55 | State Defendants' Nominal Damages | 9th Cir. 5.6 | [See Disputed Set] |
| 56 | State Defendants' Proposed Wrongful Death (Death of An Adult) and Survival Damages | CACI 3919, 3921 | [See Disputed Set] |
| 57 | Plaintiffs' Proposed Punitive Damages—Predicate Question | 9th Cir. 5.5 | [See Disputed Set] |
| 57 | State Defendants Proposed Punitive Damages | 9th Cir. 5.5; CACI 3941, 3942; Cal. Gov. Code § 818 | [See Disputed Set] |

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| 58 | Defendants' Proposed Highly Probable—Clear and Convincing Proof | CACI 201 | [See Disputed Set] |
| 59 | Duty to Deliberate | 9th Cir. 3.1 | 25 |
| 60 | Consideration of Evidence—Conduct of the Jury | 9th Cir. 3.2 | 26 |
| 61 | Communication with Court | 9th Cir. 3.3 | 28 |
| 62 | Return of Verdict | 9th Cir. 3.5 | 29 |

**INSTRUCTION NO. 1**

<u>Duty of Jury</u>

Members of the jury: You are now the jury in this case. It is my duty to inform you of the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of trial I will give you final instructions. It is the final instructions that will govern your duties.

Pleased do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.3

# COURT'S INSTRUCTION NO. 3

## <u>Burden of Proof – Preponderance of the Evidence</u>

When a party has the burden of proof on any claim by a preponderance of evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.6.

**INSTRUCTION NO. 4**

<u>Two or More Parties—Different Legal Rights</u>

     You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.8

1

**INSTRUCTION NO. 5**

2

<u>What is Evidence</u>

3

The evidence you are to consider in deciding what facts are consists of:

4

   1.  the sworn testimony of any witness;

5

   2.  the exhibits which are admitted into evidence;

6

   3.  any facts to which the lawyers have agreed; and

7

   4.  any facts that I may instruct you to accept as proved.

8

9

<u>Source</u>: Ninth Circuit Manual of Model Civil Jury Instructions, No. 1.9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 6**

<u>What is Not Evidence</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.10.

**INSTRUCTION NO. 7**

<u>Evidence for a Limited Purpose</u>

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.11.

**INSTRUCTION NO. 8**

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.12.

**INSTRUCTION NO. 9**

<u>Ruling on Objections</u>

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question may have been answered or the exhibit received. If I sustained the objection, the question could not be answered, and the exhibiit could not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.13

# INSTRUCTION NO. 10

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1    The weight of the evidence as to a fact does not necessarily depend on the

2    number of witnesses who testify. What is important is how believable the witnesses

3    were, and how much weight you think their testimony deserves.

4

5    Source: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.14.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**PROPOSED INSTRUCTION NO. 11**

<u>Conduct of the Jury</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

-11-

research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on the evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested throughout the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial but an impartial jury, and if you decide the case based on the information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.15

1

## PROPOSED INSTRUCTION NO. 12

2

<u>No Transcript Available to Jury</u>

3      I urge you to pay close attention to the testimony as it is given. During

4  deliberations, you will not have a transcript of the trial testimony.

5

6

7  <u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.17.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 13**

<u>Taking Notes</u>

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.18

**PROPOSED INSTRUCTION NO. 14**

<u>Bench Conferences and Recesses</u>

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.20.

## PROPOSED INSTRUCTION NO. 15

<u>Outline of Trial</u>

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 1.21.

# INSTRUCTION NO. 16

## Stipulations of Fact

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

(1)     The incident occurred on February 17, 2021.

(2)     At all relevant times, Defendants Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood were acting within the course and scope of their employment as police officers for the California Highway Patrol for the State of California.

(3)     At all relevant times, Defendants Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood were acting under color of law.

(4)     Hector Puga sustained multiple gunshot wounds as a result of the February 17, 2021 incident.

(5)     Hector Puga died as a result of his gunshot wounds.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, No. 2.2

**INSTRUCTION NO. 17**

Expert Opinion

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, No. 2.13.

**INSTRUCTION NO. 18**

<u>Charts and Summaries Not Received in Evidence</u>

Certain charts, summaries, and demonstrative diagrams and videos [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. These demonstrative materials are only as agood as the underlying evidence that supports them. You should, therefore, given them only such weight as you think the underlying evidence deserves.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 2.14 (modified).

**INSTRUCTION NO. 20**

Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At  my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside"

-20-

website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 2.16.

**INSTRUCTION NO. 21**

Section 1983 Claim – Introductory Instruction

The plaintiffs bring their Fourth Amendment claim for excessive force under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, No. 9.1.

# INSTRUCTION NO. 32

## Comparative Fault of Decedent

Defendant Officers claim that decedent Hector Puga's own negligence contributed to his harm or death. To succeed on this claim, the Defendant Officer must prove both of the following:

1.     That Mr. Puga was negligent; and

2.     That Mr. Puga's negligence was a substantial factor in causing his harm or death.

If the Defendant Officer proves the above, Plaintiffs' damages are reduced by your determination of the percentage of Mr. Puga's responsibility. I will calculate the actual reduction.

Source: CACI 405, 407 (modified).

**INSTRUCTION NO. 34**

<u>Vicarious Liability—Introduction</u>

As to the plaintiffs' claims for battery, negligence and violation of the Bane Act, the State of California, through the California Highway Patrol is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment. The parties have stipulated that Defendants Blackwood, Kee, and Rubalcava were acting within the course and scope of their respective employment with the California Highway Patrol at the time of the incident.

<u>Source</u>: CACI 3700 (modified).

**INSTRUCTION NO. 59**

<u>Duty to Deliberate</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and speak for the jury here in court.

You shall diligently strive to reach an agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the disucssion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 3.1.

**INSTRUCTION NO. 60**

Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1    These rules protect each party's right to have this case decided only on

2  evidence that has been presented here in court.  Witnesses here in court take an oath

3  to tell the truth, and the accuracy of their testimony is tested through the trial

4  process.  If you do any research or investigation outside the courtroom, or gain any

5  information through improper communications, then your verdict may be influenced

6  by inaccurate, incomplete or misleading information that has not been tested by the

7  trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if

8  you decide the case based on information not presented in court, you will have

9  denied the parties a fair trial.  Remember, you have taken an oath to follow the rules,

10  and it is very important that you follow these rules.

11    A juror who violates these restrictions jeopardizes the fairness of these

12  proceedings, and a mistrial could result that would require the entire trial process to

13  start over.  If any juror is exposed to any outside information, please notify the court

14  immediately.

15

16  <u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 3.2.

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

## INSTRUCTION NO. 61

<u>Communication with Court</u>

 If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 3.3.

5:23-cv-00257-KK-SHK

**INSTRUCTION NO. 62**

<u>Return of Verdict</u>

A verdict form has been prepared for you. [*Explain verdict form as needed*.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form to your deliberations, sign and date it, and advise the marshal that you are ready to return to the courtroom.


<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, No. 3.5.