**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and Antonia Salas Ubaldo

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually; <br><br> Plaintiffs, <br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | Case No. 5:22-cv-00949-KK-SHK <br><br> *Honorable Kenly Kiya Kato* <br><br> **JOINT PROPOSED DISPUTED VERDICT FORMS** |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to the Court's Civil Trial Scheduling Order, Plaintiffs L.C., a minor by and through her guardian *ad litem* Maria Cadena; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez; A.L., a minor by and through her guardian *ad litem* Lydia Lopez; and Antonia Salas Ubaldo ("Plaintiffs") and Defendants State of California, by and through the California Highway Patrol, Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava ("State Defendants"), (collectively "the Parties"), hereby submit this Joint Proposed Disputed Verdict Forms.

DATED: May 8, 2025        LAW OFFICES OF DALE K. GALIPO

                          By  */s/ Hang D. Le*
                          Dale K. Galipo
                          Hang D. Le
                          Attorneys for Plaintiffs

DATED:  May 8, 2025       ROB BONTA
                          Attorney General of California
                          NORMAN D. MORRISON
                          Supervising Deputy Attorney General

                          */s/ Diana Esquivel*

                          DIANA ESQUIVEL
                          Deputy Attorney General
                          *Attorneys for Defendant State of Cal., by and through the CHP, Blackwood, Kee, and Rubalcava*

*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

# PLAINTIFFS' PROPOSED VERDICT FORM

We, the jury in the above-entitled action, find the following:

**QUESTION 1:** Did any of the following officers use excessive or unreasonable force against Hector Puga?

| | | |
|---|---|---|
| Isaiah Kee | YES _____ | NO _____ |
| Bernardo Rubalcava | YES _____ | NO _____ |
| Michael Blackwood | YES _____ | NO _____ |

*If you answered "Yes" to any defendant in Question 1, please proceed to answer Question 2 for that defendant and use of force.*

*If you answered "No" to all defendants and uses of force in Question 1, please skip Question 2 and proceed to Question 3.*

**QUESTION 2:** Was the use of excessive or unreasonable force a cause of Hector Puga's harm, damage, injury, or loss?

| | | |
|---|---|---|
| Isaiah Kee | YES _____ | NO _____ |
| Bernardo Rubalcava | YES _____ | NO _____ |
| Michael Blackwood | YES _____ | NO _____ |

*Please answer Question 3.*

//
//
//
//
//

**QUESTION 3:** Were any of the involved CHP officers negligent towards Hector Puga?

| | | |
|---|---|---|
| Isaiah Kee | YES _____ | NO _____ |
| Bernardo Rubalcava | YES _____ | NO _____ |
| Michael Blackwood | YES _____ | NO _____ |

*If you answered "yes" to any defendant in Question 3, please proceed to answer Question 4 for that defendant(s).*

*If you answered "no" to all defendants in Question 3, but "yes" to any defendants in Question 1 and "yes" to the corresponding defendant and use of force in Question 2, please proceed to answer "Question 8."*

*If you answered "no" to all defendants and uses of force in Question 1 and "no" to all defendants in Question 3, please sign and return this form.*

*If you answered "no" to all defendants and uses of force in Question 2, "no" to all defendants in Question 3, please sign and return this form.*

**QUESTION 4:** Was the negligence of any of the involved CHP officers a cause of Hector Puga's injury or harm?

| | | |
|---|---|---|
| Isaiah Kee | YES _____ | NO _____ |
| Bernardo Rubalcava | YES _____ | NO _____ |
| Michael Blackwood | YES _____ | NO _____ |

*If you answered "yes" to any defendants in Question 4, please proceed to the next question.*

*If you answered "no" to all defendants in Question 4, but "yes" to any defendant in Questions 1 and 2, please skip Questions 5-7 and proceed to answer Question 8.*

*If you answered "no" to all defendants in Question 4 and "no" to all defendants in Questions 1 and/or 2, please sign and return this form.*

**QUESTION 5:** Was Hector Puga negligent?

YES _____    NO _____

*If you answered "yes" to Question 6, please proceed to Question 7.*

*If you answered "no" to Question 6, please skip Questions 7-8 and proceed to Question 9.*

**QUESTION 6:** Was Hector Puga's negligence a cause of his injury or harm?

YES _____    NO _____

*If you answered "yes" to Question 7, please proceed to Question 8.*

*If you answered "no" to Question 7, please proceed to Question 9.*

//
//
//
//
//

**QUESTION 7:** What percentage of responsibility for Hector Puga's harm or injury do you assign to the negligent conduct, if any, of the following?

California Highway Patrol Officers _____%

Hector Puga _____%

    TOTAL 100 %

*Please proceed to the next question.*

**QUESTION 8**: Did any of the involved CHP officers act with a reckless disregard for Hector Puga's constitutional right to be free from excessive force?

    YES _____      NO _____

*Please proceed to the next question.*

**QUESTION 9**: What are Hector Puga's damages for his pre-death pain and suffering?

$_____

*If you answered "yes" to any defendant in Questions 1 and 2, please proceed to Question 10.*

*If you answered "no" to any defendant in Questions 1 and 2, but "yes" to defendant Isaiah Kee <u>and/or</u> Michael Blackwood in Questions 3 and/or 4, please skip Questions 10 and proceed to answer Question 11.*

*If you answered "no" to all defendants in Questions 1 and/or 2, and "no" to defendants Isaiah Kee <u>and</u> Michael Blackwood in Questions 3 and/or 4, please sign and return this form.*

**QUESTION 10**: What are Hector Puga's damages for his loss of enjoyment of life?

$_____

*If you answered "yes" to defendant Isaiah Kee and/or Michael Blackwood in Questions 3 and 4, please proceed to Question 11*

*If you answered "no" to defendants Isaiah Kee <u>and</u> Michael Blackwood in Questions 3 and 4, please skip Question 11 and proceed to answer Question 12.*

**QUESTION 11**: What are the Plaintiffs' wrongful death damages for the loss of Hector Puga's love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance?

<u>Plaintiff L.C.</u>
Past loss                                         $_____
Future loss                                       $_____

<u>Plaintiff I.H.</u>
Past loss                                         $_____
Future loss                                       $_____

<u>Plaintiff A.L.</u>
Past loss                                         $_____
Future loss                                       $_____

*If you answered "yes" to any defendant in Questions 1 and 2, please proceed to answer Question 12.*

*If you answered "no" to all defendants in Questions 1 and 2, please sign and return this form.*

**QUESTION 12**: Did any of the involved officers act with malice, oppression, or in reckless disregard of Hector Puga's rights?

| | | |
|---|---|---|
| Isaiah Kee | YES _____ | NO _____ |
| Bernardo Rubalcava | YES _____ | NO _____ |
| Michael Blackwood | YES _____ | NO _____ |

*Please sign and date this verdict form and return it to the Court.*

Dated: _____        Signed: _____
                                                       Jury Foreperson

**Defendants' Objections**

Q3: Objection. Defendants' use-of-force conduct is already subsumed in Questions 1 and 2. This question about negligence should be limited to pre-shooting tactics.

Q5-7: Objection. Incomplete. These questions need to include Deputies and former Defendants Adams and Vaccari. Plaintiffs' expert offered substantial opinions about the negligent conduct of the deputies, including pre-shooting tactics.

Q8: Objection. Confusing as to which claims this question is directed at. Also, each Defendant should be separately listed to ensure that punitive damages are appropriately awarded against those Defendants if this question is directed at the requisite finding for punitive damages.

Q9-10: Objection. Prejudicial and improper. Plaintiffs, as the successors in interest to Puga, are entitled one, complete award for survival damages, which includes pain and suffering before death and loss of life. By breaking up the survival damages, Plaintiffs are inviting confusion and double damages.

Q11: Objection. Question must include that no wrongful death damages can be awarded against Defendant Rubalcava per the Court's ruling on Defendants' motion for summary judgment.

Q12: Objection. Confusing as to how this question differs from Q8. If different from Question 8, then should clarify by adding "Puga's Fourth Amendment constitutional rights…"

**Plaintiffs' Response**

It is improper to separate out negligent pre-shooting conduct from other negligent conduct, including negligent use of force. The Ninth Circuit has recognized that the California Supreme Court in *Hayes v. County of San Diego* emphasized that "pre-force conduct should not be considered in isolation; it is merely one part of a continuum of circumstances surrounding the reasonableness of an officer's use of deadly force." *Alves v. Cnty. of Riverside*, --- F.4th ---, No. 23-55532, 2025 WL 1227942, at *8 (9th Cir. Apr. 29, 2025) (cleaned up) (citing *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 638 (2013)). Moreover, Plaintiffs' negligence claim is not limited to the officer's use of force. Under California negligence law, "the actor's conduct must always be gauged in relation to all other material circumstances surrounding it…" *Grudt v. City of Los Angeles*, 2 Cal. 3d 575, 587 (1970) (citing *Toschi v. Christian*, 24 Cal. 2d 354, 360 (1944)); *see Shin v. Ahn*, 42 Cal. 4th 482, 499 (2007) (discussing totality-of-the-circumstances rule); *John B. v. Superior Court*, 38 Cal. 4th 1177, 1191 (2006) (same); *Kahn v. East Side Union High School Dist.*, 31 Cal. 4th 990, 996 (2003) (same); *Commercial U.A. Co. v. Pacific G. & E. Co.*, 220 Cal. 515, 522 (1934) (same). Under California negligence law, a jury may "broadly [] consider whether officers acted in a manner consistent with their duty of due care *during the use of force incident*." *Alves*, 2025 WL 1227942, at *8 n.11 (emphasis added). Moreover, the Ninth Circuit recognized that California tort law's "reasonable care" standard is distinct form the Fourth Amendment "reasonableness" standard and that the California's "totality of the circumstances" analysis was broader in scope than the Fourth Amendment's "totality of the circumstances." *Alves*, 2025 WL 1227942, at *8, 9. Thus, the Ninth Circuit concluded that under the plaintiff's negligence claim, the jury was permitted to focus on different aspects of the "totality of the circumstances." *Id.* at *8.

Deputies Jake Adams and Robert Vaccari will no longer be defendants at the time of trial as the County Defendants have reached a settlement with Plaintiffs. Thus, they should not be included in the verdict form.

Question 8 mirrors the jury instruction language for the Bane Act and is thus not confusing.

Under the circumstances of this case, it is proper to separate Decedent's survival damages into two categories: pain and suffering and loss of enjoyment of life. This is because Plaintiffs seek survival damages under Plaintiffs' federal Fourth Amendment claims *and* Plaintiffs' state law battery and negligence claims, as permitted by law. The Court recently ruled that while there are disputed issues for which a jury could find Bernardo Rubalcava liable under Plaintiffs' battery and negligence claim, Plaintiffs may only pursue survival pain and suffering damages against Blackwood as it appeared undisputed that his shots did not cause the fatal injury. Pursuant to the Court's ruling, it would be reversible error to allow the jury to award loss of life damages if the jury only found Rubalcava liable under Plaintiffs' battery and negligence claim, and thus, the survival claims need to be separated out.

The instruction to get to Question 11 already contemplates the exclusion of Rubalcava. The instructions specify that the jury should only answer Question 11 if they found Kee and/or Blackwood liable under Plaintiffs' battery/negligence claims.

Question 12 sets out the exact standard for entitlement of punitive damages. While the standard is somewhat similar to the Bane Act claim in that it contemplates whether the officers acted in reckless disregard, it is a legally distinct standard. The jury is instructed beforehand that it can only answer this question if it found liability under Plaintiffs' Fourth Amendment claim (Questions 1 and 2).

## STATE DEFENDANTS' PROPOSED VERDICT FORM

We, the jury unanimously find the following verdict on the questions submitted to us:

**Question 1:** Do you find that any of the following Defendants used excessive or unreasonable force against decedent Hector Puga which caused him harm?

| | | | |
|---|---|---|---|
| Michael Blackwood | Yes _____ | No _____ |
| Isaiah Kee | Yes _____ | No _____ |
| Bernardo Rubalcava | Yes _____ | No _____ |

*Go to Question 2.*

**Question 2:** Were any of the following Defendants negligent as to their pre-shooting conduct concerning decedent Hector Puga?

| | | | |
|---|---|---|---|
| Michael Blackwood | Yes _____ | No _____ |
| Isaiah Kee | Yes _____ | No _____ |
| Bernardo Rubalcava | Yes _____ | No _____ |

*If you answered "yes" to Question 2, go to Question 3.*

*If you answered "no" to Question 2 but "yes" to Question 1, go to Question 7.*

*If you answered "no" as to all Defendants in Questions 1 and 2, skip the remaining questions, and please sign and date this form and submit it to the Courtroom Deputy.*

**Question 3:** As to any Defendant for whom you answered "yes" in Question 2, above, was the negligence of the Defendant a substantial factor in causing decedent Hector Puga's death or harm?

| | | | |
|---|---|---|---|
| Michael Blackwood | Yes _____ | No _____ |
| Isaiah Kee | Yes _____ | No _____ |
| Bernardo Rubalcava | Yes _____ | No _____ |

*If you answered "yes" as to any Defendant, go to Question 4.*

*If you answered "no" as to all Defendants in Question 3 but answered "yes" as to any Defendant in Question 1, go to Question 7.*

*If you answered "no" as to all Defendants in Questions 1 and 3, skip the remaining questions, and please sign and date this form and submit it to the Courtroom Deputy.*

**Question 4:**  Were any of the following negligent?

    Decedent Hector Puga    Yes _____    No _____

    Deputy Jake Adams    Yes _____    No _____

    Deputy Robert Vacarri    Yes _____    No _____

*If you answered "yes" as to any individual, go to Question 5.*

*If you answered "no," go to Question 7.*

**Question 5:**  Was the negligence of any of the following individuals a substantial factor in causing decedent Hector Puga's death or harm?

    Decedent Hector Puga    Yes _____    No _____

    Deputy Jake Adams    Yes _____    No _____

    Deputy Robert Vacarri    Yes _____    No _____

*Go to Question 6.*

**Question 6:**  What percentage of negligence, if any, do you assign to the following individuals for whom you answered "yes" in Questions 3 and/or 5, above? Your total must equal 100 percent.

    Deputy Jake Adams    _____%

    Defendant Michael Blackwood    _____%

    Defendant Isaiah Kee    _____%

    Defendant Bernardo Rubalcava    _____%

    Deputy Robert Vaccari    _____%

|   |   |
|---|---|
| Decedent Hector Puga | _____% |
|  | Total:    100% |

*Go to Question 7.*

**Question 7:** As to any Defendant for whom you answered "yes" in Question 1, above, what is the amount of compensatory damages, if any, you are awarding to Plaintiffs, as successors in interest to decedent Hector Puga, for the violation of Hector Puga's right to be free of excessive or unreasonable force?

Michael Blackwood    $_____ or [ ] nominal damages of $1.00.
Isaiah Kee                  $_____ or [ ] nominal damages of $1.00.
Bernardo Rubalcava   $_____ or [ ] nominal damages of $1.00.
                               **Total:  $_____**

*Go to Question 8.*

**Question 8:** As to any Defendant for whom you answered "yes" in Question 1, above, do you find by the preponderance of the evidence that the Defendant acted with malice, oppression, or in reckless disregard of decedent Hector Puga's constitutional rights?

    Michael Blackwood       Yes _____          No _____
    Isaiah Kee                    Yes _____          No _____
    Bernardo Rubalcava     Yes _____          No _____

*Go to Question 9.*

**Question 9:** As to any Defendant whom you answered "yes" in Question 3, what are Plaintiffs A.L., I.H., and/or L.C.'s wrongful death (past and future noneconomic) damages for the loss of decedent Hector Puga's love, companionship, comfort, care, assistance, protection, affection, society, and moral support? Do **not** include

-13-
JOINT PROPOSED DISPUTED VERDICT FORMS
5:23-cv-00257-KK-SHK

Defendant Rubalcava in your consideration and calculations even if you answered "yes" as to him in Question 3.

      Plaintiff A.L.      $_____

      Plaintiff I.H.      $_____

      Plaintiff L.C.      $_____

                     Total:  $_____

*Please sign and date this form and return it to the Courtroom Deputy.*

Dated: _____      _____

                                                        Jury Foreperson

## STATE DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

We, the jury, unanimously find the following on the questions submitted to us:

**Question 1:** Did decedent Hector Puga have a gun in his waistband on February 17, 2021, during his encounter with Defendants?

Yes _____   No _____

*Go to Question 2.*

**Question 2:** Did decedent Hector Puga reach for a gun in his waistband on February 17, 2021 during his encounter with Defendants?

Yes _____   No _____

*Go to Question 3.*

**Question 3:** Did decedent Hector Puga fire or attempt to fire a gun at any law enforcement officer on February 17, 2021 during his encounter with Defendants?

Yes _____   No _____

*Go to Question 4.*

**Question 4:** Did decedent Hector Puga have a gun in his hand while running in northwesterly or northernly direction on Peach Street on February 17, 2021 during his encounter with Defendants?

Yes _____   No _____

*Go to Question 5.*

/ / /

/ / /

/ / /

**Question 5:** Did any of the following Defendants act in self-defense or defense of others?

    Michael Blackwood    Yes _____    No _____

    Isaiah Kee    Yes _____    No _____

    Bernardo Rubalcava    Yes _____    No _____

*Go to Question 6.*

**Question 6:** Did decedent Hector Puga resist a lawful arrest?

    Yes _____    No _____

*Go to Question 7.*

*Please sign and date this form and return it to the Courtroom Deputy.*

Dated: _____    _____

                                                               Jury Foreperson

**Plaintiffs' Objections**

Plaintiffs object to the combining of a finding of a constitutional violation and causation into one question for excessive force in Question 1 as may confuse the jury.

Plaintiffs object to the limiting of Plaintiffs' negligence claim to pre-shooting conduct in Question 2. Under California negligence law, a jury may "broadly [] consider whether officers acted in a manner consistent with their duty of due care *during the use of force incident*." *Alves v. Cnty. of Riverside*, --- F.4th ---, No. 23-55532, 2025 WL 1227942, at *8 n.11 (9th Cir. Apr. 29, 2025) (emphasis added). The Ninth Circuit recognized that *Hayes* emphasized that "pre-force conduct should not be considered in isolation; it is merely one part of a continuum of circumstances surrounding the reasonableness of an officer's use of deadly force." *Id.* at *8 (cleaned up) (citing *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 638 (2013)).

Plaintiffs object to the inclusion of nominal damages in Question 3. Plaintiffs contend that nominal damages are not applicable under the facts of this case. Plaintiffs further contend that combining damages is confusing and may lead to an inconsistent verdict. Plaintiffs further object to listing Plaintiffs for the damages award as opposed to Hector Puga, who is the rightful plaintiff for the Fourth Amendment claim and Plaintiffs are simply bringing this claim on his behalf as his successors in interest. Therefore, the question should be asking what amount of damages does the jury award *decedent Hector Puga* for pain and suffering and the loss of life and enjoyment of life.

Plaintiffs object to the inclusion of deputies Jake Adams and Robert Vaccari in Questions 4-6 as they are no longer defendants in this case.

Plaintiffs object to listing Defendants in response to Question 7, rather than listing the Plaintiffs. Plaintiffs further object to failure to list the damages Decedent is entitled to under his survival claims and instead, phrasing this damages question in the light of the use of unreasonable force.

Plaintiffs object to the inclusion of "by a preponderance of the evidence" in Question 8, as the burden of proof as already been explain in the jury instructions.

Plaintiffs object to the phrasing of Question 9 as it is confusing, particularly with the inclusion of Rubalcava in the instruction .

Plaintiffs object to Special Interrogatories Questions 1-6. Plaintiffs contend that these disputes are already embodied in the jury instructions and prior questions. To give additional questions would only open the risk of an inconsistent verdict and waste judicial resources and time.

**Defendants' Response**

Defendants' changes to the verdict form address many of Plaintiffs' concerns, including Plaintiffs' counsel's representation that they are not seeking punitive damages under California law. Defendants reserve the right to add back questions related to the different standard for punitive damages under federal and California law. Defendants do not agree that nominal damages are not available or appropriate here. A jury may find that Defendants' second volley was excessive but that no evidence shows Puga was struck by any bullet during the second volley.

Further, Defendants revised the verdict forms to include changes as a result of the Court granting Defendants' motion for summary judgment on the Fourteenth Amendment claim and the wrongful death damages against Rubalcava.

Separating out Plaintiffs' and Puga's damages are not necessary as the jury instruction will inform the jury as to which damages Plaintiffs are entitled based on the claim for which they find liability.

Defendants alleged and are pursuing various affirmative defenses that include immunities. The questions in the special verdict form are necessary for the Court to determine whether Defendants are entitled to qualified immunity or other California law immunity once the factual disputes are resolved. Thus, the special verdict form is appropriate.