1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually; <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | Case No. 5:22-cv-00949-KK-SHK <br><br> *Honorable Kenly Kiya Kato* <br><br> **[PROPOSED] PRETRIAL CONFERENCE ORDER** |

1
2

# **TABLE OF CONTENTS**

1.   THE PARTIES .............................................................................................. 1

2.   FEDERAL JURISDICTION AND VENUE ................................................. 1

3.   TRIAL ESTIMATE ...................................................................................... 2

4.   JURY TRIAL ................................................................................................ 2

5.   ADMITTED FACTS ..................................................................................... 2

6.   STIPULATED FACTS .................................................................................. 2

7.   CLAIMS AND DEFENSES OF THE PARTIES .......................................... 3

8.   REMAINING ISSUES TO BE TRIED ...................................................... 11

**9.**   DISCOVERY .............................................................................................. 13

10.  EXHIBITS .................................................................................................. 13

11.  WITNESSES ............................................................................................... 13

12.  LAW AND MOTION ................................................................................. 13

13.  BIFURCATION OF ISSUES ..................................................................... 14

14.  PRETRIAL ORDER SUPERSEDES PLEADINGS .................................. 15

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:</u>**

Following pretrial proceedings, pursuant to Federal Rule of Civil Procedure, Rule 16 and Local Rule 16, IT IS HEREBY ORDERED:

**1.  <u>THE PARTIES</u>**

<u>Plaintiff</u>: L.C., by and through her guardian ad litem, Maria Cadena; I.H., by and through his guardian ad litem Jasmine Hernandez; and A.L., by and through her guardian ad litem, Lidia Lopez.

<u>Defendants</u>: State of California, Michael Blackwood, Isaiah Kee, Bernardo Rubalcava, and nominal defendant S.S.C.

All of the defendants have been served. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings that raise the issues are:

A. Plaintiffs' Third Amended Complaint. (Doc. No. 68.) Plaintiffs voluntarily dismissed their First Claim for Relief for Fourth Amendment—Detention and Arrest and their Third Claim for Relief for Fourth Amendment—Denial of Medical Care. (Doc. No. 101.) The Court granted summary judgment on Plaintiffs' Fourth Claim for Relief—Substantive Due Process under the Fourteenth Amendment. (Doc. No. 172.)

B. Defendants' Answer. (Doc. No. 72.)

**2.  <u>FEDERAL JURISDICTION AND VENUE</u>**

This Court has subject matter jurisdiction over Plaintiffs' federal question and civil rights claim pursuant to 28 U.S.C. § 1367 and § 1391. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all of the relevant events occurred in Hesperia, California. The Court has supplemental jurisdiction over Plaintiffs' state law claim.

//
//
//

**3.  <u>TRIAL ESTIMATE</u>**

Pursuant to the parties' Joint Rule 26 Report and this Court's Scheduling and Case Management Order, the trial is estimated to take 5-7 trial days from Jury Selection to Closing Arguments.

**4.  <u>JURY TRIAL</u>**

The trial is to be a jury trial. Proposed jury instructions and any special questions requested to be asked on voir dire have been filed with the Court pursuant to the requirements of the Civil Trial Standing Order.

**5.  <u>ADMITTED FACTS</u>**

The following facts are admitted and require no proof:

A. The incident occurred on February 17, 2021.

B. At all relevant times, Defendants Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood were acting within the course and scope of their employment as California Highway Patrol Officers for the State of California.

C. At all relevant times, Defendants Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood were acting under color of state law.

D. On February 17, 2021, at approximately 1:42 a.m., Defendants attempted an enforcement stop of Hector Puga's vehicle, a white Ford Expedition, on Interstate 15 (I-15).

E. Hector Puga's vehicle ultimately stopped in the area of Peach Avenue and Catalpa Street in Hesperia, California.

F. At some point during the incident, Defendants Kee, Blackwood, and Rubalcava discharged their firearms and shot at Mr. Puga.

G. Mr.Puga sustained multiple gunshot wounds to his body.

**6.  <u>STIPULATED FACTS</u>**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

A. Hector Puga died as a result of his gunshot wounds.

**7.  CLAIMS AND DEFENSES OF THE PARTIES**

**Plaintiffs**:

    A.  Plaintiffs plans to pursue the following claims against the following defendants:

        **1.**  **Claim 2: Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**. Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava used excessive force against Decedent Hector Puga in violation of the Fourth Amendment to the United States Constitution. Plaintiffs A.L., I.H., and L.C., as Decedent's successors in interest, seek survival damages under this claim on Decedent's behalf. Plaintiffs also seek costs and reasonable attorneys' fees under 42 U.S.C. Section 1988 on this claim.

        **2.**  **Claim 5: Battery (Cal. Gov't Code § 820 and California Common Law)**. Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava used unreasonable force against Decedent Hector Puga when they shot Decedent. Plaintiffs L.C., I.H., and A.L. bring this claim individually and as successors in interest to Decedent and seek wrongful death damages individually and survival damages on behalf of Decedent. Pursuant to section 815.2(a) of the California Government Code, Defendant State of California, by and through the California Highway Patrol is vicariously liable for the wrongful acts of Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava, who were acting within the course and scope of their employment with the California Highway Patrol.

        **3.**  **Claim 6: Negligence (Cal. Gov't Code § 820 and California Common Law)**. Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava were negligent in their conduct and use of force against Decedent Hector Puga. Plaintiffs L.C., I.H., and A.L. bring this claim individually and as successors in interest to Decedent and seek wrongful death damages individually and survival damages on behalf of Decedent. Pursuant to section 815.2(a) of the California Government Code, Defendant State of California, by and through the California

Highway Patrol is vicariously liable for the wrongful acts of Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava, who were acting within the course and scope of their employment with the California Highway Patrol.

**4.** **Claim 7: Bane Act (Cal. Civil Code § 52.1)**. Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava violated California Civil Code section 52.1. Plaintiffs L.C., I.H. and A.L., as Decedent's successors in interest, seek survival damages on behalf of Decedent. Pursuant to section 815.2(a) of the California Government Code, Defendant State of California, by and through the California Highway Patrol is vicariously liable for the wrongful acts of Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava, who were acting within the course and scope of their employment with the California Highway Patrol. Plaintiff also seeks costs and reasonable attorneys' fees under California Civil Code section 52 on this claim.

**5.** Plaintiffs L.C., I.H. and A.L also seek **punitive damages** against Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava under federal law.

A. The elements required to establish Plaintiffs' claims are:

Excessive Force:

1. Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava acted under color of law;

2. Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava used excessive force against Decedent Hector Puga;

3. The excessive force was a cause of injury, damage, loss, harm, or death to Decedent Hector Puga.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction Nos. 9.3, 9.25 (2017).

Battery:

1.  Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava intentionally shot Decedent Hector Puga;

2.  Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava used deadly force against Decedent Hector Puga;

3.  Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava's use of deadly force was not necessary to defend human life;

4.  Decedent Hector Puga was harmed;

5.  Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava's use of deadly force was a substantial factor in causing harm or death to Decedent Hector Puga.

*See* CACI 1305B.

<u>Negligence</u>:

1.  Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava was negligent;

2.  Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava's negligence was a substantial factor in causing harm to Decedent Hector Puga.

*See* CACI 400; 441.

<u>Bane Act</u>

1.  Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava acted violently against Decedent Hector Puga to prevent him from exercising his right to be free from excessive force;

2.  Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava intended to deprive Decedent Hector Puga of his right to be free from excessive force by demonstrating a reckless disregard to Decedent Hector Puga's constitutional rights;

3.  Decedent Hector Puga was harmed;

4. Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava's conduct was a substantial factor in causing Decedent Hector Puga's harm. *See* CACI 3066; *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

B. <u>In brief, the key evidence Plaintiffs rely on for each of the claims are as follows</u>:

    1. Testimony of Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava;

    2. Testimony of percipient witnesses Deputies Jake Adams and Robert Vaccari;

    3. Testimony of percipient witnesses Erin Mangerino, Betzabeth Gonzalez, and Jonathan Botten, Sr.

    4. Recorded interviews given by Michael Blackwood, Isaiah Kee, Bernardo Rubalcava, Jake Adams, and Robert Vaccari, including the audio and the transcription thereof;

    5. Video footage from the MVARS dashcam videos from Defendants Michael Blackwood and Isaiah Kee's units, including still shots taken from the videos;

    6. Video footage from percipient witnesses' cell phones;

    7. Surveillance video footage;

    8. Testimony of Plaintiffs' police practices expert Roger Clark;

    9. Testimony of the physical, forensic evidence from County of San Bernardino Detective Robert Ripley;

    10. Testimony of Decedent's injuries from County of San Bernardino Medical Examiner Timothy Jong, M.D.;

    11. Testimony from the Plaintiffs' guardians ad litem;

    12. Photographs of the scene and evidence;

    13. Photographs of Decedent's injuries;

14. Photographs of the Defendants Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava;

15. Photographs of Decedent and Plaintiffs;

16. Standard law enforcement training materials, including California Peace Officer Standards and Training (POST).

**Defendants**:

a) Defendants plan to pursue the following affirmative defenses:

1. Fifth Affirmative Defense: Qualified immunity against the 42 U.S.C. § 1983 claims.

2. Sixth Affirmative Defense: Immunity under California Government Code § 815.2(b).

3. Seventh Affirmative Defense: Immunity under California Government Code § 820.2.

4. Tenth Affirmative Defense: Comparative fault of decedent and others.

5. Twelfth Affirmative Defense: Immunity under California Penal Code §§ 835 and 835a.

6. Sixteenth and Twenty-Third Affirmative Defenses: Self-defense and defense of others against the state law claims.

7. Twenty-Second Affirmative Defense: Immunity under California Government Code § 820.4.

8. Twenty-Third Affirmative Defense: Immunity under California Penal Code § 196(b).

(b) The elements required to establish Defendants' affirmative defenses are:

1. Fifth Affirmative Defense—Qualified Immunity: Qualified immunity protects "government officials performing discretionary functions" by "shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "The linchpin of qualified immunity is the

1  reasonableness of the official's conduct." *Rosenbaum v. Washoe County*, 654 F.3d

2  1001, 1006 (9th Cir. 2011). Reasonableness is judged against the backdrop of the law

3  at the time of the conduct at issue. *Brouseau v. Haugen*, 543 U.S. 194, 198 (2004).

4  Qualified immunity is a legal defense for the Court to decide when raised by a non-

5  suit or post-verdict motion. *Ortiz v. Jordan*, 562 U.S. 180, 191 (2011) (holding

6  qualified immunity must be raised by a Rule 50 motion following trial where

7  disputed facts precluded resolution on summary judgment).

8  　　　　2.　Sixth Affirmative Defense—Immunity under California Government

9  Code § 815.2(b). Defendants are not "liable for an injury resulting from an act or

10  omission of an employee of the public entity where the employee is immune from

11  liability." Cal. Gov't Code § 815.2(b). "[W]here the liability of an employer in tort

12  rests solely on the doctrine of respondeat superior, a judgment on the merits in favor

13  of the employee is a bar to an action against the employer…" *Hilts v. Cnty. of*

14  *Solano*, 265 Cal.App.2d 161, 176 (1968).

15  　　　　3.　Seventh Affirmative Defense—Immunity under California

16  Government Code § 820.2. The elements for this affirmative defense are:

17  　　　　　　a.　The officer exercised discretion in using force on Puga; and

18  　　　　　　b.　The discretion was vested in the officer pursuant to his duties as a

19  peace officer.

20  　　"In actions involving claims under state law, an officer's use of deadly force is

21  privileged as a matter of law if he reasonably fears for his safety or that of others in

22  the area." *Reynolds v. Cnty. of San Diego*, 858 F. Supp. 1064, 1074 (S.D. Cal. 1994)

23  (recognizing an officer's "split-second decision to use force is exactly the kind of

24  act" which section 820.2 was enacted to shield from liability).

25  　　　　4.　Tenth Affirmative Defense—Comparative Fault. The elements of

26  comparative fault are:

27  　　　　　　a.　Puga or the third party was negligent; and

28

1      b.  Puga or the third party's negligence was a substantial factor in

2  causing Puga's death or Plaintiffs' harm. *See* CACI 406 (Apportionment of

3  Responsibility), 407 (Comparative Fault of Decedent).

4      5.  Twelfth Affirmative Defense—Immunity under California Penal Code

5  §§ 835 and 835a. The elements for this affirmative defense are:

6      a.  The officer had reasonable cause to believe Puga committed a

7  public offense;

8      b.  The force used was reasonable, based on the totality of the

9  circumstances, to overcome Puga's resistance and in protection of the life and safety

10  of the officer or another person; and

11      c.  Puga was subject to restraint reasonable to overcome his

12  resistance and in protection of the life and safety of the officer or another person.

13  *Edson v. Cty. of Anaheim*, 63 Cal. App. 4th 1269, 1272-73 (1998) (noting "police

14  battery actions recognize[ ]" § 835a's protections by requiring a plaintiff to "prove[ ]

15  unreasonable force was used").

16      6.  Sixteenth and Twenty-Third Affirmative Defenses—Self-defense. The

17  elements of self-defense are:

18      a.  The officer reasonably believed Puga was going to harm him or

19  other person; and

20      b.  The officer only used the amount of force that was reasonably

21  necessary to protect himself or other person. *See* CACI 1304 (Self-Defense/Defense

22  of Others).

23      7.  Twenty-Second Affirmative Defense—Immunity under California

24  Government Code § 820.4. The elements for this affirmative defense are:

25      a.  The officer was exercising due care; and

26      b.  The officer was enforcing the law. *Mansor v. Flores*, No. 5:23-

27  cv-00486 MWF-MAA, 2023 WL 8870587, *10 (C.D. Aug. 9, 2023) (stating that the

28

1 exercise of due care required under § 820.4 presupposes the employee was not
2 negligent or acting in an intentionally injurious manner).

3      8. Twenty-Third Affirmative Defense—Immunity under California Penal
4 Code § 196(b). This affirmative defense justifies a homicide by a peace officer only
5 when:

6          a. The officer reasonably believes, based on the totality of the
7 circumstances, that deadly force is necessary;

8          b. To defend against an imminent threat of death or serious bodily
9 injury to the officer or to another person, or to apprehend a fleeing person for any
10 felony that threatened or resulted in death or serious bodily injury, if the officer
11 reasonably believes that the person will cause death or serious bodily injury to
12 another unless immediately apprehended. Cal. Penal Code §§ 196(b), 835a(c).

13      (c) In brief, the key evidence Defendants rely on for each affirmative defense
14 is:

15      1. The prior statements and testimony of the Defendants and other law
16 enforcement officers.

17      2. The prior statements and testimony of eyewitnesses.

18      3. Evidence gathered of the incident, including but not limited to, video
19 footage of the incident, photographs, witness statements, dispatch recordings and
20 logs, and the reports and testimony of law enforcement investigators and forensic
21 specialists regarding the evidence.

22      4. Puga's prior criminal and medical records.

23      5. Plaintiffs' deposition testimony and responses to discovery.

24      6. Expert testimony of Greg Meyer regarding police procedures,
25 including all the underlying evidence he relied on in reaching his conclusions.

26      7. Expert testimony of Alexander Jason regarding shooting
27 reconstruction, including all the underlying evidence he relied on in reaching his
28 conclusions.

8.  Expert testimony of Kris Mohandie and Joshua Peter Visco regarding Puga's criminal history and potential charges and sentencing he was facing if he had lived that led to his conduct and "suicide by cop," including all the underlying evidence they relied on in reaching their conclusions.

There are no third parties asserting claims or defenses in this matter.

## 8. REMAINING ISSUES TO BE TRIED

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

Plaintiffs' Contentions:

1.  Whether Defendants used excessive and/or unreasonable force against Decedent;

2.  Whether Defendants' use of excessive and/or unreasonable force was a cause of Decedent's injury and/or death;

3.  Whether Defendants were negligent in their conduct towards Decedent;

4.  Whether Defendants' negligence was a cause of Decedent's injury and/or death;

5.  Whether Defendants acted with reckless disregard of Decedent's constitutional rights;

6.  The nature and extent of Decedent's damages, including the nature and extent of Decedent's injuries, the loss of enjoyment of life, the mental, physical and emotional pain and suffering experienced prior to death;

7.  The nature and extent of Plaintiffs' damages, including Plaintiffs' loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and

8.  Whether Defendants acted with malice, oppression, or in reckless disregard of Decedent's rights so as to warrant an award of punitive damages.

//

<u>Defendants' Contentions</u>:

1.  Whether Defendants used excessive and unreasonable force against the Decedent;

2.  Whether Defendants' use of excessive and unreasonable force (if proved) was a substantial factor in causing Decedent's harm and death;

3.  Whether Defendants were negligent with respect to their conduct toward Decedent before and during the incident;

4.  Whether Defendants' negligence was a substantial factor in causing injury, harm, and/or damage to the Plaintiffs;

5.  Whether Decedent and Deputies Adams and Vaccari were negligent and such negligence was a substantial factor in causing Decedent's injury, harm, or death;

6.  Whether Defendants acted with malice or oppression, or in reckless disregard of Decedent's Fourth Amendment rights;

7.  The amount of wrongful death damages to be awarded to Plaintiffs, if any;

8.  The amount of survival damages to be awarded to Puga for his pain and suffering before death and loss of enjoyment of life, if any

9.  Whether Puga committed suicide by cop;

10. Whether Defendants are entitled to qualified immunity as to the 42 U.S.C. § 1983 claim

11.  Whether Defendants acted in self-defense or defense of others as to the state law negligence and battery claims;

12.  Whether Defendants are entitled to immunity under California Government Code § 820.2;

13.  Whether Defendants are entitled to immunity under California Government Code § 820.4;

14.  Whether Defendants are entitled to immunity under California Penal Code §§ 835 and 835a;

15.  Whether Defendants are entitled to immunity under California Government Code § 196(b); and

16.  Whether Defendant State of California is entitled to immunity under California Government Code § 815.2(b).

## 9. **DISCOVERY**

All discovery is complete.

## 10. **EXHIBITS**

Plaintiffs' and Defendants' objections to exhibits have been filed in their Joint Exhibit Stipulation pursuant to the Court's Civil Trial Standing Order.

## 11. **WITNESSES**

The parties have filed their joint witness list. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1: none.

## 12. **LAW AND MOTION**

The following law and motion matters and motions in limine, and no others, are pending or contemplated:

Plaintiffs:

1. Plaintiffs' Motion *in Limine* No. 1 to Exclude Evidence of Decedent's Criminal History, Prior Contacts with Law Enforcement, Periods of Incarceratoin, Alleged Gang Affiliation, and Potential Charges and Sentencing Had Decedent Survived;

2. Plaintiffs' Motion *in Limine* No. 2 to Exclude Evidence Regarding Decedent's Alleged History of Drugs and Alcohol Use that was Unknown to the Officers;

3. Plaintiffs' Motion *in Limine* No. 3 to Exclude Any Evidence That Was

Untimely Disclosed or Produced After the Fact Discovery Cutoff;

    4.  Plaintiffs' Motion *in Limine* No. 4 to Preclude Certain Opinions and Testimony of Defendants' Police Practices Expert Greg Meyer and Ken Hubbs;

    5.  Plaintiffs' Motion *in Limine* No. 5 to Exclude Evidence of State of California and County of San Bernardino's Findings That the Officers' Uses of Force Was not Criminal, Was Reasonable, Justified, and/or Was Within Policy.

    6.  Motion to Exclude Testimony of or References to County Defendants' Retained Experts

  <u>Defendants</u>:

    1.  Motion in Limine No. 1 to exclude portions of Plaintiffs' video analysis/graphics expert, Matthew Kimmins' testimony and opinions and the two video compilations he created.

    2.  Motion in Limine No. 2 to exclude portions of Plaintiffs' police-practices expert Roger Clark's opinions and testimony.

    3.  Motion in Limine No. 3 seeks to exclude any evidence or reference to the shooting of, and the injuries sustained by, the Botten family or third parties.

    4.  Motion in Limine No. 4 to exclude the "Sal" video.

    5.  Motion in Limine No. 5 seeks to limit the testimony of the medical examiner.

    6.  Motion in Limine No. 6 seeks to preclude lay witnesses from testifying about Puga's state of mind.

**13.** <u>**BIFURCATION OF ISSUES**</u>

The parties agree that the amount of punitive damages should bifurcated in the event the jury makes the requisite finding during the liability stage. Plaintiffs further contend that, subject to the Court's rulings on Plaintiffs' motions in limine, trial should be bifurcated into a liability phase and damages phase should the Court

admit prejudicial evidence that is relevant to damages only. State Defendants object to trifurcating the trial. A limiting instruction should cure any concerns Plaintiffs have about the prejudicial effect of any evidence introduced at trial.

## 14. PRETRIAL ORDER SUPERSEDES PLEADINGS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.


DATED:                              UNITED STATES DISTRICT COURT


                                    _____
                                    HON. KENLY KIYA KATO
                                    UNITED STATES DISTRICT JUDGE

Approved as to form and content:


 */s/ Hang D. Le*
_____
Attorney for Plaintiffs


 **/s/ Diana Esquivel**
_____
Attorney for Defendants