**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and Antonia Salas Ubaldo

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually;<br><br>                    Plaintiffs,<br><br>          vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>                    Defendants. | Case No. 5:22-cv-00949-KK-SHK<br><br>*Honorable Kenly Kiya Kato*<br><br>**AMENDED JOINT EXHIBIT STIPULATON** |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to the Court's Civil Trial Scheduling Order, Plaintiffs L.C., a minor by and through her guardian *ad litem* Maria Cadena; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez; A.L., a minor by and through her guardian *ad litem* Lydia Lopez; and Antonia Salas Ubaldo ("Plaintiffs") and Defendants State of California, by and through the California Highway Patrol, Michael Blackwood, Isaiah Kee, and Bernardo Rubalcava ("State Defendants"), (collectively "the Parties"), hereby submit this Joint Exhibit Stipulation for the June 2, 2025 trial.

DATED: May 15, 2025          LAW OFFICES OF DALE K. GALIPO

By _____ */s/ Hang D. Le* _____
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

DATED:  May 15, 2025          ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Diana Esquivel\**

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendant State of Cal., by and through the CHP, Blackwood, Kee, and Rubalcava*

*The filer, Hang D. Le, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

## JOINT EXHIBIT STIPULATION

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| *** | **PLAINTIFFS' EXHIBIT LIST** | *** | *** |
| 1. | Part 4 of MVARS Video from Michael Blackwood's Patrol Unit (COSB0001465) | None. | Yes. |
| 2. | Part 2 of MVARS Video from Isaiah Kee's Patrol Unit (COSB009200) | None. | Yes. |
| 3. | Cellphone Video of Incident from Witness Erin Mangerino (COSB001470) | None. | Yes. |
| 4. | Cellphone Video of Incident from Witness Betzabeth Gonzalez (Plaintiff 0241) | None. | Yes. |
| 5. | Cellphone Video of Incident from Witness Betzabeth Gonzalez (Plaintiff 0256) | None. | Yes. |
| 6. | Cellphone Video of Incident from Witness Betzabeth Gonzalez (Plaintiff 0257) | None. | Yes. |
| 7. | Cellphone Video of Incident from Witness Betzabeth Gonzalez (Plaintiff 0258) | None. | Yes. |
| 8. | Cellphone Clip of Incident from Witness Edward Mangerino (COSB001453) | None. | Yes. |
| 9. | Cellphone Clip of Incident from Witness Edward Mangerino (COSB001454) | None. | Yes. |
| 10. | Cellphone Clip of Incident from Witness Edward Mangerino (COSB001455) | None. | Yes. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| 11. | Cellphone Clip of Incident from Witness Edward Mangerino (COSB001456) | None. | Yes. |
| 12. | Cellphone Clip of Incident from Witness Edward Mangerino (COSB001457) | None. | Yes. |
| 13. | Cellphone Clip of Incident from Witness Edward Mangerino (COSB001458) | None. | Yes. |
| 14. | Cellphone Clip of Incident from Witness Edward Mangerino (COSB001459) | None. | Yes. |
| 15. | Cellphone Clip of Incident from Witness Edward Mangerino (COSB001460) | None. | Yes. |
| 16. | Cellphone Clip of Incident from Witness Edward Mangerino (COSB001461) | None. | Yes. |
| 17. | Plaintiffs' Expert Matthew Kimmins' Puga Compilation Video | Lacks foundation, calls for speculation, and improper expert opinion. Fed. R. Evid. 702. *See* Defs.' Mot. In Limine No. 1.<br><br>**Plaintiffs' Response**: The Court has ruled that this Exhibit be played as a demonstrative so long as the captions are edited out. | No. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| 18. | Plaintiffs' Expert Matthew Kimmins' Post Fall Bullet Count Video | Lacks foundation, calls for speculation, and improper expert opinion. Fed. R. Evid. 702. *See* Defs.' Mot. In Limine No. 1.<br><br>**Plaintiffs' Response**: The Court has ruled that this Exhibit may be played as a demonstrative. | No.<br><br>**Defs.' Reply**: The Court ruled that "the captions must be edited out of the videos," (ECF No. 185 at 3), which necessary includes the purported bullet count that the witness added to the video. |
| 19. | Audio Recording of Interview of Isaiah Kee (COSB001350) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Kee's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | to impeach Kee's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | |
| 20. | Audio Recording of Interview of Isaiah Kee (COSB001373) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Kee's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Kee's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | Yes if deemed admissible. |
| 21. | Audio Recording of Interview of Isaiah Kee (COSB001374) | Relevance, cumulative, waste time, and hearsay. Fed. | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Kee's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Kee's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | |
| 22. | Audio Recording of Interview of Isaiah Kee (COSB001375) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Kee's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | important details to his testimony given later, and may also be used to impeach Kee's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | |
| 23. | Report and Transcription of Interview of Isaiah Kee (COSB000648-729) | Relevance, cumulative, waste time, hearsay, and lacks foundation and authenticity. Fed. R. Evid. 401-403, 602, 802, 805, 901. **Plaintiffs' Response**: Kee's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Kee's testimony. Moreover, the recording is not hearsay because it is a party-opponent's | No. **Defs.' Reply:** The report and transcription are someone else's interpretation of what Kee allegedly stated during his interview. Further, the accuracy of the transcription is unknown and unverified. The documents are therefore inadmissible hearsay and lack authentication. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | statement. Fed. R. Evid. 801(d)(2). | |
| 24. | Audio Recording of Interview of Bernardo Rubalcava (COSB001353) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Rubalcava's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Rubalcava's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | Yes if deemed admissible. |
| 25. | Audio Recording of Interview of Bernardo Rubalcava (COSB001354) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Rubalcava's interview regarding the incident, | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Rubalcava's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | |
| 26. | Audio Recording of Interview of Bernardo Rubalcava (COSB001370) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Rubalcava's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Rubalcava's | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | |
| 27. | Audio Recording of Interview of Bernardo Rubalcava (COSB001371) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Rubalcava's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Rubalcava's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | Yes if deemed admissible. |
| 28. | Audio Recording of Interview of Bernardo Rubalcava (COSB001372) | Relevance, cumulative, waste time, and hearsay. Fed. | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | R. Evid. 401-403, 802, 805. **Plaintiffs' Response**: Rubalcava's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Rubalcava's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | |
| 29. | Report and Transcription of Interview of Bernardo Rubalcava (COSB000396-540) | Relevance, cumulative, waste time, hearsay, and lacks foundation and authenticity. Fed. R. Evid. 401-403, 602, 802, 805, 901. **Plaintiffs' Response**: Rubalcava's interview regarding the incident, given to detectives days after the incident are relevant as it is | No. **Defs.' Reply:** The report and transcription are someone else's interpretation of what Rubalcava allegedly stated during his interview. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Rubalcava's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | Further, the accuracy of the transcription is unknown and unverified. The documents are therefore inadmissible hearsay and lack authentication. |
| 30. | Audio Recording of Interview of Michael Blackwood (COSB001351) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Blackwood's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Blackwood's testimony. Moreover, the recording is not hearsay because it is a | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | party-opponent's statement. Fed. R. Evid. 801(d)(2). | |
| 31. | Audio Recording of Interview of Michael Blackwood (COSB001355) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Blackwood's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Blackwood's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | Yes if deemed admissible. |
| 32. | Report and Transcription of Interview of Michael Blackwood (COSB000542-646) | Relevance, cumulative, waste time, hearsay, and lacks foundation and authenticity. Fed. R. Evid. 401-403, 602, 802, 805, 901. | No.<br><br>**Defs.' Reply:** The report and transcription are someone |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | **Plaintiffs' Response**: Blackwood's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Blackwood's testimony. Moreover, the recording is not hearsay because it is a party-opponent's statement. Fed. R. Evid. 801(d)(2). | else's interpretation of what Blackwood allegedly stated during his interview. Further, the accuracy of the transcription is unknown and unverified. The documents are therefore inadmissible hearsay and lack authentication. |
| 33. | Audio Recording of Interview of Jake Adams (COSB001412) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Adams's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | and may also be used to impeach Adams's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | |
| 34. | Report and Transcription of Interview of Jake Adams (COSB000309-394) | Relevance, cumulative, waste time, hearsay, and lacks foundation and authenticity. Fed. R. Evid. 401-403, 602, 802, 805, 901.\n\n**Plaintiffs' Response**: Adams's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Adams's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | No.\n\n**Defs.' Reply:** The report and transcription are someone else's interpretation of what Adams allegedly stated during his interview. Further, the accuracy of the transcription is unknown and unverified. The documents are therefore inadmissible hearsay and lack authentication. |

AMENDED JOINT EXHIBIT STIPULATION

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| 35. | Audio Recording of Interview of Robert Vaccari (COSB001352) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Vaccari's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Vaccari's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | Yes if deemed admissible. |
| 36. | Audio Recording of Interview of Robert Vaccari (COSB001376) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Adams's interview regarding the incident, given to detectives days after the incident are relevant as it is | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Adams's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | |
| 37. | Audio Recording of Interview of Robert Vaccari (COSB001398) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Adams's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Adams's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | prior statement. Fed. R. Evid. 801(d)(2). | |
| 38. | Audio Recording of Interview of Robert Vaccari (COSB001399) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.

**Plaintiffs' Response**: Adams's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Adams's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | Yes if deemed admissible. |
| 39. | Audio Recording of Interview of Robert Vaccari (COSB001400) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805.

**Plaintiffs' Response**: Adams's interview regarding the incident, given to detectives | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Adams's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | |
| 40. | Report and Transcription of Interview of Robert Vaccari (COSB000214-307) | Relevance, cumulative, waste time, hearsay, and lacks foundation and authenticity. Fed. R. Evid. 401-403, 602, 802, 805, 901.<br><br>**Plaintiffs' Response**: Adams's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Adams's testimony. Moreover, | No.<br><br>**Defs.' Reply:** The report and transcription are someone else's interpretation of what Vaccari allegedly stated during his interview. Further, the accuracy of the transcription is unknown and unverified. The documents are therefore inadmissible hearsay and |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | lack authentication. |
| 41. | Audio Recording of Interview of Wendy Mangerino (COSB001356) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805<br><br>**Plaintiffs' Response**: Mangerino's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, and may also be used to impeach testimony. | Yes if deemed admissible. |
| 42. | Audio Recording of Interview of Erin Mangerino (COSB009190) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805<br><br>**Plaintiffs' Response**: Mangerino's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | important details to his testimony given later, and may also be used to impeach Mangerino's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | |
| 43. | Audio Recording of Tammy Goodson (COSB001413) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805<br><br>**Plaintiffs' Response**: Goodson's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Goodson's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| 44. | Audio Recording of Interview of Tammy Goodson (COSB001414) | Relevance, cumulative, waste time, and hearsay. Fed. R. Evid. 401-403, 802, 805<br><br>**Plaintiffs' Response**: Goodson's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events, differs in some important details to his testimony given later, and may also be used to impeach Goodson's testimony. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | Yes if deemed admissible. |
| 45. | Audio Recording of Interview of Jonathan Wayne Botten, Sr. (COSB1387) | Relevance, cumulative, waste time, more prejudicial than probative, and hearsay. Fed. R. Evid. 401-403, 802, 805.<br><br>**Plaintiffs' Response**: Botten's interview regarding the incident, given to detectives days after the incident | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | are relevant as it is closest in time recollection of the events and is not hearsay if used to show that his testimony is consistent with his prior statements in order to rebut an express or implied charge that he recently fabricated it or acted from a recent improper influence or motive in so testify as Defendants have argued that he has a motive in testifying a certain way because he has brought a lawsuit stemming from the same incident. Fed. R. Evid. 801(d)(1). | |
| 46. | Audio Recording of Interview of Jonathan Wayne Botten, Sr. (COSB1388) | Relevance, cumulative, waste time, more prejudicial than probative, and hearsay. Fed. R. Evid. 401-403, 802, 805. Violates Court's order regarding scope of Botten testimony. (ECF No. 185 at 5.)<br><br>**Plaintiffs' Response**: Botten's interview regarding the incident, | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | given to detectives days after the incident are relevant as it is closest in time recollection of the events and is not hearsay if used to show that his testimony is consistent with his prior statements in order to rebut an express or implied charge that he recently fabricated it or acted from a recent improper influence or motive in so testify as Defendants have argued that he has a motive in testifying a certain way because he has brought a lawsuit stemming from the same incident. Fed. R. Evid. 801(d)(1). | |
| 47. | Audio Recording of Interview of Jonathan Wayne Botten, Sr. (COSB1389) | Relevance, cumulative, waste time, more prejudicial than probative, and hearsay. Fed. R. Evid. 401-403, 802, 805. **Plaintiffs' Response**: Botten's interview regarding the incident, given to detectives days after the incident | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | are relevant as it is closest in time recollection of the events and is not hearsay if used to show that his testimony is consistent with his prior statements in order to rebut an express or implied charge that he recently fabricated it or acted from a recent improper influence or motive in so testify as Defendants have argued that he has a motive in testifying a certain way because he has brought a lawsuit stemming from the same incident. Fed. R. Evid. 801(d)(1). | |
| 48. | Audio Recording of Interview of Jonathan Wayne Botten, Sr. (COSB1390) | Relevance, cumulative, waste time, more prejudicial than probative, and hearsay. Fed. R. Evid. 401-403, 802, 805. Violates Court's order regarding scope of Botten testimony. (ECF No. 185 at 5.) **Plaintiffs' Response**: Botten's interview regarding the incident, | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | given to detectives days after the incident are relevant as it is closest in time recollection of the events and is not hearsay if used to show that his testimony is consistent with his prior statements in order to rebut an express or implied charge that he recently fabricated it or acted from a recent improper influence or motive in so testify as Defendants have argued that he has a motive in testifying a certain way because he has brought a lawsuit stemming from the same incident. Fed. R. Evid. 801(d)(1). | |
| 49. | Audio Recording of Interview of Jonathan Wayne Botten, Sr. (COSB1391) | Relevance, cumulative, waste time, more prejudicial than probative, and hearsay. Fed. R. Evid. 401-403, 802, 805. Violates Court's order regarding scope of Botten testimony. (ECF No. 185 at 5.) | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | **Plaintiffs' Response**: Botten's interview regarding the incident, given to detectives days after the incident are relevant as it is closest in time recollection of the events and is not hearsay if used to show that his testimony is consistent with his prior statements in order to rebut an express or implied charge that he recently fabricated it or acted from a recent improper influence or motive in so testify as Defendants have argued that he has a motive in testifying a certain way because he has brought a lawsuit stemming from the same incident. Fed. R. Evid. 801(d)(1). | |
| 50. | Selected Scene Photographs (COSB001472, 1477, 1478, 1482, 1487, 1489, 1492, 1493, 1498, 1499, 1500, 1557, 1558, 1561, 1562, 1571, 1692, 1838, 1839, 1840, 1843, 1846, 1847, 1852, 1854, 1877, 1878, 1883, 1985, 2090, 2093, 2095, 2098, 2099, | Relevance, cumulative, waste time, and more prejudicial than probative. Fed. R. Evid. 401-403. | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | 2101, 2102, 2103, 2104, 2108, 2111, 2113, 2115, 2119, 2122, 2126, 2128, 2134, 2135, 2137, 2139, 2141, 2143, 2146, 2148, 2152, 2227, 2232, 2349, 2350, 2352, 2353, 2354, 4238, 2439, 2440; AG0886-935, 966-985) | **Plaintiffs' Response**: The photos are relevant and not cumulative as they show important angles of the scene, including where the vehicles were positioned in relation to each other and the surrounding area, and where the officers were in relation to the vehicles and surrounding scene at the time of the shooting. | |
| 51. | Selected Aerial Photographs of the Scene (COSB004198, 4199, 4208, 4209, 4217, 4220, 4222, 4269, 4272, 4273, 4276, 4277, 4278, 4285, 4286), 6734, 6735, 8427, 8727, 8728; AG0674-680) | Relevance, cumulative, waste time, and more prejudicial than probative. Fed. R. Evid. 401-403. <br><br>**Plaintiffs' Response**: The photos are relevant and not cumulative as they show important angles of the scene, including where the vehicles were positioned in relation to each other and the surrounding area, where the officers were in relation to the vehicles and surrounding scene | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | at the time of the shooting, and where the Botten house was in relation to the officers' positions at the time of the shooting. | |
| 52. | Selected Photographs from Autopsy of Hector Puga (COSB002671 [redacted], 2688 [redacted], 2694, 2697 [redacted], 2698, 2702, 2703 [redacted], 2704 [redacted], 2709, 2733 [redacted], 2737, 2738, 2770, 2771, 2775, 2776, 2780, 2781, 2811, 2812, 2900, 2901) | Relevance, cumulative, waste time, and more prejudicial than probative. Fed. R. Evid. 401-403. (Objections made to preserve them but parties may have reached agreement.)<br><br>**Plaintiffs' Response**: The photos are relevant to Decedent's damages. The recovered bullets from Decedent's body are also relevant to liability as Kee and Blackwood had different caliber bullets from Rubalcava and there is one gunshot wound that is the main lethal wound. | Yes if deemed admissible. |
| 53. | Photographs of Isaiah Kee taken after Incident (COSB004165- | Relevance, cumulative, waste time, and more | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | 4168; COSB004257-4258; AG0531-536, 549-554) | prejudicial than probative. Fed. R. Evid. 401-403.<br><br>**Plaintiffs' Response**: The photos are relevant to show that the possible alternatives the officers had on their belt and on their person at the time of the use of deadly force. They are also relevant to show that the officers did not sustain any injuries. | |
| 54. | Photographs of Bernardo Rubalcava and weapons taken after Incident (COSB004116-4120l AG0466-505) | Relevance, cumulative, waste time, and more prejudicial than probative. Fed. R. Evid. 401-403. | Yes if deemed admissible. |
| 55. | Photographs of Michael Blackwood taken after Incident (COSB004143, 4144, 4253-4256; AG0506-510, 521-520) | Relevance, cumulative, waste time, and more prejudicial than probative. Fed. R. Evid. 401-403.<br><br>**Plaintiffs' Response**: The photos are relevant to show that the possible alternatives the officers had on their belt and on their | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | person at the time of the use of deadly force. They are also relevant to show that the officers did not sustain any injuries. | |
| 56. | Photographs of Jake Adams taken after Incident (COSB004088, 4115, 4142, 4169, 4223, 4224) | Relevance, cumulative, waste time, and more prejudicial than probative. Fed. R. Evid. 401-403. **Plaintiffs' Response**: The photos are relevant to show that the possible alternatives the officers had on their belt and on their person at the time of the use of deadly force. They are also relevant to show that the officers did not sustain any injuries. | Yes if deemed admissible. |
| 57. | Photographs of Robert Vaccari taken after Incident (COSB004084-4087, 4227) | Relevance, cumulative, waste time, and more prejudicial than probative. Fed. R. Evid. 401-403. **Plaintiffs' Response**: The photos are relevant to show that the possible | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | alternatives the officers had on their belt and on their person at the time of the use of deadly force. They are also relevant to show that the officers did not sustain any injuries. | |
| 58. | MAIT Supplemental Physical Evidence Identification and Scene Diagram (AG095-0125) | None. | Yes. |
| 59. | Scene Investigation Report by Detective Robert Ripley (COSB000103-186) | None if Det. Ripley testifies, otherwise lacks foundation, calls for expert opinion, hearsay, and lacks authentication. Fed. R. Evid. 602, 702, 802, 901. **Plaintiffs' Response**: Plaintiffs intend to call Detective Ripley to testify at trial. | Yes if deemed admissible. |
| 60. | San Bernardino County Sheriff's Department Autopsy Protocol of Hector Puga (COSB000834-848) | None if Dr. Jong testifies, otherwise lacks foundation, calls for expert opinion, hearsay, and lacks authentication. Fed. R. Evid. 602, 702, 802, 901. **Plaintiffs' Response**: Plaintiffs intend to call | Yes if deemed admissible. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | Dr. Jong to testify at trial. | |
| 61. | Family Photographs with Hector Puga (Pltf 0001-0039) | Relevance, cumulative, waste time, more prejudicial than probative, and lacks foundation and authentication. Fed. R. Evid. 401-403, 602, and 901.<br><br>**Plaintiffs Response**: These photos are relevant to damages. | No. |
| 62. | Funeral and Burial Expenses (Pltf 0040-0043) | Relevance, more prejudicial than probative, and lacks foundation and authentication. Fed. R. Evid. 401-403, 602, and 901.<br><br>**Plaintiffs Response**: These expenses are relevant to damages and will be authenticated by a witness. | No. |
| 63. | Photographs of Items Bought for Plaintiff A.L. by Hector Puga (Pltf 0061-62) | Relevance, cumulative, waste time, more prejudicial than probative, and lacks foundation and authentication. Fed. R. Evid. 401-403, 602, and 901. | No. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | **Plaintiffs Response**: These photos are relevant to damages and foundation/ authentication will be established by a proper witness. | |
| 64. | Paystubs for Hector J. Puga (Pltf 0199-202) | Relevance, cumulative, waste time, more prejudicial than probative, and lacks foundation and authentication. Fed. R. Evid. 401-403, 602, and 901.  **Plaintiffs Response**: These paystubs are relevant to damages and foundation/ authentication will be established by a proper witness. | No. |
| 65. | Hector Puga Facebook Post re Plaintiff L.C. (Pltf 0229) | Relevance, cumulative, waste time, more prejudicial than probative, and lacks foundation and authentication. Fed. R. Evid. 401-403, 602, and 901.  **Plaintiffs Response**: These posts are relevant to damages and foundation/ authentication will be | No. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | established by a proper witness. | |
| 66. | Hector Puga Facebook Post re Plaintiff A.L. (Pltf 0230-232) | Relevance, cumulative, waste time, more prejudicial than probative, and lacks foundation and authentication. Fed. R. Evid. 401-403, 602, and 901. **Plaintiffs Response**: These posts are relevant to damages and foundation/ authentication will be established by a proper witness. | No. |
| 67. | Hector Puga Facebook Post re Plaintiff I.H. (0233-236) | Relevance, cumulative, waste time, more prejudicial than probative, and lacks foundation and authentication. Fed. R. Evid. 401-403, 602, and 901. **Plaintiffs Response**: These posts are relevant to damages and foundation/ authentication will be established by a proper witness. | No. |
| 68. | Hector Puga Facebook Post re Lidia Lopez (Pltf 0237-240) | Relevance, cumulative, waste | No. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | time, more prejudicial than probative, and lacks foundation and authentication. Fed. R. Evid. 401-403, 602, and 901.<br><br>**Plaintiffs Response**: These posts are relevant to damages and foundation/ authentication will be established by a proper witness. | |
| 69. | LabCorp DNA Testing of Plaintiffs L.C., I.H., and A.L. (Plaintiff 0243-245) | Calls for expert opinion, hearsay, and lacks foundation and authentication. Fed. R. Evid. 602, 702, 802, 901.<br><br>**Plaintiffs' Response**: A witness may be called to lay foundation and authenticate and testify to its results if needed. | No. |
| 70. | Video of Hector Puga FaceTiming with Plaintiff A.L. (Plaintiff 0255) | Relevance, cumulative, waste time, more prejudicial than probative, and lacks foundation and authentication. Fed. R. Evid. 401-403, 602, and 901. | No. |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | **Plaintiffs Response**: This video is relevant to damages and foundation/ authentication will be established by a proper witness. | |
| 71. | Black and White Surveillance Video (PLTFS 00345) | Relevance, cumulative, waste time, more prejudicial than probative, lacks foundation and authentication, and untimely disclosure without substantial justification. Fed. R. Evid. 401-403, 602, and 901; Fed. R. Civ. P. 37.<br><br>**Plaintiffs' Response**: The Court has ruled that this video may come into evidence. It provides an angle of the shooting that no other video shows. Authenticity and foundation will be established through a proper witness at trial. | No. |
| 72. | Exhibits 72-100 reserved for Plaintiffs | | |
| *** | **STATE DEFENDANTS' EXHIBIT LIST** | *** | *** |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| 101. | Rifle Cartridge, Puga's pistol and cartridge, unfired catridge, Puga's Pistol and FCC [COSB001622-COSB001629, COSB002041- COSB002044] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance – information re alleged gun found next to Puga not known to officers at the time of the incident; Wasting time; Undue delay; Misleading/confusing of issues; Probative value outweighed by prejudice.  **Defs.' Response**: Defendants will testify about and identify the gun they saw in decedent's possession immediately before they fired or returned fire. | |
| 102. | Puga's Vehicle, Inside Puga's Vehicle [COSB001896, COSB001898, COSB001899- COSB001957] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance – information not known to the officer at the time of the incident; Wasting time; Undue delay; Misleading/confusing of issues; Probative value outweighed by prejudice; Cumulative. | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | **Defs.' Response:** Defendants will testify about their observations of decedent throwing various objects out of his vehicle during the standoff. | |
| 103. | Modelo beer can [COSB002012-COSB002014] | **Plaintiffs' Objections:** Fed. R. Evid. 401, 402, 403 - Wasting time; Undue delay; Misleading/confusing of issues; Probative value outweighed by prejudice. **Defs.' Response:** Defendants will testify about their observations of decedent throwing various objects out of his vehicle during the standoff. | |
| 104. | 18 pack of Modelo beer [COSB002549-COSB002550] | **Plaintiffs' Objections:** Fed. R. Evid. 401, 402, 403 – Relevance; Wasting time; Undue delay; Misleading/confusing | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | of issues; Probative value outweighed by prejudice; Cumulative.<br><br>**Defs.' Response:** Defendants will testify about their observations of decedent throwing various objects out of his vehicle during the standoff. | |
| 105. | Kee's Mobile Video Audio Recording System (MVARS), Part 1 [AG0815] | **Plaintiffs' Objections:** Fed. R. Evid. 401, 402, 403 – Relevance; Wasting time; cumulative of other evidence; probative value is outweighed by prejudice.<br><br>**Defs.' Response:** Relevant to the totality of the circumstances of Defendants' encounter with decedent, including his dangerous and erratic driving in an attempt to evade arrest. | |
| 106. | Kee's MVARS, Part 2 [AG0816] | | Plaintiffs stipulate to authenticity |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | | and foundation if admitted. |
| 107. | Kee's MVARS, Part 3 [AG0817] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Wasting time; cumulative of other evidence; probative value is outweighed by prejudice. **Defs.' Response:** Relevant to the totality of the circumstances of Defendants' encounter with decedent, including his dangerous and erratic driving in an attempt to evade arrest. | |
| 108. | Blackwood's MVARS, Part 1 [AG0811] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Wasting time; cumulative of other evidence; probative value is outweighed by prejudice. **Defs.' Response:** Relevant to the totality of the circumstances of Defendants' encounter with | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | decedent, including his dangerous and erratic driving in an attempt to evade arrest. | |
| 109. | Blackwood's MVARS, Part 2 [AG0812] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Wasting time; cumulative of other evidence; probative value is outweighed by prejudice. **Defs.' Response**: Relevant to the totality of the circumstances of Defendants' encounter with decedent, including his dangerous and erratic driving in an attempt to evade arrest. | |
| 110. | Blackwood's MVARS, Part 3 [AG0813] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Wasting time; cumulative of other evidence; probative value is outweighed by prejudice. **Defs.' Response**: Relevant to the totality of the circumstances | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | of Defendants' encounter with decedent, including his dangerous and erratic driving in an attempt to evade arrest. | |
| 111. | Blackwood's MVARS, Part 4 [AG0814] | | Plaintiffs stipulate to authenticity and foundation if admitted. |
| 112. | Blackwood's MVARS, Part 5 [AG01377] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Wasting time; cumulative of other evidence; probative value is outweighed by prejudice. **Defs.' Response:** Relevant to the totality of the circumstances of Defendants' encounter with decedent, including Defendants' actions after the shooting ended. | |
| 113. | Edward Mangerino's cellphone footage [COSB001417 to COSB001461] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; wasting time; | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | cumulative of other evidence. **Defs.' Response:** Relevant to the totality of the circumstances of Defendants' encounter with decedent. Witness recorded the standoff, captured decedent's and Kee's statements, and shows the deescalation measures officers attempted. | |
| 114. | Erin Mangerino's cellphone footage [COSB001416] | | Plaintiffs stipulate to authenticity and foundation if admitted. |
| 115. | CHP Dispatch Audio [AG0451-AG0452] | **Plaintiffs' Objections:** Fed. R. Evid. 401, 402, 403 – Relevance; probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response:** Relevant to the totality of the circumstances of Defendants' encounter with decedent, including his | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | dangerous and erratic driving in an attempt to evade arrest and the officers' state of mind based on their reports to dispatch as the events unfolded. | |
| 116. | OIS Incident Detail Report No. 210217BS00009 [AG0318-AG0331] | **Plaintiffs' Objections**: <br><br> Fed. R. Evid. 401, 402, 403 – Relevance; probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. <br><br> **Defs.' Response**: Relevant to the totality of the circumstances of Defendants' encounter with decedent. The incident report details Defendants' reporting of the events as they unfolded. | |
| 117. | Freeway Shooting Incident Detail Report No. 210216BS00186 [AG0332-AG0337] | **Plaintiffs' Objections**: <br><br> Fed. R. Evid. 401, 402, 403 – Relevance; misleading/confusing issues; undue delay; wasting time; probative value | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | outweighed by prejudice; 801, 802 – Hearsay for which no exception applies.<br><br>**Defs.' Response:** Relevant to the totality of the circumstances of Defendants' encounter with decedent, including Defendants' knowledge of decedent's suspected involvement in a dangerous felony involving a firearm the day before the incident. | |
| 118. | CHP Arrest-Investigation Report (CHP 216), No. F03885021 [AG0241 to AG0260] | **Plaintiffs' Objections:** Fed. R. Evid. 401, 402, 403 – Relevance; probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies.<br><br>**Defs.' Response:** Relevant to the totality of the circumstances of Defendants' encounter with decedent, including Defendants' knowledge of | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | decedent's suspected involvement in a dangerous felony involving a firearm the day before the incident. | |
| 119. | SB County Fire Department MA22 Run Sheet for Hector Puga [AG0380-AG0381] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies.<br><br>**Defs.' Response**: Relevant to the testimony of paramedic Jeremy Pendergraft who pronounced decedent dead at the scene and observed his injuries. | |
| 120. | Puga Facebook Post, Dec. 20, 2020 [AG0423] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies.<br><br>**Defs.' Response**: Decedent's online | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | posts are party admissions (Fed. R. Evid. 801(d)(2)) and statements against interest (Fed. R. Evid. 804(b)(3)). | |
| 121. | Photographs AG0456-AG0465, AG0466-AG0510, AG0531-AG0536, AG0591-AG0593, AG0606-AG0607, AG0646, AG0818, AG0863, AG0867, AG0870, AG0904, AG0915, AG0917, AG0926, AG0930, AG0954, AG0976, AG0981-AG0983, AG01032, AG01036 | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Wasting time; Undue delay; Misleading/confusing of issues; Probative value outweighed by prejudice; Cumulative.<br><br>**Defs.' Response:** The photos are relevant and not cumulative. The photos of the bullets found in decedent's pockets and vehicle make it more likely that he was in possession of a gun. The bullet fragments taken from his body are relevant to show the source of the gunshot wound. The photos of the beer cans in the vehicle and street are relevant to show decedent has been drinking and | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | Defendants observed decedent throw the beer cans out his car window, which is consistent with the Court's ruling. (ECF No. 185 at 8, fn. 6.) And photos of the location of certain houses and vehicles are relevant to show important angles of the scene, including where the witnesses were located when the incident occurred. | |
| 122. | CHP Aerial Screenshots [AG0674-AG0680] | | Plaintiffs stipulate to authenticity and foundation if admitted. |
| 123. | Original gun found on Puga (placeholder) | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Probative value outweighed by prejudice. **Defs.' Response:** The gun is relevant and highly probative because the jury can determine whether a reasonable officer would felt they were imminent threat of | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | death or serious bodily injury if such a gun were waived and shot at them. | |
| 124. | Toxicology Report [AG0142-AG0144] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance – results not known to officers at the time of the incident; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies; 901 – authenticity and foundation not yet established. **Defs.' Response:** The report is relevant to Defendants' "suicide by cop" theory and to confirm Defendants' observation that decedent was drinking alcohol and likely inebriated. (ECF No. 185 at 7-8.) | |
| 125. | CHP Use of Force Policy v12-2020 [AG01557-AG01578] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; probative value outweighed by | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | prejudice; 801, 802 – Hearsay for which no exception applies.<br><br>**Defs.' Response:** The use-of-force policy is relevant to Defendants' police-practices expert's testimony and Defendants' testimony regarding the force used. | |
| 126. | Blackwood Training Records [AG0184-AG0199] | **Plaintiffs' Objections:**<br><br>Fed. R. Evid. 401, 402, 403 – Relevance; prejudicial, confusing.<br><br>**Defs.' Response:** These records are relevant to show Defendant's training on the use-of-force and firearms and to rebut the anticipated testimony of Plaintiffs' police-practices expert. | |
| 127. | Kee's Training Records [AG0200-AG0228] | **Plaintiffs' Objections:**<br><br>Fed. R. Evid. 401, 402, 403 – Relevance; prejudicial, confusing.<br><br>**Defs.' Response:** These records are | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | relevant to show Defendant's training on the use-of-force and firearms and to rebut the anticipated testimony of Plaintiffs' police-practices expert. | |
| 128. | Rubalcava's Training Records [AG0229-AG0240] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; prejudicial, confusing. **Defs.' Response**: These records are relevant to show Defendant's training on the use-of-force and firearms and to rebut the anticipated testimony of Plaintiffs' police-practices expert. | |
| 129. | Annabelle Botten's 911 Calls re: Suspect with Gun—Redacted [COSB001364] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Wasting time; Undue delay; Misleading/confusing of issues; Probative value outweighed by prejudice; Cumulative; 801, 802 – Hearsay for | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | which no exception applies. **Defs.' Response:** Botten's statements to the dispatch operator regarding the incident, including what she saw, are relevant as they are closest in time recollection of the events, and may also be used to impeach her testimony if it subsequently differs. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | |
| 130. | Audio recorded interview of Annabelle Botten, conducted on February 17, 2021, at 10:11 a.m. by Detective Hernandez of the San Bernardino County Sheriff's Office—Redacted [COSB001379] | **Plaintiffs' Objections:** Fed. R. Evid. 401, 402, 403 – Relevance; Wasting time; Undue delay; Misleading/confusing of issues; Probative value outweighed by prejudice; Cumulative; 801, 802 – Hearsay for which no exception applies. **Defs.' Response:** Botten's statements to | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | the investigators regarding the incident, including what she saw, are relevant as they are closest in time recollection of the events, and may also be used to impeach her testimony if it subsequently differs. Moreover, the recording is not hearsay because it is a declarant-witness's prior statement. Fed. R. Evid. 801(d)(2). | |
| 131. | Greg Meyer's Curriculum Vitae/Resume | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response:** The expert's credentials are relevant and necessary to be allowed to testify as an expert, and are necessary for the jury to determine what weight to give the witness' testimony. | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| 132. | Greg Meyer's Expert Report and Supporting Material | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies.  **Defs.' Response**: Defendants do not intend to admit the report or supporting material into evidence, but may use it to aid the witness or refresh recollection. | |
| 133. | Lucien C. Haag's Curriculum Vitae/Resume | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies.  **Defs.' Response:** The expert's credentials are relevant and necessary to be allowed to testify as an expert, and are necessary for the jury to determine what | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | weight to give the witness' testimony. | |
| 134. | Lucien C. Haag's Expert Report | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response:** Defendants do not intend to admit the report or supporting material into evidence, but may use it to aid the witness or refresh recollection. | |
| 135. | Alexander Jason's Curriculum Vitae/Resume | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response:** The expert's credentials are relevant and necessary to be allowed to testify as an expert, and are necessary for the jury | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | to determine what weight to give the witness' testimony. | |
| 136. | Alexander Jason's Expert Report | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response:** Defendants do not intend to admit the report or supporting material into evidence, but may use it to aid the witness or refresh recollection. | |
| 137. | Kris Mohandie's Curriculum Vitae/Resume | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response:** The expert's credentials are relevant and necessary to be allowed to testify as an expert, and are | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | necessary for the jury to determine what weight to give the witness' testimony. | |
| 138. | Kris Mohandie's Expert Report | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response**: Defendants do not intend to admit the report or supporting material into evidence, but may use it to aid the witness or refresh recollection. | |
| 139. | Richard Franklin Clark, Jr.'s Curriculum Vitae/Resume | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response:** The expert's credentials are relevant and necessary to be allowed to testify | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | as an expert, and are necessary for the jury to determine what weight to give the witness' testimony. | |
| 140. | Richard Franklin Clark, Jr.'s Expert Report | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies.. **Defs.' Response**: Defendants do not intend to admit the report or supporting material into evidence, but may use it to aid the witness or refresh recollection. | |
| 141. | Joshua Peter Visco's Curriculum Vitae/Resume | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response:** The expert's credentials are relevant and necessary | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | to be allowed to testify as an expert, and are necessary for the jury to determine what weight to give the witness' testimony. | |
| 142. | Joshua Peter Visco's Expert Report | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice; 801, 802 – Hearsay for which no exception applies. **Defs.' Response**: Defendants do not intend to admit the report or supporting material into evidence, but may use it to aid the witness or refresh recollection. | |
| 143. | Birth Certificate of L.C. [Plaintiff 0153] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice. Fed. R. Evid. 801, 802 – Hearsay. **Defs.' Response:** The document is relevant | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | to standing and damages, including lack of paternity and decedent's failure/refusal to be listed as the Plaintiff's father. | |
| 144. | Birth Certificate of I.H. [Plaintiff 0099] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice. Fed. R. Evid. 801, 802 – Hearsay. **Defs.' Response:** The document is relevant to standing and damages, including lack of paternity and decedent's failure/refusal to be listed as the Plaintiff's father. | |
| 145. | Birth Certificate of A.L. [Plaintiff 0054] | **Plaintiffs' Objections**: Fed. R. Evid. 401, 402, 403 – Relevance; Probative value outweighed by prejudice. Fed. R. Evid. 801, 802 – Hearsay. | |

| Exhibit No. | Description | Objection/ Response | Stipulation to Authenticity and Foundation |
|---|---|---|---|
| | | **Defs.' Response:** The document is relevant to standing and damages, including lack of paternity and decedent's failure/refusal to be listed as the Plaintiff's father. | |
| 146. | Exhibits 147-200 reserved for State Defendants | | |