UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-949-KK-SHKx** | Date: | May 22, 2025 |
|---|---|---|---|
| Title: | *L.C. et al. v. State of California et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order GRANTING Plaintiffs' Motion in Limine to Exclude the Testimony of Dr. Kris Mohandie [Dkt. 191]**

### I.
### INTRODUCTION

On May 19, 2025, plaintiffs L.C., a minor by and through her guardian ad litem Maria Cadena, individually and as a successor-in-interest to decedent Hector Puga, I.H., a minor by and through his guardian ad litem Jasmine Hernandez, individually and as a successor-in-interest to decedent Hector Puga, A.L., a minor by and through her guardian ad litem Lydia Lopez, individually and as a successor-in-interest to decedent Hector Puga, and Antonia Salas Ubaldo (collectively, "Plaintiffs") filed a brief seeking to exclude defendants Michael Blackwood, Isaiah Kee, Bernardo Rubalcava, and the State of California (collectively, "State Defendants") from introducing the testimony of Dr. Kris Mohandie ("Dr. Mohandie"), which the Court construes as a Motion in Limine ("Motion").  ECF Docket No. ("Dkt.") 191, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons set forth below, Plaintiffs' Motion is **GRANTED**.

///

///

///

## II.
## BACKGROUND

On May 12, 2023, Plaintiffs filed the operative Third Amended Complaint ("TAC"), alleging violations of the Fourth Amendment and related state claims arising from the February 17, 2021 shooting of decedent Hector Puga ("Puga"). Dkt. 68. On June 9, 2023, State Defendants filed an Answer to the TAC. Dkt. 72.

On January 13, 2025, the Court granted the parties' stipulation to extend the deadline to designate expert witnesses to January 30, 2025. Dkt. 94. On January 30, 2025, defendants Robert Vaccari, Jake Adams, and the County of San Bernardino (collectively, "County Defendants") identified Dr. Mohandie as a retained expert. Dkt. 191-3. On January 31, 2025, State Defendants sent their initial expert disclosures, identifying only expert Greg Meyer. Dkts. 191-4, 191-5. On February 13, 2025, State Defendants sent their expert rebuttal disclosures, which did not designate Dr. Mohandie. Dkt. 191-6. However, State Defendants "reserve[d] the right to call as a witness any and all experts designated by any other party" and "reserve[d] the right to call as their own expert witnesses any additional expert witness needed for rebuttal or impeachment at the time of trial." Id.

On April 30, 2025, Plaintiffs and County Defendants filed a status report indicating they had reached a settlement. Dkt. 168.

On June 18, 2024, the Court issued an Order setting the Final Pretrial Conference for May 15, 2025, and the trial date for June 2, 2025. Dkt. 85. On April 30, 2025, the Court advanced the Final Pretrial Conference to May 14, 2025. Dkt. 169.

At the Final Pretrial Conference, Plaintiffs raised concerns regarding State Defendants calling County Defendants' expert Dr. Mohandie as a witness because State Defendants had not designated Dr. Mohandie as an expert. Thus, the Court ordered Plaintiffs to file briefing regarding the admissibility of expert witness Dr. Mohandie's testimony no later than Monday, May 19, 2025. Dkt. 187. The Court also ordered any opposition to be filed by Wednesday, May 21, 2025. Id.

On May 19, 2025, Plaintiffs filed the instant Motion. Dkt. 191. State Defendants failed to file an Opposition.

This matter, thus, stands submitted.

## III.
## DISCUSSION

A.   **APPLICABLE LAW**

With respect to expert witnesses, Federal Rule of Civil Procedure 26(a)(2) ("Rule 26") requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If the expert witness is retained, the party's disclosure "must be accompanied by a written report" prepared and signed by the expert witness. Fed. R. Civ. P. 26(a)(2)(B).

Pursuant to Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness "unless the failure was substantially justified or is harmless." "[T]he burden is on the party facing sanctions to prove harmlessness and a court may consider the following factors in determining whether a discovery violation is justified or harmless: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lund v. California Dep't of Corr. & Rehab., No. EDCV-21-1083-JGB-DTBx, 2024 WL 5260933, at *8 (C.D. Cal. Oct. 1, 2024) (internal quotations and citations omitted).

### B.    ANALYSIS

Here, State Defendants failed to designate Dr. Mohandie as an expert witness prior to the deadline to designate an expert witness. See dkts. 191-4, 191-5. Moreover, State Defendants failed to oppose Plaintiffs' Motion, despite the Court's May 14, 2025 Order. See dkt. 187. Thus, State Defendants' failure to file an opposition is deemed consent to the granting of the Motion. See Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion."); see also Travelers Cas. Ins. Co. of Am. v. Geragos & Geragos, 495 F. Supp. 3d 848, 854 (C.D. Cal. 2020) ("Arguments to which no response is supplied are deemed conceded."). Accordingly, Plaintiffs' Motion is **GRANTED**.

### IV.
### CONCLUSION

For the reasons set forth above, Plaintiffs' Motion in Limine to exclude the testimony of Dr. Mohandie is **GRANTED**.

**IT IS SO ORDERED**.