**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
Email: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
Email: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and Antonia Salas Ubaldo

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually;

                              Plaintiffs,

          vs.

STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,

                              Defendants.

Case No. 5:22-cv-00949-KK-SHK

*Honorable Kenly Kiya Kato*

***EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE MINOR PLAINTIFFS AND NOMINAL DEFENDANT'S CLAIMS**

[Declaration of Hang D. Le and Exhibits thereto; Declaration of Maria Cadena; Declaration of Jasmine Hernandez; Declaration of Lidia Lopez; Declaration of Linda Rangel; and Proposed Order *filed concurrently*]

1    <u>**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR**</u>
2    <u>**COUNSEL OF RECORD**</u>**:**

3        PLEASE TAKE NOTICE that Plaintiffs L.C., by and through her guardian ad
4    litem Maria Cadena, I.H., by and through his guardian ad litem Jasmine Hernandez,
5    and A.L., by and through her guardian ad litem Lidia Lopez, individually and as
6    successors in interest to Hector Puga, deceased, ("Minor Plaintiffs") and Nominal
7    Defendant S.S.C, by and through her guardian Linda Rangel, hereby move by way
8    of this *Ex Parte* Application to Compromise of the Minor Plaintiffs and Nominal
9    Defendants' Claims for an order approving the settlement of Plaintiffs L.C., I.H.,
10    and A.L., and Nominal Defendant S.S.C.'s claims and distribution of their
11    settlement funds.

12        Minor Plaintiffs and Nominal Defendant make this application pursuant to
13    Central District Local Rule 7-19. The grounds for this application are set forth in the
14    Memorandum of Points and Authorities, which follows below, and the Declaration
15    of Hang D. Le, which is submitted concurrently herewith. Prior to filing this *ex*
16    *parte* application, Plaintiffs' counsel contacted Defendants State of California,
17    Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood's ("State Defendants")
18    counsel, and County of San Bernardino, Robert Vaccari and Jake Adams's ("County
19    Defendants") (altogether "Defendants") counsel in compliance with Local Rule 19
20    through 7-19.1. State Defendants' counsel is:

21                    Rob Bonta
                Attorney General of California
22                  Norman D. Morrison
            Supervising Deputy Attorney General
23                    Diana Esquivel
                Deputy Attorney General
24                1300 I Street, Suite 125
25                  P.O. Box 944255
                Sacramento, CA 94244-2550
26              Telephone:  (916) 210-7320
                Facsimile:  (916) 322-8288
27              Diana.Esquivel@doj.ca.gov

Declaration of Hang D. Le in Support of *Ex Parte* Application for Approval of the Compromise of the Minor Plaintiffs and Nominal Defendant's Claims ("Le Decl.") ¶ 2.

County Defendants' counsel is:

Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
LYNBERG & WATKINS
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Declaration of Hang D. Le in Support of *Ex Parte* Application for Approval of the Compromise of the Minor Plaintiffs and Nominal Defendant's Claims ("Le Decl.") ¶ 3. Counsel for State Defendants have reviewed the *Ex Parte* Application but have not had an opportunity to consult with their client regarding the contents and thus are unable to state a position regarding this Application. Le Decl. ¶ 4. Counsel for State Defendants have indicated that while State Defendants and counsel are generally in agreement with Plaintiffs' instant application for approval of the Minor Plaintiffs and Nominal Defendant's compromises and do not intend to oppose Minor Plaintiffs and Nominal Defendant's application for approval of the minor's compromises, counsel and State Defendants need additional time to review the contents of application and therefore are unable to agree to the approval of the minors' compromises at the time of this filing. Le Decl. ¶ 4. Counsel for County Defendants have also indicated that they need additional time to review the contents of the application and therefore are unable to agree to the approval of the minors' compromises at the time of this filing. Le Decl. ¶ 4.

Plaintiffs and Nominal Defendant seek approval of Minor Plaintiffs and Nominal Defendant's compromises on an *ex parte* basis because Minor Plaintiffs

1  and Nominal Defendant's respective guardians, after consulting with an annuity

2  broker, have chosen annuities for which the interest rate may expire if this petition is

3  heard as a regularly-noticed motion. Le Decl. ¶ 5. Filing this application for

4  approval of Minor Plaintiffs and Nominal Defendant's claims as a regularly-noticed

5  motion may cause a decrease in payment benefits to Minor Plaintiffs and Nominal

6  Defendant. *Id.* Accordingly, Plaintiffs respectfully requests that this Court consider

7  Plaintiffs' application for approval of the compromise of Minor Plaintiffs and

8  Nominal Defendant's claims on an *ex parte* basis.

9

10 Respectfully Submitted,

11

12

13 DATED:  July 18, 2025           **LAW OFFICES OF DALE K. GALIPO**

14

15                                By   */s/ Hang D. Le*

16                                Dale K. Galipo
                                  Hang D. Le
17                                Attorneys for Plaintiffs and Nominal
                                  Defendant
18

19

20

21

22

23

24

25

26

27

TABLE OF CONTENTS

EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS AND NOMINAL
DEFENDANT

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Maria Cadena, guardian ad litem for minor L.C., Jasmine Hernandez, guardian ad litem for minor I.H., Lidia Lopez, guardian ad litem for minor A.L., and Linda Rangel, guardian for minor S.S.C.[1], hereby submit this *ex parte* application and proposed order for approval of the compromise of the claims of Minor Plaintiffs L.C., I.H., and A.L. and Nominal Defendant S.S.C. in this matter, and request that this Honorable Court approve of the proposed distribution of Minor Plaintiffs and Nominal Defendant's funds.

The instant claims of Minor Plaintiffs and Nominal Defendant arose out of the officer-involved shooting death of their father, Hector Puga ("Decedent") during an incident involving California Highway Patrol Officers Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood, and County of San Bernardino Sheriff's Deputies Robert Vaccari and Jake Adams. Minor Plaintiffs and Nominal Defendant are Decedent's only biological children and his successors in interest. In addition to Minor Plaintiffs and Nominal Defendant, Decedent's mother Antonia Salas Ubaldo is also a plaintiff in this action.

Plaintiffs and County Defendants agreed to settle this case during a mediation held on April 1, 2025. The settlement was approved by the County Board on April

---

[1] Federal Rule of Civil Procedure 17(c)(1) enumerates specific persons who may sue or defend on behalf of a minor, including a "general guardian," *i.e.*, a minor's custodial parent. *See J.F. v. San Diego Cnty. Unified Sch. Dist.*, No. 19-CV-2495-CAB-LL, 2020 WL 30435, at *1 (S.D. Cal. Jan. 2, 2020); *Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013). A guardian ad litem is appointed under Rule 17(c)(2) if a minor is not represented by one of the persons listed in 17(c)(1) or if the court finds that a conflict of interest exists between the parent and minor. *See* Fed. R. Civ. P. 17(c)(2); *T.H. v. O'Malley*, No. 24-CV-358 JLS (DDL), 2024 WL 1511964, at *1 (S.D. Cal. Mar. 21, 2024). Linda Rangel is S.S.C's mother and "general guardian," does not have any adverse interest to S.S.C. in this action, and therefore may represent S.S.C. on her behalf. *See* Rangel Decl. ¶¶ 6-7.

29, 2025. The settlement agreement between County Defendants and Plaintiffs obligates County Defendants to pay Plaintiffs $250,000. Le Decl. ¶ 6.

Plaintiffs and Nominal Defendant have agreed to split the settlement sum from County Defendants as follows:

$50,000 to Plaintiff L.C. and her attorneys

$50,000 to Plaintiff I.H. and his attorneys

$50,000 to Plaintiff A.L. and her attorneys,

$50,000 to Plaintiff Antonia Salas Ubaldo and her attorneys

$50,000 to Nominal Defendant S.S.C. and her attorneys.

Le Decl. ¶ 6.

On May 5, 2025, the Court issued an Order Granting in Part and Denying in Part State Defendants' Motion for Summary Judgment. Specifically, the Court granted summary judgment on Plaintiffs' Fourteenth Amendment claim, which was being brought by all Plaintiffs. Because the Fourth Amendment claim was brought only by the Minor Plaintiffs and because Plaintiffs had conceded that Plaintiff Antonia Salas Ubaldo could not maintain state law claims against Defendants because she was not Decedent's successor in interest nor was she dependent on Decedent for financial support, Plaintiff Ubaldo was effectively dismissed from the case by the loss of the Fourteenth Amendment claim.

On May 22, 2025, State Defendants and the Minor Plaintiffs reached a settlement agreement. The settlement agreement obligates State Defendants to pay Minor Plaintiffs $340,000. Le Decl. ¶ 7. Minor Plaintiffs and Nominal Defendants have agreed to split the settlement sum from State Defendants as follows:

$85,000 to Plaintiff L.C. and her attorneys,

$85,000 to Plaintiff I.H. and his attorneys,

$85,000 to Plaintiff A.L. and her attorneys,

$85,000 to Nominal Defendant S.S.C and her attorneys.

EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF CLAIMS OF THE MINOR PLAINTIFFS AND NOMINAL DEFENDANT

Le Decl. ¶ 7.

## II.    <u>DISCUSSION</u>

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. In the context of proposed settlements in suits involving minors, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Minor Plaintiffs, Nominal Defendant and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1.      The Petitioners are Maria Cadena, guardian ad litem for Minor Plaintiff L.C., Jasmine Hernandez, guardian ad litem for Minor Plaintiff I.H., Lidia Lopez, guardian ad litem for Minor Plaintiff A.L., and Linda Rangel, guardian for Nominal Defendant S.S.C. Petitioner Maria Cadena is the natural mother and legal guardian of L.C. Petitioner Jasmine Hernandez is the natural mother and legal guardian of I.H. Petitioner Lidia Lopez is the natural mother and legal guardian of A.L. Petitioner Linda Rangel is the natural mother and legal guardian of S.S.C.

2.      Plaintiffs L.C., I.H., A.L., Antonia Salas Ubaldo, and Nominal Defendant S.S.C. are represented by the Law Offices of Dale K. Galipo.

3.      Plaintiff L.C. is a minor child and the biological daughter of Decedent in this case, Hector Puga. The Minor Plaintiff L.C. is female. She was born in 2013.

4.      Plaintiff I.H. is a minor child and the biological son of Decedent in this case, Hector Puga. The Minor Plaintiff I.H. is male. He was born in 2019.

5.      Plaintiff A.L. is a minor child and the biological daughter of Decedent in this case, Hector Puga. The Minor Plaintiff A.L. is female. She was born in 2021.

6.      Nominal Defendant S.S.C. is a minor child and the biological daughter of Decedent in this case, Hector Puga. The Nominal Defendant S.S.C. is female. She was born in 2019.

7.      The nature of Minor Plaintiffs and Nominal Defendant's claims in this lawsuit are set forth in the operative complaint filed in this action. Pursuant to the settlement agreements, Minor Plaintiffs and Nominal Defendant's claims will be compromised without a trial on the merits of the claims. Le Decl. ¶ 8.

8.      Minor Plaintiffs and Nominal Defendant's damages in this case arise from: (1) the injuries suffered by Decedent, for which Minor Plaintiffs and Nominal Defendant can recover damages as the successors in interest; and (2) Minor Plaintiffs and Nominal Defendant's individual loss of Decedent's comfort, care,

1  companionship, training, support, and guidance. Le Decl. ¶ 9.

2      9.    Medical treatment and medical billing are not relevant. Minor Plaintiffs

3  and Nominal Defendant have not received medical treatment in connection with this

4  case.

5      10.    The total amount of the settlement that County Defendants agree to pay

6  is $250,000. As set forth above, Plaintiffs and Nominal Defendant propose the

7  following gross division: $50,000 to Plaintiff L.C. and her attorneys; $50,000 to

8  Plaintiff I.H. and his attorneys; $50,000 to Plaintiff A.L. and her attorneys; $50,000

9  to Plaintiff Antonia Salas Ubaldo and her attorneys; and $50,000 to Nominal

10  Defendant S.S.C. and her attorneys. Le Decl. ¶ 6.

11      11.    The total amount of the settlement that State Defendants agree to pay is

12  $340,000. As set forth above, Minor Plaintiffs and Nominal Defendant propose the

13  following gross division: $85,000 to Plaintiff L.C. and her attorneys; $85,000 to

14  Plaintiff I.H. and his attorneys; $85,000 to Plaintiff A.L. and her attorneys; and

15  $85,000 to Nominal Defendant S.S.C. and her attorneys. Le Decl. ¶ 7.

16      12.    The total gross settlement amount the Minor Plaintiffs and Nominal

17  Defendant will be getting from County Defendants and State Defendants combined

18  is as follows: $135,000 to Plaintiff L.C. and her attorneys; $135,000 to Plaintiff I.H.

19  and his attorneys; $135,000 to Plaintiff A.L. and her attorneys; and $135,000 to

20  Nominal Defendant S.S.C. and her attorneys. Le Decl. ¶ 8.

21      13.    Plaintiffs' and Nominal Defendant's attorneys—the Law Offices of

22  Dale K. Galipo—are requesting attorneys' fees in the amount of forty (40) percent

23  of the $135,000 in gross settlement proceeds allocated to Plaintiff L.C., which is

24  $54,000; forty (40) percent of the $135,000 in gross settlement proceeds allocated to

25  Plaintiff I.H., which is $54,000; forty (40) percent of the $135,000 in gross

26  settlement proceeds allocated to Plaintiff A.L., which is $54,000; and forty (40)

27  percent of the $135,000 in gross settlement proceeds allocated to Nominal

Defendant S.S.C., which is $54,000. The contingency retainer agreement between Minor Plaintiffs' respective guardian ad litems and Nominal Defendant's guardian and Plaintiffs' attorneys provide for a forty (40) percent contingency fee. Le Decl. ¶ 11.

Plaintiffs' and Nominal Defendant's attorneys are also requesting reimbursement of advanced litigation costs in the total amount of $21,027.80. The costs will be split among the Plaintiffs and Nominal Defendant on a *pro rata* basis with their gross settlement allocation, such that Plaintiffs' and Nominal Defendant's attorneys are requesting $4,836.39 in costs from the gross settlement proceeds allocated to Minor Plaintiff L.C., $4,836.39 in costs from the gross settlement proceeds allocated to Minor Plaintiff I.H., $4,836.39 in costs from the gross settlement proceeds allocated to Minor Plaintiff A.L., and $4,836.39 in costs from the gross settlement proceeds allocated to Nominal Defendant S.S.C. Thus, the total amount Plaintiffs' and Nominal Defendant's attorneys seek in reimbursement for advanced litigation costs from Minor Plaintiffs and Nominal Defendant is $19,342.56. Le Decl. ¶ 12.

These are the amounts that the Law Offices of Dale K. Galipo would be due under the existing contingency fee retainer agreements. This case involved a substantial amount of risk. If Plaintiffs and Nominal Defendant had prevailed at trial, statutory attorneys' fees due to Plaintiffs' and Nominal Defendant's attorneys under the retainer agreements could have exceeded $1 million. If the Law Offices of Dale K. Galipo is not awarded a fully compensatory fee in such cases, it would not be able to take them. In turn, minor litigants such as Minor Plaintiffs and Nominal Defendant would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' and Nominal Defendant's attorneys request reimbursement the full amount of their attorneys' fees and costs. Le Decl. ¶ 13.

14.    The share of these gross settlement proceeds apportioned for Minor

Plaintiff L.C. and her attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Minor Plaintiff L.C. is $76,163.61. The share of the gross settlement proceeds apportioned for Minor Plaintiff I.H. and his attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Minor Plaintiff I.H. is $76,163.61. The share of the gross settlement proceeds apportioned for Minor Plaintiff A.L. and her attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Minor Plaintiff A.L. is $76,163.61. The share of the gross settlement proceeds apportioned for Nominal Defendant S.S.C. and her attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Nominal Defendant S.S.C. is $76,163.61. Le Decl. ¶ 14.

15.  It is requested that $76,163.61 be used to fund a structured settlement annuity for Minor Plaintiff L.C. As part of the structured settlement, Petitioner Maria Cadena requests a lump sum payment on February 1, 2026. This payment would be used solely for L.C.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of extracurricular activities. . Le Decl. ¶ 15. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff L.C., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit A" provides for a lump sum payment of $7,000 on February 1, 2026 to L.C.'s guardian ad litem and legal guardian Maria Cadena. The total amount Plaintiff L.C. will receive after final payment is made directly to her is $122,467.77. Le Decl. ¶ 15.

16.  It is requested that $76,163.61 be used to fund a structured settlement

annuity for Minor Plaintiff I.H. As part of the structured settlement, Petitioner Jasmine Hernandez requests a lump sum payment on February 1, 2026. This payment would be used solely for I.H.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of childcare. Le Decl. ¶ 16. Attached as "**Exhibit B**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff I.H., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit B" provides for a lump sum payment of $8,500 on February 1, 2026 to I.H.'s guardian ad litem and legal guardian Jasmine Hernandez. The total amount Plaintiff I.H. will receive after final payment is made directly to him is $168,381.74. Le Decl. ¶ 16.

17.    It is requested that $76,163.61 be used to fund a structured settlement annuity for Minor Plaintiff A.L. As part of the structured settlement, Petitioner Lidia Lopez requests a lump sum payment on February 1, 2026. This payment would be used solely for A.L.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of childcare. Le Decl. ¶ 17. Attached as "**Exhibit C**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff A.L., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit C" provides for a lump sum payment of $10,000 on February 1, 2026 to A.L.'s guardian ad litem and legal guardian Lidia Lopez. The total amount Plaintiff A.L. will receive after final payment is made directly to her is $178,677.81. Le Decl. ¶ 17.

18.    It is requested that $76,163.61 be used to fund a structured settlement annuity for Nominal Defendant S.S.C. Le Decl. ¶ 18. Attached as "**Exhibit D**" to the Declaration of Hang D. Le is the proposed structured annuity for Nominal Defendant S.S.C., which is incorporated herein by reference. The total amount

1    Plaintiff L.C. will receive after final payment is made directly to her is $185,296.74.

2    Le Decl. ¶ 18.

3          19.    The moving guardians *ad litem*, Maria Cadena, Jasmine Hernandez,

4    and Lidia Lopez, have no claims against Defendants in connection with the subject

5    incident. The moving guardian, Linda Rangel, has no claims against Defendants in

6    connection with the subject incident.

7          20.    The moving guardians *ad litem* and guardian also do not have any

8    claims against the Minor Plaintiffs or Nominal Defendant in connection with the

9    subject incident.

10         21.    California Welfare and Institutions Code Section 14124.73 does not

11    apply.

12         22.    This motion does not seek an order for payment of money to a special

13    needs trust. Le Decl. ¶ 19.

14    **Disclosures pursuant to California Rule of Court 7.951:**

15         1.    This application was prepared by attorney Hang D. Le (California State

16    Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800

17    Burbank Boulevard, Suite 310, Woodland Hills, California, which represents all

18    Plaintiffs and Nominal Defendant. Le Decl. ¶ 20.

19         2.    The Law Offices of Dale K. Galipo did not become concerned with this

20    matter at the instance of any party against whom the claim of said minors are

21    asserted. Le Decl. ¶ 21.

22         3.    The Law Offices of Dale K. Galipo represent Plaintiffs L.C., I.H., A.L.,

23    and Antonia Salas Ubaldo and Nominal Defendant S.S.C. in this matter but are not

24    employed by any other party or any insurance carrier involved in the matter. Le

25    Decl. ¶ 22.

26         4.    The Law Offices of Dale K. Galipo have not to date received any

27    compensation for their services in connection herewith from any person. Le Decl. ¶

23.

5.      In addition to receiving compensation from Minor Plaintiffs and Nominal Defendant's share of the settlement, Plaintiffs' and Nominal Defendant's attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to the remaining adult plaintiff as follows: Plaintiffs' and Nominal Defendant's attorneys will receive $20,000 in attorneys' fees and $1,682.24 in reimbursement of advanced litigation costs from Antonia Salas Ubaldo's portion of the settlement. Le Decl. ¶ 24.

6.      The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit. Le Decl. ¶ 25.

### Petitioner's endorsement:

Petitioner Maria Cadena, Jasmine Hernandez, Lidia Lopez, and Linda Rangel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors; claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioners further understand that if the compromise proposed in this *ex parte* application is approved by the Court and is consummated, the minor children will be forever barred from seeking any further recovery of compensation even though the minors' injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioners recommend the compromise settlement and the proposed distribution to the minors to the Court as being fair, reasonable, and in the best interest of the minors, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Petitioners requests that the Court enter the proposals attached to the Declaration of Hang D. Le as "**Exhibit A**", "**Exhibit B**", "**Exhibit C**," and "**Exhibit D**."

1    Specifically, Petitioners request that the Court enter the Proposed Order filed

2    concurrently herewith.

3    **III.    <u>CONCLUSION</u>**

4         For the foregoing reasons, Minor Plaintiffs and Nominal Defendant

5    respectfully request that the Court enter the proposed order submitted.

6

7    Respectfully Submitted,

8    DATED:  July 18, 2025              **LAW OFFICES OF DALE K. GALIPO**

9

10                                     By   */s/ Hang D. Le*

11                                       Dale K. Galipo
                                         Hang D. Le
12                                       Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27