**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
Email: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
Email: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually; <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | Case No. 5:22-cv-00949-KK-SHK <br><br> *Honorable Kenly Kiya Kato* <br><br> **DECLARATION OF HANG D. LE IN SUPPORT OF *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE MINOR PLAINTIFFS AND NOMINAL DEFENDANT'S CLAIMS** |

## <u>DECLARATION OF HANG D. LE</u>

I, Hang D. Le, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs and Nominal Defendant in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' and Nominal Defendant's *ex parte* application for approval of the compromise of Plaintiffs L.C., by and through her guardian ad litem Maria Cadena, I.H., by and through his guardian ad litem Jasmine Hernandez, and A.L., by and through her guardian ad litem Lidia Lopez, individually and as successors in interest to Hector Puga, deceased hereinafter ("Decedent"), ("Minor Plaintiffs") and Nominal Defendant S.S.C, by and through her guardian Linda Rangel.

2.      Defendants State of California, Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood's ("State Defendants") are represented by:

Rob Bonta
Attorney General of California
Norman D. Morrison
Supervising Deputy Attorney General
Diana Esquivel
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 210-7320
Facsimile:  (916) 322-8288
Diana.Esquivel@doj.ca.gov

3.      Defendants County of San Bernardino, Robert Vaccari and Jake Adams's ("County Defendants") are represented by:

//

//

Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
LYNBERG & WATKINS
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

4.    On July 17 2025, I e-mailed a copy of this instant *ex parte* application for approval of the compromise of Minor Plaintiffs and Nominal Defendants' claims, along with the accompanying proposed order and declarations and exhibits, to defense counsel at Diana.Esquivel@doj.ca.gov, sgustafson@lynberg.com, and amargolies@lynberg.com and informed counsel that I intended to file this *ex parte* application on July 18, 2025. Counsel for State Defendants have indicated that while State Defendants and counsel are generally in agreement with Plaintiffs' instant application for approval of the Minor Plaintiffs and Nominal Defendant's compromises and do not intend to oppose Minor Plaintiffs and Nominal Defendant's application for approval of the minor's compromises, counsel and State Defendants need additional time to review the contents of application and therefore are unable to agree to the approval of the minors' compromises at the time of this filing. Counsel for County Defendants have also indicated that they need additional time to review the contents of the application and therefore are unable to agree to the approval of the minors' compromises at the time of this filing.

5.    Plaintiffs and Nominal Defendant seek approval of Minor Plaintiffs and Nominal Defendant's compromises on an *ex parte* basis because Minor Plaintiffs and Nominal Defendant's respective guardians, after consulting with an annuity broker, have chosen annuities for which the interest rate may expire if this petition is heard as a regularly-noticed motion. Filing this application for approval of Minor

Plaintiffs and Nominal Defendant's claims as a regularly-noticed motion may cause a decrease in payment benefits to Minor Plaintiffs and Nominal Defendant.

6.     The settlement agreement between County Defendants and Plaintiffs obligates County Defendants to pay Plaintiffs $250,000. Plaintiffs and Nominal Defendant have agreed to split the settlement sum from County Defendants as follows: $50,000 to Plaintiff L.C. and her attorneys; $50,000 to Plaintiff I.H. and his attorneys; $50,000 to Plaintiff A.L. and her attorneys; $50,000 to Plaintiff Antonia Salas Ubaldo and her attorneys; $50,000 to Nominal Defendant S.S.C. and her attorneys.

7.     The settlement agreement between State Defendants and Minor Plaintiffs obligates State Defendants to pay Minor Plaintiffs $340,000. Minor Plaintiffs and Nominal Defendants have agreed to split the settlement sum from State Defendants as follows: $85,000 to Plaintiff L.C. and her attorneys; $85,000 to Plaintiff I.H. and his attorneys; $85,000 to Plaintiff A.L. and her attorneys; $85,000 to Nominal Defendant S.S.C and her attorneys.

8.     The nature of Minor Plaintiffs and Nominal Defendant's claims in this lawsuit are set forth in the operative complaint filed in this action. Pursuant to the settlement agreements, Minor Plaintiffs and Nominal Defendant's claims will be compromised without a trial on the merits of the claims.

9.     Minor Plaintiffs and Nominal Defendant's damages in this case arise from: (1) the injuries suffered by Decedent, for which Minor Plaintiffs and Nominal Defendant can recover damages as the successors in interest; and (2) Minor Plaintiffs and Nominal Defendant's individual loss of Decedent's comfort, care, companionship, training, support, and guidance.

10.    The total amount of the settlement that Defendants agree to pay is $999,999.99. As set forth above, Plaintiffs propose the following gross division: (1) $325,000 to D.S.1 and her attorneys; (2) $325,000 to D.S.2 and his attorneys; (3)

1  $175,000 to Tina Slater and her attorneys; and (4) $174,999,99 to David Bouchard

2  and his attorneys.

3       11.    Plaintiffs' and Nominal Defendant's attorneys—the Law Offices of

4  Dale K. Galipo—are requesting attorneys' fees in the amount of forty (40) percent

5  of the $135,000 in gross settlement proceeds allocated to Plaintiff L.C., which is

6  $54,000; forty (40) percent of the $135,000 in gross settlement proceeds allocated to

7  Plaintiff I.H., which is $54,000; forty (40) percent of the $135,000 in gross

8  settlement proceeds allocated to Plaintiff A.L., which is $54,000; and forty (40)

9  percent of the $135,000 in gross settlement proceeds allocated to Nominal

10 Defendant S.S.C., which is $54,000. The contingency retainer agreement between

11 Minor Plaintiffs' respective guardian ad litems and Nominal Defendant's guardian

12 and Plaintiffs' attorneys provide for a forty (40) percent contingency fee.

13      12.    Plaintiffs' and Nominal Defendant's attorneys are also requesting

14 reimbursement of advanced litigation costs in the total amount of $21,027.80. The

15 costs will be split among the Plaintiffs and Nominal Defendant on a *pro rata* basis

16 with their gross settlement allocation, such that Plaintiffs' and Nominal Defendant's

17 attorneys are requesting $4,836.39 in costs from the gross settlement proceeds

18 allocated to Minor Plaintiff L.C., $4,836.39 in costs from the gross settlement

19 proceeds allocated to Minor Plaintiff I.H., $4,836.39 in costs from the gross

20 settlement proceeds allocated to Minor Plaintiff A.L., and $4,836.39 in costs from

21 the gross settlement proceeds allocated to Nominal Defendant S.S.C. Thus, the total

22 amount Plaintiffs' and Nominal Defendant's attorneys seek in reimbursement for

23 advanced litigation costs from Minor Plaintiffs and Nominal Defendant is

24 $19,342.56.

25      13.    These are the amounts that the Law Offices of Dale K. Galipo would be

26 due under the existing contingency fee retainer agreements. This case involved a

27 substantial amount of risk. If Plaintiffs and Nominal Defendant had prevailed at

28 trial, statutory attorneys' fees due to Plaintiffs' and Nominal Defendant's attorneys

under the retainer agreements could have exceeded $1 million. If the Law Offices of Dale K. Galipo is not awarded a fully compensatory fee in such cases, it would not be able to take them. In turn, minor litigants such as Minor Plaintiffs and Nominal Defendant would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' and Nominal Defendant's attorneys request reimbursement the full amount of their attorneys' fees and costs.

14.    The share of these gross settlement proceeds apportioned for Minor Plaintiff L.C. and her attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Minor Plaintiff L.C. is $76,163.61. The share of the gross settlement proceeds apportioned for Minor Plaintiff I.H. and his attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Minor Plaintiff I.H. is $76,163.61. The share of the gross settlement proceeds apportioned for Minor Plaintiff A.L. and her attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Minor Plaintiff A.L. is $76,163.61. The share of the gross settlement proceeds apportioned for Nominal Defendant S.S.C. and her attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Nominal Defendant S.S.C. is $76,163.61.

15.    It is requested that $76,163.61 be used to fund a structured settlement annuity for Minor Plaintiff L.C. As part of the structured settlement, Petitioner Maria Cadena requests a lump sum payment on February 1, 2026. This payment would be used solely for L.C.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of extracurricular activities. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured annuity for

Minor Plaintiff L.C., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit A" provides for a lump sum payment of $7,000 on February 1, 2026 to L.C.'s guardian ad litem and legal guardian Maria Cadena. The total amount Plaintiff L.C. will receive after final payment is made directly to her is $122,467.77.

16.     It is requested that $76,163.61 be used to fund a structured settlement annuity for Minor Plaintiff I.H. As part of the structured settlement, Petitioner Jasmine Hernandez requests a lump sum payment on February 1, 2026. This payment would be used solely for I.H.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of childcare. Attached as "**Exhibit B**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff I.H., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit B" provides for a lump sum payment of $8,500 on February 1, 2026 to I.H.'s guardian ad litem and legal guardian Jasmine Hernandez. The total amount Plaintiff I.H. will receive after final payment is made directly to him is $168,381.74.

17.     It is requested that $76,163.61 be used to fund a structured settlement annuity for Minor Plaintiff A.L. As part of the structured settlement, Petitioner Lidia Lopez requests a lump sum payment on February 1, 2026. This payment would be used solely for A.L.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of childcare. Attached as "**Exhibit C**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff A.L., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit C" provides for a lump sum payment of $10,000 on February 1, 2026 to A.L.'s guardian ad litem and legal guardian Lidia Lopez. The total amount Plaintiff A.L. will receive after final payment is made directly to her is $178,677.81.

18.     It is requested that $76,163.61 be used to fund a structured settlement annuity for Nominal Defendant S.S.C. Attached as "**Exhibit D**" to the Declaration of Hang D. Le is the proposed structured annuity for Nominal Defendant S.S.C., which is incorporated herein by reference. The total amount Plaintiff L.C. will receive after final payment is made directly to her is $185,296.74.

19.     This motion does not seek an order for payment of money to a special needs trust.

20.     This application was prepared by attorney Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents which represents all Plaintiffs and Nominal Defendant in this action.

21.     The Law Offices of Dale K. Galipo did not become concerned with this matter at the instance of any party against whom the claim of said minors are asserted.

22.     The Law Offices of Dale K. Galipo represent Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo and Nominal Defendant S.S.C. in this matter but are not employed by any other party or any insurance carrier involved in the matter.

23.     The Law Offices of Dale K. Galipo have not to date received any compensation for their services in connection herewith from any person.

24.     In addition to receiving compensation from Minor Plaintiffs and Nominal Defendant's share of the settlement, Plaintiffs' and Nominal Defendant's attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to the remaining adult plaintiff as follows: Plaintiffs' and Nominal Defendant's attorneys will receive $20,000 in attorneys' fees and $1,682.24 in reimbursement of advanced litigation costs from Antonia Salas Ubaldo's portion of the settlement.

25.     The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement

1  provides for a 40 percent attorney fee recovery if any recovery is made after
2  commencement of a lawsuit.

3      26.    Attached hereto as "**Exhibit E**" is a group of documents from MetLife,
4  Inc., including the ratings and sample guarantee.

5

6

7      I declare under penalty of perjury that the foregoing is true and correct, and
8  that this was executed this 18th day of July 2025 at Woodland Hills, California.

9

10

11  _____
12                  Hang D. Le

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28