# Exhibit B

# ANNUITY ATTACHMENT
# MINORS COMPROMISE

From the total gross settlement, State of California has agreed to issue a separate settlement check in the amount of $47,954.87 and County of San Bernardino has agreed to issue a separate settlement check in the amount of $28,208.74 for a total of $76,163.61 to fund the structured annuity for the Minor, I.H., by and through the Guardian ad Litem, Jasmine Hernandez (hereinafter referred to as "Plaintiff").

MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee") will provide the following periodic payments in Section A to be made by Metropolitan Tower Life Insurance Company, (hereinafter referred to as "Annuity Carrier") rated A+, Size XV by A.M. Best Company.

The details of the periodic payments will be set forth in section (A), hereinbelow. All sums and periodic payments set forth in the section entitled Payments constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

A)  Payments:

**Payable to Jasmine Hernandez, as Parent and Guardian:**

$8,500.00 paid as a lump sum on 02/01/2026

**Payable to I.H. :**

$10,000.00 paid as a lump sum on 09/18/2037
$15,000.00 paid as a lump sum on 09/18/2039
$20,000.00 paid as a lump sum on 09/18/2041
$28,750.00 paid as a lump sum on 09/18/2043
$86,131.74 paid as a lump sum on 09/18/2045

FUNDING INSTRUCTIONS:

| | |
|---|---|
| Premium Amount: | $76,163.61 |
| Check Payable to: | MetLife Assignment Company Inc. |
| Tax I.D. | 38-4035918 |
| Deliver check to: | Baldwin Settlements<br>24265 Juanita Dr.<br>Laguna Niguel, CA 92677 |

State of California and County of San Bernardino (hereinafter referred to as "Defendants") will execute a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendants' liability to make the periodic payments described in paragraph (A) herein. Such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendants from such obligations hereunder as are assigned to Assignee.

The Defendants shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset", within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check or via wire transfer, in the amount specified above.

The Plaintiff hereto expressly understands and agrees that upon the qualified assignment being made by the Defendants to Assignee as authorized by this agreement, all of the duties and responsibilities to make the periodic payments otherwise imposed upon the Defendants by this agreement shall instead be binding upon Assignee, and the Defendants shall be released from all obligations to make said periodic payments, and Assignee shall at all times remain directly and solely responsible for and shall receive credit for all such payments made to Plaintiff. It is further understood and agreed that, upon such a qualified assignment, Assignee assume all of the duties and responsibilities of the Defendants to make the periodic payments.

Payments hereunder cannot be accelerated, deferred, increased or decreased by the Plaintiff and/or Assignee and no part of the payment(s) called for herein or any assets of the Defendants and/or Assignee is to be subject to execution of any legal process for any obligation in any manner. Furthermore, the Plaintiff shall not have the power to sell, increase, decrease, mortgage or encumber the same, or any part thereof, anticipate the same, or any part thereof, by assignment or otherwise, directly or indirectly.

The Assignee shall be the owner of the annuity policy or policies and shall have all rights of ownership. The Assignee will have the Annuity Carrier mail payments directly to the Plaintiff. The Plaintiff shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.