**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually;<br><br>　　　　　　　　Plaintiffs,<br>　　vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 5:22-cv-00949-KK-SHK<br><br>*Honorable Kenly Kiya Kato*<br><br>**[PROPOSED] ORDER APPROVING *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE MINOR PLAINTIFFS AND NOMINAL DEFENDANT'S CLAIMS** |

# [PROPOSED] ORDER

This Court, having considered Plaintiffs L.C., I.H., and A.L., and Nominal Defendant S.S.C.'s *Ex Parte* Application for Approval of Compromise of the the Minor Plaintiffs and Nominal Defendant's Claims, and GOOD CAUSE appearing therefore, hereby GRANTS the Application and makes the following orders:

1. The settlement of Minor Plaintiff L.C.'s action against the Defendants in the gross amount of $135,000 is hereby approved.

2. The settlement of Minor Plaintiff I.H.'s action against the Defendants in the gross amount of $135,000 is hereby approved.

The settlement of Minor Plaintiff A.L.'s action against the Defendants in the gross amount of $135,000 is hereby approved.

The settlement of Nominal Defendant S.S.C.'s claims against the Defendants in the gross amount of $135,000 is hereby approved.

3. Defendant County of San Bernardino, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $250,000 payable as follows:

    a. A draft for $137,165.04 shall be made payable to the "<u>Law Offices of Dale K. Galipo, Client Trust Account</u>," and sent to the Law Offices of Dale K. Galipo. These funds shall be used to satisfy (1) the attorneys' fees owed to the Law Offices of Dale K. Galipo in the amount of $20,000 by Minor Plaintiff L.C. from the settlement with County Defendants; (2) the pro rata costs owed to Plaintiff L.C.'s attorneys in the amount of $1,791.26 from the settlement with County Defendants; (3) the attorneys' fees owed to the Law Offices of Dale K. Galipo in the amount of $20,000 by Minor Plaintiff I.H. from the settlement with County Defendants; (4) the pro rata costs owed to Plaintiff I.H.'s attorneys in the amount of $1,791.26 from the settlement with County

|   |   |   |
|---|---|---|
| 1 |   | Defendants; (5) the attorneys' fees owed to the Law Offices of Dale K. |
| 2 |   | Galipo in the amount of $20,000 by Minor Plaintiff A.L. from the |
| 3 |   | settlement with County Defendants; (6) the pro rata costs owed to |
| 4 |   | Plaintiff A.L.'s attorneys in the amount of $1,791.26 from the |
| 5 |   | settlement with County Defendants; (7) the attorneys' fees owed to the |
| 6 |   | Law Offices of Dale K. Galipo in the amount of $20,000 by Nominal |
| 7 |   | Defendant S.S.C. from the settlement with County Defendants; (8) the |
| 8 |   | pro rata costs owed to Nominal Defendant S.S.C.'s attorneys in the |
| 9 |   | amount of $1,791.26 from the settlement with County Defendants; and |
| 10 |   | (9) the total gross amount to Plaintiff Antonia Salas Ubaldo in the |
| 11 |   | amount of $50,000. |
| 12 | b. | Defendant County of San Bernardino will partially fund the purchase of |
| 13 |   | a structured annuity for the Minor Plaintiff L.C. in the total amount of |
| 14 |   | $76,163.61 from MetLife Assignment Company, Inc. (hereinafter |
| 15 |   | referred to as "Assignee") by issuing a check made payable MetLife |
| 16 |   | Assignment Company, Inc. in the amount of $28,208.74, and MetLife |
| 17 |   | Assignment Company, Inc. will provide periodic payments to be made |
| 18 |   | by Metropolitan Tower Life Insurance Company (hereinafter referred |
| 19 |   | to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as |
| 20 |   | set forth in "Exhibit A" to the Declaration of Hang D. Le and in the |
| 21 |   | table below. The total amount that L.C. will receive after the final |
| 22 |   | payment is made directly to her from the annuity is $122,467.77. |
| 23 | c. | Defendant County of San Bernardino will partially fund the purchase of |
| 24 |   | a structured annuity for the Minor Plaintiff I.H. in the total amount of |
| 25 |   | $76,163.61 from MetLife Assignment Company, Inc. (hereinafter |
| 26 |   | referred to as "Assignee") by issuing a check made payable MetLife |
| 27 |   | Assignment Company, Inc. in the amount of $28,208.74, and MetLife |
| 28 |   |   |

Assignment Company, Inc. will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Hang D. Le and in the table below. The total amount that L.C. will receive after the final payment is made directly to her from the annuity is $168,381.74.

d. Defendant County of San Bernardino will partially fund the purchase of a structured annuity for the Minor Plaintiff A.L. in the total amount of $76,163.61 from MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee") by issuing a check made payable MetLife Assignment Company, Inc. in the amount of $28,208.74, and MetLife Assignment Company, Inc. will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Hang D. Le and in the table below. The total amount that A.L. will receive after the final payment is made directly to her from the annuity is $178,677.81.

e. Defendant County of San Bernardino will partially fund the purchase of a structured annuity for the Nominal Defendant S.S.C. in the total amount of $76,163.61 from MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee") by issuing a check made payable MetLife Assignment Company, Inc. in the amount of $28,208.74, and MetLife Assignment Company, Inc. will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Hang D. Le and in the table below. The total amount that S.S.C. will receive after

the final payment is made directly to her from the annuity is $185,296.74.

f. Defendant County of San Bernardino will arrange to have the checks partially funding the annuity premiums, made payable to MetLife Assignment Company, Inc., delivered directly to the annuity broker, Baldwin Settlements.

4. Defendant State of California, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $340,000 payable as follows:

a. A draft for $148,180.52 shall be made payable to the "<u>Law Offices of Dale K. Galipo, Client Trust Account</u>," and sent to the Law Offices of Dale K. Galipo. These funds shall be used to satisfy (1) the attorneys' fees owed to the Law Offices of Dale K. Galipo in the amount of $34,000 by Minor Plaintiff L.C. from the settlement with State Defendants; (2) the pro rata costs owed to Plaintiff L.C.'s attorneys in the amount of $3,045.13 from the settlement with State Defendants; (3) the attorneys' fees owed to the Law Offices of Dale K. Galipo in the amount of $34,000 by Minor Plaintiff I.H. from the settlement with County Defendants; (4) the pro rata costs owed to Plaintiff I.H.'s attorneys in the amount of $3,045.13 from the settlement with State Defendants; (5) the attorneys' fees owed to the Law Offices of Dale K. Galipo in the amount of $34,000 by Minor Plaintiff A.L. from the settlement with State Defendants; (6) the pro rata costs owed to Plaintiff A.L.'s attorneys in the amount of $3,045.13 from the settlement with State Defendants; (7) the attorneys' fees owed to the Law Offices of Dale K. Galipo in the amount of $34,000 by Nominal Defendant S.S.C. from the settlement with State Defendants; and (8)

|   |   |   |
|---|---|---|
| 1 |   | the pro rata costs owed to Nominal Defendant S.S.C.'s attorneys in the |
| 2 |   | amount of $3,045.13 from the settlement with State Defendants. |
| 3 | b. | Defendant State of California will partially fund the purchase of a |
| 4 |   | structured annuity for the Minor Plaintiff L.C. in the total amount of |
| 5 |   | $76,163.61 from MetLife Assignment Company, Inc. (hereinafter |
| 6 |   | referred to as "Assignee") by issuing a check made payable MetLife |
| 7 |   | Assignment Company, Inc. in the amount of $47,954.87, and MetLife |
| 8 |   | Assignment Company, Inc. will provide periodic payments to be made |
| 9 |   | by Metropolitan Tower Life Insurance Company (hereinafter referred |
| 10 |   | to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as |
| 11 |   | set forth in "Exhibit A" to the Declaration of Hang D. Le and in the |
| 12 |   | table below. The total amount that L.C. will receive after the final |
| 13 |   | payment is made directly to her from the annuity is $122,467.77. |
| 14 | c. | Defendant State of California will partially fund the purchase of a |
| 15 |   | structured annuity for the Minor Plaintiff I.H. in the total amount of |
| 16 |   | $76,163.61 from MetLife Assignment Company, Inc. (hereinafter |
| 17 |   | referred to as "Assignee") by issuing a check made payable MetLife |
| 18 |   | Assignment Company, Inc. in the amount of $47,954.87, and MetLife |
| 19 |   | Assignment Company, Inc. will provide periodic payments to be made |
| 20 |   | by Metropolitan Tower Life Insurance Company (hereinafter referred |
| 21 |   | to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as |
| 22 |   | set forth in "Exhibit A" to the Declaration of Hang D. Le and in the |
| 23 |   | table below. The total amount that L.C. will receive after the final |
| 24 |   | payment is made directly to her from the annuity is $168,381.74. |
| 25 | d. | Defendant State of California will partially fund the purchase of a |
| 26 |   | structured annuity for the Minor Plaintiff A.L. in the total amount of |
| 27 |   | $76,163.61 from MetLife Assignment Company, Inc. (hereinafter |
| 28 |   |   |

referred to as "Assignee") by issuing a check made payable MetLife Assignment Company, Inc. in the amount of $47,954.87, and MetLife Assignment Company, Inc. will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Hang D. Le and in the table below. The total amount that A.L. will receive after the final payment is made directly to her from the annuity is $178,677.81.

e. Defendant State of California will partially fund the purchase of a structured annuity for the Nominal Defendant S.S.C. in the total amount of $76,163.61 from MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee") by issuing a check made payable MetLife Assignment Company, Inc. in the amount of $47,954.87, and MetLife Assignment Company, Inc. will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Hang D. Le and in the table below. The total amount that S.S.C. will receive after the final payment is made directly to her from the annuity is $185,296.74.

f. Defendant State of California will arrange to have the checks partially funding the annuity premiums, made payable to MetLife Assignment Company, Inc., delivered directly to the annuity broker, Baldwin Settlements.

5. Annuity Carrier shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Hang D. Le and as set forth in the table below.

6. Annuity Carrier shall provide periodic payments in accordance with "Exhibit B" to the Declaration of Hang D. Le and as set forth in the table below.

7. Annuity Carrier shall provide periodic payments in accordance with "Exhibit C" to the Declaration of Hang D. Le and as set forth in the table below.

8. Annuity Carrier shall provide periodic payments in accordance with "Exhibit D" to the Declaration of Hang D. Le and as set forth in the table below.

6. All sums and periodic payments set forth in the section entitled "Payments" constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

7. Prior to Minor Plaintiff L.C. reaching the age of majority, disbursement drafts will be made payable and issued to L.C.'s parent and guardian, Maria Cadena, according to the payment schedule. Disbursement drafts will be made payable and will begin being issued directly to L.C. upon reaching the age of maturity according to the payment schedule.

**Payable to Maria Cadena, Parent and Guardian**

| | |
|---|---|
| $7,000 | Paid as lump sum on 2/1/2026 |

**Payable to L.C.**

| | |
|---|---|
| $20,000 | Paid as lump sum on 2/1/2026 |
| $20,000 | Paid as lump sum on 2/1/2026 |
| $25,000 | Paid as lump sum on 2/1/2026 |
| $30,000 | Paid as lump sum on 2/1/2026 |
| $40,000 | Paid as lump sum on 2/1/2026 |

| | |
|---|---|
| $60,000 | Paid as lump sum on 2/1/2026 |

8. Prior to Minor Plaintiff I.H. reaching the age of majority, disbursement drafts will be made payable and issued to I.H.'s parent and guardian, Jasmine Hernandez, according to the payment schedule. Disbursement drafts will be made payable and will begin being issued directly to I.H. upon reaching the age of maturity according to the payment schedule.

**Payable to Jasmine Hernandez, as Parent and Guardian**

| | |
|---|---|
| $8,500 | Paid as lump sum on 2/1/2026 |

**Payable to I.H.**

| | |
|---|---|
| $20,000 | Paid as lump sum on 2/1/2026 |
| $20,000 | Paid as lump sum on 2/1/2026 |
| $25,000 | Paid as lump sum on 2/1/2026 |
| $30,000 | Paid as lump sum on 2/1/2026 |
| $40,000 | Paid as lump sum on 2/1/2026 |
| $59,500 | Paid as lump sum on 2/1/2026 |

9. Prior to Minor Plaintiff A.L. reaching the age of majority, disbursement drafts will be made payable and issued to A.L.'s parent and guardian, Lidia Lopez, according to the payment schedule. Disbursement drafts will be made payable and will begin being issued directly to A.L. upon reaching the age of maturity according to the payment schedule.

//

//

**Payable to Lidia Lopez, as Parent and Guardian**

| | |
|---|---|
| $10,000 | Paid as lump sum on 2/1/2026 |

**Payable to A.L.**

| | |
|---|---|
| $10,000 | Paid as lump sum on 2/10/2039 |
| $15,000 | Paid as lump sum on 2/10/2041 |
| $20,000 | Paid as lump sum on 2/10/2043 |
| $30,000 | Paid as lump sum on 2/10/2045 |
| $93,677.81 | Paid as lump sum on 2/10/2047 |

10. Disbursement drafts will be made payable and will begin being issued directly to Nominal Defendant S.S.C. upon reaching the age of maturity according to the payment schedule.

**Payable to S.S.C.**

| | |
|---|---|
| $10,000 | Paid as lump sum on 9/02/2037 |
| $15,000 | Paid as lump sum on 9/02/2039 |
| $20,000 | Paid as lump sum on 9/02/2041 |
| $30,000 | Paid as lump sum on 9/02/2043 |
| $110,296.74 | Paid as lump sum on 9/02/2045 |

11. Defendant County of San Bernardino will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant County of San Bernardino's liability to make the periodic payments as described in the above tables and in "Exhibit A," "Exhibit B," "Exhibit C," and "Exhibit D" to the Declaration of Hang

D. Le filed concurrently herewith. Such assignment, if made, shall be accepted by the Plaintiffs and Nominal Defendant without right of rejection and shall completely release and discharge Defendant County of San Bernardino from such obligations hereunder as are assigned to Assignee. This includes that Defendant County of San Bernardino shall execute a Qualified Assignment document.

12. Defendant State of California will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant State of California's liability to make the periodic payments as described in the above tables and in "Exhibit A," "Exhibit B," "Exhibit C," and "Exhibit D" to the Declaration of Hang D. Le filed concurrently herewith. Such assignment, if made, shall be accepted by the Plaintiffs and Nominal Defendant without right of rejection and shall completely release and discharge Defendant State of California from such obligations hereunder as are assigned to Assignee. This includes that Defendant State of California shall execute a Qualified Assignment document.

13. Defendant County of San Bernardino and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

14. Defendant State of California and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

11. Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

12. The Assignee will have the Annuity Carrier mail payments directly to the Minor Plaintiffs L.C., I.H., A.L. and Nominal Defendant S.S.C., as set forth

above. Maria Cadena (until Minor Plaintiff L.C. reaches the age of the majority) and then L.C. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee. Jasmine Hernandez (until Minor Plaintiff I.H. reaches the age of the majority) and then I.H. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee. Lidia Lopez (until Minor Plaintiff A.L. reaches the age of the majority) and then A.L. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee. Linda Rangel (until Minor Plaintiff S.S.C. reaches the age of the majority) and then S.S.C. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

**IT IS SO ORDERED.**

Dated: _____, 2025      _____
                              Honorable Kenly Kiya Kato
                              United States District Judge
                              Central District of California