**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
Email: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
Email: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiffs
L.C., I.H., A.L., and Antonia Salas Ubaldo

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually;<br><br>Plaintiffs,<br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-00949-KK-SHK<br><br>*Honorable Kenly Kiya Kato*<br><br>**AMENDED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE MINOR PLAINTIFFS AND NOMINAL DEFENDANT'S CLAIMS**<br><br>[Declaration of Hang D. Le and Exhibits thereto; Declaration of Maria Cadena; Declaration of Jasmine Hernandez; Declaration of Lidia Lopez; Declaration of Linda Rangel; and Proposed Order *filed concurrently*] |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs L.C., by and through her guardian ad litem Maria Cadena, I.H., by and through his guardian ad litem Jasmine Hernandez, and A.L., by and through her guardian ad litem Lidia Lopez, individually and as successors in interest to Hector Puga, deceased, ("Minor Plaintiffs") and Nominal Defendant S.S.C, by and through her guardian Linda Rangel, hereby move by way of this Amended *Ex Parte* Application to Compromise of the Minor Plaintiffs and Nominal Defendants' Claims for an order approving the settlement of Plaintiffs L.C., I.H., and A.L., and Nominal Defendant S.S.C.'s claims and distribution of their settlement funds.

Minor Plaintiffs and Nominal Defendant make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Hang D. Le, which is submitted concurrently herewith. Prior to filing this *ex parte* application, Plaintiffs' counsel contacted Defendants State of California, Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood's ("State Defendants") counsel, and County of San Bernardino, Robert Vaccari and Jake Adams's ("County Defendants") (altogether "Defendants") counsel in compliance with Local Rule 19 through 7-19.1. Declaration of Hang D. Le in Support of Amended *Ex Parte* Application for Approval of the Compromise of the Minor Plaintiffs and Nominal Defendant's Claims ("Le Decl.") ¶ 4. State Defendants' counsel is:

Rob Bonta
Attorney General of California
Norman D. Morrison
Supervising Deputy Attorney General
Diana Esquivel
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

Telephone:  (916) 210-7320
Facsimile:  (916) 322-8288
Diana.Esquivel@doj.ca.gov

Le Decl. ¶ 2.

County Defendants' counsel is:

Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
LYNBERG & WATKINS
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Le Decl. ¶ 3. County Defendants previously filed a Notice of Non-Opposition to Plaintiffs' and Nominal Defendant's Ex Parte Application seeking approval of the compromise of their claims. Le Decl. ¶ 4. (*See* Dkt. No. 200). State Defendants do not oppose this Amended Ex Parte Application for Approval of the Compromise of the Minor Plaintiffs and Nominal Defendants' Claims. *Id.*

Plaintiffs and Nominal Defendant initially sought approval of Minor Plaintiffs and Nominal Defendant's compromises on an *ex parte* basis because Minor Plaintiffs and Nominal Defendant's respective guardians, after consulting with an annuity broker, have chosen annuities for which the interest rate may expire if their petition was heard as a regularly-noticed motion and filing an application for approval of Minor Plaintiffs and Nominal Defendant's claims as a regularly-noticed motion could have caused a decrease in payment benefits to Minor Plaintiffs and Nominal Defendant. Le Decl. ¶ 5. State Defendants have represented that they may not be able to fund Minor Plaintiffs and Nominal Defendants' selected annuities in time before the rates expire and thus, the parties have now agreed to include "slide language" into the amended Proposed Order and attachments to reflect the possible delay and to avoid having to burden to Court with additional requests for approval

should a delay occur and new annuity selections need to be made. *Id.* Additionally, the attorneys for State Defendants and Plaintiffs and Nominal Defendants have reached an agreement on the Qualified Assignment and Release such that State Defendants do not object to this Amended Application. *Id.* Plaintiffs are filing this *amended ex parte* and respectfully requests that this Court still consider Plaintiffs' application for approval of the compromise of Minor Plaintiffs and Nominal Defendant's claims on an *ex parte* basis in order to give State Defendants ample time to process all paperwork necessary to try fund the currently selected annuities before the rates expire. *Id.*

Respectfully Submitted,

DATED:  August 11, 2025            **LAW OFFICES OF DALE K. GALIPO**

By  */s/ Hang D. Le*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs and Nominal Defendant

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 1
II. DISCUSSION .............................................................................................. 3
   Disclosures pursuant to California Rule of Court 7.950 ......................... 4
   Disclosures pursuant to California Rule of Court 7.951 ......................... 9
   Petitioner's endorsement ....................................................................... 10
III. CONCLUSION ......................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**
*Dacanay v. Mendoza*,
 573 F.2d 1075 (9th Cir. 1978) ...................................................................................3
*Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*,
 No. 2:13-CV-01145-GEB, 2013 WL 2666024 (E.D. Cal. June 12, 2013) ..............1
*J.F. v. San Diego Cnty. Unified Sch. Dist.*,
 No. 19-CV-2495-CAB-LL, 2020 WL 30435 (S.D. Cal. Jan. 2, 2020) ....................1
*Robidoux v. Rosengren*,
 638 F.3d 1177 (9th Cir. 2011) ...................................................................................3
*Salmeron v. United States*,
 724 F.2d 1357 (9th Cir. 1983) ...................................................................................3
*T.H. v. O'Malley*,
 No. 24-CV-358 JLS (DDL), 2024 WL 1511964 (S.D. Cal. Mar. 21, 2024) ..........1

**Statutes**
Cal. Civ. Proc. Code § 372 ........................................................................................3

**Rules**
Cal. Rules of Court, rule 3.1384................................................................................3
Cal. Rules of Court, rule 7.950..................................................................................4
Cal. Rules of Court, rule 7.951..................................................................................9
Fed. R. Civ. P. 17(c)(2)..............................................................................................1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Maria Cadena, guardian ad litem for minor L.C., Jasmine Hernandez, guardian ad litem for minor I.H., Lidia Lopez, guardian ad litem for minor A.L., and Linda Rangel, guardian for minor S.S.C.[1], hereby submit this *ex parte* application and proposed order for approval of the compromise of the claims of Minor Plaintiffs L.C., I.H., and A.L. and Nominal Defendant S.S.C. in this matter, and request that this Honorable Court approve of the proposed distribution of Minor Plaintiffs and Nominal Defendant's funds.

The instant claims of Minor Plaintiffs and Nominal Defendant arose out of the officer-involved shooting death of their father, Hector Puga ("Decedent") during an incident involving California Highway Patrol Officers Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood, and County of San Bernardino Sheriff's Deputies Robert Vaccari and Jake Adams. Minor Plaintiffs and Nominal Defendant are Decedent's only biological children and his successors in interest. In addition to Minor Plaintiffs and Nominal Defendant, Decedent's mother Antonia Salas Ubaldo is also a plaintiff in this action.

Plaintiffs and County Defendants agreed to settle this case during a mediation held on April 1, 2025. The settlement was approved by the County Board on April

---

[1] Federal Rule of Civil Procedure 17(c)(1) enumerates specific persons who may sue or defend on behalf of a minor, including a "general guardian," *i.e.*, a minor's custodial parent. *See J.F. v. San Diego Cnty. Unified Sch. Dist.*, No. 19-CV-2495-CAB-LL, 2020 WL 30435, at *1 (S.D. Cal. Jan. 2, 2020); *Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013). A guardian ad litem is appointed under Rule 17(c)(2) if a minor is not represented by one of the persons listed in 17(c)(1) or if the court finds that a conflict of interest exists between the parent and minor. *See* Fed. R. Civ. P. 17(c)(2); *T.H. v. O'Malley*, No. 24-CV-358 JLS (DDL), 2024 WL 1511964, at *1 (S.D. Cal. Mar. 21, 2024). Linda Rangel is S.S.C's mother and "general guardian," does not have any adverse interest to S.S.C. in this action, and therefore may represent S.S.C. on her behalf. *See* Rangel Decl. ¶¶ 6-7.

29, 2025. The settlement agreement between County Defendants and Plaintiffs obligates County Defendants to pay Plaintiffs $250,000. Le Decl. ¶ 6.

Plaintiffs and Nominal Defendant have agreed to split the settlement sum from County Defendants as follows:

$50,000 to Plaintiff L.C. and her attorneys

$50,000 to Plaintiff I.H. and his attorneys

$50,000 to Plaintiff A.L. and her attorneys,

$50,000 to Plaintiff Antonia Salas Ubaldo and her attorneys

$50,000 to Nominal Defendant S.S.C. and her attorneys.

Le Decl. ¶ 6.

On May 5, 2025, the Court issued an Order Granting in Part and Denying in Part State Defendants' Motion for Summary Judgment. Specifically, the Court granted summary judgment on Plaintiffs' Fourteenth Amendment claim, which was being brought by all Plaintiffs. Because the Fourth Amendment claim was brought only by the Minor Plaintiffs and because Plaintiffs had conceded that Plaintiff Antonia Salas Ubaldo could not maintain state law claims against Defendants because she was not Decedent's successor in interest nor was she dependent on Decedent for financial support, Plaintiff Ubaldo was effectively dismissed from the case by the loss of the Fourteenth Amendment claim.

On May 22, 2025, State Defendants and the Minor Plaintiffs reached a settlement agreement. The settlement agreement obligates State Defendants to pay Minor Plaintiffs $340,000. Le Decl. ¶ 7. Minor Plaintiffs and Nominal Defendants have agreed to split the settlement sum from State Defendants as follows:

$85,000 to Plaintiff L.C. and her attorneys,

$85,000 to Plaintiff I.H. and his attorneys,

$85,000 to Plaintiff A.L. and her attorneys,

$85,000 to Nominal Defendant S.S.C and her attorneys.

Le Decl. ¶ 7.

## II.      DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. In the context of proposed settlements in suits involving minors, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Minor Plaintiffs, Nominal Defendant and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. The Petitioners are Maria Cadena, guardian ad litem for Minor Plaintiff L.C., Jasmine Hernandez, guardian ad litem for Minor Plaintiff I.H., Lidia Lopez, guardian ad litem for Minor Plaintiff A.L., and Linda Rangel, guardian for Nominal Defendant S.S.C. Petitioner Maria Cadena is the natural mother and legal guardian of L.C. Petitioner Jasmine Hernandez is the natural mother and legal guardian of I.H. Petitioner Lidia Lopez is the natural mother and legal guardian of A.L. Petitioner Linda Rangel is the natural mother and legal guardian of S.S.C.

2. Plaintiffs L.C., I.H., A.L., Antonia Salas Ubaldo, and Nominal Defendant S.S.C. are represented by the Law Offices of Dale K. Galipo.

3. Plaintiff L.C. is a minor child and the biological daughter of Decedent in this case, Hector Puga. The Minor Plaintiff L.C. is female. She was born in 2013.

4. Plaintiff I.H. is a minor child and the biological son of Decedent in this case, Hector Puga. The Minor Plaintiff I.H. is male. He was born in 2019.

5. Plaintiff A.L. is a minor child and the biological daughter of Decedent in this case, Hector Puga. The Minor Plaintiff A.L. is female. She was born in 2021.

6. Nominal Defendant S.S.C. is a minor child and the biological daughter of Decedent in this case, Hector Puga. The Nominal Defendant S.S.C. is female. She was born in 2019.

7. The nature of Minor Plaintiffs and Nominal Defendant's claims in this lawsuit are set forth in the operative complaint filed in this action. Pursuant to the settlement agreements, Minor Plaintiffs and Nominal Defendant's claims will be compromised without a trial on the merits of the claims. Le Decl. ¶ 8.

8. Minor Plaintiffs and Nominal Defendant's damages in this case arise from: (1) the injuries suffered by Decedent, for which Minor Plaintiffs and Nominal Defendant can recover damages as the successors in interest; and (2) Minor Plaintiffs and Nominal Defendant's individual loss of Decedent's comfort, care,

companionship, training, support, and guidance. Le Decl. ¶ 9.

9. Medical treatment and medical billing are not relevant. Minor Plaintiffs and Nominal Defendant have not received medical treatment in connection with this case.

10. The total amount of the settlement that County Defendants agree to pay is $250,000. As set forth above, Plaintiffs and Nominal Defendant propose the following gross division: $50,000 to Plaintiff L.C. and her attorneys; $50,000 to Plaintiff I.H. and his attorneys; $50,000 to Plaintiff A.L. and her attorneys; $50,000 to Plaintiff Antonia Salas Ubaldo and her attorneys; and $50,000 to Nominal Defendant S.S.C. and her attorneys. Le Decl. ¶ 6.

11. The total amount of the settlement that State Defendants agree to pay is $340,000. As set forth above, Minor Plaintiffs and Nominal Defendant propose the following gross division: $85,000 to Plaintiff L.C. and her attorneys; $85,000 to Plaintiff I.H. and his attorneys; $85,000 to Plaintiff A.L. and her attorneys; and $85,000 to Nominal Defendant S.S.C. and her attorneys. Le Decl. ¶ 7.

12. The total gross settlement amount the Minor Plaintiffs and Nominal Defendant will be getting from County Defendants and State Defendants combined is as follows: $135,000 to Plaintiff L.C. and her attorneys; $135,000 to Plaintiff I.H. and his attorneys; $135,000 to Plaintiff A.L. and her attorneys; and $135,000 to Nominal Defendant S.S.C. and her attorneys. Le Decl. ¶ 8.

13. Plaintiffs' and Nominal Defendant's attorneys—the Law Offices of Dale K. Galipo—are requesting attorneys' fees in the amount of forty (40) percent of the $135,000 in gross settlement proceeds allocated to Plaintiff L.C., which is $54,000; forty (40) percent of the $135,000 in gross settlement proceeds allocated to Plaintiff I.H., which is $54,000; forty (40) percent of the $135,000 in gross settlement proceeds allocated to Plaintiff A.L., which is $54,000; and forty (40) percent of the $135,000 in gross settlement proceeds allocated to Nominal

1  Defendant S.S.C., which is $54,000. The contingency retainer agreement between
2  Minor Plaintiffs' respective guardian ad litems and Nominal Defendant's guardian
3  and Plaintiffs' attorneys provide for a forty (40) percent contingency fee. Le Decl. ¶
4  11.

5       Plaintiffs' and Nominal Defendant's attorneys are also requesting
6  reimbursement of advanced litigation costs in the total amount of $21,027.80. The
7  costs will be split among the Plaintiffs and Nominal Defendant on a *pro rata* basis
8  with their gross settlement allocation, such that Plaintiffs' and Nominal Defendant's
9  attorneys are requesting $4,836.39 in costs from the gross settlement proceeds
10 allocated to Minor Plaintiff L.C., $4,836.39 in costs from the gross settlement
11 proceeds allocated to Minor Plaintiff I.H., $4,836.39 in costs from the gross
12 settlement proceeds allocated to Minor Plaintiff A.L., and $4,836.39 in costs from
13 the gross settlement proceeds allocated to Nominal Defendant S.S.C. Thus, the total
14 amount Plaintiffs' and Nominal Defendant's attorneys seek in reimbursement for
15 advanced litigation costs from Minor Plaintiffs and Nominal Defendant is
16 $19,342.56. Le Decl. ¶ 12.

17      These are the amounts that the Law Offices of Dale K. Galipo would be due
18 under the existing contingency fee retainer agreements. This case involved a
19 substantial amount of risk. If Plaintiffs and Nominal Defendant had prevailed at
20 trial, statutory attorneys' fees due to Plaintiffs' and Nominal Defendant's attorneys
21 under the retainer agreements could have exceeded $1 million. If the Law Offices of
22 Dale K. Galipo is not awarded a fully compensatory fee in such cases, it would not
23 be able to take them. In turn, minor litigants such as Minor Plaintiffs and Nominal
24 Defendant would not be able to attract competent counsel who could achieve similar
25 results. Accordingly, Plaintiffs' and Nominal Defendant's attorneys request
26 reimbursement the full amount of their attorneys' fees and costs. Le Decl. ¶ 13.
27     14.    The share of these gross settlement proceeds apportioned for Minor

1  Plaintiff L.C. and her attorneys is $135,000. After deducting requested attorneys'
2  fees of $54,000 and advanced costs in the amount of $4,836.39, the total net
3  settlement proceeds to Minor Plaintiff L.C. is $76,163.61. The share of the gross
4  settlement proceeds apportioned for Minor Plaintiff I.H. and his attorneys is
5  $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs
6  in the amount of $4,836.39, the total net settlement proceeds to Minor Plaintiff I.H.
7  is $76,163.61. The share of the gross settlement proceeds apportioned for Minor
8  Plaintiff A.L. and her attorneys is $135,000. After deducting requested attorneys'
9  fees of $54,000 and advanced costs in the amount of $4,836.39, the total net
10 settlement proceeds to Minor Plaintiff A.L. is $76,163.61. The share of the gross
11 settlement proceeds apportioned for Nominal Defendant S.S.C. and her attorneys is
12 $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs
13 in the amount of $4,836.39, the total net settlement proceeds to Nominal Defendant
14 S.S.C. is $76,163.61. Le Decl. ¶ 14.

15      15.    It is requested that $76,163.61 be used to fund a structured settlement
16 annuity for Minor Plaintiff L.C. As part of the structured settlement, Petitioner
17 Maria Cadena requests a lump sum payment on February 1, 2026. This payment
18 would be used solely for L.C.'s care and benefit, including for the following
19 purposes: assisting in the purchase of clothes and school supplies, assisting in
20 school-related costs, and assisting in costs of extracurricular activities. . Le Decl. ¶
21 15. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed
22 structured annuity for Minor Plaintiff L.C., which is incorporated herein by
23 reference. The proposed annuity and disbursement schedule set forth in "Exhibit A"
24 provides for a lump sum payment of $7,000 on February 1, 2026 to L.C.'s guardian
25 ad litem and legal guardian Maria Cadena. The total amount Plaintiff L.C. will
26 receive after final payment is made directly to her is $122,467.77. Le Decl. ¶ 15.
27      16.    It is requested that $76,163.61 be used to fund a structured settlement

annuity for Minor Plaintiff I.H. As part of the structured settlement, Petitioner Jasmine Hernandez requests a lump sum payment on February 1, 2026. This payment would be used solely for I.H.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of childcare. Le Decl. ¶ 16. Attached as "**Exhibit B**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff I.H., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit B" provides for a lump sum payment of $8,500 on February 1, 2026 to I.H.'s guardian ad litem and legal guardian Jasmine Hernandez. The total amount Plaintiff I.H. will receive after final payment is made directly to him is $168,381.74. Le Decl. ¶ 16.

17. It is requested that $76,163.61 be used to fund a structured settlement annuity for Minor Plaintiff A.L. As part of the structured settlement, Petitioner Lidia Lopez requests a lump sum payment on February 1, 2026. This payment would be used solely for A.L.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of childcare. Le Decl. ¶ 17. Attached as "**Exhibit C**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff A.L., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit C" provides for a lump sum payment of $10,000 on February 1, 2026 to A.L.'s guardian ad litem and legal guardian Lidia Lopez. The total amount Plaintiff A.L. will receive after final payment is made directly to her is $178,677.81. Le Decl. ¶ 17.

18. It is requested that $76,163.61 be used to fund a structured settlement annuity for Nominal Defendant S.S.C. Le Decl. ¶ 18. Attached as "**Exhibit D**" to the Declaration of Hang D. Le is the proposed structured annuity for Nominal Defendant S.S.C., which is incorporated herein by reference. The total amount

Plaintiff L.C. will receive after final payment is made directly to her is $185,296.74. Le Decl. ¶ 18.

19. The moving guardians *ad litem*, Maria Cadena, Jasmine Hernandez, and Lidia Lopez, have no claims against Defendants in connection with the subject incident. The moving guardian, Linda Rangel, has no claims against Defendants in connection with the subject incident.

20. The moving guardians *ad litem* and guardian also do not have any claims against the Minor Plaintiffs or Nominal Defendant in connection with the subject incident.

21. California Welfare and Institutions Code Section 14124.73 does not apply.

22. This motion does not seek an order for payment of money to a special needs trust. Le Decl. ¶ 19.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This application was prepared by attorney Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents all Plaintiffs and Nominal Defendant. Le Decl. ¶ 20.

2. The Law Offices of Dale K. Galipo did not become concerned with this matter at the instance of any party against whom the claim of said minors are asserted. Le Decl. ¶ 21.

3. The Law Offices of Dale K. Galipo represent Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo and Nominal Defendant S.S.C. in this matter but are not employed by any other party or any insurance carrier involved in the matter. Le Decl. ¶ 22.

4. The Law Offices of Dale K. Galipo have not to date received any compensation for their services in connection herewith from any person. Le Decl. ¶

23.

5.  In addition to receiving compensation from Minor Plaintiffs and Nominal Defendant's share of the settlement, Plaintiffs' and Nominal Defendant's attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to the remaining adult plaintiff as follows: Plaintiffs' and Nominal Defendant's attorneys will receive $20,000 in attorneys' fees and $1,682.24 in reimbursement of advanced litigation costs from Antonia Salas Ubaldo's portion of the settlement. Le Decl. ¶ 24.

6.  The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit. Le Decl. ¶ 25.

**Petitioner's endorsement**:

Petitioner Maria Cadena, Jasmine Hernandez, Lidia Lopez, and Linda Rangel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors; claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioners further understand that if the compromise proposed in this *ex parte* application is approved by the Court and is consummated, the minor children will be forever barred from seeking any further recovery of compensation even though the minors' injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioners recommend the compromise settlement and the proposed distribution to the minors to the Court as being fair, reasonable, and in the best interest of the minors, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Petitioners requests that the Court enter the proposals attached to the Declaration of Hang D. Le as "**Exhibit A**", "**Exhibit B**", "**Exhibit C**," and "**Exhibit D**."

Specifically, Petitioners request that the Court enter the Proposed Order filed concurrently herewith.

## III. CONCLUSION

For the foregoing reasons, Minor Plaintiffs and Nominal Defendant respectfully request that the Court enter the proposed order submitted.

Respectfully Submitted,

DATED: August 11, 2025          **LAW OFFICES OF DALE K. GALIPO**

By  */s/ Hang D. Le*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

## Certificate of Compliance

The undersigned, counsel of record for Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo, and Nominal Defendant S.S.C. certifies that this memorandum contains 3,177 words, which complies with the 7,000 word limit of L.R. 11-6.1.

DATED: August 11, 2025                LAW OFFICES OF DALE K. GALIPO


                                       By      */s/ Hang D. Le*
                                           Dale K. Galipo
                                           Hang D. Le
                                           Attorneys for Plaintiffs