**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
Email: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
Email: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.C., a minor by and through her guardian *ad litem* Maria Cadena, individually and as successor-in-interest to Hector Puga; I.H., a minor by and through his guardian *ad litem* Jasmine Hernandez, individually and as successor-in-interest to Hector Puga; A.L., a minor by and through her guardian *ad litem* Lydia Lopez, individually and as successor-in-interest to Hector Puga; and ANTONIA SALAS UBALDO, individually; <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA; COUNTY OF SAN BERNARDINO; S.S.C., a nominal defendant; ISAIAH KEE; MICHAEL BLACKWOOD; BERNARDO RUBALCAVA; ROBERT VACCARI; JAKE ADAMS; and DOES 6-10, inclusive, <br><br> Defendants. | Case No. 5:22-cv-00949-KK-SHK <br><br> *Honorable Kenly Kiya Kato* <br><br><br> **DECLARATION OF HANG D. LE IN SUPPORT OF AMENDED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE MINOR PLAINTIFFS AND NOMINAL DEFENDANT'S CLAIMS** |

## <u>DECLARATION OF HANG D. LE</u>

I, Hang D. Le, hereby declare as follows:

1.  I am an attorney duly licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs and Nominal Defendant in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' and Nominal Defendant's *ex parte* application for approval of the compromise of Plaintiffs L.C., by and through her guardian ad litem Maria Cadena, I.H., by and through his guardian ad litem Jasmine Hernandez, and A.L., by and through her guardian ad litem Lidia Lopez, individually and as successors in interest to Hector Puga, deceased hereinafter ("Decedent"), ("Minor Plaintiffs") and Nominal Defendant S.S.C, by and through her guardian Linda Rangel.

2.  Defendants State of California, Isaiah Kee, Bernardo Rubalcava, and Michael Blackwood's ("State Defendants") are represented by:

> Rob Bonta
> Attorney General of California
> Norman D. Morrison
> Supervising Deputy Attorney General
> Diana Esquivel
> Deputy Attorney General
> 1300 I Street, Suite 125
> P.O. Box 944255
> Sacramento, CA 94244-2550
> Telephone:  (916) 210-7320
> Facsimile:  (916) 322-8288
> Diana.Esquivel@doj.ca.gov

3.  Defendants County of San Bernardino, Robert Vaccari and Jake Adams's ("County Defendants") are represented by:

//

//

Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
LYNBERG & WATKINS
A Professional Corporation
1100 W. Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

4.      On August 8, 2025, I e-mailed a copy of this instant amended *ex parte* application for approval of the compromise of Minor Plaintiffs and Nominal Defendants' claims, along with the accompanying proposed order and declarations and exhibits, to defense counsel at Diana.Esquivel@doj.ca.gov, sgustafson@lynberg.com, and amargolies@lynberg.com and informed counsel that I intended to file this amended *ex parte* application on August 11, 2025. County Defendants previously filed a Notice of Non-Opposition to Plaintiffs' and Nominal Defendant's Ex Parte Application seeking approval of the compromise of their claims. (*See* Dkt. No. 200). State Defendants previously opposed the same Ex Parte Application due to issues regarding the language of the Qualified Assignment and Release for the minors' annuities and the request for additional language to be added to the proposed order and annuity attachments. (*See* Dkt. No. 203). State Defendants, Plaintiffs, and Nominal Defendants have resolved these issues. "Slide language" to account for the possibility that CHP may not be able to fund the annuities on time and to avoid having to burden the court with additional requests for an amended order have been added to the proposed order and annuity attachments. State Defendants do not oppose this Amended Ex Parte Application for Approval of the Compromise of the Minor Plaintiffs and Nominal Defendants' Claims.

5.      Plaintiffs and Nominal Defendant initially sought approval of Minor Plaintiffs and Nominal Defendant's compromises on an *ex parte* basis because Minor Plaintiffs and Nominal Defendant's respective guardians, after consulting with an annuity broker, have chosen annuities for which the interest rate may expire if their petition was heard as a regularly-noticed motion and filing an application for approval of Minor Plaintiffs and Nominal Defendant's claims as a regularly-noticed motion could have caused a decrease in payment benefits to Minor Plaintiffs and Nominal Defendant. State Defendants have represented that they may not be able to fund Minor Plaintiffs and Nominal Defendants' selected annuities in time before the rates expire and thus, the parties have now agreed to include "slide language" into the amended Proposed Order and attachments to reflect the possible delay and to avoid having to burden to Court with additional requests for approval should a delay occur and new annuity selections need to be made. Additionally, the attorneys for State Defendants and Plaintiffs and Nominal Defendants have reached an agreement on the Qualified Assignment and Release such that State Defendants do not object to this Amended Application. Plaintiffs are filing this *amended ex parte* and respectfully requests that this Court still consider Plaintiffs' application for approval of the compromise of Minor Plaintiffs and Nominal Defendant's claims on an *ex parte* basis in order to give State Defendants ample time to process all paperwork necessary to try fund the currently selected annuities before the rates expire.

6.      The settlement agreement between County Defendants and Plaintiffs obligates County Defendants to pay Plaintiffs $250,000. Plaintiffs and Nominal Defendant have agreed to split the settlement sum from County Defendants as follows: $50,000 to Plaintiff L.C. and her attorneys; $50,000 to Plaintiff I.H. and his attorneys; $50,000 to Plaintiff A.L. and her attorneys; $50,000 to Plaintiff Antonia Salas Ubaldo and her attorneys; $50,000 to Nominal Defendant S.S.C. and her attorneys.

7.     The settlement agreement between State Defendants and Minor Plaintiffs obligates State Defendants to pay Minor Plaintiffs $340,000. Minor Plaintiffs and Nominal Defendants have agreed to split the settlement sum from State Defendants as follows: $85,000 to Plaintiff L.C. and her attorneys; $85,000 to Plaintiff I.H. and his attorneys; $85,000 to Plaintiff A.L. and her attorneys; $85,000 to Nominal Defendant S.S.C and her attorneys.

8.     The nature of Minor Plaintiffs and Nominal Defendant's claims in this lawsuit are set forth in the operative complaint filed in this action. Pursuant to the settlement agreements, Minor Plaintiffs and Nominal Defendant's claims will be compromised without a trial on the merits of the claims.

9.     Minor Plaintiffs and Nominal Defendant's damages in this case arise from: (1) the injuries suffered by Decedent, for which Minor Plaintiffs and Nominal Defendant can recover damages as the successors in interest; and (2) Minor Plaintiffs and Nominal Defendant's individual loss of Decedent's comfort, care, companionship, training, support, and guidance.

10.     The total gross settlement amount the Minor Plaintiffs and Nominal Defendant will be getting from County Defendants and State Defendants combined is as follows: $135,000 to Plaintiff L.C. and her attorneys; $135,000 to Plaintiff I.H. and his attorneys; $135,000 to Plaintiff A.L. and her attorneys; and $135,000 to Nominal Defendant S.S.C. and her attorneys.

11.     Plaintiffs' and Nominal Defendant's attorneys—the Law Offices of Dale K. Galipo—are requesting attorneys' fees in the amount of forty (40) percent of the $135,000 in gross settlement proceeds allocated to Plaintiff L.C., which is $54,000; forty (40) percent of the $135,000 in gross settlement proceeds allocated to Plaintiff I.H., which is $54,000; forty (40) percent of the $135,000 in gross settlement proceeds allocated to Plaintiff A.L., which is $54,000; and forty (40) percent of the $135,000 in gross settlement proceeds allocated to Nominal Defendant S.S.C., which is $54,000. The contingency retainer agreement between

1   Minor Plaintiffs' respective guardian ad litems and Nominal Defendant's guardian

2   and Plaintiffs' attorneys provide for a forty (40) percent contingency fee.

3       12.     Plaintiffs' and Nominal Defendant's attorneys are also requesting

4   reimbursement of advanced litigation costs in the total amount of $21,027.80. The

5   costs will be split among the Plaintiffs and Nominal Defendant on a *pro rata* basis

6   with their gross settlement allocation, such that Plaintiffs' and Nominal Defendant's

7   attorneys are requesting $4,836.39 in costs from the gross settlement proceeds

8   allocated to Minor Plaintiff L.C., $4,836.39 in costs from the gross settlement

9   proceeds allocated to Minor Plaintiff I.H., $4,836.39 in costs from the gross

10  settlement proceeds allocated to Minor Plaintiff A.L., and $4,836.39 in costs from

11  the gross settlement proceeds allocated to Nominal Defendant S.S.C. Thus, the total

12  amount Plaintiffs' and Nominal Defendant's attorneys seek in reimbursement for

13  advanced litigation costs from Minor Plaintiffs and Nominal Defendant is

14  $19,342.56.

15      13.     These are the amounts that the Law Offices of Dale K. Galipo would be

16  due under the existing contingency fee retainer agreements. This case involved a

17  substantial amount of risk. If Plaintiffs and Nominal Defendant had prevailed at

18  trial, statutory attorneys' fees due to Plaintiffs' and Nominal Defendant's attorneys

19  under the retainer agreements could have exceeded $1 million. If the Law Offices of

20  Dale K. Galipo is not awarded a fully compensatory fee in such cases, it would not

21  be able to take them. In turn, minor litigants such as Minor Plaintiffs and Nominal

22  Defendant would not be able to attract competent counsel who could achieve similar

23  results. Accordingly, Plaintiffs' and Nominal Defendant's attorneys request

24  reimbursement the full amount of their attorneys' fees and costs.

25      14.     The share of these gross settlement proceeds apportioned for Minor

26  Plaintiff L.C. and her attorneys is $135,000. After deducting requested attorneys'

27  fees of $54,000 and advanced costs in the amount of $4,836.39, the total net

28  settlement proceeds to Minor Plaintiff L.C. is $76,163.61. The share of the gross

settlement proceeds apportioned for Minor Plaintiff I.H. and his attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Minor Plaintiff I.H. is $76,163.61. The share of the gross settlement proceeds apportioned for Minor Plaintiff A.L. and her attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Minor Plaintiff A.L. is $76,163.61. The share of the gross settlement proceeds apportioned for Nominal Defendant S.S.C. and her attorneys is $135,000. After deducting requested attorneys' fees of $54,000 and advanced costs in the amount of $4,836.39, the total net settlement proceeds to Nominal Defendant S.S.C. is $76,163.61.

15.     It is requested that $76,163.61 be used to fund a structured settlement annuity for Minor Plaintiff L.C. As part of the structured settlement, Petitioner Maria Cadena requests a lump sum payment on February 1, 2026. This payment would be used solely for L.C.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of extracurricular activities. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff L.C., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit A" provides for a lump sum payment of $7,000 on February 1, 2026 to L.C.'s guardian ad litem and legal guardian Maria Cadena. The total amount Plaintiff L.C. will receive after final payment is made directly to her is $122,467.77.

16.     It is requested that $76,163.61 be used to fund a structured settlement annuity for Minor Plaintiff I.H. As part of the structured settlement, Petitioner Jasmine Hernandez requests a lump sum payment on February 1, 2026. This payment would be used solely for I.H.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies,

assisting in school-related costs, and assisting in costs of childcare. Attached as "**Exhibit B**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff I.H., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit B" provides for a lump sum payment of $8,500 on February 1, 2026 to I.H.'s guardian ad litem and legal guardian Jasmine Hernandez. The total amount Plaintiff I.H. will receive after final payment is made directly to him is $168,381.74.

17.     It is requested that $76,163.61 be used to fund a structured settlement annuity for Minor Plaintiff A.L. As part of the structured settlement, Petitioner Lidia Lopez requests a lump sum payment on February 1, 2026. This payment would be used solely for A.L.'s care and benefit, including for the following purposes: assisting in the purchase of clothes and school supplies, assisting in school-related costs, and assisting in costs of childcare. Attached as "**Exhibit C**" to the Declaration of Hang D. Le is the proposed structured annuity for Minor Plaintiff A.L., which is incorporated herein by reference. The proposed annuity and disbursement schedule set forth in "Exhibit C" provides for a lump sum payment of $10,000 on February 1, 2026 to A.L.'s guardian ad litem and legal guardian Lidia Lopez. The total amount Plaintiff A.L. will receive after final payment is made directly to her is $178,677.81.

18.     It is requested that $76,163.61 be used to fund a structured settlement annuity for Nominal Defendant S.S.C. Attached as "**Exhibit D**" to the Declaration of Hang D. Le is the proposed structured annuity for Nominal Defendant S.S.C., which is incorporated herein by reference. The total amount Plaintiff L.C. will receive after final payment is made directly to her is $185,296.74.

19.     This motion does not seek an order for payment of money to a special needs trust.

20.     This application was prepared by attorney Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800

Burbank Boulevard, Suite 310, Woodland Hills, California, which represents which represents all Plaintiffs and Nominal Defendant in this action.

21.    The Law Offices of Dale K. Galipo did not become concerned with this matter at the instance of any party against whom the claim of said minors are asserted.

22.    The Law Offices of Dale K. Galipo represent Plaintiffs L.C., I.H., A.L., and Antonia Salas Ubaldo and Nominal Defendant S.S.C. in this matter but are not employed by any other party or any insurance carrier involved in the matter.

23.    The Law Offices of Dale K. Galipo have not to date received any compensation for their services in connection herewith from any person.

24.    In addition to receiving compensation from Minor Plaintiffs and Nominal Defendant's share of the settlement, Plaintiffs' and Nominal Defendant's attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to the remaining adult plaintiff as follows: Plaintiffs' and Nominal Defendant's attorneys will receive $20,000 in attorneys' fees and $1,682.24 in reimbursement of advanced litigation costs from Antonia Salas Ubaldo's portion of the settlement.

25.    The Law Offices of Dale K. Galipo accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit.

26.    Attached hereto as "**Exhibit E**" is a group of documents from MetLife, Inc., including the ratings and sample guarantee.

//
//
//
//

1    I declare under penalty of perjury that the foregoing is true and correct, and

2    that this was executed this 11th day of August 2025 at Woodland Hills, California.

3

4

5    _____

6    Hang D. Le

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28