# Exhibit D

# ANNUITY ATTACHMENT
# MINORS COMPROMISE

From the total gross settlement, State of California has agreed to issue a separate settlement check in the amount of $47,954.87 and County of San Bernardino has agreed to issue a separate settlement check in the amount of $28,208.74 for a total of $76,163.61 to fund the structured annuity for the Minor, S.S.C., by and through the Guardian, Linda Rangel (hereinafter referred to as ("Nominal Defendant")).

MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee") will provide the following periodic payments in Section A to be made by Metropolitan Tower Life Insurance Company, (hereinafter referred to as "Annuity Carrier") rated A+, Size XV by A.M. Best Company.

The details of the periodic payments will be set forth in section (A), hereinbelow. All sums and periodic payments set forth in the section entitled <u>Payments</u> constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

    A)    <u>Payments</u>:

        **Payable to S.S.C.:**

        $10,000.00 paid as a lump sum on 09/02/2037
        $15,000.00 paid as a lump sum on 09/02/2039
        $20,000.00 paid as a lump sum on 09/02/2041
        $30,000.00 paid as a lump sum on 09/02/2043
        $110,296.74 paid as a lump sum on 09/02/2045

The Periodic Payments as set forth herein are made part of this Attachment. The total cost to the Releasees for the Periodic Payments portion of the settlement is $76,163.61, disclosure of which has been required as a condition of settlement. No part of the sum being paid by the Releasees to provide future Periodic Payments as set forth in this Attachment may be paid directly to the Payee.

The future periodic payment amounts outlined herein are guaranteed based upon a projected annuity purchase date of January 15, 2026. Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in qualified assignment document and annuity contract without the need of obtaining an amended Petition/Court Order up to 90 days after the original purchase date. If the annuity is not funded by January 15, 2026, benefit amounts may change depending on the rates at the time of issuance of the annuity contract. The parties agree that all periodic payments to the Payee required under this Attachment will be adjusted either upward or downward, so that the total cost to the Releasees for the periodic payments to or for the benefit of the Payee shall be neither more than or less than $76,163.61.

FUNDING INSTRUCTIONS:

| | |
|---|---|
| Premium Amount: | $76,163.61 |
| Check Payable to: | MetLife Assignment Company Inc. |
| Tax I.D. | 38-4035918 |
| Deliver check to: | Baldwin Settlements<br>24265 Juanita Dr.<br>Laguna Niguel, CA 92677 |

The Defendants will execute a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendants' liability or agreement to make the periodic payments described in paragraph (A) herein. Such assignment, if made, shall be accepted by the Nominal Defendant without right of rejection and shall completely release and discharge the Defendants from such obligations hereunder as are assigned to Assignee.

The Defendants shall have the right to fund its liability or agreement to make periodic payments by purchasing a "qualified funding asset", within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check or via wire transfer, in the amount specified above.

The Nominal Defendant hereto expressly understands and agrees that upon the qualified assignment being made by the Defendants to Assignee as authorized by this agreement, all of the duties and responsibilities to make the periodic payments otherwise imposed upon the Defendants by this agreement shall instead be binding upon Assignee, and the Defendants shall be released from all obligations to make said periodic payments, and Assignee shall at all times remain directly and solely responsible for and shall receive credit for all such payments made to Nominal Defendant. It is further understood and agreed that, upon such a qualified assignment, Assignee assume all of the duties and responsibilities of the Defendants to make the periodic payments.

Payments hereunder cannot be accelerated, deferred, increased or decreased by the Nominal Defendant and/or Assignee and no part of the payment(s) called for herein or any assets of the Defendants and/or Assignee is to be subject to execution of any legal process for any obligation in any manner. Furthermore, the Nominal Defendant shall not have the power to sell, increase, decrease, mortgage or encumber the same, or any part thereof, anticipate the same, or any part

thereof, by assignment or otherwise, directly or indirectly.

The Assignee shall be the owner of the annuity policy or policies and shall have all rights of ownership. The Assignee will have the Annuity Carrier mail payments directly to the Nominal Defendant. The Nominal Defendant shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.